# Morris, Nichols, Arsht & Tunnell

1201 North Market Street
P.O. Box 1347
Wilmington, Delaware 19899-1347

302 658 9200
302 658 3989 Fax

Maryellen Noreika
302 575 7278
302 425 3011 Fax
mnoreika@mnat.com

April 21, 2005

BY E-FILING

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 N. King Street
Wilmington, DE 19801

      RE: Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.
         Civil Action No. 04-360-JJF

Dear Judge Farnan:

  In advance of the discovery conference scheduled for April 25, 2005, Plaintiff Trilegiant Loyalty Solutions, Inc. ("Trilegiant") submits this statement of its position on disputes relating to the production of documents.

  This case involves claims for infringement of three patents (U.S. Patent Nos. 5,774,870, 6,009,412, and 6,578,012) owned by Trilegiant. Those patents contain claims covering Fully Integrated, On-line Interactive Frequency and Award Redemption Programs, invented by Thomas Storey. Trilegiant was not involved in the conception of the inventions claimed in the patents in suit, but purchased those patents from Netcentives, Inc. in 2001.

  Since the last conference with the Court, the parties have made significant progress in beginning discovery and working to resolve disputes. The parties have exchanged document requests and interrogatories and responses, have negotiated and, with the one exception addressed herein, agreed to the terms of a proposed protective order, and negotiated ways to resolve many of the disputes arising from the exchange of discovery responses. There are, however, a handful of issues on which the parties were unable to agree and, therefore, seek the Court's assistance in resolving these disputes.

The Honorable Joseph J. Farnan, Jr.
April 21, 2005
Page 2

        A.        Access to Highly Confidential Information Under the Protective Order

The parties have agreed to all the terms of a proposed Protective Order but one: whether designated in-house counsel will be permitted to review an opposing party's highly confidential information. Trilegiant opposes permitting in-house counsel to view highly confidential information because of the sensitivity of the particular documents in issue and the increased risk of disclosure created by expanding the universe of distribution to in-house counsel.

Trilegiant does not mean to impugn the character of in-house counsel or their good faith in attempting to comply with obligations imposed by this Court's orders. Trilegiant's concerns are two-fold. First, the nature of Maritz's proposed designated in-house counsel's work often brings him into discussions of business issues. The parties in this case are direct competitors in their industry. Documents that will be exchanged in this case are of tremendous competitive significance, including such sensitive documents as responses to requests for proposals to potential clients of both parties, detailed financial data on product costs and profits, and the operational details of on-line systems. Maritz's in-house counsel does work for the Maritz Loyalty Marketing Unit, the very group that competes directly with Trilegiant. Having acquired certain information about, for example, Trilegiant's approach in responding to requests for proposals, it would be impossible for counsel to avoid knowing – and potentially using – that information in advising in-house clients. There is no indication that Maritz's in-house counsel are so specialized that an attorney could avoid such a problematic situation. Second, particularly with respect to information in electronic form, the risk of inadvertent disclosure of highly confidential information to non-legal persons is dramatically increased by allowing such materials to be sent to Maritz's in-house counsel. The risks of such harms are not balanced by any benefit to Maritz. Maritz's expressed concerns about the ability to provide advice to in-house counsel can be addressed by the provision in the proposed Protective Order specifically permitting outside counsel to render advice based on its review of highly confidential information. Moreover, the highly confidential materials being produced by Trilegiant are those that primarily go to damages, and are far removed from the central liability issues in the litigation.

        B.        Issues Raised By Maritz's Responses to Trilegiant's Document Requests

                1.        The Scope of Maritz's Production of Documents Relating to its Products Other than VAULT

Trilegiant has sought discovery concerning Maritz's VAULT product, WARP product and "other on-line incentive programs." Maritz agreed to produce documents concerning VAULT but objected to producing documents concerning WARP and "other on-line incentive programs." In an effort to resolve this dispute, the parties seek leave of the Court to permit a limited 30(b)(6) deposition of Maritz prior to the completion of document production concerning the nature of its on-line products, including WARP. Such a deposition would allow Trilegiant to obtain sufficient

The Honorable Joseph J. Farnan, Jr.
April 21, 2005
Page 3

information about Maritz's products to identify potentially infringing products and verify Maritz's representation about WARP. The parties have agreed that following that examination Trilegiant will identify those products or services on which it seeks full discovery with the goal of reaching agreement on the appropriate scope of discovery without the necessity for a ruling from the Court. Should the parties be unable to agree on the scope of discovery by June 10, 2005, we request that the Court schedule a short conference to address any outstanding issues.

        2.        Establishing a Schedule for Maritz's Decision Concerning Reliance on Advice of Counsel

In response to several of Trilegiant's discovery requests, Maritz states that it has not yet decided whether to rely on the advice of counsel in response to Trilegiant's allegations of willful patent infringement. Maritz has also indicated that it may move to bifurcate the case. To allow these issues to be resolved in an orderly manner and avoid delays in the completion of discovery, Trilegiant has proposed that the Scheduling Order be amended to include dates by which Maritz will make its determination whether to rely on advice of counsel and by which any motion to bifurcate must be made. Maritz has refused to set any dates for making these decisions. Trilegiant proposes that the Scheduling Order be amended to require that Maritz decide whether to rely on advice of counsel by June 15, 2005 and that any motion to bifurcate be made by July 1, 2005. (The close of discovery is currently set for December 14, 2005.) Setting such a date will allow the Court adequate time to address these issues before the end of fact discovery and avoid unnecessary delays in the progress of the case to trial.

        C.        Issues Raised By Trilegiant's Responses to Maritz's Document Requests

        1.        Limiting the Scope of Trilegiant's Production to the Relevant Time Frame

Many of Maritz's document requests seek documents going back a decade to 1995. The first of the patents in suit did not issue until 1998. Moreover, Trilegiant did not acquire the patents in suit until 2001 when the patents were purchased from Netcentives, Inc. For that reason, Maritz's requests seeking, for example, Trilegiant's financial information back to 1995 are unduly burdensome and that information is not relevant to any issue in this litigation. Maritz has not articulated a reasonable basis for believing that documents relating to Trilegiant's finances and products years before it owned the patents would lead to the discovery of admissible evidence on any issue in the case. In the absence of any demonstration of relevance of Trilegiant documents for that period, which could more than double the scope of production, Trilegiant's limitation of its production to 2001 should be upheld.

The Honorable Joseph J. Farnan, Jr.
April 21, 2005
Page 4

        2.      Limiting the Production of Documents Relating to Trilegiant's Development of its Own On-line Incentive Programs

Maritz seeks extremely broad discovery relating to Trilegiant's on-line incentive programs. Trilegiant has agreed to produce documents relating to the purchase, advertising, sale and implementation of Trilegiant's products during the relevant time period, as well as numerous other specific categories of documents. Trilegiant has objected, however, to Maritz's request that Trilegiant produce all documents relating to the development of any program, method or system allegedly covered by one or more of the patents at issue, which would include a broad array of documents with no relevance to any disputed issue in this case. Nothing in the development of Trilegiant's products before they owned the patents is relevant to the issue of Maritz's infringement or the validity of the patents in suit. Because the burden of searching and producing such documents is substantial and such documents are not relevant to any issue in this case, Trilegiant's objection to producing its development documents should be upheld.

        Respectfully,

        /s/ Maryellen Noreika
        Maryellen Noreika

MN/bls

cc:    Peter T. Dalleo, Clerk (By Hand)
       Patricia Smink Rogowski, Esquire (By Hand)
       J. Bennett Clark, Esquire (By Fax)

461734