# CONNOLLY BOVE LODGE & HUTZ LLP
### ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

Patricia S. Rogowski
Partner
Admitted in DE and PA
Tel.: (302) 658-9141
Fax: (302) 658-5614
Email: progowski@cblh.com
Reply to: Wilmington Office

April 21, 2005

The Honorable Joseph J. Farnan, Jr.
United States District Court
   for the District of Delaware
844 N. King Street
Wilmington, DE 19801

RE: *Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*, Civil Action No. 04-360-JJF

Dear Judge Farnan:

Maritz submits the following summary in preparation for the hearing on April 25, 2005, set to address the disputes relating to document production. The parties have exchanged Requests for Production and Responses thereto. The parties discussed their objections and related document-production issues during a telephone conference on April 19, 2005, and again on April 21, 2005. Most of the initial disputes between the parties have been resolved. What follows are (a) Maritz's summary of the disputes that remain, and (b) a discussion on the remaining issue to be resolved before entry of a Protective Order.

I.    **Maritz's Document Requests**

    A.    **Documents created or obtained by Trilegiant prior to Trilegiant's acquisition of the patents in suit on December 7, 2001.**

Trilegiant generally objected to Maritz's Requests for Production "to the extent they seek documents created or obtained by Trilegiant prior to Trilegiant's acquisition of the patents in suit on December 7, 2001."[1] Trilegiant also objected to various specific requests on this basis, including Requests No. 12, 13, 14, and 19. Although not specified in Trilegiant's Responses, Trilegiant's apparent legal basis for this objection is relevance.

---

[1] A copy of Trilegiant Loyalty Solutions, Inc.'s Response to Maritz's Inc.'s First Request for Production is attached hereto as Exhibit A.

CONNOLLY BOVE LODGE & HUTZ LLP

The Honorable Joseph J. Farnan, Jr.
April 21, 2005
Page 2

These requests seek documents relating to Trilegiant's commercial embodiments of its patented system:

> ***Request No. 12****: All documents and things which refer or relate to the development, purchase, advertisement, sale or implementation of any program, method or system allegedly covered by one or more of the Patents at Issue, including any product literature or technical literature.*

> ***Request No. 13****: All documents and things which refer or relate to any sales, revenues, income, interest, expenses, costs (including direct, indirect, fixed and variable costs) or profitability (by month, quarter or year) since the inception of each program, method, or system allegedly covered by one or more of the Patents at Issue, including without limitation all tax records, schedules, work papers and accounting papers that refer or relate to same.*

> ***Request No. 14****: Any financial documents from 1995 to present which concern or report on any aspect of the Patents at Issue or of a program, method or system covered by one or more of the Patents at Issue.*

> ***Request No. 19****: A list of your customers for each program, method or system covered by one or more of the Patents at Issue from the time when such program, method or system first began until the present, and a copy of each contract or agreement with customer for a program, method or system allegedly covered by one or more of the Patents at Issue.*

Trilegiant asserts that it acquired the patents-in-suit from Netcentives on December 7, 2001. Prior to this date, Trilegiant operated various on-line incentive programs. On information and belief, these programs are the same as or similar to the programs operated after December 7, 2001. Documents relating to these programs and responsive to the above document requests are relevant to an array of issues in this case—regardless of whether they were "created or received" by Trilegiant before or after December 7, 2001.

For example, documents pre-dating Trilegiant's acquisition of the patents are relevant to damages. In its Rule 26(a)(1) disclosures, Trilegiant asserts that it will seek lost profits damages, or, in the alternative, a reasonable royalty. Under a lost profits analysis, pre-December 7, 2001 documents responsive to the above requests are relevant to a number of the *Panduit* factors, including: demand for

CONNOLLY BOVE LODGE & HUTZ LLP

The Honorable Joseph J. Farnan, Jr.
April 21, 2005
Page 3

the patented product, existence or non-existence of non-infringing alternatives, Trilegiant's marketing capability to exploit the demand, and the amount of profit Trilegiant would have made if it had fulfilled the allegedly infringing sales. *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978).

Further, under a reasonable royalty analysis, many of the *Georgia Pacific* factors are also implicated by such evidence, including: (a) "The effect of selling the patented specialty in promoting sales of other products of the licensee; the existing value of the invention to the licensor as a generator of sales of his non-patented items; and the extent of such derivative or convoyed sales," (b) "The established profitability of the product made under the patent; its commercial success; and its current popularity," (c) "The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results," (d) "The nature of the patented invention; the character of the commercial embodiment of it as owned and produced by the licensor; and the benefits to those who have used the invention," and (e) "The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer." *Georgia-Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

Responsive documents dated before December 7, 2001, are also relevant to the validity of the patents-in-suit. Because Trilegiant asserts that it is entitled to lost profits, it necessarily believes that one or more of its on-line incentive programs are covered by the patents-in-suit. *Trell v. Marlee Electronics Corp.*, 912 F.2d 1443, 1445 (Fed. Cir. 1990). Because it appears that many of Trilegiant's programs did not change upon acquiring rights to the patents at issue, documents dating prior to this time regarding the development, purchase, advertisement, sale, or implementation of Trilegiant's programs may constitute prior art under 35 U.S.C. § 102. And if Trilegiant asserts that its pre-December 7, 2001 programs were not embodiments of the invention—such that it was not infringing the patents it now attempts to enforce—then information concerning Trilegiant's programs is relevant to claim construction and identification of non-infringing alternatives.

The documents at issue are also relevant to the secondary considerations of the 35 U.S.C. § 103 analysis required by *Graham v. John Deere*, 383 U.S. 1, 18 (1966). Specifically, this information is relevant to commercial success, long felt but unresolved need, and failure of others. Given that the first patent issued in

CONNOLLY BOVE LODGE & HUTZ LLP

The Honorable Joseph J. Farnan, Jr.
April 21, 2005
Page 4

1998 and has a filing date in 1995, there is no basis for Trilegiant to limit its document production to those "created or obtained" by Trilegiant after December 7, 2001. Maritz requests that Trilegiant produce all responsive documents pursuant to Requests 12-14 and 19.

## B. Development Documents for Trilegiant's Patented Systems

Trilegiant further objected to providing any development documents for its systems that it alleges are covered by the patents at issue as requested in Request Number 12. Subject to its December 7, 2001 limitation discussed above, Trilegiant offered to produce all the categories of documents sought in Request Number 12 other than its development documents. For the reasons discussed above, however, these documents are relevant to damages and validity. Development documents further provide relevant information that is likely absent from the other documents Trilegiant has agreed to produce. Maritz requests that Trilegiant produce these development documents.

## II.      Trilegiant's Requests to Maritz

The heart of the dispute concerning Trilegiant's Requests is their breadth. Trilegiant's requests encompass documents from numerous Maritz business units and a wide range of programs that have no connection to the issues in this case. For example, Trilegiant requests documents relating to WARP or "Web Award Redemption Program," a program offered for a limited time by Maritz U.K. and only to customers outside of the United States. This program is not relevant in a suit alleging infringement of U.S. patents.

In light of this issue, if this Court will permit, the parties have agreed to a compromise wherein Trilegiant would take a Rule 30(b)(6) deposition of Maritz on topics limited to identifying relevant on-line products. Thereafter, Trilegiant can attempt to tailor its document requests as appropriate. In the meantime, Maritz will produce responsive documents relating to the VAULT program, as specified in Maritz's responses to Trilegiant's document requests.

It is also anticipated that Trilegiant will seek to force Maritz to make an early decision on the election of the advice of counsel defense to willful infringement. At the Rule 16 conference, the Court agreed that Maritz should not now have to elect whether to rely on the advice of counsel defense to Trilegiant's willful infringement allegations, thereby waiving privilege, until there has been adequate time for case assessment. To date, however, no documents have been

CONNOLLY BOVE LODGE & HUTZ LLP

The Honorable Joseph J. Farnan, Jr.
April 21, 2005
Page 5

exchanged between the parties and Trilegiant has not identified the Maritz programs that it believes are infringing.  Trilegiant's apparent haste to force Maritz's election runs counter to the expressed sentiment of permitting adequate time for case assessment.

III.    **Protective Order**

The parties have negotiated a Protective Order to be entered in this case and have agreed to all but one term.[2]  Specifically, Maritz requested that its in-house counsel, Steve Gallant, be permitted to view Highly Confidential, or Outside Counsel Only, documents and Trilegiant opposed this request.

Maritz requests that the Court grant its request and enter the Protective Order with a provision permitting Mr. Gallant to review such documents as necessary to analyze the merits of this case and communicate openly with outside counsel, particularly in connection with managing the litigation and making strategic decisions, including potential settlement value of this matter.  This request is commonplace, and would cause no undue hardship to Trilegiant. *See e.g., Avery Dennison Corp. v. Minnesota, Mining & Manufacturing Co.,* 2001 WL 1339402 (D. Del. 2001).

Respectfully submitted,

Patricia Smink Rogowski

Enclosure
        Exhibit A
        Exhibit B

cc:    J. Bennett Clark, Esquire (with enclosure)
        Sharon Davis, Esquire (with enclosure)
        Jack B. Blumenfeld, Esquire (with enclosure)

PSR.vjm
392537v1(CB)

---

[2] A copy of the Proposed Protective Order, without the provision for in-house counsel to review Highly Confidential information is attached hereto as Exhibit B.

## CERTIFICATE OF SERVICE

I, Patricia S. Rogowski, hereby certify that on April 21, 2005 I electronically filed the **APRIL 21, 2005 LETTER TO JUDGE JOSEPH J. FARNAN, JR. FROM PATRICIA S. ROGOWSKI** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld.  I hereby further certify that on April 21, 2005, I have served this document on the attorneys of record at the following addresses as indicated:

<table>
<tr>
<td>

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Norieka
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

</td>
<td>

**Via Facsimile**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

</td>
</tr>
</table>

Patricia S. Rogowski (#2632)