# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC. Plaintiff, | ) | Civil Action No. 04-360-JJF |
| v. | ) | |
| MARITZ, INC., Defendant. | ) | |

**TRILEGIANT LOYALTY SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO MARITZ, INC.'S FIRST REQUEST FOR PRODUCTION**

Under Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Trilegiant Loyalty Solutions, Inc. ("Trilegiant") submits the following objections and responses to Maritz, Inc.'s ("Maritz's") First Request for Production ("Document Requests").

**GENERAL OBJECTIONS**

Unless otherwise stated, these general objections apply to each and every Document Request as though fully set forth therein:

1. Each of the following responses is made only for purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All objections and grounds are expressly reserved.

2. A statement by Trilegiant that it will produce documents responsive to a particular Document Request means that Trilegiant will produce non-privileged, non-objectionable documents, if any, within its possession, custody, or control that it has been able to locate after a

reasonable search. For purposes of this response, a "reasonable search" shall mean a search of the paper and electronic files of the individuals responsible for maintaining documents on the subject matter of the particular requests.

3. A statement that Trilegiant will produce documents shall not be deemed an indication or admission that such documents actually exist, or that they are in Trilegiant's possession, custody, or control. Moreover, the production of documents by Trilegiant shall not be deemed an admission that the documents produced are necessarily responsive to any of the Document Requests.

4. Trilegiant objects to the Document Requests, including the Definitions and Instructions and each individual Document Request set forth therein, to the extent that they seek the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Nothing herein is intended as, or shall in any way be deemed to be, a waiver of any such law, privilege, protection, immunity or doctrine. To the extent that supplying the information requested would result in waiving any privilege or objection, Trilegiant objects to providing such information and will not do so. To the extent Trilegiant provides any information falling within the attorney-client privilege, the attorney work product doctrine, and/or any other privilege or protection inadvertently, Trilegiant does not waive the applicable privilege/objection.

5. Trilegiant objects to the Document Requests, including the Definitions and Instructions and each individual Document Request set forth therein, to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, and the Court's Rule 16 Scheduling Order.

6. Trilegiant also objects to the Document Requests to the extent that they call for

the production of documents which relate to matters not raised by the pleadings, to the extent they are not material and necessary to the prosecution and defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

7. Trilegiant objects to the Document Requests, including the Definitions and Instructions and each individual Document Request set forth therein, to the extent that they call for the disclosure of confidential, proprietary, or trade secret information of Trilegiant or third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this action.

8. Trilegiant objects to the Document Requests, including the Definitions and Instructions and each individual Document Request set forth therein, to the extent that they purport to require Trilegiant to undertake an unduly burdensome and oppressive search of its documents and files.

9. Trilegiant objects to the Document Requests, including the Definitions and Instructions and each individual Document Request set forth therein, to the extent that they purport to require Trilegiant to produce documents that are not in the possession, custody or control of Trilegiant or that are publicly available.

10. Trilegiant objects to the Document Requests, including the Definitions and Instructions and each individual Document Request set forth therein, on the ground that they are overly broad, vague, and unduly burdensome insomuch as they seek documents not specifically pertaining to this action and seek "all" documents and things.

11. Trilegiant objects to the Document Requests, including the Definitions and Instructions and each individual Document Request set forth herein, to the extent they seek documents created or obtained by Trilegiant prior to Trilegiant's acquisition of the patents in suit

on December 7, 2001.

11. Trilegiant asserts its General Objections with respect to each and every Document Request. Trilegiant reserves the right to supplement, amend, correct, or clarify its responses and objections to these requests, and to assert general and specific objections arising from matters discovered during the course of the litigation.

## RESPONSES TO INDIVIDUAL DOCUMENT REQUESTS

**Request for Production No. 1**

All documents and things requested to be identified in response to Defendant's Interrogatories to Plaintiff.

**Response to Request for Production No. 1**

Trilegiant herein incorporates by reference the general objections, specific objections, and responses set forth in Trilegiant Loyalty Solution, Inc.'s Objections and Responses to Maritz, Inc.'s First Interrogatories and will produce non-privileged documents in accordance therewith, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 2**

All documents and things referred to or reviewed in the process of preparing responses to Defendant's Interrogatories to Plaintiff.

**Response to Request for Production No. 2**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of

admissible evidence.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents responsive to this request.

**Request for Production No. 3**

All documents and things that refer or relate to defendant.

**Response to Request for Production No. 3**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks documents not specifically pertaining to this action, the patents in suit or the accused products, and seeks "all documents and things that refer or relate to defendant" and fails to set forth, either by individual item or by category, the documents and things requested or to describe them with reasonable particularity.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents that concern or relate to defendant's operation of systems or provision of services that infringe the patents in suit, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 4**

All documents and things that refer or relate to one or more of the Patents at Issue.

**Response to Request for Production No. 4**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents and things" that relate to the patents in suit.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents located after a reasonable search of Trilegiant's files.

**Request for Production No. 5**

All documents and things that refer or relate to any accused program, system or method.

**Response to Request for Production No. 5**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks documents not specifically pertaining to defendant's programs and seeks "all documents and things," and does not state for whose accused programs the requested documents are sought.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents that concern or relate to Maritz' operation of systems or provision of services that infringe the patents in suit, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 6**

All documents and things that refer or relate to defendant and any of its programs, systems, or methods that plaintiff asserts infringes one or more of the Patents at Issue.

**Response to Request for Production No. 6**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks documents not specifically pertaining to defendant's programs and seeks "all documents and things." Trilegiant further objects to this request to the extent that it is repetitive of Request Nos. 3 and 5.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents that concern or relate to defendant's operation of systems or provision of services that infringe the patents in suit located after a reasonable search of Trilegiant's files.

**Request for Production No. 7**

All documents and things that refer or relate to any charges of infringement or litigation made by plaintiff and concerning one or more of the Patents at Issue.

**Response to Request for Production No. 7**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this

request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks documents not specifically pertaining to this action and seeks "all documents and things."

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce complaints from other lawsuits brought by Netcentives relating to the patents in suit and other documents reflecting charges of infringement made by Trilegiant concerning the patents in suit located after a reasonable search of Trilegiant's files.

**Request for Production No. 8**

All minutes or notes of any meetings of any of plaintiff's officers, directors, managers, or employees that refer or relate to one or more of the Patents at Issue.

**Response to Request for Production No. 8**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all minutes or notes" of any meetings of any Trilegiant employees that refer to the patents in suit.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents that are responsive to this request, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 9**

All minutes or notes of any meeting of any of plaintiff's officers, directors, managers, or employees that refer or relate to defendant or to programs, methods, or systems allegedly used by defendant that plaintiff asserts are covered by one or more of the Patents at Issue.

**Response to Request for Production No. 9**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks documents not specifically pertaining to this action and seeks "all minutes or notes... that refer or relate to defendant" without setting forth, either by individual item or by category, the documents and things requested or to describe them with reasonable particularity. Trilegiant further objects to this request to the extent that it is repetitive of Request Nos. 3, 5, and 6.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents responsive to this request that concern or relate to defendant's operation of systems or provision of services that infringe the patents in suit, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 10**

All documents which refer or relate to any design files, flowcharts, drawings, engineering files, invention notebooks, engineering notebooks, technical records, prototypes, specifications, data sheets, or manuals concerning the Patents at Issue or any program, method, or system allegedly covered by one or more of the Patents at Issue.

**Response to Request for Production No. 10**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks documents not specifically pertaining to this action and seeks "all documents which refer or relate to any design files, flowcharts, drawings, engineering files, invention notebooks, engineering

notebooks, technical records, prototypes, specifications, data sheets, or manuals concerning ... any program, method, or system allegedly covered by one or more of the Patents at Issue."

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce any non-privileged design files, flowcharts, drawings, engineering files, invention notebooks, engineering notebooks, technical records, prototypes, specifications, data sheets, or manuals for the inventions described in the patents in suit, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 11**

All documents which refer or relate to any agreements or contracts which plaintiff has entered to implement any aspect of any program, method, or system allegedly covered by one or more of the Patents at Issue.

**Response to Request for Production No. 11**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome with regard to the phrase "any aspect" and insomuch as it seeks documents not specifically pertaining to this action and seeks "all documents." Trilegiant objects to this request to the extent that it call for the disclosure of confidential, proprietary, or trade secret information of third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this action.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce contracts and agreements regarding products that are covered by one or more of the patents in suit and do not disclose confidential, proprietary, or trade secret information of third parties that are not wholly and entirely protected from disclosure by the

Protective Order entered in this action, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 12**

All documents and things which refer or relate to the development, purchase, advertisement, sale or implementation of any program, method or system allegedly covered by one or more of the Patents at Issue, including any product literature or technical literature.

**Response to Request for Production No. 12**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, and unduly burdensome with regard to the term "development" and insomuch as it seeks "all documents and things" and does not state for whose programs the requested documents are sought. Trilegiant further objects to this requests to the extent it seeks documents created or obtained by Trilegiant prior to Trilegiant's acquisition of the patents in suit on December 7, 2001.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents relating to the purchase, advertising, sale, and implementation of Trilegiant's products that are covered by one or more of the patents in suit, from the time subsequent to Trilegiant's acquisition of the patents in suit on December 7, 2001, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 13**

All documents and things which refer or relate to any sales, revenues, income, interest, expenses, costs (including direct, indirect, fixed and variable costs) or profitability (by month, quarter or year) since the inception of each program, method, or system allegedly covered by one or more of the Patents at Issue, including without limitation all tax records, schedules, work

papers and accounting papers that refer or relate to same.

**Response to Request for Production No. 13**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome with regard to the terms "tax records, schedules, work papers, and accounting papers" and insomuch as it seeks "all documents and things" and "since the inception of each program" and does not state for whose programs the requested documents are sought. Trilegiant further objects to this requests to the extent it seeks documents created or obtained by Trilegiant prior to Trilegiant's acquisition of the patents in suit on December 7, 2001.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents reflecting sales, revenues, income, and profitability of Trilegiant's products that are covered by one or more of the patents in suit, from the time subsequent to Trilegiant's acquisition of the patents in suit on December 7, 2001, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 14**

Any financial documents from 1995 to present which concern or report on any aspect of the Patents at Issue or of a program, method or system covered by one or more of the Patents at Issue.

**Response to Request for Production No. 14**

Trilegiant objects to this request on the ground that it is overly broad, vague, and unduly burdensome with regard to the phrase "any aspect" and insomuch as it seeks "any financial document" and "any financial documents from 1995 to present which concern or report on any

aspect of ... a program, method or system covered by one or more of the Patents at Issue" and does not state for whose programs the requested documents are sought. Trilegiant further objects to this request to the extent it seeks documents created or obtained by Trilegiant prior to Trilegiant's acquisition of the patents in suit on December 7, 2001.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents concerning the Patents at Issue and, from the time subsequent to Trilegiant's acquisition of the patents in suit on December 7, 2001 non-privileged responsive documents concerning programs, methods or systems covered by one or more of the Patents at Issue, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 15**

All documents which refer or relate to any of plaintiff's product line reports, general legers, financial statements, notes to financial statements, income statements, balance sheets, or financial projections from 1995 to present.

**Response to Request for Production No. 15**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks documents not specifically pertaining to this action and seeks "all documents which refer or relate to any" of the specifically enumerated documents. Trilegiant further objects to this requests to the extent it seeks documents created or obtained by Trilegiant prior to Trilegiant's acquisition of the patents in suit on December 7, 2001.

**Request for Production No. 16**

All documents and things which refer or relate to any audit or financial review of plaintiff at any time from 1995 to the present, including without limitation all audited financials of any kind, all reports to management, all work papers and all schedules.

**Response to Request for Production No. 16**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks documents not specifically pertaining to this action and seeks "all documents which refer or relate to any" of the specifically enumerated documents. Trilegiant further objects to this requests to the extent it seeks documents created or obtained by Trilegiant prior to Trilegiant's acquisition of the patents in suit on December 7, 2001.

**Request for Production No. 17**

All tax returns filed on behalf of plaintiff from January 1, 1995 to the present.

**Response to Request for Production No. 17**

Trilegiant objects to this request on the basis that it is overly broad and calls for the production of documents that are neither relevant to the prosecution and defense of this action, and that are not reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this requests to the extent it seeks documents prior to Trilegiant's acquisition of the patents in suit on December 7, 2001.

**Request for Production No. 18**

A sample of each different advertisement, catalog, terms and conditions sheet, technical brochure, specification, or item of promotional literature for any program, method or system allegedly covered by one or more of the Patents at Issue.

**Response to Request for Production No. 18**

Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks documents not specifically pertaining to this action and seeks "a sample of each" of the specifically enumerated documents and does not state for whose programs the requested documents are sought.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents concerning Trilegiant products covered by one or more of the patents in suit, that are responsive to this request to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 19**

A list of your customers for each program, method or system covered by one or more of the Patents at Issue from the time when such program, method or system first began until the present, and a copy of each contract or agreement with a customer for a program, method, or system allegedly covered by one or more of the Patents at Issue.

**Response to Request for Production No. 19**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to the request to the extent that it purports to require Trilegiant to compile a list of customers. Trilegiant further objects to this requests to the extent it seeks documents created or obtained by Trilegiant prior to Trilegiant's acquisition of the patents in suit on December 7, 2001.

Without waiving any of those objections, all of which Trilegiant hereby reserves,

Trilegiant will produce a copy of each contract or agreement with a customer for a program, method or system covered by one or more of the patents in suit.

**Request for Production No. 20**

All documents and things which refer or relate to any communication or analysis concerning the performance, advantages, disadvantages, problems, or features of any program, method, or system allegedly covered by the Patents at Issue.

**Response to Request for Production No. 20**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks documents not specifically pertaining to this action and seeks "all documents and things which refer or relate to" specifically enumerated documents and does not state for whose programs the requested documents are sought.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents concerning Trilegiant products that are covered by one or more of the patents in suit, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 21**

All documents which refer or relate to any evaluation or feedback from any customer, potential customer, or anyone else concerning any program, method, or system allegedly covered by one or more of the Patents at Issue.

**Response to Request for Production No. 21**

Trilegiant objects to this request on the basis that it is overly broad, unduly burdensome, and calls for the production of documents that are neither relevant to the prosecution and defense

of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks documents not specifically pertaining to this action and seeks "all documents which refer or relate to any" of the specifically enumerated documents.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents concerning Trilegiant products that are covered by one or more of the patents in suit, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 22**

Representative documents which identify the name, job title and responsibilities, and last know address, of each individual (whether an employee, outside consultant, or otherwise) who performed any work in connection with the preparation of business plans, marketing plans, strategies, five year plans, or the like involving any aspect of a program, method, or system allegedly covered by one or more of the Patents at Issue.

**Response to Request No. 22**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome with regard to the phrases "any work in connection with," "or the like," and "any aspect" and does not state for whose programs the requested documents are sought.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents that concern Trilegiant's programs covered by one or more of the patents in suit and are responsive to this request, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 23**

Reports, memos, notes, and correspondence relating to future performance projections and/or profitability of any program, method, or system allegedly covered by the Patents at Issue.

**Response to Request for Production No. 23**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome in that it does not state for whose programs the requested documents are sought.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents concerning Trilegiant products that are covered by one or more of the patents in suit, that are responsive to this request, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 24**

All marketing studies related to programs, methods, or systems allegedly covered by one or more of the Patents at Issue, including but not limited to any studies which reflect any market share held by or projected to be held by any program, method, or system allegedly covered by one or more of the Patents at Issue.

**Response to Request for Production No. 24**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all marketing studies related to" specifically enumerated subjects and does not state for whose programs the requested documents are sought.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents concerning Trilegiant programs covered by one or more of the patents in suit, that are responsive to this request, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 25**

All of plaintiff's competitor files (whether or not denominated as such), including without limitation those relating to Maritz, and all documents comparing any program, method, or system allegedly covered by the Patents at Issue to any other program including without limitation, any such comparison to any program, method, or system ever offered by Maritz.

**Response to Request for Production No. 25**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents," and seeks documents regarding competitors other than Maritz.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents comparing Trilegiant programs that are covered by one or more of the patents in suit to Maritz programs that are covered by the patents in suit, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 26**

All documents and things which refer or relate to the current popularity of any program,

method, or system allegedly covered by one or more of the Patents at Issue.

**Response to Request for Production No. 26**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome with regard to the phrase "current popularity" and insomuch as it seeks "all documents and things" and does not state for whose programs the requested documents are sought.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents concerning Trilegiant programs that are covered by one or more of the patents in suit and that are responsive to this request, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 27**

All documents and things which refer or relate to the utility and advantages of any program, method, or system allegedly covered by one or more of the Patents at Issue as compared to any other program, method, or system that has been used, sold, or licensed by plaintiff.

**Response to Request for Production No. 27**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents" and does not state for whose programs the requested documents are sought.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents comparing Trilegiant programs that are

covered by one or more of the patents in suit to Maritz programs that are covered by the patents in suit, that are responsive to this request, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 28**

All documents and things that you believe support or show the existence of a customary royalty within the industry.

**Response to Request for Production No. 28**

Trilegiant objects to this request to the extent that it call for the disclosure of confidential, proprietary, or trade secret information of third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this action.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents that are responsive to this request and do not disclose confidential, proprietary, or trade secret information of third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this action, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 29**

All documents and things that plaintiff believes supports or shows any rates paid for the use of other patents comparable to one or more of the Patents at Issue.

**Response to Request for Production No. 29**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome with regard to the phrase "comparable to" and insomuch as it seeks "all documents and things." Trilegiant objects to this

request to the extent that it call for the disclosure of confidential, proprietary, or trade secret information of third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this action. Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 30**

All documents, including but not limited to license agreements, referring or relating to any royalties or fees plaintiff has received or has been offered for the right to operate any program, method, or system allegedly covered by one or more of the Patents at Issue.

**Response to Request for Production No. 30**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents... referring or relating to" specifically enumerated documents. Trilegiant objects to this request to the extent that it call for the disclosure of confidential, proprietary, or trade secret information of third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this action.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents that are responsive to this request and do not disclose confidential, proprietary, or trade secret information of third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this action, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 31**

All documents which refer or relate to any alleged damages suffered in the event of defendant's infringement of one or more of the Patents at Issue.

**Response to Request for Production No. 31**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents that are responsive to this request, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 32**

All documents which refer or relate to lost sales or lost opportunities incurred because of defendant's infringement of one or more of the Patents at Issue.

**Response to Request for Production No. 32**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents."

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents that are responsive to this request, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 33**

All documents and things which refer or relate to any prior art, prior uses or anything else under 35 U.S.C. § 112 which may affect the validity of one or more of the Patents at Issue in any

way.

**Response to Request for Production No. 33**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents and things."

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 34**

All documents and things that tend to evidence or refute the validity of one or more of the Patents at Issue, or any claims thereof, based on the contention that the alleged invention was known or used by others in the United States, or patented or described in a printed publication in the United States or in a foreign country, before the date of invention of one or more of the Patents at Issue.

**Response to Request for Production No. 34**

Without waiving any objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 35**

All documents and things that tend to evidence or refute the validity of one or more of the Patents at Issue, or any claim thereof, based on 35 U.S.C. § 103 in that the differences between the subject matter described and purportedly claimed in one or more of the Patents at Issue and the prior art are such that the subject matter as a whole would have been obvious at the time the inventions were made to a person having ordinary skill in the art to which the subject matter pertains.

**Response to Request for Production No. 35**

Without waiving any objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 36**

All documents and things that tend to evidence or refute the enforceability of one or more of the Patents at Issue on the alleged basis that the inventor committed inequitable conduct in obtaining one or more of the Patents at Issue.

**Response to Request for Production No. 36**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 37**

All documents and things referring or relating to (I) the earliest conception; (ii) the first reduction to practice; (iii) the first public disclosure; (iv) the first offer for sale; or, (v) the first use (private or public) of any method or system allegedly disclosed in one or more of the Patents at Issue or allegedly covered by the claims of one or more of the Patent at Issue.

**Response to Request for Production No. 37**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents and things" referring or relating to specifically enumerated documents.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 38**

All documents and things produced by Trilegiant and/or Netcentives in any prior or current lawsuit involving one or more of the Patents at Issue.

**Response to Request for Production No. 38**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce responsive documents, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 39**

All documents and things produced to Trilegiant or Netcentives in any prior or current lawsuit involving one or more of the Patents at Issue.

**Response to Request for Production No. 39**

Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce responsive documents, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 40**

All documents and things which refer or relate to any of plaintiff's assertions that defendant infringes any of the claims of one or more of the Patents at Issue.

**Response to Request for Production No. 40**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents and things."

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 41**

All documents and things which refer or relate to plaintiff's assertion that defendant has willfully infringed one or more of the Patents at Issue.

**Response to Request for Production No. 41**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents and things."

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 42**

All documents evidencing any of the facts underlying any of the allegations asserted by plaintiff in its Complaint.

**Response to Request for Production No. 42**

Trilegiant objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents."

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 43**

All documents which refer or relate to any search, study, opinion or other investigation concerning the infringement/non-infringement, validity/invalidity and/or enforceability/unenforceability or of one or more of the Patents at Issue.

**Response to Request for Production No. 43**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents" referring or relating to specifically enumerated documents.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents that are responsive to this request, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 44**

All documents which refer or relate to the circumstances under which plaintiff obtained rights in one or more of the Patents at Issue.

**Response to Request for Production No. 44**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome with regard to the term "circumstances" and insomuch as it seeks "all documents."

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents regarding its acquisition of the patents in suit, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 45**

Documents showing the corporate and management structure of plaintiff since January 1, 1995, including organizational charts, lists and directories.

**Response to Request for Production No. 45**

Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this requests to the extent it seeks documents created or obtained by Trilegiant prior to Trilegiant's

acquisition of the patents in suit on December 7, 2001.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce organizational charts for Trilegiant, from the time subsequent to Trilegiant's acquisition of the patents in suit on December 7, 2001, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 46**

All organizational charts referring or relating to the identification of individuals responsible for evaluation, generation, and/or record keeping of financial, marketing, profitability, budgeting reports, or projections relating to any program, method, or system allegedly covered by one or more of the Patents at Issue.

**Response to Request for Production No. 46**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all organizational charts." Trilegiant further objects to this requests to the extent it seeks documents created or obtained by Trilegiant prior to Trilegiant's acquisition of the patents in suit on December 7, 2001.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce organizational charts for Trilegiant, from the time subsequent to Trilegiant's acquisition of the patents in suit on December 7, 2001, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 47**

All documents and things originating or associated with defendant which are in plaintiff's possession, custody or control.

**Response to Request for Production No. 47**

Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome with regard to the phrase "associated with" and insomuch as it seeks "all documents and things."

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents originating from Maritz to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 48**

All documents that bear any reference, whether as printed or by interlineation, to defendant.

**Response to Request for Production No. 48**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome with regard to the phrase "any reference" and insomuch as it seeks "all documents," fails to set forth, either by individual item or by category, the documents and things requested or to describe them with reasonable particularity, and on the ground that it is duplicative of other requests.

**Request for Production No. 49**

All documents which refer or relate to defendant or to any program made, used, offered for sale, licensed or sold by defendant.

**Response to Request for Production No. 49**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents," fails to set forth, either by individual item or by category, the documents and things requested or to describe them with reasonable particularity, and is duplicative of other requests.

**Request for Production No. 50**

All documents which refer or relate to any communications between plaintiff and defendant, including without limitation all notes and records of such communications and all correspondence.

**Response to Request for Production No. 50**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents" and seeks communications regarding subjects other than the patents in suit or this lawsuit.

Without waiving any of those objections, all of which Trilegiant hereby reserves,

Trilegiant will produce non-privileged documents regarding communications between Trilegiant and Maritz that concern the patents in suit or this lawsuit, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 51**

All documents which refer or relate to any license, offer to license, negotiations (whether successful or not), or discussions relating to a license or covenant not to sue under any intellectual property rights related to any program allegedly covered by one or more of the Patents at Issue or under one or more of the Patents at Issue.

**Response to Request for Production No. 51**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents." Trilegiant objects to this request to the extent that it call for the disclosure of confidential, proprietary, or trade secret information of third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this action.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents that are responsive to this request and do not disclose confidential, proprietary, or trade secret information of third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this action, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Response to Request for Production No. 52**

All documents and things which refer or relate to any patent or patent application (whether pending, issued or abandoned and whether U.S. or foreign) filed by or on behalf of plaintiff which claims priority or otherwise cites to or references one or more of the Patents at Issue.

**Response to Request for Production No. 52**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents and things."

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents that are responsive to this request, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 53**

Screen shots for any of plaintiff's programs, methods, or systems allegedly covered by one or more of the Patents at Issue.

**Response to Request for Production No. 53**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 54**

An electronic or computer readable copy of plaintiff's programs, methods, or systems allegedly covered by one or more of the Patents at Issue.

**Response to Request for Production No. 54**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged documents and things that are responsive to this request, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 55**

All documents which refer or relate to any communications plaintiff has had with any customers, potential customers, or anyone else concerning defendant or this lawsuit.

**Response to Request for Production No. 55**

Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad, vague, and unduly burdensome insomuch as it seeks "all documents" and "any communications... concerning defendant."

Without waiving any of those objections, all of which Trilegiant hereby reserves,

Trilegiant will produce non-privileged documents regarding Trilegiant's communications with its customers and potential customers regarding this lawsuit, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 56**

A copy of the complaint in any patent infringement lawsuit in which plaintiff is or has been a party.

**Response to Request for Production No. 56**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad insomuch as it seeks complaints from lawsuits not involving the patents in suit.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce complaints from other lawsuits in which Trilegiant has been a party and which involve the patents in suit, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 57**

A copy of every cease and desist letter in which plaintiff is or has been a party.

**Response to Request for Production No. 57**

Trilegiant objects to this request to the extent that it calls for the production of documents that are neither relevant to the prosecution and defense of this action, nor reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects to this request on the ground that it is overly broad and unduly burdensome insomuch as it seeks cease and desist letters not regarding the patents in suit.

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce cease and desist letters regarding the patents in suit, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files.

**Request for Production No. 58**

All documents and things shown to, received from, and/or discussed with any expert who is expected to testify in this case.

**Response to Request for Production No. 58**

Without waiving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce non-privileged responsive documents, to the extent such documents exist and can be located through a reasonable search of Trilegiant's files, as provided for in the Case Management Order.

**Request for Production No. 59**

All documents and things which defendant may offer and/or that defendant intends to offer as evidence (whether substantive, impeachment, rebuttal, or otherwise) in this case.

**Response to Request for Production No. 59**

Trilegiant objects to this request on the basis that it seeks documents and things that are in the possession, custody and control of Maritz. Trilegiant further objects to the extent this request seeks production of evidence to be used for impeachment.

Without waiving waving any of those objections, all of which Trilegiant hereby reserves, Trilegiant will produce responsive documents that Trilegiant intends to offer as substantive evidence in this case.

Date: April 13, 2005

Sharon L. Davis

Steven Lieberman
Sharon L. Davis
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
1425 K Street, NW
Telephone: (202) 783-6040

*Attorneys for Plaintiff*
*Trilegiant Loyalty Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **TRILEGIANT LOYALTY SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO MARITZ, INC.'S FIRST REQUEST FOR PRODUCTION**, was served on this 13th day of April, 2005, in the manner indicated, upon the following counsel of record:

**Via Facsimile and First Class Mail:**

J. Bennett Clark, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square; 16th Floor
St. Louis, MO 63102

Patricia Smink Rogowski, Esq.
Connolly Bove Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

***Counsel for Defendant Maritz Inc.***

Matthew T. Felten