IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC.,<br><br>               Plaintiff,<br><br>v.<br><br>MARITZ, INC.,<br><br>               Defendant. | Civil Action No. 04-360-JJF |

**PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and upon agreement of the parties, it is hereby Ordered that:

1. This Protective Order applies to any document, or portion thereof, any type of evidence, and any form of discovery contemplated under Rules 26 through 36 of the Federal Rules of Civil Procedure which, in the good-faith opinion of the party providing such material (the "producing party") contains any trade secret or other confidential research, development, or commercial information of the producing party.

2. This Protective Order creates two categories of confidentiality. The two categories shall be distinguished by the use of different designations.

    a. The category "Outside Counsel Only Information" shall include only highly sensitive or highly proprietary financial or product data. Documents in this category shall be visibly marked with the designation "OUTSIDE COUNSEL ONLY -- UNDER PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL".

    b.    The category "Confidential Information" shall include only sensitive or proprietary technical and business documents. Documents and other materials in this category of lower sensitivity shall be visibly marked with the designation "CONFIDENTIAL -- UNDER PROTECTIVE ORDER" or "CONFIDENTIAL".

3.    The term "Protected Information" shall refer to both Outside Counsel Only Information and Confidential Information.

4.    a.    Outside Counsel Only information may be made available only to, and inspected only by (i) the Court, (ii) lawyers, personnel, members and assistants of outside counsel of record including:

| | |
|---|---|
| Morris, Nichols, Arsht & Tunnell<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899 | Connolly Bove Lodge & Hutz<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899 |
| Rothwell, Figg, Ernst & Manbeck, P.C.<br>1425 K Street, N.W.<br>Suite 800<br>Washington, D.C. 20005 | Senniger, Powers, Leavitt & Roedel<br>One Metropolitan Square; 16th Floor<br>St. Louis, MO 63102 |

and (iii) outside stenographic court reporters, document service contractors and language translators (including support staff) as reasonably necessary.

b.    Outside Counsel Only Information and any analysis or report containing such Protected Information may be disclosed to independent experts and their support staff who are employed to furnish expert or technical services or to give expert testimony with regard to this action and who are not otherwise affiliated in any way with a party. As a condition precedent to disclosure of Protected Information to any such independent expert, the expert must acknowledge receipt and understanding of this Protective Order,

agree to be bound thereby; and agree to use the Protected Information solely for this litigation, not to disclose any Protected Information to any other person, firm or concern in violation of this Protective Order, and never to use any Protected Information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so.

Each such independent expert shall execute a declaration acknowledging the foregoing, in the form annexed hereto. Counsel who retained the expert shall forward a copy of the executed declaration to counsel for the producing party at least five (5) business days prior to the proposed disclosure of Protected Information to such expert, along with a copy of the expert's *curriculum vitae*. If the producing party objects to the proposed disclosure, it shall notify counsel who retained the expert of its objection within five (5) business days after receipt of the notice of the disclosure, and, if the issue cannot be resolved, the producing party shall promptly move the Court for a protective order against such disclosure. The burden shall be on the objecting party to show the Court why the disclosure should not be made.

5. Confidential Information and any analysis or report containing such Information may be disclosed to (a) the persons entitled to receive Outside Counsel Only Information; (b) in house counsel for each party; and (c) up to three corporate representatives (e.g., officers, directors or management) of each party who have been charged by their respective corporations with the responsibility for making business decisions dealing directly with the litigation of this action. As a condition precedent to disclosure of Protected Information to the in-house corporate representatives of each party, each such person must: acknowledge receipt and understanding of this Protective Order, agree to be bound

thereby; and agree to use the Protected Information solely for this litigation, not to disclose any Protected Information to any other person, firm or concern in violation of this Protective Order, and never to use any Protected Information, directly or indirectly, in competition with the party that disclosed it, nor to allow any other person to do so. Each such person shall also execute a declaration acknowledging the foregoing, in the form annexed hereto.

6. In the event that counsel for a party believes it necessary to disclose any Outside Counsel Only Information to any person not specified in paragraph 4 as qualified to receive it or to disclose any Confidential Information to any person not permitted under paragraph 5 to receive it, said counsel shall notify counsel for the producing party in writing of (a) the specific information, documents and/or testimony proposed to be disclosed and (b) the person(s) to whom such disclosure is proposed to be made. If an agreement cannot be reached, the party desiring to disclose Protected Information shall make an appropriate motion and shall bear the burden of showing that the proposed disclosure is necessary. In the event of such motion, this Court shall rule as to whether the proposed disclosure may be made and whether any restrictions or limitation should be placed on such disclosure.

7. Protected Information may be designated as subject to this Protective Order as follows:

   a. With respect to documents or copies provided by one party to the other, by marking the initial page and the page or pages on which any Outside Counsel Only Information or any Confidential Information appears with the appropriate legend, as set forth in Paragraph 2. With respect to documents that are provided in electronic form, the appropriate legend may be placed on the CD-ROM or similar media on which the documents are transmitted.

b.     In lieu of marking the original of a document which contains Protected Information prior to inspection, counsel for the producing party may orally designate documents being produced for inspection as containing Outside Counsel Only Information or Confidential Information, thereby making them subject to this Order; however, any copies of such documents must be marked with the appropriate legend by the producing party at the time copies are provided.

c.     Testimony or information disclosed at a deposition may be designated by a producing party as Protected Information by indicating on the record at the deposition the specific testimony which contains Protected Information that is to be made subject to the provisions of this Order together with the category of confidentiality. Alternatively, a producing party may designate testimony or information disclosed at a deposition as Protected Information by notifying all parties, in writing, within fifteen (15) business days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated Outside Counsel Only Information or Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. Whether or not designation is made at the time of a deposition, all depositions shall be treated as Outside Counsel Only Information from the taking of the deposition until fifteen (15) business days after receipt of the transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.

Notwithstanding the foregoing, any employee, agent, advisor, representative or person affiliated with a party who is not qualified to receive Outside Counsel Only Information or Confidential Information may attend a deposition at which Protected

Information may be disclosed. In such event, the producing party must designate the specific testimony or information containing Protected Information together with the category of confidentiality by indicating on the record at the deposition that such information is subject to the provisions of this Order. The producing party shall have the right to exclude any person not qualified to receive the Protected Information from the deposition only during the period Protected Information is disclosed or discussed.

d. In the case of responses to interrogatories, other discovery requests or responses, affidavits, briefs, memoranda or other papers filed with the Court, information contained therein may be designated as Protected Information by prominently marking such paper with the appropriate designation under Paragraph 2.

e. Tangible objects may be designated as Protected Information by affixing to the object or its container a label or tag indicating the category of confidentiality. Any samples of materials produced by any party shall be considered and treated as Confidential Information, if such samples are produced without the above label or tag.

8. To assist the Clerk, any document or object placed under seal pursuant to this Order shall be filed in the Clerk's Office in a sealed envelope or other appropriate sealed container on which shall be endorsed the title and docket number of this action, an identification of the nature of the contents of the sealed envelope or container, the words "OUTSIDE COUNSEL ONLY" or "CONFIDENTIAL" or the like, and a statement substantially in the following form:

SUBJECT TO THE PROTECTIVE ORDER ENTERED IN CIVIL ACTION NO. 04-360-JJF. This envelope, containing documents that are filed in this case by

[name of party], is not to be opened nor are the contents thereof to be displayed or revealed except by order of the Court.

    b.    A second copy of any pleading or paper specifically intended for review by the Court may be hand-delivered to the Court's chambers appropriately marked, in order to assure that the same is brought promptly to the Court's attention.

9.    a.    Nothing in this Order shall prevent a party from using any information or materials designated as Protected Information at depositions, trial, during a hearing, or the like. However, the party using such information or material must either request that the portion of the proceeding where use is made be in camera and that the transcript of that portion of the proceeding be maintained under seal in accordance with paragraph 8 hereof, with access thereto limited to persons entitled to access under this Protective Order or have the designation as Protected Information removed either by agreement or by order of the Court before the Protected Information is used.

    b.    A witness at a deposition or trial may be shown any document that contains or reveals Protected Information provided the document was authored by or received by the witness, or provided that the producing party consents to such disclosure. In addition, a witness may be shown any document that contains or reveals Protected Information if the witness is, or was at the time the document containing or revealing Protected Information was created, an officer, director, or employee of the producing party.

10.    A document that contains or reveals Protected Information may be shown during deposition or at trial to any person indicated in such document to be its originator or author or the recipient of a copy.

11.    Protected information obtained from a producing party pursuant to pretrial discovery in

this action, may be used and disclosed only for purposes of this action. No party or person shall make any other use of any such Protected Information including but not limited to use for commercial or competitive purposes or use in any other legal proceeding, except as permitted by order of the Court.

12. Nothing herein shall be construed (a) as preventing a party from using or continuing to use any information that is or becomes publicly known through no unauthorized act of such party, or (b) as preventing a party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such party other than through discovery of the producing party. Should a dispute arise as to any specific information or materials, the burden shall be on the party claiming that such information or materials, is or was publicly known or was lawfully obtained other than through discovery of the producing party.

13. Nothing herein shall be construed as an agreement or admission: (a) that any information, document or the like designated as Protected Information is in fact confidential or a trade secret; or (b) with respect to the competency, relevance, materiality, privilege, or immunity of any such information, document or the like.

14. A party shall not be obligated to challenge the propriety of a designation as Outside Counsel Only Information or Confidential Information at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party disagrees at any point in these proceedings with the designation made by the producing party, the parties shall make a good faith effort to resolve the dispute on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from this Court, and the producing party shall have the burden of proving that its

designation was appropriate.

15. The inadvertent or unintentional failure by a producing party to designate specific documents or materials as containing Protected Information shall not be deemed a waiver in whole or in part of a party's claim of confidentiality as to such documents or materials. Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently disclosed information, without prejudice.

16. In the event of any inadvertent or unintentional disclosure of Protected Information, other than in a manner authorized by this Stipulation and Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to prevent further unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form. Compliance with the foregoing shall not prevent the disclosing party from seeking further relief from the Court.

17. The recipient of any Protected Information shall maintain such information in a secure and safe place, and shall exercise at least the same degree of care in handling the Protected Information as is exercised by the recipient with respect to its own Protected Information of a similar nature, but in no event less than due care. Each recipient of any Protected Information produced in this action hereby agrees to be subject to the jurisdiction of this Court for the purposes of the implementation and enforcement of this Stipulation and Protective Order.

18. Nothing in this order shall prevent or otherwise restrict outside counsel from rendering

advice to their client who is a party to this action and, in the course thereof, relying generally on such counsel's examination of Protected Information: provided, however, that in rendering such advice and otherwise communicating with such client, such counsel shall not disclose any information or documents designated as "Outside Counsel Only Information" or "Confidential Information," except pursuant to the procedures of Paragraphs 4, 5 and 6.

19. Nothing herein shall prevent disclosure beyond the terms of this Order if the producing party consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

20. The inadvertent production of any document or other information during discovery in this action shall be without prejudice to any claim that such material is subject to the attorney client privilege or is protected from discovery as work product within the meaning of Fed. R. Civ. P. 26. No Party shall be held to have waived any rights by such inadvertent production. Any such inadvertently produced material shall be returned by the receiving Party within three days of any written request, unless the receiving Party challenges the privileged nature of the document(s), in which case the producing Party shall be entitled to make an application to the Court for the return of the material. While such application is pending, the receiving Party shall not use or divulge the contents of such material except to the Court under seal.

21. Within sixty (60) days after the conclusion of this action, all documents, objections, and other materials produced as Outside Counsel Only Information or Confidential Information, including extracts and summaries thereof, and all reproductions thereof, shall be returned to the producing party or shall be destroyed, at the option of counsel in

possession of such copies, except any such materials that contain attorney work product may be destroyed rather than returned. If the materials are destroyed, counsel responsible for the destruction shall within seven (7) days of such destruction certify to counsel for the producing party that destruction has taken place. Notwithstanding the above, one archival copy of pleadings, deposition transcripts, deposition transcripts, deposition exhibits, Court exhibits, documents included in submissions to the Court, and one archival set of produced documents may be retained only by outside counsel for the receiving party. Insofar as the provisions of this and any other Protective Order entered in this action restrict the communication and use of the information produced thereunder, such Order shall be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may see the written permission of the producing party or further order of the Court with respect to dissolution or modification of any such Protective Order.

22. This Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the agreement of the parties, nor the designation of any information, document, or the like as Protected Information, nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

23. The terms of this Protective Order shall be applicable to any third party who produces information which is designated by such third party or a party hereto as Outside Counsel Only Information or Confidential Information, provided that the third party notifies the

parties in writing of its desire to designate its Protected Information in accordance with this Order.

24. This Order is without prejudice to the right of any party, or any third party, to seek relief from the Court, upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material.

25. If another court or administrative agency issues a subpoena or orders production of any Protective Information received by a party pursuant to this Protective Order, the receiving party shall promptly notify the producing party of the pendency of such subpoena or order.

IT IS HEREBY STIPULATED:

| CONNOLLY BOVE LODGE & HUTZ | MORRIS, NICHOLS, ARSHT & TUNNELL |
|---|---|
| */s/ Patricia Smink Rogowski* | */s/ Maryellen Noreika* |
| Patricia Smink Rogowski, Esq. (#2632)<br>The Nemours Building<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899<br>(302) 658-9141<br>*Attorneys for Defendant*<br>*Maritz, Inc.* | Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>*Attorneys for Plaintiff*<br>*Trilegiant Corporation* |
| OF COUNSEL: | OF COUNSEL: |
| J. Bennett Clark, Esq.<br>Jennifer Hoekel, Esq.<br>Senniger, Powers, Leavitt & Roedel<br>One Metropolitan Square, 16th Floor<br>St. Louis, MO 63102<br>(214)231-5400 | Steven Lieberman, Esq.<br>Sharon L. Davis, Esq.<br>Rothwell, Figg, Ernst & Manbeck, P.C.<br>1425 K Street, N.W.<br>Suite 800<br>Washington, D.C. 20005<br>(202) 783-6040 |

IT IS SO ORDERED:

_____
Judge Joseph J. Farnan, Jr.

Dated: May 4, 2005