

**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington DE 19899
TEL (302) 658 9141
FAX (302) 658 5614

**Patricia S. Rogowski**
Partner
Admitted in DE and PA
Tel.: (302) 658-9141
Fax: (302) 658-5614
Email: progowski@cblh.com
Reply to: Wilmington Office

1990 M Street, NW, Suite 800
Washington DC 20036
TEL (202) 331 7111
FAX (202) 293 6229

WEB www.cblh.com

June 3, 2005

The Honorable Joseph J. Farnan, Jr.
United States District Court
    for the District of Delaware
844 N. King Street
Wilmington, DE 19801

**RE:** *Trilegiant Loyalty Solutions, Inc. v. Maritz, Inc.*, **Civil Action No. 04-360-JJF**

Dear Judge Farnan:

      This summary of document production status is submitted by Maritz as requested by the Court, in advance of the status conference set for June 8, 2005. Following a Court-authorized Rule 30(b)(6) deposition, designed to put Trilegiant in position to narrow the scope of its broadly-worded discovery requests, certain discovery issues have in fact been resolved.

      However, there remains a disagreement on one issue, and Maritz seeks this Court's guidance on that issue. Without any articulation of relevance whatsoever, Trilegiant continues to seek discovery directed to numerous programs that are far distant from the subject matter of the patents. This dispute is significant, because its resolution greatly impacts the scope and complexity of issues in the case and the volume of documents to be produced.

      Maritz intends to prove that the various programs upon which it has agreed to produce documents do not infringe the patents, as properly interpreted, consistent with the rules of construction and in view of statements made by the patent applicant during prosecution. However, as discussed below, the additional programs Trilegiant casually seeks to drag into the case -- without providing a bit of analysis of their supposed relevance -- are so far afield, and will complicate the case so unnecessarily, that Maritz seeks the Court's immediate protection as to these programs.

**1.      The remaining scope of Trilegiant's document requests**

      Trilegiant initially requested "[a]ll documents discussing, disclosing, referring to, or relating to any of Maritz's on-line incentive programs, including but not limited to VAULT and WARP." Plaintiff's First Request for Documents and Tangible Things,

CONNOLLY BOVE LODGE & HUTZ LLP

The Honorable Joseph J. Farnan, Jr.
June 3, 2005
Page 3

Request No. 9. Trilegiant defined "on-line incentive program" as "any program by which a person who transacts business with a company receives credits, rewards, points, awards, or benefits for doing so, and may access any information about that program through a networked computer or the internet, including VAULT and WARP." As written, this request covered programs of such a broad range that it was plain Trilegiant could not have seriously intended literal compliance with it.

Maritz objected on the grounds of overbreadth. In response, the parties agreed (with the Court's approval) to have Trilegiant conduct a Rule 30(b)(6) deposition to aid it in determining which Maritz programs are proper subjects for discovery in this case. This deposition occurred on May 19, 2005. Maritz designated three witnesses to provide testimony on behalf of three different Maritz business units—(a) Maritz Loyalty Marketing, (b) Maritz Rewards, and (c) Maritz Incentives.

The good news: as a result of this deposition, Trilegiant has indicated that, with respect to **Maritz Loyalty Marketing**, it only needs documents relating to VAULT. Trilegiant has also indicated a desire for documents related to **Maritz Rewards** and its awardhq.com website, and we have agreed.

However, with respect to programs offered by **Maritz Incentives**, Trilegiant demands "full discovery of *all incentive programs* developed or operated by Maritz Incentives that allow for *on-line redemption through awardhq.com*." Trilegiant gives no substantive reason for this sweeping demand, stating only that "[t]hese programs appear to infringe one or more claims of the patents-in-suit and are subject to full discovery as 'on-line incentive programs' under Trilegiant's documents requests."

Trilegiant's position is unreasonable, for the following reasons: (a) even if Trilegiant were to convince the Court during the *Markman* process that some of the claims cover on-line award catalogs alone – itself a tenuous proposition -- all the pertinent documents concerning web-based redemption would have been produced as Maritz's awardhq.com documents; and (b) none of Maritz Incentive's programs involve awarding points to customers for purchasing products from Maritz on-line, and, as such, cannot be "on-line incentive programs" as claimed in the asserted patents.

2.  **The asserted claims**

Trilegiant has asserted three patents against Maritz: U.S. Patent No. 5,774,870; 6,009,412; and 6,578,012. The claims that Trilegiant has asserted against Maritz fall into two categories: (1) **on-line incentive programs for the on-line purchase of products**

**CONNOLLY BOVE LODGE & HUTZ LLP**

The Honorable Joseph J. Farnan, Jr.
June 3, 2005
Page 4

and (2) **on-line redemption**. (Attached as Exhibit A is the complete claim language of the accused claims.)

    a.    U.S. Patent No. 5,774,870

Trilegiant has asserted two claims of the '870 patent: claim 1 and 29. The relevant limitation of claim 1 requires: "A system for an incentive award program including a computer system accessible for on-line interactive communication with users, said computer system comprising: *a first memory area for storing product catalog, said product catalog including product descriptions and product prices for each product available for purchase. . . .*"

Claim 29 is for a "method of storing and displaying a database of articles."

Claim 1 is directed at an on-line incentive program with an on-line product catalog. We anticipate that Trilegiant will argue that Claim 29 is directed to on-line redemption.

    b.    U.S. Patent No. 6,578,012

The only claim of the '012 patent asserted by Trilegiant is claim 1. Claim 1 again requires an on-line product catalog.

**Claim 1:** A system for an incentive award program, including a computer system accessible for on-line interactive communication with users, said computer system comprising, in relevant part;

    . . .

> **a first memory area for storing a product catalog, said product catalog including product descriptions and product prices for each product available for purchase ...**

    c.    U.S. Patent No. 6,009,412

Trilegiant has asserted claims 1, 10, 18, 27, 35, and 36 of the '412 patent. The limitations of claims 1, 18, and 35 set forth the characteristics of the on-line incentive program of the patents-in-suit: (a) providing a webpage accessible to users, **(b) offering a product for sale to the user on that webpage**, (c) determining whether the user

CONNOLLY BOVE LODGE & HUTZ LLP

The Honorable Joseph J. Farnan, Jr.
June 3, 2005
Page 5

qualifies for award points based on the on-line purchases made by the user and calculating those points, and (d) issuing award points to an account of the user for future redemption. Again, an on-line product catalog is plainly required by each of these claims.

The limitations of claims 10, 27, and 36 relate to the on-line redemption process for the on-line incentive program through which users redeem the points they have earned for their on-line purchases.[1]

3.  **Argument**

Maritz objects to providing discovery for Maritz Incentives programs because its programs are far outside the scope of the accused patents. Maritz Incentives designs and operates incentive programs for its clients in which its clients' employees or channel partners are rewarded for desired behavior (achieving a sales goal, for example). Some of these programs are point-based programs where award points are deposited into a participant's account and participants redeem their earned points via phone, fax, mail, and/or a website.[2] Some of these programs are not point based, but simply provide a certain reward in return for a certain behavior.

However, **none of Maritz Incentive's programs involve awarding points to customers for purchasing products from Maritz on-line**. Trilegiant was *told* this during the Rule 30(b)(6) deposition it conducted.[3] Thus, the Maritz Incentives programs cannot seriously be said to be "on-line incentive programs" as addressed in the asserted

---

[1] Maritz will prove that Trilegiant's patent claims for on-line redemption require the use of an on-line incentive program as described and claimed in other claims. In other words, web-based redemption or on-line award catalogs alone cannot infringe any of the asserted claims. However, for purposes of discovery and to avoid additional disputes, Maritz is producing its on-line redemption documents.

[2] Awardhq.com is the only option for web-based redemption of points in programs operated by Maritz Incentives.

[3] Q: Are there any programs in Maritz Incentives where an award or incentive is provided to an end-user, a purchaser of a retail product?
   A: No. Not to my knowledge. Most of our programs are for, like I said, employees of organizations.
Exhibit B at p. 22.

CONNOLLY BOVE LODGE & HUTZ LLP

The Honorable Joseph J. Farnan, Jr.
June 3, 2005
Page 6

patents. The asserted patent claims -- other than the claims that Maritz anticipates Trilegiant will assert cover on-line redemption -- require an on-line incentive program that **offers products for sale on-line**.

    For example, one of the programs that Trilegiant's requests would reach is a program for Kelly Services temporary employees. This program incentivizes "different behaviors that actually align with their core values, team work, attendance, good customer service." Exhibit B at p. 25-26. There is **no on-line product for sale** in this program. Yet, because this program uses awardhq.com, Trilegiant requests full discovery of this program!

    Even the inventor of the three asserted patents recognized the on-line product sale requirement. In his deposition in a previous lawsuit, **Mr. Storey repeatedly emphasized the requirement in his patents for an on-line purchase**. For example, when asked if he found any online incentive programs when researching prior art, Mr. Storey answered:

> I was not able to find any online internet-based or web-based online interactive incentive programs which fully integrated the product catalog, the awards catalog, the credit check routine, the awards redemption routine or any of the elements that are claimed in the '870 patent.

Exhibit C at 206, lines 14-21.

    Later, Mr. Storey testified:

> In the '870 patent, the '870 patent is based upon the immediacy of the ability to purchase a product or service and immediately use the award points to, in the same session, go and look at awards and redeem awards.

*Id.* at 235, lines 11-15.

    Despite the obvious requirement for the on-line sale of product, which Maritz Incentives' programs clearly do not do, Trilegiant has demanded "full discovery of all incentive programs developed or operated by Maritz Incentives that allow for on-line redemption through awardhq.com." Requiring Maritz to produce all documents relating to all Maritz Incentives programs with this redemption option is unduly burdensome. No relevant information will be gained by forcing Maritz to undergo this costly and time-consuming exercise.

CONNOLLY BOVE LODGE & HUTZ LLP

The Honorable Joseph J. Farnan, Jr.
June 3, 2005
Page 7

     Because the Maritz Incentives documents at issue here are not likely to lead to the discovery of information pertinent to any issue in this case, Maritz requests that the Court only require it to produce documents relating to the design and operation of awardhq.com. This will give Trilegiant all information of conceivable relevance to on-line redemption without giving vast amounts of irrelevant documents and unnecessarily complicating the case.

                                      Respectfully submitted,

                                      Patricia Smink Rogowski
                                      Del. Bar ID No. 2632

Enclosure
      Exhibits A - C

cc:    J. Bennett Clark, Esquire (with enclosure)
       Sharon Davis, Esquire (with enclosure)
       Maryellen Noreika, Esquire (with enclosure)

PSR.vjm
399550v1(CB)