IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-360-JJF |
| MARITZ, INC. | ) ) ) | |
| Defendant. | ) ) | **DEMAND FOR JURY TRIAL** |

## REPLY TO AMENDED COUNTERCLAIM

Plaintiff Trilegiant Loyalty Solutions, Inc. ("Trilegiant") replies to the amended counterclaims of defendant Maritz, Inc. ("Maritz") as follows:

### JURISDICTION AND VENUE

1. Trilegiant admits the allegations in paragraph 1 of the counterclaim.

2. Trilegiant admits the allegations in paragraph 2 of the counterclaim.

3. Paragraph 3 of the counterclaim incorporates by reference paragraphs 1 through 26 of Maritz's Amended Answer, which are responses to Trilegiant's Complaint, and which require no reply. Paragraph 3 also incorporates by reference its Additional and Affirmative Defenses (paragraphs A through N). Trilegiant denies each and every allegation in those paragraphs A through N.

4. Trilegiant admits that jurisdiction and venue are proper in this Court.

5. Trilegiant admits that an actual controversy exists between Trilegiant and Maritz as to the infringement and/ or validity of the '870, '412, and '012 patents.

## FIRST CLAIM

6. Trilegiant incorporates herein the replies set forth in paragraphs 1 through 5 above.

7. Trilegiant admits the allegations in paragraph 7 of the counterclaim.

8. Trilegiant admits that one basis for Trilegiant's allegation of infringement and/ or inducement of infringement is Maritz's operation of on-line incentive programs.

9. Trilegiant denies the allegations in paragraph 9 of the counterclaim.

10. Trilegiant denies the allegations in paragraph 10 of the counterclaim.

## SECOND CLAIM

11. Trilegiant incorporates herein the replies set forth in paragraphs 1 through 5 above.

12. Trilegiant admits the allegations in paragraph 12 of the counterclaim.

13. Trilegiant admits that one basis for Trilegiant's allegation of infringement and/ or inducement of infringement is Maritz's operation of on-line incentive programs.

14. Trilegiant denies the allegations in paragraph 14 of the counterclaim.

15. Trilegiant denies the allegations in paragraph 15 of the counterclaim.

## THIRD CLAIM

16. Trilegiant incorporates herein the replies set forth in paragraphs 1 through 5 above.

17. Trilegiant admits the allegations in paragraph 17 of the counterclaim.

18. Trilegiant admits that one basis for Trilegiant's allegation of infringement and/ or inducement of infringement is Maritz's operation of on-line incentive programs.

19. Trilegiant denies the allegations in paragraph 19 of the counterclaim.

20. Trilegiant denies the allegations in paragraph 20 of the counterclaim.

## FOURTH CLAIM

21. Trilegiant incorporates herein the replies set forth in paragraphs 1 through 5 above.

22. Trilegiant admits the allegations in paragraph 22 of the counterclaim.

23. Trilegiant admits the allegations in paragraph 23 of the counterclaim.

24. Trilegiant admits that Mr. Storey worked for Radisson Hotels as executive vice president of sales and marketing. Trilegiant denies that Mr. Storey began working for Radisson in 1991 and admits that he left Radisson in August 1994.

25. Trilegiant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 25 of the counterclaim and on that basis denies them.

26. Trilegiant admits that Mr. Storey was among multiple Radisson employees who conceived of and developed the "Look to Book" program. Trilegiant further admits that Mr. Storey has previously testified that "Look to Book" used a computer to book travel related reservations. Trilegiant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 26 of the counterclaim and on that basis denies them.

27. Trilegiant admits the allegations in paragraph 27 of the counterclaim.

28. Trilegiant admits the allegations in paragraph 28 of the counterclaim.

29. Trilegiant denies the allegations in paragraph 29 of the counterclaim.

30. Trilegiant denies the allegations in paragraph 30 of the counterclaim.

31. Trilegiant is without sufficient information or belief as to the truth of the allegations of paragraph 31 of the counterclaim and therefore denies them.

32. Trilegiant admits the allegations in paragraph 32 of the counterclaim.

33.	Trilegiant admits the allegations in paragraph 33 of the counterclaim.

34.	Trilegiant denies the allegations in paragraph 34 of the counterclaim.

35.	Trilegiant denies the allegations in paragraph 35 of the counterclaim.

36.	Trilegiant admits the allegations in paragraph 36 of the counterclaim.

37.	Trilegiant admits the allegations in paragraph 37 of the counterclaim.

38.	Trilegiant admits the allegations in paragraph 38 of the counterclaim.

39.	Trilegiant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 39 of the counterclaim and on that basis denies them.

40.	Trilegiant admits the allegations in paragraph 40 of the counterclaim.

41.	Trilegiant denies that the Cohen patent, entitled Purchasing System with Rebate Feature, was filed on October 19, 1986. Trilegiant admits that the Cohen patent issued on June 7, 1988. Trilegiant lacks sufficient information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 41 of the counterclaim and on that basis denies them.

42.	Trilegiant admits that the Cohen patent states: "It is an object of the present invention to provide a computer program, utilized in combination with a purchasing or transactional system, which allows subscriber-purchasers to buy goods and services and obtain future guaranteed rebates based upon the cost of that purchase."

43.	Trilegiant admits the allegations in paragraph 43 of the counterclaim.

44.	Trilegiant denies the allegation in paragraph 44 of the counterclaim because 35 U.S.C. § 1.56 does not exist.

45.	Trilegiant admits that the Cohen patent was not submitted to the PTO during the prosecution of the '870 patent and was submitted during the prosecution of the '012 patent.

Trilegiant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 45 of the counterclaim and on that basis denies them.

46. Trilegiant admits the allegations in paragraph 46 of the counterclaim.

47. Trilegiant lacks information or knowledge sufficient to form a belief as to the truth of the allegations of paragraph 47 of the counterclaim and on that basis denies them.

48. Trilegiant admits the allegations in paragraph 48 of the counterclaim.

49. Trilegiant admits the allegations in paragraph 49 of the counterclaim.

50. Trilegiant admits the allegations in paragraph 50 of the counterclaim.

51. Trilegiant admits the allegations in paragraph 51 of the counterclaim.

52. Trilegiant admits the allegations in paragraph 52 of the counterclaim.

53. Trilegiant admits that the Cohen patent was not submitted to the PTO during the prosecution of the '412 patent and was submitted during the prosecution of the '012 patent. Trilegiant lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 53 of the counterclaim and on that basis denies them.

54. Trilegiant admits the allegations in paragraph 54 of the counterclaim.

55. Trilegiant denies that Netcentives and its attorneys failed to disclose in its Petition to Make Special that Mr. Storey was a named inventor of the '444 patent. Trilegiant admits the remaining allegations of paragraph 55 of the counterclaim.

56. Trilegiant denies the allegations in paragraph 56 of the counterclaim.

57. Trilegiant admits that U.S. Patent Application No. 09/598,586 was filed on June 21, 2000 and lists Thomas Storey as a co-inventor. Trilegiant denies that U.S. Patent Application No. 09/598,586 is a continuation or claims priority to the specification of the '444 patent. U.S. Patent Application No. 09/598,586 is a continuation of and claims priority to U.S.

Patent Application No. 08/892,563, which is a continuation of U.S. Patent Application No. 08/439,636, which is a continuation of U.S. Patent Application No. 08/385,381, which ultimately matured into U.S. Patent No. 5,483,444.

58. Trilegiant admits that U.S. Patent Application No. 09/598,486 contains two pending and unallowed claims, one of which is directed to "A computerized on-line incentive system for awarding points to a user conducting an on-line purchase, the system comprising…." Trilegiant denies the remaining allegations in paragraph 58 of the counterclaim.

59. Trilegiant denies the allegations in paragraph 59 of the counterclaim.

60. Trilegiant denies the allegations in paragraph 60 of the counterclaim.

61. Trilegiant denies the allegations in paragraph 61 of the counterclaim.

62. Trilegiant denies the allegations in paragraph 62 of the counterclaim.

63. Trilegiant denies the allegations in paragraph 63 of the counterclaim.

64. Trilegiant denies the allegations in paragraph 64 of the counterclaim.

65. Trilegiant denies the allegations in paragraph 65 of the counterclaim.

## FIFTH CLAIM

66. Trilegiant incorporates herein the replies set forth in paragraphs 1 through 5 and 21 through 65 above.

67. Trilegiant denies that U.S. Patent Application No. 09/441,144 was filed on November 11, 1999 or that it is a continuation of the '870 and '412 patents. U.S. Patent Application No. 09/441,144 was filed on November 12, 1999, and claims priority as a continuation of U.S. Patent Application Nos. 09/105,227, and 08/572,017.

68. Trilegiant denies the allegations in paragraph 68 of the counterclaim because 35 U.S.C. § 1.56 does not exist.

69.	Trilegiant admits the allegations in paragraph 69 of the counterclaim.

70.	Trilegiant denies the allegations in paragraph 70 of the counterclaim.

71.	Trilegiant denies the allegations in paragraph 71 of the counterclaim.

72.	Trilegiant admits that Section 2001.06(c) of the Manual of Patent Examining Procedure, Original Eighth Edition, August 2001, states: "Where the subject matter for which a patent is being sought is or has been involved in litigation, the existence of such litigation and any other material information arising therefrom must be brought to the attention of the U.S. Patent and Trademark Office. Examples of such material information include evidence of possible prior public uses or sales, questions of inventorship, prior art, allegations of "fraud," "inequitable conduct," and "violation of duty of disclosure." Trilegiant denies the remaining allegations in paragraph 72 of the counterclaim.

73.	Trilegiant denies the allegations in paragraph 73 of the counterclaim.

74.	Trilegiant admits the allegations in paragraph 74 of the counterclaim.

75.	Trilegiant admits the allegations in paragraph 75 of the counterclaim.

76.	Trilegiant admits the allegations in paragraph 76 of the counterclaim.

77.	Trilegiant admits the allegations in paragraph 77 of the counterclaim.

78.	Trilegiant admits the allegations in paragraph 78 of the counterclaim.

79.	Trilegiant denies that Webmiles filed an answer to Netcentive's Complaint on or about May 24, 2000. Trilegiant admits the remaining allegations in paragraph 81 of the counterclaim.

80.	Trilegiant admits the allegations in paragraph 80 of the counterclaim.

81.	Trilegiant denies that U.S. Patent No. 5,710,887 was filed on August 8, 1995. Trilegiant admits the remaining allegations in paragraph 81 of the counterclaim.

82. Trilegiant admits that the '887 patent states, "Another type of in-store incentive is a frequent buyer points program. Here, the in-store incentive takes the form of points issued to a customer's frequent buyer account rather than an instantaneous price discount. The customer may redeem points at various levels to obtain actual price discounts." Trilegiant denies the remaining allegations in paragraph 82 of the counterclaim.

83. Trilegiant admits that neither Netcentives nor Mr. Storey submitted the '887 patent to the PTO during the prosecution of the '012 patent. Trilegiant denies the remaining allegations in paragraph 83 of the counterclaim.

84. Trilegiant denies that TelAmerica disclosed U.S. Patent Nos. 5,915,244 and 5,956,695 in its June 29, 2000 Initial Disclosures of Prior Art. Trilegiant denies that MassMedium disclosed U.S. Patent No. 5,448,471 in its June 29, 2000 Initial Prior Art Disclosures. Trilegiant admits the remaining allegations in paragraph 84 of the counterclaim.

85. Trilegiant admits the allegations in paragraph 85 of the counterclaim.

86. Trilegiant admits the allegations in paragraph 86 of the counterclaim.

87. Trilegiant admits the allegations in paragraph 87 of the counterclaim.

88. Trilegiant admits the allegations in paragraph 88 of the counterclaim.

89. Trilegiant admits the allegations in paragraph 89 of the counterclaim.

90. Trilegiant admits the allegations in paragraph 90 of the counterclaim.

91. Trilegiant admits the allegations in paragraph 91 of the counterclaim.

92. Trilegiant admits the allegations in paragraph 92 of the counterclaim.

93. Trilegiant admits the allegations in paragraph 93 of the counterclaim.

94. Trilegiant admits the allegations in paragraph 94 of the counterclaim.

95. Trilegiant admits the allegations in paragraph 95 of the counterclaim.

96. Trilegiant admits the allegations in paragraph 96 of the counterclaim.

97. Trilegiant admits the allegations in paragraph 97 of the counterclaim.

98. Trilegiant admits the allegations in paragraph 98 of the counterclaim.

99. Trilegiant denies the allegations in paragraph 99 of the counterclaim.

100. Trilegiant admits the allegations in paragraph 100 of the counterclaim.

101. Trilegiant denies the allegations in paragraph 101 of the counterclaim.

102. Trilegiant admits the allegations in paragraph 102 of the counterclaim.

103. Trilegiant admits the allegations in paragraph 103 of the counterclaim.

104. Trilegiant admits that Section 2001.06(c) of the Manual of Patent Examining Procedure, Original Eighth Edition, August 2001, states: "Where the subject matter for which a patent is being sought is or has been involved in litigation, the existence of such litigation and any other material information arising therefrom must be brought to the attention of the U.S. Patent and Trademark Office. Examples of such material information include evidence of possible prior public uses or sales, questions of inventorship, prior art, allegations of "fraud," "inequitable conduct," and "violation of duty of disclosure." Trilegiant denies the remaining allegations in paragraph 72 of the counterclaim.

105. Trilegiant admits the allegations in paragraph 105 of the counterclaim.

106. Trilegiant denies the allegations in paragraph 106 of the counterclaim.

107. Trilegiant denies the allegations in paragraph 107 of the counterclaim.

108. Trilegiant denies the allegations in paragraph 108 of the counterclaim.

109. Trilegiant denies the allegations in paragraph 109 of the counterclaim.

110. Trilegiant admits that neither Trilegiant nor Mr. Storey submitted U.S Patent Nos. 5,448,471, 5,63,457, 5,710,887, 5,592,560, 5,991,736, 5,956,695, 5,937,391, 5,915,244,

5,999,914, 5,970,469, 5,983,196, 5,809,144, and 5,878,141, or PCT Patent Application Nos. WO 93/12489 and 95/12175 in an IDS dated April 4, 2002. Trilegiant denies the remaining allegations in paragraph 110 of the counterclaim.

   111. Trilegiant denies the allegations in paragraph 111 of the counterclaim.

   112. Trilegiant denies the allegations in paragraph 112 of the counterclaim.

   113. Trilegiant denies the allegations in paragraph 113 of the counterclaim.

   114. Trilegiant denies the allegations in paragraph 114 of the counterclaim.

   115. Trilegiant denies the allegations in paragraph 115 of the counterclaim.

   116. Trilegiant denies the allegations in paragraph 116 of the counterclaim.

   117. Trilegiant denies the allegations in paragraph 117 of the counterclaim.

## SIXTH CLAIM

   118. Trilegiant incorporates herein the replies set forth in paragraphs 1 through 5 and 21 through 117 above.

   119. Trilegiant denies the allegations in paragraph 119 of the counterclaim.

   120. Trilegiant denies the allegations in paragraph 120 of the counterclaim.

   121. Trilegiant denies the allegations in paragraph 121 of the counterclaim.

   122. Trilegiant denies the allegations in paragraph 122 of the counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Trilegiant prays for judgment:

 A. Dismissing Maritz's Counterclaim with prejudice;

 B. Denying Maritz the relief sought in its Counterclaim;

 C. Awarding Trilegiant the relief sought in its Complaint;

 D. Awarding Trilegiant its costs, attorneys' fees, and expenses in this action; and

E.      Awarding Trilegiant such further relief as the Court deems just and appropriate.

                MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Maryellen Noreika* _____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  Attorneys for Plaintiff
  Trilegiant Loyalty Solutions, Inc.

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040

September 29, 2005

CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 29, 2005 I electronically filed Reply to Amended Counterclaim with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Rudolf E. Hutz
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 29, 2005 upon the following in the manner indicated:

**BY HAND**

Rudolf E. Hutz
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE  19899

**BY FEDERAL EXPRESS**

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO  63102

> */s/ Maryellen Noreika (#3208)*
> Morris, Nichols, Arsht & Tunnell
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
> mnoreika@mnat.com