Attachment A to Subpoena to Affinion Net Patents, Inc.

DEFINITIONS AND INSTRUCTIONS

The following definitions are applicable to terms used in this Request:

A.      "The '870 patent" shall mean U.S. Patent No. 5,774,870 entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program."

B.      "The '412 patent" shall mean U.S. Patent No. 6,009,412 entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program."

C.      "The '012 patent" shall mean U.S. Patent No. 6,578,012 entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program."

D.      "Affinion Net Patents, Inc." means the Company and any predecessor or successor.

E.      The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents, or attorneys acting on the person's behalf.

F.      The term "document" has the meaning prescribed in Rule 34, Fed. R. Civ. P., and includes the original and every non-identical copy or reproduction in the possession, custody, or control of plaintiff or known to plaintiff even though not actually in the possession of plaintiff. The term "document" includes computer files stored in electronic form, including without limitation e-mail, as well as other data compilations.

G.      The terms "and" and "or" shall be construed conjunctively and disjunctively so as to have the broadest possible meaning.

H.      Where appropriate, the singular form of a word shall be interpreted in the plural, and vice versa, to have the broadest possible meaning.

I.      "Patents" shall mean the '870, '412 and '012 patents.

PRODUCTION REQUESTS

1.     All documents that refer, relate to, or evidence Affinion Net Patents, Inc.'s appraisal or valuation of the '870, '412 and '012 Patents made prior to October 17, 2005.

2.     Such documents as evidence or disclose all consideration paid or given by Affinion Net Patents, Inc. to obtain ownership of the '870, '412, and '012 Patents.

3.     All documents that refer, relate to or evidence the current, estimated, forecasted or projected value of the '870, '412, and '012 Patents or any license granted for such Patents.

4.     Such documents as evidence or disclose (a) revenue received by Affinion Net Patents, Inc. from making, using or selling any product or service embodying the invention(s) of the '870, '412, and '012 Patents; and (b) the names of each customer purchasing from Affinion Net Patents, Inc. any product or service embodying the invention(s) of the '870, '412, and '012 Patents and the terms of each such sale.

5.     Such documents as evidence or disclose the identity of the licensee, the royalty rate, and the terms of each license granted by Affinion Net Patents, Inc. for the Patents.

6.     Such documents as evidence or disclose, the royalty revenues received by Affinion Net Patents, Inc. from each licensee of the Patents.

7.     In connection with Affinion Net Patents, Inc.'s acquisition of the Patents, all documents that refer, relate to, or evidence  (a) the value of the Patents before or after assignment; (b) transfer pricing of the Patents; (c) depreciation and amortization of the Patents by Affinion Net Patents, Inc.; (d) the depreciation in dollars attributable to the Patents and recorded on the books of Affinion Net Patents, Inc. for the period of its ownership of the Patents; (d) the amortization schedule used to calculate the depreciation in subparagraph (c), above; (e) the depreciation amounts attributable to the Patents reported by Affinion Net Patents, Inc. on its corporate income tax return(s) for the period of its ownership of the Patents, and, if Affinion Net Patents, Inc. files its returns on a consolidated basis, the depreciation amounts attributable to the Patents reported for inclusion in the consolidated return.