Attachment A to Subpoena to Affinion Group, Inc.,
c/o National Registered Agents, Inc.,
160 Greentree Drive, Suite 101, Dover, DE 19904

DEFINITIONS AND INSTRUCTIONS

The following definitions are applicable to terms used in this Request:

A.  "The '870 patent" shall mean U.S. Patent No. 5,774,870 entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program."

B.  "The '412 patent" shall mean U.S. Patent No. 6,009,412 entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program."

C.  "The '012 patent" shall mean U.S. Patent No. 6,578,012 entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program."

D.  "AGH, Inc." includes the Company and any predecessor, successor, division, parent, subsidiary, related company or affiliate and all present or former officers, directors, agents, representatives, employees, and attorneys acting on behalf of AGH, Inc.

E.  The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents, or attorneys acting on the person's behalf.

F.  The term "document" has the meaning prescribed in Rule 34, Fed. R. Civ. P., and includes the original and every non-identical copy or reproduction in the possession, custody, or control of plaintiff or known to plaintiff even though not actually in the possession of plaintiff. The term "document" includes computer files stored in electronic form, including without limitation e-mail, as well as other data compilations.

G.  The terms "and" and "or" shall be construed conjunctively and disjunctively so as to have the broadest possible meaning.

H.  Where appropriate, the singular form of a word shall be interpreted in the plural, and vice versa, to have the broadest possible meaning.

L.  "Patents" shall mean the '870, '412 and '012 patents.

PRODUCTION REQUESTS

1.      All documents reviewed during due diligence for or prepared in connection with that certain acquisition by Affinion Group, Inc., of the assets of the Cendant Marketing Division of Cendant Corp. that refer, relate to, or evidence the value of '870, '412, and '012 patents, including but not limited to value for acquisition purposes, for transfer pricing purposes, and for depreciation and amortization purposes.

2.      All documents reviewed during due diligence for or prepared in connection with that certain acquisition by Affinion Group, Inc. of the assets of the Cendant Marketing Division of Cendant Corp. that refer, relate to or evidence the infringement, invalidity, or enforceability of the '870, '412 and '012 patents.

3.      All documents reviewed during due diligence for or prepared in connection with that certain acquisition by Affinion Group, Inc. of the assets of the Cendant Marketing Division of the Cendant Corp. that refer, relate to or evidence any license, granted *prior* to October 17, 2005 for the '870, '412, and '012 patents, including but not limited to the terms thereof and the value thereof.

4.      All documents reviewed during due diligence for or prepared in connection with that certain acquisition by Affinion Group, Inc. of the assets of the Cendant Marketing Division of Cedant Corp. that refer, relate to or evidence any license granted *on or after* October17, 2005 for the '870, '412, and '012 patents the terms thereof, and the value thereof.