IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 04-360-JJF |
| v. | ) ) | **REDACTED** |
| MARITZ INC., | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM IN SUPPORT OF MARITZ' MOTION
TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 Orange Stree
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
progowski@cblh.com

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

February 3, 2006

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARITZ INC., <br><br> Defendant. | Civil Action No. 04-360-JJF <br><br> **REDACTED** |

## MEMORANDUM IN SUPPORT OF MARITZ' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### I.  INTRODUCTION

This is Defendant, Maritz, Inc.'s ("Maritz"), Memorandum in Support of its contemporaneously filed Motion to Dismiss for Lack of Subject Matter Jurisdiction ("Motion to Dismiss").

### II.  STATEMENT OF FACTS

Plaintiff, Trilegiant Loyalty Solutions, Inc. ("Trilegiant"), filed this action in June, 2004, alleging that it was owner of the '870, '412, and '012 patents and, thus, entitled to bring an action under 35 USC §281 for infringement of the patents. See paragraph 14 of Complaint; Exhibit 1 hereto.

**REDACTED**

In the three months since this case became moot, Trilegiant has **REDACTED** **REDACTED** nor disengaged from aggressive discovery against Maritz.

**REDACTED**

### III. ARGUMENT

A. *As Plaintiff Is* **REDACTED** *It Has No Standing To Maintain This Patent Infringement Suit.*

A "patentee" is the only person who has standing to maintain an action for infringement of a patent. 35 USC §281. Unless a patent infringement action is maintained by the patentee, the District Court lacks subject matter jurisdiction. *Sicom Systems, Ltd., v. Agilent Technologies, Inc.*, 427 F.3d 971, 975-76 (Fed. Cir. 2005) The Federal Circuit has consistently ruled that the patentee is the owner of legal title to the patent. *Apex Eyewear, Inc., v. Miracle Optics, Inc.*, 2006 WL 44185*5 (Fed. Cir. 2006) An exclusive licensee may maintain an action for infringement in certain circumstances, however the Federal Circuit requires that the patent owner be joined as a necessary party. *Sicom Systems, Ltd., v. Agilent Technologies, Inc.*, 427 F.3d at 976. A non-exclusive licensee is neither an owner of the patent under which it is licensed nor does a non-exclusive licensee have sufficient attributes of ownership even to participate as a party to a patent infringement action. *Id.*; *Rite-Hite Corp., v. Kelley Co., Inc.*, 56 F.3d 1538, 1552 (Fed. Cir. 1995)

Plaintiff, Trilegiant, has been aware of its lack of standing to maintain this infringement action since **REDACTED** Although in the planning since July, 2005, plaintiff did not contemporaneously notify the Court or Maritz that **REDACTED** When it belatedly produced **REDACTED**, it did so without explanation during the course of a combined Rule 30(b)(6) deposition of the plaintiff and

of plaintiff's President, Ms. Marti Beller, on December 15, 2005. During that deposition,

**REDACTED**

B. *This Case Is Moot Because Plaintiff Has* **REDACTED**
**REDACTED**

**REDACTED**   *See Ex. 2, ¶2.*   **REDACTED**

there is no longer any case or controversy between plaintiff and Maritz. In the absence of a case or controversy between the parties, the case is moot and this Court lacks subject matter jurisdiction.

C. *Plaintiff Has Disregarded Its Duty To The Court And Prejudiced Maritz; Dismissal Is The Proper Remedy Under These Circumstances.*

1. *Plaintiff's Duty To Inform The Court.*

Plaintiff has failed in its duty to inform the Court that this case has become moot.[1] Under generally similar circumstances, the Federal Circuit has held that counsel has a duty to bring to the "tribunal's attention, '*without delay*,' facts that may raise a question of mootness" (emphasis in original, citations omitted). *Schreiber Foods, Inc.*, 402 F.3d 1198, 1205 (Fed. Cir. 2005). The District Court in *Schreiber* vacated a $26 million judgment for plaintiff and ordered a new trial, because plaintiff had concealed its pre-trial assignment of the patents-in-suit and further concealed their surreptitious reacquisition after obtaining a jury verdict, but prior to judgment. The Federal Circuit found that the severe sanction of vacating the judgment and ordering a new trial was appropriate given plaintiff's conduct. *Id.* at 1206.

---

[1]Similarly, **REDACTED**
*See Schreiber Foods, Inc., v. Beatrice Cheese, Inc.*, 402 F.3d at 1203-04.

### 2. *Maritz Has Suffered Prejudice.*

Trilegiant's acts have prejudiced Maritz and have placed scheduling of this case in jeopardy. Maritz has expended considerable effort and expense taking discovery from and, especially, responding to discovery by Trilegiant (which plaintiff is pursuing aggressively). This discovery now appears to be moot to a significant degree.

If the case should continue, Maritz would be entitled to initial disclosures and discovery from the real party-in-interest. Maritz knows little about the business affairs of          or its positions regarding the claims and defenses before the Court. Such information will have direct impact potentially on all issues, but, most certainly, will adversely impact the current Case Management Order.

Furthermore, despite repeated requests, Trilegiant has yet to produce the majority of the documents related to
**REDACTED**

In sum, plaintiff caused this case to become moot over three months ago. Yet, while withholding this information from the Court, it has continued vigorously to prosecute the case across a broad discovery front. **REDACTED**, its silence may suggest it has no interest in pursuing this action. On the other hand, it may intend to sue Maritz in this or another venue on a separate action. In either event, Maritz is subject to the risk of multiple suits for infringement of the same patents-an unquestioned public policy violation. *Independent Wireless Tel., Co., v. Radio Corp. of Am.*, 269 U.S. 459, 468 (1926). Since plaintiff has shown disregard for its duty to the Court and caused Maritz to suffer prejudice, dismissal for lack of subject matter jurisdiction is the appropriate sanction. *See U.S. v. Reyes*, 307 F.3d 451 (6th Cir. 2002)

(affirming the district court's dismissal of the claimant's action where no discovery order was violated, but claimant's inactions prejudiced the opposing party).

### III. Conclusion

Considerable time has passed since plaintiff assigned the patents-in-suit and its rights to maintain this action to another corporation. Plaintiff has not discharged its duty to inform the Court with resulting prejudice to Maritz. Under the circumstances, Maritz requests that the Court dismiss this action for lack of subject matter jurisdiction.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: /s/ Patricia Rogowski, PC.
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
progowski@cblh.com

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Defendant

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE



| | | |
|---|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC. | ) | |
| | ) | C.A. No. 04-360 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ, INC. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Trilegiant Loyalty Solutions, Inc. alleges as follows:

### THE PARTIES

1. Plaintiff Trilegiant Loyalty Solutions, Inc. ("Trilegiant") is a Delaware corporation with its principal place of business at 7814 Carousel Lane, Richmond, Virginia. Trilegiant develops and operates loyalty-building incentive programs, including on-line loyalty systems.

2. Defendant Maritz, Inc. ("Maritz") is a Missouri corporation with offices at 1375 North Highway Drive, Fenton, Missouri 63099. Maritz operates internet-based loyalty incentive programs and other related services for its clients, as shown by its website http://www.maritzrewards.com.

1

## JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

4.   This Court has personal jurisdiction over defendant Maritz because of, *inter alia*, its operation of its Internet website, maritzrewards.com, which is accessible to and marketed to residents of Delaware.

5.   Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## NATURE OF THE ACTION

6.   Trilegiant brings this action for infringement of United States Patent Nos. 5,774,870 ("'870 patent"), 6,009,412 ("'412 patent"), and 6,578,012 ("'012 patent"). Copies of the '870, '412 and '012 patents are attached as Exhibits A, B and C hereto.

7.   The '870 patent, entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program," was duly and properly issued by the PTO on June 30, 1998. The '870 patent is valid and enforceable.

8.   The '412 patent, entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program," was duly and properly issued by the PTO on December 28, 1999. The '412 patent is valid and enforceable.

9.   The '012 patent, entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program," was duly and properly issued by the PTO on June 10, 2003. The '012 patent is valid and enforceable.

10. Maritz develops and operates on-line incentive programs. In developing and operating those program, Maritz infringes and/or induces infringement of one or more claims of the '870 patent, one or more claims of the '412 patent, and one or more claims of the '012 patent.

11. The assignee of both the '870 and '412 patent at the time they were issued was Netcentives, Inc.

12. On December 7, 2001, Netcentives assigned its rights under the '870 patent and the '412 patent to Trilegiant Corporation. A copy of that assignment is attached hereto as Exhibit D. Those rights were subsequently assigned to Trilegiant.

13. Trilegiant is the assignee of the '012 patent.

14. Trilegiant is the owner of the '870, '412 and '012 patents and has the right to sue for infringement of the '870, '412 and '012 patents and to collect damages therefore.

## CLAIM I
### Infringement of the '870 Patent

15. Trilegiant realleges the allegations of Paragraphs 1 to 14 above as if set forth herein.

16. Maritz has infringed and/or induced infringement of the '870 patent and will continue to do so unless enjoined by this Court.

17. Maritz's continuing acts of infringement after notice of the '870 patent constitute willful infringement of the '870 patent.

18. Maritz's infringement of the '870 patent has damaged Trilegiant and will continue to cause Trilegiant harm unless enjoined by this Court.

## CLAIM II
### Infringement of the '412 Patent

19. Trilegiant realleges the allegations of Paragraphs 1 - 18 above as if set forth herein.

20. Maritz has infringed and/or induced infringement of the '412 patent and will continue to do so unless enjoined by this Court.

21. Maritz's continuing acts of infringement after notice of the '412 patent constitute willful infringement of the '412 patent.

22. Maritz's infringement of the '412 patent has damaged Trilegiant and will continue to cause Trilegiant harm unless enjoined by this Court.

## CLAIM III
### Infringement of the '012 Patent

23. Trilegiant realleges the allegations of Paragraphs 1-22 above as if set forth herein.

24. Maritz has infringed and/or induced infringement of the '012 patent and will continue to do so unless enjoined by this Court.

25. Maritz's continuing acts of infringement after notice of the '012 patent constitute willful infringement of the '012 patent.

26. Maritz's infringement of the '012 patent has damaged Trilegiant and will continue to cause Trilegiant harm unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Trilegiant prays for judgment as follows:

A.  That this Court adjudge and decree that the '870, '412 and '012 patents are valid and infringed by Maritz;

B.  That this Court adjudge and decree that Maritz's infringement of the '870, '412, and '012 patents has been willful;

C.  That this Court permanently enjoin Maritz, its agents, servants, employees, attorneys, and all others in active concert or participation with Maritz from infringing the '870, '412 and '012 patents;

D.  That this Court award Trilegiant damages adequate to compensate for Maritz's infringement of the '870, '412 and '012 patents;

E.  That those damages be trebled as a result of Maritz's willful infringement;

F.  That this Court award Trilegiant its costs, disbursements, and attorneys' fees for this action, including those pursuant to 35 U.S.C. § 285; and

G.  That Trilegiant be awarded such further relief as this Court may deem just and appropriate.

## JURY DEMAND

Plaintiff Trilegiant Loyalty Solutions, Inc. demands a trial by jury.

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Jack Blumenfeld*
Jack B. Blumenfeld (#1014)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  Attorneys for Plaintiff
  Trilegiant Loyalty Solutions, Inc.

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

June 8, 2004

6

# Exhibit 2

# Has been redacted in its entirety

# Exhibit 3

# Has been redacted in its entirety

# Exhibit 4

# Has been redacted in its entirety

# Exhibit 5

**SENNIGER**
**POWERS**

ATTORNEYS  PATENTS       LITIGATION   TECHNOLOGY   ONE METROPOLITAN SQUARE
AT LAW     TRADEMARKS    COPYRIGHTS   ANTITRUST    16TH FLOOR
                                                   SAINT LOUIS, MISSOURI 63102

                                                   314-231-5400 v
                                                   314-231-4342 f

J. BENNETT CLARK
BCLARK@SENNIGER.COM                                SENNIGER.COM

January 25 2006

*Via E-Mail and U.S. Mail*
Sharon Davis, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K. Street, N.W., Suite 800
Washington, D.C. 20005

Re:  *Trilegiant Loyalty Solutions, Inc. v. Maritz Inc.*

Dear Sharon:

                                          **REDACTED**

Once again we write asking that documents related                        be produced immediately. We sought these by letter of December 12, 2005, and again by letter of December 22. Only a very limited number of documents have been produced.

On January 12 you indicated that production would occur, upon specification of what we wished to review. Dave Harlan provided that specification by letter of January 16. In a conversation with Mr. Lieberman in connection with extension of the case deadlines, I was assured we would be able to inspect the requested documents.

It has now been over six weeks since we requested these (even then past-due) materials. We will play this game no longer. If, by close of business Thursday, January 26, you do not provide a specific date for inspection, to occur no later than 10 days from today, we will seek to compel.

Very truly yours,

*[signature]*

J. Bennett Clark

JBC/mjm

CERTIFICATE OF SERVICE

I, Patricia S. Rogowski, hereby certify that on February 3, 2006, I electronically filed the foregoing **REDACTED VERSION OF MEMORANDUM IN SUPPORT OF MARITZ' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION** with the Court Clerk, using CM/ECF which will send notification of such filing(s) to plaintiff's attorneys listed below.

Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

I hereby further certify that on February 3, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Facsimile**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 2005

Attorneys for Plaintiff

/s/ *Patricia Smink Rogowski*
Patricia Smink Rogowski (Del Bar #2632)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141