IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC. | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. 04-360 (JJF) |
| MARITZ, INC. | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Plaintiff Trilegiant Loyalty Solutions, Inc. ("TLS") moves, pursuant to the discovery disputes procedures set forth in the Scheduling Order governing this matter, for an order compelling defendant Maritz, Inc. ("Maritz") to produce documents relating to Maritz's advice of counsel defense.

With full knowledge of the risks of waiver, Maritz decided to rely on the advice of counsel - - from the same firm that is representing Maritz in this litigation - - to defend against TLS's willful infringement claims. Having made that choice, Maritz is improperly picking and choosing which opinion of counsel documents it produces by withholding documents relating to Maritz's invalidity defenses and refusing to produce certain documents created after the onset of litigation.

On June 8, 2004, TLS brought suit against Maritz, alleging, inter alia, that Maritz has infringed and continues to infringe the patents-in-suit, and that such infringement is willful. TLS served discovery seeking, inter alia, "all opinions, studies, analyses, reports, or other examinations of [the patents-in-suit], including any opinions of counsel, whether formal or

informal." See Ex. 1. Pursuant to the Court's deadline, Maritz elected to rely on the advice of counsel defense on September 30, 2005, and has produced documents reflecting opinions of counsel and certain documents relating thereto. In its opinions of counsel, Martiz's counsel opines that certain claim interpretations would render the patents invalid and Maritz has raised invalidity as a defense throughout this litigation.

At the deposition of TLS's president on December 16, 2005, Defendant's counsel produced (and marked as exhibits 76 and 77) two claim charts comparing patent claims to a piece of prior art. On December 27, 2005, Counsel demanded that those documents be returned as inadvertently produced attorney work product because they were prepared by his firm and analyzed "how the Chelliah '887 patent invalidates the independent claim elements of the patents-in-suit." See Ex. 2. As documents reflecting counsel's analysis of an accused infringer's defenses, any privilege attaching to those documents has been waived in this case by Maritz's reliance on the advice of counsel. Despite repeated requests that those documents be produced, Maritz has refused to do so and has refused to provide information supporting its privilege claim, including who authored the documents and to whom it was addressed. See, e.g., Ex. 3.

"If a defendant raises an advice of counsel defense, it must waive the attorney-client and work product privileges with respect to that defense. It may not engage in a selective process of waiver." Smithkline Beecham Corp. v. Apotex Corp., 2005 U.S. Dist. LEXIS 22228, at *6-7 (E.D. Pa. 2005), citing Rhone-Poulenc Rorer, Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994); see also Novartis Pharms. Corp. v. Eon Labs Mfg., Inc., 206 F.R.D 396, 399 (D. Del. 2002) (reliance on the advice of counsel defense, results in waiver of any privilege that may pertain to those documents and communications related in any way to its counsel's opinion).

Maritz's inadvertent production revealed that counsel has prepared documents (Maritz

refuses to identify which counsel) that analyze Maritz's invalidity defense.  Maritz's response to TLS's requests for these documents reveals that Maritz has interpreted its waiver to exclude from production all documents prepared after litigation began.  Maritz bases its refusal to produce documents prepared after the date of litigation on an alleged agreement between counsel relating to logging documents on the privilege logs.  See Ex. 3.  However, even if such an agreement as to the scope of the privilege log was reached, such an agreement would not operate to limit Maritz's waiver of the privilege to documents produced before that date.  Indeed, the inconsistency of Maritz's position is revealed by the fact that it has chosen to rely on an opinion of counsel prepared on September 27, 2004, over two months after the start of litigation.

Maritz should be compelled to produce all legal analyses of its defenses by any member of the Senniger, Power firm with regard to the subject matter of the opinions, which includes both Maritz's non-infringement and invalidity defenses.  In this case, because Maritz voluntarily elected to engage in "the unconventional and risky arrangement" of having opinion and trial counsel from the same law firm, the Court cannot differentiate between opinion and trial counsel. See Novartis, 206 F.R.D. at 399.  Indeed, the Court specifically warned Maritz's counsel before Maritz decided to waive the privilege that the scope of the waiver would be all-encompassing.[1] In these circumstances, it is unfair to allow Maritz to shield its counsel's analysis by drawing an artificial distinction between opinion counsel and litigation counsel.  Indeed, Maritz is attempting

---

[1] At the February 17, 2005 Rule 16 Conference, Your Honor warned counsel of its view that "if there's going to be reliance on the opinion of counsel, the waiver is all-encompassing…. You know, you want to rely on opinion of counsel?  It's beyond state of mind.  It's whatever you have, you've got to give over." D. I. 21, at 10:3-11.  Counsel for Maritz also expressed concern about producing documents from litigation counsel: "the other one that makes me a little bit more nervous is litigation counsel and sort of as a potential chilling effect on communicating the strengths/weaknesses of your case…." Id. at 10:19-22.  Your Honor responded, "I am reasonably convinced that my idea that the waiver is all encompassing…. [I]f somebody is out there being a willful infringer and it's in some lawyer's files, why deprive a plaintiff of that?" id. at 11:5-15, and later, "I think I'm clear on the fact that if there's a reliance, that waiver is pretty wide.  So you get the benefit of not having to get into that with me until later on." Id. at 12:8-10.
.

3

to create just such an artificial distinction to shield from production certain post-litigation documents concerning its advice of counsel defense while producing others on which it prefers to rely – exactly the kind of selective waiver that this Court has rejected repeatedly.  Therefore, even if Maritz asserts that these opinions were prepared by and relied on only by "litigation counsel," its voluntary waiver extends to the entire document containing Exhibits 76 and 77 and any other documents reflecting counsel's analysis of Maritz's invalidity defenses, regardless of when those documents were prepared.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Maryellen Noreika*
        Maryellen Noreika (#3208)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE  19899
        (302) 658-9200

        *Attorneys for Plaintiff*
        *Trilegiant Loyalty Solutions, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040

February 13, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 13, 2006 she electronically filed the Plaintiff's Motion To Compel Production of Documents with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on February 13, 2006 upon the following in the manner indicated:

### BY HAND

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE 19801

### BY FEDERAL EXPRESS

> J. Bennett Clark
> Senniger Powers
> One Metropolitan Square
> St. Louis, MO 63102

> */s/ Maryellen Noreika*
> Maryellen Noreika (#3208)
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> mnoreika@mnat.com