IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC. <br> Plaintiff, <br><br> v. <br><br> MARITZ, INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 04-360-JJF <br> ) <br> ) **REDACTED** <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF TRILEGIANT LOYALTY SOLUTIONS, INC.'S
### BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Plaintiff*
*Trilegiant Loyalty Solutions, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Original Filing Date: February 8, 2006
Redacted Filing Date: February 17, 2006

i.

## TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF CITATIONS | ii |
| INTRODUCTION | 1 |
| STATEMENT OF FACTS | 2 |
| ARGUMENT | 5 |
| I. ASSIGNMENT OF THE PATENTS IN SUIT DOES NOT WARRANT DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION | 5 |
| II. MARITZ HAS NOT BEEN PREJUDICED AND OFFERS NO BASIS FOR IMPOSING DISMISSAL AS A SANCTION | 6 |
| CONCLUSION | 10 |

ii.

# TABLE OF CITATIONS

Page(s)

Cases

*Brook, Weiner, Sered Kreger & Weinberg v. Coreq, Inc.*,
    53 F.3d 851 (7th Cir. 1995)                                            7

*General Battery Corp. v. Globe-Union, Inc.*,
    100 F.R.D. 258 (D. Del. 1982)                                       1, 6

*Hazeltine Corp. v. Kirkpatrick*,
    165 F.2d 683 (3d Cir. 1947)                                            6

*Instuiform Technologies, Inc. v. Cat Contracting, Inc.*,
    385 F.3d 1360 (Fed. Cir. 2004)                                      5, 6

*Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*,
    13 F.3d 69 (3d Cir. 1993)                                              6

*Matter of Covington Grain Co.*,
    638 F.2d 1362 (5th Cir. 1981)                                          1

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*,
    402 F.3d 1198 (Fed. Cir. 2005)                                    1, 5, 8

*United States v. Reyes*,
    307 F.3d 451 (6th Cir. 2002)                                           9

Other

Charles Alan Wright & Arthur R. Miller,
    Federal Practice and Procedure § 1958 (2d ed. 1986)                    5

1.

Plaintiff Trilegiant Loyalty Solutions, Inc. ("Trilegiant) submits this opposition to the motion to dismiss for lack of subject matter jurisdiction filed by Defendant Maritz, Inc. ("Maritz").

## INTRODUCTION

There is no dispute that Trilegiant owned the patents in suit and had standing to bring suit when this action was initiated on June 8, 2004. In October 2005, Trilegiant assigned the ownership of the patents-in-suit to its corporate affiliate, Affinion Net Patents, Inc. ("Affinion"). Pursuant to Federal Rule of Civil Procedure 25(c), Trilegiant has moved to join Affinion in this action as co-plaintiff. See Motion to Join Assignee as Co-Plaintiff Pursuant to Federal Rule of Civil Procedure, filed February 1, 2006. The purpose of Rule 25(c) is to "allow the action to continue unabated when an interest in a lawsuit changes hands." *General Battery Corp. v. Globe-Union, Inc.*, 100 F.R.D. 258, 261 (D. Del. 1982), citing *Matter of Covington Grain Co.*, 638 F.2d 1362, 1364 (5th Cir. 1981). When the ownership of patents is transferred during the pendency of an infringement action, the action is not dismissed for lack of subject matter jurisdiction and any technical temporary loss of jurisdiction is cured by joining the patent owner at any time prior to entry of judgment in the action. See *Schreiber Foods, Inc. v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1204 (Fed. Cir. 2005).

Despite the fact that Affinion's joinder would cure any jurisdictional defect and, therefore, render this motion moot, Maritz has refused to withdraw its motion. See Exhibit A. As set forth in detail below, there is no legal basis for dismissal for lack of subject matter jurisdiction based on the assignment of the patents in suit to another

party during the course of the litigation and Maritz cites <u>no</u> case in which a court has dismissed a case on that ground.

In addition, the factual record as set forth in detail below, demonstrates that far from concealing the transaction at issue, Trilegiant has provided both documents and deposition testimony concerning the ownership of the patents well before the close of discovery and has offered Maritz every opportunity to take any additional discovery it deems necessary. The transfer of the ownership of the patents in suit has no bearing on any of the substantive issues in this litigation or on the conduct of litigation to date, and has not prejudiced Maritz in any way. Indeed, other than the ritualistic incantation of the word "prejudice," Maritz advances no argument – much less any evidence – as to how it has been prejudiced. The record reflects no conduct warranting any sanction, much less conduct that could rise to the demanding standard required for dismissal as a sanction – a standard Maritz does not even argue that it meets.

## STATEMENT OF FACTS

When the pending suit was filed, the patents-in-suit were owned by Trilegiant Loyalty Solutions, Inc. *See* Exhibit B. On October 17, 2005, Trilegiant's parent company, including Trilegiant as a wholly owned subsidiary, was purchased by Affinion Acquisition Holdings, Inc. In conjunction with that corporate transaction, the patents-in-suit were assigned from Trilegiant to a newly-created corporate affiliate, Affinion Net Patents, Inc. *See* Exhibit C. Both Affinion Net Patents, Inc. and Trilegiant Loyalty Solutions, Inc. are, after corporate transactions in October 2005 and January 2006, subsidiaries of Affinion Group Holdings, Inc.

The record demonstrates that Trilegiant has fully disclosed the fact of the corporate transaction and the assignment of the patents to Affinion. In November 2005,

3.

Trilegiant informed Maritz that it was beginning to operate as Affinion Loyalty Group, Inc. *See* Exhibit D. Trilegiant then submitted a stipulation to Maritz that would have changed the name of the plaintiff from Trilegiant Loyalty Solutions, Inc. to Affinion Loyalty Group. That stipulation was subsequently withdrawn because the corporate name had not yet been formally changed. *See* Exhibit E. In December 2005, Trilegiant recorded the assignment of the patents in the United States Patent and Trademark Office, thereby making the assignment publicly accessible. *See* Exhibit B.

In response to a December 12, 2005, letter from Maritz's counsel, Maritz was provided with the patent assignment and license agreements on December 15, 2005, during the first day of the deposition of Marti Beller, President of Trilegiant. Counsel had those documents and questioned Ms. Beller about patent ownership on the second day of her deposition. Ms. Beller did not have specific information about the current ownership status of the patents, having not been familiar with the assignments.[1] What Maritz neglects to inform the Court is that it obtained testimony from another Trilegiant witness, Scott Lazear, concerning the ownership of the patents in which he clearly stated that it was his understanding that Affinion Net Patents was the current owner of the patents (a fact that Maritz would already have been aware of as a result of having the agreements). *See* Exhibit G at 24.   **REDACTED**

---

[1] Maritz's lawyers' assertion that Ms. Beller "dissembled" when she said she was not aware of the details of the ownership structure of the patents is both untrue and wholly unsupported. As was established elsewhere in Ms. Beller's testimony, she was not directly involved in the negotiations that created the corporate structures and Maritz has cited no evidence that she had seen the patent assignments prior to her deposition. *See* Exhibit F.

4.

## REDACTED

Trilegiant's transfer of the ownership of the patents in suit to a corporate affiliate has no effect on the positions taken or the discovery pursued in this litigation. As two entities within the same corporate family, Affinion and Trilegiant share the same corporate parent and use the same outside counsel and in-house counsel.

## REDACTED

Therefore, there is no basis for any suggestion that Affinion's conduct of this litigation from October to present would have led to any differences in the scope of discovery.

With respect to discovery from Affinion, Maritz has had and continues to have every opportunity to conduct such discovery. Discovery in this case is not scheduled to close until March 31, 2006, permitting Maritz substantial time to conduct any additional discovery it alleges would be required as a result of the assignment. Of course, because Affinion Net Patents did not exist until a few months ago, it is not likely to have relevant documents or evidence to provide on the infringement, validity or enforceability of the patents in suit.

This entire dispute could have been avoided if Maritz had simply inquired as to Affinion's intentions for this litigation. Instead, Maritz did not inquire before filing its motion as to Trilegiant's intent to file pursuant to Rule 25(c) to add Affinion to the case, nor did it seek to add Affinion to the case to avoid the prejudice it now claims to

5.

have suffered.² As soon as Maritz made its concerns about Affinion's position known, Trilegiant filed its Rule 25(c) motion to join Affinion.

## ARGUMENT

I. **ASSIGNMENT OF THE PATENTS IN SUIT DOES NOT WARRANT DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**

The transfer of an ownership interest in patents that are being asserted in infringement actions is not a reason to dismiss the action for lack of subject-matter jurisdiction. *See Schreiber*, 402 F.3d at 1204, and cases cited therein. Any jurisdictional issue raised by the transfer is cured by the joinder of the patent owner, which can occur at any time prior to entry of judgment. *Id.* ("This Court has also held that the temporary loss of standing during patent litigation can be cured before judgment."), citing *Instuiform Technologies, Inc. v. Cat Contracting, Inc.*, 385 F.3d 1360, 1371-72 (Fed. Cir. 2004). Indeed, Maritz itself recognizes that any jurisdictional defense is cured by the joinder of Affinion. *See* Memorandum at 3, n. 1, citing *Schreiber*.

Maritz points to no case holding that the transfer of patents during the course of the litigation warrants the dismissal of the action for lack of subject-matter jurisdiction. To the contrary, in *Schreiber*, the Federal Circuit rejected the argument that dismissal was warranted or that a judgment was void because of a temporary loss of standing during patent litigation. 402 F.3d at 1204. Rule 25 was created to avoid the repetition of effort and expense that would be required if the transfer of an interest

---

² It is well-established that any party to the action can move under Rule 25(c) to join a party as a result of a transfer of interest. *See* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1958 (2d ed. 1986) and cases cited therein.

6.

divested the court of jurisdiction and rendered the Court powerless to act further. *See General Battery*, 100 F.R.D. at 263. *See also Hazeltine Corp. v. Kirkpatrick*, 165 F.2d 683, 685 (3d Cir. 1947) (transfer of patent ownership during course of suit is situation "just that which Rule 25(c) contemplates").

Finally, the timing of Trilegiant's motion to join Affinion is a non-issue here. It is well-established that a motion under Rule 25(c) to join a party as a result of a transfer of interest need not be brought within any specific time frame after the transfer occurs. *See General Battery Corp. v. Globe Union, Inc.*, 100 F.R.D. 258, 261 (D. Del. 1982) (Rule 25(c) does not "place any time limit on the parties to move for substitution or joinder after a transfer of interest pendente lite"); *Luxliner P.L. Export, Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 71 (3d Cir. 1993) ("Although substitution is usually effected during the course of litigation, substitution has been upheld even after litigation has ended as long as the transfer of interest occurred during the pendency of the case"). Indeed, courts have permitted such motions filed years after the transfer. *See Instuiform*, 385 F.3d at 1371-72 (joinder granted over two years after transfer and after trial had been conducted). Thus, any assertion by Maritz that it is too late for Affinion to be joined as a plaintiff pursuant to Rule 25(c) is contrary to the well-established law in this area.

## II. MARITZ HAS NOT BEEN PREJUDICED AND OFFERS NO BASIS FOR IMPOSING DISMISSAL AS A SANCTION

Without citing to any particular basis for imposition of sanctions and offering no legal authority in support of its request for relief, Maritz contends that dismissal for lack of subject matter jurisdiction is warranted as a sanction. This contention is factually and legally unsound.

First, Maritz has suffered no prejudice as a result of the transfer, or the timing of the joinder of Affinion in this action. Nor does the transfer threaten the scheduling order in this case.[3]

All of the discovery conducted by Trilegiant is the same as that which Affinion would have conducted and the same discovery that Affinion would have been entitled to conduct. Nothing about the assignment to a corporate affiliate affects that discovery at all. To say, as Maritz asserts, that its provision of discovery to Trilegiant "appears to be moot to a significant degree" is nonsensical. All of the discovery provided by Maritz has the same impact and the same usefulness regardless of whether Trilegiant or Affinion received that discovery and Affinion is bound by the discovery conducted by Trilegiant as its predecessor in interest. *See Brook, Weiner, Sered Kreger & Weinberg v. Coreq, Inc.*, 53 F.3d 851, 852 (7th Cir. 1995).

Maritz's claim that it is being prejudiced because it does not know whether Affinion has an interest in the case or might try to bring multiple suits is baseless. Indeed, all of these issues are easily resolved by joining Affinion in this case, which Trilegiant has sought to do. Yet, Maritz is opposing that routine motion under Rule 25(c). Maritz cannot manufacture its own prejudice by asserting that it needs to have Affinion in the case to avoid prejudice and then opposing the effort for Affinion to join the case.

---

[3] Even if Maritz could establish that the transfer required it to take additional discovery that warranted an extension of the time for discovery, the appropriate remedy would be to provide Maritz with that additional time, not to dismiss the action.

8.

Finally, any assertion by Maritz that it needs substantial additional discovery from Affinion is absurd. As Maritz is aware, Affinion did not exist prior to October 2005 and, therefore, cannot have significant documents or evidence that would bear on the infringement, validity, or enforceability of the patents-in-suit. In any event, as discovery is still ongoing, Maritz is free to seek additional discovery to the extent that such discovery is warranted. Thus, Maritz's allegations of prejudice are simply unsupportable.

Second, Maritz can offer no legal theory to support dismissing a case for lack of subject matter jurisdiction as a sanction for discovery conduct. The Federal Circuit's grant of a new trial in *Schreiber* was based on the repeated withholding of information about the transfer of the patent by (1) falsely stating in discovery responses that there were not assignments of the patents when they had already been assigned; (2) filing an amended complaint after the assignment that falsely stated the ownership of the patents; (3) testifying falsely at the trial about the ownership of the patents; (4) going through the entire trial and verdict without raising the ownership issue with the Court; and (5) when it was discovered after the verdict that the ownership had changed, reassigning the patent without telling the Court or opposing counsel. 402 F.3d at 1201. It was that egregious conduct that led to the imposition of a new trial (and not dismissal) because of evidence that the opposing party would have benefited at trial from that evidence. There is no comparison to this case, in which Maritz cannot deny that it was informed of the assignment and permitted to take discovery on it during the discovery period. Indeed, the *Schreiber* court specifically referred to the "draconian" nature of

9.

dismissal and the strict requirements for imposing dismissal as a sanction, none of which Maritz has established in its motion. *Id.* at 1206.

As its sole legal authority for the assertion that Maritz's alleged prejudice warrants dismissal for lack of subject matter jurisdiction as a sanction, Maritz relies on *United States v. Reyes*, 307 F.3d 451 (6th Cir. 2002). In *Reyes*, a criminal forfeiture case, the claimant had failed repeatedly to respond to discovery and then failed to respond to the motion to strike his claim. Not surprisingly, the district court struck the claim. The issue before the Court on appeal was the District Court's denial of the claimant's Rule 60(b) motion for relief from that judgment. No dismissal for lack of subject matter jurisdiction was at issue at all. Nothing in *Reyes* bears even the slightest resemblance to the facts and circumstances of this case and it offers no support for the relief Maritz seeks.

10.

## CONCLUSION

For the foregoing reasons, Maritz's motion to dismiss for lack of subject matter jurisdiction should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Plaintiff*
*Trilegiant Loyalty Solutions, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Original Filing Date:  February 8, 2006
Redacted Filing Date:  February 17, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 17, 2006 she electronically filed the Plaintiff Trilegiant Loyalty Solutions, Inc.'s Brief in Opposition to Defendant's Motion to Dismiss (Redacted Version) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on February 17, 2006 upon the following in the manner indicated:

> **BY HAND**
>
> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE  19801
>
> **BY FEDERAL EXPRESS**
>
> J. Bennett Clark
> Senniger Powers
> One Metropolitan Square
> St. Louis, MO  63102

> */s/ Maryellen Noreika*
> Maryellen Noreika (#3208)
> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
> mnoreika@mnat.com