## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 04-360 (JJF) |
| | ) | |
| MARITZ, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF SUBPOENAS

PLEASE TAKE NOTICE that the subpoenas attached hereto as Exhibits 1-6 will be served upon the following: (1) Citibank USA; (2) First USA, A Bank One Company; (3) Discover Financial Services, LLC; (4) Wells Fargo; (5) U.S. Bank (MN); and (6) U.S. Bank (IL).

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street, P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
mnoreika@mnat.com
  Attorneys for Plaintiff
  Trilegiant Loyalty Solutions, Inc.

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005
(202) 783-6040

February 22, 2006

# EXHIBIT 1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## District of Delaware

TRILEGIANT LOYALTY )
SOLUTIONS, INC., )
                                    )          SUBPOENA IN A CIVIL CASE
              Plaintiff             )
                                    )
          v.                        )          Case Pending in the District of Delaware
                                    )          Civil Action No. 04-00360 (JJF)
MARITZ, INC.,                       )
                                    )
              Defendant             )
                                    )

TO:    Citibank USA
       4500 New Linden Hill Road
       Wilmington, DE 19808

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Morris, Nichols, Arsht & Tunnell | March 20, 2006 9:00 a.m. |
| Chase Manhattan Centre, 18th Floor |  |
| 1201 North Market Street |  |
| Wilmington, DE 19899-1347 |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below:

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Sharon L. Davis* | February 22, 2006 |
| Sharon L. Davis, Esq., Counsel for Trilegiant Loyalty Solutions, Inc. |  |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER
Sharon L. Davis, Esq.
Rothwell, Figg, Ernst & Manbeck                (202)783-6040
1425 K Street N.W., Suite 800
Washington D.C. 20005

(See Rule 45, Federal Rules of Civil Procedure, Parts C and D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
DATE

SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

1.   Documents reflecting the bid consideration process for any Request for Proposal ("RFP") process held for loyalty programs between January 1, 2000 and December 31, 2005.

2.   Documents reflecting the identity of the potential suppliers of loyalty program services who submitted responses in an RFP process for loyalty programs between January 1, 2000 and December 31, 2005.

3.   The RFP Evaluations or comparable documents concerning RFP responses received from Trilegiant Loyalty Solutions, Inc. and Maritz, Inc. between January 1, 2000 and December 31, 2005.

4.   Documents reflecting the identity of the finalists in any RFP process held for loyalty programs between January 1, 2000 and December 31, 2005.

5.   The awarding of the business letter for any RFP process for loyalty programs between January 1, 2000 and December 31, 2005.

6.   Any contracts entered with Maritz, Inc. for loyalty programs between January 1, 2000 and December 31, 2005.

# EXHIBIT 2

AO 88(Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## District of Delaware

| | |
|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC., )<br><br>               Plaintiff )<br><br>      v.            )<br><br>MARITZ, INC., )<br><br>              Defendant )  | SUBPOENA IN A CIVIL CASE<br><br><br>Case Pending in the District of Delaware<br>Civil Action No. 04-00360 (JJF) |

TO:    First USA, A Bank One Company
            Three Christina Center
            201 North Walnut Street
            Marketing, Mail Stop DE1-1177
            Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A

| PLACE<br>Morris, Nichols, Arsht & Tunnell<br>Chase Manhattan Centre, 18th Floor<br>1201 North Market Street<br>Wilmington, DE 19899-1347 | DATE AND TIME<br>March 20, 2006 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below:

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*Sharon L. Davis*<br>Sharon L. Davis, Esq., Counsel for Trilegiant Loyalty Solutions, Inc. | DATE<br><br><br>February 22, 2006 |
|---|---|
| ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER<br>Sharon L. Davis, Esq.<br>Rothwell, Figg, Ernst & Manbeck      (202)783-6040<br>1425 K Street N.W., Suite 800<br>Washington D.C. 20005 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C and D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
DATE

SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
        (i) fails to allow reasonable time for compliance;
        (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
        (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
        (iv) subjects a person to undue burden.
    (B) If a subpoena
        (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
        (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
        (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

1.    Documents reflecting the bid consideration process for any Request for Proposal ("RFP") process held for loyalty programs between January 1, 2000 and December 31, 2005.

2.    Documents reflecting the identity of the potential suppliers of loyalty program services who submitted responses in an RFP process for loyalty programs between January 1, 2000 and December 31, 2005.

3.    The RFP Evaluations or comparable documents concerning RFP responses received from Trilegiant Loyalty Solutions, Inc. and Maritz, Inc. between January 1, 2000 and December 31, 2005.

4.    Documents reflecting the identity of the finalists in any RFP process held for loyalty programs between January 1, 2000 and December 31, 2005.

5.    The awarding of the business letter for any RFP process for loyalty programs between January 1, 2000 and December 31, 2005.

6.    Any contracts entered with Maritz, Inc. for loyalty programs between January 1, 2000 and December 31, 2005.

EXHIBIT 3

AO 88(Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of Illinois

TRILEGIANT LOYALTY )
SOLUTIONS, INC., )
                          )         SUBPOENA IN A CIVIL CASE
        Plaintiff )
                           )
      v.                   )        Case Pending in the District of Delaware
                           )        Civil Action No. 04-00360 (JJF)
MARITZ, INC., )
                           )
        Defendant )

TO:    Discover Financial Services, LLC
        2500 Lake Cook Road
        Riverwoods, IL 60015

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A

| PLACE<br>Rosenberg Deposition Services<br>One North LaSalle Street, Suite 2101<br>Chicago, IL 60602 | DATE AND TIME<br>March 20, 2006 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below:

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Sharon L. Davis*<br>Sharon L. Davis, Esq., Counsel for Trilegiant Loyalty Solutions, Inc. | February 22, 2006 |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER
Sharon L. Davis, Esq.
Rothwell, Figg, Ernst & Manbeck       (202)783-6040
1425 K Street N.W., Suite 800
Washington D.C. 20005

(See Rule 45, Federal Rules of Civil Procedure, Parts C and D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

_____

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

1.      Documents reflecting the bid consideration process for any Request for Proposal ("RFP") process held for loyalty programs between January 1, 2000 and December 31, 2005.

2.      Documents reflecting the identity of the potential suppliers of loyalty program services who submitted responses in an RFP process for loyalty programs between January 1, 2000 and December 31, 2005.

3.      The RFP Evaluations or comparable documents concerning RFP responses received from Trilegiant Loyalty Solutions, Inc. and Maritz, Inc. between January 1, 2000 and December 31, 2005.

4.      Documents reflecting the identity of the finalists in any RFP process held for loyalty programs between January 1, 2000 and December 31, 2005.

5.      The awarding of the business letter for any RFP process for loyalty programs between January 1, 2000 and December 31, 2005.

6.      Any contracts entered with Maritz, Inc. for loyalty programs between January 1, 2000 and December 31, 2005.

EXHIBIT 4

AO 88(Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of California

TRILEGIANT LOYALTY )
SOLUTIONS, INC., )
                     )        SUBPOENA IN A CIVIL CASE
         Plaintiff )
                    )
      v. )        Case Pending in the District of Delaware
                    )        Civil Action No. 04-00360 (JJF)
MARITZ, INC., )
                    )
        Defendant )

TO:    Wells Fargo
        1220 Concord Avenue
        Concord, CA 94520

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A

| PLACE<br>Behmke Reporting<br>400 Capitol Mall, 9th Floor<br>Sacramento, CA 65814 | DATE AND TIME<br>March 20, 2006 9:00 a.m. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below: .

| PREMISES | DATE AND TIME |
| --- | --- |
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>*Sharon L. Davis*<br>Sharon L. Davis, Esq., Counsel for Trilegiant Loyalty Solutions, Inc. | DATE<br>February 22, 2006 |
| --- | --- |

ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER
Sharon L. Davis, Esq.
Rothwell, Figg, Ernst & Manbeck      (202)783-6040
1425 K Street N.W., Suite 800
Washington D.C. 20005

(See Rule 45, Federal Rules of Civil Procedure, Parts C and D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
               DATE

                                                      SIGNATURE OF SERVER

                                                      ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

     (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

     (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

     (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

     (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

          (i) fails to allow reasonable time for compliance;

          (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

          (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

          (iv) subjects a person to undue burden.

(B) If a subpoena

          (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

          (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

          (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

     (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

     (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

1.  Documents reflecting the bid consideration process for any Request for Proposal ("RFP") process held for loyalty programs between January 1, 2000 and December 31, 2005.

2.  Documents reflecting the identity of the potential suppliers of loyalty program services who submitted responses in an RFP process for loyalty programs between January 1, 2000 and December 31, 2005.

3.  The RFP Evaluations or comparable documents concerning RFP responses received from Trilegiant Loyalty Solutions, Inc. and Maritz, Inc. between January 1, 2000 and December 31, 2005.

4.  Documents reflecting the identity of the finalists in any RFP process held for loyalty programs between January 1, 2000 and December 31, 2005.

5.  The awarding of the business letter for any RFP process for loyalty programs between January 1, 2000 and December 31, 2005.

6.  Any contracts entered with Maritz, Inc. for loyalty programs between January 1, 2000 and December 31, 2005.

# EXHIBIT 5

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## District of Minnesota

TRILEGIANT LOYALTY                    )
SOLUTIONS, INC.,                      )        SUBPOENA IN A CIVIL CASE
                                      )
                    Plaintiff         )
                                      )
          v.                          )        Case Pending in the District of Delaware
                                      )        Civil Action No. 04-00360 (JJF)
MARITZ, INC.,                         )
                                      )
                    Defendant         )
                                      )

TO:    U.S. Bank
       Branch Manager
       200 South Sixth Street
       Minneapolis, MN 55402

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Exhibit A

| PLACE<br>Kirby A. Kennedy & Associates<br>5200 Wilson Road, Suite 219<br>Minneapolis, MN 55424 | DATE AND TIME<br>March 20, 2006 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below:

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*Sharon L. Davis*<br>Sharon L. Davis, Esq., Counsel for Trilegiant Loyalty Solutions, Inc. | DATE<br><br><br>February 22, 2006 |
|---|---|
| ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER<br>Sharon L. Davis, Esq.<br>Rothwell, Figg, Ernst & Manbeck          (202)783-6040<br>1425 K Street N.W., Suite 800<br>Washington D.C. 20005 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C and D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

_____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

1.    Documents reflecting the bid consideration process for any Request for Proposal ("RFP") process held for loyalty programs between January 1, 2000 and December 31, 2005.

2.    Documents reflecting the identity of the potential suppliers of loyalty program services who submitted responses in an RFP process for loyalty programs between January 1, 2000 and December 31, 2005.

3.    The RFP Evaluations or comparable documents concerning RFP responses received from Trilegiant Loyalty Solutions, Inc. and Maritz, Inc. between January 1, 2000 and December 31, 2005.

4.    Documents reflecting the identity of the finalists in any RFP process held for loyalty programs between January 1, 2000 and December 31, 2005.

5.    The awarding of the business letter for any RFP process for loyalty programs between January 1, 2000 and December 31, 2005.

6.    Any contracts entered with Maritz, Inc. for loyalty programs between January 1, 2000 and December 31, 2005.

# EXHIBIT 6

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## Northern District of Illinois

TRILEGIANT LOYALTY )
SOLUTIONS, INC., )
       )      SUBPOENA IN A CIVIL CASE
           Plaintiff )
       )
          v. )      Case Pending in the District of Delaware
       )      Civil Action No. 04-00360 (JJF)
MARITZ, INC., )
       )
           Defendant )
       )

TO:    U.S. Bank
        Branch Manager
        9575 W. Higgins Road
        Rosemont, IL 60018

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):   See Exhibit A

| PLACE | DATE AND TIME |
|---|---|
| Rosenberg Deposition Services<br>One North LaSalle Street, Suite 2101<br>Chicago, IL 60602 | March 20, 2006 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date, and time specified below:

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>*Sharon L. Davis*<br>Sharon L. Davis, Esq., Counsel for Trilegiant Loyalty Solutions, Inc. | DATE<br><br>February 22, 2006 |
|---|---|
| ISSUING OFFICERS NAME, ADDRESS AND PHONE NUMBER<br>Sharon L. Davis, Esq.<br>Rothwell, Figg, Ernst & Manbeck       (202)783-6040<br>1425 K Street N.W., Suite 800<br>Washington D.C. 20005 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C and D on Reverse)

AO 88 (11/91) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

           DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
    (2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
    (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
    (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
    (i) fails to allow reasonable time for compliance;
    (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except

that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
    (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
    (iv) subjects a person to undue burden.
    (B) If a subpoena
    (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
    (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
    (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA
    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## Schedule A

1.  Documents reflecting the bid consideration process for any Request for Proposal ("RFP") process held for loyalty programs between January 1, 2000 and December 31, 2005.

2.  Documents reflecting the identity of the potential suppliers of loyalty program services who submitted responses in an RFP process for loyalty programs between January 1, 2000 and December 31, 2005.

3.  The RFP Evaluations or comparable documents concerning RFP responses received from Trilegiant Loyalty Solutions, Inc. and Maritz, Inc. between January 1, 2000 and December 31, 2005.

4.  Documents reflecting the identity of the finalists in any RFP process held for loyalty programs between January 1, 2000 and December 31, 2005.

5.  The awarding of the business letter for any RFP process for loyalty programs between January 1, 2000 and December 31, 2005.

6.  Any contracts entered with Maritz, Inc. for loyalty programs between January 1, 2000 and December 31, 2005.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 22, 2006 she electronically filed the foregoing Notice of Subpoenas with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on February 22, 2006 upon the following in the manner indicated:

### BY HAND

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801

### BY FACSIMILE

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO  63102

_/s/ Maryellen Noreika_
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
mnoreika@mnat.com