IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRILEGIANT LOYALTY                    )
SOLUTIONS, INC.,                      )
                                      )
                Plaintiff,            )
                                      )        Civil Action No. 04-360-JJF
        v.                            )
                                      )
MARITZ INC.,                          )
                                      )        **REDACTED**
                Defendant.            )

## MARITZ' COMBINED REPLY IN SUPPORT OF MOTION TO DISMISS AND RESPONSE TO PLAINTIFF'S MOTION TO JOIN ASSIGNEE AS CO-PLAINTIFF

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
Jennifer E. Hoekel
Marc W. Vander Tuig
David J. Harlan
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Defendant

Dated: March 3, 2005

## TABLE OF CONTENTS

I.   INTRODUCTION.................................................................1

II.  TLS, **REDACTED**                     HAS NO STANDING
     TO MAINTAIN THIS ACTION FOR PATENT INFRINGEMENT..........3

     A.        **REDACTED**              TLS Has No Standing......................3

     B.                          **REDACTED**
                          Confers No Standing Under 35 U.S.C. ¶282........3

     C.   Due to Its Assignment, TLS' Cause of Action for
          Patent Infringement is Moot...................................................5

III. MARITZ IS PREJUDICED BY TLS' CONDUCT...............................5

     A.   Maritz' Prejudice From Lost Opportunities..................................5

     B.   Prejudice from Exposure to Improper and Multiple Claims................6

     C.   TLS Is Continuing to Withhold Jurisdictional Information...............8

IV.  TLS' RULE 25 MOTION IS OVERREACHING
     AND IMPROPER  ..............................................................9

     A.   TLS Has Ignored the Procedural Requirements of Rule 25(c)............9

     B.   TLS' Motion, By Which It Seeks to Remain as a Co-Plaintiff,
          Turns Rule 25 on Its Head..................................................10

V.   DISMISSAL IS APPROPRIATE TO REMEDY THE PREJUDICE
     TO MARITZ FROM TLS' CONDUCT...........................................11

     A.   TLS Violated Its Duty to the Court.........................................11

     B.   Dismissal Is Appropriate.....................................................12

VI.  CONCLUSION..................................................................13

i

## <u>TABLE OF AUTHORITIES</u>

### Cases

*Arizonans For Official English v. Arizona,*
520 U.S. 43 (1997)...................................................................11

*Crown Die & Tool Co. v. Nye Tool & Machine Works,*
261 U.S. 24 (1923)....................................................................7

*Insituform Technologies, Inc. v. Cat Contracting, Inc.,*
383 F.3d 1360 (Fed. Cir. 2004).................................................. 12

*Ortho Pharmaceutical Corp. v. Genetic Institute, Inc.,*
52 F.3d 1026 (Fed. Cir. 1995)................................................4, 7

*Poly-America L.P. v. GSE Lining Technology, Inc.,*
383 F.3d 1303 (Fed. Cir. 2004).............................................4, 7

*Rite-Hite Corp. v. Kelley Co., Inc.,*
56 F.3d 1538 (Fed. Cir. 1995).................................................3, 4

*Schreiber Foods, Inc. v. Beatrice Cheese, Inc.,*
402 F.3d 1198 (Fed. Cir. 2005).....................................3, 5, 11, 13

*Sicom Systems, Ltd. v. Agilent Technologies, Inc.,*
427 F.3d 971 (Fed. Cir. 2005 .............................................3, 7, 12

*In the matter of United Corp.,*
283 F.2d 593 (3d Cir. 1960).................................................. 12

**Statutes and Rules**

Fed. R. Civ. P. 21 ................................................................................................ 12

Fed. R. Civ. P. 25 ...................................................................................... 2, 9, 10

35 U.S.C. § 281 ............................................................................................. 2, 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRILEGIANT LOYALTY                    )
SOLUTIONS, INC.,                      )
                                      )
            Plaintiff,                )
                                      )       Civil Action No. 04-360-JJF
      v.                              )
                                      )       **REDACTED**
MARITZ INC.,                          )
                                      )
            Defendant.                )

MARITZ' COMBINED REPLY IN SUPPORT OF MOTION TO DISMISS AND
RESPONSE TO PLAINTIFF'S MOTION TO JOIN ASSIGNEE AS CO-PLAINTIFF

I.

INTRODUCTION

Maritz is combining its reply in support of its motion to dismiss (D.I. 80) with its response to plaintiff's motion to join assignee as a co-plaintiff (D.I. 82). This format, we believe, permits the issues to be presented more succinctly than would separate filings, due to the inter-relationship of the issues raised in the two motions.

Trilegiant Loyalty Solutions ("TLS") rendered moot its continued participation in this lawsuit on October 17, 2005, when it engaged in transactions affecting ownership of the patents-in-suit with Affinion Net Patents, Inc. ("ANP") and ownership of this cause of action **REDACTED** As discussed at Part III, C, below, there is an additional transfer of litigation rights **REDACTED** that TLS has failed to disclose in its Rule 25 motion or other court filings. The transfers occurred as part of the July 26, 2005 sale by Cendant Corporation of TLS and related corporations.

Rather than immediately advising the Court of the jurisdictional vacuum these transactions created, as it was duty-bound to do, TLS stone-walled until **REDACTED**

**REDACTED**

TLS did not inform the Court of the ANP transaction until its recent filing of a dubious motion under Rule 25 to remain as a co-plaintiff with its assignee.

TLS' conduct has severely prejudiced Maritz. Maritz is being subjected to TLS' claims for unallowable damages, and is exposed to multiple actions for the same alleged acts of patent infringement. Maritz has lost opportunities to have proper discovery of, and to have meaningful settlement mediation with, the actual owners of the patents-in-suit and of this cause of action. Relatedly, TLS' silence, in the face of a duty to come forward to the court on these matters, has endangered the scheduling order/case management order for this case.

TLS has moved to join ANP as a *co-plaintiff* under Fed. R. Civ. P. 25(c). This motion, as framed by TLS, turns Rule 25(c) on its head. Rule 25 does not determine, as a substantive law matter, which parties or actions survive a transfer of an interest by a party. It provides only for the mechanics of substitution when legal ownership of the property-in-suit changes hands. Section 281, Title 35, United States Codes prescribes that a patentee is the only one who may properly act as plaintiff in patent litigation. Permitting TLS, an admitted non-exclusive license, to participate would violate §281, would exceed the Court's jurisdiction, and would result in further prejudice to Maritz. Moreover, TLS has totally ignored the procedures for obtaining substitution as prescribed in Rule 25(a) and (c).

As to ANP :    **REDACTED**    , they appear equally culpable with TLS for this misadventure.                                      **REDACTED**

ANP is thus an equal party in TLS' conduct and efforts to remain in this case.                              **REDACTED**                                      As such, it is as culpable as TLS and ANP.

2

II.

**REDACTED**

TLS,          HAS NO STANDING
<u>TO MAINTAIN THIS ACTION FOR PATENT INFRINGEMENT</u>

A.       **REDACTED**       *TLS Has No Standing*

**REDACTED**       of a patent has no right to participate as plaintiff in patent infringement litigation, because an infringement cannot cause compensable harm to a nonexclusive licensee. *Sicom Systems Ltd., v. Agilent Technologies, Inc.*, 427 F.3d 971, 977 (Fed. Cir. 2005) ("A **REDACTED** license confers no constitutional standing on the licensee to bring suit or even to join a suit with the patentee because a **REDACTED** licensee suffers no legal injury from infringement. *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1552 (Fed. Cir. 1995); *Ortho*, 52 F.3d at 1031.") *See Schreiber Foods, Inc., v. Beatrice Cheese, Inc.*, 402 F.3d 1198, 1203 (Fed. Cir. 2005) ("The general rule in federal cases is that a plaintiff must have initial standing and 'continue to have a personal stake in the outcome' of the lawsuit" (citations omitted)).

Despite this bright-line rule **REDACTED** of the patents-in-suit, TLS obdurately argues that it should be allowed to remain in this suit rather than being dismissed. *See* TLS' Motion to Join, p. 2. As discussed below, the two cases cited by TLS as authority for its position provide no support. Indeed, as quoted above, these cases stand for the directly opposite proposition, namely that TLS has no standing and should be dismissed.

B.       **REDACTED**
*Confers No Standing Under 35 U.S.C. ¶282*

TLS' joinder motion argues that,

**REDACTED**

in the patents to continue participating

3

with ANP in suing Maritz. *See* TLS Motion to Join, p. 3. TLS cites *Rite-Hite Corporation v. Kelley Company, Inc.*, 56 F.3d 1537, 1552 (Fed. Cir. 1995) (en banc) and *Ortho Pharmaceutical Corp. v. Genetic Institute, Inc.*, 52 F.3d 1026, 1032, 1035 (Fed. Cir. 1995) as authority for their position. Neither case supports TLS' position.

In *Rite-Hite*, the Federal Circuit reaffirmed the long-standing rule that    **REDACTED** licensees have no right in patent enforcement litigation because they have no proprietary right to exclude others from practicing the licensed invention.[1] *Rite-Hite*, 56 F.3d at 1552-54.

In *Ortho Pharmaceutical*, the court not only reached the same conclusion, but also rejected the **REDACTED** licensee's argument that it had standing by virtue of a provision in the license that permitted the **REDACTED** licensee to sue to enforce the patent. The court ruled that "such a contract provision cannot change the requirement of 35 U.S.C. §281 that only the patentee may sue to enforce the patent (citations omitted)." *Ortho Pharmaceutical*, 55 F.3d at 1035. Despite plaintiff's contract right to sue to enforce the patent, the court concluded that *Ortho Pharmaceutical*, as a **REDACTED** licensee, had no proprietary interest in the patent and no right to participate in enforcement litigation. *Id.* at 1033. *Accord, Poly-America, L.P., v. GSE Lining Technology, Inc.*, 383 F.3d 1303, 1311 (Fed. Cir. 2004)

**REDACTED**    that in *Ortho*,

**REDACTED**    TLS Motion to Join, p. 2. Indeed, it can take no other position, because

**REDACTED**    without room for argument or evasion.

*See* Patent License to TLS, Ex. 2, §2.1. The law on this point is settled.    **REDACTED**

---

[1]TLS suggests that *Rite-Hite* and *Ortho Pharmaceutical* have a catch-all exception "[I]f necessary to protect the rights of all parties . . . ." *See* TLS' Motion to Join, p. 3. Neither case stands for such a proposition. In context, the quoted language refers to joining an exclusive licensee as a co-plaintiff. *See Rite-Hite*, 56 F.3d 1538, 1552.    **REDACTED**

4

**REDACTED**      TLS no longer has standing to participate in this action. *Poly-America, L.P.,* 383 F.3d at 1306, n 1, 1311.

      C.    *Due to Its Assignment, TLS' Cause of Action For Patent Infringement Is Moot*

    As discussed in greater detail at Part III, C. TLS has assigned some part of this cause of action (as distinguished from the patents) to ANP and

**REDACTED**

       TLS' claims are now moot. *See, Schreiber Foods, Inc.,* 402 F.3d at 1203. The only thing Maritz can conclude is that it is exposed to risk of multiple litigation and redundant or improper claims for damages.

III.

MARITZ IS PREJUDICED BY TLS' CONDUCT

      A.    *Maritz' Prejudice From Lost Opportunities*

    TLS has presumably known since July 26, 2005, when its parent corporation signed the Purchase Agreement (which presaged the sale of the patents-in-suit) that it would be transferring various rights relating to the patents to one or more entities. On October 17, 2005, these transfers took place. The patent transactions were not disclosed to Maritz, despite its earlier requests, until December 15, 2005.

**REDACTED**

5

**REDACTED**

The prejudice from this to Maritz is twofold.  It wasted time, money and opportunity negotiating for all practical purposes with the wrong party. Moreover, it will be extremely difficult to find the time on the current schedule for another mediation—this time with the real party in interest.

In the period between July and December, TLS and Maritz engaged in costly and likely wasted discovery.  More importantly, Maritz lost the opportunity to use that time to obtain party discovery (Rule 26 disclosures, interrogatories, document production and depositions) of ANP or **REDACTED** as the case may be. Lastly, as described above, the Scheduling Order and trial date set by this Court are endangered by the situation created by TLS. By any measure, TLS' lack of candor has put Maritz at a severe discovery disadvantage.

B.    *Prejudice from Exposure to Improper And Multiple Claims*

TLS has exposed Maritz to improper and multiple infringement claims in three ways: first, it seeks

**REDACTED**

REDACTED

REDACTED

*Crown Die & Tool Co., v. Nye Tool & Machine Works*, 261 U.S. at 24, 43-44, (1923); *Poly-America, L.P.*, 383 F.3d at 1311.

REDACTED

A fundamental policy of patent law is that the patentee (and/or an exclusive licensee with a sufficient bundle of proprietary rights in the patent) must bring suit "'to enable the alleged infringer to respond in one action to all claims of infringement for his act.' *Independent Wireless Co.*, 269 U.S at 468, 46 S. Ct. at 169." *Ortho Pharmaceutical Corp.*, 52 F.3d at 1034-35. Thus, requiring a patent infringement suit to be prosecuted by the patent owner, the real party in interest, is necessary in order to avoid multiplicity of litigation. *Sicom Systems Ltd.*, 427 F.3d at 980.

REDACTED

7

**REDACTED**

C.     *TLS Is Continuing To Withhold Jurisdictional Information.*

TLS continues to withhold information from the Court about the proper parties to prosecute this case.

**REDACTED**

**REDACTED**

**REDACTED**

_____

**REDACTED**

8

**REDACTED**

In light of its previous non-disclosure of jurisdictional matters suggesting mootness and its dubious motion to continue as a co-plaintiff, TLS' failure to make this additional material jurisdictional disclosure adds to the prejudice to Maritz and is another reason for dismissing this case.

### IV.

### TLS' RULE 25 MOTION IS OVERREACHING AND IMPROPER

A.    *TLS Has Ignored the Procedural Requirements Of Rule 25(c)*

Rule 25(a) and (c) require that the motion be filed along with a notice of hearing and served on the parties, as provided in Rule 5, and on the party to be substituted in the same manner that service of a summons is made under Rule 4.

Nothing in the record suggests that TLS has served its motion on ANP or whoever is its successor-in-interest, in the manner required by Rule 25(a) and (c). It has not served a notice of hearing on Maritz as required by the rule either.

Now that its disregard of these procedures has been called to its attention, TLS will surely move to rectify its failures claiming, perhaps, that this dereliction was a mere oversight. Nevertheless, by this further disregard of its obligations under Rule 25, TLS has incrementally added to the prejudice to Maritz by imposing additional, unnecessary and unwarranted delay.

B.    *TLS' Motion, By Which It Seeks to Remain As A*
      *Co-Plaintiff, Turns Rule 25 on Its Head.*

TLS has moved under Fed. R.Civ. P. 25(c) to join the assignee of the patents-in-suit as a co-plaintiff, thereby implicitly seeking to remain as the other co-plaintiff. Rule 25 provides a mechanism to permit pending litigation to continue where ownership of a property interest-in suit passes by contract or operation of law to a non-party. It does not determine which parties or actions survive the transfer under applicable substantive law.

Here, TLS has assigned ownership of the patents-in-suit to ANP. Under substantive patent law, TLS' cause of action is moot. In the absence of misconduct or improper purpose, Rule 25 (c) would permit the current patent owner to take the place of (but not join with) the former owner.  A similar analysis under contract law

REDACTED

REDACTED

This contortion of Rule 25 can hardly be accidental.

REDACTED

V.

## DISMISSAL IS APPROPRIATE TO REMEDY THE
## PREJUDICE TO MARITZ FROM TLS' CONDUCT

*A.    TLS Violated Its Duty To The Court.*

The Supreme Court and the Federal Circuit have both spoken on counsel's duty to bring

to the federal tribunal's attention *"without delay"* facts germane to the court's continuing

jurisdiction over a party or a claim. *See Arizonans For Official English v. Arizona*, 520 U.S. 43,

68, 117 S.Ct. 1055, 1069 (1997) ("It is the duty of counsel to bring to the federal tribunal's

attention, *'without delay'*, facts that may raise questions of mootness") (citation omitted);

*accord, Schreiber Foods, Inc., v. Beatrice Cheese, Inc.*, 402 F. 3d 1198, 1205 (Fed. Cir. 2005)

A timeline is appropriate for the court to consider. The Purchase Agreement was signed

on July 26, 2005.

**REDACTED**

TLS turned over the various

transfer documents on December 15, 2005, after Maritz' repeated requests.

On December 19, 2005, TLS chose to register the patent assignment with the PTO, but

made no effort to disclose it to the Court.           **REDACTED**

**REDACTED**           Maritz waited a full week for someone to act.

Exasperated, it filed to dismiss this action. TLS did not come forward to the Court with

confirmation of the patent assignment until it filed its dubious Rule 25(c) motion on February 1,

2006. TLS' motion made no effort to explain why it had failed to come forward to the court

"without delay" or offer any accounting for its ninety day silence.[3]

---

[3]TLS cites its aborted name-change stipulation as evidence of its disclosures. *See* TLS' Brief in
Opposition, p. 3. The name-change stipulation revealed nothing whatsoever of the assignment of
its patent rights. In fact by being withdrawn as a mistaken filing, the episode made an already
murky picture even more opaque.

B.    *Dismissal Is Appropriate*

Decisions of the District Court relating to joinder or substitution of parties are reviewed using an abuse of discretion standard. *See* Fed. R. Civ. P. 21 and 25, *Instituform Technologies, Inc. v. Cat Contracting, Inc.*, 385 F.3d 1360, 1372 (Fed. Cir. 2004). The Court also has the inherent authority to take steps to regulate practice in proceedings before it. *In the matter of United Corporation*, 283 F.2d 593, 596 (3d Cir. 1960) ("A United States District Court . . . may regulate the practice to be followed in proceedings properly before it in any manner not inconsistent with the Federal Rules of Civil Procedure or statutes" (citations omitted)).

As Maritz has explained, it believes that TLS' failure timely to inform the Court of the altered status of legal title to the patents-in-suit, and of the mootness of its claims, has put Maritz at a severe disadvantage resulting from lost discovery and mediation opportunities.


**REDACTED**


District Courts have employed dismissal (or its substantial equivalent) as a remedy where a plaintiff fails to take its jurisdictional obligations seriously. In the *Sicom Systems* case, the Court dismissed the complaint *with prejudice* even though Sicom was able to cure its standing defect. The Federal Circuit found no abuse of discretion because of Sicom's earlier failed effort to establish standing. Unlike here, Sicom did not hold back information from the Court.[4]

---

[4]427 F.3d at 980.

The *Schreiber Foods* case cited by Maritz in its motion to dismiss is an another apt example.[5]  As a penalty for plaintiff's failure to tell the court about a jurisdictional vacuum caused by an assignment, the trial court vacated a multi-million dollar jury verdict and ordered a new trial.  The Federal Circuit found no abuse of discretion even through Schreiber had cured the jurisdictional defect.  While TLS' conduct has not progressed to the level of *Schreiber*, that is due to Maritz' self-help to stem the prejudice rather than any effort by TLS.

TLS has made no effort to excuse or justify its stone-walling of the Court when it had a clear duty to step forward and tell the tribunal that its claims had become moot.  Given the prejudice Maritz has suffered, and the confusion TLS has caused by its continuing lack of candor with the Court, dismissal is an appropriate remedy.

## VI.

### CONCLUSION

Maritz respectfully requests that its Motion to Dismiss be granted and that TLS' Motion to Join be denied.

---

[5] 402 F.3d 1198.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

Date March 3, 2006              By:    _____

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Defendant

14

# EXHIBIT 1

## PATENT ASSIGNMENT AGREEMENT

This PATENT ASSIGNMENT AGREEMENT ("Agreement"), dated as of October 17, 2005 ("Effective Date"), is made by and between Trilegiant Loyalty Solutions, Inc. ("Assignor"), a Delaware corporation, and Affinion Net Patents, Inc. ("Assignee"), a Delaware corporation.

WHEREAS, Assignor owns certain Patents (as defined below);

WHEREAS, subject to the terms and conditions of this Agreement, Assignor desires to sell and assign the Assigned Patents (as defined below) to Assignee; and

WHEREAS, Assignee desires to purchase and accept such assignment of the Assigned Patents from Assignor.

NOW THEREFORE, in consideration of the foregoing and mutual promises and covenants made herein and for other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

1.   Definitions.

   1.1   "Assigned Patents" shall mean the Patents listed on Schedule A attached hereto.

   1.2   "Cendant Patent License" means that certain Patent License Agreement, dated as of October 17, 2005 by and between Assignor and CD Intellectual Property Holdings, LLC.

   1.3   "Patents" shall mean all patents and patent applications in the United States and all equivalents of the foregoing in any other jurisdiction, the underlying inventions described therein, and any continuations, continuations-in-part, divisions, reissues, reexaminations, foreign counterparts or extensions thereof.

2.   Assignment.

   In consideration of the amount of one hundred dollars ($100) payable by Assignee to Assignor, Assignor hereby irrevocably assigns, sells, transfers and conveys to Assignee, its successors and assigns, all of Assignor's rights, title and interest throughout the world in and to the Assigned Patents, including all rights to sue or recover for the past, present and future infringement thereof, and any and all causes of action related thereto, subject to any licenses to or encumbrances on the Assigned Patents in effect as of the Effective Date, including those listed on Schedule B. Assignor and Assignee agree that the foregoing assignment, sale, transfer and conveyance shall automatically and without any further action required by either party become effective as of the Effective Date.

3.   Recordation.

   Assignor assumes all responsibility and costs for recording this assignment of the Assigned Patents in the United States Patent and Trademark Office, foreign patent and elsewhere, as applicable.

4.   Cendant Patent License Requirement.

   Assignee acknowledges that Assignor is a party to the Cendant Patent License, which relates, in part, to the Assigned Patents and pursuant to which Assignor is bound by certain obligations and

**Ex. 1**

TRL-MTZ 45326                    Highly Confidential
                                 Outside Counsel Only-
                                 Under Protective Order

restrictions.  As required by Section 6.1(b) of the Cendant Patent License, Assignee agrees to be bound by the terms and conditions of the Cendant Patent License.

5.    Miscellaneous.

    5.1    Governing Law and Forum.  This Agreement shall be governed in all respects by the laws of the State of New York without regard to the conflicts of law provisions thereof.

    5.2    Modification, Amendment and Waiver.  This Agreement and its provisions shall not be modified, amended or waived, except in a writing executed by both parties.

    5.3    Schedules.  Schedules A and B are hereby incorporated by reference herein.

    5.4    Further Actions.  Each party agrees to execute, acknowledge, and deliver such further instruments, and to do all such other acts, as may be necessary or appropriate to carry out the purposes and intent of this Agreement.

＊    ＊    ＊    ＊    ＊

IN WITNESS WHEREOF, each of ASSIGNOR and ASSIGNEE has caused its respective duly authorized officer to execute and deliver this Agreement as of the Effective Date.

TRL-MTZ 45327

Highly Confidential
Outside Counsel Only-
Under Protective Order

ASSIGNOR: Trilegiant Loyalty Solutions, Inc.

By: _____

Name: _Nathaniel J. Lyman_____

Title: _President and Chief Creative Officer_

State of _____

County of _____

On _____ before me, _____
                                        Name of Notary Public

Personally appeared _____
                                        Name(s) of Signer(s)

☐ personally known to me
☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
                                        WITNESS my hand and official seal.

                                        _____
                                        Signature of Notary Public


ASSIGNEE: Affinion Net Patents, Inc.

By: _____

Name: _____

Title: _____

State of _____

County of _____

On _____ before me, _____
                                        Name of Notary Public

Personally appeared _____
                                        Name(s) of Signer(s)

☐ personally known to me
☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
                                        WITNESS my hand and official seal.

                                        _____
                                        Signature of Notary Public

TRL-MTZ 45328

Highly Confidential
Outside Counsel Only-
Under Protective Order

ASSIGNOR: Trilegiant Loyalty Solutions, Inc.

By:_____

Name:_____

Title:_____

State of _____

County of _____

On _____ before me, _____

Name of Notary Public

Personally appeared _____

Name(s) of Signer(s)

☐ personally known to me

☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____

Signature of Notary Public

ASSIGNEE: Affinion Net Patents, Inc.

By:_____

Name:___Marc Becker_____

Title:___President_____

State of _____

County of _____

On _____ before me, _____

Name of Notary Public

Personally appeared _____

Name(s) of Signer(s)

☐ personally known to me

☐ proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____

Signature of Notary Public

TRL-MTZ 45329

Highly Confidential
Outside Counsel Only-
Under Protective Order

SCHEDULE A

Assigned Patents

| Country and Type | Patent No. / Patent Application No. |
|---|---|
| U.S. Patent | 5,774,870 |
| U.S. Patent | 6,009,412 |
| U.S. Patent | 6,578,012 |
| U.S. Patent Application | 09/854,721 |
| U.S. Patent Application | 09/668,965 |
| U.S. Patent Application | 09/167,315 |
| U.S. Patent Application | 09/637,422 |
| U.S. Patent Application | 09/637,387 |
| U.S. Patent Application | 09/932,588 |
| U.S. Patent Application | 09/717,972[1] |
| U.S. Patent Application | 10/420,901 |

---

[1]    This Patent Application is abandoned, but may have progeny and/or corresponding patents still alive.

TRL-MTZ 45330

Highly Confidential
Outside Counsel Only-
Under Protective Order

## SCHEDULE B

### Existing Licensees to and Encumbrances on the Assigned Patents

1. Patent License Agreement, dated as of October 17, 2005, by and between CD Intellectual Property Holdings, LLC and Trilegiant Loyalty Solutions, Inc.

TRL-MTZ 45331

Highly Confidential
Outside Counsel Only-
Under Protective Order

# EXHIBIT 2

# Has been REDACTED in its entirety

# EXHIBIT 3

# Has been REDACTED in its entirety

# EXHIBIT 4

# Has been REDACTED in its entirety

# EXHIBIT 5

# Has been REDACTED in its entirety