IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION LOYALTY GROUP, INC.<br><br>        Plaintiff,<br><br>v.<br><br>MARITZ, INC.<br><br>        Defendant. | C.A. No. 04-360-JJF<br><br>**REDACTED** |

### REPLY MEMORANDUM IN SUPPORT OF
### PLAINTIFF'S MOTION TO JOIN ASSIGNEE AS CO-PLAINTIFF

Plaintiff, Affinion Loyalty Group, Inc. ("Affinion")[1], submits this reply memorandum in support of its motion, pursuant to Federal Rule of Civil Procedure 25(c), to join Affinion Net Patents, Inc. ("ANP") as a plaintiff. ANP became the owner of the patents-in-suit in October 2005 as a result of an assignment between related corporate entities and, therefore, Affinion's motion seeks to join ANP as the current owner of the patents-in-suit. Maritz opposes Affinion's motion without citing a single case denying a motion under Rule 25(c). Indeed, it is beyond reasonable dispute that the current patent owner should be added as a party to a patent infringement litigation as a matter of course.

Maritz opposes Affinion's motion on two grounds, neither of which supports denial of the motion. First, Maritz incorrectly asserts that Affinion should not be permitted to continue as co-plaintiff in this case. Even if this assertion were correct – which it is not (see Section III,

---

[1] On February 21, 2006, Trilegiant Loyalty Solutions, Inc. changed its name to Affinion Loyalty Group, Inc. The parties submitted a stipulation and proposed order to make that change to the caption and, on March 2, 2006, the Court entered that Order.

Original Filed: March 6, 2006
Public Version Filed: March 13, 2006

below) – it does not follow that the current patent owner (which Maritz does not dispute has standing) should be blocked from joining the case. If the Court were to accept Maritz's argument that Affinion cannot remain as a co-plaintiff in the case, the proper result would be to substitute ANP for Affinion. Second, Maritz argues that the motion should be denied as some sort of a "sanction," even though it cannot cite a single example in which any Court imposed such a sanction, and cannot show any misconduct by Affinion. Moreover, despite its incessant invocation of "prejudice," Maritz does not identify any real harm that it has suffered as a result of any action by Affinion.

## ARGUMENT

### I. AFFINION NET PATENTS, INC. IS ENTITLED TO JOIN THIS SUIT.

Maritz spends a substantial portion of its opposition brief addressing whether Affinion can properly remain a co-plaintiff in this action. Affinion's continuance as a plaintiff is perfectly appropriate, as demonstrated in Section III and the Memorandum in Support of Plaintiff's Motion to Join Assignee as Co-Plaintiff. However, even if Maritz were correct that Affinion could not continue as co-plaintiff, the appropriate relief is not that Affinion be dismissed as a plaintiff, but that ANP be substituted for Affinion. That is because ANP has an absolute right, as the new owner of the patents-in-suit, to join this action.[2] Indeed, Maritz concedes as much in its brief. See Maritz' Combined Reply in Support of Motion to Dismiss and Response to Plaintiff's Motion to Join Assignee as Co-Plaintiff at 10 ("In the absence of misconduct or improper purpose, Rule 25(c) would permit the current patent owner to take the place of (but not join with)

---

[2] Maritz's complaint that Affinion has not properly served ANP is indicative of its desperation in opposing Affinion's motion. Affinion and ANP are corporate affiliates with the same outside counsel, same in-house counsel and same corporate patent. To suggest that Affinion essentially must serve itself with its own pleadings is frivolous.

the former owner."). Therefore, ANP should be permitted to proceed as a plaintiff in this action regardless of whether Affinion remains as a co-plaintiff.

## II. DISMISSAL OR DENIAL OF THE MOTION FOR JOINDER AS A SANCTION IS NOT WARRANTED.

The facts in this case as laid out extensively in Affinion's Opposition to Defendant's Motion to Dismiss establish that Affinion has not engaged in any misconduct or inappropriate behavior. At most, following a complex corporate transaction that Affinion disclosed to Maritz (both through document production and deposition testimony), a formal request was not made to add ANP as a co-plaintiff until just over three months after the transaction had closed. Nonetheless, Maritz continues to argue that Affinion's motion should be denied and its case dismissed, as some sort of sanction. Notably absent from Maritz's briefs, however, is an identification of any rule or Court order that Trilegiant has violated.[3] Nor does Maritz even discuss the high standards required for dismissal as a sanction, much less provide any argument that it meets that standard. Maritz falls far short of making the showing that would be required for the relief it requests.

### A. Maritz Has Suffered No Prejudice.

The overwrought language of Maritz's opposition cannot obscure the fact that Maritz has not suffered any prejudice. The reality is that the ownership transfer involved here – between two companies within the same corporate family – has had no significant impact on the conduct of this litigation. Indeed, it is revealing that despite Maritz's complaints that it needs to conduct additional discovery as a result of the transfer, it has made no attempt to do so, even though it

---

[3] Maritz does not dispute, as was demonstrated in Affinion's Opposition to Defendant's Motion to Dismiss at 6, that Rule 25(c) does not place a time limit on filing motions to join.

has known about the transfer since mid-December. Specifically, Maritz (a) has served no new deposition notices bearing on the corporate transaction; (b) has not sought (nor could it persuasively seek) to redepose any witnesses; (c) has not served any new document requests; and (d) has not served any new interrogatories. Given that discovery is still open (and will remain so through March 31, 2006), it is baseless for Maritz to assert that it has been prejudiced because it cannot obtain discovery when it has not even sought that discovery. Of course, the reason Maritz has not sought additional discovery is because, as discussed in Affinion's Opposition to Defendant's Motion to Dismiss at 8, there is no significant new discovery to take from ANP.

Even more of a stretch is Maritz's allegation of prejudice relating to the settlement mediation. Not only did that mediation occur before the patents had been transferred, but the parent companies, counsel and corporate decision makers are all the same both before and after the transfer of the patents from one Affinion company to another. There were no "empty chairs" at the mediation—indeed the same people would be in the chairs today as were there in September 2005.

Maritz's complaint about being exposed to multiple damages also makes no sense. The issue of what measure of damages is to be awarded as a result of Maritz's infringement of the patents-in-suit is an issue that will be resolved during the course of the litigation and trial. It is unclear how Maritz could possibly be prejudiced by the deposition testimony of Affinion's president concerning TLS's lost future profits.[4]

Finally, Maritz raises a red herring in its discussion of the license

**REDACTED**

---

[4] Maritz almost seems to suggest that the transfer of the patents and the right to enforce claims for past infringement of those patents has caused Affinion's lost profits damages claims to disappear. Of course, that is completely incorrect.

4

**REDACTED**

The absence of any reference to that license in Affinion's briefing is due only to its irrelevance, not as Maritz would have it, an effort to hide an innocuous agreement from the Court (but apparently not from Maritz).

After one sorts through all the allegations included in Maritz's multiple briefs, the end result is that Maritz has not identified any concrete harm that could constitute prejudice as a result of any action by Affinion.

### B. The Cases Maritz Cites Do Not Support Dismissal as a Sanction.

As demonstrated in Affinion's Opposition to Defendant's Motion to Dismiss, the caselaw is clear that dismissal is not appropriate here. Indeed, even the cases cited by Maritz do not support the position that dismissal is appropriate. In <u>Sicom Systems Ltd. v. Agilent Tech., Inc.</u>, 427 F.3d 971 (Fed. Cir. 2005), the case was dismissed not as a sanction, but because Sicom was repeatedly unable to establish standing because it was unable to join the patent owner as a co-plaintiff. <u>Id</u>. at 980. Thus, <u>Sicom</u> is completely inapposite where, as here, the patent owner is asking to join the case.

---

**REDACTED**

Maritz also continues its unwarranted reliance on <u>Schreiber Foods v. Beatrice Cheese, Inc.</u>, 402 F.3d 1198 (Fed. Cir. 2005), even though the court in <u>Schreiber</u> refused to dismiss the case—even under the extraordinary facts presented there. If, as the Federal Circuit held, dismissal was not warranted under those facts (which included false testimony, false discovery responses and <u>years</u> of non-disclosure), there is no reasonable basis for arguing that dismissal is proper here. Maritz's reference to the requirement to raise issues of mootness is inapposite. The transfer of ownership from one corporate entity to another within the same corporate family does not raise a question of mootness because it is clear that the joinder of the new patent holder at any time prior to judgment (and certainly joinder in the middle of discovery) avoids any issue of mootness. See <u>Schreiber</u>, 402 F.3d at 1203-04. Given that there was no mootness issue, and certainly after having provided all the relevant documents to opposing counsel, there was simply no need to raise the joinder issue with the Court immediately as long as it was done well in advance of trial. See <u>General Battery Corp. v. Globe Union, Inc.</u>, 100 F.R.D. 258, 261 (D. Del. 1982) (Rule 25(c) does not "place any time limit on the parties to move for substitution or joinder after a transfer of interest <u>pendente lite</u>"); <u>Instuiform Technologies, Inc. v. Cat Contracting, Inc.</u>, 385 F.3d 1360, 1371-72 (Fed. Cir. 2004) (joinder granted over two years after transfer and after trial had been conducted).

## III. <u>AFFINION PROPERLY REMAINS A PLAINTIFF IN THIS CASE.</u>

Upon a transfer of interests, Rule 25(c) expressly permits that a new party be <u>either</u> joined <u>or</u> substituted in the action. Fed. R. Cir. P. 25(c). Maritz is attempting improperly to turn its opposition to this motion into a motion to dismiss Affinion as a plaintiff.

In any event, Maritz oversimplifies the issue of what circumstances permit the involvement of entities that have less than full rights under a patent in patent infringement

6

litigation. The test is not whether a license is "exclusive" or "non-exclusive," but rather whether the licensee has received the right to exclude others from practicing the invention or is simply a bare licensee. See Ortho Pharm. Corp. v. Genetics Inst., Inc., 52 F.3d 1026, 1031-32 (Fed. Cir. 1995); Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538, 1552 (Fed. Cir. 1995).

**REDACTED**

As the Federal Circuit has made plain, the issue of co-plaintiff standing requires an analysis of the actual rights belonging to the licensee to exclude others, not a robotic application of the exclusive/non-exclusive labels. See Ortho, 52 F.3d at 1032 ("it is the licensee's beneficial ownership of a right to prevent others from making, using or selling the patented technology that provides the foundation for co-plaintiff standing, not simply that the word exclusive may or may not appear in the license"). Thus, in contrast to the agreement at issue in Ortho,

**REDACTED**

See Ortho, 52 F.3d at 1032. Indeed, as one court has noted, where the patent owner and the purported co-plaintiff are related companies and jointly controlled, it is unclear what purpose is served by contentious motions practice over the issue of which parties are named plaintiffs. Pipe Liners, Inc. v. Amer. Pipe & Plastics, Inc., 893 F.Supp. 704, 706-07 (S.D. Tex. 1995). Where, as here, **REDACTED**

**REDACTED** it has sufficient standing to continue as a co-plaintiff in the action.

## CONCLUSION

For the foregoing reasons, as well as for the reasons set forth in Affinion's opening brief, Plaintiff's Motion to Join Assignee as Co-Plaintiff should be granted.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika

---

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
(302) 658-9200
*Attorneys for Plaintiff*
*Affinion Loyalty Group, Inc. (formerly*
*Trilegiant Loyalty Solutions Inc.) and*
*Affinion Net Patents, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

March 6, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 13, 2006 copies of the foregoing Redacted Version of Reply Memorandum in Support of Plaintiff's Motion to Join Assignee as Co-Plaintiff were filed with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Patricia Smink Rogowski
>Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on March 13, 2006 upon the following in the manner indicated:

### BY HAND

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

/s/ *Maryellen Noreika*
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
mnoreika@mnat.com