IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION LOYALTY GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | **REDACTED** |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MARITZ' RESPONSE TO PLAINTIFF'S FIRST
MOTION TO COMPEL PRODUCTION OF DOCUMENTS**


Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102

March 17, 2006

Attorneys for Defendant, Maritz Inc.

## TABLE OF CONTENTS

1.  The Scope of Privilege Waiver Does Not Extend to Invalidity
    Or Unenforceability ……….…………………………………………...1

2.  Plaintiff's Remaining Demands Fall Outside the Scope of Waiver………….2

3.  Plaintiff's Position Constitutes a Breach of Agreement
    Between Counsel………………………………...……………………………...3

4.  Conclusion………..………………………………………………………….4

Defendant Maritz Inc. makes this opposition to Plaintiff's Motion to Compel Production of Documents, filed February 13, 2006.

**1.    The Scope of Privilege Waiver Does Not Extend to Invalidity or Unenforceability**

The principal premise of plaintiff's motion is flawed. Plaintiff seeks the production of documents related to inadvertently produced Exhibits 76 and 77 ,[1] on the ground that ███████

█████████████████████████████████████████████████████████

████████████████████████ Notably, plaintiff makes this statement without appending the opinions themselves. This is no accident███████████████████████████

████████████████████████.

████████████████████████████████

███████████████████████████████████

████████████████████████████████████

█████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██████████████████████████████████

Waiver is always tied to the scope of the opining counsel's advice. *E.g., Novartis Pharm. Corp. v. Eon Labs Mfg., Inc.,* 206 F.R.D. 396, 398 (D.Del. 2002) (ordering discovery "with respect to the ***subject matter of counsel's advice***") (emphasis added). ██████████████



█████████████ Neither Exhibits 76 or 77, nor any other work of counsel ████████████ ████████████, falls within the scope of waiver. And, to reiterate, neither Exhibit 76 nor 77 were shown to the client.

### 2.    Plaintiff's Remaining Demands Fall Outside the Scope of Waiver

Though focusing on Exhibits 76 and 77 and the issue of invalidity (discussed above), plaintiff also appears to seek materials related to non-infringement, regardless of who may have prepared such analysis and regardless of whether it was communicated to the client.[3] As noted above████████ ██████████████████████████. Further, as to non-infringement, work product of litigation counsel is not within the scope of waiver, particularly where such was not communicated to the client.

The implication of plaintiff's argument is that every conversation, internal analysis, or other effort expended by litigation counsel (as contrasted with opining counsel) to understand the case should be subject to production. This would chill the right to effective assistance of counsel, and create a disincentive for litigation counsel to analyze case issues as part of representing a patent infringement defendant.

This analysis should not be affected by the fact that ██████████████████ ███████████████ are in the same firm as litigation counsel. This is ***not*** the case, as in *Novartis, supra,* ***where opining counsel also served as litigation counsel***. Neither ████████ █████████ has played that role here, a fact known to plaintiff.



---

[3] "Maritz should be compelled to produce all legal analysis of its defenses by any member of the Senniger, Power [sic] firm with regard to the subject matter of the opinions, ████████ ████████████████." D.I. 87 at 3. As discussed above, ████████ ████████████████████████████.

The mere fact that opining and litigation counsel are in the same firm begs the question of whether litigation counsel's work product, and/or communications with the client, are within the scope of waiver. Opining counsel, litigation counsel, and/or the client can as readily communicate with one another if opining and litigation counsel are in different firms as they can if all counsel are in the same firm. The "same firm" point should not be given substantive weight.

Maritz has made a substantial production of privileged and work product material related to the subject matter of the opinions. It has also erred on the side of production with respect to certain other materials (███████████████████████).[4] Plaintiff should not be permitted a roving commission to explore the files of Maritz's litigation counsel, for the reasons stated here.

### 3.    Plaintiff's Position Constitutes a Breach of Agreement Between Counsel

The parties previously agreed that post-litigation items would not be included on the privilege logs to be exchanged between them. *See* Exs. 3A-D. For its part, plaintiff's incentive for making this agreement is plain: its litigation counsel was and continues to be heavily involved in orchestrating a course of conduct before the US PTO whereby highly material information has been withheld during prosecution of one of the patents in suit, the '012 patent, and a related patent application. It was apparent that plaintiff did not wish to log its ongoing communications of counsel and work product related to this inequitable conduct, which is an issue in this case.[5]

---

[4] These relate to ██████████████████████████████████████████
████████████████████████████████████

[5] Plaintiff acquired the Netcentives patent rights out of bankruptcy, in face of pending litigation raising serious issues whether the patents were actually co-invented by employees of Carlson, Inc., and as such owned by it. These ownership allegations – including that the correct inventors were omitted from the patents in suit -- were most substantial. In fact, ██████████████████
████████████████████████████████████████████████ In violation of PTO rules and basic principles of disclosure, applicant and its attorneys did not disclose the inventorship/ownership squabble, the fact of litigation over those issues, or numerous litigation allegations of patent invalidity and prior art (including the Chelliah reference) to the PTO. Indeed, another related patent application, claiming the same priority as the patents in suit, has been prosecuted by

However, now that the parties have exchanged privilege logs in accordance with the agreement, plaintiff seeks to backtrack. In bringing this motion, it attempts to skip past the privilege log issue altogether. This conduct should not be countenanced. ██████████████

████████████████████████████████████████████████

██████████████████████████████ It has also declined to log any items related to the pending patent application – where material information continues to be withheld – on the ground that it is "overbroad and unduly burdensome." Ex. 4.[6]

If plaintiff is to be permitted to renege on its agreement, it should be similarly compelled to produce a privilege log of its post-litigation activity. This will be subject of a forthcoming motion to compel, along with a request seeking *in camera* review of the post-litigation items appearing on plaintiff's log as potentially relating to its ongoing course of inequitable conduct.

4.    **Conclusion**

Plaintiff's motion to compel, with respect to invalidity and unenforceability, should be denied. ██████████████████████████████████████████.

As to non-infringement, the motion should be denied because (a) privileged and work product materials involving opining counsel have already been provided to plaintiff, and (b) the logic of *Novartis* should not apply since opining counsel does not serve as litigation counsel. Finally, because, in bringing this motion, plaintiff effectively reneges on a prior agreement between the parties, and itself has failed to log post-litigation items potentially related to inequitable conduct, its request should not be countenanced.

---

Rothwell for several years through present, and the foregoing items have apparently never been disclosed in that application.

████████████████████████████████████████████████

[6]  We have also just learned that plaintiff apparently has two other patent applications claiming the same priority as the patents-in-suit concerning which no production whatsoever has been made to Maritz, nor concerning which a privilege log has been provided.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ


Date:  March 17, 2006                    By: */s/ Patricia Smink Rogowski*
                                             Patricia Smink Rogowski (#2632)



                                         Rudolf E. Hutz (#484)
                                         Patricia Smink Rogowski (#2632)
                                         The Nemours Building
                                         1007 Orange Street
                                         P.O. Box 2207
                                         Wilmington, DE 19899
                                         (302) 658-9141

                                         J. Bennett Clark
                                         David W. Harlan
                                         Jennifer E. Hoekel
                                         Marc W. Vander Tuig
                                         SENNIGER POWERS
                                         One Metropolitan Square, 16th Floor
                                         St. Louis, MO 63102
                                         (314) 231-5400

                                         Attorneys for Defendant
                                         Maritz Inc.

# EXHIBIT 1 A

# Has been REDACTED in its entirety

# EXHIBIT 1 B

# Has been REDACTED in its entirety

# EXHIBIT 1 C

# Has been REDACTED in its entirety

# EXHIBIT 1 D

# Has been REDACTED in its entirety

# EXHIBIT 2 A

# Has been REDACTED in its entirety

# EXHIBIT 2 B

# Has been REDACTED in its entirety

# EXHIBIT 2 C

# Has been REDACTED in its entirety

# EXHIBIT 2 D

# Has been REDACTED in its entirety

# EXHIBIT 3 A

# Has been REDACTED in its entirety

# EXHIBIT 3 B

# Has been REDACTED in its entirety

# EXHIBIT 3 C

# Has been REDACTED in its entirety

# EXHIBIT 3 D

# Has been REDACTED in its entirety

# EXHIBIT 4

# Has been REDACTED in its entirety

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2006, I electronically filed the **REDACTED** version of **MARITZ' RESPONSE TO PLAINTIFF'S FIRST MOTION TO COMPEL PRODUCTION OF DOCUMENTS** filed on March 7, 2006, with the Court Clerk, using CM/ECF which will send notification of such filing(s) to plaintiff's attorneys listed below.  I hereby further certify that on March 17, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Facsimile**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 2005

Attorneys for Plaintiff


                                        */s/ Patricia Smink Rogowski*
                                        Patricia Smink Rogowski (#2632)