IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION LOYALTY GROUP, INC., </br></br>  Plaintiff, </br></br> v. </br></br> MARITZ INC., </br></br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) |

Civil Action No. 04-360-JJF

**REDACTED**

## MARITZ' RESPONSE TO PLAINTIFF'S SECOND MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
Jennifer E. Hoekel
Marc W. Vander Tuig
David J. Harlan
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Defendant

Dated: March 17, 2005

## TABLE OF CONTENTS

A.  The Redaction Issue Is Moot..................................................................1

    1.  Background..................................................................................1

    2.  Maritz Has Logged Redacted Documents......................................1

B.  Maritz Has Satisfied Fed.R.Civ.P. 25(b)(5)..............................................2

    1.  Maritz' Logs Satisfy Fed.R.Civ.P. 25(b)(5)...................................2

    2.  Plaintiff Has Ample Information to Assess Privilege.....................3

C.  Conclusion...............................................................................................4

Plaintiff moved to compel the production of certain privileged documents produced in redacted form and seeks an *in camera* review of certain documents for supposed deficiencies in the descriptions on the privilege log (D.I. 92 or *Second Motion*). The motion should be denied because the redaction issue is moot and the descriptions satisfy Fed.R.Civ.P. 25 (b) (5).

A.      The Redaction Issue Is Moot.

1.      *Background.* In early January 2006, Maritz and Trilegiant each requested the other to supplement its privilege log to identify redacted portions of documents. *Exs. 1 and 2.* On January 23, 2006, Maritz e-mailed its Revised Privilege Log, which identified redacted information and the privilege basis. *Exs. 3 and 4.* The next day, Maritz produced documents to reflect its revised log. *Ex. 5.*

After receiving Maritz' revised privilege log, counsel for Trilegiant wrote, "[M]aritz still has not produced a privilege log for the documents previously produced in redacted form." *Ex. 6, p.2.* On February 6, 2006, Maritz referred counsel to Maritz' revised log. *Ex. 7.* On February 7, 2006, Maritz again referred plaintiff to the revised privilege log. *Ex. 8.* Ignoring these events, on February 17, 2006, plaintiff wrote that "[M]aritz still has not produced a privilege log for *any* of the numerous documents Maritz produced in redacted form in 2005. . . ." (emphasis in original). *Ex. 9.*

2.      *Maritz Has Logged Redacted Documents.* Plaintiff claims Maritz has ignored requests to provide a log of redacted documents. *Second Motion, p. 2.* The facts are to the contrary. *See Exs. 4 and 5.* Maritz' revised privilege log has approximately 80 entries for redacted documents produced in discovery.[1] Redacted (unprivileged) versions of the documents were produced. *Id.* Typical of the 80 entries relating to redacted documents is the entry for Document 6:

---

[1] Plaintiff also pointed out four redacted documents that were inadvertently omitted from the log. Maritz produced these documents without any redactions on February 23, 2006, along with an apology for the oversight. *Ex. 11.*

1

| Doc# | Date/ Undated | Author | Recipient | cc: | Description: | Privilege Basis |
|---|---|---|---|---|---|---|
| 06 | 1/26/2000 | James Barta, Esq. | Tom Bushold; Mark Shipley | Carol Wofsey, Esq. | E-mail between outside counsel, client and in-house counsel and client conveying legal advice re patent protection with attached draft patent application (Redacted version of document to be produced) | A/C |

Ex. 10 is the redacted version of Document No. 6.

Maritz cannot understand why the matter of redacted documents is part of this motion to compel other than to create a false impression about its discovery conduct. Both parties omitted log entries for redacted documents on their initial privilege logs. Upon request of the other, both parties supplemented their logs to provide descriptions of redacted information. Maritz' revised log shows approximately 80 redacted entries. *Ex. 4*. Upon learning that there had been a clerical error, Maritz promptly cured the deficiency. Maritz is unaware of other errors, but is prepared to rectify any that exist.

### B. Maritz Has Satisfied Fed. R. Civ. P. 25(b) (5).

Plaintiff complains that Maritz' log does not identify particular patents, contracts and business opportunities. *Second Motion, p. 2*. Plaintiff identifies the supposedly deficient entries in nine footnotes. *Id.* at pp. 2-4. Inexplicably, the footnotes refer to entries on Maritz' *initial* privilege log, *not* to its *revised* log, with minor exceptions. This too creates a false impression.

    1. *Maritz' Logs Satisfy Fed. R.Civ. P. 25 (b)(5).* Rule 25(b)(5) requires the proponent of privilege to give sufficient detail for the other party "to assess the applicability of the privilege" without disclosing privileged information.[2] In this Circuit, Rule 25(b)(5) is satisfied without providing specific descriptions of privileged subject matter. *Rossi v. Standard Roofing, Inc.*, 156 F3d

---

[2]Plaintiff claims to need this detail because of Maritz' defense of reliance on the non-infringement opinions of counsel. Plaintiff implicitly and erroneously argues that the scope of the privilege waiver is broader than non-infringement. Plaintiff's Motion to Compel, D.I. 87, raises this issue explicitly. On this issue, the Court is referred to Maritz' response to that motion.

2

452, 478 n 16 (3d Cir. 1998) (District Court did not err by denying motion to compel identity of party to privileged conversation described in log.) Maritz' revised log satisfies Fed.R.Civ.P. 25(b)(5) and *Rossi*.

    2.  *Plaintiff Has Ample Information to Assess Privilege.* Plaintiff's complaints are directed at Maritz *initial* log for the most part.[3] Maritz' revised log and documents produced in connection with it are largely ignored, despite the fact they resolve all or virtually all of plaintiff's complaints.

Footnote 1, for example, includes the description of Document 6, in the *initial* log as inadequate because it does not identify the patent involved. *Second Motion, p. 2*. The *revised* log identifies the privileged part as "conveying legal advice re patent protection with attached draft patent application." *Ex. 4*. This describes Maritz seeking legal advice about filing a patent application. Thus, it is outside the scope of a waiver relating to Maritz' non-infringement opinions. Moreover, the redacted document, which Maritz produced on January 24, 2006, identifies the draft patent application in question.[4] *See Ex. 9*.

Footnote 8, which is typical of most of the others, complains about the descriptions of Documents 100, 112, 122-26, 132 and 166 on the *initial* log. In conjunction with the *revised* log, Maritz produced redacted versions of Documents 100, 112, 122, 123, 124, 126 and 166. The *revised* log and the non-privileged material produced provide ample detail to assess that the privileged portions are outside the scope of the waiver here. *Exs. 12-18*. The descriptions for Documents 125 and 132 relat-

---

[3] Footnotes 1, 2, 4, 5, 7, 8 and 9 of plaintiff's second motion refer exclusively to plaintiff's Exhibit 1, the *initial* log. Footnote 6 refers to 18 entries on the *initial* log and only three entries of the *revised* log. Footnote 3 only refers to three entries on the *revised* log.

[4] The revised log entry for Document 6 describes the redacted, privileged communications with outside patent counsel. *Ex. 4*

3

132 relating to "employee investments" are sufficient on their own to reach that same assessment. Personal investments by employees have no nexus with Maritz' defenses here.

In Footnote 3, plaintiff quarrels with descriptions of Documents 172, 187 and 188 of the *revised* log. Document 172 is described as relating to legal advice about a Maritz patent application. As discussed above, this is outside the scope of the waiver here. Document 187, produced in redacted form, relates to an unidentified patent other than a patent-in-suit. Document 188, produced in redacted form, relates in part to obtaining an opinion about the patents-in-suit and in part to an opinion about unrelated patents. *See Ex. 19*. The part about the patents-in-suit was produced. The legal advice about the unrelated patents was not produced. *Id.* at p. 2. The log description and redacted document are clearly adequate for plaintiff to assess Maritz' privilege claim.

Footnote 6 complains only about 3 entries on the *revised* log—Documents 176, 179 and 184. Redacted versions of these documents were produced that fully describe the "business opportunity" in question. *See Exs. 20-22*. These documents relate to events in 1995-96, before issuance of the patents-in-suit. Thus, these documents are outside the scope of the waiver here.

C.  Conclusion.

The Second Motion to Compel should be denied. The revised log and the redacted documents are sufficient for plaintiff's assessment under Fed.R.Civ.P. 25 (b)(5).

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: */s/ Patricia Smink Rogowski*
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

4

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Defendant, Maritz Inc.

INDEX OF EXHIBITS

| Ex. | Description |
| --- | --- |
| 1. | Letter, D. Harlan to S. Lieberman, January 3, 2006 regarding Privilege Log |
| 2. | Letter, R. Brenner to D. Harlan, January 6, 2006 |
| 3. | E-mail, S. Eidson to R. Brenner, January 23, 2006 regarding Revised Privilege Log |
| 4. | Revised Maritz Privilege Log, January 23, 2006 |
| 5. | Letter, K. Abbiss to R. Brenner, January 24, 2006 |
| 6. | R. Brenner to D. Harlan, January 26, 2006 |
| 7. | Letter, D. Harlan to R. Brenner, February 6, 2006 regarding Privilege Log |
| 8. | Letter, D. Harlan to R. Brenner, February 7, 2006 regarding Privilege Log Issues |
| 9. | Letter, R. Brenner to D. Harlan, February 17, 2006 |
| 10. | E-mail, C. Wofsey to T. Bushold, January 20, 2001 regarding Second Draft of Patent Application for Vault/eVault (MRZ 8984) |
| 11. | Letter., D. Harlan to R. Brenner, February 23, 2006 regarding Privilege Log Issues |
| 12. | E-mail from D. Carrithers to D. Carrithers dated October 30, 2000 regarding Carlson News |
| 13. | E-mail from D. Carrithers to D. Carrithers dated October 30, 2000 regarding Carlson News |
| 14. | E-mail from S. Wheeler to M. Tenholder dated February 1, 2000 regarding Competition for WebMiles |
| 15. | E-mail from M. Glazer to J. Risberg, Esq. and B. Fitzpatrick dated October 7, 1999 regarding Netcentive Directed Share Offering |
| 16. | Wall Street Journal Article dated October 8, 1999 entitled, "NASD Adopts Bar to Hot IPO Shares for Some Investors" |
| 17. | E-mail from J. McCarthur, Esq. to J. Risberg, Esq., dated October 7, 1999 regarding Netcentives Directed Share Offering with attached list of team members |
| 18. | Joint Case Management Statement and proposed Order from Netcentives Inc. v. The Sperry Hutchinson Company Inc., et al. |
| 19. | Letter, J. Barta, Jr. to C. Wofsey, October 23, 2000, regarding Vault Clearance Opinion Instructions |
| 20. | Project Gateway Meeting Agenda, October 27, 1995 |
| 21. | Interactive Services New Business Venture |
| 22. | Transmittal note and attached Letter from J. Modica, Letter dated May 29, 1996 regarding Goldmail Product Testing |