**SENNIGER POWERS**

ATTORNEYS AT LAW   PATENTS TRADEMARKS   LITIGATION COPYRIGHTS   TECHNOLOGY ANTITRUST

ONE METROPOLITAN SQUARE
16TH FLOOR
SAINT LOUIS, MISSOURI 63102

314-231-5400 V
314-231-4342 F

SENNIGER.COM

January 3, 2006

*Via E-Mail and U.S. Mail*
Steven Lieberman, Esq.
Sharon L. Davis, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

  *Re: Trilegiant Privilege Log*

Dear Steve and Sharon:

  The Privilege Document Log submitted by Trilegiant dated December 2, 2005, has a number of shortcomings. In light of the discovery schedule in this case, we would like to have the log supplemented as quickly as possible, but not later than January 16, 2006. Attachment A lists by group and entry number, the specific log entries that require supplementation.

  Group One entries mainly involve documents written or received by Peter McGonagle or by Todd Siegel. Although both are attorneys for Trilegiant, their corporate titles disclose that they have corporate and business responsibilities in addition to legal duties. Throughout the log, the listed entries are described with nearly identical phrases followed by a short, uninformative topic line. These descriptions do not provide sufficient factual detail for us to determine whether withholding the document on the basis of privilege is warranted or not. Since establishing privilege is an obligation of the proponent, we ask that you supplement the log in sufficient detail that we can be certain that the communication in question is in fact a confidential communication between lawyer and client versus a business communication. A few entries in this group are documents prepared by your law firm, but no attorney client privilege is invoked. This also requires supplementation.

  Group Two entries are communications that were neither prepared by nor sent to an attorney. The descriptions are formulaic and too general to establish whether a privilege claim is appropriate or not.

  Group Three entries involve documents that predate Trilegiant's ownership of the patents in suit. In some instances, the documents predate issuance of the patents. We do not believe that Trilegiant has any privilege claim over these documents and we ask that they be produced immediately.

Ex. 1

Steven Lieberman, Esq.
Sharon L. Davis, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
January 3, 2006
Page Two

      Group Four entries are mainly notes written by Peter McGonagle. They are not addressed to anyone. They are described in formulaic language that does not provide sufficient detail from which to determine whether privilege is being properly invoked or not. We ask that you supplement these entries with additional facts to substantiate your claim of privilege.

      Group Five entries involve communications with third parties, i.e. persons other than Trilegiant and its attorneys. Some entries predate Trilegiant's acquisition of the patents and should be turned over immediately. As to the others, nothing in the formulaic descriptions supports a joint attorney-client relationship between these third parties and Trilegiant or a work product doctrine privilege. Except where immediate production is requested, we ask that you supplement these entries so that we can determine whether the privilege claim is warranted or not.

      Group Six entries are a particularly troubling category. E-mail strings and documents with attachments are bundled without description of the individual component documents. As a result, it is impossible to determine whether privilege attaches to the entire bundle, just to some of the component documents or to none of them. We ask that you supplement your log to provide complete particulars of each component document being withheld and the basis for the withholding.

      Category Seven documents consist of documents produced to us in redacted form. We assume the redactions relate to portions of a document that are being withheld on the basis of some claim of privilege. No redacted documents were identified on the privilege log. Please supplement to cure this irregularity.

      If you will be unable to supplement your privilege log by January 16, 2006, as requested, please contact me immediately to discuss when you will be able to supplement. I am very concerned with the looming expert reports deadline and the end of discovery.

                                        Sincerely,

                                        David W. Harlan

DWH:mag

## Attachment A

## Trilegiant Privilege Log

### Group One

The following log entries are Group One documents.

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 26 | 35 | 50 | 86 | 142 | 255-56 | 323-24 | 386 | 489 | 534 | |
| 27 | 39 | 60 | 89 | 158 | 257-58 | 326-327 | 412-14 | 491 | 535-36 | |
| 28 | 40 | 61 | 91 | 213 | 265-66 | 329 | 415 | 492 | 545-546 | |
| 29 | 41 | 62 | 97 | 215 | 288-290 | 335-37 | 448-49 | 519 | | |
| 30 | 42 | 63 | 109 | 226 | 311 | 345 | 474 | 520 | | |
| 31 | 43 | 79 | 112 | 228-32 | 315 | 349 | 483-84 | 521-24 | | |
| 31-32 | 44 | 81 | 113-115 | 235 | 317 | 350 | 486 | 525 | | |
| 33 | 45 | 83 | 127 | 238 | 318-22 | 361 | 487 | 526-32 | | |
| 34 | 47 | 84 | 128 | 246 | 321-322 | 366 | 488 | 533 | | |

### Group Two

The following log entries are Group Two documents.

| | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 3 | 28 | 40 | 80 | 113- | 142 | 161 | 224-25 | 307 | 375-77 | |
| 4 | 29 | 41 | 90 | 115 | 143 | 163-65 | 236 | 309-10 | 368-69 | |
| 5 | 30 | 42 | 91 | 119-24 | 144-48 | 168 | 237 | 313-14 | 378 | |
| 6 | 31 | 43 | 95 | 134 | 149 | 172-75 | 239-45 | 316 | 381-84 | |
| 7 | 32 | 44 | 102 | 135 | 154 | 180-82 | 247-53 | 322 | 419 | |
| 8 | 33 | 45 | 105 | 136 | 156 | 198-99 | 255-56 | 340-44 | 422-23 | |
| 9 | 34 | 48 | 107 | 137 | 157 | 202 | 269 | 348 | 31 | |
| 10-25 | 35 | 56 | 110 | 140 | 159 | 214 | 286-87 | 356-65 | | |
| 27 | 39 | 59 | 111 | 141 | 160 | 220-21 | 291- | 367 | | |

### Group Three

The following log entries are Group Three documents.

111   129-32   133   374   382-84   451-482   493-518   537-44   535-36

*CONFIDENTIAL*
ATTORNEY CLIENT COMMUNICATION;
ATTORNEY OPINION WORK PRODUCT

## Group Four

The following log entries are Group Four documents.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 385 | 388-95 | 407 | 416-17 | 422-23 | 428-32 | 441 | 448 |
| 387 | 398-400 | 411 | 419 | 424-26 | 437-39 | 445 | |

## Group Five

The following log entries are Group Five documents.

| | | | | |
|---|---|---|---|---|
| 127 | 213 | 468-69 | 459-60 | 464 |

## Group Six

The following log entries are Group Six documents.

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| 1 | | 54 | 81 | 105 | 143 | 184-189 | 237 | 289-90 | 356 |
| 2 | 31 | 55 56 | 83 | 107 | 150 | 190-99 | 239-41 | 313 | 361 |
| 3 | 32 | 57 | 86 | 107 | 151 | 191 | 244-47 | 308-11 | 401-02 |
| 3 | 33 | 60-62 | 87 | 108 | 152 | 201 | 249-50 | 315-16 | 405 |
| 4 | 36 | 61 | 88 | 110 | 153-54 | 203 | 252-53 | 318 | 409 |
| 5 | 39 | 63 | 89 | 112 | 155 | 206 | 254 | 320-22 | 411 |
| 6 | 41 | 66-70 | 90 | 118 | 156 | 207 | 255-56 | 323-24 | 415 |
| 7 | 42 | 72 | 91 | 125 | 157 | 208-211 | 261 | 326 | 418 |
| 8 | 43 | 73 | 92 | 134 | 158 | 217-18 | 262 | 328 | 420 |
| 9 | 45 | 74 | 96 | 135 | 159 | 220-21 | 263 | 331 | 420-21 |
| 11 | 46 | 75 | 97 | 136 | 162 | 223-25 | 265 | 333 | 433-34 |
| (not | 47 | 77 | 100 | 137 | 165-67 | 228-32 | 266-73 | 335-37 | 435 |
| 19-20) | 48 | 78 | 101 | 138 | 169 | 233 | 275-80 | 339 | 442 |
| 13-25 | 52 | 79 | 102- | 140 | 176-79 | 235 | 283-84 | 346 | 491 |
| 28 | 53 | 80 | 03 | 142 | 181-82 | 236 | 287 | 348-49 | 49-51 |

*CONFIDENTIAL*
ATTORNEY CLIENT COMMUNICATION;
ATTORNEY OPINION WORK PRODUCT