

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

January 6, 2006

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Elizabeth A. Leff
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Carla C. Calcagno
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom

Anne M. Sterba
Lisa N. Phillips
Leigh Z. Callander
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Brian A. Tollefson
Joo Mee Kim*
Steven M. Giovannetti
Hyunkweon Ryu
R. Elizabeth Brenner
Adam M. Treiber
Daniel L. Shores
Joseph E. Green

Of Counsel
John A. McCahill
Barbara Webb Walker, Ph.D.

*Not Admitted in D.C.

**VIA FACSIMILE**

David W. Harlan, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square, 16th Floor
St. Louis, MO 63102

Re:  Trilegiant Loyalty Solutions v. Maritz
     Our Reference 2829-179

Dear David:

I write in response to your January 3, 2006 letter regarding Trilegiant's privilege log. We agree with you that both parties should make whatever supplementations to their privilege logs may be necessary as soon as possible. Trilegiant will make all attempts to address the issues you have raised in your letter by the date you request, January 16, 2006. We in turn request that Maritz also remedy the shortcomings in its privilege log (discussed below) by that date.

We also request that by January 16, 2006 Maritz complete its production of documents relating to its advice of counsel defense, including all attorney-client privileged communications and attorney work product relating <u>directly or indirectly</u> to Maritz's invalidity, unenforceability, and non-infringement contentions, including those documents dated after the filing of suit. Any withheld documents must be included on a privilege log. In particular, we await a complete copy of the document containing Defendant's Deposition Exhibits 66 and 67, which we specifically requested on December 28, 2005. Mark Shipley testified on December 19, 2005 that Maritz also sought legal advice regarding infringement of the Netcentives patents from Thompson Coburn LLP. All documents relating to the legal advice Maritz sought from Thompson Coburn, including correspondence and attorney work product, must be produced.

Maritz has not produced a privilege log for the documents it produced in redacted form. Please do so by January 16, 2006.

Documents 2, 3, 137, 138, 141 and 160-165 do not appear to be prepared in anticipation of litigation and Maritz's withholding of these documents on the basis of work product (as stated on the log) thus is unwarranted. If the attorney-client privilege is claimed the log must be amended to so state; otherwise these documents must be produced.

<u>Nearly one-half</u> of the documents listed on the log (5-10, 13-17, 19-33, 43-49, 51-53, 55-75, 82, 83, 85-91, 105-107, 117-119, 168 and 171) are given the stock and uninformative description that they involve a communication between counsel and client "conveying legal advice regarding patent protection" or "conveying legal advice regarding obtaining patent

Ex. 2

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

David W. Harlan, Esq.
January 6, 2006
Page 2

protection." Such descriptions are insufficient for Trilegiant to assess whether Maritz's claim of privilege is warranted. Further detail, including identification of the each patent or patent application discussed in the document, is necessary for Trilegiant to assess Maritz's claims of privilege. For example, if the patent or patent application being discussed in the document is a patent in suit, the document must be produced. A similar problem attends to documents 1 and 54.

More than one-quarter of the documents listed on Maritz's privilege log (18, 34-42, 76-80, 84, 121, 127-131, 133-142, 144-153, 155-158 and 167) are given the stock description that they involve a communication between counsel and client regarding a "contractual agreement." Again, without knowing the identity of the parties to the contract or the type of contract, Trilegiant cannot assess whether Maritz's claim of attorney-client privilege is proper. Accordingly, further detail is necessary. For example, if the contractual agreement being discussed in the document relates to Maritz's licensing or purchase of Netcentives patents, the document must be produced.

A similar problem attends to the large number of documents (50, 81, 97, 108, 109, 120, 143, 154, 159-165 and 170) given the stock description that they involve a communication between counsel and client regarding a "business opportunity" or "potential business opportunity." Further detail, such as the identification of the parties to the business opportunity discussed and a brief description of the opportunity, is necessary for Trilegiant to assess Maritz's claim of privilege.

The descriptions for documents 12, 100 and 166 do not identify the "litigation" being discussed and are thus insufficient for Trilegiant to assess whether Maritz's invocation of the attorney-client privilege is proper. Similarly, more detailed descriptions of the "programs" discussed in documents 112 and 122, and of the "employee investments" discussed in documents 123-126 and 132, are necessary.

Lastly, approximately one-half of the documents listed on Maritz's privilege log are described as a "series of e-mails." Maritz has not listed all authors, recipients, and copy recipients in these e-mail strings. Such information is necessary for Trilegiant to properly evaluate Maritz's claims of privilege; please supplement accordingly. Moreover, none of the documents on the log are described as containing attachments. The log must identify e-mails and other documents with attachments and include descriptions sufficient information to enable Trilegiant to assess the applicability of the privilege or protection claimed.

Very truly yours,

*Liz Brenner*

R. Elizabeth Brenner

REB:erh
L:\2829\2829-179.LIT\LETTERS\HARLAN.L1.DOC

2