ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Elizabeth A. Leff
Richard Wydeven
Marrin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Carla C. Calcagno
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom

Anne M. Sterba
Lisa N. Phillips
Leigh Z. Callander
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Brian A. Tollefson
Joo Mee Kim*
Steven M. Giovannetti
Hyunkweon Ryu
R. Elizabeth Brenner
Adam M. Treiber
Daniel L. Shores
Joseph E. Green

Of Counsel
John A. McCahill
Barbara Webb Walker, Ph.D.

*Not Admitted in D.C.

January 26, 2006

**VIA E-MAIL**

David W. Harlan, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square, 16th Floor
St. Louis, MO 63102

> Re: Trilegiant Loyalty Solutions v. Maritz
>     Our Reference 2829-179

Dear David:

In my January 6, 2006 letter to you, I requested that Maritz remedy the numerous deficiencies in Maritz's privilege log. Maritz's revised privilege log does not address the following deficiencies that I identified in that letter.

Over one-half of the documents listed on the log were given the stock and uninformative description that they involve a communication between counsel and client "conveying legal advice regarding patent protection" or "conveying legal advice regarding obtaining patent protection." Maritz's revised log still does not provide descriptions sufficient for Trilegiant to assess whether Maritz's claim of privilege is warranted. All we have asked is for Maritz to identify the patent or patent application discussed in the document so that Trilegiant is able to confirm that Maritz's claims of privilege is proper.

Similarly, with regard to the many documents that were described as involving a communication between counsel and client regarding a "contractual agreement," Maritz's revised log still does not provide descriptions sufficient for Trilegiant to assess whether Maritz's claim of privilege is warranted. All we have asked is for Maritz to identify the parties to the contract and the type of contract so that Trilegiant can confirm that Maritz's claim of attorney-client privilege is proper and that the contract does not relate to Trilegiant or Netcentives.

We asked that the same basic information be provided with regard to the documents described as involving a communication between counsel and client regarding a "business opportunity," "potential business opportunity," "litigation," "program," or "employee investment." Trilegiant merely seeks information regarding the parties to the business opportunity, litigation, program, or investment, in order to confirm that the subject matter of the document does not relate to Trilegiant or Netcentives. Maritz's revised log does not clarify the matter at all.

Ex. 6

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

David W. Harlan, Esq.
January 26, 2006
Page 2

    The specific documents to which the foregoing objections pertain are identified in my January 16, 2006 letter. The same information must also be provided for the new documents listed on the privilege log. We do not see how Maritz can possibly find these objections to be unreasonable or unduly burdensome, and do not understand the basis for Maritz not providing the information sought.

    Moreover, Maritz still has not produced a privilege log for the documents previously produced in redacted form.

    If Maritz does not produce a revised privilege log that addresses the foregoing objections by January 30, 2006, Trilegiant will have no recourse but to address this matter before the Court.

                                                  Very truly yours,

                                                 R. Elizabeth Brenner

REB:erh

cc:    J. Bennett Clark, Esq.
        Scott Eidson, Esq.

Enclosure

L:\2829\2829-179.LIT\LETTERS\HARLAN.L9.DOC