# SENN GER
# POWERS

ATTORNEYS
AT LAW

ONE METROPOLITAN SQUARE
16TH FLOOR
SAINT LOUIS, MISSOURI 63102

314-231-5400
314-231-4342

February 6, 2006

*Via E-Mail and U.S. Mail*
Elizabeth Brenner
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K. Street, N.W., Suite 800
Washington, D.C. 20005

Re: *Privilege Log*

Dear Elizabeth:

I am writing in response to your letter of January 26, 2006.

First, I find it curious that you are asking Maritz to provide information on its log that Trilegiant is unwilling to provide on its own log. For example, in a recent letter, you refused to supplement your log by identifying the individual e-mails comprising an e-mail string because Maritz had not done that in its log. Of course as you now know, Maritz did break out the constituent parts of e-mail strings when it supplemented its log. We expect Trilegiant to supplement its log in this respect by February 13, 2006. The same applies to unidentified attachments to letters and e-mails.

Second, you requested that Maritz provide a log of its redacted documents. I refer you to our supplemental log that identifies redacted documents.

You quarrel with the descriptions in our revised log because they do not identify particular patents, particular applications, particular contracts or particular business opportunities. For example, you express consternation that "Over one-half of the documents listed on the log...involve a communication between counsel and client 'conveying legal advice regarding patent protection' or 'conveying legal advice regarding patent protection.'" I did a sampling of the privileged documents with these descriptions. The documents sampled related to what is described, namely, Maritz seeking or receiving legal advice about its obtaining patent protection, applying for a patent or similar activity. I cannot perceive a deficiency in such a description.

The larger question is your apparent assumption that no document is privileged if it concerns, however tangentially, your client or its patents. We do not believe that to be a supportable assumption given the circumstances of this case. As we see it, Maritz' assertion of reliance on the advice of counsel as a defense to your willfulness claim does not mean that Maritz has waived the attorney-client privilege across the full breadth and scope of all confidential communications with its attorneys.

Ex. 7

Elizabeth Brenner
February 6, 2006
Page Two

    If you are unwilling to supplement your privilege log as requested here and in my previous correspondence, please advise me before the 13th, so that no further time is wasted.

                              Yours very truly,

                              David W. Harlan

DWH:mag