I.  **Description Of The Case**

    A.  A brief description of the events underlying the action:

        1.  Plaintiff Netcentives Inc. ("Netcentives") owns U.S. Patent Nos. 5,774,870 ("'870 patent") and 6,009,412 ("'412 patent"), relating to on-line incentive award/consumer loyalty programs.

        2.  Netcentives alleges that WebMiles.com Corporation ("WebMiles") infringes the '870 and '412 patents.

        3.  WebMiles denies that it infringes the '870 and '412 patents.

    B.  The principal factual and legal issues which the parties dispute are:

        1.  The scope of the claims of the '870 and '412 patents.

        2.  Whether a comparison of the claims of the '870 and '412 patents to WebMiles' merchant loyalty program establishes infringement.

        3.  Whether WebMiles' alleged infringement was willful.

        4.  Whether there are damages resulting from WebMiles' alleged infringement and if so, the extent of damages flowing from that infringement.

WebMiles also anticipates amending its answer to assert the defenses of invalidity and unenforceability due to inequitable conduct. The parties reserve the right to raise additional issues that may arise through the course of discovery.

    C.  The other factual issues as to service of process, personal jurisdiction, subject matter jurisdiction or venue which remain unresolved: None.

PAGE 2 - JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER

MAR11 3115

D. The parties which have not been served: None.

E. The additional parties which the parties intend to join and the intended time frame for such joinder:

1. On June 7, 2000, this Court reassigned the related case *Netcentives Inc. v. Massmedium.com, Inc. et al.*, C-00-0986 to Your Honor.

2. Netcentives is presently negotiating with several other entities which Netcentives believes are infringing the patents asserted in this case. If Netcentives is unable to reach agreement with these other entities, Netcentives anticipates filing another patent infringement lawsuit in this court.

In order to promote prompt and efficient resolution of all of the disputes, avoid unnecessary duplicate judicial activity, and avoid conflicting determinations, the parties propose that any action asserting the same patents, which Netcentives files by July 21, 2000 in this court, be assigned to Your Honor. Further, so that all of the related cases may proceed on the same schedule, the parties have agreed to a schedule in this case which would correspond to a related case filed by July 21, 2000. Finally, in order to minimize delay in all of the cases, Netcentives will serve its Initial Disclosure of Asserted Claims against any defendants in the later case, also by July 21, 2000. The schedule set forth herein corresponds to these deadlines.

II. **Alternative Dispute Resolution**

A. The following parties consent to assignment of this case to a United States Magistrate judge for trial: None.

B. The parties have not been assigned to a court ADR process.

PAGE 3 - JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER

MAR113116

C.  The parties request referral to an ADR process, in the form of nonbinding **Early Neutral Evaluation**. Furthermore, the parties suggest that the ADR process in this case be consolidated with the ADR process in the related case *Netcentives Inc. v. Massmedium.com, Inc.*

III. **Disclosures**

A.  Netcentives certifies that on May 4, 2000, it made the disclosures required by, and produced 298 pages of documents pursuant to, Civ. L.R. 16-7, and that on June 7, 2000 it made the disclosures required by, and produced 50 pages of documents pursuant to, Fed. R. Civ. P. 26(a) and Civ. L.R. 16-5.

B.  WebMiles certifies that on June 7, 2000, it made the disclosures required by, and produced 160 pages of documents pursuant to, Fed. R. Civ. P. 26(a) and Civ. L.R. 16-5. WebMiles plans to make the disclosures and produce documents (if any) required by Civ. L.R. 16-7(d) by June 28, 2000 (the deadline for such disclosures).

IV. **Discovery**

A.  The parties have agreed to the following schedule (which would supercede the schedule set forth in the Stipulation and Order Re: Extension of Time for Compliance with Local Rules Governing Patent Cases, entered by the Court on April 14, 2000, and which schedule, as discussed in Section I.E., would correspond to a related case filed by July 21, 2000):

1.  

| Action | Due Date |
|---|---|
| Netcentives' Initial Disclosure of Asserted Claims and accompanying document production | May 4, 2000 |
| WebMiles' Initial Disclosure of Prior Art and accompanying document production | June 28, 2000 |
| Netcentives' Claim Chart and Claim Construction Statement | November 28, 2000 |

PAGE 4 - JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER

MAR11 3117

| | | |
|---|---|---|
| WebMiles' Response Claim Chart and Claim Construction Statement | | January 26, 2001 |
| Deadline to Meet and Confer regarding Joint Claim Construction Statement | | February 16, 2001 |
| Joint Claim Construction Statement | | March 1, 2001 |

B. Limitations and Deadlines on Discovery:

1. The Parties have agreed to the limitations on the number of various kinds of discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. The Parties have not yet reached agreement on any subject matter limitation for discovery, except as provided in Section IV.C. below, and agree that such matters will be better addressed after the Court makes its claim construction ruling in this case.

3. The Parties have agreed to the following discovery deadlines:

   a) All discovery except for experts:         June 29, 2001

   b) Disclosure of identities and resumes
      of expert witnesses:                      July 25, 2001

   c) Expert reports:                           August 29, 2001

   d) Discovery from experts:                   November 2, 2001

C. Discovery from experts:

1. The Parties believe that the scope and content of discovery from experts will be better addressed after the Court makes its claim construction ruling.

PAGE 5 - JOINT CASE MANAGEMENT STATEMENT
AND PROPOSED ORDER

MAR1 13118

2. At this preliminary stage, Netcentives anticipates providing expert testimony as to the following subject matter(s):

    a) An analysis of how WebMiles' consumer loyalty program infringes the '870 and '412 patents.

    b) The scope and content of the prior art.

    c) How the '870 and '412 patents are not anticipated by the prior art, and the non-obviousness of the patented technology to one of ordinary skill in the art.

    d) Any other grounds for invalidity that WebMiles may assert.

    e) Practices and procedures of the U.S. Patent and Trademark Office.

    f) Damages.

3. At this preliminary stage, WebMiles anticipates providing expert testimony as to the following subject matter(s):

    a) An analysis of how WebMiles' consumer loyalty program does not infringe the '870 patent or the '412 patent.

    b) The scope and content of the prior art.

    c) How the '870 and '412 patents are anticipated by the prior art, and obvious to one of ordinary skill in the art.

    d) Other grounds of invalidity or unenforceability.

    e) Damages.

## V. Trial Schedule

A. The parties request a trial date of **March 12, 2002**

B. The parties presently expect that the trial will last eight days.

## VI. Additional Scheduling

| | | |
|---|---|---|
| A. | Claim Construction Argument: | **April 6, 2001** |
| B. | Next Case Management Conference: | Two weeks after the Court issues its claim construction ruling in this case |
| C. | Deadline to hear motions directed to the merits of all or part of the case: | **January 11, 2002** |
| D. | Deadline for filing papers required for the final Pretrial Conference: | **February 8, 2002** |
| E. | Final Pretrial Conference: | **March 1, 2002** |

VII. **Signature and Certification By Parties And Lead Trial Counsel**

Pursuant to Civil L.R. 16-12, each of the undersigned certifies that he has read the brochure entitled "Dispute Resolution Procedures in the Northern District of California," discussed the available dispute resolution options provided by the court and private entities and has considered whether this case might benefit from any of the available dispute resolution options.

    A.    Netcentives Inc.
           1.    Client Representative:

                                    Theodore Chen
                                    Netcentives Inc.
                                    475 Brannan Street
           June ____, 2000           San Francisco, CA  94107

           2.    Lead Trial Counsel:

                                    James H. Wallace, Jr.
                                    Wiley, Rein & Fielding
                                    1776 K Street, NW
                                    Washington, D.C.  20006
           June ____, 2000           Telephone: (202) 719-7000

    B.    WebMiles.Com Inc.
           1.    Client Representative:    [signature]

                                    Douglas G. Turnquist
                                    Webmiles.com Corporation
                                    ~~3507 N. University Ave.~~ 10150 So. Centennial Parkway
                                    Sandy, Utah 84070
           June 19, 2000               Telephone:  (801) 907-4200

           2.    Lead Trial Counsel:

                                    Michael A. Ladra
                                    WILSON SONSINI GOODRICH & ROSATI
                                    Professional Corporation
                                    650 Page Mill Road
           June ____, 2000           Palo Alto, CA 94304-1050

PAGE 8 - JOINT CASE MANAGEMENT STATEMENT
      AND PROPOSED ORDER

MAR113121

1  The Case Management Statement and Proposed Order is hereby adopted by the
2  Court as the Case Management Order for the case and the parties are ordered to comply
3  with this Order.

4

5  June _____, 2000

6

7                                                            Charles A. Legge
                                                          United States District Judge