IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION LOYALTY GROUP, INC. ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARITZ, INC. ) <br> ) <br> Defendant. ) | C.A. No. 04-360 (JJF) <br><br> **REDACTED** |

### MOTION OF PLAINTIFF AFFINION LOYALTY GROUP, INC. FOR LEAVE TO AMEND ITS COMPLAINT AND TO DISMISS DEFENDANT'S COUNTERCLAIMS RELATING TO THE '870 AND '012 PATENTS

Pursuant to Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure, Plaintiff Affinion Loyalty Group, Inc. ("Affinion") moves this Court (i) for leave to amend its Complaint, and (ii) to dismiss counterclaims filed by Defendant Maritz, Inc. ("Maritz") relating to two of the patents-in-suit. Pursuant to Local Rule 15.1, attached as Exhibits 1-3 are the Amended Complaint, a copy of the Amended Complaint and a red-lined version of the Amended Complaint indicating how the Amended Complaint differs from the Original Complaint.

### INTRODUCTION

Affinion's Amended Complaint would add claims for (a) false marking; and (b) false advertising under the Lanham Act, based on deposition testimony obtained just last week from two Maritz witnesses[1]   **REDACTED**

---

[1] The two Maritz witnesses were Tom Bushold (the former head of technology for Maritz) and Frank Agovino (the Senninger, Powers lawyer who signed the non-infringement opinions and drafted the relevant Maritz patent applications). Affinion had been seeking to depose Mr. Bushold since October 12, 2005, when it first served a notice for his deposition. The deposition was twice scheduled (for December 7 and December 21, 2005) and twice cancelled by Maritz. On the second occasion, Maritz cancelled the Bushold deposition the day before the deposition—after counsel for Affinion was already in St. Louis. Exhibit 4, Declaration of Sharon Davis ("Davis Decl.") at ¶ 5.

The Amended Complaint would also narrow the case by eliminating claims for infringement of two of the three Affinion patents-in-suit (U.S. Patent Nos. 5,774,870 (the "'870 Patent") and 6,518,012 (the "'012 Patent")) based on the testimony last week of the same two Maritz witnesses that Maritz **REDACTED**

Affinion need not pursue its claims for infringement of those two patents. This amendment will allow the parties and the Court to concentrate their efforts on U.S. Patent No. 6,009,412 (the "'412 Patent") which is infringed by Maritz's VAULT and Awards HQ systems. Based on Affinion's decision to drop its infringement claims with respect to the '870 and '012 patents (and the Release and Covenant Not to Sue filed concurrently with this motion at Exhibit 5), Affinion also seeks through this motion to dismiss Maritz's counterclaims for invalidity and unenforceability of the '870 and '012 patents.

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be "freely given," and Rule 16(b) of the Federal Rules of Civil Procedure provides that a scheduling order may be modified for good cause.[2] "Good cause" includes discovering important evidence after the time allotted to amend the pleadings. *Reynolds v. Borough of Avalon*, 799 F. Supp. 442, 450 (D.N.J. 1992) (finding good cause for granting leave to amend a pleading where an important deposition took place after the deadline for amendment). It is also considered prudent to confirm a claim through discovery, and there is "good cause" to amend a pleading when one has sought to do so. *See Enzo Life Sciences, Inc. v. Digene Corp.*, 270 F. Supp. 2d 484, 489-90 (D. Del. 2003); *see also Douglas Press, Inc. v. Tabco, Inc.*, No. 00 C 7338, 2004 U.S. Dist. LEXIS 8921, at

---

[2] This Court had set a deadline of August 30, 2005 for the parties to seek leave to amend the pleadings.

*4 (N.D. Ill. May 17, 2004) ("Allegations of inequitable conduct are serious and we cannot fault Tabco for waiting for further evidence before filing such an affirmative defense, especially keeping in mind *Rule 11 of the Federal Rules of Civil Procedure*.") (emphasis in original).

A.   <u>**False Marking and Lanham Act Claims**</u>

Affinion's initial Complaint did not include a claim for false marking because Affinion was unaware at that time of the facts giving rise to that claim. Affinion did not uncover these facts until after the deadline for amending pleadings had passed. The first document reflecting that Maritz **REDACTED** was produced on September 23, 2005. *See* Exhibit 4, Davis Decl. ¶ 2. At the December 19, 2005 deposition of Maritz president Mark Shipley, Affinion learned that Maritz had, in fact,

**REDACTED**

*Id.* at ¶ 3.

Mr. Shipley also testified that

The full import of this information was not apparent, however, until Frank Agovino, the attorney responsible for prosecuting that application, and Thomas Bushold, the first named inventor on the application, were deposed on March 1 and 2, 2006. That testimony revealed that

**REDACTED**

# REDACTED

The fact that Affinion did not learn that Maritz's marking of the VAULT system as "patent pending" was intentionally false and misleading until March 2006 constitutes good cause for permitting Affinion to amend its Complaint. These same false statements form the basis for Affinion's Lanham Act claim. *See M-3 & Assoc., Inc. v. Cargo Sys., Inc.*, 2004 U.S. Dist. LEXIS 6605 (N.D. Ind. 2004) (false marking constitutes literally false statement under Lanham Act).

B. <u>Dismissal of Counterclaims Relating to the '870 and '012 Patents</u>

While Affinion believes that Maritz's use of eVault as described would infringe the '870 and '012 patents, Messrs. Bushold and Agovino both testified that **REDACTED** **REDACTED** Exhibit 4, Davis Decl. at ¶¶ 6-7.

*Id.* at ¶ 7. While Messrs. Bushold and Agovino gave different reasons for why this was so **REDACTED**

In light of that testimony, in conjunction with the other evidence obtained during discovery about the systems used by Maritz, Affinion has determined that it will no longer assert the '870 and '012 patents with respect to Maritz's current products. The Amended Complaint therefore

---

[3] Exhibit 4, Davis Decl. at ¶¶ 6-7.

4

deletes the claims for infringement of the '870 and '012 patents and, concurrently with this motion, Affinion Net Patents and Affinion Loyalty Group have executed a Release and Covenant Not to Sue, releasing Maritz from past claims for infringement under the two patents and promising not to sue Maritz, Inc. for infringement of the '870 and '012 patents with respect to any product made, used or sold by Maritz Inc. or its subsidiaries prior to the date of the declaration. This Release and Covenant Not to Sue obviates any reasonable apprehension that Maritz may have of being held liable for infringement of the '870 and '012 patents, and eliminates the case or controversy requirement necessary for the Court's jurisdiction over counterclaims relating to these patents. *See Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 855-56 (Fed. Cir. 1999); *Supersack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058-59 (Fed. Cir. 1995); *Spectronics Corp. v. H.B. Fuller Co.*, 940 F.2d 631, 636-38 (Fed. Cir. 1991). Accordingly, Affinion Loyalty Group also requests that all counterclaims relating to the '870 and '012 patent be dismissed for lack of subject matter jurisdiction.

This amendment will allow the parties and the Court to concentrate their efforts on the '412 patent—which is plainly infringed by VAULT.

C.   **No Prejudice to Maritz**

There is no prejudice to Maritz in the Court's granting the relief requested. Discovery need not be extended, and no delay will be caused by permitting the requested relief.

## CONCLUSION

For the foregoing reasons, Affinion Loyalty Group, Inc. respectfully requests that the Court grant its motion for leave to amend and to dismiss counterclaims relating to the '870 and '012 patents.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
(302) 658-9200
  *Attorneys for Plaintiff*
  *Affinion Loyalty Group, Inc. (formerly*
  *Trilegiant Loyalty Solutions Inc.) and*
  *Affinion Net Patents, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040


Original Filing Date:  March 8, 2006
Redacted Filing Date:  March 23, 2006

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 23, 2006 she electronically filed the *Motion of Plaintiff Affinion Loyalty Group, Inc. for Leave to Amend Its Complaint and to Dismiss Defendant's Counterclaims Relating to the '870 and '012 Patents* (Redacted Version) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on March 23, 2006 upon the following in the manner indicated:

### BY HAND

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE 19801

### BY FEDERAL EXPRESS

> J. Bennett Clark
> Senniger Powers
> One Metropolitan Square
> St. Louis, MO 63102

/s/ *Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com