IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION LOYALTY GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF J. BENNETT CLARK

I, J. Bennett Clark, declare as follows:

1.      I am a partner in the law firm of Senniger Powers, and an attorney of record for defendant Maritz Inc. I am filing this declaration in response to Affinion Loyalty Group, Inc.'s motion for leave to amend its complaint and to dismiss Maritz's counterclaims.

2.      On January 13, 2006, Affinion Net Patents, Inc. ("ANP") filed two new patent applications that are continuations of the patent applications of the patents-in-suit, U.S. Patent Nos. 5,774,870 ("the '870 patent"); 6,009,412 ("the '412 patent"); and 6,578,012 ("the '012 patent") and of a patent application with serial number 10/420,901, which was expressly abandoned on February 24, 2006. ANP filed an Information Disclosure Statement ("IDS") with these continuation applications. The IDS disclosures that accompanied these patent applications included previously undisclosed prior art references and some, but not all, of the litigation documents and pleadings relating to the patents-in-suit not previously disclosed to the Patent Office by Netcentives Inc., Thomas Storey, Trilegiant Corporation, or Trilegiant Loyalty Solutions, Inc., but which were made known in litigation proceedings dating back several years.

3.     The '870 patent issued on June 30, 1998. The claims of the '412 and '012 patents were subject to double patenting rejections in light of the claims of the '870 patent. Exhibits A and B. To circumvent these rejections, terminal disclaimers were filed for both the '412 patent and '012 patents. *Id.*

4.     In interrogatory responses dated April 15, 2005 and July 18, 2005, plaintiff identified the following claims as being at issue in this litigation: '870 patent, claims 1 and 29; '412 patent, claims 1, 10, 18, 27, 35, and 36; and '012 patent, claim 1. Ex. C. On March 17, 2006, Affinion served amended interrogatory answers, setting forth claims 10 – 17, 27 – 34 and 36 of the '412 patent. Ex. D.

5.     A few days before March 10, 2006, the deadline for exchanging initial expert reports, Ms. Sharon Davis, counsel for Affinion, told me that plaintiff Affinion intended to seek leave to amend its complaint so as to drop its infringement allegations with respect to the '870 and '012 patents. She indicated that one of the purposes of this action was to attempt to eliminate inequitable conduct issues as to the '870 and '012 patents. She sought my consent to the motion, but indicated that the filing would occur the next day in any event. In a subsequent call, I inquired whether plaintiff intended to compensate Maritz for time wastefully incurred in dealing with patent claims plaintiff now sought to remove from the case. She indicated this was a "non-starter." At no time prior to this telephone conversation did plaintiff indicate that the claims identified in plaintiff's April 15 and July 18 interrogatory responses were not the claims at issue. Only after filing the present motion did plaintiff amend this interrogatory response, mirroring those addressed in its expert reports. Our own expert reports necessarily addressed the previously-identified claims, and not any of the newly-identified ones.

6.    In another phone conversation with Ms. Davis, I asked her to identify the document referenced in the moving papers as "[t]he first document reflecting that Maritz has described its VAULT system as 'patent pending' in its sales presentations ..." Pl. Motion at 4. She advised that this referenced Plaintiff's Deposition Exhibits 76 and 77. These are attached as Exhibits E and F to this declaration.

7.    On March 15, 2006, Sharon Davis wrote a letter (Exhibit G), in which plaintiff unilaterally refused to produce Monica Davis, the Rothwell Figg attorney who prosecuted the patent application that issued as the '012 patent. Plaintiff sought to justify this refusal based on Affinion's Release and Covenant Not to Sue executed in conjunction with its pending Motion for Leave to Amend Its Complaint.

8.    Maritz has incurred substantial litigation expense as a result of Affinion's previous assertion of all three patents. For instance, Maritz retained the services of Dr. Arthur Keller and Bruce Bolger to serve as expert witnesses in this case. Dr. Keller is a distinguished author, professor, and consultant in the field of electronic commerce and database management. Dr. Keller's initial expert report addressed the validity of claim 29 of the '870 patent, a patent plaintiff now seeks to remove from the case. Dr. Keller spent many hours analyzing issues and preparing his expert report.

9.    Mr. Bolger is an expert in the incentives field. His initial report addressed the validity of the asserted claims from the '870, '412, and '012 patents. Thus, much of Mr. Bolger's initial effort was expended on patent claims that Affinion no longer asserts.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge, information and belief.

3

Executed on March 31, 2006:

_____
J. Bennett Clark