

UNITED STATES PATENT AND TRADEMARK OFFICE

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 09/441,144 | 11/12/1999 | THOMAS W. STOREY | 18167-9-1-1U | 3924 |

6449         7599        07/16/2002
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K STREET, N.W.
SUITE 800
WASHINGTON, DC  20005

| EXAMINER |
|---|
| CHAMPAGNE, DONALD |

| ART UNIT | PAPER NUMBER |
|---|---|
| 3622 | |

DATE MAILED: 07/16/2002          /2

Please find below and/or attached an Office communication concerning this application or proceeding.

PTO-90C (Rev. 07-01)

|                        | Application No. | Applicant(s)      |
|------------------------|-----------------|-------------------|
| Office Action Summary  | 09/441,144      | STOREY, THOMAS W. |
|                        | Examiner        | Art Unit          |
|                        | Donald L. Champagne | 3622          |

-- *The MAILING DATE of this communication appears on the cover sheet with the correspondence address* --

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE 3 MONTH(S) FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If the period for reply specified above is less than thirty (30) days, a reply within the statutory minimum of thirty (30) days will be considered timely.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
- Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☒ Responsive to communication(s) filed on *11 June 2002*.
2a) ☒ This action is FINAL.    2b) ☐ This action is non-final.
3) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims**

4) ☒ Claim(s) *1-18 and 21-36* is/are pending in the application.
   4a) Of the above claim(s) _____ is/are withdrawn from consideration.
5) ☐ Claim(s) _____ is/are allowed.
6) ☒ Claim(s) *1-18 and 21-36* is/are rejected.
7) ☐ Claim(s) _____ is/are objected to.
8) ☐ Claim(s) _____ are subject to restriction and/or election requirement.

**Application Papers**

9) ☐ The specification is objected to by the Examiner.
10) ☒ The drawing(s) filed on *12 November 1999* is/are: a) ☒ accepted or b) ☐ objected to by the Examiner.
    Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
11) ☐ The proposed drawing correction filed on _____ is: a) ☐ approved b) ☐ disapproved by the Examiner.
    If approved, corrected drawings are required in reply to this Office action.
12) ☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. §§ 119 and 120**

13) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
    a) ☐ All  b) ☐ Some *  c) ☐ None of:
    1. ☐ Certified copies of the priority documents have been received.
    2. ☐ Certified copies of the priority documents have been received in Application No. _____.
    3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).
    * See the attached detailed Office action for a list of the certified copies not received.
14) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. § 119(e) (to a provisional application).
    a) ☐ The translation of the foreign language provisional application has been received.
15) ☐ Acknowledgment is made of a claim for domestic priority under 35 U.S.C. §§ 120 and/or 121.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)
2) ☐ Notice of Draftsperson's Patent Drawing Review (PTO-948)
3) ☒ Information Disclosure Statement(s) (PTO-1449) Paper No(s) *10*.
4) ☐ Interview Summary (PTO-413) Paper No(s). _____.
5) ☐ Notice of Informal Patent Application (PTO-152)
6) ☐ Other: _____

Application/Control Number: 09/441,144                                                            Page 2
Art Unit: 3622

## DETAILED ACTION

### Notice Regarding Power of Attorney

1. The Power of Attorney filed 21 February 2002 has been accepted. Correspondence will be mailed to the address used for this Office action as provided by 37 CFR 1.33.

### Double Patenting

2. The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See In re Goodman, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); In re Longi, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); In re Van Ornum, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); In re Vogel, 422 F.2d 438, 164 USPQ 619 (CCPA 1970); and, In re Thorington, 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321(c) may be used to overcome an actual or provisional rejection based on a non-statutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b). Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

3. Claims 1-18 and 21-36 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over the corresponding claims tabulated below of U.S. Patent No. 5,774,870. This is a double patenting rejection.

| Instant Claim | Claim in US Pat. 5,774,870 |
|---|---|
| 1, 2 | respectively 1, 2 |
| 3 | 7 |
| 4 | 3 |
| 5-7 | respectively 8-10 |
| 8 | 4 |
| 9 | 11 |
| 10, 32, 35 | 17 |
| 11-18 | respectively 20-27 |

Application/Control Number: 09/441,144 Page 3
Art Unit: 3622

| | |
|---|---|
| 21, 22 | respectively 5, 6 |
| 23, 24 | respectively 18, 19 |
| 26-30 | respectively 12-16 |
| 31, 34 | 1 |
| 33, 36 | 15 |

4. Independent instant claims 1, 10 and 15 differ materially from the corresponding reference claims only in adding a limitation to a means/display for browsing the product catalog/database. Because this is a convenient way to permit the user to select an award or product for purchase, it would have been obvious to one of ordinary skill in the art, at the time of the invention, to add this limitation to the reference claims.

5. Dependent claims 31-33 add the limitation that the products are listed in the catalog/database alphabetically. This is obvious because it is a familiar and therefore efficient process for listing products.

6. Dependent claims 34-36 add an option that the user may browse a product listing arranged according to the needs of the user. Because it would enhance the user experience and therefore attract business, this new limitation also would have been obvious to one of ordinary skill in the art, at the time of the invention.

### Conclusion

7. Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL.** See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

8. A shortened statutory period for reply to this final action is set to expire THREE MONTHS from the mailing date of this action. In the event a first reply is filed within TWO MONTHS of the mailing date of this final action and the advisory action is not mailed until after the end of the THREE-MONTH shortened statutory period, then the shortened statutory period will expire on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a) will be calculated from the mailing date of the advisory action. In no event, however, will the statutory period for reply expire later than SIX MONTHS from the mailing date of this final action.

2829-136
MSD:lew

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| In re Application of | ) |
| Thomas W. STOREY | ) |
| Serial No. 09/441,144 | ) Examiner: D. Champagne |
| Filed: November 12, 1999 | ) Group Art Unit: 3622 |
| For: FULLY INTEGRATED ON-LINE INTERACTIVE FREQUENCY AND AWARD REDEMPTION PROGRAM | ) |

RECEIVED
OCT 1 5 2002
GROUP 3600

## TERMINAL DISCLAIMER TO OBVIATE A DOUBLE PATENTING REJECTION OVER A PRIOR PATENT

Assistant Commissioner for Patents
Washington, D.C. 20231

Sir:

TRILEGIANT CORPORATION, the owner of 100 percent interest in the instant application hereby disclaims, except as provided below, the terminal part of the statutory term of any patent granted on the instant application, which would extend beyond the expiration date of the full statutory term defined in 35 U.S.C. §154 to 156 and 173, as shortened by any terminal disclaimer of prior Patent No. 5,774,870. The owner hereby agrees that any patent so granted on the instant application shall be enforceable only for and during such period that it and any patent granted on the instant application and the prior patent are commonly owned. This agreement runs with any patent granted on the instant application and is binding upon the grantee, its successors or assigns.

In re Thomas W. Storey
Serial No. 09/441,144
Page 2

In making the above disclaimer, the owner does not disclaim the terminal part of any patent granted on the instant application that would extend to the expiration date of the full statutory term as defined in 35 U.S.C. §154 to 156 and 173 of the prior patent, as shortened by any terminal disclaimer, in the event that the prior patent: expires for failure to pay a maintenance fee, is held unenforceable, is found invalid by a court of competent jurisdiction, is statutorily disclaimed in whole or terminally disclaimed under 37 C.F.R. §1.321, has all claims cancelled by a reexamination certificate, is reissued, or is in any manner terminated prior to the expiration of its full statutory term as shortened by any terminal disclaimer.

The Commissioner is authorized to charge the terminal disclaimer fee under 37 C.F.R. §1.20(d) to Deposit Account No. 02-2135 in the name of Rothwell, Figg, Ernst & Manbeck.

Respectfully submitted,

By _____
Monica S. Davis
Attorney for Applicants
Registration No. 44,492
ROTHWELL, FIGG, ERNST & MANBECK, p.c.
Suite 800, 1425 K Street, N.W.
Washington, D.C. 20005
Telephone: (202)783-6040

2129-136 terminal dis

FH 00420