UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC. | ) ) ) | |
| | Plaintiff, ) | |
| | ) | Civil Action No. 04-360-JJF |
| v. | ) ) | |
| | ) | |
| MARITZ, INC., | ) | |
| | Defendant. ) | |
| | ) | |

## TRILEGIANT LOYALTY SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO MARITZ, INC.'S SECOND INTERROGATORIES DIRECTED TO PLAINTIFF

Under Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Trilegiant Loyalty

Solutions, Inc. ("Trilegiant") submits the following objections and responses to Maritz, Inc.'s

("Maritz's") Second Set of Interrogatories ("Interrogatories") To Plaintiff.

### GENERAL OBJECTIONS

Unless otherwise stated, these general objections apply to each and every Interrogatory as

though fully set forth therein:

1.      Each of the following responses is made only for purposes of this action.  Each

response is subject to all objections as to relevance, materiality, and admissibility, and to any and

all objections on any ground that would require exclusion of any response if it were introduced in

court.  All objections and grounds are expressly reserved.

2.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions

and each individual Interrogatory set forth therein, to the extent that they seek the disclosure of

information covered by the attorney-client privilege, the attorney work-product doctrine and/or

any other applicable law, privilege, protection, immunity, or doctrine.  Nothing herein is intended

as, or shall in any way be deemed to be, a waiver of any such law, privilege, protection, immunity or doctrine. To the extent that supplying the information requested would result in waiving any privilege or objection, Trilegiant objects to providing such information and will not do so. To the extent Trilegiant provides any information falling within the attorney-client privilege, the attorney work product doctrine, and/or any other privilege or protection inadvertently, Trilegiant does not waive the applicable privilege/objection.

3.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, and the Court's Rule 16 Scheduling Order.

4.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they call for the disclosure of information which relates to matters not raised by the pleadings, to the extent they are not material and necessary to the prosecution and defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

5.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they call for the disclosure of confidential, proprietary, or trade secret information of Trilegiant or third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this matter.

6.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they require Trilegiant to undertake an unduly burdensome and oppressive search for information.

7.    Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they purport to require Trilegiant to provide information that is publicly available or within Maritz's possession.

8.    Trilegiant asserts its General Objections with respect to each and every Interrogatory. Trilegiant reserves the right to supplement, amend, correct, or clarify its responses and objections to these interrogatories, and to assert general and specific objections arising from matters discovered during the course of the litigation.

### RESPONSES TO INDIVIDUAL INTERROGATORIES

#### Interrogatory No. 15:

State with particularity each claim of the Patents at Issue that you assert is infringed by Maritz under a doctrine of equivalents analysis, state the program that you assert is infringing, and for each such claim provide a full explanation of the function, way, and result and provide a hypothetical claim that allegedly avoids encompassing the prior art and that allegedly covers literally each accused program pursuant to the teachings of *Wilson Sporting Goods v. David Geoffrey & Assoc.*, 904 F.2d 677 (Fed. Cir. 1990).

#### Response to Interrogatory No. 15:

Trilegiant reasserts its general objections listed above. Further, Trilegiant objects to Interrogatory No. 15 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory on the basis that it is premature and to the extent it requires Trilegiant to disclose information in Maritz's, not Trilegiant's, possession, custody or control. Trilegiant has requested that Maritz produce the relevant information regarding Maritz's VAULT and other on-line incentive programs. Trilegiant further objects to this interrogatory on the basis that both a function-way-

3

result analysis and a *Wilson Sporting Goods* analysis are overly burdensome and not required by any Federal Rule of Civil Procedure, any Local Rule of the District of Delaware, or the Court's Rule 16 Scheduling Order.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. On information and belief, Maritz's VAULT and other on-line incentive programs infringe at least claims 1 and 29 of the U.S. Patent No. 5,774,870, claims 1, 10, 18, 27, 35, and 36 of U.S. Patent No. 6,009,412, and claim 1 of U.S. Patent No. 6,578,012. Trilegiant will supplement this response after it receives and analyzes the relevant information from Maritz regarding Maritz's VAULT and other on-line incentive programs.

### Interrogatory No. 16:

Identify the principal persons involved in the filing and prosecution of the patents at issue, and for each person identify the patent application with which they were associated, the time periods each person was associated with each application, and the time period for which each person was employed or retained by Trilegiant and/or Netcentives.

### Response to Interrogatory No. 16:

Trilegiant objects to Interrogatory No. 16 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects on the basis that the term "principal persons" is vague.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. Trilegiant has produced to Maritz the prosecution histories for the patents in suit, and the burden of deriving or ascertaining the answer to this Interrogatory from these documents is substantially the same on Maritz as it is on Trilegiant. Accordingly, pursuant to

4

Fed. R. Civ. P. Rule 33(d), Trilegiant refers Maritz to prosecution history documents at Bates

Nos. TRL-MTZ 01903-02138 and TRL-MTZ 39460-40077.

### Interrogatory No. 17:

Identify and describe all programs offered by Trilegiant or licensed by Trilegiant that Trilegiant believes are covered by the Patents at Issue, identify the claims that cover each of these programs, and the date on which such programs were first offered or operated.

### Response to Interrogatory No. 17:

Trilegiant reasserts its general objections listed above. Further, Trilegiant objects to

Interrogatory No. 17 to the extent it seeks the disclosure of information covered by the

attorney-client privilege, the attorney work-product doctrine and/or any other applicable law,

privilege, protection, immunity, or doctrine. Trilegiant further objects on the grounds that

responding to the interrogatory as written is unduly burdensome.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant

responds as follows. Upon information and belief, Trilegiant's loyalty programs that use its

LOLA system are covered by one or more claims of the patents in suit. The LOLA system was

first operated in approximately 1998.

### Interrogatory No. 18:

Identify all programs offered by Trilegiant or licensed by Trilegiant that Trilegiant believes are covered by the pending claims of Application 10/420,901, identify the claims that cover each of these programs, and the date on which such programs were first offered or operated.

### Response to Interrogatory No. 18:

Trilegiant objects to this request on the ground that calls for information that does not

pertain to and is irrelevant to this action, and is not reasonably calculated to lead to the discovery

of admissible evidence. Trilegiant further objects to this request to the extent that it seeks the

disclosure of information covered by the attorney-client privilege, the attorney work-product

doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant

further objects on the ground that it is unduly burdensome to perform a claim analysis for a

patent application that has not been granted and is not at issue in this case.

**Interrogatory No. 19:**

Identify all programs offered by Trilegiant or licensed by Trilegiant that Trilegiant
believes are covered by the pending claims of Application 10/143,866, identify the claims that
cover each of these programs, and the date on which such programs were first offered or
operated.

**Response to Interrogatory No. 19:**

Trilegiant objects to this request on the ground that calls for information that does not

pertain to and is irrelevant to this action, and is not reasonably calculated to lead to the discovery

of admissible evidence. Trilegiant further objects to this request to the extent that it seeks the

disclosure of information covered by the attorney-client privilege, the attorney work-product

doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant

further objects on the ground that it is unduly burdensome to perform a claim analysis for a

patent application that has not been granted, is not at issue in this case, and is unrelated to the

patents in suit.

**Interrogatory No. 20:**

Define and describe any and all pre-filing investigation that Trilegiant undertook in
connection with filing this suit against Maritz.

**Response to Interrogatory No. 20:**

Trilegiant objects to Interrogatory No. 20 on the ground that it calls for the disclosure of

6

information that relates to matters not raised by the pleadings, is not material and necessary to the

prosecution and defense of this action, and is not reasonably calculated to lead to the discovery of

admissible evidence. Trilegiant objects to this request to the extent that it seeks the disclosure of

information covered by the attorney-client privilege, the attorney work-product doctrine and/or

any other applicable law, privilege, protection, immunity, or doctrine.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant

responds as follows. Prior to filing suit Trilegiant conducted a reasonable and non-frivolous pre-

filing investigation regarding Maritz's infringement of the patents in suit, the specifics of which

are covered by the attorney work-product doctrine and the attorney-client privilege.

**Interrogatory No. 21:**

Identify and describe any and all remuneration paid by or received on behalf of Carlson
Companies, Inc., or any of its divisions, related companies, affiliates or subsidiaries, in
settlement of or otherwise to dismiss Netcentives, Inc., et al., v. Carlson Companies, Inc., et al.,
No. 00-2637-CAL (N.D.Cal.) Or 24Kcom LC, et al., v. Netcentives at al., 00-1808 RKK/SMM
(D. Minn.).

**Response to Interrogatory No. 21:**

Trilegiant has produced the settlement agreement for the requested cases and the burden

of deriving or ascertaining the answer to this Interrogatory from this document is substantially

the same on Maritz as it is on Trilegiant. Accordingly, pursuant to Fed. R. Civ. P. Rule 33(d),

Trilegiant refers Maritz to Bates Nos. TRL-MTZ 14585-14601, TRL-MTZ 14725-14758, and

TRL-MTZ 42974-43014.

Date: July 18, 2005

*Sharon L. Davis*

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
1425 K Street, NW, Suite 800
Washington, DC 20005
Telephone: (202) 783-6040

*Attorneys for Plaintiff*
*Trilegiant Loyalty Solutions, Inc.*

8

L:\2829\2829-179.lit\Discovery\Reponses\TLS's Response to Maritz's 2nd Set of Interrogatories.wpd

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **TRILEGIANT LOYALTY SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO MARITZ, INC.'S SECOND INTERROGATORIES DIRECTED TO PLAINTIFF**, was served on this 18th day of July, 2005, in the matter indicated, upon the following counsel of record:

**Via Facsimile and First Class Mail:**

J. Bennett Clark, Esq.
Jennifer E. Hoekel, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square; 16th Floor
St. Louis, MO 63102

Patricia Smink Rogowski, Esq.
Connolly Bove Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899


_____
Matthew T. Felten

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC. | ) ) ) | |
| | ) | |
| Plaintiff, | ) ) | Civil Action No. 04-360-JJF |
| v. | ) ) | |
| | ) | |
| MARITZ, INC., | ) ) | |
| Defendant. | ) ) ) | |

### TRILEGIANT LOYALTY SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO MARITZ, INC.'S FIRST INTERROGATORIES

Under Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Trilegiant Loyalty

Solutions, Inc. ("Trilegiant") submits the following objections and responses to Maritz, Inc.'s

("Maritz's") First Set of Interrogatories ("Interrogatories").

### GENERAL OBJECTIONS

Unless otherwise stated, these general objections apply to each and every Interrogatory as

though fully set forth therein:

1.     Each of the following responses is made only for purposes of this action. Each

response is subject to all objections as to relevance, materiality, and admissibility, and to any and

all objections on any ground that would require exclusion of any response if it were introduced in

court. All objections and grounds are expressly reserved.

2.     Trilegiant objects to the Interrogatories, including the Definitions and Instructions

and each individual Interrogatory set forth therein, to the extent that they seek the disclosure of

information covered by the attorney-client privilege, the attorney work-product doctrine and/or

any other applicable law, privilege, protection, immunity, or doctrine. Nothing herein is intended

as, or shall in any way be deemed to be, a waiver of any such law, privilege, protection, immunity or doctrine. To the extent that supplying the information requested would result in waiving any privilege or objection, Trilegiant objects to providing such information and will not do so. To the extent Trilegiant provides any information falling within the attorney-client privilege, the attorney work product doctrine, and/or any other privilege or protection inadvertently, Trilegiant does not waive the applicable privilege/objection.

      3.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, and the Court's Rule 16 Scheduling Order.

      4.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they call for the disclosure of information which relates to matters not raised by the pleadings, to the extent they are not material and necessary to the prosecution and defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

      5.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they call for the disclosure of confidential, proprietary, or trade secret information of Trilegiant or third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this matter.

      6.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they require Trilegiant to undertake an unduly burdensome and oppressive search for information.

2

7.    Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they purport to require Trilegiant to provide information that is publicly available or within Maritz's possession.

8.    Trilegiant asserts its General Objections with respect to each and every Interrogatory. Trilegiant reserves the right to supplement, amend, correct, or clarify its responses and objections to these interrogatories, and to assert general and specific objections arising from matters discovered during the course of the litigation.

## RESPONSES TO INDIVIDUAL INTERROGATORIES

### Interrogatory No. 1:

Provide a four column claim chart for the claims of the Patents at Issue which identifies, in the far left column each claim element, in the left middle column plaintiff's construction of the language of that element pursuant to *Markman v Westview Instruments, Inc.*, in the middle column whether and why each element as so construed literally covers or does not literally cover any programs, methods, or systems allegedly used by defendant that plaintiff asserts are covered by one or more of the claims of the Patents at Issue, or any aspect thereof, and identifying the program, method or system, and in the far right column, whether and why each element as so construed covers or does not cover the accused programs, methods, or systems or any aspect thereof under the doctrine of equivalents.

### Response to Interrogatory No. 1:

Trilegiant reasserts its general objections listed above. Further, Trilegiant objects to Interrogatory No. 1 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory on the basis that it is premature and to the extent it requires Trilegiant to disclose information in Maritz's, not Trilegiant's, possession, custody or control. Trilegiant has requested that Maritz produce the relevant information regarding Maritz's VAULT and other on-line incentive

3

programs.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. On information and belief, Maritz's VAULT and other on-line incentive programs infringe at least claims 1 and 29 of the U.S. Patent No. 5,774,870, claims 1, 10, 18, 27, 35, and 36 of U.S. Patent No. 6,009,412, and claim 1 of U.S. Patent No. 6,578,012. Trilegiant will supplement this response after it receives and analyzes the relevant information from Maritz regarding Maritz's VAULT and other on-line incentive programs.

**Interrogatory No. 2:**

Describe in detail the factual basis and/or evidentiary support for plaintiff's contention that Maritz infringes one or more of the claims of the Patents at Issue, including the identification of each document that supports this contention, and the identification of each witness that has knowledge of any facts that support this contention.

**Response to Interrogatory No. 2:**

Trilegiant objects to Interrogatory No. 2 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory on the basis that it is premature and to the extent that it requires Trilegiant to disclose information and witnesses in Maritz's, not in Trilegiant's, possession, custody or control. Trilegiant has requested that Maritz produced relevant information regarding Maritz's VAULT and other on-line incentive program. Trilegiant further objects to this interrogatory on the basis that it is duplicative of Interrogatory No. 1 and Trilegiant will not repeat herein its response to Interrogatory No. 1. Trilegiant will supplement this response after it receives and analyzes the relevant information from Maritz regarding Maritz's VAULT and other on-line

4

incentive programs.

**Interrogatory No. 3:**

Describe in detail the factual basis and/or evidentiary support for your contention that any infringement by Maritz of one or more of the claims of the Patents at Issue is willful, including the identification of each documents that supports your contention, and the identification of each witness that has knowledge of any facts that support your contention.

**Response to Interrogatory No. 3:**

Trilegiant reasserts its general objections listed above. Further, Trilegiant objects to Interrogatory No. 3 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant objects to this interrogatory on the basis that it is premature and to the extent that it requires Trilegiant to disclose information and witnesses in Maritz's, not in Trilegiant's, possession, custody or control. Trilegiant has requested that Maritz produce relevant information regarding Maritz's awareness and analysis of the patents in suit.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. Maritz has been aware of the patents in suit since at least June 2002. Despite that knowledge of the patents in suit and the fact that infringement is plain, Maritz has willfully continued its infringing conduct. Trilegiant will supplement this response after it receives and analyzes additional information from Maritz regarding Maritz's awareness and analysis of the patents in suit.

**Interrogatory No. 4:**

Identify each and every category of damages claimed by plaintiff on account of defendant's alleged infringement of the Patents at Issue, and provide a computation of each such

5

category. The computation should include the basis and extent of any claim for lost profits (including identification of the relevant programs, systems or methods and profit margins) and the basis and extent of any claim for a reasonable royalty (including identification of the relevant programs, systems or methods and royalty rate).

### Response to Interrogatory No. 4:

Trilegiant reasserts its general objections listed above. Further, Trilegiant objects to

Interrogatory No. 4 to the extent it seeks the disclosure of information covered by the

attorney-client privilege, the attorney work-product doctrine and/or any other applicable law,

privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory on the

basis that it is premature and to the extent that it requires Trilegiant to disclose information in

Maritz's, not in Trilegiant's, possession, custody or control. Trilegiant has requested that Maritz

produce information relevant to Trilegiant's damages, including lost profits and reasonable

royalties. Trilegiant will supplement this response once it receives this information.

### Interrogatory No. 5:

Identify all products made or programs, methods or systems practiced by a person or persons that compete with any products made or sold or any programs, methods, or systems offered by plaintiff that are encompassed by the scope of one or more of the claims of the Patents at Issue and, for each such competitive product or method, state whether plaintiff contends that the competitive product or program, method, or system infringes any claim of the Patents at Issue (or any other patent owned or controlled by plaintiff).

### Response to Interrogatory No. 5:

Trilegiant objects to this interrogatory on the basis that it is vague and overbroad and

calls for the disclosure of information that relates to matters that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects

to this interrogatory on the basis that it does not specify whose products are sought to be

identified and to the extent it seeks discovery as to patents other than the patents in suit.

6

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. On information and belief, Maritz's VAULT and other on-line incentive programs infringe the patents in suit.

### Interrogatory No. 6:

Identify all products made or programs, methods or systems practiced or offered by defendant that you contend infringe one or more of the claims of the Patents at Issue and for each such product or program, method or system identify which claims are infringed and the person(s) most knowledgeable about such infringement.

### Response to Interrogatory No. 6:

Trilegiant objects to Interrogatory No. 6 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory on the basis that it is premature and to the extent that it requires Trilegiant to disclose information in Maritz's, not in Trilegiant's, possession, custody or control. Trilegiant has requested that Maritz identify to Trilegiant all of its on-line incentive programs and to produce information relevant to those products' infringement of the patents in suit.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. On information and belief, Maritz's VAULT and other on-line incentive programs infringe at least claims 1 and 29 of the U.S. Patent No. 5,774,870, claims 1, 10, 18, 27, 35, and 36 of U.S. Patent No. 6,009,412, and claim 1 of U.S. Patent No. 6,578,012. On information and belief, persons most knowledgeable regarding Maritz's infringement are employed by Maritz. Trilegiant will supplement this response after it receives and analyzes the relevant information from Maritz regarding Maritz's VAULT and other on-line incentive

7

programs.

### Interrogatory No. 7:

Identify all instances (with the exception of the present suit) in which plaintiff or Netcentives has stated or indicated to another person that such person is infringing or may infringe any claim of the Patents at Issue, and for each such instance, identify the person to whom such statement or indication was made, state when and how plaintiff advised that person of the alleged infringement, identify the allegedly infringing program, system or method, the documents and communications relating to the allegedly infringing acts and programs, systems or methods, and the person(s) most knowledgeable of each such statement or indication.

### Response to Interrogatory No. 7:

Trilegiant objects to Interrogatory No. 7 to the extent it seeks the disclosure of

information covered by the attorney-client privilege, the attorney work-product doctrine and/or

any other applicable law, privilege, protection, immunity, or doctrine.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant

responds as follows. The burden of deriving or ascertaining the answer to this Interrogatory from

these documents therefore is substantially the same on Maritz as it is on Trilegiant. Accordingly,

pursuant to Fed. R. Civ. P. Rule 33(d), Trilegiant refers Maritz to documents that will be

produced to Maritz by Trilegiant. Trilegiant will supplement this response with Bates numbers

after the documents are produced.

### Interrogatory No. 8:

State whether you have ever obtained any oral or written advice and/or opinion of counsel regarding the validity, infringement, or enforceability of the Patents at Issue and, if so, state the substance of any such advice and/or opinion; identify each person who requested such advice and/or opinion; identify each person who provided such advice and/or opinion; and identify each person who received such advice and/or opinion.

### Response to Interrogatory 8:

Trilegiant objects to Interrogatory No. 8 on the basis that it seeks the disclosure of

8

information covered by the attorney-client privilege and the attorney work-product doctrine and to the extent that it seeks the disclosure of information covered by any other applicable law, privilege, protection, immunity, or doctrine.

**Interrogatory No. 9:**

State whether plaintiff has ever conducted or had conducted any prior art search or investigation directed to the subject matter of the Patents at Issue, and state whether plaintiff has been made aware by others of information asserted to relate to the patentability and/or validity of any claims of the Patents at Issue. If the answers are anything other than unqualified negatives, state when the search or investigation was conducted and when and how plaintiff was made aware of information asserted to relate to the patentability and/or validity of any claim of the Patents at Issue, identify each such piece of prior art and information, and identify the person(s) most knowledgeable of each such search or investigation.

**Response to Interrogatory No. 9:**

Trilegiant objects to Interrogatory No. 9 on the basis that it seeks the disclosure of information covered by the attorney-client privilege and the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory on the basis that it calls for the disclosure of information available to Maritz from the U.S. Patent and Trademark Office's public records regarding the patents in suit.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. Trilegiant will produce non-privileged documents to Maritz identifying prior art searches and prior art. The burden of deriving or ascertaining the answer to this Interrogatory from these documents therefore is substantially the same on Maritz as it is on Trilegiant. Accordingly, pursuant to Fed. R. Civ. P. Rule 33(d), Trilegiant refers Maritz to documents that will be produced to Maritz by Trilegiant. Trilegiant will supplement this response with Bates numbers after the documents are produced.

9

**Interrogatory No. 10:**

For each claim of the Patents at Issue which plaintiff asserts is infringed by defendant, state when the alleged invention of each such claim was conceived, when the alleged invention of each such claim was first actually reduced to practice, describe the circumstances surrounding each such conception and first actual reduction to practice, and identify the person(s) most knowledgeable of each conception and actual reduction to practice.

**Response to Interrogatory No. 10:**

Without waiving any objections, all of which Trilegiant hereby reserves, Trilegiant

responds as follows. On information and belief, the inventions disclosed and claimed in the

patents in suit were conceived by Mr. Storey in approximately May 1995 and were not actually

reduced to practice by him prior to the filing of U.S. Patent Application No. 572,017. With

regard to the circumstances surrounding Mr. Storey's invention, the burden of deriving or

ascertaining this information is substantially the same on Maritz as it is on Trilegiant and

pursuant to Fed. R. Civ. P. Rule 33(d), Trilegiant refers Maritz to documents that will be

produced to Maritz by Trilegiant. Trilegiant will supplement this response with Bates numbers

after the documents are produced. Mr. Storey is the person most knowledgeable about his

conception of his inventions and the circumstances surrounding his conception.

**Interrogatory No. 11:**

Identify all persons involved in, and identify the persons who are most knowledgeable of, the acquisition by or assignment to plaintiff of the Patents at Issue, and state in what capacity such persons were involved, and identify all documents relevant to or referring to such acquisition.

**Response to Interrogatory No. 11:**

Trilegiant objects to Interrogatory No. 11 to the extent it is overly broad, vague, and

unduly burdensome, in seeking the identity of "all persons involved in … the acquisition by or

assignment to plaintiff of the Patents at Issue." Trilegiant further objects to this interrogatory to the extent that it requires Trilegiant to disclose information not in Trilegiant's, possession, custody or control.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. On information and belief, Rodney Gould and Scott Lazear are persons who were involved in and knowledgeable about the assignment of the patents in suit by Netcentives Inc. to Trilegiant.

### Interrogatory No. 12:

Identify all persons involved in, and identify the persons who are most knowledgeable about any previous lawsuits between plaintiff and/or Netcentives and any third party alleged to infringe the Patents at Issue, and state in what capacity such persons were involved, and identify all documents relevant to or referring to such lawsuits.

### Response to Interrogatory No. 12:

Trilegiant objects to Interrogatory No. 12 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory to the extent that it requires Trilegiant to disclose information not in Trilegiant's, possession, custody or control. Trilegiant further objects to this interrogatory to the extent it is overly broad, vague, and unduly burdensome, in seeking the identity of all persons involved in and most knowledgeable about previous lawsuits between Trilegiant and other third parties to this action, and all documents relevant to such lawsuits. Trilegiant further objects to this interrogatory on the basis that it calls for the disclosure of information that is not reasonably calculated to lead to the discovery of admissible evidence.

11

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. Trilegiant will produce non-privileged documents to Maritz identifying prior lawsuits involving the patents in suit. The burden of deriving or ascertaining the answer to this Interrogatory from these documents therefore is substantially the same on Maritz as it is on Trilegiant. Accordingly, pursuant to Fed. R. Civ. P. Rule 33(d), Trilegiant refers Maritz to documents that will be produced to Maritz by Trilegiant. Trilegiant will supplement this response with Bates numbers after the documents are produced.

**Interrogatory No. 13:**

State whether plaintiff has obtained any statements or representations of any kind from any present or former employees of Maritz concerning any matters relevant to this lawsuit and, if so, please provide the entire substance of the statement, identify all persons having any knowledge of the statement, and identify all documents which refer or relate to the statement.

**Response to Interrogatory No. 13:**

Trilegiant objects to Interrogatory No. 12 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory to the extent it is overly broad, vague with regard to the phrases "any statements or representations of any kind" and "any matters relevant to this suit."

**Interrogatory No. 14:**

Identify all persons who participated or assisted in responding to these interrogatories.

**Response to Interrogatory No. 14:**

Trilegiant objects to Interrogatory No. 14 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or

12

any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory to the extent it is overly broad, vague with regard to the phrases "participated or assisted."

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds that, in additional to litigation counsel, Scott Lazear and Todd Siegel, Esq. of Trilegiant assisted in responding to these interrogatories.


Date: April 15, 2005

Steven Lieberman
Sharon L. Davis
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
1425 K Street, NW
Washington, DC 20005
Telephone: (202) 783-6040

*Attorneys for Plaintiff*
*Trilegiant Loyalty Solutions, Inc.*

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **TRILEGIANT LOYALTY SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO MARITZ, INC.'S FIRST INTERROGATORIES**, was served on this 15th day of April, 2005, in the manner indicated, upon the following counsel of record:

### Via Facsimile and First Class Mail:

J. Bennett Clark, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square; 16th Floor
St. Louis, MO 63102

Patricia Smink Rogowski, Esq.
Connolly Bove Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

*Counsel for Defendant Maritz Inc.*


Matthew T. Felten