IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION LOYALTY GROUP, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARITZ, INC., <br> Defendant. | Civil Action No. 04-360-JJF |

## AFFINION LOYALTY GROUP, INC.'S SUPPLEMENTAL RESPONSES TO MARITZ, INC.'S FIRST SET OF INTERROGATORIES

Under Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Affinion Loyalty Group, Inc. ("Affinion") submits the following supplemental responses to Maritz, Inc.'s ("Maritz's") First Set of Interrogatories ("Interrogatories").

### GENERAL OBJECTIONS

Unless otherwise stated, these general objections apply to each and every Interrogatory as though fully set forth therein:

1. Each of the following responses is made only for purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All objections and grounds are expressly reserved.

2. Affinion objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they seek the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Nothing herein is

intended as, or shall in any way be deemed to be, a waiver of any such law, privilege, protection, immunity or doctrine. To the extent that supplying the information requested would result in waiving any privilege or objection, Affinion objects to providing such information and will not do so. To the extent Affinion provides any information falling within the attorney-client privilege, the attorney work product doctrine, and/or any other privilege or protection inadvertently, Affinion does not waive the applicable privilege/objection.

3. Affinion objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, and the Court's Rule 16 Scheduling Order.

4. Affinion objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they call for the disclosure of information which relates to matters not raised by the pleadings, to the extent they are not material and necessary to the prosecution and defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

5. Affinion objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they call for the disclosure of confidential, proprietary, or trade secret information of Affinion or third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this matter.

6. Affinion objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they require Affinion to undertake an unduly burdensome and oppressive search for information.

7.  Affinion objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they purport to require Affinion to provide information that is publicly available or within Maritz's possession.

8.  Affinion asserts its General Objections with respect to each and every Interrogatory. Affinion reserves the right to supplement, amend, correct, or clarify its responses and objections to these interrogatories, and to assert general and specific objections arising from matters discovered during the course of the litigation.

## SUPPLEMENTAL RESPONSES TO CERTAIN INDIVIDUAL INTERROGATORIES

### Interrogatory No. 1:

Provide a four column claim chart for the claims of the Patents at Issue which identifies, in the far left column each claim element, in the left middle column plaintiff's construction of the language of that element pursuant to *Markman v. Westview Instruments, Inc.*, in the middle column whether and why each element as so construed literally covers or does not literally cover any programs, methods, or systems allegedly used by defendant that plaintiff asserts are covered by one or more of the claims of the Patents at Issue, or any aspect thereof, and identifying the program, method or system, and in the far right column, whether and why each element as so construed covers or does not cover the accused programs, methods, or systems or any aspect thereof under the doctrine of equivalents.

### Response to Interrogatory No. 1:

Affinion reasserts its general objections listed above. Further, Affinion objects to Interrogatory No. 1 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Affinion further objects to this interrogatory on the basis that

it is premature and to the extent it requires Affinion to disclose information in Maritz's, not Affinion's, possession, custody or control.

Without waiving those objections, all of which Affinion hereby reserves, Affinion responds as follows: Maritz's use of its VAULT system and AwardHQ website infringes claims 10, 11, 12, 13, 14, 15, 16, 17 (VAULT only), 27, 28, 29, 30, 31, 32, 33, 34 (VAULT only) and 36 of U.S. Patent No. 6,009,412. Affinion further states that its construction of those patent claims and the bases for infringement thereof are set forth in the expert reports of Randy Petersen and Robert Young, served March 10, 2006. To the extent the exchange of expert reports reveals the need for additional claim construction or other supplementation of those reports, any such additional opinions from Mr. Petersen or Mr. Young are incorporated herein.

### Interrogatory No. 2:

Describe in detail the factual basis and/or evidentiary support for plaintiff's contention that Maritz infringes one or more of the claims of the Patents at Issue, including the identification of each document that supports this contention, and the identification of each witness that has knowledge of any facts that support this contention.

### Response to Interrogatory No. 2:

Affinion objects to Interrogatory No. 2 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Affinion further objects to this interrogatory on the basis that it is premature and to the extent that it requires Affinion to disclose information and witnesses in Maritz's, not in Affinion's, possession, custody or control. Affinion further objects to this interrogatory on the basis that it is duplicative of Interrogatory No. 1 and Affinion will not repeat herein its response to Interrogatory No. 1. Without waiving

those objections, all of which Affinion hereby reserves, Affinion responds as follows: Affinion states that the factual bases for its contentions of infringement are set forth in the expert reports of Randy Petersen and Robert Young served on March 10, 2006 and the documents and witnesses cited therein. *See also* Deposition Transcripts of Tom Bushold and Janet Lister. To the extent that Mr. Petersen or Mr. Young provide additional bases in response to Maritz's expert reports, those additional bases are incorporated herein.

**Interrogatory No. 3:**

Describe in detail the factual basis and/or evidentiary support for your contention that any infringement by Maritz of one or more of the claims of the Patents at Issue is willful, including the identification of each documents that supports your contention, and the identification of each witness that has knowledge of any facts that support your contention.

**Response to Interrogatory No. 3:**

Affinion reasserts its general objections listed above. Further, Affinion objects to Interrogatory No. 3 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Affinion objects to this interrogatory on the basis that it is premature and to the extent that it requires Affinion to disclose information and witnesses in Maritz's, not in Affinion's, possession, custody or control. Affinion has requested that Maritz produce relevant information regarding Maritz's awareness and analysis of the patents-in-suit, some of which has not been produced and is the subject of pending discovery motions.

Without waiving those objections, all of which Affinion hereby reserves, Affinion responds as follows: Maritz has been aware of the '412 patent since days after its issuance. Despite that knowledge of the patent and the fact that infringement is plain, Maritz has willfully

continued its infringing conduct from that time until now. Maritz did not obtain any formal opinion of counsel for over 18 months relating to the '412 patent, despite the fact that it knew it was possibly infringing at least some claims of that patent and never obtained any opinion of counsel suggesting that the '412 patent was invalid or unenforceable. When it did obtain an opinion of counsel, it was based on a blatant misstatement of the prosecution history, particularly with respect to the redemption-based claims and was otherwise not reasonable for Maritz to rely upon. Nonetheless, Maritz has continued its infringement of the '412 patent. The documents supporting Affinion's contentions include the Exhibits used at the depositions of Steve Gallant, James Barta, Frank Agovino, Mark Shipley, Steve Sigman, John McArthur, John Risberg, Tom Bushold, and Carol Wofsey and the documents cited in the expert reports of Randy Petersen and Robert Young. Witnesses with knowledge of facts supporting Affinion's contentions include Steve Gallant, James Barta, Frank Agovino, Mark Shipley, John Risberg, Carol Wofsey, Tom Bushold and John McArthur.

**Interrogatory No. 4:**

Identify each and every category of damages claimed by plaintiff on account of defendant's alleged infringement of the Patents at Issue, and provide a computation of each such category. The computation should include the basis and extent of any claim for lost profits (including identification of the relevant programs, systems or methods and profit margins) and the basis and extent of any claim for a reasonable royalty (including identification of the relevant programs, systems or methods and royalty rate).

**Response to Interrogatory No. 4:**

Affinion reasserts its general objections listed above. Further, Affinion objects to Interrogatory No. 4 to the extent it seeks the disclosure of information covered by the attorney-

client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Affinion further objects to this interrogatory on the basis that it is premature and to the extent that it requires Affinion to disclose information in Maritz's, not in Affinion's, possession, custody or control. Without waiving those objections, all of which Affinion reserves, Affinion states that its damages position is set forth in the expert report of Dr. Marion Stewart served March 10, 2006. To the extent Dr. Stewart provides additional or updated opinions, those opinions are incorporated herein by reference.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_/s/_

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiff*
*Affinion Loyalty Group, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST
  & MANBECK, P.C.
1425 K Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040

March 17, 2006
512010

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2006, I caused copies of the foregoing to be served upon the following in the manner indicated:

### BY HAND

Patricia Smink Rogowski
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

J. Bennett Clark
SENNIGER, POWERS, LEAVITT & ROEDEL
One Metropolitan Square
St. Louis, MO 63102

_____
James W. Parrett, Jr. (#4292)

512010