IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION LOYALTY GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 04-360-JJF |
| ) | |
| v. ) | |
| ) | |
| MARITZ INC., ) | |
| ) | |
| Defendant. ) | |

**MARITZ'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S
FIRST MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendant Maritz Inc. supplements its opposition to Plaintiff's Motion to Compel Production of Documents, filed February 13, 2006 (D.I. 87). By recent motion (D.I. 101), Affinion seeks to drop its infringement claims relating to the '870 and '012 patents. By doing so, plaintiff undermines arguments that it previously tendered in support of its motion to compel.

## I. INTRODUCTION

Plaintiff sued Maritz for infringement of U.S. Patent Nos. 5,774,870; 6,009,412; and 6,578,012. On March 8, 2006, *after* Maritz filed its initial Response to Affinion's first motion to compel, Affinion sought leave to amend its complaint to drop the '870 and '012 patents from this case (D.I. 101). Simultaneously, Affinion executed a purported Release and Covenant Not to Sue with regard to the '870 and '012 patents. Maritz separately responded to Affinion's motion for leave to amend (D.I. 115).

Despite early notice to plaintiff in discovery that Maritz's systems did not employ interactive on-line product sale and immediate point-awarding functions, as required by the patent claims, plaintiff continued to assert all three patents against Maritz. By maintaining its infringement claims, plaintiff received copies of Maritz's opinion letters and related privileged

material for all three patents which Maritz produced when it elected to rely on opinions as part of its defense. Plaintiff moved to compel additional material asserting a greater scope of privilege waiver. With the benefit of the non-infringement opinions and attorney work product relating to the '870 and '012 patents, Affinion now seeks to drop its infringement contentions with respect to these patents. However, in the motion to compel Affinion still seeks privileged documents concerning the '870 and '012 patents, and asserts a scope of waiver for the '412 patent materials based on information concerning the '870 and '012 patents.

Maritz recently responded to Affinion's motion for leave to amend its complaint and proposed conditions that would help to alleviate prejudice Maritz has and will suffer as a result of Affinion's actions (D.I. 115). Should the Court allow Affinion to abandon its infringement claims with respect to the '870 and '012 patents, plaintiff's push for extending privilege waiver to subject matter not addressed by the opinion letters regarding non-infringement of the '412 patent is further undermined. The scope of attorney-client privilege waiver should be limited to the subject matter of the only opinion of counsel still at issue in this case, namely, non-infringement of the '412 patent.

## II. ARGUMENT

### A. Invalidity was addressed only in regard to two claims of the '870 patent, which Affinion seeks to drop from this case.

As discussed in Maritz's initial opposition, virtually all of the analysis of Maritz's programs in light of the patents-in-suit addressed non-infringement. The only exception was a brief discussion of the invalidity of claims 29 and 30 of the '870 patent. If Affinion is permitted to drop its claims of infringement of the '870 patent, it has obviated any basis that it may have for seeking privileged communications or work product relating to invalidity.

B.   **By abandoning its infringement claims with respect to the '870 and '012 patents, Affinion cannot now rely on the '012 patent opinion in support of its present motion.**

In its motion at page 3, Affinion attempts to justify its breach of an agreement between counsel based on the date of an opinion letter, which addressed non-infringement of the '012 patent. Because Affinion now seeks to abandon its claim that Maritz infringes the '012 patent, it should not be permitted to rely on the date of an opinion for the '012 patent as justification for breaching its agreement with counsel for Maritz. Nor should Affinion be permitted to rely on the timing of an opinion of counsel addressing a patent no longer being asserted by Affinion to justify the broad waiver asserted in its motion.

### III. CONCLUSION

For these additional reasons, plaintiff's first motion to compel should be denied.

Respectfully submitted,

Date: April 6, 2006

*Patricia A Rogowski*
Patricia Smink Rogowski (#2632)
Rudolf E. Hutz (#494)
CONNOLLY BOVE LODGE & HUTZ LLP
P.O. Box 2207
1007 N. Orange Street
Wilmington, DE 19899
(302) 658-9141

Attorneys for Defendant, Maritz Inc.

OF COUNSEL:
J. Bennett Clark
Jennifer E. Hoekel
Marc W. Vander Tuig
David J. Harlan
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

## CERTIFICATE OF SERVICE

I, hereby certify that on **April 6, 2006**, I electronically filed **Maritz's Unopposed Motion for Leave to Supplement Its Response to Plaintiff's First Motion to Compel** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld. I hereby further certify that on April 6, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

/s/ *Patricia Smink Rogowski*
Patricia Smink Rogowski (#2632)