# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FENSTER FAMILY PATENT HOLDINGS, INC., ELSCINT LTD., and ELSCINT INC., | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 04-0038-JJF |
| | : | |
| SIEMENS MEDICAL SOLUTIONS USA, INC., SIEMENS MEDICAL SYSTEMS, INC., SIEMENS CORPORATION, and SIEMENS AG, | : | |
| Defendants. | : | |

---

Josy W. Ingersoll, Esquire, John W. Shaw, Esquire, Adam W. Poff, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, Wilmington, Delaware.
Of Counsel: Neil F. Greenblum, Esquire, Michael J. Fink, Esquire, Jill M. Browning, Esquire and Van C. Ernest, Esquire of GREENBLUM & BERNSTEIN, P.L.C.
Attorneys for Plaintiffs.

Arthur G. Connolly, III, Esquire of CONNOLLY BOVE LODE & HUTZ, LLP, Wilmington, Delaware.
Of Counsel: Eugene M. Gelernter, Esquire; Scott B. Howard, Esquire, Chad J. Peterman, Esquire, Melissa Mandrgoc, Esquire and Adrian H. von Hassell, Esquire of PATTERSON, BELKNAP, WEBB & TYLER, LLP, New York, New York.
Attorneys for Defendants.

---

**MEMORANDUM OPINION**

September 20, 2005
Wilmington, Delaware

Farnan, District Judge.

Presently before the Court are (1) Defendant Siemens' Motion For An Expedited Briefing Schedule (D.I. 69); (2) Defendant Siemens' Motion For A Protective Order With Respect To Plaintiffs' Rule 30(b)(6) Deposition Notice (D.I. 70); (3) Defendants' Combined Emergency Motion Pursuant To The Rule 16 Scheduling Order To: (1) Limit The Number Of Asserted Claims, And (2) Modify The Existing Schedule (D.I. 71); (4) Defendants' Rule 37 Motion To Compel Discovery (D.I. 72); (5) Plaintiffs' Motion To Compel Responses To Interrogatory Nos. 9 And 10 And Alleged Joint Defense Communications (D.I. 74); (6) Plaintiffs' Motion To Compel 30(b)(6) Witness (D.I. 75); (7) Plaintiffs' Renewed Motion For Access To Defendants' Intranet (D.I. 80); (8) Plaintiffs' Revised Motion To Compel Discovery Responses With Respect To Sienet Product (D.I. 84); (9) Plaintiffs' Motion To Quash And/Or In The Alternative For Protective Order In Response To Defendants; Notice Of Deposition And Subpoena Duces Tecum Issued On March 16, 2005 To General Electric Company And General Electric Medical Systems, Inc. (D.I. 101); (10) Plaintiffs' Motion To Compel Deposition Testimony Of Mssrs. Ruggiero And Keller (D.I. 107); (11) Plaintiffs' Motion To Preclude Defendants From Relying On Expert Testimony (D.I. 113); and (12) Siemens' Conditional Cross-Motion To Preclude Plaintiffs From Offering Expert Testimony On Infringement (D.I. 114).

**BACKGROUND**

This is a lawsuit filed by Fenster Family Patent Holdings, Inc. ("Fenster"), Elscint Ltd., and Elscint, Inc. (collectively, "Fenster") against Siemens Medical Solutions USA, Inc., Siemens Medical Systems, Inc., Siemens Corporations, and Siemens AG, (collectively, "Siemens"). Fenster asserts eight unrelated patents against Siemens: U.S. Patent Nos. 4,555,728 ("the '728 patent"); 4,693,864 ("the '864 patent"); 4,459,990 ("the '990 patent"); 4,685,146 ("the '146 patent"); 4,644,398 ("the '398 patent"); 4,595,949 ("the '949 patent"); 4,590,518 ("the '518 patent'); 4,777,620 ("the '620 patent"). Fenster seeks declarations of infringement, willful infringement, inducement of infringement, and contributory infringement plus damages and permanent injunctive relief. Fenster alleges that each of the patents in suit is owned by Elscint Ltd. and exclusively licensed to Fenster Family Patent Holdings, Inc.

The technology at issue is generally referred to as Digital Angiography and Digital Fluoroscopy ("DF"). DF refers to X-ray diagnostic apparatus and techniques that are used to measure cardiovascular function.

Plaintiff Fenster Family Patent Holdings, Inc. is a Delaware corporation with its principal place of business in Wilmington, Delaware. Plaintiff Elscint Ltd. is an Israeli Company located in Tel Aviv, and is the owner of the patents-in-suit. Plaintiff Elscint Inc. is a Massachusetts corporation, and a wholly owned U.S.

3

subsidiary of parent company Elscint Ltd.

Defendant Siemens Medical Solutions USA, Inc. is a Delaware corporation, with its principal place of business in Malvern, Pennsylvania.  Fenster alleges that Siemens Medical Solutions USA, Inc. is a wholly owned subsidiary of Defendant Siemens AG.

Defendant Siemens Medical Systems, Inc. is a Delaware corporation with its principal place of business in Iselin, New Jersey.  Fenster alleges that Siemens Medical Systems, Inc. is a wholly owned subsidiary of Defendant Siemens AG.

Defendant Siemens Corporation is a Delaware corporation with its principal place of business in New York, New York.  Fenster alleges that Siemens Corporation is a wholly owned subsidiary of Defendant Siemens AG and is the parent corporation of Siemens Medical Solutions USA, Inc. and Siemens Medical Systems, Inc.

Defendant Siemens AG is organized under the laws of Germany, with its principal place of business in Munich, Germany.  Fenster alleges that Siemens AG includes a medical technology business unit, Siemens Medical Solutions (Germany).

Fenster filed its Complaint (D.I. 1) on January 20, 2004. On February 6, 2004, Fenster filed a First Amended Complaint (D.I. 12). On July 7, 2004, the Court entered a Rule 16 Scheduling Order, whereby Fact Discovery ended on March 15, 2005, and the deadline for filing case dispositive motions was August 12, 2005.  There is a Markman hearing scheduled on October 3, 2005, a Pretrial Conference scheduled on November 10, 2005, and a jury trial scheduled to begin

4

on January 17, 2006.

On November 22, 2004, the Court held a discovery hearing at which the Court granted Siemens' Motion For Bifurcation (D.I. 38) with regard to damages and denied it with regard to willfulness. At the November 22 hearing, the Court also ruled on a Revised Motion To Compel (D.I. 46-1) filed by Fenster denying access to the Siemens' electronic database or Intranet and granting access to documents related to products wherein a cardiac diagnostic image from an X-ray is received and processed.

In compliance with the Scheduling Order, on February 8, 2005, Fenster identified 90 patent claims and listed 49 accused products.

### DISCUSSION

The motions pending in this case can be divided into two categories (1) motions related to the scope of discovery, and (2) other discovery motions.

### I.    Motions Related To The Scope Of Discovery

At the heart of most of the discovery related motions is Siemens' contention that the 90 claims and 49 accused products asserted by Fenster are unreasonable in number and that Siemens cannot prepare its defense or maintain the current case schedule under these conditions.  Fenster, in turn, seeks to compel Siemens to respond to its discovery requests.

5

A.    <u>Defendants' Motion For An Expedited Briefing Schedule (D.I. 69)</u>

By its Motion, Siemens requests an order expediting the briefing schedule with regard to Siemens' Combined Emergency Motion Pursuant To The Rule 16 Scheduling Order to limit the number of claims asserted and modify the existing schedule. In response, Fenster contends that Siemens has failed to diligently pursue its discovery and has impeded Fenster from conducting discovery. Specifically, Fenster contends that Siemens has failed to notice depositions, has not pursued publicly available foreign patent documents, has refused to present any witnesses in response to Fenster's 30(b)(6) notice for February 14, 2005, and has produced documents long after the December 2004 date by which the Court wanted document production to be completed.

Because this motion has been pending for several months, the Court will deny Defendants' Motion For An Expedited Briefing Schedule.

B.    <u>Defendants' Combined Emergency Motion Pursuant To The Rule 16 Scheduling Order To: (1) Limit The Number Of Asserted Claims, And (2) Modify The Existing Schedule (D.I. 71)</u>

By its motion, Siemens requests an order limiting the number of claims and modifying the existing schedule. Specifically, Siemens contends that allowing Fenster to assert 90 claims is unreasonable. Further, Siemens contends that, because Fenster expanded the scope of this litigation five weeks before the close of fact discovery and eleven weeks before the date for expert reports on validity, Siemens

6

is unable to prepare its defenses.  Siemens further contends that
Fenster has impeded discovery by refusing to make all inventors
available for depositions and failing to produce key documents (the
subject of a separate rule 37 motion).  Siemens requests that the
current schedule be modified as follows: fact discovery will end
eight weeks after Fenster identifies a reasonable number of asserted
claims and a reasonable number of accused products; opening expert
reports will be due four weeks after the close of fact discovery
(instead of six weeks under the current scheduling order); rebuttal
expert reports would be due four weeks after opening expert reports;
and the remainder of the schedule be adjusted accordingly.

In response, Fenster contends that the number of asserted claims
should not be further limited because Fenster will likely limit them
after full discovery.  Further, Fenster contends that the Court
indicated at the November 22, 2004, discovery hearing that the
parties would not lose their trial date.  Fenster also contends that
Siemens has not noticed a single deposition, and has failed to
provide a 30(b)(6) witness.

The Court agrees with Siemens that Fenster's number of asserted
claims is unreasonable.  The Court would prefer the parties to
address such issues among themselves, but when that does not happen;
the Court must intervene.  The Court finds that Fenster should be
limited, at this juncture, to ten (10) claims and five (5) products
asserted.  This decision is obviously arbitrary; however, it is

7

appropriate from the viewpoint of the typical patent litigation.
Because a modification of the Scheduling Order is required as a
result of the Court's decision, the Court will order the parties to
submit a proposed, revised scheduling order for the Court's
consideration.

    C.    Defendants' Motion For A Protective Order With Respect To
          Plaintiffs' Rule 30(b)(6) Deposition Notice (D.I. 70)

    By its Motion, Siemens contends that Fenster' Rule 30(b)(6)
deposition notice is overly broad and unduly burdensome because it
designates "all versions" of 49 different products as "Accused
Products," and seeks testimony on a multitude of topics (36 subject
matter categories) for each of them.  As relief, Siemens seeks the
entry of a protective order.  Based on the Court's decision reducing
the number of asserted claims, the Court will deny this motion as
moot.

    D.    Siemens' Rule 37 Motion To Compel Discovery (D.I. 72)

    By its motion, Siemens contends that Fenster has failed to
produce: file histories of foreign counterpart applications, and
related documents; documents relating to conception, reduction-to-
practice, and best mode, in response to Document Requests No. 14 and
15; complete answers to Siemens' Interrogatories 3 and 4, which ask
for information relating to Siemens' laches defense and the priority
dates for the patents-in-suit.  In response, Fenster contends that
Fenster's foreign file histories are publically available, that
Fenster has no other documents that are responsive to Document

8

Requests 14 and 15, and that Fenster has fully responded to
Interrogatory Nos. 13 and 14.  Because the Court has limited the
number of asserted claims and accused products and will modify the
schedule in this case, the Court will deny this motion with leave to
renew.

     E.    <u>Fenster' Motion To Compel Responses To Interrogatory Nos. 9
And 10 And Alleged Joint Defense Communications (D.I. 74)</u>

By its motion, Fenster moves to compel Siemens to respond to
Interrogatory Nos. 9 and 10 of Fenster' Second Set of
Interrogatories.  Specifically, Fenster seeks the dates of the first
and last sales of each of the identified products.  In response,
Siemens asserts that these interrogatories seek information
duplicative of that requested in Fenster's Interrogatory Nos. 1 and
2.

In reply to Siemens' argument, Fenster contends that
Interrogatory Nos. 1 and 2 requested that Siemens identify each model
and all components made, used, sold, offered for sale and/or imported
since 1994.  Fenster contends that identification of the models and
components sold since 1994 is different from identification of the
first and last dates of sale.

Because the Court has limited the number of asserted claims and
accused products and will modify the schedule in this case, the Court
will deny this motion with leave to renew.

F.    <u>Fenster's Motion To Compel 30(b)(6) Witness (D.I. 75)</u>

Because the Court has denied as moot Siemens' Motion For A Protective Order With Respect To Fenster's Rule 30(b)(6) Deposition Notice (D.I. 70), the Court will likewise deny as moot Fenster's Motion To Compel 30(b)(6) Witness.

G.    <u>Fenster's Motion To Preclude Siemens From Relying On Expert Testimony (D.I. 113)</u>

By its motion, Fenster moves to preclude Siemens from relying on expert testimony because Siemens failed to serve its expert reports prior to April 22, 2005, the date specified in the Scheduling Order. In response, Siemens contends that Fenster's designation of 90 asserted claims made it impossible for Siemens' experts to conduct a meaningful validity analysis.  Because the Court has limited the number of asserted claims and accused products and will modify the schedule in this case, the Court will deny this motion as moot.

H.    <u>Siemens' Conditional Cross-Motion To Preclude Fenster From Offering Expert Testimony On Infringement (D.I. 114)</u>

Siemens' Conditional Cross-Motion To Preclude Fenster From Offering Expert Testimony On Infringement (D.I. 114) is related to Fenster's Motion To Preclude Siemens From Relying On Expert Testimony (D.I. 113).  Because the Court has limited the number of asserted claims and accused products and will modify the schedule in this case, the Court will deny this motion as moot.

## II.  Other Discovery Motions

### A.  Fenster's Renewed Motion For Access To Siemens' Intranet (D.I. 80)

By its motion, Fenster renews its motion to compel Siemens to provide Fenster with access to its corporate Intranet or other electronic databases or networks.  The Court denied Fenster's original motion on November 22, 2004, stating that the Court based its decision in part on Siemens' representation that the production would be in a searchable electronic format.  However, Fenster contends that two developments warrant reconsideration of this issue. First, Fenster contends that Siemens provided access to documents in two warehouses, which requires document-by-document review of over a million pages of documents without the benefit of any type of electronic searching.  Second, Fenster contends that Siemens produced other large batches of documents in electronic format, but many of these documents are not in searchable format.

In response, Siemens contends that Fenster's motion is a motion for reconsideration, not a renewed motion.  Siemens contends that it will produce the specific documents that Fenster has previously identified as non-searchable in "searchable form."  Further, Siemens contends that some older documents are only available on microfilm, are not on the Intranet, and that Siemens fulfilled its obligations under the Federal Rules by producing them in the format in which they are maintained.

11

In a letter to the Court (D.I. 106), Fenster cites deposition testimony of a Siemens' employee wherein the employee states that it would be easy to determine whether there were any documents from Pie Medical on Siemens' Intranet. Fenster contends that Siemens has not produced any documents from Pie Medical and that this testimony is new evidence that shows Fenster's motion for access to Siemens' Intranet should have been granted.

The Court finds that Fenster has not demonstrated an intervening change in controlling law, the availability of new evidence that was not available when the Court issued its first Order, or the need to correct a clear error of law or fact to prevent a manifest injustice. Accordingly, the Court will deny this motion.

B.    Fenster's Revised Motion To Compel Discovery Responses With Respect To Sienet Product (D.I. 84)

By its motion, Fenster seeks production of documents related to Siemens' SIENET. Fenster contends that SIENET is a Picture Archiving and Communication System ("PACS"), which is relevant to this litigation. Fenster acknowledges that Siemens' responses to Fenster's most recent discovery requests were not due until March 7, 2005, after Fenster filed its motion.

In response, Siemens contends that SIENET comprises three components: patient management, long-term image archiving (known as PACS), and image post processing. Siemens contends that SIENET allows for the linking of image data from various x-ray imaging systems and provides data on a patient-based scheme to radiologists.

12

Further, Siemens contends that SIENET has a component with PACS functionality that is merely used in part for long-term storage and archiving. Because the x-ray imaging systems function independently of SIENET and discovery is limited to digital x-ray imaging systems, Siemens contends that SIENET is outside the scope of discovery. Siemens further contends that SIENET is capable of operating with a host of x-ray systems (such as MRI, CT scanning, ultra-sound, and nuclear medicine) that are outside the scope of this litigation.

The Court will deny Fenster's motion on two grounds. First, the Court concludes that this motion was filed prematurely, before Siemens' discovery responses were due. Second, it appears to the Court that SIENET is not a digital x-ray imaging system, but rather a way to knit such a system together with other components. Accordingly, the Court concludes that SIENET is outside the scope of discovery.

C.  Fenster' Motion To Quash And/Or In The Alternative For Protective Order In Response To Siemens' Notice Of Deposition And Subpoena Duces Tecum Issued On March 16, 2005 To General Electric Company And General Electric Medical Systems, Inc. (D.I. 101)

By its motion, Fenster seeks to quash Siemens' notice of deposition with regard to a Rule 30(b)(6) Deposition of General Electric Company and General Electric Medical Systems, Inc. (collectively, "GE") and a subpoena duces tecum, both issued on March 16, 2005, after the close of fact discovery.

In response, Siemens contends that because its counsel

13

represents GE in unrelated matters, counsel could not take third-
party discovery from GE without obtaining a waiver from GE of any
conflict of interest that may be presented by taking such discovery.
Siemens contends that Fenster stood in the way of Siemens' attempts
to obtain the waiver.  On March 9, 2005, GE informed Siemens' counsel
that it would not waive the conflict.  Thus, Siemens had to retain
other counsel, and served the subpoena less than a week after GE's
refusal.  Siemens also contends that a decision by the Court to
modify the existing schedule would moot Fenster's objections to the
GE subpoena.

　　　　Because the Court has limited the number of asserted claims and
accused products and will modify the schedule in this case, the Court
will deny this motion.

　　　　D.　　Fenster' Motion To Compel Deposition Testimony Of Mssrs.
　　　　　　　Ruggiero And Keller (D.I. 107)

　　　　By its motion, Fenster contends that it deposed two Siemens
Medical Solutions employees, Tom Ruggiero on April 6, 2005, and Mike
Keller on April 7, 2005.  Fenster contends that, during each
deposition, counsel for Siemens instructed each witness not to
testify regarding a device called "AXIS."  Fenster moves to compel
further deposition testimony of Messrs. Ruggiero and Keller with
regard to AXIS pursuant to Federal Rule of Civil Procedure 26(b)(1)
and 37(a)(2).  Fenster contends that Siemens' counsel's instructions
not to answer questions about AXIS were improper because the line of
questioning did not involve a matter of privilege.

14

In response, Siemens contends that the design for the AXIS project has not been finalized and it remains in flux. Siemens further contends that there is no commercial AXIS product because Siemens has not yet sought or obtained FDA approval for a commercial product. Thus, Siemens contends that discovery with regard to AXIS is not reasonably calculated to lead to discovery of relevant information.

The Court limited the scope of discovery in this case to digital x-ray imaging systems. In its briefing, neither party addresses whether AXIS is a digital x-ray imaging system, but it seems to be one that is still in the stages of research and development. Accordingly, the Court will deny this motion, because it is directed to a yet to be developed product which appears to be outside the scope of discovery set by the Court.

## CONCLUSION

For the reasons discussed, the Court will (1) deny Defendant Siemens' Motion For An Expedited Briefing Schedule (D.I. 69); (2) deny as moot Defendant Siemens' Motion For A Protective Order With Respect To Plaintiffs' Rule 30(b)(6) Deposition Notice (D.I. 70); (3) grant Defendants' Combined Emergency Motion Pursuant To The Rule 16 Scheduling Order To: (1) Limit The Number Of Asserted Claims, And (2) Modify The Existing Schedule (D.I. 71); (4) deny with leave to renew Defendants' Rule 37 Motion To Compel Discovery (D.I. 72); (5) deny with leave to renew Plaintiffs' Motion To Compel Responses To

15

Interrogatory Nos. 9 And 10 And Alleged Joint Defense Communications (D.I. 74); (6) deny as moot Plaintiffs' Motion To Compel 30(b)(6) Witness (D.I. 75); (7) deny Plaintiffs' Renewed Motion For Access To Defendants' Intranet (D.I. 80); (8) deny Plaintiffs' Revised Motion To Compel Discovery Responses With Respect To Sienet Product (D.I. 84); (9) deny Plaintiffs' Motion To Quash And/Or In The Alternative For Protective Order In Response To Defendants; Notice Of Deposition And Subpoena Duces Tecum Issued On March 16, 2005 To General Electric Company And General Electric Medical Systems, Inc. (D.I. 101); (10) deny Plaintiffs' Motion To Compel Deposition Testimony Of Mssrs. Ruggiero And Keller (D.I. 107); (11) deny as moot Plaintiffs' Motion To Preclude Defendants From Relying On Expert Testimony (D.I. 113); and (12) deny as moot Siemens' Conditional Cross-Motion To Preclude Plaintiffs From Offering Expert Testimony On Infringement (D.I. 114).

An appropriate Order will be entered.

16

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FENSTER FAMILY PATENT HOLDINGS,      :
INC., ELSCINT LTD., and ELSCINT      :
INC.,                                :
                Plaintiffs,          :
                                     :
        v.                           :    Civil Action No. 04-0038-JJF
                                     :
SIEMENS MEDICAL SOLUTIONS USA,       :
INC., SIEMENS MEDICAL SYSTEMS,       :
INC., SIEMENS CORPORATION, and       :
SIEMENS AG,                          :
                                     :
                Defendants.          :

O R D E R

At Wilmington, this 20 day of September 2005, for the reasons
set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

1.   Defendant Siemens' Motion For An Expedited Briefing
Schedule (D.I. 69) is **DENIED**.

2.   Defendant Siemens' Motion For A Protective Order With
Respect To Plaintiffs' Rule 30(b)(6) Deposition Notice (D.I. 70) is
**DENIED AS MOOT**.

3.   Defendants' Combined Emergency Motion Pursuant To The Rule
16 Scheduling Order To: (1) Limit The Number Of Asserted Claims, And
(2) Modify The Existing Schedule (D.I. 71) is **GRANTED**.  The parties
shall submit a revised, proposed scheduling order within **twenty** (20)
days of the date of this Order.

4.   Defendants' Rule 37 Motion To Compel Discovery (D.I. 72) is

**DENIED WITH LEAVE TO RENEW**.

5.    Plaintiffs' Motion To Compel Responses To Interrogatory Nos. 9 And 10 And Alleged Joint Defense Communications (D.I. 74) is **DENIED WITH LEAVE TO RENEW**.

6.    Plaintiffs' Motion To Compel 30(b)(6) Witness (D.I. 75) is **DENIED AS MOOT**.

7.    Plaintiffs' Renewed Motion For Access To Defendants' Intranet (D.I. 80) is **DENIED**.

8.    Plaintiffs' Revised Motion To Compel Discovery Responses With Respect To Sienet Product (D.I. 84) is **DENIED**.

9.    Plaintiffs' Motion To Quash And/Or In The Alternative For Protective Order In Response To Defendants; Notice Of Deposition And Subpoena Duces Tecum Issued On March 16, 2005 To General Electric Company And General Electric Medical Systems, Inc. (D.I. 101) is **DENIED**.

10.   Plaintiffs' Motion To Compel Deposition Testimony Of Mssrs. Ruggiero And Keller (D.I. 107) is **DENIED**.

11.   Plaintiffs' Motion To Preclude Defendants From Relying On Expert Testimony (D.I. 113) is **DENIED AS MOOT**.

12.   Siemens' Conditional Cross-Motion To Preclude Plaintiffs From Offering Expert Testimony On Infringement (D.I. 114) is **DENIED AS MOOT.**

Joseph J Farnan Jr.
UNITED STATES DISTRICT JUDGE

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC. | ) | |
| Plaintiff, | ) | C.A. No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ, INC. | ) | |
| Defendant. | ) | |

## NOTICE OF DEPOSITION OF THOMAS BUSHOLD

**PLEASE TAKE NOTICE THAT** pursuant to Rule 30 (b) of the Federal Rules of Civil Procedure, commencing at 9:00 a.m. on November 17, 2005, or at such other date and time as shall be agreed upon by the parties or ordered by the Court, and continuing time to time thereafter, Plaintiff Trilegiant Loyalty Solution, Inc. will take the deposition upon oral examination of Thomas Bushold.

The deposition shall take place at the offices of Senniger, Powers, Leavitt & Roedel, One Metropolitan Square; 16ᵗʰ Floor, St. Louis, Missouri 63102 or at such location as agreed to by the parties or as ordered by the Court. The deposition will be taken before an officer authorized by law to administer oaths, and will be recorded by stenographic and/or audiovisual means. You are invited to attend and cross-examine.

Dated: October 12, 2005

ROTHWELL, FIGG, ERNST & MANBECK

By: *Sharon L. Davis*

Steven Lieberman
Sharon L. Davis
1425 K Street, NW
Suite 800
Washington, DC 20005
(202) 783-6040

*Counsel for Plaintiff Trilegiant Loyalty
Solutions, Inc.*

L:\2829\2829-179.lit\Discovery\Deposition Notices\Notice of Deposition Thomas Busheld.doc

MORRIS, NICHOLS, ARSHT & TUNNELL

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  Attorneys for Plaintiff
  Trilegiant Loyalty Solutions, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **NOTICE OF**

**DEPOSITION OF THOMAS BUSHOLD**, was served on this 12th day of October, 2005, in the

matter indicated, upon the following counsel of record:

**Via Facsimile and First Class Mail:**

J. Bennett Clark, Esq.
Jennifer E. Hoekel, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square; 16th Floor
St. Louis, MO 63102

Patricia Smink Rogowski, Esq.
Connolly Bove Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

_____
Matthew T. Felten

# EXHIBIT 3

 **ROTHWELL, FIGG, ERNST & MANBECK, P.C.**

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

| | |
|---|---|
| G. Franklin Rothwell | Martha Cassidy, Ph.D. |
| E. Anthony Figg | Anne M. Sterba |
| Barbara G. Ernst | Lisa N. Phillips |
| Harry F. Manbeck, Jr. | Leigh Z. Callander |
| George R. Repper | C. Nichole Gifford |
| Steven Lieberman | Patrick T. Skacel |
| Joseph A. Hynds | Brian S. Rosenbloom |
| Elizabeth A. Leff | Monica C. Kitts |
| Richard Wydeven | Brian A. Tollefson |
| Martin M. Zoltick | Joo Mee Kim* |
| Minakai Bhatt | Steven M. Giovannetti |
| Sharon L. Davis | Hyunkweon Ryu |
| Robert B. Murray | R. Elizabeth Brenner |
| Carla C. Calcagno | Adam M. Treiber |
| Jeffrey L. Ihnen | |
| Glenn E. Karta | *Not Admitted in D.C. |

Of Counsel
John A. McCahill
Barbara Webb Walker, Ph.D.

*VIA FACSIMILE*

December 20, 2005

J. Bennett Clark, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square, 16th Floor
St. Louis, MO 63102

        Re:    Trilegiant Loyalty Solutions v. Maritz
                <u>Our Reference: 2829-179</u>

Dear Ben:

     As you know, I had arranged to remain in St. Louis today for the deposition of Tom Bushold. You cancelled the deposition yesterday because Mr. Bushold had not appeared for his scheduled meeting with you and had not responded to your efforts to contact him.

     Particularly after Mr. Shipley's testimony, it is plain that Mr. Bushold is a critical witness in the case whose deposition cannot be pushed to the end of the discovery period without prejudice to Trilegiant's preparation of its case. In light of Mr. Bushold's apparent lack of cooperation with your firm, it appears that he does not view you as representing him. If you contend that you currently represent Mr. Bushold, please provide us by December 23 with documentation of that representation and a date in early January on which we can depose Mr. Bushhold. If we do not receive the foregoing, we will contact Mr. Bushold directly.

                Very truly yours,

                Sharon L. Davis

SLD:erh

Clark.L11.wpd

12/20/2005 17:41 FAX 202 783 6031    ROTHWELL, FIGG, ERNST&MANB                 @001

```
*********************
***   TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO            0045
CONNECTION TEL
CONNECTION ID
ST. TIME            12/20 17:
USAGE T             00'2
PGS. SENT
RESULT
```

# ROTHWELL, FIGG, ERNST & MANBECK

1425 K Street, NW
Suite 800
Washington, D.C. 20005

Telephone: (202)783-6040
Telefax: (202)783-6031

## FACSIMILE TRANSMITTAL SHEET

**DATE:**     December 20, 2005

**TO:**       J. Bennett Clark, Esq.
              Senniger, Powers, Leavitt & Roedel      PH:   314.231.5400

**FROM:**     Sharon L. Davis, Esq.

**Our Ref:**  2829-179

Number of Pages Including This Transmittal Sheet:

If any problems in connection with this facsimile, please cont                        at 202-783-6040.

THIS MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY
CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE
LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENCY
RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY
DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICES. THANK YOU.

## MESSAGE:

Please see attached correspondence.

# ROTHWELL, FIGG, ERNST & MANBECK

1425 K Street, NW
Suite 800
Washington, D.C. 20005

Telephone: (202)783-6040
Telefax: (202)783-6031

FACSIMILE TRANSMITTAL SHEET

DATE:      December 20, 2005

TO:        J. Bennett Clark, Esq.          FAX:  314.231.4342
           Senniger, Powers, Leavitt & Roedel    PH:   314.231.5400

FROM:      Sharon L. Davis, Esq.

Our Ref:   2829-179

Number of Pages Including This Transmittal Sheet:  _2_

If any problems in connection with this facsimile, please contact: Ella Hubbard at 202-783-6040.

THIS MESSAGE IS INTENDED FOR THE USE OF THE INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY
CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE
LAW. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENCY
RESPONSIBLE FOR DELIVERING THE MESSAGE TO THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY
DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE
RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE AND RETURN THE
ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICES.  THANK YOU.

## MESSAGE:

Please see attached correspondence.

# EXHIBIT 4

# Has Been Redacted in its Entirety

# EXHIBIT 5

**Matthew Felten**

| | |
|---|---|
| **From:** | Sharon Davis |
| **Sent:** | Tuesday, January 10, 2006 12:54 PM |
| **To:** | 'Jennifer Hoekel' |
| **Cc:** | Elizabeth Brenner; Matthew Felten |
| **Subject:** | RE: Bushold deposition |

Dear Jennifer,

        Given the problems we have had with scheduling Mr. Bushold and getting his
appearance, we would like to take his deposition as soon as possible.  I think the better
course would be to identify dates on which he is available in January and work from there.
If it helps for scheduling with Mr. Bushold, we could arrange to take his deposition on
any date from January 24 through February 3 (assuming we can work that out with other
depositions proposed during that period).  If he is not available until later in February,
we would need to coordinate with the Storey deposition scheduled for the 8th.

Very truly yours,

Sharon Davis
-----Original Message-----
From: Jennifer Hoekel [mailto:JHoekel@senniger.com]
Sent: Monday, January 09, 2006 7:00 PM
To: Sharon Davis
Subject: Bushold deposition

Sharon:

Please give me dates that you would propose for taking Tom Bushold's deposition.  I will
coordinate with him and we can firm something up.

Thank you for your cooperation.

Jennifer

*****************************************************************
Confidentiality Warning:  This e-mail contains information intended only for the use of
the individual or entity named above.  If the reader of this e-mail is not the intended
recipient or the employee or agent responsible for delivering it to the intended
recipient, any dissemination, publication or copying of this e-mail is strictly
prohibited.  Under an informal ruling by the Office of the Chief Disciplinary Counsel for
the Supreme Court of Missouri, communication by e-mail is deemed not necessarily secure
and confidential. If you have received this e-mail in error, please immediately notify us
by return e-mail and call (314) 231-5400.  Thank you.
*****************************************************************

# EXHIBIT 6

 ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

*VIA E-MAIL*

January 23, 2006

G. Franklin Rothwell     Anne M. Sterba
E. Anthony Figg          Lisa N. Phillips
Barbara G. Ernst         Leigh Z. Callander
Harry F. Manbeck, Jr.    C. Nichole Gifford
George R. Repper         Patrick T. Skacel
Steven Lieberman         Monica C. Kitts
Joseph A. Hynds          Brian A. Tollefson
Elizabeth A. Leff        Joo Mee Kim*
Richard Wydeven          Steven M. Giovannetti
Martin M. Zoltick        Hyunkweon Ryu
Minaksi Bhatt            R. Elizabeth Brenner
Sharon L. Davis          Adam M. Treiber
Robert B. Murray         Daniel L. Shores
Carla C. Calcagno        Joseph E. Green
Jeffrey L. Ihnen
Glenn E. Karta           Of Counsel
Martha Cassidy, Ph.D.    John A. McCahill
Brian S. Rosenbloom      Barbara Webb Walker, Ph.D.

*Not Admitted in D.C.

J. Bennett Clark, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square, 16th Floor
St. Louis, MO 63102

Re:    Trilegiant Loyalty Solutions v. Maritz
       Our Reference: 2829-179

Dear Ben:

I write to follow up on deposition scheduling issues raised in your January 17, 2006, e-mail.

In terms of scheduling the remaining Maritz witnesses, the first priority is Tom Bushold. Please provide me with his available dates as soon as possible. With respect to the other depositions, it is not necessary that these witnesses be produced in a single block. I am available for the Agovino, Barta, Gallant, Wofsey, Miller and Risberg depositions on the following dates in the next few weeks: January 31, February 1-3, 9, and 13-16.

Very truly yours,

Sharon L. Davis

SLD:erh

ClarkL24.wpd

# EXHIBIT 7

 ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

*Via E-Mail*

January 31, 2006

J. Bennett Clark, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square, 16th Floor
St. Louis, MO 63102

G. Franklin Rothwell
E. Anthony Figg
Barbara G. Ernst
Harry F. Manbeck, Jr.
George R. Repper
Steven Lieberman
Joseph A. Hynds
Elizabeth A. Leff
Richard Wydeven
Martin M. Zoltick
Minaksi Bhatt
Sharon L. Davis
Robert B. Murray
Carla C. Calcagno
Jeffrey L. Ihnen
Glenn E. Karta
Martha Cassidy, Ph.D.
Brian S. Rosenbloom

Anne M. Sterba
Lisa N. Phillips
Leigh Z. Callander
C. Nichole Gifford
Patrick T. Skacel
Monica C. Kitts
Brian A. Tollefson
Joo Mee Kim*
Steven M. Giovannetti
Hyunkweon Ryu
R. Elizabeth Brenner
Adam M. Treiber
Daniel L. Shores
Joseph E. Green

Of Counsel
John A. McCahill
Barbara Webb Walker, Ph.D.

*Not Admitted in D.C.

Re:    Trilegiant Loyalty Solutions v. Maritz
       Our Reference: 2829-179

Dear Ben:

        I am greatly concerned about Maritz's continuing inability to produce Tom Bushold to be deposed. As you know, we view completion of this deposition (originally noticed on October 12, 2005) as a crucial part of fact discovery.

        Please provide dates on which Mr. Bushold is available to be deposed by close of business on February 2, or provide Mr. Bushold's current contact information (including address and phone number) so that we may obtain deposition dates ourselves and subpoena him, if necessary.

                        Very truly yours,

                        Sharon L. Davis

                        Sharon L. Davis

SLD:erh

L:\2829\2829-179.lit\Letters\Clark.L30.doc

# EXHIBIT 8

03/08/2006    13:56
03/07/2006 16:41 FAX 202 783 6031         ROTHWELL, FIGG, ERNST&MANB                    NO.418    P002

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

AFFINION LOYALTY GROUP, INC.                    )
                                                )
                              Plaintiff,         )
                                                )          C.A. No. 04-360
            v.                                  )
                                                )
MARITZ, INC.                                    )
                                                )
                              Defendant.         )
                                                )

## RELEASE AND COVENANT NOT TO SUE

Affinion Loyalty Group, Inc. and Affinion Net Patents, Inc. hereby release Maritz, Inc.

and covenant not to sue Maritz, Inc. solely for infringement of U.S. Patent Nos. 5,774,870 and

6,578,012 with respect to any product made, used or sold by Maritz Inc. or its subsidiaries prior

to this date. This release and covenant not to sue does not relate to or encompass U.S. Patent No.

6,009,412.

Signature: _____          Signature: _____

Name: Marti Beller                    Name: _____

Title: President                      Title: _____

Affinion Loyalty Group, Inc.          Affinion Net Patents, Inc.

3/08/06
date                                  date

L:\2475\2529-179.IntPleadings\releaseandcovenantnottosue.doc

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

AFFINION LOYALTY GROUP, INC.                    )
                                                )
                        Plaintiff,              )
                                                )    C.A. No. 04-360
            v.                                  )
                                                )
MARITZ, INC.                                    )
                                                )
                        Defendant.              )
                                                )

## RELEASE AND COVENANT NOT TO SUE

Affinion Loyalty Group, Inc. and Affinion Net Patents, Inc. hereby release Maritz, Inc. and covenant not to sue Maritz, Inc. solely for infringement of U.S. Patent Nos. 5,774,870 and 6,578,012 with respect to any product made, used or sold by Maritz Inc. or its subsidiaries prior to this date. This release and covenant not to sue does not relate to or encompass U.S. Patent No. 6,009,412.

Signature: _____        Signature: _____

Name: Marti Beller                         Name: _Matthew Nord_

Title: President                           Title: Asst. Sec. & Asst. Treasurer
                                                  _____

Affinion Loyalty Group, Inc.               Affinion Net Patents, Inc.
                                                  3/8/2006

_____                    _____
date                                       date

LA\2829\2829-179.RtlPleadings\releaseandcovenantnottosue.doc

<u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 17, 2006she electronically filed the

Reply Brief in Support of Motion of Plaintiff Affinion Loyalty Group, Inc. for Leave to Amend

Its Complaint and to Dismiss Defendant's Counterclaims Relating to the '870 and '012 Patents

with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the

following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on April 17, 2006 upon the

following in the manner indicated:

**<u>BY HAND</u>**

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE  19801

**<u>BY FEDERAL EXPRESS</u>**

> J. Bennett Clark
> Senniger Powers
> One Metropolitan Square
> St. Louis, MO  63102

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
mnoreika@mnat.com
