

**UNITED STATES DEPARTMENT OF COMMERCE**
**Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. |
|---|---|---|---|
| | | | |

| | EXAMINER |
|---|---|
| TOWNSEND AND TOWNSEND & CREW, LLP
TWO EMBARCADERO CENTER, 8TH FL.
SAN FRANCISCO, CA 94111-3834 | |
| | ART UNIT / PAPER NUMBER |
| | 10 |
| | DATE MAILED: 05/18/99 |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

Commissioner of Patents and Trademarks

THOMAS W. STOREY  
Application No.: 09/105,227  
Page 2

PATENT

NETCENTIVES, INC.

Date: March 22, 1999

_____  
J. F. Longinotti  
Title: Senior Vice President & Chief Financial Officer

SF 205025 v1

2

| Office Action Summary | Application No. 09/105,227 | Applicant(s) Storey |
|---|---|---|
| | Examiner Yehdega Retta | Group Art Unit 2764 |

☒ Responsive to communication(s) filed on *Jun 25, 1998*

☐ This action is **FINAL**.

☐ Since this application is in condition for allowance except for formal matters, **prosecution as to the merits is closed** in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11; 453 O.G. 213.

A shortened statutory period for response to this action is set to expire ____3____ month(s), or thirty days, whichever is longer, from the mailing date of this communication. Failure to respond within the period for response will cause the application to become abandoned. (35 U.S.C. § 133). Extensions of time may be obtained under the provisions of 37 CFR 1.136(a).

**Disposition of Claims**

☒ Claim(s) *31-66* is/are pending in the application.

    Of the above, claim(s) _____ is/are withdrawn from consideration.

☐ Claim(s) _____ is/are allowed.

☒ Claim(s) *31, 32, 37-41, 44, 48, 54-58, 61, 65, and 66* is/are rejected.

☒ Claim(s) *33-36, 42, 43, 45-47, 49-53, 59, 60, and 62-64* is/are objected to.

☐ Claims _____ are subject to restriction or election requirement.

**Application Papers**

☐ See the attached Notice of Draftsperson's Patent Drawing Review, PTO-948.

☐ The drawing(s) filed on _____ is/are objected to by the Examiner.

☐ The proposed drawing correction, filed on _____ is ☐ approved ☐ disapproved.

☐ The specification is objected to by the Examiner.

☐ The oath or declaration is objected to by the Examiner.

**Priority under 35 U.S.C. § 119**

☐ Acknowledgement is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d).

    ☐ All ☐ Some* ☐ None of the CERTIFIED copies of the priority documents have been

        ☐ received.

        ☐ received in Application No. (Series Code/Serial Number) _____.

        ☐ received in this national stage application from the International Bureau (PCT Rule 17.2(a)).

    *Certified copies not received: _____.

☐ Acknowledgement is made of a claim for domestic priority under 35 U.S.C. § 119(e).

**Attachment(s)**

☐ Notice of References Cited, PTO-892

☒ Information Disclosure Statement(s), PTO-1449, Paper No(s). ___7___

☐ Interview Summary, PTO-413

☐ Notice of Draftsperson's Patent Drawing Review, PTO-948

☐ Notice of Informal Patent Application, PTO-152

--- *SEE OFFICE ACTION ON THE FOLLOWING PAGES* ---

Application/Control Number: 9105227                                                                 Page 2

Art Unit: 2764

### DETAILED ACTION

#### *Double Patenting*

1.     The nonstatutory double patenting rejection is based on a judicially created doctrine grounded in public policy (a policy reflected in the statute) so as to prevent the unjustified or improper timewise extension of the "right to exclude" granted by a patent and to prevent possible harassment by multiple assignees. See *In re Goodman*, 11 F.3d 1046, 29 USPQ2d 2010 (Fed. Cir. 1993); *In re Longi*, 759 F.2d 887, 225 USPQ 645 (Fed. Cir. 1985); *In re Van Ornum*, 686 F.2d 937, 214 USPQ 761 (CCPA 1982); *In re Vogel*, 422 F.2d 438, 164 USPQ 619 (CCPA 1970);and, *In re Thorington,* 418 F.2d 528, 163 USPQ 644 (CCPA 1969).

A timely filed terminal disclaimer in compliance with 37 CFR 1.321© may be used to overcome an actual or provisional rejection based on a nonstatutory double patenting ground provided the conflicting application or patent is shown to be commonly owned with this application. See 37 CFR 1.130(b).

Effective January 1, 1994, a registered attorney or agent of record may sign a terminal disclaimer. A terminal disclaimer signed by the assignee must fully comply with 37 CFR 3.73(b).

2.     Claims 31, 32, 37- 41, 44, 48, 54-58, 61, 65 and 66 are rejected under the judicially created doctrine of obviousness-type double patenting as being unpatentable over claims 17 and 24-27 of U.S. Patent No. 5,774,870. Although the conflicting claims are not identical, they are not patentably distinct from each other because they are obvious variations of each other.

Claims 31 and 32 are similar to claim 17 of patent 5774870. However, claim 17 does not specifically claim the step of determining whether user qualifies for award points based on said user's response to purchase of product or whether user is enrolled in incentive program. Patented claim 17 specifies providing an on-line purchase order form and allowing user to electronically send entries for purchase order and calculating award points based on the purchase of a product.

Application/Control Number: 9105227 Page 3

Art Unit: 2764

It would have been obvious to a person of ordinary skill in the art at the time of the invention was made to determine whether the user was qualified for ward points or is enrolled in the incentive program before calculating the points and updating the award account of the user. Further, patented claim 17 does not specifically claim Internet webpage for on-line interactive communication. However, patented claim 17 shows providing user on-line access to catalogs and forms. It would have been obvious to a person of ordinary skill in the art at the time of the invention was made to include webpage that links the user to the right catalog or form.

Claim 40 is similar to patented claim 17. Claim 40 differs from patented claim 17 in that patented claim 17 does not specifically show Internet webpage. However, it would have been obvious to a person of ordinary skill in the art at the time of the invention was made to implement an Internet webpage accessible to a user for interactive communications.

Claim 48 is similar to patented claims 24-26. Claim 48 differs from patented claims 24-26 in that patented claims 24-26 does not specifically show the step to determine whether user qualifies for award points based on said user's response to purchase of product. Patented claims 24-26 specifies providing an on-line access to product and award program homepage, purchase order form and allowing user to electronically send entries for purchase order, calculating award points based on the purchase of a product and saving the award points in user award account. It would have been obvious to a person of ordinary skill in the art at the time of the invention was made to determine whether the user was qualified for ward points before calculating the points and updating the award account of the user.

Application/Control Number: 9105227 Page 4

Art Unit: 2764

As per claims 57 and 66, all limitations are found in patented claims 24-27.

As per claim 65, all limitations are found in patented claim 17.

### *Allowable Subject Matter*

3. Claims 33-36, 42, 43, 45-47, 49-53, 59, 60 and 62-64 objected to as being dependent upon a rejected base claim, but would be allowable if rewritten in independent form including all of the limitations of the base claim and any intervening claims.

### *Conclusion*

4. Any inquiry concerning this communication or earlier communications from the examiner should be directed to Yehdega Retta whose telephone number is (703) 305-0436. The examiner can normally be reached on Monday to Friday from 7:00 AM to 4:30 PM. If attempts to reach the examiner by telephone are unsuccessful, the examiner's supervisor, James Trammell, can be reached on (703) 305-9768.

Examiner

Yehdega Retta

Art Unit 2764

May 10, 1999

James R Trammell
Supervisory Patent Examiner
Technology Center 2700