IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION LOYALTY GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-360-JJF |
| | ) | |
| MARITZ INC., | ) | **REDACTED** |
| | ) | |
| Defendant. | ) | |

# MARITZ' FIRST MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Rudolf E. Hutz
Patricia Smink Rogowski
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Defendant*

Dated:   May 8, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION LOYALTY GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| v.   ) | Civil Action No. 04-360-JJF |
| ) | |
| MARITZ INC., ) | **REDACTED** |
| ) | |
| Defendant. ) | |

## MARITZ' FIRST MOTION TO COMPEL PRODUCTION OF DOCUMENTS

Defendant Maritz Inc. ("Maritz") moves to compel the production of documents withheld by plaintiff as privileged.[1] The documents being sought were created by a third party, Netcentives, Inc., or by its attorneys, but they are now in the hands of plaintiff. Whatever privilege these documents may have enjoyed while held in confidence by Netcentives was surrendered when Netcentives turned over the documents to Trilegiant Corporation, plaintiff's parent company, in connection with Trilegiant's purchase of the patents-in-suit at a bankruptcy sale.

### BACKGROUND

Netcentives, Inc., was the owner by assignment of the patents-in-suit. In Fall 2001, Netcentives filed a Chapter 11 proceeding in the United States Bankruptcy Court for the Northern District of California. *See In re Netcentives, Inc.*, No. 01-32597 SFM-11 (Bankr. N.D. Cal. Oct. 26, 2001) (noting the Chapter 11 reorganization was a sale of assets and listing said assets in various exhibits). Motion Ex. C. (excerpt from Motion to sell assets dated Nov. 15, 2001). Netcentives

---

[1] Maritz seeks to compel the production of the following documents identified in Affinion's privilege log: Document Nos. 111, 347, 382-84, 451-482, 493-518, and 535-544. *See* Affinion's Supplemental Privilege Log, January 16, 2006, Motion Ex. A. These documents were authored by Netcentives' employees, its in-house lawyer or its outside lawyers. *See* Netcentives Privileged Document Log, notes 1-34 for identification of persons, May 30, 2001, Motion Ex. B.

auctioned its assets, including the '870 and '412 patents and the application that issued as the '012 patent. The successful bidder was Trilegiant Corporation, parent of the plaintiff.

Netcentives and Trilegiant negotiated and signed on December 7, 2001, an arms-length agreement under the terms of which Netcentives sold the patents-in-suit to Trilegiant.

REDACTED

*See* Patent and License Purchase Agreement, ¶2.4, Motion Ex. D.

Plaintiff has refused to turn over the Netcentives' documents in its possession claiming that they are privileged, because they reflect communications between Netcentives and its attorneys. Plaintiff does not assert that it had an attorney-client relationship with Netcentives' attorneys in the relevant period before the bankruptcy sale.

REDACTED

*See* Bach Dep. pp. 152-55, Motion Ex. E, and Stattler Dep. pp. 142-52, Motion Ex. F. Finally, plaintiff does not describe these documents on its privilege log (or on its amended privilege log) as being privileged under a "joint client" or "common interest" theory.

ARGUMENT

A. <u>Plaintiff Has the Burden Of Establishing Privilege.</u>

As the party attempting to assert the attorney-client privilege, it is "incumbent upon [Affinion] to establish its right to do so." *Yosemite Inv., Inc. v. Floyd Bell, Inc.*, 943 F. Supp. 882, 884 (S.D. Ohio 1996). Plaintiff has offered no reasoned explanation of the basis for its refusal to produce Netcentives' documents now in its possession. Instead, plaintiff obdurately claims, "There is no basis for [Maritz's] contention that any documents created before Trilegiant's acquisition of

---

REDACTED

2

the patents-in-suit are not privileged. A privileged document does not gain or lose its privileged status based on such an event." *See* Letter from L. Brenner, p. 2, Motion Ex. G.

B. <u>Netcentives Voluntarily Surrendered Any Privilege When It Disclosed The Documents.</u>

"Because the attorney-client privilege obstructs the truth-finding process, it is construed narrowly." *Westinghouse Elec. Corp. v. Republic of the Phil.*, 951 F.2d 1414, 1423 (3d Cir. 1991). "[I]t is well-settled that when a client voluntarily discloses privileged communications to a third party, the privilege is waived." *Id.* at 1424. Here Netcentives disclosed its arguably privileged attorney-client documents to plaintiff, the arms-length purchaser of its patents. As a result, Netcentives surrendered any privilege that might otherwise have shielded the documents.

  1. *Plaintiff, an Arms-Length Purchaser of Assets, Cannot Benefit From or Succeed to Netcentives' Arguable Attorney-Client Privilege.*

"[T]he assignment of a patent does not transfer an attorney-client relationship." *Telectronics Proprietary, LTD. v. Medtronic, Inc.*, 836 F.2d 1332, 1336 (Fed. Cir. 1988). This statement reflects the general rule that transfer of an asset—as was done here—does not transfer the attorney client privilege. *Zenith Elecs. Corp. v. WH-TV Broadcasting Corp.*, 2003 WL 21911066, at *1 (N.D. Ill. Aug. 7, 2003); *Yosemite Inv. Inc.*, 943 F. Supp. 882, 883 (S.D. Ohio 1996) (holding that the right to assert the attorney-client privilege does not change hands with the sale of an asset.); *In re In-Store Adver. Sec. Litig.*, 163 F.R.D. 452, 458 (S.D.N.Y. 1995) (holding that "where confidential attorney-client communications are transferred from a corporation selling assets to the corporation buying the assets, the privilege is waived as to those communications."). "The bottom line ... is that attorneys represent *clients*—not legal positions or patents." *Telectronics*, 836 F.2d at 1338 (emphasis in original).

Netcentives chose to waive the confidentiality of its attorney-client relationships when it turned over documents to Trilegiant as part of an asset sale. It had the power and the right to do so. *In re In-Store Adver. Sec. Litig.*, 163 F.R.D. at 458 (The "power to invok[e] or waiv[e] a

3

corporation's privileges is an incident of control of the corporation.") (quoting *In re Grand Jury Subpoenas 89-3 and 89-4*, 734 F. Supp. 1207, 1211 (E.D. Va. 1990)) (alterations in original). As the recipient of Netcentives formerly confidential legal documents, Affinion has no justification for refusing to produce them as requested by Maritz.

### 2. The Documents Relate to the Prosecution of Patents that Maritz Alleges are Invalid and Unenforceable.

Rule 26 allows for broad and liberal discovery into "any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b) (1). This Court has held that "discovery should ordinarily be allowed under the concept of relevance unless it is clear that the information sought can have no possible bearing upon the subject matter of the action." *La Chemise Lacoste v. Jean Patou, Inc.*, 60 F.R.D. 164, 171 (D. Del. 1973).

The improperly withheld documents are highly likely to lead to the discovery of evidence relevant to Maritz' defenses of invalidity and inequitable conduct inasmuch as they concern the prosecution of and, perhaps, litigation over ownership of the patents asserted in this case.

REDACTED

*See* Ex. A, p 55.

### CONCLUSION

For the foregoing reasons, Maritz respectfully requests that this Court order Affinion to produce the documents requested by Maritz. Pursuant to Local Rule 7.1.1, Maritz certifies that it has unsuccessfully attempted to reach agreement with Affinion concerning the matters set forth herein.

4

Respectfully submitted,

Date: May 8, 2006

_/s/ Patricia Smink Rogowski_
Rudolf E. Hutz (#494)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Defendant, Maritz, Inc.

5