

## ROTHWELL, FIGG, ERNST & MANBECK, P.C.

| | |
|---|---|
| 1425 K Street, N.W.<br>Suite 800<br>Washington, D.C. 20005<br><br>Telephone 202-783-6040<br>Facsimile 202-783-6031<br>www.rfem.com | G. Franklin Rothwell    Anne M. Sterba<br>E. Anthony Figg    Lisa N. Phillips<br>Barbara G. Ernst    Leigh Z. Callander<br>Harry F. Manbeck, Jr.    C. Nichole Gifford<br>George R. Repper    Patrick T. Skacel<br>Steven Lieberman    Monica C. Kitts<br>Joseph A. Hynds    Brian A. Tollefson<br>Elizabeth A. Leff    Joo Mee Kim*<br>Richard Wydeven    Steven M. Giovannetti<br>Martin M. Zoltick    Hyunkweon Ryu<br>Minaksi Bhatt    R. Elizabeth Brenner<br>Sharon L. Davis    Adam M. Treiber<br>Robert B. Murray    Daniel L. Shores<br>Carla C. Calcagno    Joseph E. Green<br>Jeffrey L. Ihnen<br>Glenn E. Karta    Of Counsel<br>Martha Cassidy, Ph.D.    John A. McCahill<br>Brian S. Rosenbloom    Barbara Webb Walker, Ph.D.<br><br>*Not Admitted in D.C. |

January 16, 2006

*Via Federal Express*

David W. Harlan, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square, 16th Floor
St. Louis, MO 63102

           Re:     Trilegiant Loyalty Solutions v. Maritz
                Our Reference 2829-179

Dear David:

     Enclosed please find Trilegiant's Supplemental Schedule of Documents Withheld on the Basis of Privilege and/or Immunity, and production documents bearing Bates Nos. TRL-MTZ 45332-46000, which have been designated "Highly Confidential" in accordance with the Protective Order. We take issue with a number of the objections raised in your January 3, 2006, letter, however.

     First, with regard to how you have categorized your objections, in numerous instances the group descriptions do not comport with the documents listed in the groups. Contrary to your descriptions of Groups 1, 2, and 3, Group 1 contains a large number of documents that were not authored by or addressed to Messrs. McGonagle or Siegel (see, e.g., # 27), Group 2 contains a number of documents that <u>were</u> authored by or addressed to an attorney (see, e.g., #32), and Group 3 contains several documents created after Trilegiant's acquisition of the patents-in-suit (see., e.g., # 374).

     Second, with regard to your objections to Trilegiant's descriptions of the documents not produced, Trilegiant has attempted to describe the nature of the information not produced in a manner that, without revealing information itself privileged or protected, enables Maritz to assess the applicability of the privilege or protection claimed. The same cannot be said for Maritz's privilege log which, as discussed in my January 6, 2006 letter, uses two stock descriptions for more than three-quarters of its entries. Nonetheless, we have reviewed each of the entries you identified in your January 3rd letter and have amended some of those entries to provide further information regarding the basis for Trilegiant's privilege claim. If you believe a particular description remains deficient, we will need more a specific reason regarding why you cannot assess the applicability of the privilege or protection claimed.

     Third, your statement that more factual detail regarding the communications written or received by Peter McGonagle, Esq. and Todd Siegel, Esq. is needed because "they have

**Ex. G**

ROTHWELL, FIGG, ERNST & MANBECK, P.C.

David W. Harlan, Esq.
January 16, 2006
Page 2

corporate and business responsibilities in addition to legal duties" is incorrect. Peter McGonagle served as in-house counsel before leaving Trilegiant, Todd Siegel currently serves as in-house counsel, and each of the descriptions indicates that the document withheld relates to legal matters.

Fourth, with regard to documents and communications neither authored by nor addressed to an attorney, each of the descriptions indicates that such documents describe confidential communications with an attorney on a legal matter, and further information regarding the nature of the matter is provided. We note that many of the documents listed under your Category 2 were authored or received by Patty Gonzalez. As Marti Beller testified at her December 16, 2005 deposition, one of Ms. Gonzalez's responsibilities at Trilegiant is as a liaison between counsel and others at Trilegiant with respect to patent legal matters.

Fifth, there is no basis for your contention that any documents created before Trilegiant's acquisition of the patents-in-suit are not privileged. A privileged document does not gain or lose its privileged status based on such an event.

Sixth, you are incorrect in asserting that the documents listed in Category 5 are not privileged. Documents 127 and 213 do not involve 3rd parties. The other documents involve confidential and privileged communications with consultants.

Seventh, with regard to bundled e-mail strings and other documents with attachments, Maritz also has bundled e-mails and other documents with attachments on its privileged log (without identifying all senders, recipients, and attachments, however), and cannot complain on that basis.

Lastly, we inadvertently neglected to indicate with an asterisk (*) the documents produced in redacted form; the log has been so amended and we apologize for this oversight.

Very truly yours,

*Liz Brenner*

R. Elizabeth Brenner

REB:erh

Enclosure

L:\2829\2829-179.LIT\LETTERS\HARLAN.L5.DOC