IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AFFINION LOYALTY GROUP, INC.,　:
　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff,　　　　　　:
　　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　:　　Civil Action No. 04-360-JJF
　　　　　　　　　　　　　　　　　:
MARITZ, INC.,　　　　　　　　　:
　　　　　　　　　　　　　　　　　:
　　　　　Defendant.　　　　　　:

---

Jack B. Blumenfeld, Esquire and Maryellen Noreika, Esquire of
MORRIS, NICHOLS, ARSHT, & TUNNELL, Wilmington, Delaware.
<u>Of Counsel</u>: Steven Lieberman, Esquire, Sharon L. Davis, Esquire,
and R. Elizabeth Brenner, Esquire of ROTHWELL, FIGG, ERNST, &
MANBECK, P.C., Washington, D.C.
Attorneys for Plaintiff.

Rudolf E. Hutz, Esquire, Patricia Smink Rogowski, Esquire, and
Paul E. Crawford, Esquire of CONNOLLY, BOVE, LODGE, & HUTZ,
Wilmington, Delaware.
<u>Of Counsel</u>: J. Bennett Clark, Esquire, Jennifer E. Hoekel,
Esquire, and Marc W. Vander Tuig, Esquire of SENNIGER POWERS, St.
Louis, Missouri.
Attorneys for Defendant.

---

**MEMORANDUM OPINION**

May ____ 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court are Maritz' Motion To Dismiss For Lack Of Subject Matter Jurisdiction (D.I. 80) and Affinion Loyalty Group's Motion To Join Assignee as Co-Plaintiff Pursuant To Federal Rule Of Civil Procedure 25(c) (D.I. 82). For the reasons discussed, Maritz' Motion will be denied and Affinion Loyalty Group's Motion will be granted in part.

## I.   BACKGROUND

On June 8, 2004, Trilegiant Loyalty Solutions, Inc. ("Trilegiant") filed its Complaint, alleging that Maritz, Inc. ("Maritz") infringes United States Patent Nos. 5,774,870 ("the '870 patent"), 6,009,412 ("the '412 patent"), and 6,578,012 ("the '012 patent") (collectively, "the patents-in-suit").[1]  On October 17, 2005, Trilegiant was acquired by Affinion Group Holdings, Inc. ("Affinion Holdings"). As a part of the acquisition, Trilegiant assigned all rights, title, and interest in the patents-in-suit to Affinion Net Patents, Inc. ("Affinion Patents"), another Affinion Holdings subsidiary.

In January 2006, Maritz filed its motion to dismiss for lack of subject matter jurisdiction, contending that, based on the

---

[1]Also pending before the Court is Affinion Loyalty Group's Motion For Leave To Amend Its Complaint And To Dismiss Defendant's Counterclaims Relating To The '870 and '012 Patents (D.I. 101), which would dismiss all claims and counterclaims relating to the '870 and '012 patents.  That Motion will be addressed at a later time.

1

assignment to Affinion Patents, Trilegiant, now Affinion Loyalty Group, Inc. ("Affinion Loyalty Group"),[2] lacks standing to pursue its claims.  Affinion Loyalty Group subsequently filed its motion to join Affinion Patents as a co-plaintiff, contending that the joinder would render Maritz' motion moot.  Maritz opposes this solution, arguing that Affinion Loyalty Group cannot act as a co-plaintiff because it lacks standing as a non-exclusive licensee. Maritz further contends that the case should be dismissed because Trilegiant disregarded its obligation to inform the Court and Maritz of the change in ownership and because Maritz has been unduly prejudiced.

## II. DISCUSSION

Affinion Loyalty Group does not dispute that, alone, it lacks standing, thereby temporarily depriving the Court of jurisdiction.  Thus, the Court will first determine whether to dismiss the instant action in light of Affinion Loyalty Group's motion to allow Affinion Patents to participate pursuant to Federal Rule of Civil Procedure 25(c).  Second, the Court will decide whether Affinion Loyalty Group has standing to continue as a co-plaintiff in this action.  Finally, the Court will address Maritz' argument that the instant action should be dismissed due to Affinion Loyalty Group's delay in notifying Maritz and the

---

[2]Trilegiant changed its name to Affinion Loyalty Group on February 21, 2006.

2

Court of the assignment.

A.  Whether The Court Should Dismiss This Action For Lack
    Of Subject Matter In Light Of Affinion Loyalty Group's
    Motion To Join Affinion Patents As Co-Plaintiff
    Pursuant To Federal Rule Of Civil Procedure 25(c)

A court, which temporarily lacks subject matter jurisdiction due to a plaintiff's lack of standing, may regain jurisdiction if the original plaintiff had Article III standing and there is a way to cure the deficiency. Schreiber Foods, Inc. v. Beatrice Cheese, Inc., 402 F.3d 1198, 1203 (Fed. Cir. 2005). In patent cases, joinder or substitution of an assignee of all rights, title, and interest in the patents-in-suit is permissible under Federal Rule of Civil Procedure 25(c) to cure a lack of standing. General Battery Corp. v. Globe-Union, Inc., 100 F.R.D. 258 (D. Del. 1982).[3]

The parties do not dispute that Trilegiant had standing when it initiated the instant action. Affinion Loyalty Group has moved pursuant to Rule 25(c) to cure the temporary lack of standing. Accordingly, the Court must determine whether it will join or substitute Affinion Patents as a plaintiff.

_____

[3]Federal Rule of Civil Procedure 25(c) provides:

> In case of any transfer of interest, the action may be
> continued by or against the original party, unless the
> court upon motion directs the person to whom the
> interest is transferred to be substituted in the action
> or joined with the original party.

Fed. R. Civ. P. 25(c).

3

B.   Whether Affinion Loyalty Group Has Standing As A Co-
     Plaintiff In This Suit

Affinion Loyalty Group moves the Court to join, rather than
substitute, Affinion Patents as a party because it maintains an
interest in the litigation as a result of a non-exclusive license
it received from Affinion Patents.  "Under certain circumstances,
a licensee may possess sufficient interest in the patent to have
standing to sue as a co-plaintiff with the patentee.  Such a
licensee is an 'exclusive licensee.'"  Rite-Hite Corp. v. Kelley
Co., 56 F.3d 1538, 1552 (Fed. Cir. 1995).  However, "[a] non-
exclusive license confers no constitutional standing on the
licensee to bring suit or even to join a suit with the patentee
because a nonexclusive licensee suffers no legal injury from
infringement."  Sicom Sys. Ltd. v. Agilent Techs., Inc., 427 F.3d
971, 976 (Fed. Cir. 2005).

The patent-licensing agreement between Affinion Loyalty
Group and Affinion Patents provides Affinion Loyalty Group with a
non-exclusive license to practice the patents-in-suit, and
therefore, Affinion Loyalty Group may not remain a plaintiff in
this suit.[4]  While the license also provides that Affinion

_____

[4]Section 2.1 of the Patent License Agreement provides:

Licensor hereby grants to Licensee a non-exclusive,
fully paid up, royalty-free, worldwide,
sublicensable... license to make, use, sell, offer to
sell and import all products and devices and practice
all methods claimed in the Netcentives Patents in the
Field, subject to the restrictions set forth in the

Loyalty Group is entitled to participate in and receive the proceeds from infringement suits relating to the patents-in-suit, such a contractual clause cannot alter statutory requirements and give Affinion Loyalty Group co-plaintiff standing.  <u>Ortho Pharm. Corp. v. Genetics Inst., Inc.</u>, 52 F.3d 1026, 1034 (Fed. Cir. 1995).  Accordingly, Affinion Loyalty Group will be dismissed as a plaintiff and Affinion Patents will be substituted in its place.

Maritz contends that Affinion Loyalty Group has failed to comply with the technical requirements of Rule 25(c), which require the party or successor seeking joinder or substitution to serve parties in accordance with Rule 5 and non-parties in accordance with Rule 4.  <u>Fed. R. Civ. P.</u> 25(c).  Because Affinion Patents has remained silent throughout the pendency of the instant motions, the Court will require Affinion Loyalty Group and Affinion Patents to enter a stipulation substituting Affinion Patents for Affinion Loyalty Group.

    C.    <u>Whether The Court Should Dismiss This Action Due To Affinion Loyalty Group's Delay In Notifying Maritz And The Court Of The Assignment To Affinion Patents</u>

Having concluded that the Court's lack of subject matter jurisdiction can be cured, the Court must determine whether it should grant Maritz' motion to dismiss as a sanction for Affinion

---

Cendant Patent License.

(D.I. 82, Ex. 2) (emphasis added).

Loyalty Group's delay in informing the Court and Maritz of the assignment to Affinion Patents.  Under Third Circuit case law, "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff."  Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3d Cir. 1982).[5]  In determining whether a punitive dismissal is warranted, a court is to consider six factors:

(1)  the extent of the party's personal responsibility;
(2)  the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;
(3)  a history of dilatoriness;
(4)  whether the conduct of the party or the attorney was willful or in bad faith;
(5)  the effectiveness of sanctions other than dismissal...; and
(6)  the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, (3d Cir. 1984); Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).

The Court concludes that dismissal for Affinion Loyalty Group's delay would be inappropriate in this case.  It is true that Affinion Loyalty Group should have informed the Court and

_____

[5]Both parties cite Schreiber Foods, 402 F.3d 1198, in support of their arguments on Maritz' motion to dismiss. However, the Court concludes that Schreiber is inapplicable to the instant dispute.  In Schreiber, the Federal Circuit acknowledged the defendant's argument that the case should be dismissed as a sanction for the plaintiff's misrepresentations regarding ownership of the patents.  The Court, however, declined to address this argument because the lower court had dismissed the suit for lack of subject matter jurisdiction, not as a sanction for the plaintiff's misconduct.

6

Maritz shortly after the assignment to Affinion Patents.
However, the Court concludes that Maritz is not unduly prejudiced
by the temporary lack of information. Maritz was informally
aware of the assignment as early as December 2005. Furthermore,
Affinion Patents was formed in October 2005 for the sole purpose
of holding the patents, and therefore, it is unlikely that
Affinion Patents would have a substantial number of documents
pertinent to this suit that were not in Affinion Loyalty Group's
possession during the exchange of discovery. Finally, Affinion
Loyalty Group has exhibited no history of dilatoriness, nor is
there any evidence that Affinion Loyalty Group acted willfully or
in bad faith. Accordingly, the Court will deny Maritz' motion to
dismiss as a sanction for Affinion Loyalty Group's delay in
informing the Court and Maritz of the assignment.

## III. CONCLUSION

For the reasons discussed, Maritz' Motion To Dismiss For
Lack Of Subject Matter Jurisdiction (D.I. 80) will be denied.
Furthermore, Affinion Loyalty Group's Motion To Join Assignee as
Co-Plaintiff Pursuant To Federal Rule Of Civil Procedure 25(c)
(D.I. 82) will be granted in part and Affinion Patents shall be
substituted for Affinion Loyalty Group.

An appropriate Order will be entered.

7