IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-360-JJF |
| | ) | |
| MARITZ INC., | ) | **REDACTED PUBLIC VERSION** |
| | ) | |
| Defendant. | ) | |

**DEFENDANT MARITZ INC.'S OPENING BRIEF IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>LIMITING CLAIMS FOR LOST PROFITS DAMAGES</u>**

CONNOLLY BOVE LODGE & HUTZ LLP
Patricia Smink Rogowski
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Maritz Inc.*

Original Filed: May 25, 2006
Redacted Version Filed: June 6, 2006

TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................................ 1

II. SUMMARY OF ARGUMENT ............................................................................................ 2

III. BACKGROUND ................................................................................................................. 3

IV. SUMMARY JUDGMENT STANDARDS ......................................................................... 4

V. ARGUMENT ........................................................................................................................ 5

VI. CONCLUSION .................................................................................................................... 6

TABLE OF AUTHORITIES

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).................................................................. 7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)............................................................................... 7

*Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)........................................ 7

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978)......................... 8

*Poly-America, L.P. v. GSE Lining Technology, Inc.*, 383 F.3d 1303 (Fed. Cir. 2004) ................. 8

*Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538 (Fed. Cir. 1995) (en banc) ................................8

## Rules

Fed. R. Civ. P. 56(c) ........................................................................................................................ 7

I. NATURE AND STAGE OF THE PROCEEDINGS

The Court has recently entered an order substituting Affinion Net Patents, Inc. ("Affinion Patents") for Affinion Loyalty Group, Inc. ("Affinion Loyalty") as plaintiff.[1] See Docket No. 148. The present motion for partial summary judgment, which seeks to limit claims for lost profits damages, is based on many of the same undisputed facts and events that led the Court to substitute Affinion Patents for Affinion Loyalty

Affinion Patents sued Maritz for infringement of three patents and is claiming lost profits damages for the period 2000 through the present. Discovery is virtually complete except for matters deferred by agreement based on scheduling difficulties.

Affinion Patents has moved to amend the Complaint by dropping Counts I and III related to the '870 and '012 patents and to dismiss Maritz's Counterclaims relating to the '870 and '012 patents. Plaintiff also seeks to add 2 new claims. That motion is fully briefed and at issue.

A *Markman* hearing is set for June 7, 2006 and trial is set for October 23, 2006.

---

[1] On May 22, 2006, the Court ruled that Affinion Net Patents, Inc. should be substituted for Affinion Loyalty Group as plaintiff in this matter. Docket No. 148. This brief refers to Affinion Patents as the plaintiff, even though it has not formally substituted itself for Affinion Loyalty.

1

## II. SUMMARY OF ARGUMENT

Plaintiff Affinion Patents is claiming damages for lost profits for the period 2000 to the present based on sales that it claims it or one its predecessors in title to the patent would have made but for Maritz's alleged infringing sales. But neither plaintiff nor its predecessor in title Trilegiant Corporation, a previous owner of the patents, could have lost sales, because they do not sell products that embody the patented invention or compete with the allegedly infringing products.

Prior to December 7, 2001, Netcentives, Inc., a non-party, owned the '870 and the '412 patents as well as the application that issued as the '012 patent. From December 7, 2001 until January 28, 2004, Trilegiant Corporation, a non-party which did not practice the patents, owned the patents-in-suit. From January 28, 2004 until October 17, 2005, Affinion Loyalty owned the patents-in-suit. On October 17, 2005, Affinion Loyalty assigned the patents and all its claims and causes of action for patent infringement (including this suit) to Affinion Patents. Affinion Patents is a patent holding company and is not in the loyalty business. Affinion Patents is the current owner of the patents and Affinion Loyalty is its affiliate and non-exclusive licensee.

To recover lost profits damages, Affinion Patents must establish that, but for the infringing sales, it (or its predecessors in title) would have made some portion or all of the infringing sales. Unless Affinion Patents can prove that it either sells a product that embodies the invention of the patent or sells a product that competes with the allegedly infringing product, as a matter of law, it cannot prove lost sales resulting from the alleged infringement. Here, Affinion Patents cannot claim lost profits damages for the period before January 28, 2004 or the

period after October 17, 2005 because neither it nor Trilegiant Corporation engaged in eligible product sales.[2]

The Court is requested to enter partial summary judgment for Maritz limiting plaintiff's claims for lost profits damages by excluding the period before January 28, 2004 and the period after October 17, 2005.

A Statement of Facts which Maritz believes are uncontested is attached as Exhibit A.

### III. BACKGROUND

On December 7, 2001, Trilegiant Corporation acquired the patents-in-suit from Netcentives, Inc. *See* Ex. B, Patent Assignment, dated December 7, 2001.

REDACTED

Trilegiant Corporation assigned the patents and any related causes of action to Trilegiant Loyalty Solutions, Inc., n/k/a Affinion Loyalty on January 28, 2004. *See* Ex. D, Patent Assignment, dated Jan. 28, 2004.

REDACTED

Affinion Patents "was formed . . . for the sole purpose of holding the patents . . . ." *See* Memorandum Opinion, p. 7, Docket No. 148.

Marion Stewart, plaintiff's damages expert, has submitted a report that concludes that plaintiff suffered lost profits damages in the period 2000-2005.

REDACTED

---

[2]Affinion Patents' immediate assignor, Affinion Loyalty, claims to have lost sales during a brief period from January 29, 2004 through October 17, 2005 when it owned the patents. Maritz expects to prove at trial that Affinion Loyalty would not have had additional sales but for the alleged infringement.

3

Expert Report of Marion B. Stewart, p. 27.[3]

## IV. SUMMARY JUDGMENT STANDARDS

A court shall grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n. 10 (1986). In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587.

Once the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* (*quoting* Fed. R. Civ. P. 56(e)). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmoving party on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). To survive summary judgment, though, a party must present more than just "bare assertions, conclusory allegations or suspicions" to show the existence of a genuine issue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the nonmoving party fails to make a sufficient showing with respect to an essential element of its case on which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *Id.* at 322.

---

[3] A copy of this quote is available should the Court wish to review it.

V. ARGUMENT

UNDER *PANDUIT, RITE-HITE* AND *POLY-AMERICA*, AFFINION PATENTS CANNOT ESTABLISH LOST PROFITS DAMAGES FOR THE PERIODS BEFORE JANUARY 28, 2004 AND AFTER OCTOBER 17, 2005.

"Whether lost profits are legally compensable in a particular situation is a question of law . . . ." *Poly-America, L.P. v. GSE Lining Technology, Inc.*, 383 F.3d 1303, 1311 (Fed. Cir. 2004) citing *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1544 (Fed. Cir. 1995)(en banc). To recover lost profits damages, the patentee must ordinarily be selling the patented device. *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978). Alternatively, the patent owner may recover lost profits damages if it sells a product that competes directly with the infringing product and it lost sales as a direct result of the infringement. *Rite-Hite Corp.*, 56 F.3d at 1548.

A patent holding company or a patent owner that has not lost direct sales as a result of the infringement may not recover the lost profits of an affiliate, a parent or a subsidiary corporation. See *Poly-America, L.P.*, 383 F.3d at 1311 ("While we do not speculate concerning the benefits that the two companies reap from dividing their operations and separating the owner of the patent from the seller of the patented product, Poly-America and Poly-Flex may not enjoy the advantages of their separate corporate structure and, at the same time, avoid the consequential limitations of that structure-in this case, the inability of the patent holder to claim the lost profits of its non-exclusive licensee.")

Affinion Patents became the assignee of the patents-in-suit and this cause of action on October 17, 2005. As a patent holding company, it has no claim for lost profits for the period after that date. Its remedy, if it establishes infringement, is a reasonable royalty.

5

REDACTED

Hence it could not have lost any sales (or lost any profits) as a result of the alleged infringement. Accordingly, for the period of its ownership, its only claim, if infringement is proven, would be for reasonable royalty. It assigned that cause of action to Trilegiant Loyalty, Affinion Patent's predecessor in title, on January 28, 2004.

## VI. CONCLUSION

As a patent holding company, Affinion Patents has only a claim for a reasonable royalty since it acquired the patents on October 17, 2005. Through a series of assignments, it also acquired the claims of its predecessors in title. Trilegiant, the owner between December 7, 2001 and January 28, 2004, did not lose sales as a result of the alleged infringement. Thus, Affinion Patents, as the current assignee of Trilegiant's claim, has only a claim for reasonable royalty for period before January 28, 2004.

Accordingly, Maritz requests that the Court grant its motion for partial summary judgment limiting claims for lost profits damages.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: /s/ Patricia S Rogowski
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Maritz Inc.

7

## CERTIFICATE OF SERVICE

I, hereby certify that on **May 25, 2006**, I electronically filed **DEFENDANT MARITZ INC.'S OPENING BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT LIMITING CLAIMS FOR LOST PROFITS DAMAGES** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on **May 25, 2006**, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

*Patricia A. Rogowski*
Patricia Smink Rogowski (#2632)