IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | **REDACTED PUBLIC VERSION** |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS MOTION
FOR PARTIAL SUMMARY JUDGMENT
OF INVALIDITY OF THE '412 PATENT UNDER 35 U.S.C. § 102 (e) and (g)**

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Maritz Inc.*

Original Filed: May 25, 2006
Redacted Version Filed: June 6, 2006

## TABLE OF CONTENTS

I.    Nature and Stage of the Proceedings ............................................................ 1

II.   Summary of Argument ............................................................................... 1

III.  Statement of Facts .................................................................................... 2

A.    The '412 Patent. ...................................................................................... 2

      B.    The Independent Claims of the '412 Patent........................................... 2
      C.    The '887 Patent. .................................................................................. 3
      D.    The Broadvision System ...................................................................... 3

IV.   Standards Governing Motions for Summary Judgment.................................... 5

V.    Argument ................................................................................................. 6

      A.    The '887 Patent Anticipates the '412 Patent........................................ 6
            1.    Legal Standards of Anticipation ................................................. 6
            2.    Under Plaintiff's Proposed Claim Construction,
                  Claim 10 is Anticipated by the '887 Patent ................................ 7
            3.    The '887 Patent Discloses the Computer System of
                  Claim 27 and Software of Claim 36 for Performing
                  the Steps of Claim 10................................................................. 10

      B.    The Broadvision System Is An Invalidating Prior Invention.................... 11
            1.    Legal Standards for §102(g) ....................................................... 11
            2.    The Broadvision System Was Conceived and Reduced to
                  Practice Before the '412 Patent Was Filed .............................. 11
            3.    The Broadvision System Was a Computer System that
                  Used Software to Perform the Same Steps as that of Claims 27
                  and 36 of the '412 Patent ......................................................... 18

IV.   Conclusion .............................................................................................. 19

## TABLE OF AUTHORITIES

**Cases**

*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242 (1986) .................................................. 5

*Avia Group International, Inc. v. L.A. Gear California, Inc.*, 853 F.2d 1557 (Fed. Cir. 1988) ..... 5

*Matushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). ....................................... 5

*Monsanto Co. v. Mycogen Plant Science, Inc.*, 261 F.3d 1356 (Fed. Cir. 2001) ........................ 11

*Nike, Inc. v. Wolverine World Wide, Inc.*, 43 F.3d 644 (Fed. Cir. 1994)........................................ 5

*Novo Nordisk Pharmaceuticals, Inc. v. Bio-Technology General Corp.*, 424 F.3d 1347
  (Fed. Cir. 2005)........................................................................................................... 6

*Perricone v. Medicis Pharmaceutical Corp.*, 432 F.3d 1368 (Fed. Cir. 2005)............................7

*The Dow Chemical Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334 (Fed. Cir. 2001) ........................ 11

**Rules**

Fed. R. Civ. P. 56.......................................................................................................... 5

**Statutes**

35 U.S.C. § 102(e) ........................................................................................................ 6

35 U.S.C. §102(g)(2) .................................................................................................... 11

I.    **Nature and Stage of the Proceedings**

On June 8, 2004, Trilegiant Loyalty Solutions, Inc. ("Trilegiant") filed this action alleging infringement of U.S. Patents 5,774,870 ("the '870 Patent"), 6,009,412 ("the '412 Patent") and 6,578,012 ("the '012 Patent") (collectively "the Storey Patents") against Maritz Inc. ("Maritz"). Docket No. 1. The '012 Patent is a continuation of the '412 Patent, which is a continuation of the '870 Patent. Accordingly, each of the Storey Patents has an effective filing date of December 14, 1995, the date the '870 Patent was filed. The Storey Patents are all titled "Fully Integrated On-Line Interactive Frequency and Award Redemption Program." In its Complaint, Trilegiant alleged that Maritz's Vault and AwardHQ programs infringe each of the Storey Patents. *Id.*

Maritz answered the Complaint and asserted counterclaims requesting declarations of non-infringement, invalidity, and unenforceability of the Storey Patents. Docket No. 8. On October 17, 2005, Trilegiant changed its name to Affinion Loyalty Group, Inc. and assigned the Storey Patents to Affinion Net Patents, Inc. ("Affinion").[1] Docket No. 148. Currently, Affinion seeks only to enforce the '412 Patent. Docket No. 101.

Affinion and Maritz have submitted their *Markman* briefs, and a *Markman* hearing is scheduled for June 7, 2006. Trial is set to begin October 23, 2006.

II.    **Summary of Argument**

If the Court were to adopt Affinion's proposed claim construction regarding Claims 10, 27, and 36, which Maritz opposes,[2] summary judgment of invalidity would be appropriate because Claims 10, 27, and 36 of the '412 Patent are anticipated by the '887 Patent under

---

[1] On May 22, 2006, the Court ruled that Affinion Net Patents, Inc. should be substituted for Affinion Loyalty Group as plaintiff. Docket No. 148.
[2] As discussed below, the only aspect of Maritz's offered interpretations for this step of Claim 10 that is not explicitly found in the '887 Patent or Broadvision system is the immediacy effect.

Affinion's proposed claim construction. The '887 Patent discloses, either expressly or inherently, a computer system and software for performing every step of Claim 10.

The Broadvision system would also render Claims 10, 27, and 36 invalid under the claim construction put forth by Affinion. Specifically, the Broadvision system, as conceived and reduced to practice before the '412 Patent was filed, constitutes a prior invention of Claims 10, 27 and 36 of the '412 Patent under §102(g).[3]

## III.    Statement of Facts

### A.    The '412 Patent

Affinion is the latest in a line of assignees of the '412 Patent. The '412 Patent application was filed on June 25, 1998 as a continuation of the '870 Patent, which was filed on December 14, 1995. Ex. R. Thus, the '412 Patent has an earliest effective filing date of December 14, 1995. The '412 Patent is directed to a "fully integrated on-line interactive frequency and award program." *Id.* at Abstract.

### B.    The Independent Claims of the '412 Patent

Claim 10 provides: A method for redeeming incentive awards in an on-line incentive program, said method comprising the steps of:

> implementing an on-line incentive program that issues award points to users, wherein said award points are redeemable by said user for an award;
>
> implementing an Internet webpage accessible, via a computer system, to at least one user of said on-line incentive program for on-line interactive communications between said user and said Internet webpage;
>
> offering, on said Internet webpage, at least one redeemable award available to said user for exchange of said award points; and
>
> permitting said user to initiate a process to receive said at least one redeemable award for

---

[3] Upon a finding of invalidity of Claims 10, 27 and 36, the asserted claims that depend therefrom will be readily subject to invalidation under novelty and/or obviousness standards.

exchange of said award points issued to said user through said on-line incentive program.

Ex. R.  Claims 27 and 36, as construed by Affinion in its Opening Brief on Claim Construction, contain the same four steps as Claim 10.  Claim 27 claims a "computer readable medium" for carrying out these steps, while Claim 36 claims software for performing them.  *Id.*

### C.    The '887 Patent

U.S. Patent No. 5,710,887 ("the '887 Patent"), attached as Exhibit B, was filed on August 29, 1995 and issued on January 20, 1998.  There are 11 named inventors of the '887 Patent, including Chih-Cheng Hsu.  *Id.*  The '887 Patent was assigned to Broadvision.  *Id.*  Because the '887 Patent has an earlier effective date than the '412 Patent, it is statutory prior art under Section 102.  35 U.S.C. § 102(e).  The '887 Patent is directed to a "computer system and method for electronic commerce" that also implemented "incentive systems," such as point-based "frequent buyer" programs.  Through such programs, users are able to earn points for making purchases through the electronic commerce ("e-commerce") system and redeem those points on-line for products or services offered on the system.  Ex. B at col. 27, ll. 60-67.

### D.    The Broadvision System

REDACTED

3

**E.    If the Court Adopts Affinion's Proposed Claim Construction, All of the Limitations of Claims 10, 27, and 36 Are Present in the '887 Patent and the Broadvision System**

The '887 Patent discloses every element of the '412 Patent, with the potential exception of what the specification describes as the "immediacy effect." Maritz, applying relevant Federal Circuit precedent, demonstrates in its *Markman* briefs that Claims 10, 27, and 36 require the immediacy effect. Docket Nos. 138 and 151. Affinion, ignoring the relevant portions of the specification and other evidence, argues the immediacy effect is not required. Docket Nos. 139 and 152. Affinion's motivation in making this argument is clear -- it must take this position to have even a remote prospect of supporting its infringement positions against Maritz. But in doing so, Affinion has offered an interpretation that would render Claims 10, 27, and 36 anticipated by the '887 Patent.

Affinion faces the same dilemma with respect to the Broadvision system, as it is an invalidating reference pursuant to §102(g), under Affinion's proffered claim construction. The inventors of the Broadvision system conceived and constructively reduced to practice a system that is virtually identical to that claimed in the '412 Patent, particularly as the latter is interpreted by Affinion. 35 U.S.C. § 102(g). As demonstrated in the attached exhibits and discussed below, the inventors of the Broadvision system conceived: (1)

(2)                                                                                              (3)

REDACTED

(4)

Maritz has attached its Statement of Uncontroverted Facts as Exhibit A.

4

IV.    Standards Governing Motions for Summary Judgment

Fed. R. Civ. P. 56 mandates that summary judgment shall be rendered if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmoving party on that issue. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249 (1986).

In the context of patent cases, the Federal Circuit has held that "[i]t is no longer debatable that the issues in a patent case are subject to summary judgment." *Avia Group International, Inc. v. L.A. Gear California, Inc.,* 853 F.2d 1557, 1561 (Fed. Cir. 1988). Thus, "[s]ummary judgment is as appropriate in a patent case as in any other." *Nike, Inc. v. Wolverine World Wide, Inc.,* 43 F.3d 644, 646 (Fed. Cir. 1994).

V.    Argument

REDACTED                    Broadvision conceived of an Internet based e-

commerce system that also utilized a points-based frequent buyer program.  Broadvision was

ultimately granted the '887 Patent for this system.  If Affinion's offered claim constructions are

adopted by the Court, the '887 Patent, which was filed before the effective filing date of the '412

Patent and thus qualifies as prior art under §102(e), discloses every element of Claims 10, 27,

and 36.  Accordingly, the '887 Patent anticipates those claims as Affinion has construed them,

and summary judgment in favor of Maritz is appropriate if the Court adopts those constructions.

Claims 10, 27, and 36, as construed by Affinion, are also invalid under §102(g), as the

Broadvision system would constitute a prior invention.  *See, e.g.*, Exs. C-Q.  Specifically, the

Broadvision system was conceived and reduced to practice before the effective filing date of the

'412 Patent and utilized every element of Claims 10, 27, and 36 as construed by Affinion.  Thus,

if the Court adopts Affinion's offered claim constructions, summary judgment in favor of Maritz

would be appropriate for this reason as well.

### A.    The '887 Patent Anticipates the '412 Patent

1.    Legal Standards of Anticipation

A patent claim is invalid by reason of anticipation if "the invention was described in  . . .

(2) a patent granted on an application for patent by another filed in the United States before the

invention by the applicant for patent."  35 U.S.C. § 102(e)(2).  Anticipation requires the presence

in the reference of each and every limitation of the claimed invention.  *Novo Nordisk*

*Pharmaceuticals, Inc. v. Bio-Technology General Corp.*, 424 F.3d 1347, 1354 (Fed. Cir. 2005).

But a reference may anticipate without disclosing a feature if that feature "is necessarily present,

or inherent," in the single reference.  *Id.* at 1355.  In other words, a feature is inherent "if the

prior art necessarily functions in accordance with, or includes, the claims limitations." *Perricone v. Medicis Pharmaceutical Corp.*, 432 F.3d 1368, 1375 (Fed. Cir. 2005).

An anticipatory reference must also enable one of ordinary skill in the art to practice the invention without undue experimentation. *Id.* This enablement standard, however, is not as rigorous as that of § 112, which requires that "the specification must enable one skilled in the art to 'use' the invention." *Id.* Enablement in the anticipation context does not require actual performance of suggestions in the reference; instead, all that is required is that "those suggestions be enabled to one of skill in the art." *Id.*

> 2.    Under Plaintiff's Proposed Claim Construction, Claim 10 is Anticipated by the '887 Patent

Claim 10 provides: A method for redeeming incentive awards in an on-line incentive program, said method comprising the steps of:

> implementing an on-line incentive program that issues award points to users, wherein said award points are redeemable by said user for an award;
>
> implementing an Internet webpage accessible, via a computer system, to at least one user of said on-line incentive program for on-line interactive communications between said user and said Internet webpage;
>
> offering, on said Internet webpage, at least one redeemable award available to said user for exchange of said award points; and
>
> permitting said user to initiate a process to receive said at least one redeemable award for exchange of said award points issued to said user through said on-line incentive program.

Each of these limitations, as they have been construed by Affinion in its *Markman* briefs, are present, either expressly or inherently, in the '887 Patent.

> a.    "Implementing An On-Line Incentive Program That Issues Award Points To Users, Wherein Said Award Points Are Redeemable By Said User For An Award."

Affinion argues that this step of Claim 10 should be interpreted to mean "implementing a program that uses the award of points that are redeemable for awards to incentivize certain behaviors and which operates a program webpage which permits users to interact with the incentive program on-line and that adds points to a user's account that are redeemable by said user for an award." *Affinion Opening Brief*, Docket No. 139 at 5. Affinion also argues that, contrary to the explicit statements in the '412 Patent specification, this element does not require that points be awarded and available for redemption immediately ("the immediacy effect"). Interpreted in such a way, this element of Claim 10 is disclosed in the '887 Patent.

Specifically, the '887 Patent discloses a computer system and method for electronic commerce that operates an "in-store incentive [that] is a frequent buyer points program." Ex. B, col. 27, ll. 60-66. This "incentive takes the form of points issued to a customer's frequent buyer account" which the customer can later redeem at various levels for goods or services available through the system. *Id.* Thus, there is no question that the '887 Patent discloses a "program that uses the award of points that are redeemable for awards to incentivize certain behaviors" and "that adds points to a user's account that are redeemable by said user for an award."

The '887 Patent also discloses a "program webpage which permits users to interact with the incentive program on-line." The '887 Patent is directed to "[a] system for facilitating commercial transactions, between a plurality of customers and at least one supplier of items over a computer driven network capable of providing communications between the supplier and at least one customer site associated with each customer." Ex. B, Abstract. The '887 Patent further discloses that one method of providing such communications is through Internet web pages:

> In the example depicted in FIG. 2, Participant Program Object 112 and User Interface 13 are configured in what can be called a Customer Contact System, 140. Customer Contact System 140 may be, for example, an online service such as CompuServe or America Online, an application interface at a cable television site accessed remotely by a customer

8

user a set-top box, or a *World Wide Web (WWW) site on the Internet accessed by a customer using a WWW browser*

*Id.* at col. 12, ll. 1-9 (emphasis added). *See also* Fig. 2. The program's "In-store Processing System," which includes "the Sales Representative Program Object, Product Database, Pricing Engine, Tax Engine, Shipping Cost Engine, Payment Handler Interface, External Payment Handler, Order Fulfillment Substem, and Order Fulfillment Legacy System," communicates with the Customer Contact System described above. *Id.* at col. 12, ll. 10-21.

> b.  "Implementing An Internet Webpage Accessible, Via A Computer System, To At Least One User Of Said On-Line Incentive Program For On-Line Interactive Communications Between Said User And Said Internet Webpage."

Affinion argues that this limitation should be interpreted to mean "communications via the Internet that allow the user to provide and receive information to and from the website." *Affinion Opening Brief*, Docket No. 139 at 5. As discussed in Maritz's Answering Brief at 19, Affinion's interpretation of the first step of Claim 10 renders this second step superfluous. Docket No. 151. Accordingly, the disclosure of the '887 Patent relating to the Internet website and "Customer Contact System" above is equally applicable to this limitation.

> c.  "Offering, On Said Internet Webpage, At Least One Redeemable Award Available To Said User For Exchange Of Said Award Points."

Affinion argues that this element of the claims should be interpreted to mean "offering on said Internet webpage, at least one *product or service* that can be obtained as a prize or award in exchange for award points." *Affinion Opening Brief*, Docket No. 139 at 5 (emphasis added). If this construction is adopted, this step of Claim 10 is also disclosed by the '887 Patent.

As discussed above, the '887 Patent discloses a frequent buyer program in which users can redeem points for items offered on-line by suppliers through actual price discounts on future

purchases through the system. Ex. B at col. 27, l. 60 - col. 28, l. 10.  The system disclosed by the '887 Patent is an "electronic mall comprising a collection of suppliers of items such as **goods or services,** such as electronic stores." *Id.* at col. 6, ll. 5-8 (emphasis added); Figure 1.  Thus, users are able to redeem their points for products or services as required by Claim 10.

        d.      "Permitting Said User To Initiate A Process To Receive Said At Least One Redeemable Award For Exchange Of Said Award Points Issued To Said User Through Said On-Line Incentive Program."

     The '887 Patent discloses a frequent buyer program wherein customers can "redeem" their points for any product or service. Ex. 1, col. 27, ll. 60 - col. 28, l. 10.  Inherent in any system that allows customers to *redeem* points is a process for allowing the user to *initiate* such a redemption.  This is particularly true when one considers that the user can redeem points *through the e-commerce system* disclosed by the '887 Patent. *See e.g.* Ex. B at col. 27, ll 61-67.

     Because the '887 Patent discloses every element of Claim 10, as it is interpreted by Affinion, the Court should grant summary judgment in favor of Maritz if the Court adopts the claim interpretations offered by Affinion.

        3.      The '887 Patent Discloses the Computer System of Claim 27 and Software of Claim 36 for Performing the Steps of Claim 10

     As noted above, Affinion states in its Opening Markman Brief that Claim 27 provides "a computer readable medium comprising a plurality of instructions, which when executed by a computer, causes the computer to perform the steps" of Claim 10.  Affinion states Claim 36 claims "software" for performing the steps of Claim 10.  Such a "computer readable medium" and "software" are disclosed by the '887 Patent. *See* Ex. B, Title ("Computer System and Method for Electronic Commerce"); col. 5, ll. 57 - 60 ("This invention relates to a computer

architecture for on-line commerce which defines an electronic infrastructure to enable a full range of commercial transactions ..."); col. 9, ll. 26 - 49 (discussing "program objects" which are "necessary to implement an embodiment of the invention") and Fig. 2; col. 23, l. 59 - 67 (describing hardware and software for implementing the "Dashboard Operation"). Accordingly, Claims 27 and 36 are also anticipated by the '887 Patent.

      **B.**     **The Broadvision System Is An Invalidating Prior Invention**

      1.     Legal Standards for §102(g)

Section 102(g)(2) is applicable to lawsuits involving patent invalidity. *Monsanto Co. v. Mycogen Plant Science, Inc.*, 261 F.3d 1356, 1362. (Fed. Cir. 2001). That section provides that "if a patentee's invention has been made by another, prior inventor who has not abandoned, suppressed, or concealed the invention, §102(g) will invalidate that patent." *The Dow Chemical Co. v. Astro-Valcour, Inc.*, 267 F.3d 1334, 1339 (Fed. Cir. 2001) (citation omitted). When making this priority inquiry under §102(g), "there shall be considered not only the respective dates of conception and reduction to practice of the invention, but also the reasonable diligence of one who was first to conceive and last to reduce to practice, from a time prior to conception by the other." 35 U.S.C. §102(g)(2). Applying these principles, it becomes clear that the Broadvision system renders the independent claims of the '412 Patent, as construed by Affinion, invalid.

      2.     The Broadvision System Was Conceived and Reduced to Practice Before the '412 Patent Was Filed

The Broadvision System, which ultimately resulted in the '887 Patent, was conceived and reduced to practice before the '412 Patent's effective filing date. The Broadvision system, like the '412 Patent, was directed to       REDACTED

      If the Court adopts Affinion's claim construction, the Broadvision

system, as conceived and reduced to practice, would contain every element of Claims 10, 27, and

36, and thus would be an invalidating prior invention under §102(g).

          a.      "Implementing An On-Line Incentive Program That Issues Award Points To Users, Wherein Said Award Points Are Redeemable By Said User For An Award."

REDACTED

                                        ————————————————————

REDACTED

REDACTED

REDACTED

REDACTED

    b.    <u>"Implementing An Internet Webpage Accessible, Via A Computer System, To At Least One User Of Said On-Line Incentive Program For On-Line Interactive Communications Between Said User And Said Internet Webpage."</u>

As discussed in Section 2.b., Affinion's interpretation of this second step of Claim 10 is engulfed by its interpretation of Claim 10's first step.  Therefore, the second step of Claim 10 is satisfied by the Broadvision system for the reasons stated in the immediately preceding discussion.

    c.    <u>"Offering, On Said Internet Webpage, At Least One Redeemable Award Available To Said User For Exchange Of Said Award Points."</u>

REDACTED

REDACTED

Accordingly, the inventors of the Broadvision system conceived of and reduced this step

of Claim 10 to practice before the effective filing date of the '412 Patent.

        d.    "Permitting Said User To Initiate A Process To Receive Said At Least One Redeemable Award For Exchange Of Said Award Points Issued To Said User Through Said On-Line Incentive Program."

As discussed above, the inventors of the Broadvision system had conceived of a system

in which

REDACTED

16

REDACTED

Accordingly, the inventors of the

Broadvision system conceived of and constructively reduced to practice this element of Claim 10

before the effective filing date of the '412 Patent.

REDACTED


The Broadvision system as conceived by the inventors of the '887 Patent specifically included


REDACTED


Accordingly, because the inventors of the Broadvision system conceived of and constructively reduced to practice a computer system and software for performing the steps of Claim 10 before the '412 Patent's effective filing date, the Broadvision system also renders Claims 27 and 36 invalid under §102(g).

IV.    **Conclusion**

Because Claims 10, 27, and 36 of the '412 Patent, as interpreted by Affinion, are anticipated by the '887 Patent, the Court should grant Maritz's Motion for Partial Summary Judgment, in the event the Court adopts Affinion's claim construction.

As a second, independent ground for summary judgment, the Court should grant Maritz's motion because Claims 10, 27, and 36 of the '412 Patent, as interpreted by Affinion, are invalid under §102(g). The Broadvision system, as conceived and reduced to practice by its inventors prior to the effective filing date of the '412 Patent, discloses every element of those claims.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: *Patricia S Rogowski*

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Maritz Inc.*

19

## CERTIFICATE OF SERVICE

I, hereby certify that on **May 25, 2006**, I electronically filed **OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY OF THE '412 PATENT UNDER 35 U.S.C. § 102 (e) and (g)** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on **May 25, 2006**, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Patricia Smink Rogowski (#2632)