EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AFFINION NET PATENTS, INC.,                    )
                                               )
                        Plaintiff,             )
                                               )
v.                                             )        Civil Action No. 04-360-JJF
                                               )
MARITZ INC.,                                   )        **PUBLIC VERSION**
                                               )
                        Defendant.             )

STATEMENT OF UNCONTROVERTED FACTS

Maritz Inc. submits this Statement of Undisputed Facts in Support of its Motion For

Partial Summary Judgment of Invalidity of the '412 Patent Under 35 U.S.C. § 102(e) and (g).

1.    On June 8, 2004, Trilegiant Loyalty Solutions, Inc. ("TLS") filed this suit against

Maritz Inc., alleging infringement of U.S. Patent Nos. 5,774,870 ("the '870 Patent"); 6,009,412

("the '412 Patent"); and 6,578,012 ("the '012 Patent").  Docket No. 1.

2.    On October 17, 2005, TLS assigned all of its right, title and interest to the patents

in suit to Affinion Net Patents, Inc. ("Affinion") and TLS changed its name to Affinion Loyalty

Group, Inc.

3.    Affinion has sought the Court's leave to amend its Complaint to allege only

infringement of Claims 10-17, 27-34, and 36 of the '412 Patent.  Docket No. 101.

4.    The '412 Patent, titled "Fully Integrated On-Line Interactive Frequency and

Award Redemption Program," issued on December 28, 1999.

5.    The '412 Patent is a continuation of U.S. Patent No. 5,774,870, which was filed

December 14, 1995.  The '412 Patent has an effective filing date of December 14, 1995.

6.    Claims 10, 27, and 36 of the '412 Patent are independent claims.

7.    Claim 10 is a method claim.

8.    Claim 27 is an apparatus claim that claims "[a] computer readable medium comprising a plurality of instructions, which when executed by a computer, causes the computer to perform the steps of" the method of Claim 10.

9.    Claim 36 is an apparatus claim that claims a computer system comprising software that performs the steps of the method of Claim 36.

10.    U.S. Patent No. 5,710,887 ("the '887 Patent"), attached as Exhibit B to the Opening Brief in Support of Defendant Maritz Inc.'s Motion for Summary Judgment of Invalidity, was filed on August 29, 1995 and issued on January 20, 1998. There are 11 named inventors of the '887 Patent, including Chih-Cheng Hsu.

11.    The '887 Patent was assigned to Broadvision.

12.    The '887 Patent is directed to "[a] system for facilitating commercial transactions, between a plurality of customers and at least one supplier of items over a computer driven network capable of providing communications between the supplier and at least one customer site associated with each customer." Ex. B, Abstract.

13.    The '887 Patent also discloses a "computer system and method for electronic commerce" that also implements "incentive systems," such as point-based frequent buyer programs. Through such programs, users are able redeem those points at various levels to obtain discounts on later purchases through the system. Ex. B, col. 27, ll. 60-66.

14.    The '887 Patent also discloses an "electronic mall comprising a collection of suppliers of items such as goods or services, such as electronic stores." Ex. B, col. 6, ll. 5-8; Fig. 1

2

15.

16.                         REDACTED

17.

18.

19.    Claim 10 provides:  A method for redeeming incentive awards in an on-line incentive program, said method comprising the steps of:

  implementing an on-line incentive program that issues award points to users, wherein said award points are redeemable by said user for an award;

  implementing an Internet webpage accessible, via a computer system, to at least one user of said on-line incentive program for on-line interactive communications between said user and said Internet webpage;

  offering, on said Internet webpage, at least one redeemable award available to said user for exchange of said award points; and

  permitting said user to initiate a process to receive said at least one redeemable award for exchange of said award points issued to said user through said on-line incentive program.

20.    Affinion argues that the term "on-line incentive program" should be interpreted to mean "implementing a program that uses the award of points that are redeemable for awards to incentivize certain behaviors and which operates a program webpage which permits users to

3

interact with the incentive program on-line and that adds points to a user's account that are redeemable by said user for an award." *Affinion Opening Brief* at 5, Docket No. 139.

21.    Affinion also argues that, contrary to the explicit statements in the '412 Patent specification, this element does not require that points be awarded and available for redemption immediately ("the immediacy effect"). *Id.* at 17.

22.    Affinion also argues that "users" should be defined to mean "persons enrolled in the incentive program as well as others who may be eligible to enroll in the incentive program, merchants, product manufacturers, and award program administrators." *Id.* at 5.

23.    Maritz believes that "users" should be interpreted to mean "persons enrolled in the on-line incentive program," as Claim 10 requires that the system award points to users and the specification only discusses awarding points to enrolled users.

24.    The '887 Patent discloses a computer system and method for electronic commerce that operates an "in-store incentive [that] is a frequent buyer points program." Ex. B, col. 27, ll. 60-66.

25.    The '887 Patent further discloses that this "incentive takes the form of points issued to a customer's frequent buyer account" which the customer can later redeem at "various levels for price discounts on the future product purchases." *Id.* at col. 27, ll. 60-66.

26.    The '887 Patent also states: "in the example depicted in Fig. 2, Participant Program Object 112 and User Interface 13 are configured in what can be called a Customer Contact System, 140.  Customer Contact System 140 may be, for example, an online service such as CompuServe or America Online, an application interface at a cable television site accessed remotely by a customer user a set-top box, or a World Wide Web (WWW) site on the Internet accessed by a customer using a WWW browser." Ex. B, col. 12, ll. 1-9.

27.     The '887 Patent also discloses that the "In-store Processing System," which includes "the Sales Representative Program Object, Product Database, Pricing Engine, Tax Engine, Shipping Cost Engine, Payment Handler Interface, External Payment Handler, Order Fulfillment Substem, and Order Fulfillment Legacy System," communicates with the "Customer Contact System 140." *Id.*, col. 12, ll. 10-21.

28.     Affinion argues that the term "On-Line Interactive Communications" in the second step of Claim 10 should be interpreted to mean "communications via the Internet that allow the user to provide and receive information to and from the website." *Affinion Opening Brief* at 5, Docket No. 139.

29.     Maritz believes that Affinion's interpretation of the first step of Claim 10 renders the term "on-line interactive communications" superfluous.  Docket No. 138.

30.     Affinion argues that the third step of Claim 10, "offering, on said Internet webpage, at least one redeemable award available to said user for exchange of said award points" should be interpreted to mean "offering on said Internet webpage, at least one *product or service* that can be obtained as a prize or award in exchange for award points." *Affinion Opening Brief* at 5 (emphasis added), Docket No. 139.

31.     The '887 Patent states that "[t]his invention relates to a computer architecture for on-line commerce which defines an electronic infrastructure to enable a full range of commercial transactions." Ex. B, col. 5, ll. 57 - 60.

32.     The '887 Patent further discloses "program objects" that are "necessary to implement an embodiment of the invention." *Id.*, col. 9, ll. 26 - 49; Figure. 2.

33.    The '887 Patent also discloses "hardware" and "software" for implementing the "Dashboard Operation." *Id.*, col. 23, l. 59 - 67.   The "Dashboard Client causes certain information to be displayed on the screen of the Dashboard."  *Id.*

34.

REDACTED

35.

REDACTED

36.

REDACTED

REDACTED

REDACTED

REDACTED

REDACTED

May 25, 2006

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: *Patricia S Rogowski*

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Maritz Inc.*