IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AFFINION NET PATENTS, INC.,              )
                                         )
                Plaintiff,               )
                                         )
        v.                               )       Civil Action No. 04-360-JJF
                                         )
MARITZ INC.,                             )       **REDACTED PUBLIC VERSION**
                                         )
                Defendant.               )

**OPENING BRIEF OF DEFENDANT MARITZ INC. IN
SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY
JUDGMENT REGARDING PRE-SUIT DAMAGES**

CONNOLLY BOVE LODGE & HUTZ LLP
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Maritz Inc.*

Original Filed: May 25, 2006
Redacted Version Filed:  June 6, 2006

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

I.    NATURE AND STAGE OF THE PROCEEDINGS ................................... 1

II.   SUMMARY OF ARGUMENT ...................................................................... 2

III.  BACKGROUND ........................................................................................... 2

IV.   ARGUMENT ................................................................................................. 3

      A.   Summary Judgment Standards ................................................................ 3

      B.   Marking Requirements ............................................................................ 4

           1.   *Plaintiff Has The Burden of Demonstrating Substantially
                Consistent And Continuous Marking.* ............................................ 4

           2.   *The Websites Of Trilegiant Loyalty And Its Licensees Should Have
                Been Marked To Satisfy The Marking Requirements Of § 287(a).* ......... 5

      C.   Plaintiff Has Failed To Provide Constructive Notice To Defendant
           Of Its Alleged Infringement ...................................................................... 7

           1.   *Plaintiff Has Not Produced Written Evidence To Demonstrate Marking.* ............. 7

           2.   *Plaintiff's Designated Marking Witness Did Not Establish
                Substantially Consistent And Continuous Marking.* ............................... 8

V.    CONCLUSION ............................................................................................. 12

TABLE OF AUTHORITIES

**Cases**

*American Medical Systems, Inc. v. Medical Engineering Corp.,*
   6 F.3d 1523 (Fed. Cir. 1993)...................................................................................... 4

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) ................................................ 4

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986) .......................................................... 4

*Gart v. Logitech, Inc.,* 254 F.3d 1334 (Fed .Cir.2001) ................................................ 5

*IMX, Inc. v. Lending Tree, LLC.,* 2005 WL 3465555,
   No. Civ. 01-1067-SLR (D. Del. 2005).......................................................................... 6

*Matushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574 (1986) ....................... 3

*Maxwell v. Baker, Inc.,* 86 F.3d 1098 (Fed. Cir. 1996) ................................................ 5

*Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F.3d 1437 (Fed. Cir.1998) ............................. 5

*Soverain Software LLC v. Amazon.com, Inc.,* 383 F. Supp.2d 904 (E.D. Tex. 2005).................... 7

**Statutes**

35 U.S.C. § 287(a) ................................................................................................... 5

**Rules**

Fed. R. Civ. P. 30(b)(6)............................................................................................ 10

Fed. R. Civ. P. 56(c) ............................................................................................... 3

I.

NATURE AND STAGE OF THE PROCEEDINGS

On June 8, 2004, Trilegiant Loyalty Solutions, Inc. ("Trilegiant Loyalty") filed this action for infringement of U.S. Patents 5,774,870 ("the '870 Patent"), 6,009,412 ("the '412 Patent") and 6,578,012 ("the '012 Patent") (collectively "the Storey Patents") against Maritz Inc. ("Maritz"). Docket No. 1. The '012 Patent is a continuation of the '412 Patent, which is a continuation of the '870 Patent. Accordingly, each of the Storey Patents have an effective filing date of December 14, 1995, the date the '870 Patent was filed. The Storey Patents are all titled "Fully Integrated On-Line Interactive Frequency and Award Redemption Program." In its Complaint, Trilegiant Loyalty alleged that Maritz's Vault and AwardHQ programs infringed each of the Storey Patents. *Id.*

Maritz answered the Complaint and asserted counterclaims requesting declarations of non-infringement, invalidity, and unenforceability of the Storey Patents. Docket No. 8. On October 17, 2005, Trilegiant assigned the Storey Patents to Affinion Net Patents, Inc. ("Affinion Patents").[1] Docket No. 148. Later, Trilegiant Loyalty changed its name to Affinion Loyalty Group, Inc. ("Affinion Loyalty"). Currently, Affinion Patents seeks only to enforce the '412 Patent. Docket No. 101.

Affinion Patents and Maritz have submitted their *Markman* briefs and a *Markman* hearing is scheduled for June 7, 2006. Trial is set to begin on October 23, 2006.

---

[1] On May 22, 2006, the Court ruled that Affinion Net Patents, Inc. should be substituted for Affinion Loyalty Group as plaintiff in this matter. Docket No. 148. This brief refers to Affinion Patents as the plaintiff, even though it has not formally substituted itself for Affinion Loyalty.

II.

## SUMMARY OF ARGUMENT

Maritz requests the Court to grant partial summary judgment denying plaintiff any damages prior to the date it proves actual notice to Maritz of the '412 Patent and of Maritz's alleged infringement thereof. Affinion Patents bears the burden of demonstrating substantially consistent and continuous marking of patented products, to be entitled to damages before Maritz's receipt of actual notice. However, Affinion Patents cannot meet its burden to produce evidence demonstrating substantially consistent and continuous marking by Trilegiant Loyalty and its clients, Trilegiant Corp., or licensees under the '412 Patent. Because Affinion Patents cannot satisfy its burden, partial summary judgment should be entered denying plaintiff any damages prior to the date on which it proves actual notice to Maritz.

III.

## BACKGROUND

On December 7, 2001, Trilegiant Corporation ("Trilegiant Corp.") acquired the Storey patents and certain licenses granted under the patents from Netcentives, Inc.

On January 28, 2004, Trilegiant Corp. assigned the patents to Trilegiant Loyalty. Trilegiant Loyalty filed this suit against Maritz Inc. on June 8, 2004. Docket No. 1.

During their respective periods of patent ownership through mid-2004, neither Trilegiant Corporation nor Trilegiant Loyalty marked their websites with U.S. Patent No. 6,009,412. Prior to June 8, 2004, the Trilegiant Loyalty website described and promoted its patented product.

Further, a substantial number of Trilegiant Loyalty's clients did not mark their websites with U.S. Patent No. 6,009,412. These websites employed the patented technology.

2

Express licensees of Trilegiant Corp. and Trilegiant Loyalty did not mark their licensed websites with U.S. Patent 6,009,412.

**REDACTED**

A full Statement of Facts which Maritz believes are uncontested is attached as Exhibit A.

IV.

ARGUMENT

A.    Summary Judgment Standards

A court shall grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. *See Matushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 10 (1986). In determining whether a genuine issue for trial exists, the court views all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita,* 475 U.S. at 587.

Once the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting Fed. R. Civ. P. 56(e)). The mere existence of some evidence in support of the nonmoving party, however, will not be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury to reasonably find for the nonmoving party on that issue. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). To survive

summary judgment, a party must present more than just "bare assertions, conclusory allegations or suspicions" to show the existence of a genuine issue. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the nonmoving party fails to make a sufficient showing with respect to an essential element of its case on which it has the burden of proof, the moving party is entitled to judgment as a matter of law. *Id.* at 322.

     B.    <u>Marking Requirements</u>

          1.    *Plaintiff Has The Burden of Demonstrating Substantially Consistent And Continuous Marking.*

Generally, a patentee is entitled to damages from the time when it either began marking its products in compliance with section 287(a)[2] or when it actually notified [the alleged infringer] of its infringement, which was earlier. *American Medical Systems, Inc. v. Medical Engineering Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993). The Federal Circuit has construed Section 287(a) to require that "once marking has begun, it must be substantially consistent and continuous in order for the party to avail itself of the constructive notice provisions of the statute." *Id.*

The patentee bears the burden of proving compliance with the marking statute by a preponderance of the evidence. *Nike, Inc. v. Wal-Mart Stores, Inc.*, 138 F.3d 1437, 1446 (Fed. Cir.1998). The marking obligations also apply to "persons making or selling any patented article for or under [the patentee]." 35 U.S.C. § 287(a). Thus, licensees must also comply with the

---

[2] Section 287(a) of Title 35 of the United States Code provides, in relevant part:
    [p]atentees and persons making or selling any patented article for or under them, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure to so mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for the infringement occurring after such notice.

marking requirements in order for patent owner to take advantage of the constructive notice provision of Section 287(a). *Maxwell v. Baker, Inc.,* 86 F.3d 1098, 1111 (Fed. Cir. 1996).

A patentee's compliance with the marking statute is a question of fact. *Gart v. Logitech, Inc.,* 254 F.3d 1334, 1339 (Fed .Cir.2001). Consequently, the marking issue "is properly decided upon summary judgment when no reasonable jury could find that the patentee either has or has not provided actual notice to the particular defendants by informing them of his patent and their infringement of it." *Id.*

> 2.   *The Websites Of Trilegiant Loyalty And Its Licensees Should Have Been Marked To Satisfy The Marking Requirements Of § 287(a).*

District courts, including the District of Delaware, have recently addressed the issue of marking websites. In *IMX, Inc. v. Lending Tree, LLC.,* 2005 WL 3465555, No. Civ. 01-1067-SLR (D. Del. 2005), the Court granted partial summary judgment denying the patentee any damages prior to the date it filed suit when it failed to mark its websites. A copy of this case is attached as Ex. K.

IMX was the owner of a patent titled "Interactive Mortgage and Loan Information System and Real-Time Trading System." The summary of the invention provided, in relevant part, that the patent "provides a method and system for trading loans in real time . . . ." Although the patentee originally sold a software product covered by the patent, it later used a web-based version of the product. The website was not marked with the traditionally required "Patent No. X." *Id.* at *2-3.

The Court began its analysis by considering the patentee's argument that it did not make, offer for sale, or sell any "patented article." The patentee argued that its "patented invention" was a "system" that "allows" a "unique interactivity" to occur remotely over the Internet. *Id.* at

5

3. The patentee further argued that it was not required to mark its website because the website did not embody any of the claims at issue but was:

> [S]imply a way in which parties to a loan transaction obtain a service that IMX provides using its patented method and apparatus. The website is not a patented article, nor is it a package containing a patented article. Accordingly, IMX has no duty to mark its website.

*Id.*

The Court noted the three purposes of marking described by the Federal Circuit: "1) helping to avoid innocent infringement. . . 2) encouraging patentees to give notice to the public that the article is patented. . . and 3) aiding the public to identify whether an article is patented. . . ." *Id.* at *4 quoting *Nike, Inc. v. Wal-Mart Stores, Inc.,* 138 F.3d 1437, 1443 (Fed. Cir. 1998) (citations omitted). The Court further noted that although method claims historically did not require marking, the Federal Circuit has more recently required marking when a patent contains both apparatus and method claims. "[T]o the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so if it intends to avail itself of the constructive notice provisions of section 287(a)." *Id.* at *4 quoting *American Medical Systems, Inc. v. Medical Engineering Corp.,* 6 F.3d 1523, 1538-39 (Fed. Cir. 1993).

The Court determined that the patentee's website, *while not itself the patented invention,* must still be marked to obtain pre-suit damages. The Court said "consistent with the purpose of § 287(a) as interpreted by the Federal Circuit, the website is intrinsic to the patented system and constitutes a 'tangible item to mark by which notice of the asserted method claims can be given.'" *Id.* Finding that the patentee had not satisfied its marking obligations, the Court granted partial summary judgment.

Similarly, in *Soverain Software LLC v. Amazon.com, Inc.,* 383 F. Supp.2d 904 (E.D. Tex. 2005), the court granted partial summary judgment to a defendant, denying pre-suit damages for failure of the plaintiff to mark its website with the appropriate patent numbers.

C.   Plaintiff Has Failed To Provide Constructive Notice To Defendant
     Of Its Alleged Infringement.

There should be no dispute that neither plaintiff Affinion Patents nor its predecessor-in-interest Trilegiant Loyalty Solutions gave actual notice to Maritz of its alleged infringement of the '412 patent (or any of the patents related to the '412 patent) at least prior to July of 2002. It is anticipated that plaintiff will argue that Trilegiant Loyalty gave oral notice to the former President of the Loyalty Division of Maritz. Even if this purported conversation satisfies the actual notice requirement of Section 287(a), which Maritz disputes, it should be undisputed that there was no actual notice to Maritz prior to July 2002.[3]

Therefore, to recover damages before July 2002, plaintiff must prove constructive notice, *i.e.,* that patented products were marked with the appropriate patent number. It has not done so.

1.   *Plaintiff Has Not Produced Written Evidence To Demonstrate Marking.*

In the course of discovery, Trilegiant Loyalty and/or Affinion Patents produced over 60,000 pages of documents. Declaration of Jennifer Hockel at ¶ 2, attached as Ex. B. A review of these documents revealed only a few pages of webpages for Trilegiant clients or patent licensees. *Id.* at ¶ 3. To the best of our knowledge, none of the client webpages produced were

_____

[3] A patentee only satisfies the actual notice requirement when the patentee affirmatively communicates to the alleged infringer a specific charge of infringement by a specific accused product or device. *Gart,* 254 F.3d at 1345. Filing suit is not necessary, but the notice must be of the alleged infringement, not merely notice of the patent's ownership or existence. *Amsted Indus. Inc. v. Buckeye Steel Castings Co.,* 24 F.3d 178, 187 (Fed.Cir.1994). It does not matter whether a defendant knew of the patent or even of its his own infringement, because the notice inquiry focuses on the patentee's actions, not the defendant's knowledge or understanding. *Id.*

marked with the '412 patent, or any other of the related patents prior to the date this suit was filed. *Id.* at ¶ 7.

Further, plaintiff did not produce webpages of its licensees that demonstrate substantially consistent and continuous marking to June 2004. *Id.* at ¶ 5.

REDACTED

2.   *Plaintiff's Designated Marking Witness Did Not Establish Substantially Consistent And Continuous Marking.*

The Complaint in this case was filed on June 8, 2004. In an effort to determine what evidence Affinion could advance to demonstrate constructive notice of the '412 Patent through marking, Maritz propounded, in addition to numerous written discovery requests which covered

———————————————

REDACTED

marking documents, a Notice of Deposition Pursuant to Fed. R. Civ. P. 30(b)(6). Ex. D. The topics of the notice included the identification of "all Internet webpages owned, controlled, designed, operated or maintained by" Trilegiant Corp., Trilegiant Loyalty Solutions, Inc., and Affinion Loyalty Group, Inc. and to identify whether any of those "webpages were ever marked with the word 'patent' or the abbreviation 'pat.' together with one or more of the patent numbers 5,774,870, 6,009,412, or 6,578, 012." The notice also requested identification of all licensees under the '412 patent, identification of all Internet webpages owned, controlled, designed, operated, or maintained by the licensees, identification of any such websites marked with the above patent numbers, and identification of "all efforts to ensure that each identified licensee appropriately marked each identified page with the patent number." *Id.*

In response, plaintiff served objections directed to burden and stated that it would produce a witness to address the topics "to the extent it can reasonably do so." Ex E. Marti Beller, President of Affinion Loyalty and formerly President of Trilegiant Loyalty Solutions, was designated on the categories of this notice. Ex. F. In advance of Ms. Beller's deposition, counsel for Maritz sent an email to plaintiff's counsel requesting assurances that plaintiff had produced all documents related to marking and, if not already produced, to produce them in advance of the deposition. He further noted his expectation that Ms. Beller would be prepared to discuss patent marking of Affinion Loyalty or its predecessor-in-interest's website: "We will be seeking the specifics of the when, where and how of Affinion's marking of its products covered by the patents in suit, including website marking, and promotional material." Ex. G. *No additional documents were produced in advance of Ms. Beller's deposition.*

At the deposition conducted under Fed. R. Civ. P. 30(b)(6), Ms. Beller testified to little, if any marking by Trilegaint Corp., Trilegiant Loyalty or any of the patent licensees.

REDACTED

9

As to category 6, marking by Trilegiant Corp.,

REDACTED

As to Trilegiant Loyalty's clients, Ms. Beller testified

Ms Beller testified that                                        REDACTED

REDACTED                                    She cited

She

stated that as to Trilegiant Loyalty Solutions itself,

She also testified that

REDACTED

As to Affinion Loyalty Group, Inc., Ms. Beller testified that

REDACTED

---

[5] Although Netcentives marked its website, this marking is insufficient to demonstrate the substantially consistent and continuous marking required under 35 U.S.C. § 287(a). Netcentives' licensees did not satisfy the substantially consistent and continuing marking requirement, nor did its successor- in-interest.

10

When asked about the category seeking information on patent licensees, their marking, and efforts to ensure that licensees engaged in appropriate marking, Ms. Beller testified ⌐ was told:

REDACTED

Notably, however,

REDACTED

Finally,

She also testified          REDACTED

In sum, Trilegiant Loyalty and Affinion Loyalty have admitted that neither marked their webpages until mid-2004, about the time of filing suit. Moreover, plaintiff has not satisfied its burden to demonstrate substantially consistent and continuous marking of patented products. *American Medical Sys., Inc. v. Medical Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993), *cert. denied*, 511 U.S. 1070 (1994). Nor can it be said that plaintiff has demonstrated that licensees have consistently marked substantially all of their patented products. *See Amsted,* 24 F.3d at 185 (§ 287(a) applies to express and implied licensees).

V.

CONCLUSION

Maritz requests the Court to grant it partial summary judgment under 35 U.S.C. Section 287(a), denying Affinion Patents any damages prior to the date on which it proves actual notice to Maritz of U.S. Patent 6,009,412 and of Maritz's alleged infringement

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: _Patricia S. Rogowski_

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hockel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Maritz Inc.*

12

## CERTIFICATE OF SERVICE

I, hereby certify that on **May 25, 2006,** I electronically filed **OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PRE-SUIT DAMAGES** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on **May 25, 2006,** I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Patricia Smink Rogowski  (#2632)

13