# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. **04-360-JJF** |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

### REPLY IN SUPPORT OF MARITZ'S FIRST MOTION TO COMPEL

Affinion opposes Maritz's motion with the claim that Netcentives transferred its attorney-client privilege along with its privileged documents. But it presents no evidence that such transfer of privilege was intended by Netcentives.

Recognizing this, Affinion takes a different tack, arguing that, "When a party sells . . . assets directly at issue in prior litigation, the attorney-client privilege transfers with that sale." *Plaintiff's Opposition (D.I. 149)*, p. 2. Affinion cites three cases to support this assertion. *Id.* But none of them provides support and, moreover, *dicta* aside, each case is distinguishable.

*In re Grand Jury Subpoenas,* 734 F. Supp. 1207 (E.D. Va. 1990), involved "[w]hether a parent corporation controls the attorney/client/work product privileges of a wholly-owned subsidiary after its sale . . . ." *Id.* at 1210. The District Court, citing *Commodities Futures Trading Commission v. Weintraub,* 471 U.S. 343 (1985), held that, since the parent had sold the subsidiary, it could no longer control the subsidiaries' exercise of privilege. *Id.* at 1211. It further noted that "[a] transfer of assets, without more, is not sufficient to affect a transfer of the privileges; control of the entity possessing the privileges must also pass for the privileges to pass." *Id.* at n. 3. Affinion bought patents from Netcentives; it did not acquire control.

In *Excess Insurance Co., Ltd. v. Saunee*, 1996 WL 409224 (E.D. La.), certain insureds assigned to a judgment creditor their coverage claims against their insuror in partial satisfaction of a judgment against them arising out of a wrongful death claim. The judgment creditor/assignee sought to waive the attorney-client privilege of the judgment debtor/assignors. Holding that Louisiana law controlled the privilege waiver issue, the District Court affirmed the Magistrate Judge's order denying a motion to compel production of the privileged documents. This case, based on Louisiana law, lends no support to Affinion's opposition.

In *Graco Children's Product, Inc. v. Regalo International, LLC*, 1999 WL 553478 (E.D. Pa), the issue was whether an attorney was properly disqualified under Rule 1.9 of the Pennsylvania Rules of Professional Conduct for a conflict of interest. Graco sued Century Products for patent infringement. Frederick Tecce, Esq., represented Century. After winning a judgment, Graco bought all the ongoing business assets of Century, but not the stock. Thereafter Graco sued Regalo International for patent infringement. Tecce entered his appearance as Regalo's attorney. The District Court disqualified Tecce, finding that he was in possession of confidential information and was acting contrary to the material interests of his former client. The case at hand bears no resemblance to the *Graco* case.

Affinion also argues that as assignee of the patents, it shares a common legal interest with Netcentives. While parties so situated sometimes share a common interest, as where an inventor/assignor and an employer/assignee share joint counsel who assists both in securing a patent, no such common interest arose out of the bankruptcy sale of the '412 patent. First, as documented in Maritz's opening brief, Netcentives' patent prosecution lawyers never represented or consulted with Affinion during prosecution of the '412 patent or vice versa. *In re Regents*, 101 F.3d 1386, 1389-90 (Fed. Cir. 1996). Second, as a condition of the bankruptcy sale, Affinion

granted back to Netcentives a nonexclusive license to practice the patents. Given that the license was nonexclusive, Netcentives and Affinion had no protected common legal interest. *Id.* at 1390 (holding that "[t]he legal interest between Lilly and UC was substantially identical because of the potentially and ultimately exclusive nature of the ... license agreement."); *Katz v. AT&T Corp.*, 191 F.R.D. 433, 437 n. 4 (E.D. Pa. 2000).

In sum, Affinion has not shown that Netcentive's disclosure of withheld documents was part of a transfer of corporate control or under circumstances where Netcentives and Affinion had joint legal interests. Thus, the Court should order the documents to be produced.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

Date: June 13, 2006

By: /s/ Patricia S. Rogowski
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Maritz Inc.

3