UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>MARITZ, INC.<br><br>Defendant. | C.A. No. 04-360-JJF<br><br>**REDACTED VERSION** |

**STATEMENT OF DISPUTED FACTS OF PLAINTIFF AFFINION NET PATENTS, INC.
IN RESPONSE TO MARITZ'S MOTION FOR PARTIAL
<u>SUMMARY JUDGMENT OF NON-INFRINGEMENT</u>**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Plaintiff
Affinion Loyalty Group, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202)783-6040

Original Filed: June 23, 2006
Public Version Filed: July 5, 2006

## I. INTRODUCTION

1. Pursuant to this Court's Memorandum Order on Summary Judgment Procedure and D.I. 163, Plaintiff Affinion Net Patents, Inc. ("Affinion") submits this counterstatement of disputed facts in opposition to Maritz's Motion for Partial Summary Judgment of Non-Infringement.

2. Maritz's motion for partial summary judgment of non-infringement is premised entirely on the Court's adoption of Maritz's proposed claim construction of several claim terms. As set forth in Affinion's briefing on claim construction, as well as at the argument relating to claim construction, Maritz is asking the Court to improperly read limitations into the asserted claims to form the basis for its non-infringement arguments. If the Court adopts Affinion's proposed construction of the claim terms, there will be no basis on which to grant Maritz's motion for summary judgment of non-infringement.

3. Moreover, even if the Court were to adopt Maritz's claim construction on certain of the claim terms addressed herein, Maritz is not entitled to summary judgment of non-infringement. As set forth below, disputed issues of fact remain, even under Maritz's proposed claim constructions, with respect to whether the VAULT program awards points to users for on-line product purchases and whether the VAULT system or AwardHQ system provide an "immediacy effect."

## II. TWO DISPUTED ISSUES OF FACT REMAIN EVEN IF MARITZ'S PROPOSED CLAIM CONSTRUCTIONS WERE ADOPTED

1. Contrary to Maritz's assertions, even if certain of Maritz's claim constructions were adopted by the Court, there would still be issues of disputed fact that would preclude summary judgment.

A. <u>**On-Line Incentive Program**</u>

2. Maritz's proposed construction of "on-line incentive program" is "a frequency program that awards points to users for on-line product purchases."

3. Maritz contends that its VAULT system does not award points for on-line product purchases. See D.I. 161 at 13.

**REDACTED**

Maritz's proposed claim construction of "on-line incentive program" does not require that the program award points for on-line product purchases that are made through the same website as the on-line incentive program, and, therefore, Maritz cannot base its motion for summary judgment of non-infringement on the absence of that element.

4. Maritz's position is inconsistent with the evidence of record in this case, which demonstrates that the VAULT system does award points to users for on-line product purchases.

**REDACTED**

2

# REDACTED

7. Because there is substantial evidence that at least some of Maritz's use of the VAULT system meets this claim limitation, even under Maritz's proposed claim construction, Maritz has not demonstrated that it is entitled to summary judgment of non-infringement.

B. "Immediacy"

8. Maritz further asserts that neither the VAULT system nor the AwardHQ system meet the "immediacy" element of the asserted claims.

9. Maritz's proposed claim construction does not provide a measure as to what constitutes "immediacy."        **REDACTED**

3

**REDACTED**

"Near real-time" is understood to include fast batch transmission of data and is equated in Maritz's own patent application with immediate transmission of data. See Exh. B at 59; Exh. F at 6 ("the electronic transaction gathering system operates in near real time by capturing a specific transaction and immediately transmitting the captured transaction to the loyalty database") (emphasis added).

**REDACTED**

12. Maritz does not cite evidence demonstrating that the time that elapses between the various steps of issuing points and making them available for redemption in either Maritz's VAULT or AwardHQ systems is beyond the scope of "immediacy." With respect to AwardHQ, for example, Maritz cites only to documents describing the time between point deposits for one client. See D.I. 161 at 8.

13.  The testimony relied on by Maritz relates to whether the data was transferred by a real-time method, but does not address the time required for batch processing. See id. at 15. Since batch processing can be done (and is done by Maritz) in "near real-time," Maritz is not entitled to summary judgment of non-infringement based solely on the assertion that Maritz uses batch processing. Maritz is improperly attempting to incorporate a limitation of "real-time" computer processing, a limitation not included in Maritz's proposed claim construction.

14.  Under Maritz's proposed claim construction, the issue of whether Maritz's use of the VAULT system or AwardHQ systems for any of its clients met the "immediacy" element is disputed. That genuine dispute with respect to a factual issue is not amenable to resolution on summary judgment.

## CONCLUSION

Because Maritz's motion for summary judgment of non-infringement is premised on the Court's adoption of Maritz's proposed construction of multiple claim terms, there is no basis on which to grant summary judgment in the absence of such a ruling from the Court. Moreover, as set forth herein, even were the Court to adopt certain of Maritz's proposed claim constructions, disputed issues of fact relating to infringement would remain and would preclude the grant of summary judgment of non-infringement.

                            MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                            */s/ Maryellen Noreika*

                            Jack B. Blumenfeld (#1014)
                            Maryellen Noreika ((#3208)
                            1201 N. Market Street
                            P.O. Box 1347
                            Wilmington, DE  19899
                            (302) 658-9200
                            *Attorneys for Plaintiff*
                            *Affinion Loyalty Group, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040

June 23, 2006
526250

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on July 5, 2006, I electronically filed the redacted version of Statement of Disputed Facts of Plaintiff Affinion Net Patents, Inc. in Response to Maritz's Motion for Partial Summary Judgment of Non-Infringement with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on July 5, 2006 upon the following in the manner indicated:

### BY HAND

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)
mnoreika@mnat.com