UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| AFFINION NET PATENTS, INC. | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) C.A. No. 04-360-JJF |
| v. | ) |
|  | ) **REDACTED VERSION** |
| MARITZ, INC. | ) |
|  | ) |
| Defendant. | ) |

**OPPOSITION OF AFFINION NET PATENTS, INC. TO
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT
LIMITING CLAIMS FOR LOST PROFITS DAMAGES**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
*Attorneys for Plaintiff
Affinion Loyalty Group, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202)783-6040

Original Filed:  June 23, 2006
Public Version Filed:  July 5, 2006

# TABLE OF CONTENTS

|   |   | **Page** |
|---|---|---|
| TABLE OF AUTHORITIES | | ii |
| I. | NATURE AND STAGE OF THE PROCEEDING | 1 |
| II. | SUMMARY OF ARGUMENT | 1 |
| III. | STATEMENT OF FACTS | 3 |
| IV. | ARGUMENT | 3 |
| | A. Summary Judgment Standard and Burden of Proof | 3 |
| | B. Affinion Is Entitled To Prove At Trial That Trilegiant Incurred Losses As A Result Of Maritz's Infringement | 4 |
| V. | CONCLUSION | 5 |

## TABLE OF AUTHORITIES

**Cases**     **Page**

<u>Anderson v. Liberty Lobby, Inc.</u>
    477 U.S. 242 (1986)..................................................................................................3

<u>Arachnid, Inc. v. Merit Indus., Inc.</u>
    939 F.2d 1574 (Fed. Cir. 1991)..................................................................................5

<u>Celotex Corp. v. Catrett</u>
    477 U.S. 317 (1986)..................................................................................................3

<u>Fisher-Price, Inc. v. Safety 1st, Inc.</u>
    109 Fed. Appx. 387 (Fed. Cir. 2004).....................................................................2, 5

<u>Minco, Inc. v. Combustion Eng'g, Inc.</u>
    95 F.3d 1109 (Fed. Cir. 1999)....................................................................................5

<u>Poly-America, L.P. v. GSE Lining Tech., Inc.</u>
    383 F.3d 1303 (Fed. Cir. 2004)...............................................................................4, 5

<u>SEB, S.A. v. Montgomery Ward & Co., Inc.</u>
    412 F.Supp. 2d 336 (S.D.N.Y. 2006)..................................................................2, 4, 5

**Statutes and Rules**

Fed. R. Civ. P. 56(c) ............................................................................................................3

Fed. R. Civ. P. 56(e) ............................................................................................................3

35 U.S.C. § 284....................................................................................................................4

## I. NATURE AND STAGE OF PROCEEDING

Affinion Net Patents, Inc. ("Affinion") is the assignee of U.S. Patent No. 6,009,412 ("the '412 patent"), entitled "Fully Integrated On-Line Interactive Frequency and Award Redemption Program." See Opposition of Affinion Net Patents, Inc. to Defendant's Motion for Partial Summary Judgment Regarding Presuit Damages ("Affinion's Presuit Damages Opposition") at Exhs. A, B. The '412 patent issued on December 28, 1999. Id. at Exh. A. The asserted claims are claims 10-17, 27-34, and 36. Affinion submits this brief in opposition to Defendant's Motion for Partial Summary Judgment Limiting Claims for Lost Profits Damages, D.I. 154.

## II. SUMMARY OF ARGUMENT

Maritz seeks summary judgment limiting Affinion's claims for lost profits to the time period January 29, 2004 through October 17, 2005, the period during which Affinion Loyalty Group, Inc. (then Trilegiant Loyalty Solutions, Inc.) ("ALG")[1] owned the patent.

As an initial matter, Maritz suggests in its motion, without basis, that Affinion is attempting to claim lost profits damages for the time period after October 17, 2005, when the patent was transferred from ALG to Affinion. See D.I. 154 at 2-3. Affinion's expert, Dr. Marion Stewart, submitted an expert report that included damages data only through June 30, 2005 (the latest data provided by Maritz when the report was prepared) and, therefore, did not address the post October 2005 time period. **REDACTED** Affinion's claims for damages from October 17, 2005 to present will be based on the reasonable royalty calculation, not lost profits damages.

---

[1] On February 21, 2006, the name of Trilegiant Loyalty Solutions, Inc. was changed to Affinion Loyalty Group, Inc. See D.I. 96.

[2] Affinion will supplement its damages figures before trial as Maritz provides additional sales figures for the more recent time periods.

1

Maritz also incorrectly suggests that Affinion is seeking lost profit damages for the time period during which Netcentives, Inc. was the patent holder. See D.I. 154 at 2-3. As reflected quite clearly in Exhibit 8 to Dr. Stewart's expert report, Exh. A, there are no lost profit damages calculated for that time period and a lost profits claim for the period during which Netcentives owned the patents is not part of Dr. Stewart's damages totals.

Maritz does not dispute that Affinion is entitled to submit proof concerning the lost profits incurred by ALG for the time period that ALG was the owner of the '412 patent (January 29, 2004 through October 17, 2005). Therefore, the only issue raised by Maritz's motion is whether or not Affinion can submit proof at trial concerning lost profits damages for the period during which Trilegiant Corporation ("Trilegiant"), ALG's parent corporation, owned the '412 patent (December 7, 2001 through January 28, 2004).

Because of the relationship between ALG's lost sales and profits lost by Trilegiant, Affinion is entitled to produce evidence at trial to establish what damages Trilegiant sustained as a result of Maritz's patent infringement. See SEB, S.A. v. Montgomery Ward & Co., Inc., 412 F.Supp. 2d 336 (S.D.N.Y. 2006) (rejecting motion for summary judgment limiting lost profit damages where party making competing products and losing sales was wholly-owned subsidiary of the company owning the patent in suit); see also Fisher-Price, Inc. v. Safety 1st, Inc., 109 Fed. Appx. 387, 397 (Fed. Cir. 2004) (unpublished decision) (permitting recovery of lost profit damages for period during which company losing sales was wholly-owned subsidiary of patent owner).

2

### III. STATEMENT OF FACTS

The '412 patent issued to Netcentives, Inc. on December 28, 1999. See Affinion's Presuit Damages Opposition at Exh. A. Trilegiant Corporation ("Trilegiant") purchased the '412 patent on December 7, 2001, along with the right to recover damages for past infringement. See id. at Exh. C. From December 7, 2001 until January 29, 2004, Trilegiant owned the '412 patent and its wholly-owned subsidiary, ALG, was engaged in business competing with Maritz, Inc. for the sale of incentive program services. On January 29, 2004, Trilegiant transferred ownership of the '412 patent, along with the right to recover for past infringement, to ALG. See id. at Exh. D. From January 29, 2004 until October 17, 2005, ALG was the owner of the '412 patent. ALG filed suit against Maritz for infringement of the '412 patent on June 8, 2004. See D.I. 1.

In October 2005, ownership of the '412 patent, as well as rights to recover for past infringement, was transferred from ALG to Affinion, a related company. See Affinion's Presuit Damages Opposition at Exh. B. As a result of this change in the ownership of the patent, the named plaintiff has been changed to Affinion Net Patents, Inc. See D.I. 162.

### IV. ARGUMENT

#### A. Summary Judgment Standard and Burden of Proof

Summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c). "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [its] favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). As the moving party, Maritz bears the initial burden of showing the absence of any genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The burden then shifts to Affinion to show that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e).

**B. Affinion Is Entitled To Prove At Trial That Trilegiant Incurred Losses As A Result Of Maritz's Infringement.**

Maritz's argument that Affinion is precluded as a matter of law from seeking to recover the lost profits suffered by Trilegiant during the time it owned the patent is based on an over-reading of Poly-America, L.P. v. GSE Lining Tech., Inc., 383 F.3d 1303 (Fed. Cir. 2004). Poly-America does not stand for the proposition, as Maritz suggests, that there are no circumstances under which a patent owner can claim lost profits without selling a product competing with the alleged infringer. Indeed, Poly-America itself suggests as much when it indicates that although Poly-America itself apparently had not sold any item on which it claims damages, it was nonetheless entitled to prove on remand whether or not it had any lost profits that were due to the infringement. See id. at 1311. The issue in Poly-America was that the patent owner was trying to recover lost profits of another entity, without making any showing that the patent owner had suffered any loss as a result of that other entity's lost sales.

In rejecting the same argument made by Maritz, the court in SEB analyzed the impact of Poly-America on the parent/subsidiary scenario (a situation not addressed directly in the Poly-America opinion). See 412 F. Supp. 2d at 346-47. Interpreting Poly-America to preclude lost profits damages for a patent owner whose subsidiary makes and sells the patented product would "ignore the underlying goal of [35 U.S.C. §] 284." Id. at 346. Moreover, such a broad interpretation of Poly-America would be inconsistent with the reasoning of Federal Circuit precedent concerning the proper scope of damages for infringement. See id. and cases cited therein. Recognizing that showing a mere corporate relationship is not sufficient without more to establish a right to recover damages based on lost sales, the SEB court concluded that the patent owner was entitled to show "what damages it sustained" from the infringement, and that if the patent owner "can show that it lost profit from [the subsidiary's] sales because of

4

Defendants' alleged infringement, it should be able to recover damages in an amount that would make it whole." Id. at 347, n. 16.

The SEB court's analysis of Poly-America finds further support in the fact that the Federal Circuit has held that lost profit damages may be recovered for time periods during which the parent company owned the patent and its subsidiary sold the patented product. See Fisher-Price, 109 Fed. Appx. at 397.[3] Contrary to Maritz's assertion, Poly-America does not stand for the proposition that a patent owner must have lost "direct sales" in order to recover its lost profits and does not express any intent to change the common-sense rule that a parent corporation can establish that it suffers losses based on the loss of sales of its wholly-owned subsidiary. See id.

Here, as in SEB, Affinion is entitled to present its proof that Trilegiant suffered lost profits as a result of Maritz's infringement. For these reasons, Maritz's motion for partial summary judgment limiting claims for lost profits damages should be denied.[4]

## CONCLUSION

The only period of time that Affinion is seeking lost profits is the time period when Trilegiant and ALG were owners of the '412 Patent. For the reasons set forth above, Affinion is entitled to prove at trial that Trilegiant incurred losses as a result of Maritz's infringement.

---

[3] Indeed, it is unlikely that Poly-America means that there can be no lost profits in a parent-subsidiary relationship as a rule, in light of the fact that Judge Michel was on the panel in both decisions, which issued less than a month apart.

[4] Where an assignment of a patent is coupled with an express assignment of a right of action for past infringement, the assignee is entitled to recover money damages for infringement occurring during the time the assignor owned the patent. See Arachnid, Inc. v. Merit Indus., Inc., 939 F.2d 1574, 1579 n. 7 (Fed. Cir. 1991); Minco, Inc. v. Combustion Eng'g, 95 F.3d 1109, 1117 (Fed. Cir. 1996). All of the assignments of the '412 patent also assigned claims for past infringement. See Affinion's Presuit Damages Opposition at Exhs. B-D. Affinion thus is entitled to damages for infringement occurring from the date the '412 patent issued.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika ((#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Plaintiff*
*Affinion Loyalty Group, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

June 23, 2006
526237

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on July 5, 2006, I electronically filed the redacted version of Opposition of Affinion Net Patents, Inc. to Defendant's Motion for Partial Summary Judgment Limiting Claims for Lost Profits Damages with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on July 5, 2006 upon the following in the manner indicated:

### BY HAND

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE  19801

### BY FEDERAL EXPRESS

> J. Bennett Clark
> Senniger Powers
> One Metropolitan Square
> St. Louis, MO  63102

*/s/ Maryellen Noreika*
_____
Maryellen Noreika (#3208)
mnoreika@mnat.com