**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

AFFINION NET PATENTS, INC.,

Plaintiff,

v.

MARITZ, INC.

Defendant.

**C.A. No. 04-360-JJF**

**REDACTED VERSION**

**STATEMENT OF DISPUTED FACTS OF PLAINTIFF AFFINION NET PATENTS, INC. IN RESPONSE TO MARITZ'S MOTION FOR PARTIAL SUMMARY JUDGMENT OF INVALIDITY OF THE '412 PATENT UNDER 35 U.S.C. §§ 102(e) AND (g)**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Plaintiff*
*Affinion Loyalty Group, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202)783-6040

Original Filed: June 23, 2006
Public Version Filed: July 5, 2006

## I. INTRODUCTION

1. Pursuant to this Court's Memorandum Order on Summary Judgment Procedure and D.I. 163, Plaintiff Affinion Net Patents, Inc. ("Affinion") submits this counterstatement of disputed facts in opposition to Maritz's Motion for Partial Summary Judgment of Invalidity of the '412 Patent Under 35 U.S.C. §§ 102(e) and (g), D.I. 158.

2. Maritz's motion for partial summary judgment of invalidity relates only to three independent claims (Claims 10, 27 and 36) of the '412 patent. Maritz's motion is based on the assertion that Claims 10, 27 and 36 are anticipated by either (1) U.S. Patent No. 5,710, 887 (the '887 patent), Exh. A, or (2) a prior invention by former employees of Broadvision, Inc. ("Broadvision") (the assignee of the '887 patent).

3. Maritz has not moved for summary judgment of invalidity with respect to the other 14 asserted claims. Maritz does not assert that those other asserted claims are anticipated by the disclosure of the '887 patent or by any other prior art. See Exh. B at 12-23 (basing invalidity arguments for dependent claims on obviousness).

4. In seeking to invalidate claims of a patent, Maritz bears the burden of establishing the invalidity of those claims by clear and convincing evidence. See Avia Group Int'l, Inc. v. L.A. Gear Cal., Inc., 853 F.2d 1557, 1562 (Fed. Cir. 1988) ("a challenger must establish facts, by clear and convincing evidence, which persuasively lead to the conclusion of invalidity").

5. Disputed issues of fact exist with respect to three aspects of Maritz's motion for partial summary judgment. First, there are disputed issues of fact with respect to whether the '887 patent, the alleged anticipating reference, qualifies as prior art pursuant to 35 U.S.C. § 102(e). See Section II, below. Second, there are at least three disputed issues of fact with respect to what the '887 patent would have disclosed to the person of ordinary skill in the

art and whether such a disclosure anticipates the elements of Claims 10, 27 and 36—any one of which is sufficient to require denial of Maritz's motion. See Section III, below. Third, there are disputed issues of fact with respect to whether there was any prior invention by former Broadvision employees that would qualify as anticipating prior art pursuant to 35 U.S.C. § 102(g)(2), as well as issues of fact as to whether any such Broadvision invention met each element of claims 10, 27 and 36. See Section IV, below.

## II. DISPUTED ISSUES OF FACT EXIST REGARDING WHETHER THE '887 PATENT QUALIFIES AS PRIOR ART PURSUANT TO 35 U.S.C. § 102(e)

1. Section 102(e) provides: "A person shall be entitled to a patent unless... (e) the invention was described in... (2) a patent granted on an application for patent by another filed in the United States before the invention by the applicant for a patent...." (emphasis added).

2. The '887 patent, the reference that forms the basis for Maritz's motion for summary judgment, was granted on an application filed on August 29, 1995. See Exh. A. Therefore, the '887 patent is not prior art pursuant to § 102(e) if the applicant for the '412 patent conceived his invention prior to August 29, 1995 and exercised reasonable diligence in reducing it to practice. See, e.g., Austin Powder Co. v. Atlas Powder Co., 568 F. Supp. 1294, 1306 (D. Del. 1983).

3. Although the patent holder has the burden of producing evidence of a date of invention prior to the filing date of the patent application, the ultimate burden of proof remains on Maritz as the party seeking to invalidate the patent. See Marhurkar v. C.R. Bard, Inc., 79 F.3d 1572, 1576 (Fed. Cir. 1996).

4. Mr. Thomas Storey, the inventor of the '412 patent, conceived of his invention in June 1995, well before the August 29, 1995, filing date of the application that led to the issuance of the '887 patent. See Exh. C at 224-25; Exh. D at 195.

5. Mr. Storey diligently reduced his invention to practice during the summer and fall of 1995. Detailed flowcharts concerning the invention were prepared in September 1995, see Exh. E, and the patent application was filed on December 14, 1995. See Exh. A. The question of reasonable diligence is one of fact. See Brown v. Barbacid, 436 F.3d 1376, 1379 (Fed. Cir. 2006).

6. Because there is a genuine dispute of fact as to whether the '887 patent is prior art under 35 U.S.C. § 102(e), summary judgment should not be granted based on the '887 patent.

## III. AT LEAST THREE DISPUTED ISSUES OF FACT EXIST REGARDING THE DISCLOSURE OF THE '887 PATENT

1. Even if there were no disputed issues of fact with respect to the status of the '887 patent as a § 102(e) prior art reference, there are multiple disputed issues of fact with respect to the disclosure of the '887 patent. (Indeed, the weakness in the disclosure of the '887 patent is evidenced by Maritz's argument that the Court should look to Broadvision's prior invention under § 102(g)(2) to fill in the gaps in the disclosure of the '887 patent.)

2. The '887 patent does not claim any invention relating to the use of points-based frequent buyer programs. The full extent of the disclosure in the '887 patent relating to any points-based incentive program is the following passage:

> i. In-store Frequent Buyer Points
>
> Another type of in-store incentive is a frequent buyer points program. Here, the in-store incentive takes the form of points issued to a customer's frequent buyer account rather than an instantaneous price discount. The customer may redeem points at various levels to obtain actual price discounts.

See Ex. A at col. 27, lines 60-66.[1]

[1] Maritz misquotes this language in its Statement of Undisputed Facts at ¶ 25.

3. Whether a claim is anticipated by a particular prior art reference is a question of fact. Diversitech Corp. v. Century Steps, Inc., 850 F.2d 675, 677 (Fed. Cir. 1988). What a prior art reference discloses or teaches is also a question of fact. Novo Nordisk Pharm., Inc. v. Bio-Tech. Gen. Corp., 424 F.3d 1347, 1355 (Fed. Cir. 2005). Maritz, as the party challenging the validity of the patent, bears the burden of proving anticipation by clear and convincing evidence. See Avia, 853 F.2d at 1562.

4. Claim 10 of the '412 patent provides:

> A method for redeeming incentive awards in an on-line incentive program, said method comprising the steps of:
>
> implementing an on-line incentive program that issues award points to users, wherein said award points are redeemable by said user for an award;
>
> implementing an Internet webpage accessible, via a computer system, to at least one user of said on-line incentive program for on-line interactive communications between said user and said Internet webpage;
>
> offering on said Internet webpage, at least one redeemable award available to said user for exchange of said award points; and
>
> permitting said user to initiate a process to receive said at least one redeemable award for exchange of said award points issued to said user through said on-line incentive program.

See Exh. J.

5. First, the person of ordinary skill in the art would not understand the '887 patent to disclose the redemption of points for a "redeemable award" as is required by all of the asserted claims of the '412 patent, including Claims 10, 27 and 36. The parties did not dispute during the Markman briefing process that a redeemable award was properly defined as "a product or service that can be obtained as a prize or award in exchange for award points." See D.I. 151 at Exh. 15.

6. The '887 patent discloses only that the points may be redeemed "at various levels to obtain actual price discounts." See Exh. A at col. 27, lines 65-67; col. 28, lines 9-10 (emphasis added). There is no reference in the '887 patent to the ability to redeem points to obtain a product or service as a prize or award with points.

7. Randy Petersen, Affinion's expert witness in the field of loyalty and frequency programs, testified in both his expert report and in his deposition that the person of ordinary skill would not have considered the disclosure of a program providing such "discounts" to be disclosure of an incentive award offering "redeemable awards." See Exh. F at 7, 23-24; Exh. G at 211-215. Mr. Petersen testified that as a person of ordinary skill in the art there is "an extreme difference" between discount programs such as that disclosed in the '887 patent and incentive programs offering tangible awards in exchange for the redemption of points. Exh. G at 211; see also Exh. H at 106-09 (testifying that '887 patent does not disclose a redeemable award).

8. Because of the substantial evidence of record that a person of ordinary skill in the art would not understand the disclosure of the '887 patent to disclose or teach the redemption of points for a redeemable award, summary judgment of anticipation is not appropriate. Indeed, Maritz cites no evidence as to how the person of ordinary skill would understand the disclosure of the '887 patent with respect to this element of the claims. See D.I. 158 at 9-10 (asserting that the language of the '887 patent discloses offering a redeemable award without citation to any testimony relating thereto). In the absence of any evidentiary support for Maritz's assertion as to how the person of ordinary skill in the art would have understood the disclosure of the '887 patent, Maritz has not come close to establishing by clear and convincing evidence that this element is anticipated, much less demonstrating that it is entitled to summary judgment on the question.

9. Second, the person of ordinary skill in the art also would not understand the '887 patent to disclose the implementation of an "on-line incentive program."

10. The claim term "on-line incentive program" is the subject of dispute between the parties, as was reflected in the briefing relating to claim construction. Affinion's proposed construction defines an "on-line incentive program" as "a program that uses the award of points that are redeemable for awards to incentivize certain behaviors and which operates a program webpage which permits users to interact with the incentive program on-line." See D.I. 139 at 15.

11. As explained in the reports of Affinion's experts, the '887 patent discloses only the use of webpages in general, but does not disclose a program homepage for the operation of an incentive program. See Exh. I at 11 ('887 patent does not teach or suggest an incentive program homepage to implement the system); Exh. F at 15, 23 (explaining that '887 patent does not disclose program homepage); Exh. H at 103, 141 ('887 patent does not disclose on-line incentive program because it does not describe incentive program webpage). There is no reference in the '887 patent to an incentive program homepage or to any webpage dedicated to use in the operation of an incentive program. See Exh. A.

12. The "program homepage" required in the asserted claims is distinct from the use of a "product homepage" (offering products for sale) or an "award homepage" (offering available awards for redemption of points). See Exh. F at 15; Exh. J at Figs. 1-4.

13. Maritz does not cite any evidence suggesting that the '887 patent discloses a "program homepage." The citations to the general discussion of webpage use in the '887 patent are not tied to the incentives aspect of the feature at all, much less to the operation of a points-based incentive program through a program webpage. See D.I. 158 at 8-9.[2] Moreover, Maritz

---

2 This language is misquoted somewhat in Maritz's Statement of Undisputed Facts at ¶ 26.

provides no evidence to explain the relationship between the frequent buyer program described in column 27 of the '887 patent and the various subsystems described in column 12.[3] Maritz does not cite any evidence that a person of ordinary skill in the art would have understood the '887 patent to be disclosing a "program homepage." D.I. 158 at 8-9.

14. Because, as explained by Affinion's experts, there is substantial evidence that a person of ordinary skill in the art would not understand the '887 patent to disclose an "on-line incentive program," summary judgment of anticipation would not be appropriate.

15. Third, the '887 patent also does not describe or disclose a mechanism by which the user of an incentive program is permitted to initiate the process of redeeming award points, as Maritz asserts. Maritz concedes that the '887 patent does not actually disclose or teach this element, but rather relies on an inherency argument. See D.I. 158 at 10 (asserting, without citation to evidence, that "[i]nherent in any system that allows customers to redeem points is a process for allowing the user to initiate such a redemption").

16. In order to establish that a disclosure is inherent in a prior art reference, Maritz would have to prove, by clear and convincing evidence, that the missing characteristic "is necessarily present" in the single anticipating reference. See Schering Corp. v. Geneva Pharms., Inc., 339 F. 3d 1373, 1377 (Fed. Cir. 2003).

17. Maritz has not pointed to any evidence, much less clear and convincing evidence, that the user's initiation of the redemption of points is "inherent" in the operation of an incentive program. In fact, Maritz cites no evidence to support its assertion that the step of "permitting said user to initiate a process to receive said at least one redeemable award for exchange of said

---

3 Maritz's quotation of column 12 of the '887 patent omits some of the text and, more importantly, suggests that the disclosure contains more explicit descriptions than it does.

award points issued to said user through said on-line incentive program" is inherent in "any system that allows customers to redeem points." D.I. 158 at 10.

18. Affinion's expert opines in his expert report (and will testify at trial) that the sketchy disclosure of the '887 patent "does not teach or suggest permitting users to initiate a process to receive such awards." See Exh. I at 26.

19. In the absence of any evidence upon which the Court could conclude that this element is inherent in the disclosure of the '887 patent, and in the face of evidence provided by Affinion's experts that it is not inherent, summary judgment of inherent anticipation is not warranted.

20. Because there are at least three disputed issues of fact with respect to the disclosure of the '887 patent as to at least these three elements of asserted Claims 10, 27 and 36, Maritz's motion for partial summary judgment of invalidity should not be granted.

## IV. DISPUTED ISSUES OF FACT EXIST RELATING TO BROADVISION'S ALLEGED PRIOR INVENTION UNDER 35 U.S.C. § 102(g)(2)

1. A patent is invalid under 35 U.S.C. § 102(g)(2) only if "before [the applicant's] invention thereof the invention was made in this country by another inventor who had not abandoned, suppressed, or concealed it." See Dow Chem. Co. v. Astro-Valcour, Inc., 267 F.3d 1334, 1339 (Fed. Cir. 2001).

2. Prior invention by another invalidates a claimed invention only if the prior inventor either reduced the invention to practice first, or conceived of the invention first and subsequently diligently reduced the invention to practice. Id. The challenger "must establish prior invention by clear and convincing evidence." Id.

3. There is no evidence that the Broadvision invention as described by Maritz was ever reduced to practice, much less evidence that could establish a diligent reduction to practice.

Reduction to practice requires (1) construction of an embodiment or performance of a process that met all the limitations of the claim, (2) determination that the invention would work for its intended purpose, and (3) evidence of sufficient evidence to corroborate inventor testimony regarding these events. Medichem, S.A. v. Rolabo, S.L., 437 F.3d 1157, 1169 (Fed. Cir. 2006); see also Cooper v. Goldfarb, 154 F.3d 1321, 1327 (Fed. Cir. 1998).

4. Maritz deposed two witnesses who were formerly employed by Broadvision, Inc.: Chien Hsu and Darlene Mann. As discussed below, that testimony demonstrates that there was no evidence of actual reduction to practice of any points-based incentive system, much less a system that met all the elements of the asserted claims.

**REDACTED**

**REDACTED**

9. In an effort to bolster its weak evidence, Maritz cites to several pieces of evidence improperly. Maritz cites to a June 1995 letter and states that Broadvision disclosed "its system" therein. **REDACTED**

10. Maritz also purports to describe the "Broadvision system" in its brief but relies, without specifics, on a set of 13 exhibits in a "See, e.g.," cite to support broad assertions as to what the Broadvision inventors had conceived. See D.I. 158 at 3. Moreover, as Ms. Mann testified, **REDACTED**

11. There is no evidence that the step of "offering on said internet webpage at least one redeemable award available to said user for exchange of said award points" was ever reduced to practice. Maritz points to no evidence supporting a conclusion that this step was ever reduced to practice by Broadvision. See D.I. 158.

**REDACTED**

13. In an effort to circumvent the requirements of § 102(g)(2), Maritz attempts to use the filing of the '887 patent as a constructive reduction to practice for the alleged prior invention. The Federal Circuit has rejected such efforts to use a combination of §102(e) and §102(g) to expand the scope or move back the effective date for a § 102(e) reference. "When patents are not in interference, the effective date of a reference United States patent as prior art is its filing date in the United States, as stated in § 102(e), not the date of conception or actual reduction to practice of the invention claimed or the subject matter disclosed in the reference patent." Sun Studs, Inc. v. ATA Equipment Leasing, Inc., 872 F. 2d 978, 983 (Fed. Cir. 1989) (rejecting efforts to claim an earlier invention date for the invention constructively reduced to practice in a

---

4 The affirmative decision by Broadvision not to include the alleged prior invention in its commercialized systems and its failure to include those limitations in its patent application raise the issue of abandonment, suppression or concealment of the alleged prior invention. See Dow Chem., 267 F.3d at 1338 (if the challenger establishes prior invention by clear and convincing evidence, then the burden shifts to the patentee to produce evidence of whether the prior inventor abandoned, suppressed, or concealed the invention. The challenger must then rebut that evidence with clear and convincing evidence to the contrary). Maritz has not undertaken to show that Broadvision did not abandon, suppress, or conceal the alleged prior invention.

patent application based on earlier conception date). Indeed, Maritz does not provide any legal support for its apparent position that the '887 patent can be treated as a constructive reduction to practice for aspects of a prior invention that were not disclosed in the '887 patent. In essence, Maritz is asking the Court to fill in the gaps of the '887 patent reference by including everything that the inventors may have been thinking prior to the filing of that application, whether or not it was disclosed in the patent application. Maritz cites to no case (and Affinion is aware of no case) in which the Federal Circuit has permitted such an effort to broaden the scope of a §102(e) reference.

14. Because Maritz has failed to establish the existence of a prior invention under the standards of § 102(g)(2) that could serve as the basis for anticipation, the motion for summary judgment should be denied. Moreover, Maritz has not even addressed the issue of diligence in reduction to practice by Broadvision, which it bears the burden of establishing by clear and convincing evidence. See Monsanto Co. v. Mycogen Plant Science, Inc., 261 F.3d 1356, (Fed. Cir. 2001).

15. In any event, even if there was a prior invention by Broadvision, Maritz has fallen far short of establishing that it is entitled to summary judgment on the issue of whether that invention met each and every element of Claims 10, 27 and 36.

16. Once again, Maritz cites no evidence suggesting that Broadvision's alleged prior invention contained an "online incentive program" as properly construed to require the use of a program homepage. Indeed, Maritz does not discuss the program homepage element at all. See D.I. 158 at 12-15. In the absence of any such evidence, Maritz has not come close to establishing that there is no disputed issue of fact on this issue.

17. Likewise, Maritz cites no evidence suggesting that the descriptions of the Broadvision system disclose permitting the user to initiate the process for redemption. See D.I. 158 at 16-17. **REDACTED** Because Maritz has not established that there is no issue of genuine fact concerning whether the alleged prior invention discloses this element, summary judgment is not appropriate.

18. Finally, Maritz has failed to demonstrate that it entitled to summary judgment of anticipation based on the alleged disclosure in the Broadvision invention of the use of points for a "redeemable award." **REDACTED**

Nowhere in the Broadvision documents or testimony is there sufficient evidence to establish by clear and convincing evidence without a genuine issue of fact that the Broadvision invention ever included the redemption of points for a "redeemable award" as required by Claims 10, 27 and 36.

## V. CONCLUSION

Because there are numerous disputed issues of fact relating to the validity of claims 10, 27 and 36 of the '412 patent, including disputed issues as to whether the allegedly anticipating references qualify as prior art under § 102, Maritz's motion for summary judgment should be denied without further briefing.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika ((#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Plaintiff*
*Affinion Loyalty Group, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

June 23, 2006
526257

**CERTIFICATE OF SERVICE**

I, Maryellen Noreika, hereby certify that on July 5, 2006, I electronically filed the redacted version of Statement of Disputed Facts of Plaintiff Affinion Net Patents, Inc. in Response to Maritz's Motion for Partial Summary Judgment of Invalidity of the '412 Patent Under 35 U.S.C. §§ 102(e) and (g) with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on July 5, 2006 upon the following in the manner indicated:

**BY HAND**

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)
mnoreika@mnat.com