
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 04-360-JJF |
|  | ) | |
| MARITZ INC., | ) | **REDACTED PUBLIC VERSION** |
|  | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF MARITZ'S MOTION FOR PARTIAL SUMMARY
JUDGMENT LIMITING CLAIMS FOR LOST PROFITS DAMAGES**

 

CONNOLLY, BOVE, LODGE
   & HUTZ LLP
Patricia Smink Rogowski
1220 Market Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Date: July 24, 2006                    Attorneys for Maritz Inc.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

INTRODUCTION ................................................................................................................. 1

ARGUMENT......................................................................................................................... 2
    A.   Affinion Has Not Shown A Genuine Issue For Trial. ........................................... 2
    B.   Affinion's Cases Are Inapposite. ........................................................................ 4

CONCLUSION...................................................................................................................... 6

# TABLE OF AUTHORITIES

**CASES**

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). .................................................................. 2

*Fisher-Price, Inc. v. Safety 1st, Inc.*, 109 Fed. Appx., 387
  (Fed. Cir. 2004) (unpublished decision) ................................................................ 4, 5, 6

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).......................... 2

*Poly-America, L.P. v. GSE Lining Technology, Inc.*, 383 F.3d 1303 (Fed. Cir. 2004) ...... 5

*SEB, S.A. v. Montgomery Ward & Co., Inc.*, 412 F. Supp. 2d 336 (S.D. N.Y. 2006) .... 4, 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARITZ INC., )<br>)<br>Defendant. ) | Civil Action No. 04-360-JJF<br><br>**FILED UNDER SEAL** |

**REPLY IN SUPPORT OF MARITZ'S MOTION FOR PARTIAL SUMMARY
JUDGMENT LIMITING CLAIMS FOR LOST PROFITS DAMAGES**

**INTRODUCTION**

Maritz's partial summary judgment motion seeks to limit Affinion's claim for lost profits damages to the period from January 29, 2004 through October 16, 2005.[1] The reason for barring lost profits claims prior to January 29, 2004 is that Affinion's assignor, Trilegiant Corporation, which owned the patent-in-suit prior to January 29, 2004, did not sell the patented product or a product competitive with the alleged infringing product. Thus, it could not (and did not) have lost sales as a result of the alleged infringement.

In opposition, Affinion does not (i) dispute any fact Maritz has offered in support of its motion; or (ii) offer any fact(s) that show that its predecessor-in-title, Trilegiant Corporation, incurred any lost profits damages. Instead of coming forward with specific

---

[1] Affinion concedes that it will not seek lost profits damages for the period October 17, 2005 and after. *See* Opposition of Affinion Net Patents, Inc., pg. 1, D.I. 184, ("Affinion's claims for damages from October 17, 2005 to present will be based on the reasonable royalty calculation not lost profits damages".)

1

facts, Affinion argues, abstractly, that it should be entitled to produce evidence *at trial* of Trilegiant Corporation's lost profits. *See* Opposition (D.I. 184), p. 2.

## ARGUMENT

### A. Affinion Has Not Shown A Genuine Issue For Trial.

Maritz's Opening Brief demonstrates that Trilegiant Corporation did not lose sales (or profits) as a result of the alleged infringement. Maritz's Opening Brief (D.I. 154), pp. 3-4, 6. Once Maritz has demonstrated the absence of material facts, then in order to survive summary judgment, Affinion, the non-moving party, "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Affinion has not come forward in its Opposition with *any* evidence that its predecessor-in-title lost sales as a result of the alleged infringement. The closest it can come is the bare assertion that it should be entitled to produce such evidence *at trial*, "[b]ecause of the relationship between ALG's lost sales and profits lost by Trilegiant [Corporation] . . . ." Opposition (D.I. 184), p. 2. To survive summary judgment, though, a party must present more than just "bare assertions, conclusory allegations and suspicions" to show the existence of a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

Affinion has not come forward with "specific facts," because Trilegiant Corporation had no lost sales as a result of the alleged infringement. This undisputed fact is established by the testimony of Marti Beller, President of Affinion, cited in Maritz's opening brief (D.I. 154) at p. 3. It is corroborated by the testimony of Scott Lazear,

Affinion's Senior Vice President,

**REDACTED**

Affinion includes in its opposition the report of its damages expert, Marion Stewart.

**REDACTED**

# REDACTED

Stewart's silence on the subject of Trilegiant Corporation's supposed lost sales is telling. If Affinion had such evidence, surely it would have disclosed the evidence to its expert so the damage amount could be quantified. And, moreover, it would have come forward with the evidence in opposition to this motion.

In sum, Affinion has not met its burden of showing a triable issue about whether Trilegiant Corporation, its assignor, incurred lost profits damages as a result of the alleged infringement.

### B.    Affinion's Cases Are Inapposite.

Affinion cites *SEB, S.A. v. Montgomery Ward & Co., Inc.*, 412 F. Supp. 2d 336 (S.D. N.Y. 2006) and *Fisher-Price, Inc. v. Safety 1st, Inc.*, 109 Fed. Appx. 387 (Fed. Cir. 2004) (unpublished decision) as authority for the proposition that it is entitled to "produce evidence *at trial* to establish what damages Trilegiant sustained . . . . " Opposition (D.I. 184), p. 2 (emphasis added). Affinion's proposition and its "supporting" cases evidence a profound misunderstanding of the *Celotex*-type summary judgment motion now before the court. Maritz's motion shifts the burden to Affinion of coming forward *now* with evidence of the lost profits damages of its predecessor-in-title. Failure to muster specific facts *now* that show a genuine issue for the jury should result in a grant of summary judgment.

The *SEB* case, a decision from a New York district court, involved whether the patent owner, a holding company, could recover damages (not necessarily lost profits damages) for patent infringement. Denying defendant's summary judgment motion, the

district court said it would permit the patent owner and sole plaintiff to present evidence of *its* damages (as opposed to lost profits damages suffered by T-Fal Corporation, its operating subsidiary, which was not a party to the suit). 412 F. Supp. 2d at 345, 348. The court noted, "While 'adequate damages *can* include lost profits,' (citations omitted)...such damages do not need [sic] include lost profits." *Id.* at 346. Importantly, the district court held that SEB would have to show more than that it was T-Fal's parent company in order establish its damages.

> To ultimately prevail, however, SEB must show more than the fact that it is T-Fal's parent company. The Federal Circuit has held that the existence of a relationship between two companies is not enough to establish damages because separate corporate entities must endure both the benefits and burdens of their chosen corporation form. *See Poly-America, L.P. v. GSE Lining Technology, Inc.*, 383 F.3d 1303, 1311 (Fed. Cir. 2004).
> ***
> Thus, at trial, SEB must show what damages it sustained from Defendants' actions.

*Id.* at 347-48.

In *SEB*, the plaintiff had evidence of damages, but not necessarily lost profits damages. By contrast, Affinion has no evidence of lost profits damages suffered by Trilegiant Corporation during its ownership of the patent-in-suit. *SEB* is, thus, inapposite.

*Fisher-Price, Inc.* is a non-precendential, unpublished Federal Circuit decision.[2] On appeal, the relevant issue was whether the district court erred by denying Safety 1st's JMOL motion regarding the lost profits damage period. Since the jury found for Fisher-Price, the reviewing court was required to consider the record in the light most favorable

---

[2] This case will remain non-precedential even after Fed. Cir. Rule 47.6 is amended by proposed Fed. Cir. Rule 32.1. The proposed amendment would apply only to opinions issued after January 1, 2007. *See* <www.fedcir.gov/rulechange[1].pdf>

to the non-movant. Safety 1st contended that it did not compete with the parent corporation of Fisher-Price, Mattel, which had assigned the patent and its causes of action to Fisher-Price shortly before suit was filed. Absent competition between itself and Mattel, Safety 1st contended, Fisher-Price could not recover for Mattel's lost profits damages. 109 Fed. Appx. at 397. The Federal Circuit found evidence in the record that supported the jury's determination of Mattel's lost profits damages. On this basis, it affirmed the ruling below. *Id.*

In *Fisher-Price*, plaintiff produced evidence that established the lost profits damages of its predecessor-in-title. By contrast, Affinion has no evidence of any lost profits damages of Trilegiant Corporation, its predecessor-in-title. *Fisher-Price* is, thus, inapposite.

## CONCLUSION

Affinion has had ample opportunity to develop and present evidence of profits lost by its parent, Trilegiant Corporation. When challenged with a *Celotex*-type summary judgment motion on this issue, Affinion has presented no specific facts that would warrant a jury trial on the issue. Therefore, the court should grant Maritz's motion for partial summary judgment limiting Affinion's claim for lost profits damages to the period January 29, 2004 through October 16, 2005, during which it both owned the patent-in-suit and sold a product that competed with the alleged infringing product.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ

By: *Patricia S Rogowski*
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Maritz Inc.

7

## CERTIFICATE OF SERVICE

I, hereby certify that on **July 14, 2006**, I electronically filed **REPLY BRIEF IN SUPPORT OF MARITZ'S MOTION FOR PARTIAL SUMMARY JUDGMENT LIMITING CLAIMS FOR LOST PROFITS DAMAGES** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on July 14, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

**Redacted Version
Filed 7/25/06**

*/s/ Patricia S. Rogowski*
Patricia Smink Rogowski (#2632)