

2005 WL 2603755                                                          Page 1

2005 WL 2603755 (D.Del.)

For opinion see 2006 WL 47066, 2006 WL 38918, 405 F.Supp.2d 479, 2005 WL 3465555

**Motions, Pleadings and Filings**

United States District Court, D. Delaware.
IMX, INC., Plaintiff,
v.
LENDINGTREE, INC., Defendant.
No. 03-1067-SLR.
September 6, 2005.

Imx, Inc.'s Response to Lendingtree Llc'S Citation of Subsequent Authority

Of Counsel, John Allcock, M. Elizabeth Day, William G. Goldman, Christine K. Corbett, Dla Piper Rudnick Gray Cary Us LLP, 2000 University Avenue, East Palo Alto, CA 94303-2248, Tel: (650) 833-2000, Richard L. Horwitz (#2246), David E. Moore (#3983), Potter Anderson & Corroon Llp, Hercules Plaza, 6th Floor, 1313 N. Market Street, P.O. Box 951, Wilmington, DE 19899-0951, Tel: (302) 984-6000, rhorwitz@potteranderson.com, dmoore @potteranderson.com, Attorneys for Plaintiff IMX, Inc.

I. INTRODUCTION

Contrary to LendingTree, LLC's ("LendingTree") representations, Soverain Software LLC v. Amazon, Inc., 2005 WL 2008504 (E.D. Tex. August 8, 2005) (Exhibit A to LendingTree's Motion), a non-binding case from the Eastern District of Texas, is not on all fours with the present action. Indeed, Soverain is distinguishable from the present action on at least two grounds. First, unlike the plaintiff in Soverain, IMX, Inc.'s ("IMX") patented invention is not its website and, therefore, IMX had no duty to mark its website with the '947 patent. [FN1] Second, assuming, arguendo, that IMX had a duty to mark its website, unlike the plaintiff's licensees in Soverain, IMX did mark its website with multiple references to the '947 patent. Therefore, to the extent applicable, the court's reasoning in Soverain creates several factual issues that require this Court to deny LendingTree's motion for partial summary judgment and allow the trier of fact to determine the sufficiency of IMX's marking.

   FN1. United States Patent No. 5,995,947.

II. ARGUMENT

A. IMX's Website Does Not Practice the Patented Invention and, Therefore, IMX Has No Duty To Mark.

LendingTree continues to characterize IMX's "patented product" as software.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 2603755                                                                              Page 2

2005 WL 2603755 (D.Del.)

However, unlike the software at issue in Soverain, the "IMX Exchange" is a distributed database system that allows remote client devices, through communication with a transaction server, to post loan profiles to the database, search those loan profiles, submit bids on those loan profiles and accept or reject those bids. IMX's website is merely the way in which parties to a loan transaction obtain a service which IMX provides through the use of its patented method and apparatus. In other words, IMX's website does not represent a patented article made, offered for sale or sold by IMX.

In contrast, each of the three patents-in-suit in Soverain required the use of a webpage. See e.g., Claim 1 of United States Patent No. 5,708,780 which requires the use of a "hypertext transfer protocol; Claim 32 of United States Patent No. 5,715,314 which requires a "uniform resource locator," and Claim 10 of United States Patent No. 5,909,492 which requires a "hypertext link." As briefly described in the Soverain opinion, the '780 patent relates to methods for controlling and monitoring access to network servers through the use of a session identifier which allows web servers to recognize and service multiple requests without repeated authentication. The specification of the '780 patent states that "the present invention is applicable to processing requests in an HTTP (Hypertext Transfer Protocol) environment such as the World Wide Web (Web)." See Exhibit A hereto, '780 patent, col. 3, lines 9-11. The '492 (Exhibit B hereto) and the '314 (Exhibit C hereto) patents describe a network based sales system that includes a buyer computer, a merchant computer, a payment computer and a virtual shopping cart application These patents allow for item advertisement, selection and payment to be processed over the Internet through the use of a universal resource locator or URL and hypertext transfer protocol-specific messages. See Exhibits A-C.

As these descriptions confirm, the inventions claimed in the Soverain patents exist by virtue of a web site implementation of the claimed features (i.e., "uniform resource locator," "hypertext link," "hypertext transfer protocol," "hypertext pages," and "public packet switched computer network.") IMX's claimed invention, on the other hand, can be implemented outside of a web page/Internet context. Indeed, as explained in its opposition brief, IMX's claimed apparatus is a database of pending loan applications, a transaction server and the communications necessary to allow a party to search and/or modify the claimed database of pending loan applications. Given that IMX has never made, offered for sale or sold the claimed apparatus, IMX has no duty to mark.

B. IMX Marked Its Website.

Assuming, arguendo, that IMX had a duty to mark its website, IMX has complied with the marking statute. In Sovemin, the court granted, in part, the defendant's motion for partial summary judgment based on the fact that the plaintiff failed to come forward with evidence that its licensees marked their websites. Id at *4. Here, IMX has marked its website.

Indeed, since 2000, any visitor to IMX's website has the option to click on the "About Us" section from the splash page as illustrated below (Declaration of Ranjit Mavinkurve In Supp. of IMX's Response to LendingTree's Citation of Subsequent Authority ("Mavinkurve Decl."), ¶¶ 2-4.):

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 2603755                                                                 Page 3

2005 WL 2603755 (D.Del.)

TABULAR OR GRAPHIC MATERIAL SET FORTH AT THIS POINT IS NOT DISPLAYABLE
Once a visitor clicks on the "About Us" link, on the left hand side of the "About Us" page is a link to "Patent," which is illustrated below:

TABULAR OR GRAPHIC MATERIAL SET FORTH AT THIS POINT IS NOT DISPLAYABLE
Once a visitor clicks on the "Patent" link, the visitor is presented with a discussion of the '947 patent, as well as link to the press release regarding the '947 patent and a PDF copy of the actual text of the '947 patent. (Mavinkurve Decl., ¶¶ 2-4.) A screen shot of the "Patents" webpage on IMX's website is illustrated below:

TABULAR OR GRAPHIC MATERIAL SET FORTH AT THIS POINT IS NOT DISPLAYABLE
Additionally, throughout the IMX website, IMX makes several references to "TMX'spatented pricing technology." (emphasis added).

IMX submits that a press release relating to the '947 patent and a link to the actual text of the '947 patent in the "About Us" section of its website is sufficient to comply with the marking statute. Indeed, in reaching its decision that a webpage could be marked, the court in Soverain relied on the fact that the original owner of the patents- in-suit required one of its licensees to include a patent mark identifying the patent in its website's legal notices section. Id. at *3. Here, IMX has done more than just identify the patent. IMX has included a link to the actual text of the '947 patent and to the press release announcing the issuance of the '947 patent.

LendingTree does not - because it cannot - cite any case law that discusses whether marking an Internet website with a discussion of the patent and a link to a PDF copy of the patent is sufficient under the marking statute. To that end, whether or not such marking is sufficient pursuant to 35 U.S.C. § 287(a) is a question that should be presented to the jury.

IV. CONCLUSION

As IMX has put forth evidence that it had no duty to mark, partial summary judgment limiting damages should be denied. However, if this Court finds that IMX did have a duty to mark, IMX has put forth sufficient evidence that it satisfied the marking requirement of Section § 287(a). Under either scenario, LendingTree's motion for partial summary judgment on damages should be denied.

**Motions, Pleadings and Filings (Back to top)**

• 2006 WL 1182408    (Trial Motion, Memorandum and Affidavit) Lendingtree's Reply Brief in Support of its Inequitable Conduct Defense and Counterclaim (Mar. 20, 2006)Original Image of this Document (PDF)

• 2006 WL 1182409    (Trial Motion, Memorandum and Affidavit) Lendingtree, LLC's Reply Brief in Support of its Renewed Motion for Judgment as A Matter of Law Or, in the Alternative, for A New Trial (Mar. 20, 2006)Original Image of this Document (PDF)

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

2005 WL 2603755                                                          Page 4

2005 WL 2603755 (D.Del.)

- 2006 WL 1182406  (Trial Motion, Memorandum and Affidavit) IMX, Inc.'s Opposition to Lendingtree, LLC's Opening Brief in Support of Inequitable Conduct Defense and Counterclaim (Mar. 8, 2006)Original Image of this Document (PDF)

- 2006 WL 1182407  (Trial Motion, Memorandum and Affidavit) Imx, Inc.'s Opposition to Lendingtree's Motion for Judgment as A Matter of Law (Mar. 8, 2006)Original Image of this Document (PDF)

- 2006 WL 809086  (Trial Motion, Memorandum and Affidavit) Opening Brief in Support of Defendant Lendingtree, LLC's Inequitable Conduct Defense and Counterclaim (Feb. 15, 2006)Original Image of this Document (PDF)

- 2006 WL 819609  (Trial Motion, Memorandum and Affidavit) Lendingtree, LLC's Opening Brief in Support of its Renewed Motion for Judgment as A Matter of Law or, in the Alternative, for A New Trial (Feb. 15, 2006)Original Image of this Document (PDF)

- 2005 WL 2603754  (Trial Motion, Memorandum and Affidavit) Defendant Lendingtree, LLC'S Citation of Subsquent Authority Pursuant to L.R. 7.1.2(C) in Support of its Motion for Partial Summary Judgment Limiting Damages Pursuant to 35 U.S.C. § 287(a) (Aug. 30, 2005)Original Image of this Document with Appendix (PDF)

- 1:03cv01067 (Docket) (Nov. 24, 2003)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.