IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 04-360-JJF |
| | : | |
| MARITZ, INC., | : | |
| | : | |
| Defendant. | : | |

---

Steven Lieberman, Esquire, and Sharon L. Davis, Esquire, of
ROTHWELL, FIGG, ERNST, & MANBECK, P.C., Washington, D.C.
Maryellen Noreika, Esquire, of MORRIS NICHOLS ARSHT & TUNNELL
LLP, Wilmington Delaware.
Attorneys for Plaintiff.

J. Bennett Clark, Esquire, Jennifer E. Hoekel, Esquire, Marc W.
Vander Tuig, Esquire, and David J. Harlan, Esquire, of SENNIGER
POWERS, St. Louis, Missouri.
Patricia Smink Rogowski, Esquire, and Rudolf E. Hutz, Esquire, of
CONNOLLY BOVE LODGE & HUTZ LLP, Wilmington, Delaware.
Attorneys for Defendant.

---

**MEMORANDUM OPINION**

July 28 , 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Plaintiff's Motion To Compel Production Of Documents (D.I. 87).  For the reasons discussed, the Motion will be denied.

## I.   BACKGROUND

On June 8, 2004, Plaintiff[1] filed its Complaint, alleging that Defendant infringes United States Patent Nos. 5,774,870 ("the '870 patent"), 6,009,412 ("the '412 patent"), and 6,578,012 ("the '012 patent").  Plaintiff subsequently filed a motion to amend, eliminating all claims relating to the '012 and '870 patents.

On February 13, 2006, Plaintiff filed its Motion To Compel, contending that, because Maritz has asserted the advice-of-counsel defense to Plaintiff's claims of willful infringement, Maritz should be compelled to produce all opinions of counsel regarding the defense.  Plaintiff contends that such disclosure should extend to any opinions by any member of the Senniger Power firm, because Defendant has chosen to retain opinion and trial counsel, although different lawyers, from the same firm.

---

[1]After several changes in names and ownership, the patent-in-suit is now owned by Affinion Net Patents, Inc., which has been substituted as the Plaintiff in this action.  "Plaintiff" will be used generally to refer to whomever was acting as the plaintiff at the time an event took place.

1

## II.  DISCUSSION

When a party asserts the advice-of-counsel defense in response to a claim of willful infringement, the party waives the attorney-client privilege as to all "communications relating to the same subject matter."  In re Echostar Communs. Corp., 2006 U.S. App. LEXIS 11162, at *8 (Fed. Cir. May 1, 2006).[2]  Defendant has asserted advice of counsel as a defense to Plaintiff's claims of willful infringement, and therefore, Defendant has waived the attorney-client privilege as to all communications relating to non-infringement, invalidity, and unenforceability.

Defendant contends that, because it has retained different lawyers, although in the same firm, as opinion and litigation counsel, only communications with opinion counsel are waived.  This argument is not supported by the case law of the Federal Circuit.  When a defendant asserts the advice-of-counsel defense, the attorney-client privilege is waived as to communications with all counsel related to the same subject matter.  In re Echostar, 2006 U.S. App. LEXIS 11162, at *9.  Accordingly, Defendant has waived the attorney-client privilege as to communications with "litigation counsel," and any other counsel, to the extent the

_____

[2]The Court applies Federal Circuit law when determining "whether particular written or other materials are discoverable in a patent case, if those materials relate to an issue of substantive patent law."  Advanced Cardiovascular Sys. v. Medtronic, Inc., 265 F.3d 1294, 1307 (Fed. Cir. 2001).  The advice-of-counsel defense involves issues of substantive patent law.  In re Echostar, 2006 U.S. App. LEXIS 11162, at *6-7.

communications relate to non-infringement, invalidity, and any other defense to infringement.

Further, when considering issues regarding the advice-of-counsel defense, the related but separate work-product doctrine can also be implicated. The work-product privilege is waived only to the extent it is relevant to the alleged infringer's state of mind, i.e., whether counsel's opinion is "thorough enough, as combined with other factors, to instill a belief in the infringer that the court might reasonably hold the patent is invalid, not infringed, or unenforceable." Ortho Pharm. Corp. v. Smith, 959 F.2d 936, 944 (Fed. Cir. 1992). Accordingly, impressions and opinions of attorneys, which are not provided by the attorneys to the clients, are not discoverable because they would not have had an impact on the accused infringer's state of mind. In re Echostar, 2006 U.S. App. LEXIS 11162, at *23-24.

Additionally, documents discussing a communication between an attorney and a client may be discoverable to the extent the documents are helpful "in determining what communications were made to the client [and protecting] against intentional or unintentional withholding of attorney-client communications from the court." In re Echostar, 2006 U.S. App. LEXIS 11162, at *25.

The facts relevant to the instant motion are that at a December 2005 deposition, Counsel for Defendant inadvertently produced two claim charts comparing patent claims to a piece of

3

prior art.  The following day, Defendant's Counsel advised
Plaintiff's Counsel of the mistake and requested that the two
charts be returned.  Plaintiff contends that the charts must be
produced, because any privilege attaching to the charts has been
waived by Defendant's reliance on the advice-of-counsel defense.

The Court concludes that Defendant did not waive privilege
as to the inadvertently disclosed charts, and therefore,
Defendant is not required to produce the charts.  The Court does
not reach this conclusion because the charts were prepared by
counsel and are protected by the work-product privilege, as
Defendant argues, but because the charts were not disclosed or
provided to Defendant by counsel.  Further, the Court notes that
the charts do not discuss a communication between attorney and
client.  (D.I. 100 at 1, n.1).

The Plaintiff also contends that Defendant has failed to
produce other documents prepared after this litigation commenced,
which should be produced because of Defendant's reliance on the
advice-of-counsel defense.  As noted above, to the extent
Defendant relies upon an opinion of counsel as a defense to
willful infringement, information related to the opinion is
discoverable, despite being generated after the commencement of
litigation.  Likewise, if an opinion of counsel is prepared after
litigation begins, and is relevant to ongoing willful
infringement, it is also discoverable.  <u>In re Echostar</u>, 2006 U.S.

4

App. LEXIS 11162, at *20, n.4.

For the reasons discussed, Plaintiff's Motion To Compel Production Of Documents (D.I. 87) will be denied as to the two claim charts.

An appropriate Order will be entered.