IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC., ) ) Plaintiff, ) ) v. ) ) MARITZ, INC., ) ) Defendant. ) | C.A. No. 04-360-JF |

## OPPOSITION OF AFFINION NET PATENTS, INC. TO MARITZ'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF ON CLAIM CONSTRUCTION

Pursuant to the Court's Scheduling Order, the parties have engaged in extensive briefing concerning the proper construction of the disputed claim terms. The Court heard argument from the parties on that issue on June 7, 2006. After two rounds of briefing and more than a month after the claim construction hearing, Maritz now asks for leave to submit a supplemental brief on claim construction. Affinion opposes that motion because the supplemental briefing proffered by Maritz represents a major change to Maritz's proposed construction of the asserted claims and would require significant additional briefing to address.

As was reflected in the claim construction briefing, the meaning of the term "on-line incentive program" is the subject of major dispute between the parties. Maritz asked the Court to interpret the claim term "on-line incentive program" to mean "a frequency program that awards points to users for on-line product purchases." See D.I. 138 at ¶ 6, D.I. 151 at Exh. 15. Now that Affinion has shown in its statement of disputed facts in

response to Maritz's motion for partial summary judgment of non-infringement that Maritz's VAULT system awards points for on-line product purchases (see D.I. 183 at ¶¶ 4-7), Maritz seeks to rewrite its claim construction to add an <u>additional</u> limitation to that claim term. Maritz now asks that the Court interpret "on-line incentive program" to mean a "frequency program that awards points to users for on-line product purchases <u>made through the program's website</u>." See D.I. 197 at Exh. A (emphasis in original).

Maritz should not be permitted to submit a supplemental brief to rewrite its proposed claim construction at this late date. Contrary to Maritz's contention that it is merely providing "clarification," this change in Maritz's proposed construction indisputably adds a new limitation to the claim - - the requirement that the on-line purchases for which points are awarded be made through the same website as the incentive program. Responding to that proposed new limitation would require that Affinion fully brief the reasons why Maritz's new construction is not supported by the record, which it should not be forced to do after briefing and argument on claim construction has been completed. To reopen briefing on claim construction now would prejudice Affinion's trial preparation.

Maritz's assertion in its Response to Affinion's Counterstatement of Disputed Facts that Affinion somehow knew that Maritz intended its claim construction to contain that additional element is incorrect. In its briefing in response to Maritz's opening claim construction brief, Affinion did <u>not</u> address the issue of whether the on-line product purchase was required to be from the same website <u>because Maritz's interpretation did not include that limitation</u>. None of the examples cited by Maritz from Affinion's brief describe or address the limitation now proposed by Maritz. Indeed, if Affinion believed

2

that Maritz was proposing the additional limitation that on-line purchases for which points are awarded be purchases conducted through the program website -- a construction that strays even further from the claim language, specification and prosecution history than Maritz's original construction -- it would have been a major focus of Affinion's briefing. Thus, Affinion has had no fair opportunity to address why this additional limitation should not be read into the asserted claims and Maritz should not be permitted to reopen briefing on this issue now.

## CONCLUSION

For the foregoing reasons, Maritz's Motion for Leave to File Supplemental Brief on Claim Construction should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika (#3208)

---

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
*Attorneys for Plaintiff, Affinion Net Patents, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040

July 31, 2006

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on July 31, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on July 31, 2006 upon the following in the manner indicated:

### BY HAND

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

/s/ *Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com