**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MARITZ'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**

Rudolf E. Hutz
Patricia Smink Rogowski
CONNOLLY BOVE LODGE & HUTZ LLP
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141
*Attorneys for Plaintiff*

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400
*Attorneys for Defendant*

Dated: August 7, 2006

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MARITZ'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF**

Affinion has opposed Maritz's attempt to avoid the existence of ambiguities upon completion of the Court's claim construction task. It is apparent that Affinion wishes for ambiguities to remain if and when the Court adopts Maritz's proposed claim interpretations.

Affinion essentially argues that Maritz's clarification represents a substantive change in Maritz's position. D.I. 208 at page 1-2. This is not so. Maritz's clarification of its definition of "on-line incentive program" reads as follows: "a frequency program that awards points to users for on-line product purchases *made through the program's website*." The added words, shown in italics, do not alter the substance of Maritz's definition.

Maritz's original recitation of its claim construction position cannot include programs that award points for *any* on-line purchases, including on-line purchases made at non-program websites, as Affinion alleges. Such a program would not qualify as a

"frequency program" under Maritz's original definition.[1] The above-italicized language was obviously inherent in Maritz's original proposed definition. Maritz previously identified numerous examples from the *Markman* briefing that show that both parties understood this to be the case. *See* D.I. 194 at pages 9-12.

It is apparent that Affinion recognizes that Maritz's proposed claim construction is the only one supported by the intrinsic evidence. It, therefore, seeks to implement a fall-back strategy should the Court rule against it on this point. By allowing ambiguity to remain following the Court's Order, it will have something left to argue even after its claim construction position has been rejected. Upon recognizing Affinion's intent as reflected in Affinion's summary judgment briefing (which concluded only *after* the *Markman* hearing), Maritz filed the instant motion seeking to prevent future *Markman* disputes and close off Affinion's contrary tactic. By opposing Maritz's motion, Affinion plainly prefers for potential ambiguities to remain.

Affinion's *Markman* briefing, which was prepared before it fully realized the vulnerability of its position, is particularly telling. There, Affinion applied the ***identical*** definition to the one that Maritz seeks to submit for clarification now. D.I. 139 at page 18 ("If implementing an 'on-line incentive program' is construed to mean *a program that offers products for sale on a website and immediately awards points for those purchases*, then these additional steps in Claim 1 would be superfluous") (emphasis added). This

---

[1] Some context may be helpful. Affinion's strained reading of Maritz's definition is motivated by Maritz's credit card loyalty programs. In these programs, credit card holders earn points for using a particular credit card. How or where the card is being used is typically not important to credit card companies. Instead, what matters is that the cardholder uses the program company's card rather than a card issued by some other company. As such, these programs are not frequency programs that award points to incentivize on-line patronage. For instance, the identical on-line purchase made by the same person may or may not result in award points based solely on which credit card the person decides to use. Indeed, the cardholders are not incentivized to make *on-line* purchases at all; using the credit card at bricks-and-mortar locations also earns points.

shows that Affinion docs in fact bclicvc that Maritz's claim construction position—as originally set forth—requires that qualifying on-line purchases be "made through the program's website."

As such, Affinion's unsupported assertion that permitting clarification would require "significant additional briefing" is misleading. D.I. 208 at pages 1-2. Affinion has not identified, and cannot identify, any additional issues or evidence necessitated by Maritz's clarification that have not been previously addressed in Affinion's *Markman* briefing.

The interests of judicial economy will not be served by countenancing Affinion's calculated attempt to have ambiguity remain if and when the Court upholds Maritz's claim construction position. The requested clarification should be allowed.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: /s/ Patricia S. Rogowski

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
Michael J. Hartley
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

**CERTIFICATE OF SERVICE**

I, hereby certify that on August 7, 2006, I electronically filed **MARITZ'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SUPPLEMENTAL CLAIM CONSTRUCTION BRIEF** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on August 7, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

*/s/ Patricia S. Rogowski*
Patricia Smink Rogowski (#2632)