**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AFFINION NET PATENTS, INC.                )<br>                                                          )<br>                                                          )<br>                            Plaintiff,          )<br>                                                          )<br>            v.                                          )<br>                                                          )<br> MARITZ, INC.                                     )<br>                                                          )<br>                            Defendant.       )<br>                                                          ) | C.A. No. 04-360-JJF<br><br>JURY TRIAL DEMANDED |

**MOTION OF PLAINTIFF AFFINION NET PATENTS, INC. TO STRIKE**
**NEW AFFIRMATIVE DEFENSES, COUNTERCLAIM AND ALLEGATIONS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  Attorneys for Plaintiff
  Affinion Net Patents, Inc.

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040

August 18, 2006

## TABLE OF CONTENTS

Page

TABLE OF CITATIONS .......................................................................... ii

INTRODUCTION ..................................................................................... 1

ARGUMENT ............................................................................................ 2

    I.    MARITZ FAILED TO ABIDE BY RULE 15(a) OF THE
        FEDERAL RULES OF CIVIL PROCEDURE AND THE
        COURT'S RULE 16(b) SCHEDULING ORDER ..................... 2

    II.    MARITZ'S ALLEGATIONS ABOUT ALLEGED
        CONDUCT OCCURRING AFTER THE ISSUANCE OF
        THE '412 PATENT SHOULD BE STRUCK AS
        IMMATERIAL AND IMPERTINENT ....................................... 4

    III.    MARITZ'S ANSWER TO AMENDED COMPLAINT
        CONTAINS NUMEROUS ALLEGATIONS MADE
        "UPON INFORMATION AND BELIEF" THAT LACK
        ANY EVIDENTIARY SUPPORT ............................................... 8

CONCLUSION ......................................................................................... 9

## TABLE OF CITATIONS

Page(s)

Cases

A.C. Aukerman Co. v. R.L. Chaides Construction Co.,
    960 F.2d 1020 (Fed. Cir. 1992)                 2

Adams v. Coppola,
    53 Fed. Appx. 661 (3rd Cir. 2002)            4

Akpan v. N.Y. Div. For Youth, Harlem Valley Secure Center,
    1999 U.S. Dist. LEXIS 15366 (S.D.N.Y. 1999)    9

Celpaco, Inc. v. MD Papierfabriken,
    686 F. Supp. 983 (D. Conn. 1988)           9

Foman v. Davis,
    371 U.S. 178 (1962)                      2

In re Certain Excimer Laser Sys. for Vision Correction Surgery,
    2000 WL 126070 (U.S.I.T.C. Jan. 2000)      6

Magarl, L.L.C. v. Crane Co.,
    2004 U.S. Dist. LEXIS 24283 (S.D. Ind. 2004)    9

Owens-Illinois, Inc. v. Lake Shore Land Co., Inc.,
    610 F.2d 1185 (3rd Cir. 1979)             3

Pharmacia Corp. v. Par Pharm., Inc.,
    417 F.3d 1369 (Fed. Cir. 2005)            6

Regent Nat'l Bank v. Dealers Choice Automotive Planning, Inc.,
    1998 U.S. Dist. LEXIS 20122 (E.D. Penn. Dec. 15, 1998)    3

Ristvedt-Johnson, Inc. v. Brandt, Inc.,
    805 F. Supp. 549 (N.D. Ill. 1992)           6

SSIH Equip. S.A. v. Int'l Trade Comm'n,
    718 F.2d 365 (Fed. Cir. 1983)             6

Travelers Casualty & Surety Co. v. Jadum Constr., Inc.,
    2004 U.S. Dist. LEXIS 11861 (D. Mass. 2003)    9

<u>TABLE OF CITATIONS</u> (cont'd)

|                                      | Page(s)   |
|--------------------------------------|-----------|
| **<u>Statutes and Other Authorities</u>** |           |
| Fed. R. Civ. P. 8(a)(2)              | 4, 9      |
| Fed. R. Civ. P. 8(e)(1)              | 4         |
| Fed. R. Civ. P. 11(b)(3)             | 8         |
| Fed. R. Civ. P. 12(f)                | 4, 9      |
| Fed. R. Civ. P. 15(a)                | 2, 9      |
| Fed. R. Civ. P. 16(b)                | 1, 2, 9   |

INTRODUCTION

After the close of discovery and only weeks before trial, defendant Maritz Inc. ("Maritz") has filed an Answer to Amended Complaint with Affirmative Defenses and Counterclaim ("Answer to Amended Complaint"), D.I. 196, that contains three new infringement affirmative defenses (estoppel, laches, and patent misuse), a new counterclaim (unclean hands), and 20 pages of new irrelevant and unfounded allegations in support of its counterclaims for inequitable conduct, unclean hands, and patent misuse. These new affirmative defenses, counterclaim and factual allegations were not previously pled by Maritz, do not respond to the false marking and false advertising claims pled in Affinion Net Patents, Inc.'s Amended Complaint, and are not precipitated by recently discovered evidence.

Affinion Net Patents, Inc. ("Affinion") moves the Court for an Order striking these new matters on three grounds. First, Maritz's amendments are untimely and Maritz has not abided by the Court's Rule 16(b) Scheduling Order and Rule 15(a) of the Federal Rules of Civil Procedure. Second, these new matters should be struck because the new allegations contain immaterial and irrelevant matters relating to alleged inequitable conduct that occurred after the issuance of the patent in suit, U.S. Patent No. 6,009,412 ("the '412 patent"). Third, Maritz has improperly asserted new allegations and factual contentions – denominated as "upon information and belief" – that lack any evidentiary support.

## ARGUMENT

**I.   MARITZ FAILED TO ABIDE BY RULE 15(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE AND THE COURT'S RULE 16(b) SCHEDULING ORDER**

Maritz's new affirmative defenses, counterclaim, and allegations are untimely and do not abide by Rule 15(a) of the Federal Rules of Civil Procedure, which permits amendment of pleadings only by leave of court or by consent of the adverse party, or by the August 30, 2005 deadline for amendment set forth in the Court's Rule 16(b) Scheduling Order, D.I. 26. Maritz did not seek permission from either the Court or Affinion before filing these amendments—after the close of discovery and weeks before trial—and should not be permitted to do so because it has not shown good cause for amendment or addressed the issues of undue delay, bad faith, dilatory motive, undue prejudice, or futility. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Maritz should not be permitted to raise issues beyond the scope of Affinion's Amended Complaint and inject into this action new affirmative defenses, counterclaims and allegations at this late date. Maritz could have pled its laches and estoppel affirmative defenses at the commencement of litigation in June 2004 or sought leave to add those affirmative defenses long before the close of discovery in May 2006. Maritz has not shown good cause for waiting more than two years, until after the close of discovery and on the eve of trial, to raise these affirmative defenses. Affinion would be unduly prejudiced should Maritz be permitted to add these affirmative defenses now because Affinion did not take any discovery relating to a laches claim (which requires unreasonable delay in filing suit, prejudice, and injury to Maritz, see A.C. Aukerman Co. v. R.L. Chaides Construction Co., 960 F.2d 1020, 1032 (Fed. Cir. 1992)) or to an

estoppel claim (which requires communications to Maritz that Affinion will not sue it for infringement, reliance on such communications by Maritz, and material prejudice to Maritz, see id. at 1041), and the parties now are preparing for the trial beginning October 23, 2006.

Maritz also has not shown good cause for waiting until this late date to plead its patent misuse affirmative defense, its unclean hands counterclaim, or to amend the allegations underlying its counterclaims of unenforceability. Permitting Maritz's amendment on these issues would also require Affinion to take additional discovery, at substantial time and expense, and interfere with Affinion's trial preparation. See Owens-Illinois, Inc. v. Lake Shore Land Co., Inc., 610 F.2d 1185, 1187-89 (3rd Cir. 1979) (affirming district court decision to dismiss counterclaims raised on the eve of trial in response to amended Complaint; counterclaims would have "set off a new wave of discovery before trial could commence" at prejudice to plaintiff); Regent Nat'l Bank v. Dealers Choice Automotive Planning, Inc., 1998 U.S. Dist. LEXIS 20122, at *12-15 (E.D. Penn. Dec. 15, 1998) (striking new counterclaims and allegations, raised in response to amended complaint, that would delay trial and cause additional discovery, expense, and time, at prejudice to plaintiff).

Because Maritz failed to follow proper procedure and has not shown either good cause for amendment or a lack of prejudice to Affinion, the Court should strike the following new matters from Maritz's Answer to Amended Complaint, which are highlighted in Exhibit 1:

- page 6 ¶ F (estoppel and/or laches affirmative defenses), ¶ G (patent misuse affirmative defense);

4.

- pages 9-29: the highlighted portions in ¶¶ 12-73 (new allegations in support of counterclaims regarding the enforceability of the '412 patent);

- page 29 ¶ 75 (counterclaim for inequitable conduct): the phrase "that has pervaded the Storey patents, including but not limited to";

- page 29 ¶¶ 76-77 (new counterclaim for unclean hands);

- page 30 ¶ 80 (counterclaim for patent misuse): the phrase " '870, '412, and '012 patents" should be replaced with " '412 patent was" and the phrase "the referenced patents were" should be replaced with "the '412 patent was"; and

- page 30 ¶ D (request for declaratory judgment of unclean hands).

## II.     MARITZ'S ALLEGATIONS ABOUT ALLEGED CONDUCT OCCURRING AFTER THE ISSUANCE OF THE '412 PATENT SHOULD BE STRUCK AS IMMATERIAL AND IMPERTINENT

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and that each averment be "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (e)(1); Adams v. Coppola, 53 Fed. Appx. 661, 661-62 (3rd Cir. 2002); In re Westinghouse Sec. Lit., 90 F.3d 696, 703-04 (3rd Cir. 1996). Rule 12(f) permits the court to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

Maritz's previous inequitable conduct claim for the '412 patent rested on 6 pages of allegations regarding the prosecution of the '412 patent and its parent, U.S. Patent No. 5,774,870. See D.I. 61 at 8-14, ¶¶ 21-65. Maritz's new inequitable conduct claim states,

"[t]he '412 patent is unenforceable as a result of... the ongoing <u>course of inequitable conduct that has pervaded the Storey patents</u>, including <u>but not limited to</u> during the prosecution of the '412 patent application," D.I. 196 at 29, ¶ 75. Maritz has expanded 6 pages of allegations regarding the enforceability of '412 patent[1] into a 20-page diatribe containing irrelevant and impertinent allegations regarding matters occurring <u>after</u> the '412 patent issued.

Maritz improperly is attempting to circumvent the Court's dismissal of its counterclaims that the '870 and '012 patent are invalid and unenforceable,[2] as well as the Court's ruling that Maritz will not be permitted to introduce at trial evidence that is not relevant to the validity or enforceability of the '412 patent.  The Court stated:

> <u>Maritz will not be permitted to make full proofs on the subject of inequitable conduct related to the '870 and '012 patents.</u> Maritz contends that Affinion Patents is dismissing claims regarding the '870 and '012 patents to avoid charges of inequitable conduct and invalidity in relation to those patents and an overall claim of inequitable conduct in relation to all the patents-in-suit.  <u>To the extent that it is actually relevant to inequitable conduct regarding the '412 patent, evidence of inequitable conduct will be admissible.</u>  ...  <u>Maritz cannot maintain a declaratory judgment action solely to prove inequitable conduct in relation to the '870 and '012 patent[s]</u>....

D.I. 173 at 5-6.

As discussed extensively in Affinion's Reply Brief In Support Of Its Motion For Leave To Amend Its Complaint And To Dismiss Defendant's Counterclaims Relating To The '870 And '012 Patents, D.I. 124, the Federal Circuit as well as other courts have

---

[1]     Maritz's inequitable conduct, unclean hands and patent misuse counterclaims are premised on the same set of allegations. <u>See</u> D.I. 196 at 29, ¶¶ 74-78; 30, ¶ 80.

[2]     On June 8, 2006, the Court ruled:  "In sum, the Court will grant the Motion of Plaintiff Affinion Loyalty Group, Inc. For Leave to Amend Its Complaint and <u>to Dismiss Defendant's Counterclaims Relating to the '870 and '012 Patents.</u>"  D.I. 173 at 8.

6.

soundly rejected as a matter of law Maritz's supposition that conduct in the prosecution of a later-filed patent application can render an earlier patent unenforceable for inequitable conduct or unclean hands. See SSIH Equip. S.A. v. Int'l Trade Comm'n, 718 F.2d 365, 378-79 (Fed. Cir. 1983) (rejecting theory that patents can be so interrelated that plaintiff's unclean hands with respect to later-filed patents can render an earlier patent unenforceable); Pharmacia Corp. v. Par Pharm., Inc., 417 F.3d 1369, 1374 (Fed. Cir. 2005) (inequitable conduct in a later-prosecuted patent cannot render unenforceable an earlier issued patent); see also In re Certain Excimer Laser Sys. for Vision Correction Surgery, 2000 WL 126070 (U.S.I.T.C. Jan. 2000) (patent not unenforceable due to inequitable conduct or unclean hands as a matter of law where the conduct complained of occurred after the patent issued); Ristvedt-Johnson, Inc. v. Brandt, Inc., 805 F. Supp. 549, 556 (N.D. Ill. 1992) (same).

Maritz's inequitable conduct claim now includes allegations regarding (1) the prosecution of the later-filed U.S. Patent No. 6,578,012 patent, which is no longer in suit, (2) the prosecution of later-filed applications from which no patents have issued, (3) claims regarding prior art, unenforceability, inventorship, and ownership made by defendants in the Netcentives litigations involving the '870 and '412 patents, and (4) Trilegiant Corporation's purchase and licensing of the patents. See D.I. 196 at 9-29, ¶¶ 13-15, 25, 26, 33d, 42, 50-62, 64-73. All of these events occurred after the '412 patent had already issued.

Many of Maritz's allegations merely repeat allegations underlying the dismissed counterclaims that the '012 patent is invalid and unenforceable for inequitable conduct and patent misuse. In fact, Maritz has incorporated by reference, in a footnote in its new

allegations regarding the enforceability of the '012 patent. See id. at 24 n.4 (incorporating by reference ¶¶ 67-117 of D.I. 61). Maritz also seeks to introduce evidence regarding the validity and enforceability of the '870 and '012 patents in order to prove its claim that the '412 patent is unenforceable for patent misuse. See D.I. 196 at 30, ¶ 80.

These matters should be struck because they pertain to claims that have been dismissed by the Court, and are irrelevant and not admissible at trial to prove the enforceability of the '412 patent.[3] These allegations serve no purpose other than to confuse a jury and prejudice Affinion. Striking these matters will remove clutter from the case and expedite trial.

For this additional and independent reason the Court should strike the following matters from Maritz's pleading, D.I. 196, which are highlighted in Exhibit 1:

- pages 9-29: the highlighted portions in ¶¶ 13-15, 25, 26, 33d, 42, 43, 50-59-73 (allegations regarding (1) the prosecution of the later-filed U.S.

---

[3]  Maritz alleges that the '412 patent is invalid because the inventorship is incorrect—although Maritz cannot decide whether the coinventors are Mr. Storey's former colleagues at Radisson or his wife, Jackie Miller (cf. D.I. 196 at page 14 ¶ 25, page 22 ¶ 48, page 25 ¶ 57, with page 15 ¶ 30, see also page 18 ¶ 37)—and unenforceable because neither the inventor, Thomas Storey, nor the subsequent owners of the '412 patent disclosed the "correct" inventors to the PTO during the prosecution of the '870 and '412 patents, or the prosecution of the '012 patent and other later-filed patent applications. Maritz also alleges that litigation allegations regarding inventorship and ownership of the '412 patent—made by defendants sued by Netcentives Inc.—were not disclosed to the PTO during the prosecution of the '012 patent and other later-filed applications. Affinion denies that the inventors and ownership of the '412 patent are incorrect, but even if they were incorrect, what information was or was not disclosed to the PTO on these matters during the prosecution of the '012 patent and other later-filed applications is not relevant to the enforceability of the '412 patent as a matter of law. See supra, at 5.

Patent No. 6,578,012 patent, which is no longer in suit, (2) the prosecution of later-filed applications from which no patents have issued, (3) claims regarding prior art, unenforceability, inventorship, and ownership made by defendants in the Netcentives litigations of the '870 and '412 patents, (4) Trilegiant Corporation's purchase and licensing of the patents);

- page 29, ¶ 75:  the phrase "that has pervaded the Storey patents, including but not limited to";

- page 29, ¶ 76:  the phrase "and others, which has pervaded the Storey patents, including but not limited to"; and

- page 30, ¶ 80: the phrase "the '870, '412, and '012 patents" should be replaced with " the '412 patent was" and the phrase "the referenced patents were" should be replaced with "the '412 patent was".

### III.  MARITZ'S ANSWER TO AMENDED COMPLAINT CONTAINS NUMEROUS ALLEGATIONS MADE "UPON INFORMATION AND BELIEF" THAT LACK ANY EVIDENTIARY SUPPORT

Many of the new allegations underlying Maritz's counterclaims also should be struck because they have been made in bad faith and without any evidentiary support.[4] Although discovery has closed, Maritz has made a number of bald assertions "upon information and belief"— essentially admitting that it has no facts to support its assertions. As one court has recognized, "upon information and belief" "is just another

---

[4] Rule 11(b)(3) of the Federal Rules of Civil Procedure requires that "allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."

way of saying, 'I don't have any facts, but I would like it to be true.'" <u>Akpan v. N.Y.</u> <u>Div. For Youth, Harlem Valley Secure Center,</u> 1999 U.S. Dist. LEXIS 15366, at *14 (S.D.N.Y. 1999). <u>See</u> D.I. 196 at 20, ¶ 41a; 22, ¶¶ 45, 47-49; 25, ¶¶ 57-59; 26, ¶ 64; 27, ¶¶ 66, 67; 28, ¶ 69; 30, ¶ 79, 80. It is too late for Maritz, after discovery is closed, to make allegations "upon information and belief" when it has no factual support for those allegations. <u>See</u> <u>Magarl, L.L.C. v. Crane Co.,</u> 2004 U.S. Dist. LEXIS 24283, at *34-39 (S.D. Ind. 2004) (defendant's inequitable conduct allegations made "on information and belief" were insufficient); <u>Travelers Casualty & Surety Co. v. Jadum Constr., Inc.,</u> 2004 U.S. Dist. LEXIS 11861, at * 6 (D. Mass. 2003) (After discovery is complete, bald assertions made purely on "information and belief" do not create a genuine issue of fact regarding motive.); <u>Celpaco, Inc. v. MD Papierfabriken,</u> 686 F. Supp. 983, 991 (D. Conn. 1988) (plaintiff could not plead fraud "upon information and belief" when discovery had commenced more than a year earlier). All allegations in Maritz's Answer to Amended Complaint, with Affirmative Defenses and Counterclaim made "upon information and belief" should be struck for this additional and independent reason.

## CONCLUSION

The new matters set forth in Maritz's Answer to Amended Complaint, with Affirmative Defenses and Counterclaim should be struck (1) because they are untimely and Maritz has not complied with the Court's Scheduling Order and Rules 15(a) and 16(b) of the Federal Rules of Civil Procedure; (2) pursuant to Rules 8(a) and 12(f) of the Federal Rules of Civil Procedure because the new allegations are not "short and plain statements" of Maritz's claims and contain immaterial and impertinent matters concerning events occurring after the issuance of the '412 patent; and (3) because Maritz

10.

has made new factual contentions "on information and belief" that lack any evidentiary

support.

> MORRIS, NICHOLS, ARSHT & TUNNELL LLP
>
> */s/ Benjamin J. Schladweiler (#4601)*
> _____
> Jack B. Blumenfeld (#1014)
> Maryellen Noreika (#3208)
> Benjamin J. Schladweiler (#4601)
> 1201 N. Market Street
> P.O. Box 1347
> Wilmington, DE  19899
> (302) 658-9200
>   Attorneys for Plaintiff
>   Affinion Net Patents, Inc.

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040


August 18, 2006

## RULE 7.1.1 CERTIFICATE

I hereby certify that I have discussed the subject of the foregoing motion with counsel for the defendant, and that at this time we have not reached agreement.

*/s/ Benjamin J. Schladweiler (#4601)*

Benjamin J. Schladweiler

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on August 18, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on August 18, 2006 upon the following in the manner indicated:

### BY HAND

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE 19801

### BY FEDERAL EXPRESS

> J. Bennett Clark
> Senniger Powers
> One Metropolitan Square
> St. Louis, MO 63102

*/s/ Benjamin J. Schladweiler*

Benjamin J. Schladweiler (#4601)
bschladweiler@mnat.com