IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 04-360-JJF |
| MARITZ, INC., | : | |
| Defendant. | : | |

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff's Second Motion To Compel Production Of Documents (D.I. 92). By its Motion, Plaintiff seeks an Order compelling Defendant (1) to produce documents in unredacted form that Defendant allegedly produced in redacted form without including the documents on its privilege log, and (2) to produce certain documents withheld as privileged for which Defendant allegedly provided inadequate descriptions.

In response, Defendant contends that the redaction issue is moot because it supplemented its privilege log and provided entries for redacted documents upon Plaintiff's request. Defendant further contends that its descriptions of privileged materials satisfy Federal Rule of Civil Procedure 25(b)(5), particularly since it has supplemented its privilege log entries to add detail. Finally, Defendant contends that Plaintiff has identified only six inadequate entries in its supplemented privilege log, three of which relate to a business transaction

that occurred prior to issuance of the patents-in-suit, and therefore, are irrelevant to Defendant's advice-of-counsel defense. The other three, Defendant contends, are related to other patents or patent applications or have been produced to the extent they are relevant.

First, the Court accepts Defendants assertion that the redacted documents have now been included in the privilege log. Plaintiff does not identify specific documents that have been produced in redacted form but not logged. The discovery requests Plaintiff presents as exhibits simply ask the Defendant to "produce[] a privilege log for the documents it produced in redacted form." (D.I. 92, Ex. 2, Ex. 4.) Though Plaintiff asserts that this has not been done, Defendant disputes the accusation and cites to numerous entries for redacted documents in its privilege log. (D.I. 99, 1-2.) Because Plaintiff has not presented specific evidence of Defendant's refusal to log redacted documents, the Court concludes that this issue is now moot.

Plaintiff also argues that certain descriptions of allegedly privileged documents supplied by Defendant are inadequate under Federal Rule of Civil Procedure 26(b)(5), such that Plaintiff cannot assess Defendant's claim of privilege. Rule 26(b)(5) provides:

> [w]hen a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Accordingly, the privilege log must "contain a brief description or summary of the contents of the document" that is "specific enough to permit the court or opposing counsel to determine whether the privilege asserted applies to that document." Burns v. Imagine Films Entertainment, 164 F.R.D. 589, 594 (W.D.N.Y. 1996).

In this case, Plaintiff contends that Defendant's "cookie-cutter descriptions" of documents as to which it is asserting privilege are insufficient. In its Motion, however, Plaintiff refers to Defendant's original privilege log, rather than the revised privilege log Defendant produced upon Plaintiff's request. (D.I. 92, n. 1, 4, 6, 8.) The revised log contains numerous substantive changes to the descriptions originally provided, often indicating that portions or redacted versions of particular documents have been or are to be produced. (D.I. 92, Ex. 3.) Other descriptions now contain language that clearly places the documents in question outside of Defendant's privilege

3

waiver, e.g., that the document contains legal advice regarding "obtaining patent protection," (D.I. 92, Ex. 3, #10), or that the document contains a "draft patent application." (Id. at #6.) Because Plaintiff's motion does not address these changes, nor quarrel with the sufficiency of the portions or redacted versions of the documents that have been produced, the Court will consider these descriptions sufficient for the purposes of Rule 26(b)(5).

While many of the descriptions in the revised privilege log have changed, several remain unhelpful, containing only descriptions such as "[e]-mail from outside counsel to client conveying legal advice re patent protection." (Id. at #9.) Others state only that the communication was "re contractual agreement" (Id. at #144), "re financial opportunity" (Id. at #132), or "re possible infringers" (Id. At #54). In light of Defendant's broader waiver of privilege in this case,[1] the Court agrees with Plaintiff that such descriptions do not permit Plaintiff to adequately assess Defendant's claims of privilege with regard to the documents to which they pertain. Accordingly,

---

[1] Because Defendant has asserted the advice-of-counsel defense in response to Plaintiff's claim of willful infringement, Defendant has waived the attorney-client privilege as to all "communications relating to the same subject matter." In re Echostar Communs. Corp., 2006 U.S. App. LEXIS 11162, at *8 (Fed. Cir. May 1, 2006).

4

the Court will order Defendant to either produce the documents or revise the privilege log to provide more helpful descriptions.

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Compel Production of Documents (D.I. 92) is **DENIED**.

2. Defendant shall submit to Plaintiff a privilege log containing revised descriptions of the documents described in this Memorandum Order, or else produce said documents, no later than **September 1, 2006.**


August 23, 2006
DATE

_____
UNITED STATES DISTRICT JUDGE