```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF DELAWARE
```

AFFINION NET PATENTS, INC.,      :
                                 :
          Plaintiff,             :
                                 :
     v.                          :     Civil Action No. 04-360-JJF
                                 :
MARITZ, INC.,                    :
                                 :
          Defendant.             :

### MEMORANDUM ORDER

Pending before the Court is Maritz' First Motion To Compel Production Of Documents (D.I. 137). By its Motion, Defendant contends that Plaintiff should be ordered to produce allegedly privileged material that consists of communications between Netcentives, Inc. ("Netcentives"), the previous owner of the patent-in-suit[1], and Netcentives' attorneys. Defendant argues that this material is not privileged and must be produced because the privilege was waived following disclosure of the material to the previous owner, Affinion Loyalty Group, Inc., and the present Plaintiff.

In response, Plaintiff contends that privilege was transferred along with the '412 patent when the patent was sold to Plaintiff. Plaintiff further contends that privilege was transferred because Plaintiff and Netcentives had identical legal interests.

---

[1] The only patent remaining in this action is United States Patent No. 6,009,412 ("the '412 patent"). The other patents were dropped when the Court granted Plaintiff's Motion To Amend (D.I. 173).

Plaintiff is correct that the attorney-client privilege passes with the sale of a business or when control of a corporation passes to new management. Graco Children's Prods. v. Regalo, Int'l LLC, 1999 U.S. Dist. LEXIS 11392, at *10-11 (E.D. Pa. July 29, 1999) (citing Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 349 (1985)). However, the mere "transfer of assets, without more, is not sufficient to effect a transfer of the privileges; control of the entity possessing the privileges must also pass for the privileges to pass." In re In-Store Advertising Sec. Litig., 163 F.R.D. 452, 458 (S.D.N.Y. 1995).

According to Plaintiff, "[t]he sale here was not a simple patent transfer – a substantial licensing business was sold . . . ." (D.I. 149 at 2.) However, the Patent and License Purchase Agreement that effectuated the sale makes clear that "patent transfer" is the correct term for the transaction. (D.I. 149, Ex. 1.) The Agreement describes the sale of "certain patents and license agreements"; no transfer of any other operating assets is mentioned. (Id. at 1.) The transaction was not the sale of a "substantial licensing business" any more than any patent can be described as a "licensing business." Accordingly, the Court concludes that the attorney-client privilege did not transfer to Plaintiff with the sale of the patents-in-suit.

Plaintiff also argues that Plaintiff retains the attorney-

2

client privilege under the doctrine of "common legal interest." Under this doctrine, communications made when multiple clients consult an attorney on matters of common interest remain privileged against third parties. Katz v. AT&T Corp., 191 F.R.D. 433, 437 (E.D. Pa. 2000); Cavallaro v. U.S., 284 F.3d 236, 249 (1st Cir. 2002). However, the Court concludes that the common legal interest doctrine does not protect the allegedly privileged documents in this case. The common legal interest doctrine cannot apply to a purchaser and a seller of an asset, without more, because the two never share an identical legal interest. At best, they have a similar interest – the ability to enforce the patent – at different times. Recognizing the exception in this case would do nothing to further the purpose of allowing "attorneys facing a common litigation opponent [to] exchange privileged communications and attorney work product in order to prepare a common defense without waiving either privilege." Schachar v. Am. Acad. of Ophthalmology, Inc., 106 F.R.D. 187, 191 (D. Ill 1985).

  Plaintiff objects to the listing of document number 111 in Netcentives' motion to compel, claiming that the document contains legal advice rendered to NCCI, Inc., a previous name of Plaintiff Affinion, rather than to Netcentives. The Court accepts Plaintiff's assertion that Defendant erroneously assumed document number 111 to be a Netcentives document, and will deny

3

Defendant's motion to compel as to this document.

As to whether Plaintiff should be required to produce documents concerning the '012 patent, despite the fact that it is no longer being asserted in the case, the Court directs the parties to its June 8, 2006 Memorandum Opinion (D.I. 173), wherein the Court held that documents concerning the '012 patent are only discoverable to the extent that they are "actually relevant to inequitable conduct regarding the '412 patent." (Id. At 6.) Today's Memorandum Order should be interpreted by the parties in light of that Memorandum Opinion.

For the reasons set forth, the Court will grant Defendant's Motion to Compel Production of Documents, except as to document number 111 and any documents outside the scope of discovery pursuant to the Court's June 8, 2006 Memorandum Opinion.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion to Compel Production of Documents (D.I. 137) is **GRANTED IN PART** and **DENIED IN PART**.

August 23 2006
DATE

UNITED STATES DISTRICT JUDGE