

# CONNOLLY BOVE LODGE & HUTZ LLP
## ATTORNEYS AT LAW

Rudolf E. Hutz
Partner

TEL (302) 888-6266
FAX (302) 656-9072
EMAIL rhutz@cblh.com
REPLY TO Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

August 25, 2006

**By E-File**
The Honorable Joseph J. Farnan, Jr.
United States District Court
   for the District of Delaware
844 N. King Street
Wilmington, DE 19801

Re: **Affinion Net Patents, Inc. v. Maritz Inc.**
    **C.A. No. 04-360-JJF**

Dear Judge Farnan:

This letter is in response to the e-mail of plaintiff's counsel, Maryellen Noreika, sent directly to chambers yesterday, August 24, 2006.

In the e-mail, Ms. Noreika requests the Court to "order Maritz to produce its withheld documents in accordance with the Court's rulings" of July 28, 2006. However, the Court's July 28th Order did not direct Maritz to produce anything. The Court solely addressed (and denied) Affinion's request for the production of Exhibits 76 and 77, which was the thrust of the motion pending before the Court.

Essentially this same demand was made in a letter of August 3, 2006 from plaintiff's counsel R. Elizabeth Brenner to defense counsel David W. Harlan, to which I responded by letter of August 15, 2006 (attached). In that letter, I noted that the Court had not issued rulings on anything other than Exhibits 76 and 77, and further that the quoted language is inconsistent with the fact that the opinions produced by Maritz, upon which waiver is premised, are directed to non-infringement only, with one very narrow exception related to invalidity discussed in Maritz's opposition to the motion to compel at page one (filed March 7, 2006) (Docket No. 99). However, that narrow exception is no longer relevant because the invalidity issues discussed relate to claims which Affinion has now removed from the case.

I also pointed out to Ms. Brenner that her demand that Maritz list post-litigation communications on a privilege log was inconsistent with the parties' agreement that such materials would not be logged; indeed, plaintiff has not produced such a log.

CONNOLLY BOVE LODGE & HUTZ LLP

Honorable Joseph J. Farnan, Jr.
August 25, 2006
Page 2 of 2

    For these reasons, we disagree with plaintiff's characterization of the Court's July 28 order, and further disagree that the scope of waiver in this case extends beyond the issue of infringement.

Very truly yours,

Rudolf E. Hutz

Enclosure
cc:    Maryellen Noreika (via Hand Delivery)
       Steven Lieberman (via Federal Express)