**CONNOLLY BOVE LODGE & HUTZ LLP**
ATTORNEYS AT LAW

Patricia S. Rogowski
Partner
Admitted in DE and PA
Tel.: (302) 658-9141
Fax: (302) 658-5614
Email: progowski@cblh.com
Reply to: Wilmington Office

WILMINGTON, DE

The Nemours Building
1007 North Orange St.
P.O. Box 2207
Wilmington, DE 19899
TEL: (302) 658 9141
FAX: (302) 658 5614
WEB: www.cblh.com

August 25, 2006

**By E-File**
The Honorable Joseph J. Farnan, Jr.
United States District Court
   for the District of Delaware
844 N. King Street
Wilmington, DE 19801

RE:   **Affinion Net Patents, Inc. v. Maritz Inc.**
         **Civil Action No. 04-360-JJF**

Dear Judge Farnan:

Pursuant to Delaware Local Rule 7.1.2(c), Maritz Inc. ("Maritz") wishes to draw the Court's attention to *Honeywell International Inc. v. ITT Industries, Inc.*, 452 F.3d 1312 (Fed. Cir. 2006) as authority in support of Maritz's proposed claim construction. A copy of the *Honeywell* case is attached for the Court's convenience.

The Court held a *Markman* hearing on June 7, 2006. A few weeks after that hearing concluded, the Federal Circuit issued its decision in *Honeywell*, in which the Federal Circuit embraced the claim construction rationale that the specification is "always highly relevant to claim construction" and "usually" is "dispositive." 452 F.3d 1312, 1318. The Court emphasized the following significant patent claim construction propositions:

   1. **Patent claims are properly construed as covering the sole embodiment described as "this invention" or "the present invention" in the specification.** 452 F.3d at 1318. In *Honeywell*, the only "fuel system component" disclosed in the patent specification and figure was a fuel filter. The Court noted that "[o]n at least four occasions, the written description refers to the fuel filter as 'this invention' or 'the present invention.'" *Id.* Therefore, "fuel system component" in the patent claims was held to be limited to a fuel filter.

CONNOLLY BOVE LODGE & HUTZ LLP

The Honorable Joseph J. Farnan, Jr.
August 25, 2006
Page 3

In the present case, the only "on-line incentive program" described in the '412 patent specification is a frequency program that awards points for on-line product purchases made through the program's website. And the '412 patent applicant repeatedly used terms such as "the present invention," "the disclosed invention," and "the subject invention" in characterizing the inventive subject matter in a manner consistent with Maritz's proposed claim construction. (Maritz's Opening Claim Construction Brief, D.I. 138 at 7-8. *See also* Affinion's Answering Claim Construction Brief, D.I. 152 at 1-2, 9-10; Maritz's Answering Claim Construction Brief, D.I. 151, at 11-13).

**2. Clear statements in the patent specification identifying "the invention" override contrary statements about claim scope made by the applicant elsewhere in the prosecution history.** 452 F.3d at 1319. The *Honeywell* Court found that, even if the applicant's statements during prosecution had been unambiguous, the result would not have changed: "Where as here, the written description clearly identifies what his invention is, an expression by a patentee during prosecution that he intends his claims to cover more than what his specification discloses is entitled to little weight." *Id.* at 1319.

In the present case, when Netcentives took over prosecution of the '412 patent, Netcentives attempted to "reinvent" the claimed subject matter by making ambiguous statements to the Patent Office which were inconsistent with the invention as described in the specification. (Affinion's Opening Claim Construction Brief, D.I. 139, at 16-17 and 18-19; *see also* Maritz's Answering Claim Construction Brief, D.I. 151, at 7-8, and Affinion's Answering Claim Construction Brief, D.I. 152 at 10-11). These ambiguous prosecution history statements were chief among the scant intrinsic evidence which Affinion could muster to try to support its proposed claim construction. In *Honeywell*, the Federal Circuit termed such ambiguous statements to be of "little weight." 452 F.3d at 1319.

**3. Subject matter disclaimed in the written description cannot later be read into the claims.** 452 F.3d at 1319 ("This court has recognized that '[w]here the specification makes clear that the invention does not include a particular feature, that feature is deemed to be outside the reach of the claims of the patent, even though the language of the claims, read without reference to the specification, might be considered broad enough to encompass the feature in question.'" (citation omitted)). Here, Maritz has shown that the '412 patent claims include an "immediacy" limitation (i.e., the issuance, and availability for redemption, of points must be immediate). Maritz's Opening Claim Construction Brief, D.I. 138, at 11-14; Affinion's Answering Claim Construction Brief, D.I. 152, at 19-20; Maritz's Answering Claim Construction Brief, D.I. 151, at 25-6. The '412 patent applicant criticized the prior art as lacking immediacy

CONNOLLY BOVE LODGE & HUTZ LLP

The Honorable Joseph J. Farnan, Jr.
August 25, 2006
Page 4

of point awarding and availability for redemption, and touted his purported invention as employing just such an immediacy effect. The patent applicant thus disavowed systems lacking such immediacy.

Respectfully submitted,

Patricia Smink Rogowski
Del. Bar ID No. 2632

Enclosure
  *Honeywell International Inc. v. ITT Industries, Inc.*,
  452 F.3d 1312 (Fed. Cir. 2006)

cc:   J. Bennett Clark, Esquire (with enclosure)
      Sharon Davis, Esquire (with enclosure)
      Maryellen Noreika, Esquire (with enclosure)
PSR.vjm
483949v1(CB)