IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | **REDACTED PUBLIC VERSION** |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MARITZ'S ANSWER TO AMENDED COMPLAINT, WITH AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Defendant Maritz Inc. ("Maritz"), for its Answer and Counterclaim to the Amended

Complaint of Affinion Net Patents, Inc. ("ANP")[1], states as follows:

1.      Maritz admits that ANP is a Delaware corporation, that it apparently is the

assignee of U.S. Pat. No. 6,009,412 ("the '412 patent"), and that Exhibit A appears to be a copy

of the '412 patent.  Maritz denies the remaining allegations of Paragraph 1.

2.      Maritz admits that Affinion Loyalty Group, Inc. ("ALG") is a Delaware

corporation, that its principal place of business is in Richmond, Virginia, and that it operates

loyalty programs that utilize the internet.  As understood, Maritz denies the remaining allegations

of Paragraph 2.   In particular, Maritz denies that ALG is or should be a plaintiff in this litigation.

3.      Maritz admits that Maritz Inc. is a Missouri corporation with offices at 1375

North Highway Drive, Fenton, Missouri.  Maritz admits that part of its business includes loyalty

and incentive programs, some of which have internet-related aspects.  Maritz denies the

remaining allegations of Paragraph 3.

---

[1] Maritz makes this answer only as to the allegations of ANP.  Affinion Loyalty Group, Inc. -- which purported to join in the filing of the Amended Complaint -- is no longer a party-plaintiff, per order of court.  D.I. 148.

4.      Maritz admits that the Court has subject matter jurisdiction over ANP's patent infringement claim, but denies the remaining allegations of Paragraph 4.

5.      Maritz admits that the Court has personal jurisdiction over Maritz, but denies the remaining allegations of Paragraph 5.

6.      Maritz admits that venue is proper in this Court.

7.      Maritz admits that ANP has filed an amended complaint alleging infringement of United States Patent No. 6,009,412 (" '412 patent"). Maritz also admits that plaintiff has alleged false marking pursuant to 35 U.S.C. §292 and a violation of 15 U.S.C. §1125(a). Maritz denies that it has infringed any of the claims of the '412 patent, engaged in false marking, or violated 15 U.S.C. §1125(a) in any respect.

8.      Maritz admits the '412 patent is entitled "Fully Integrated, On Line Interactive Frequency and Award Redemption Program" and was issued by the U.S. Patent and Trademark Office on December 28, 1999. Maritz denies the remaining allegations of Paragraph 8.

9.      Maritz admits that it develops and operates loyalty and incentive programs, some of which have internet-related aspects. Maritz denies the remaining allegations of Paragraph 9.

10.      Maritz admits that the '412 patent issued on December 28, 1999 and indicated that it was assigned to Netcentives, Inc. ("Netcentives"). Maritz is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 10, and therefore denies them.

11.      Maritz admits that Netcentives purported to assign its rights under the '412 patent to Trilegiant Corporation. The terms of the written assignment document speak for themselves. Maritz denies the remaining allegations of Paragraph 11.

12.    Maritz admits that Trilegiant Corporation purported to assign rights under the '412 patent to Trilegiant Loyalty Solutions, Inc. The terms of the written assignment document speak for themselves. Maritz denies the remaining allegations of Paragraph 12.

13.    Maritz denies the allegations of Paragraph 13, inasmuch as it is unaware of a document dated October 15, 2005 involving the alleged subject matter. Maritz further states that the terms of any assignment agreement speak for themselves.

14.    Maritz denies the allegations of Paragraph 14, inasmuch as it is unaware of a document dated October 15, 2005 involving the alleged subject matter. Maritz further states that the terms of any license agreement speak for themselves.

15.    Maritz admits that Trilegiant Loyalty Solutions, Inc. reportedly changed its name to Affinion Loyalty Group, Inc. Maritz is without knowledge or information sufficient to form a belief as to the remaining allegations of Paragraph 15, and therefore denies them.

16.    Maritz denies the allegations of Paragraph 16.

17.    As understood, Maritz denies the allegations of Paragraph 17.

18.    Maritz admits that, on March 1, 2001, it filed U.S. Patent Application No. 09/797,189, entitled "System and Method for Implementing a Loyalty Program Incorporating On-Line and Off-Line Transactions." Given what appears to be the intentionally ambiguous nature of plaintiff's allegations, Maritz denies the remaining allegations of Paragraph 18, as understood.

19.    Maritz admits that, in 2002, it grew concerned that Trilegiant was making false, injurious statements to customers with respect to supposed patent infringement. Maritz denies the remaining allegations of Paragraph 19.