20. Given what appears to be the intentionally ambiguous nature of plaintiff's allegations, Maritz denies the allegations of Paragraph 20.

21. Given what appears to be the intentionally ambiguous nature of plaintiff's allegations, Maritz denies the allegations of Paragraph 21.

22. Given what appears to be the intentionally ambiguous nature of plaintiff's allegations, Maritz denies the allegations of Paragraph 22.

23. Maritz denies the allegations of Paragraph 23, and specifically denies that it falsely marked the VAULT system as "patent pending."

24. Maritz denies the allegations of Paragraph 24, and specifically denies that it falsely marked the VAULT system as "patent pending."

25. Maritz denies the allegations of Paragraph 25, and specifically denies that it made misrepresentations related to patent status.

## CLAIM I

26. Maritz incorporates its responses to Paragraphs 1 through 25 by reference as if fully set forth.

27. Maritz denies the allegations of Paragraph 27.

28. Maritz denies the allegations of Paragraph 28, and specifically denies it has committed acts of infringement.

29. Maritz denies the allegations of Paragraph 29, and specifically denies it has committed acts of infringement.

## CLAIM II

30. Maritz incorporates its responses to Paragraphs 1 through 29 by reference as if fully set forth.

31. Given what appears to be the intentionally ambiguous nature of plaintiff's allegations, Maritz denies the allegations of Paragraph 31.

32. Given what appears to be the intentionally ambiguous nature of plaintiff's allegations, Maritz denies the allegations of Paragraph 32.

33. Given what appears to be the intentionally ambiguous nature of plaintiff's allegations, Maritz denies the allegations of Paragraph 33.

34. Maritz denies the allegations of Paragraph 34.

### CLAIM III

35. Maritz incorporates its responses to Paragraphs 1 through 25 and 31 through 34 by reference as if fully set forth.

36. Given what appears to be the intentionally ambiguous nature of plaintiff's allegations, Maritz denies the allegations of Paragraph 36.

37. Maritz denies the allegations of Paragraph 37.

38. As understood, denied.

39. Maritz denies the allegations of Paragraph 39, and specifically denies that it has made intentionally false statements.

40. Maritz admits that it sometimes competes with ALG. Maritz denies the remaining allegations of Paragraph 40.

41. Maritz denies the allegations of Paragraph 41, and specifically denies that it has made false statements.

5

ADDITIONAL AND AFFIRMATIVE DEFENSES

Maritz incorporates its Answer and the allegations of its Counterclaim by reference as if fully set forth.

A. The Amended Complaint fails to state claims upon which relief can be granted.

B. The claims of the '412 Patent are invalid under one or more provisions of the Patent Laws, 35 U.S.C. § 1, *et seq.*, including, but not necessarily limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

C. Maritz does not infringe any valid claim of the '412 patent, and has not engaged in willful patent infringement.

D. The '412 patent is unenforceable due to inequitable conduct.

E. The doctrine of unclean hands bars enforcement of the '412 patent.

F. The doctrines of estoppel and/or laches bar enforcement of the '412 patent, in whole or in part.

G. The doctrine of patent misuse bars enforcement of the '412 patent.

H. ANP is barred from recovering damages for any activities prior to commencement of the present suit, due to a failure to comply with the marking requirements of 35 U.S.C. § 287(a).

I. ANP's false marking claim fails, because Maritz has not marked, affixed to any article, or used in advertising in connection with any article, patent markings as contemplated by the patent statutes and interpretive case law, nor has it acted with deceptive intent.

J. ANP has no standing to assert claims for alleged false marking in this case.

K. ANP has no standing to assert a Lanham Act violation in this case, and the activity it challenges, even were it provable, is not cognizable under the Lanham Act.

6