50. During and after engaging in the foregoing prosecution strategy, Netcentives, Trilegiant entities, and now the Affinion entities have aggressively used the Storey patents in the marketplace, REDACTED becoming involved in several lawsuits.

51. Substantial litigation activities based on the '412 and/or '870 patents -- which have the same specification as the '012 patent --arose during the 1999-2001 time frame. These included the following:

    a. Complaint For Declaratory and Injunctive Relief filed in the United States District Court for the Northern District of California by Mypoints.com, Inc. against Netcentives on or about March 19, 1999, alleging invalidity of the '870 patent.

    b. Complaint for Declaratory Judgment filed in the United States District Court for the District of Massachusetts by The Sperry and Hutchinson Company, Inc. against Netcentives on or about February 17, 2000, seeking a declaration that the '870 and '412 patents were invalid.

    c. Complaint filed in the United States District Court for the Northern District of California by Netcentives against S&H and Webmiles.com Corp. on or about February 28, 2000, alleging infringement of the '870 and '412 patents.

    d. Complaint filed in the United States District Court for the Northern District of California by Netcentives against Massmedium.com, Inc., TelAmerica Media Inc., Smart Net Corp., and Pointsurf.com, Inc. on or about March 21, 2000 alleging infringement of the '870 and '412 patents.

    e. Complaint filed in the United States District Court for the Northern District of California by Netcentives against Beenz.com, Inc., Carlson Companies Inc., Passpoints, Inc., Freeride.com, LLC, and Stario, Inc. on or about July 21, 2000, alleging infringement of the '870 and '412 patents.

    f. Complaint filed in the United States District Court for the District of Minnesota by Radisson Hotels International, Inc., *et al.* against Netcentives on or about July 28, 2000, alleging invalidity, unenforceability, and incorrect inventorship of the '870 and '412 patents.

    g. Complaint for Declaratory Judgment filed in the United States District Court for the Northern District of California by S&H against Netcentives on or about February 23, 2001, alleging the '870 patent was invalid and unenforceable based upon

23

Netcentive's and Mr. Storey's failure to disclose the '444 patent and/or its commercial embodiments to the U.S. Patent Office during the prosecution of the '870 patent.

52. During the pendency of those cases, the parties adverse to Netcentives collectively made allegations concerning invalidity and/or unenforceability of the '412 and/or '870 patents; conducted element by element analyses in support of invalidity allegations; identified and asserted substantial material prior art; and challenged inventorship and ownership of the patents.[4]

53. Notably, Carlson, one of the litigants, specifically contended that the subject matter of the '870 and the '412 patents was conceived by Radisson employees, and as such those patents and related patent rights were owned by Carlson. Very substantial discovery was taken on these issues, including the production of documents and taking of numerous depositions. This inventorship dispute was never disclosed to the U.S. Patent Office during the prosecution of any of the Storey patents.

54. The material prior art variously disclosed to Netcentives during the above-referenced lawsuits included U.S. Patent Nos. 5,448,471, 5,638,457, 5,592,560, 5,710,887 (the Chelliah patent), 5,991,736, 5,956,695, 5,937,391, 5,915,244, 5,999,914, 5,970,469, 5,983,196, 5,809,144, 5,878,141 and PCT Patent Nos. 93/12489 and 95/12175.

55. During the prosecution of the '012 patent, Netcentives, Trilegiant Corporation ("Trilegiant"), Storey, and their patent attorneys had an affirmative duty to disclose to the U.S. Patent Office any material information of which they became aware during the litigation, including questions of inventorship and ownership, prior art, allegations of inequitable conduct, and allegations of invalidity, all of which involved the subject matter of the then-pending

---

[4] A detailed recitation of the allegations challenging the Storey patents, and the specific failures to disclose them to the Patent Office, is set forth at Pars. 67 through 117 of Maritz's Amended Answer and Counterclaim, filed September 15, 2005, and incorporated here by reference. D.I. 61.