73. The foregoing circumstances, and Trilegiant and ANP's decision(s) to assert the '412 patent (and previously the '870 and '012 patents) against Maritz, warrant declaration of an exceptional case in Maritz's favor and against plaintiff.

### THIRD CLAIM

#### Declaratory Relief for Unenforceability of the '412 Patent

74. Maritz incorporates by reference the allegations of Paragraphs 1 through 73 of this Counterclaim as if fully set forth.

75. The '412 patent is unenforceable as a result of the inequitable conduct committed by Mr. Storey, Netcentives, and/or one or more of their patent attorneys, and on account of the ongoing course of inequitable conduct that has pervaded the Storey patents, including but not limited to during prosecution of the '412 patent application.

### FOURTH CLAIM

#### Declaratory Relief for Unclean Hands

76. Maritz incorporates by reference the allegations of Paragraphs 1 through 75 of this Counterclaim as if fully set forth.

77. ANP is barred from asserting the '412 patent against Maritz on account of the unclean hands of it and others, which has pervaded the Storey patents, including but not limited to during prosecution of the '412 patent application.

### FIFTH CLAIM

#### Declaration of Patent Misuse

78. Maritz incorporates by reference the allegations of Paragraphs 1 through 77 of this Counterclaim as if fully set forth.

79. On information and belief, ANP knew that the '412 patent was unenforceable due to inequitable conduct when it filed the Amended Complaint. On information and belief, ANP knew the '412 patent was invalid when it filed the Amended Complaint.

80. Moreover, on information and belief, Trilegiant knew the '870, '412, and '012 patents were unenforceable due inequitable conduct when it commenced the present suit. Further, on information and belief, Trilegiant knew the referenced patents were invalid when it commenced the present suit.

81. The various attempts to enforce the '412 patent with knowledge of its unenforceability and/or invalidity constitutes patent misuse, rendering that patent unenforceable.

WHEREFORE, Maritz respectfully requests that judgment be entered in its favor on its counterclaims and against ANP:

A. Declaring that Maritz is not now and has never infringed the '412 patent;

B. Declaring that the '412 patent is invalid under the provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112, or otherwise;

C. Declaring that the '412 patent is unenforceable on the grounds of inequitable conduct;

D. Declaring that ANP is barred from asserting the '412 patent on account of unclean hands;

E. Declaring that the '412 patent is unenforceable on the grounds of patent misuse;

F. Finding this to be an exceptional case, and awarding Maritz its attorneys' fees, costs, and such other relief as the Court deems appropriate.

30