# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

302 658 9200
302 658 3989 FAX

MARYELLEN NOREIKA
302 351 9278
302 425 3011 FAX
mnoreika@mnat.com

August 30, 2006

BY ELECTRONIC FILING

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 N. King Street
Wilmington, DE 19801

RE:    Affinion v. Maritz, Inc. C.A. No. 04-360-JJF

Dear Judge Farnan:

Plaintiff Affinion Net Patents, Inc. ("Affinion") responds to the arguments made by Defendant Maritz, Inc. ("Maritz"), in connection with its submission of Honeywell International, Inc. v. ITT Industries, Inc., 452 F.3d 1312 (Fed. Cir. 2006), as additional authority regarding claim construction.

Maritz's arguments incorrectly characterize the applicability of the Honeywell decision to the claim construction issues raised in this case. In Honeywell, the claim construction issues before the Court were (1) whether the term "fuel system component" could be construed to include the accused "quick connects" when the inventor unequivocally described his invention as being a fuel filter and that was the only fuel system component disclosed in the specification, id. at 1318-19, and (2) whether the term "electrically conductive fibers" encompassed carbon fibers when the specification said, in essence, "do not use carbon fibers," id. at 1320.

First, unlike the specification at issue in Honeywell, the specification of the '412 patent does not contain any language unequivocally defining the "invention" as a system for product purchase through an incentive program website and online redemption of awards, as Maritz contends. Indeed, Maritz cannot quote any language from the specification of the '412 patent stating anything remotely like the unequivocal statements in Honeywell that the invention was a fuel filter. Instead, Maritz relies in its briefing on the statements of the various advantages of the invention - - some but not all of which relate to product purchases. As discussed extensively in the Markman briefing, see Affinion's Claim Construction Answering Brief, D.I. 152 at 6-10, a claim need not be interpreted to encompass all the stated advantages of the invention. Moreover, in contrast to the

The Honorable Joseph J. Farnan, Jr.
August 30, 2006
Page 2

specification at issue in <u>Honeywell</u>, which contained no disclosure relating to any fuel system component other than the fuel filter, the specification of the '412 patent specifically describes and depicts the award redemption method claimed in Claim 10. <u>See</u>, for example, the advantages of online award redemption discussed at column 2 lines 9-17 and the discussion of Figure 4, which is described (at col. 2, lines 49-51) as "a flow chart showing the award redemption part of the program of the preferred embodiment of the present invention." Therefore, the specification of the '412 patent is not comparable to the specification at issue in <u>Honeywell</u>.

      <u>Second</u>, the statement in <u>Honeywell</u> that the patentee's statements to the PTO could not be used to overcome a written description that "clearly identifies" what the invention is does not apply here. Where the specification itself does not contain such a statement limiting the scope of the invention, the intrinsic evidence of what was said during the prosecution history has value in helping the Court to discern the meaning of the claims. <u>See</u> <u>Phillips v. AWH Corp.</u>, 415 F.3d 1303, 1317 (Fed. Cir. 2005).

      <u>Third</u>, in contrast to the repeated plain disclaimer of the use of carbon fibers in <u>Honeywell</u>, there is no such disclaimer of a particular type of incentive program in the specification of the '412 patent. The programs being criticized in the specification of the '412 patent are the traditional, off-line incentive programs described therein. <u>See</u> col. 1, lines 17-59. Affinion's proposed claim construction would not encompass those traditional off-line programs and, therefore, there is no issue of attempting to incorporate a disclaimed feature within the scope of the claims.

      Affinion also wishes to draw the Court's attention to <u>LG Electronics, Inc. v. Bizcom Electronics, Inc.</u>, 453 F.3d 1364 (Fed. Cir. 2006), decided on July 7, 2006. (A copy is attached for the Court's convenience.) In <u>LG Electronics</u>, the Federal Circuit reversed the District Court's claim construction because it improperly read limitations into the claims based on descriptions of embodiments in the specification.

      Respectfully,

      */s/ Maryellen Noreika (#3208)*

      Maryellen Noreika

MN/bls

cc:    Peter T. Dalleo, Clerk (By Hand)
       Patricia Smink Rogowski, Esquire (By Hand)
       J. Bennett Clark, Esquire (By Fax)
       Steven Lieberman, Esquire (By Fax)