IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AFFINION NET PATENTS, INC.,　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　　)　　　Civil Action No. 04-360-JJF
　　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
MARITZ INC.,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　　)

## MARITZ INC.'S PROPOSED SPECIAL VERDICT FORM

Defendant Maritz Inc. ("Maritz"), pursuant to Federal Rule of Civil Procedure 49 and

Local Rule 51.1(c) requests the Court to submit the following special verdict form to the jury:

## SPECIAL VERDICT FORM

Answer each of the following questions unless otherwise directed on this form. Your

answer to each question must be unanimous. When you have answered the questions, please

have your foreperson sign and date the form.

　　　　1.　　Do you find that Maritz proved by clear and convincing evidence that any claim

of the '412 patent is invalid because it was anticipated? (See Instruction Nos. _____)

　　　　Answer "Yes" or "No" (A "Yes" answer is a finding for Maritz on this question; a "No"

answer is a finding for Affinion on this question)

　　　　　　　　　　　　Answer_____

　　　　2.　　If your answer to question #1 is "No," skip to question #3. If your answer to

question #1 is "Yes," identify below which claims you find are invalid because they are

anticipated. (Check only the claims you find ARE invalid)

　　　　　　10_____　　　　　　27_____　　　　　　36_____

11_____          28_____

12_____          29_____

13_____          30_____

14_____          31_____

15_____          32_____

16_____          33_____

17_____          34_____


3.    Do you find that Maritz proved by clear and convincing evidence that any claim

of the '412 patent is invalid because it was obvious?  (See Instruction Nos. _____)

Answer "Yes" or "No" (A "Yes" answer is a finding for Maritz on this question; a "No"

answer is a finding for Affinion on this question)

Answer_____


4.    If your answer to question #3 is "No," skip to question #5.  If your answer to

question #3 is "Yes," identify below which claims you find are invalid because they are obvious.

(Check only the claims you find ARE invalid)

10_____          27_____          36_____

11_____          28_____

12_____          29_____

13_____          30_____

14_____          31_____

15_____          32_____

2

16_____          33_____

17_____          34_____


5.    Do you find that Maritz proved by clear and convincing evidence that any claim of the '412 patent is invalid for failing to correctly list the inventors? (See Instruction Nos. _____)

Answer "Yes" or "No" (A "Yes" answer is a finding for Maritz on this question; a "No" answer is a finding for Affinion on this question)

Answer_____


6.    If your answer to question #5 is "No," skip to question #7.  If your answer to question #5 is "Yes," identify below which claims you find are invalid due to incorrect inventorship.  (Check only the claims you find ARE invalid)

10_____          27_____          36_____

11_____          28_____

12_____          29_____

13_____          30_____

14_____          31_____

15_____          32_____

16_____          33_____

17_____          34_____

7.     Do you find that Maritz proved by clear and convincing evidence that any claim of the '412 patent is invalid because Thomas Storey derived the invention from someone else? (See Instruction Nos. _____)

Answer "Yes" or "No" (A "Yes" answer is a finding for Maritz on this question; a "No" answer is a finding for Affinion on this question)

Answer_____

8.     If your answer to question #7 is "No," skip to question #9.  If your answer to question #7 is "Yes," identify below which claims you find are invalid because Thomas Storey derived the claimed invention from someone else.  (Check only the claims you find ARE invalid)

| 10_____ | 27_____ | 36_____ |
|---------|---------|---------|
| 11_____ | 28_____ | |
| 12_____ | 29_____ | |
| 13_____ | 30_____ | |
| 14_____ | 31_____ | |
| 15_____ | 32_____ | |
| 16_____ | 33_____ | |
| 17_____ | 34_____ | |

4

9.     Do you find that Maritz proved by clear and convincing evidence that claims 12, 13, 29, and 30 of the '412 patent are invalid because they are indefinite?[1] (See Instruction Nos. _____)

Answer "Yes" or "No" (A "Yes" answer is a finding for Maritz on this question; a "No" answer is a finding for Affinion on this question)

Answer_____

10.     Do you find that Maritz proved by clear and convincing evidence that any claim of the '412 patent is invalid because the '412 patent's written description is inadequate to show that Thomas Storey was in possession of the invention set forth in the claim? (See Instruction Nos. _____)

Answer "Yes" or "No" (A "Yes" answer is a finding for Maritz on this question; a "No" answer is a finding for Affinion on this question)

Answer_____

11.     If your answer to question #10 is "No," skip to question #12.  If your answer to question #10 is "Yes," identify below which claims you find are invalid due to an inadequate written description.  (Check only the claims you find ARE invalid)

10_____        27_____        36_____

11_____        28_____

---

[1] As set forth in Maritz's *Markman* briefing, Maritz contends that the definiteness inquiry is a question of law subsumed by the Court's function of construing the claims. *See* D.I. 151 at 31; *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005). If the Court determines that this is a jury issue, however, Maritz submits that this proposed language should be included in the Special Verdict Form.

12_____          29_____

13_____          30_____

14_____          31_____

15_____          32_____

16_____          33_____

17_____          34_____


12.    If, having answered the preceding questions, you have found that none of the asserted claims (10-17, 27-34, and 36) are valid, skip to question #19.  If you have found one or more of the asserted claims to be valid, continue to question #13.


13.    Do you find that Affinion proved by a preponderance of the evidence that the making, using, selling, or offering for sale of the VAULT system infringed any valid claim of the '412 patent?  (See Instruction Nos. _____)

Answer "Yes" or "No" (A "Yes" answer is a finding for Affinion on this question; a "No" answer is a finding for Maritz on this question)

Answer_____


14.    If your answer to question #13 is "No," skip to question #15.  If your answer to question #13 is "Yes," identify below which claims you find that Affinion has proven by a preponderance of the evidence that Maritz's VAULT system infringes.  (Check only the claims you find ARE both valid and AND infringed)

10_____          27_____          36_____


6

11_____          28_____

12_____          29_____

13_____          30_____

14_____          31_____

15_____          32_____

16_____          33_____

17_____          34_____


15.    Do you find that Affinion proved by a preponderance of the evidence that the making, using, selling, or offering for sale of the AwardHQ website infringed any valid claim of the '412 patent?  (See Instruction Nos. _____)

Answer "Yes" or "No" (A "Yes" answer is a finding for Affinion on this question; a "No" answer is a finding for Maritz on this question)

Answer_____


16.    If your answer to question #15 is "No," skip to question #17.  If your answer to question #15 is "Yes," identify below which claims you find that Affinion has proved by a preponderance of the evidence that Maritz's AwardHQ website infringes.  (Check only the claims you find ARE both valid AND infringed)


10_____          27_____          36_____

11_____          28_____

12_____          29_____

13_____          30_____

14_____          31_____

15_____          32_____

16_____          33_____

17_____          34_____


17.    If you find that Maritz has not infringed a valid claim of the '412 patent, skip to

#19.  If you find that Maritz has not shown one or more claims to be invalid and you find

Affinion has shown infringement of one or more of those valid claims, then answer the following

questions:

        a.    What, if any, are the total lost profits in dollars that Affinion Net Patents

            has proven by a preponderance of the evidence?

            (See Instruction Nos. _____)


            $_____


        b.    If you find that Affinion Net Patents has not proven lost profits for

            infringement of the '412 patent, what is the total reasonable royalty in

            dollars that Affinion Net Patents has proven by a preponderance of the

            evidence?  (See Instruction Nos. _____)


            $_____

8

18.    If you found that Maritz infringed one or more valid claim(s) of the '412 patent, state whether you find that Affinion proved by clear and convincing evidence that Maritz's infringement was willful (See Instruction Nos. _____ ):


_____ Was Willful                    _____ Was NOT Willful


19.    Do you find that Affinion proved by a preponderance of the evidence that Maritz has falsely marked advertising "patent pending" for the purpose of deceiving the public?  (See Instruction Nos. _____ ):

Answer "Yes" or "No" (A "Yes" answer is a finding for Affinion on this question; a "No" answer is a finding for Maritz on this question)

Answer_____


20.    If you answered question #19 "Yes," how many instances of false marking has Affinion proved by a preponderance of the evidence?

Answer_____


21.    Do you find that Affinion proved by a preponderance of the evidence that Maritz falsely advertised its VAULT system and that Maritz did so in bad faith? (See Instruction Nos. _____ )

Answer "Yes" or "No" (A "Yes" answer is a finding for Affinion on this question; a "No" answer is a finding for Maritz on this question)

Answer_____

22.    If you answered "No" to question #21, skip questions 23 and 24.


23.    If you answered "Yes" to question #21, do you find that Affinion proved by a preponderance of the evidence that it suffered damages due to Maritz's VAULT advertising? (See Instruction Nos. _____)

Answer "Yes" or "No" (A "Yes" answer is a finding for Affinion on this question; a "No" answer is a finding for Maritz on this question)

Answer_____


24.    If you answered "Yes" to question #23, what are the total damages, in dollars, that Affinion has proved it suffered by a preponderance of the evidence due to Maritz's VAULT advertising? (See Instruction Nos. _____)

$_____


Date:_____        Foreperson:_____

10

September 11, 2006

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ *LLP*

By: _Patricia S Rogowski_

    Rudolf E. Hutz (#484)
    Patricia Smink Rogowski (#2632)
    The Nemours Building
    1007 Orange Street
    P.O. Box 2207
    Wilmington, DE 19899
    (302) 658-9141

    J. Bennett Clark
    David W. Harlan
    Jennifer E. Hoekel
    Marc W. Vander Tuig
    Michael J. Hartley
    SENNIGER POWERS
    One Metropolitan Square, 16th Floor
    St. Louis, MO 63102
    (314) 231-5400

    Attorneys for Maritz Inc.

## CERTIFICATE OF SERVICE

I, hereby certify that on **September 11, 2006**, I electronically filed **MARITZ INC.'S PROPOSED SPECIAL VERDICT FORM** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on September 11, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Patricia Smink Rogowski (#2632)

344560_24