PROPOSED JURY INSTRUCTION NO. ____
4.8  Incorrect Inventorship

Noinjoinder of an actual inventor renders a patent invalid.  A joint inventor is one who (1) contributes in some significant manner to the conception of the invention, (2) makes a contribution to the claimed invention that is not insignificant in quality, when the contribution is measured against the dimension of the full invention, and (3) does more than merely explain to the real inventors well-known concepts and/or the current state of the art.  It is not necessary that the joint inventors physically work together or at the same time or make a contribution to the subject matter of every claim of the patent.  Contribution to one claim is enough.

Authority:     *Pannu v. Iolab Corp.*, 155 F.3d 1344, 1348-51 (Fed. Cir. 1998); Model Patent
               Jury Instructions for the Northern District of California § 4.3(c).

PROPOSED JURY INSTRUCTION NO. _____
5.1  Obviousness

As I mentioned earlier, an inventor is not entitled to a patent if his or her invention would have been obvious to a person of ordinary skill in the field of the invention at the time the invention was made.

Unlike anticipation, obviousness may be shown by considering more than one item of prior art. The question is, would it have been obvious for a skilled person who knew of the prior art to make the claimed invention? If the answer to that question is yes, then the patent claims are invalid. Maritz has the burden of proving by clear and convincing evidence that claims 10-17, 27-34, and 36 of the '412 patent are invalid for obviousness.

Obviousness is determined from the perspective of a person of ordinary skill in the field of the invention. The issue is not whether the claimed invention would have been obvious to you, to me as a judge, or to a genius in the field of the invention. Rather, the question is whether or not the invention would have been obvious to a person of ordinary skill in the field of the invention.

In deciding obviousness, you must avoid using hindsight; that is, you should not consider what is known today or what was learned from the teachings of the patent. You should not use the patent as a road map for selecting and combining items of prior art. You must put yourself in the place of a person of ordinary skill at the time the invention was made.

In determining whether or not these claims would have been obvious, you should make the following determinations:

First, what is the scope and content of the prior art?

Second, what differences, if any, are there between the invention of the claims of the '412 patent and the prior art?

Third, what was the level of ordinary skill in the art at the time the invention was made?

27

Fourth, are there any objective indications of nonobviousness?

Against this background, you must decide whether or not the invention covered by the '412 patent claims would have been obvious.

I will now describe in more detail the specific determinations you must make in deciding whether or not the claimed invention would have been obvious.

Authority: ABA Model Jury Instructions for Patent Litigation, § 9.8 (2005)

PROPOSED JURY INSTRUCTION NO. _____
5.2  The Scope and Content of the Prior Art

Determining the scope and content of the prior art means that you should determine what is disclosed in the prior art relied on by Maritz.  You must decide whether this prior art was reasonably relevant to the particular problem the inventor was attempting to solve in making the invention covered by the patent claims.  Such relevant prior art includes prior art in the field of the invention, and also prior art from other fields that a person of ordinary skill would look to when attempting to solve the problem.

Authority: ABA Model Jury Instructions for Patent Litigation, § 9.8.1 (2005)

PROPOSED JURY INSTRUCTION NO. ____
5.3  Differences between the Invention of the Claims and the Prior Art

In determining the differences between the invention covered by the patent claims and the prior art, you should not look at the individual differences in isolation. You must consider the claimed invention as a whole and determine whether or not it would have been obvious in light of all of the prior art.

In deciding whether to combine what is described in various items of prior art, you should keep in mind that there must be some motivation or suggestion for a skilled person to make the combination covered by the patent claims. You should also consider whether or not someone reading the prior art would be discouraged from following the path taken by the inventor.

A suggestion, teaching or motivation to combine the relevant prior art teachings does not have to be found explicitly in the prior art but rather can be implicit from the prior art as a whole. The test for an implicit showing is what the combined teachings, knowledge of one of ordinary skill in the art, and the nature of the problem to be solved as a whole would have suggested to those of ordinary skill in the art.

Authority: ABA Model Jury Instructions for Patent Litigation, § 9.8.2 (2005) (modified)

PROPOSED JURY INSTRUCTION NO. _____
5.4  Level of Ordinary Skill

Obviousness is determined from the perspective of a person of ordinary skill in the art. This person is presumed to know all of the prior art, not just what the inventor may have known. When faced with a problem, this ordinary skilled person is able to apply his or her experience and ability to the problem and also to look to any available prior art to help solve the problem.

Factors to consider in determining the level of ordinary skill in the art include the educational level and experience of people working in the field, the types of problems faced by workers in the art and the solutions found to those problems, and the sophistication of the technology in the field.

Authority: ABA Model Jury Instructions for Patent Litigation, § 9.8.3 (2005)

PROPOSED JURY INSTRUCTION NO. _____
5.5  Objective Indications Concerning Obviousness

You also must consider what are referred to as objective indications of nonobviousness. Some of these indications of nonobviousness are:

1.  Commercial success of products covered by the patent claims or made by a process covered by the patent claims.

2.  A long-felt need for the invention.

3.  Failed attempts by others to make the invention.

4.  Copying of the invention by others in the field.

5.  Unexpected results achieved by the invention.

6.  Praise of the invention by the infringer or others in the field.

7.  The taking of licenses under the patent by others.

8.  Expressions of surprise by experts and those skilled in the art at the making of the invention.

9.  The patentee proceeded contrary to the accepted wisdom of the prior art.

The presence of any of these objective indications may suggest that the invention was not obvious.  These objective indications are only relevant to obviousness if there is a connection, or nexus, between them and the invention covered by the patent claims.  For example, commercial success is relevant to obviousness only if the success of the product is related to a feature of the patent claims.  If the commercial success is the result of something else, such as innovative marketing, and not to a patented feature, then you should not consider it to be an indication of nonobviousness.


Authority: ABA Model Jury Instructions for Patent Litigation, § 9.8.4 (2005)

PROPOSED JURY INSTRUCTION NO. _____
5.6  Licenses Taken by Others Under the Patent

It is often less expensive to take licenses from a patentee rather than defend against infringement suits.  Thus, while licenses may constitute evidence of nonobviousness, you must consider what if any weight to attribute to such evidence if Affinion does not demonstrate a nexus between the merits of the invention in the asserted claims and the licenses that are admitted into evidence.

Authority:    *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.*, 392 F.3d 1317, 1324 (Fed. Cir. 2004).

PROPOSED JURY INSTRUCTION NO. _____
5.7  Independent Invention by Others

In reaching your determination on the issue of obviousness, you should also consider whether or not the claimed invention was developed independently by other persons, either before it was invented by Thomas Storey or at about the same time.  Just as the failure of others to make the invention may be evidence that an invention would not have been obvious, independent making of the invention by persons other than the inventor at about the same time may be evidence that the invention would have been obvious, depending on the circumstances.

Authority:     2006 AIPLA Model Instructions, Obviousness No. 15; Uniform Jury Instructions for Patent Cases in the United States District Court for the District of Delaware § 4.8.9; *Ecolochem, Inc. v. S. Cal. Edison Co*, 227 F.3d 1361, 1379 (Fed. Cir. 2000).

PROPOSED JURY INSTRUCTION NO. _____
5.8  Determination of Obviousness

Maritz contends that the invention claimed in claims 10-17, 27-34, and 36 of the '412 patent would have been obvious to a person of ordinary skill in the field of the invention at the time the invention was made.  If you find that Maritz has proved obviousness by clear and convincing evidence, then you must find that the claims are invalid for obviousness.

Authority:  ABA Model Jury Instructions for Patent Litigation, Section 9.8.5 (2005)

PROPOSED JURY INSTRUCTION NO. _____
6.1 Inequitable Conduct - Generally

[After a patent application is filed, it is assigned to an Examiner, who examines the application and attempts to determine whether or not the application and the claims meet all of the requirements of the patent laws.

In conducting this examination, the Examiner must consider the description of the invention in the application, which may involve a highly technical subject matter, and search for and consider the prior art. The Examiner has only a limited amount of time and resources available and, therefore, must rely on information provided by the applicant with respect to the technical field of the invention and the prior art.

Because the Patent and Trademark Office must rely on the patent applicant for information, applicants for patents have a duty of honesty and good faith in their dealings with the Patent and Trademark Office. Persons who have this duty include the inventor named on the patent application, persons who represent the inventor before the Patent and Trademark Office, and other persons involved in a substantial way with the application.

This duty of honesty and good faith exists from the time the application is filed and continues for the entire time that an application is pending before the Patent and Trademark Office. It requires that the applicant, the applicant's representatives, and others involved in a substantial way with the application fully disclose to the Patent and Trademark Office all information of which they are aware that is material to examination of the application, including all material prior art. I will explain to you in a moment how you may determine whether or not information is material.

Intentional failure to fulfill this duty of honesty and good faith is called inequitable conduct. When inequitable conduct occurs during the course of obtaining a patent, the patent is unenforceable. This means that the patent owner may not prevent others from using the

invention covered by the claims of the patent and may not collect damages for patent infringement.

Maritz has the burden of proving inequitable conduct by clear and convincing evidence. Maritz must prove that the inventor, the inventor's representative, or someone involved in a substantial way with the application withheld or misrepresented information that was material to the examination of the '412 patent application, and that such person or persons acted with an intent to deceive or mislead the Patent Examiner.

I will now explain to you the requirements of materiality and intent. I will then explain how you should balance any materiality and intent that you find in order for you to determine whether or not there was inequitable conduct.][9]

Authority: ABA 2005 Model Jury Instruction 10.1 (modified)

---

[9] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. ____
6.2  Inequitable Conduct - Duty of Disclosure

[Those associated with the prosecution of a patent application have a duty to bring to the attention of the examiner any information within their knowledge as to other co-pending United States applications which are material to patentability of the application in question, as well as any prior art or other information disclosed in the co-pending application.  It is improper to assume that the examiner of a particular application is necessarily aware of other applications material to patentability of the application in question.

Those associated with the prosecution of the '412 patent also had an obligation to ensure that prior art or other information cited to the Examiner was properly described and not incorrectly or incompletely characterized.  A lapse on the part of the Examiner does not excuse an applicant's insufficient disclosure.][10]

Authority:    *Critkon, Inc. v. Becton Dickinson Vascular Access, Inc.*, 120 F.3d 1253, 1256
              (Fed. Cir. 1997), citing *LaBounty Mfg., Inc. v. United States Int'l Trade Comm'n*,
              958 F.2d 1066, 1076 (Fed. Cir. 1992); *Brasseler, U.S.A. v. Stryker Sales Corp.*,
              267 F.3d 1370, 1380 (Fed. Cir. 2001); MPEP §§ 2001.06(b), 2004 at No. 9;
              *Dayco Prod. Inc., v. Total Containment*, 329 F.3d 1358, 1365-69 (Fed. Cir. 2003);
              *KangaROOS U.S.A., Inc. v. Caldor, Inc.*, 778 F.2d 1571, 1576 (Fed. Cir. 1985);
              MPEP § 2004 at No. 7.

---

[10] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. _____
6.3  Inequitable Conduct - Materiality

[In considering the issue of materiality, you must first determine whether or not information was withheld from or misrepresented to the Patent and Trademark Office. If you find that the inventor, the inventor's representative, or others involved in a substantial way with the application withheld or misrepresented information when applying for the '412 patent, you must then determine whether or not that information was material.

Information is material if there is a substantial likelihood that a reasonable Patent Examiner would consider it important in deciding whether or not to allow the application to issue as a patent. Information is also material if it refutes or is inconsistent with information provided or arguments made to persuade the Examiner that the invention is entitled to patent protection.][11]

Authority:    ABA 2005 Model Jury Instruction 10.2 (modified); *Digital Control Inc. v. The Charles Machine Works*, 437 F.3d 1309, 1314-16 (Fed. Cir. 2006); *Perspective Biosystems v. Pharmacia Biotech.*, 225 F.3d 1315, 1321 (2000); MPEP §§ 2137.01, 2004; 35 U.S.C. § 102(f)

---

[11] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. _____
6.4 Inequitable Conduct - Materiality

[A withheld reference may be highly material when it discloses a more complete combination of relevant features, even if those features are before the patent examiner in other references. A reference is not immaterial simply because the patent claims are eventually deemed by an examiner to be patentable over the reference.][12]

Authority:      *Semiconductor Energy Laboratory Co., v. Samsung Electronics Co.*, 204 F. 3d 1368, 1374 (Fed. Cir. 2000); *Molins PLC v. Textron, Inc.*, 48 F.3d 1172, 1178 (Fed. Cir. 1995).

---

[12] It must be decided whether and to what extent equitable issues will be submitted to the jury.

40

PROPOSED JURY INSTRUCTION NO. _____
6.5 Inequitable Conduct - Materiality - Willful Ignorance

[Inventors represented by counsel are presumed to know the law. An applicant, his representative, or others involved in a substantial way with a patent application cannot cultivate ignorance or disregard warnings that material information or prior art may exist, merely to avoid actual knowledge of that information or prior art. Where one does, deceptive intent may be inferred.

Implied notice of a fact is notice that is inferred from facts that a person had a means of knowing and that is thus imputed to that person; actual notice of facts or circumstances that, if properly followed up, would have led to a knowledge of the particular fact in question.

Attorneys representing patent applicants must conduct meaningful inquiries when the surrounding factual circumstances would cause a reasonable attorney to understand that relevant and questionable material information should be assessed to determine whether it should be disclosed to the Patent Office.

Once an applicant, representative, or others involved have notice that information exists that appears material and questionable, any such person cannot ignore that notice in an effort to avoid the duty to disclose. Where an applicant, his representatives, or other involved in a substantial way with the application knew of information the materiality of which may be so readily be determined, they cannot intentionally avoid learning of its materiality, even through gross negligence; in such cases, you may find that the applicant should have known of the

materiality of the information.  Close cases should be resolved by disclosure, not unilaterally by

the applicant.][13]

Authority:    *Brasseler, U.S.A. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380, 1382, 1385 (Fed.
Cir. 2001); *Critikon, Inc. v. Beckton Dickinson Vascular Access, Inc.*, 120 F.3d
1253, 1256 (Fed. Cir. 1997)1256; *LaBounty Mfg., Inc. v. United States Int'l
Trade Comm'n*, 958 F.2d 1066, 1076 (Fed. Cir. 1992).

---

[13] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. \_\_\_\_
6.6 Inequitable Conduct - Materiality of Inventorship

[As a critical requirement for obtaining a patent, inventorship is material.  If there are questions regarding inventorship, those associated with the prosecution of the application must call them to the attention of the Patent and Trademark Office.][14]

Authority:     *Perseptive Biosystems Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315,1321 (Fed. Cir. 2000); Manual of Patent Examining Procedure §§ 2001.06(c) 2137.01, 2004; 35 U.S.C. § 102(f).

---

[14] It must be decided whether and to what extent equitable issues will be submitted to the jury.

43

PROPOSED JURY INSTRUCTION NO. ____
6.7 Inequitable Conduct - Materiality of Litigation

[Where the subject matter for which a patent is being sought is or has been involved in litigation, the existence of such litigation and any other material information arising therefrom is material to patentability.  Such material information includes evidence of possible prior public use or sales, questions of inventorship, prior art, allegations of fraud, inequitable conduct, violating the duty of disclosure, and any assertion that is made during litigation which is contradictory to assertions made to the examiner.][15]

Authority:    MPEP Section 2001.06(c); *Critikon, Inc. v. Beckton Dickinson Vascular Access, Inc.*, 120 F.3d  1253, 1259 (Fed. Cir. 1997); *Daimlerchrysler AG v. Feuling Advanced Tech., Inc.*, 276 F. Supp. 2d 1054, 1063 (S.D. Cal. 2003).

---

[15] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. ____
6.8  Inequitable Conduct - Intent

[Evidence relevant to the question of intent to deceive or mislead the Patent and Trademark Office includes any direct evidence of intent, as well as evidence from which intent may be inferred.  The patent law recognizes that direct evidence of an actual intent to deceive or mislead is rarely available.  You may, however, infer intent from conduct.  That means you may conclude that a person intended the foreseeable results of his or her actions.  You should decide whether or not to infer an intent to deceive or mislead based on the totality of the circumstances, including the nature of the conduct and evidence of the absence or presence of good faith.][16]

Authority:  ABA 2005 Model Jury Instruction 10.3

---

[16] It must be decided whether and to what extent equitable issues will be submitted to the jury.

45

PROPOSED JURY INSTRUCTION NO. _____
6.9  Inequitable Conduct - Balancing Materiality and Intent

[If you find that Maritz has proved that by clear and convincing evidence that material information was withheld or misrepresented and that there was an intent to deceive or mislead the Patent Examiner, you must then balance the degree of materiality and the degree of intent to determine whether or not the evidence is sufficient to establish that there was inequitable conduct.

The higher the materiality of the withheld or misrepresented information is, the lower the intent needed to establish inequitable conduct.][17]

Authority:    ABA 2005 Model Jury Instruction 10.4 (modified).

---

[17] It must be decided whether and to what extent equitable issues will be submitted to the jury.

46

PROPOSED JURY INSTRUCTION NO. ____
6.10  Inequitable Conduct - Good Faith Explanation

[In determining whether the applicant engaged in inequitable conduct, you should also consider any evidence of good faith on the part of the applicant and those involved in prosecuting the application offered by Affinion.  Where withheld information is material and the applicant, his representatives, or others involved in a substantial way with the application knew or should have known of the materiality,  the applicant, representatives, and involved others will have great difficulty in establishing subjective good faith sufficient to overcome an inference of intent to mislead.  In the absence of a credible explanation, intent to deceive is generally inferred form the facts and circumstances surrounding a knowing failure to disclose material information.][18]

Authority:    *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 326 F.3d 1226, 1239 (Fed. Cir. 2003); *Frazier v. Roessel Cine Photo Tech., Inc.*, 417 F.3d 1230, 1235-36 (Fed. Cir. 2005); *Bruno Indep. Living Aids, Inc. v. Acorn Mobility Servs. Ltd.*, 394 F.3d 1348, 1354 (Fed. Cir. 2005).

---

[18] It must be decided whether and to what extent equitable issues will be submitted to the jury.

47

PROPOSED JURY INSTRUCTION NO. ____
6.11  Inequitable Conduct - Infectious Unenforceability

[Inequitable conduct committed during prosecution of a parent application can "infect" a later filed application.  To prove infectious unenforceability, Maritz must establish two elements: (1) that the '870 patent is unenforceable due to inequitable conduct; and (2) that the '412 patent bears an immediate and necessary relation to that inequitable conduct.][19]

Authority:    *Consolidated Aluminum Corp. v. Foseco Intern. Ltd.*, 910 F.2d 804, 810-11 (Fed. Cir. 1990); *Mosaid Technologies Inc. v. Samsung Electronics Co., Ltd.*, 362 F. Supp. 2d 526 (D. N.J. 2005).

---

[19] It must be decided whether and to what extent equitable issues will be submitted to the jury.

48

PROPOSED JURY INSTRUCTION NO. ____
6.12  Inequitable Conduct - Curing Inequitable Conduct

[To cure inequitable conduct that occurs during prosecution, the applicant, his representatives, or those associated with the application must: (1) expressly advise the PTO of the existence of the misrepresentation or non-disclosure, stating specifically wherein it occurred; (2) if the misrepresentation or non-disclosure was of one or more facts, advise the PTO what the actual facts are, making it clear that further examination in light thereof may be required; and (3) on the basis of the new and factually accurate record, establish the patentability of the claimed subject matter.  A complete "cure" must be demonstrated by clear, unequivocal, and convincing evidence.][20]

Authority:     *Rohm & Haas Co. v. Crystal Chemical Co.*, 722 F.2d 1556, 1572 (Fed. Cir. 1983); *eSpeed, Inc. v. Brokertec USA, L.L.C.*, 417 F. Supp. 2d 580, 597 (D.Del. 2006).

---

[20] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. _____
7.1  Laches

[To invoke the laches defense, Maritz has the burden of proving by a preponderance of the evidence that (i) the plaintiff and its predecessors delayed filing suit for an unreasonable and inexcusable length of time from the time it or its predecessors knew or reasonably should have known of the alleged infringing activity, and (ii) the delay operated to the prejudice or injury of Maritz.  To establish a laches defense, it is not necessary that Maritz have been aware of the patent holder or its patent.

If you find the plaintiff and its predecessors have committed laches in the present case, you may not award damages to plaintiff for any time prior to the commencement of this suit on June 8, 2004.][21]

Authority:    *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1032, 1042 (Fed. Cir. 1992)

---

[21] It must be decided whether and to what extent equitable issues will be submitted to the jury.