PROPOSED JURY INSTRUCTION NO. _____
7.2  Laches - Constructive Knowledge

[Constructive knowledge of the alleged infringement may be imputed to the patent owner where it has not actual knowledge of the sale, marketing, publication, public use, or other conspicuous activities of potential infringement if these activities are sufficiently prevalent in the inventor's field of endeavor.  A patent owner which is negligently or willfully oblivious to these types of activities cannot later claim his lack of knowledge as justification for escaping the application of laches.][22]

Authority:    *Wanlass v. General Electric Co.*, 148 F. 3d 1334, 1338 (Fed. Cir. 1998).

---

[22] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. ____
7.3  Laches - Prejudice to Maritz

[The prejudice or injury suffered by Maritz on account of the delay in filing this suit may be either evidentiary or economic in nature.  Evidentiary prejudice refers to the loss or destruction of evidence Maritz could have used in mounting its defense absent the delay.  It arises when a delay renders the accused infringer unable to present a full and fair defense on the merits as, for example, when material witnesses die or the passage of time leaves memories unreliable.  Economic prejudice focuses on financial investment or changes, undertaken by Maritz during the laches period that resulted from the inaction of plaintiff or its predecessors.  Maritz need not show that it affirmatively relied on the fact that no infringement suit was pending against the accused product in making his investment; it need only show that the investment was a natural consequence of the passage of time.][23]

Authority:    *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020 (Fed. Cir. 1992);
              *Meyers v. Asics Corp.*, 974 F.2d  1304, 1308 n. 1 (Fed. Cir. 1992).

---

[23] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. __
8 Equitable Estoppel

[To invoke the equitable estoppel defense, Maritz must show by a preponderance of the evidence that (1) plaintiff or its predecessors communicated something in a misleading way, either by words, conduct or silence, (2) Maritz relied upon that action or inaction, and (3) Maritz would be harmed materially if plaintiff is permitted to assert a claim inconsistent with its earlier conduct. Unlike the laches defense, equitable estoppel does not require the passage of an unreasonable period of time in filing suit. Inaction, combined with other factors with respect to the relationship or contacts between the parties, may give rise to the inference that the patent owner did not intend to press an infringement claim against Maritz.

As with laches, the prejudice suffered by Maritz may be in the form of a change of economic position or loss of evidence.][24]

Authority:    *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1041-43 (Fed. Cir. 1992)

---

[24] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. __
9.1 Unclean Hands

[Maritz may establish its unclean hands defense by showing (i) the existence of an unconscionable act of Affinion or its predecessors which (ii) has an immediate and necessary relation to the equity which plaintiff seeks with respect to this case, that is, enforcement of the '412 patent. The act need not necessarily have been of such a nature as to be punishable as a crime or so as to justify legal proceedings of any nature.

Unclean hands can be found, for example, with respect to withholding information from the United States Patent Office or with respect to Affinion's conduct in litigation.][25]

Authority:    *Keystone Driller Co. v. General Excavator Co.*, 290 U.S. 240, 244-5 (1933); *Precision Instrument Mfg. Co. v. Automatic Maintenance Machinery Co.*, 324 U.S. 806, 814-15 (1945); *Consolidated Aluminum Corp. v. Foseco Intern., Ltd.*, 910 F.2d 804, 812 (Fed. Cir. 1990).

---

[25] It must be decided whether and to what extent equitable issues will be submitted to the jury.

54

PROPOSED JURY INSTRUCTION NO. ___
9.2 Unclean Hands - Not Limited by Any Formula

[Unclean hands is not bound by a formula or restrained by any limitation that tends to hamper the free and just exercise of discretion. Maritz may demonstrate the applicability of the unclean hands defense by showing that plaintiff is using the Court to obtain an equitable remedy (such as injunctive relief), but has violated conscience, good faith, or other equitable principles, or has acted with fraud or deceit as to this controversy.

Where a lawsuit in equity concerns the public interest as well as the private interests of the litigants, unclean hands assumes even wider and more significant proportions. The enforcement of a patent is a matter of public interest.][26]

Authority:    *Precision Instrument Mfg. Co. v. Automatic Maintenance Machinery Co.*, 324 U.S. 806, 814-16 (1945).

---

[26] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. __
10.1 Patent Misuse

[To establish its defense and counterclaim for patent misuse, Maritz must prove:

(1) (a) that this lawsuit was brought in bad faith and with an improper purpose or (b) that

the patent owner's actions in the marketplace, in seeking and obtaining licenses,

was in bad faith, and

(2) any such action was taken with anticompetitive effect or in implementation of an

improper restraint of trade.][27]

Authority:    *Glaverbel Societe Anonyme v. Northlake Marketing*, 45 F.3d 1550, 1558 (Fed.
Cir. 1995)

---

[27] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. __
10.2 Patent Misuse - Bad Faith

[The first element of the misuse defense and counterclaim -- the bringing of suit in bad

faith and with an improper purpose, or the seeking and obtaining of licenses in bad faith -- may

be established by proof that the party or parties bringing or maintaining this suit and/or seeking

and obtaining licenses did so knowing or having reason to know that any patent asserted against

Maritz and/or for which a license has been sought was obtained through inequitable conduct

before the U.S. Patent Office and therefore is not properly enforceable.  To reach the conclusion

that misuse has occurred, you must believe that this lawsuit is baseless, in the sense that no

reasonable litigant could realistically expect success on the merits, and/or that the party seeking

licenses did so in bad faith, in the knowledge that the patents were inequitably obtained.][28]


Authority:    *Glaverbel Societe Anonyme v. Northlake Marketing*, 45 F.3d 1550, 1558 (Fed.
              Cir. 1995); *Professional Real Estate Investors, Inc. v. Columbia Pictures Indus.,
              Inc.*, 508 U.S. 49, 56-60 (1993).

---

[28] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. __
10.3 Patent Misuse - Bad Faith

[The second element of patent misuse -- anticompetitive effect or in implementation of an improper restraint of trade -- can be shown if Maritz proves that the patent owner's actions have imposed or threaten to impose an unreasonable restraint on competition, taking into account specific information about the relevant business, its condition before and after the restraint was imposed, and the restraint's history, nature and effect.][29]

Authority:     *Virginia Panel Corp. v. Mac Panel Co.*, 133 F.3d 860, 868 - 69 (Fed. Cir. 1997)

---

[29] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. __
11.1 Damages – Generally

If, after considering all of the evidence and the law as I have stated it, you have determined either that: (i) no asserted claim is infringed by Maritz, or (ii) any infringed claim is invalid [or unenforceable][30], then your verdict should be for Maritz and you need go no further in your deliberations.  If at least one asserted claim is infringed and not invalid [or unenforceable], you must then turn to the issue of damages.

Authority:  2004 Delaware Model Instructions

---

[30] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO. _____
11.2  Compensatory Damages in General

Patent law provides that, in the case of infringement of a valid patent claim, the owner of the patent shall be awarded damages adequate to compensate it for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer.  Damages are compensation for all losses suffered as a result of the infringement.

Damages are only to compensate Affinion, or to put Affinion into the position it would have been in if Maritz had not infringed.  You may not add anything to the amount of damages to punish Maritz, or to set an example

Authority:  2004 Delaware Model Instructions (modified); ABA Model Patent
            Jury Instructions § 11.2.

PROPOSED JURY INSTRUCTION NO.____
11.3  Notice Requirement for Patents[31]

Affinion can recover damages for infringement that occurred only after it gave notice of its patent rights.  It is Affinion's burden to prove by the preponderance of the evidence that it gave notice.

Affinion can provide notice of its patent by telling Maritz that Maritz is infringing the '412 patent and specifically identifying which of Maritz's systems allegedly infringe.  This type of notice is effective from the time it is given.  Notice as to one accused system is not sufficient to provide actual notice of other related systems.  This date of notice is in dispute here and it is up to you to determine the date on which Affinion communicated to Maritz a specific charge of infringement against Maritz's VAULT and AwardHQ systems.  The date of actual notice must be determined for each accused system individually.  Affinion has the burden to show by a preponderance of the evidence the date that it provided a specific charge of infringement of the '412 patent to Maritz as to each accused system.

As I said, Affinion may recover damages only from the time it gave notice of its patent. If you find that Affinion did not do this before beginning this lawsuit for either or both accused systems, then Affinion can only recover damages for infringement that occurred after it sued Maritz on June 8, 2004, for any such system where pre-suit notice was not given.

Authority:  Draft Uniform Jury Instructions of Patent Cases in the U.S. District;
Court for District of Delaware No. 5.4 (2004) (modified); ABA
Model Patent Jury Instructions § 11.3; 35 U.S.C. § 287; *Gart v.*
*Logitech, Inc.*, 254 F.3d 1334, 1346-47 (Fed. Cir. 2001)

---

[31] In this case, Affinion admits that is has not complied with the constructive notice provisions of 35 U.S.C. § 287.  Accordingly, if, *arguendo*, Affinion can establish infringement, it may not recover any damages prior to the date it gave Maritz actual notice of infringement.

PROPOSED JURY INSTRUCTION NO. _____
11.4  Two Types of Damages—Lost Profits and Reasonable Royalty[32]

There are two types of damages for patent infringement.

The first type of patent damages is lost profits.  Briefly, lost profits damages compensate the patent owner for the additional profits that it would have made if the accused infringer had not infringed.  You may hear this referred to as the "but for" test.  I will discuss lost profits in more detail shortly.

The second type of patent damages is called reasonable royalty.  I will also discuss reasonable royalty later in more detail.  Generally, a reasonable royalty is defined by the patent laws as the reasonable amount that someone wanting to use the patented invention should expect to pay to the patent owner and that the owner should expect to receive.  A reasonable royalty is the minimum amount of damages that a patent owner may recover.

Authority:  ABA Model Patent Jury Instructions §11.4

---

[32] Maritz has moved for summary judgment on the issue of lost profits (D.I. 153), the grant of which would moot this instruction.

PROPOSED JURY INSTRUCTION NO. ____
11.5  Lost Profits—in General [33]

I will first instruct you about lost profit damages.  Simply stated, lost profit damages are the profits plaintiff lost because of the infringement.  They are not the profits Maritz made.

Affinion says that it lost profits because Maritz's infringement took away sales that Affinion would have made.  This is called lost profits due to lost sales.

Affinion has the burden to show that it was more probable than not that it would have made additional profits if Maritz had not infringed.

Remember, if you find Affinion did not prove infringement of a valid [and enforceable][34] patent claim, there can be no damages of any kind.

Authority:  ABA Model Patent Jury Instructions §11.5

---

[33] Maritz has moved for summary judgment on the issue of lost profits (D.I. 153), the grant of which would moot this instruction.

[34] It must be decided whether and to what extent equitable issues will be submitted to the jury.

PROPOSED JURY INSTRUCTION NO.\_\_\_\_
11.6  Lost Profits Due to Lost Sales[35]

Lost sales are those sales the patent owner lost because of the infringement.

To prove that it lost sales, Affinion must prove that it was more probable than not that it would have made additional sales if Maritz had not made the sales you find to be an infringement.  To recover lost profits damages, you must find that patentee was actually selling the patented system or a system that directly competed with the patented system.

Affinion may receive damages for lost sales only on those systems that compete with Maritz's systems that you find to infringe, and that are functionally part of the competing product.  Affinion may not receive lost profit damages for other products or services that might be sold along with the competing product for convenience or business advantage, but that are not functionally part of the competing product.

Authority:    ABA Model Patent Instructions §11.6; *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978); *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1544 (Fed. Cir. 1995); *Poly-America, L.P. v. GSE Lining Tech., Inc.*, 383 F.3d 1303 (Fed. Cir. 2004)

---

[35] Maritz has moved for summary judgment on the issue of lost profits (D.I. 153), the grant of which would moot this instruction.

PROPOSED JURY INSTRUCTION NO. _____
11.7  Manufacturing and Marketing Ability[36]

In deciding whether the patentee lost sales, you should consider whether or not the patentee has proved that it had the manufacturing capacity and the marketing capability to make the sales it says it lost.

Affinion must prove that it was more probable than not that the patentee could have made, or could have had someone else make for it, the additional products it says it could have sold but for the infringement.

Affinion also must prove that the patentee had the capability to market and sell the additional products.

Authority:  ABA Model Patent Jury Instructions §11.6.1

---

[36] Maritz has moved for summary judgment on the issue of lost profits (D.I. 153), the grant of which would moot this instruction.

PROPOSED JURY INSTRUCTION NO. ____
11.8  Absence of Acceptable Non-infringing Substitutes[37]

In determining whether any lost sales were due to Maritz's infringement, you must consider whether or not, if Maritz's infringing system was not available, some or all of the people who bought from Maritz would have bought a different, non-infringing product from Maritz or from somebody else, rather than buy from the patentee.  In that regard, you should consider a product sold by one of the licensees of the '412 patent to be a non-infringing product.

In deciding whether or not people who bought from Maritz would have bought a non-infringing product, you should consider whether or not there was such a demand for the patented aspects of the infringing product that purchasers would not have bought a non-infringing product.

Authority:  ABA Model Patent Jury Instructions §11.6.2

---

[37] Maritz has moved for summary judgment on the issue of lost profits (D.I. 153), the grant of which would moot this instruction.

66

PROPOSED JURY INSTRUCTION NO. _____
11.9  Reasonable Royalty as a Measure of Damages

A royalty is an amount of money that someone pays a patent owner to be able to use the patented invention.

A reasonable royalty is the minimum permissible measure of damages.

A reasonable royalty is the amount of money that would be agreed to in a hypothetical arm's-length negotiation between the parties with both operating under the artificial assumption that the negotiated patent is valid and would be infringed by the accused products.

The reasonable royalty must be calculated as of the point in time just prior to when the alleged infringement supposedly began which in this case Affinion alleges occurred in December 1999.

In the hypothetical arm's-length negotiation, you must assume that both parties are willing participants.  You must assume that the person negotiating on behalf of Maritz was willing to take a license and hypothetically would have known that the asserted claims were valid, enforceable and infringed by it.  You must also assume that Netcentives (the owner of the patents at the time of the hypothetical negotiation) would have been wiling to grant a license and Maritz would have wanted to take a license.

Having that in mind, you may consider any relevant fact in determining the reasonable royalty for Martiz's alleged use of the patented invention, including the opinion testimony of experts.


Authority:  2004 Delaware Model Instructions

PROPOSED JURY INSTRUCTION NO. _____
11.12  Burden of Proof

Affinion has the burden of proving damages by a preponderance of the evidence.

Affinion is entitled to all damages that can be proven with reasonable certainty.  On the one

hand, reasonable certainty does not require proof of damages with mathematical precision.  Mere

difficulty in ascertaining damages is not fatal to Affinion.  On the other hand, Affinion is not

entitled to speculative damages; that is, you should not award any amount of loss that, although

possible, is wholly remote or left to conjecture.  You may base your evaluation of reasonable

certainty on opinion evidence.

Authority:  2004 Delaware Model Instructions

PROPOSED JURY INSTRUCTION NO. _____
12  False Marking

In addition to infringement, Affinion also alleges that Maritz incorrectly used the term "patent pending" in advertising associated with certain of its systems.  More specifically, it alleges that Maritz systems were not covered by any patent applications owned or controlled by Maritz and therefore use of the "patent pending" legend was misleading.  This is sometimes referred to as "false marking."

The following elements must be established by Affinion by a preponderance of the evidence to prevail on its claim of false marking, namely;

    1.    the designation "patent pending" was used in advertising in connection with Maritz's system,

    2.    that the designation was falsely used in conjunction with a system or process not covered by claims of a pending application, and

    3.    this was done with an intent to deceive the public.

Intent to deceive is a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient will be misled into thinking that the statement is true.  Evidence of a good faith belief by Maritz that any such "patent pending" designations used by it were correct—even if you ultimately find this view to be mistaken—is sufficient to defeat Affinion's false marking claim.

Authority:    *Clontech Laboratories, Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005).

PROPOSED JURY INSTRUCTION NO. _____
13  Unfair Competition[38]

Separate from its patent infringement allegation, Affinion also alleges that Maritz incorrectly used the term "patent pending" in advertising in connection with its system. Affinion further alleges that Maritz's system was not covered by any patent applications owned or controlled by Maritz and therefore use of the "patent pending" legend was misleading.

The following elements must be established by Affinion by a preponderance of the evidence to prevail on its claim of unfair competition, namely:

1.    Maritz used false or misleading statements as to its product,

2.    statements were made in bad faith,

3.    there was actual deception because of the statements or the statements had a tendency to deceive a substantial portion of the intended audience,

4.    that the deception was material in that it is likely to influence purchasing decisions,

5.    that the advertised goods traveled in interstate commerce, and

6.    the statements resulted in actual or probable injury to Affinion in terms of declining sales, loss of good will, etc.

Bad faith requires something more than a mere competitive commercial purpose, incorrectness or falsity of the statement, or disregard for incorrectness or falsity of the statement.

---

[38] Maritz asserts that 15 U.S.C. § 1125 and related Lanham Act provisions, including those related to damages, do not apply to patent marking because Congress has enacted a specific statute, 35 U.S.C. § 292, to address false marking. A settled canon of statutory construction states that specific provisions trump general provisions *lex specialis derogat legi generali*. Therefore, once Congress enacted a specific statute for patent false marking the general false marking statute should no longer apply to patent false marking. If the Court disagrees, however, Maritz submits this proposed instruction.

Authority: *Zenith Electronic Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1352-54 (Fed. Cir. 1999)

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: _Patricia S Rogowski_

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
Michael J. Hartley
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Maritz Inc.

## CERTIFICATE OF SERVICE

I, hereby certify that on **September 11, 2006**, I electronically filed **MARITZ'S PROPOSED JURY INSTRUCTIONS** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on September 11, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Patricia Smink Rogowski (#2632)

344560_25