IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC., | ) |
| | ) |
| Plaintiff, | )  C.A. No. 04-360-JJF |
| | ) |
| v. | ) |
| | ) |
| MARITZ INC., | ) |
| | ) |
| Defendant. | ) |

# JOINT PRE-TRIAL ORDER

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | CONNOLLY, BOVE, LODGE & HUTZ LLP |
|---|---|
| Jack B. Blumenfeld (#1044) | Rudolf E. Hutz (#484) |
| Maryellen Noreika (#3208) | Patricia Smink Rogowski (#2632) |
| 1201 N. Market Street | 1007 N. Orange Street |
| P.O. Box 1347 | P.O. Box 2207 |
| Wilmington, DE 19899-1347 | Wilmington, DE 19899 |
| (302) 658-9200 | (302) 658-9141 |
| Attorneys for Plaintiff | Attorneys for Defendant Maritz, Inc. |
| Affinion Net Patents, Inc. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

## JOINT PRE-TRIAL ORDER

On September, 14, 2006 at 1:00 p.m., counsel for Affinion Net Patents, Inc. ("Plaintiff" or "Affinion") and counsel for Maritz Inc. ("Defendant" or "Maritz") shall participate in a pre-trial conference before this Court pursuant to Rule 16 of the Federal Rules of Civil Procedure and Rule 16.4 of this Court. The following matters as to trial of this action commencing on October 23, 2006, are hereby ordered by the Court.

**I.      NATURE OF THE ACTION AND PLEADINGS**

1.      On June 8, 2004, Trilegiant Loyalty Solutions, Inc. filed suit against Defendant, charging Defendant with willful infringement of Plaintiff's U.S. Patent Nos. 5,774,870, 6,009,412 ("the '412 patent"), and 6,578,012. D.I. 1.

2.      On July 12, 2004, Defendant filed an Answer and Counterclaim, which raised the affirmative defenses of noninfringement and invalidity (under 35 U.S.C. §§ 101, 102, 103, and/or 112) and sought a declaratory judgment of the same. D.I. 8.

3.      On September 15, 2005, Defendant filed an Amended Answer and Counterclaim, which added the affirmative defenses of inequitable conduct, unclean hands, and failure to comply with the patent marking statute, and counterclaims for inequitable conduct and patent

misuse.  D.I. 61.

  4.  On May 31, 2006, Affinion Net Patents, Inc. was substituted as Plaintiff.  D.I. 163.

  5.  On June 8, 2006, the Court granted Plaintiff leave to file an Amended Complaint, which added claims of false marking and violation of the Lanham Act, and deleted infringement claims for U.S. Patent Nos. 5,774,870 and 6,578,012.  The Court dismissed all counterclaims relating to the deleted patents.  D.I. 173.

  6.  On July 19, 2006, Defendant filed an Answer to Amended Complaint With Affirmative Defenses and Counterclaim.  D.I. 196.  That pleading is the subject of a pending motion.  See  D.I. 213 and 223.

## II. BASES FOR FEDERAL JURISDICTION

  1.  Affinion is a corporation organized under the laws of the State of Delaware and has its principal place of business in Richmond, Virginia.

  2.  Maritz is a corporation organized under the laws of the State of Missouri and has its principal place of business in Fenton, Missouri.

  3.  Affinion's action for patent infringement of the '412 patent arises under the Patent Laws of the United States, Title 35, United States Code.  Subject matter jurisdiction over this action is proper under 28 U.S.C. §§ 1331 and 1338(a).  Subject matter jurisdiction over Maritz's counterclaims is proper under 28 U.S.C. §§ 2201(a) and 2202.

  4.  Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

## III. STATEMENT OF ADMITTED FACTS

  The facts which are admitted and require no proof at trial are attached as Exhibit 1.

**IV.    STATEMENT OF ISSUES OF FACT REMAINING TO BE LITIGATED**

1.  Affinion's statement of the issues of fact that remain to be litigated is attached as Exhibit 2.

2.  Maritz's statement of the issues of fact that remain to be litigated is attached as Exhibit 3.

**V.    STATEMENT OF ISSUES OF LAW REMAINING TO BE LITIGATED**

1.  Affinion's statement of the issues of law that remain to be litigated, and citation of authorities relied upon, is attached as Exhibit 4.

2.  Maritz's statement of the issues of law that remain to be litigated, and citation of authorities relied upon, is attached as Exhibit 5.

**VI.    EXHIBITS**

1.  The parties will offer at trial one or more of the exhibits set forth on their respective lists. These exhibit lists include potential rebuttal exhibits that may not necessarily be introduced as evidence. The exhibit lists may also include certain documents relied upon by experts in rendering opinions, which will not necessarily be introduced into evidence. (Rules 703 and 1006 of the Federal Rules of Evidence.) The parties may supplement their exhibits lists to add documents newly produced by the opposing party.

2.  Affinion's list of pre-marked exhibits, including designations of interrogatories and answers thereto, that it may offer at trial is attached as Exhibit 6.

3.  Maritz's list of pre-marked exhibits, including designations of interrogatories and answers thereto, that it may offer at trial is attached as Exhibit 7.

4.  By agreement of the parties, objections to trial exhibits, and the Federal Rule of Evidence in support of said objection, will be served by September 21, 2006, unless another date

is agreed to by the parties.  These objections will promptly be filed as a supplement to the proposed Pretrial Order.

5.  Affinion proposes that the following provision be included in the Pretrial Order, and Maritz disagrees:

*In any event, the parties shall identify the exhibits to be used on direct examination at least 48 hours before using those exhibits (except for adverse witnesses being called in the party's case-in-chief) and the other party shall assert any objections to those exhibits within 24 hours thereafter.*

6.  Demonstrative exhibits need not be included in the parties' respective exhibit lists.  The parties shall exchange final drafts (subject only to addressing evidentiary objections or rulings) of demonstrative exhibits that they intend to use at trial by 5:00 p.m. E.S.T. on October 17, 2006.  The parties shall exchange copies (using best efforts to exchange color copies) of demonstrative exhibits and shall make available for inspection physical exhibits to be used at trial, labeled with exhibit number.  Exchange of large boards or transparencies is not required and these exhibits may be exchanged on 8½ x 11 inch white paper as long as the content of the exhibit is still legible.  The parties' objections to the demonstrative exhibits, if any, shall be exchanged by 5:00 p.m. E.S.T. on October 19, 2006.  Final versions of demonstrative exhibits each party intends to use at trial shall be provided for inspection by the other party at least 24 hours before the party intends to use the exhibit.  The notice provisions of this paragraph shall not apply to demonstrative exhibits created in the courtroom during testimony or opening or closing statements at trial or to the enlargement, highlighting, ballooning, excerption, etc. of trial exhibits or of testimony.

7.  Affinion proposes that the following provision be included in the Pretrial Order,

4

and Maritz disagrees unless the list of entities is extended to include Netcentives, Inc.:

*Any document that on its face appears to have been authored by an employee, officer or agent of Maritz, Inc., Affinion Net Patents, Inc., Affinion Loyalty Group, Inc., Trilegiant Loyalty Solutions, Inc., Trilegiant Corporation, Cendant Incentives, NCCI and/or any affiliate thereof shall be deemed prima facie to be authentic, subject to the right of the party against whom such document is offered to adduce evidence and/or argue to the contrary.*

8.  A printed publication shall be deemed *prima facie* to be authentic to have been published on the date it bears (if any), subject to the right of the party against whom the publication is offered to adduce evidence and/or argue to the contrary.

9.  Any document not offered into evidence may still be used at trial for the purpose of cross examination, impeachment or rehabilitation, if otherwise competent for such purposes.

10. Any document not specifically identified on an exhibit list or not offered into evidence may still be used at trial for the purpose of impeachment, if otherwise competent for such purposes.

11. Maritz proposes that the following provision be included in the Pretrial Order, and Affinion disagrees:

*The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.*

## VII. WITNESSES TO BE CALLED IN PERSON OR BY DEPOSITION

1.  Affinion intends to call the witnesses identified in Exhibit 8 to testify in person. Affinion intends to call the witnesses listed in Exhibit 10 to testify by deposition at trial. A list of deposition excerpts for these witnesses and Maritz's objections and counterdesignations to

these designations are included in Exhibit 10.

2. Maritz intends to call the witnesses identified in Exhibit 9 to testify in person. Maritz intends to call the witnesses listed in Exhibit 11 to testify by deposition at trial. A list of deposition excerpts for these witnesses and Affinion's objections and counterdesignations to these designations are included in Exhibit 11.

3. No witness called by a party shall be permitted to testify at trial unless: (a) the witness is identified pursuant to this Order, or (b) unless the Court shall determine that in the interests of justice such witness should be called.

4. Affinion proposes that the following provision should be included in the Pretrial Order, and Maritz disagrees:

*The parties shall provide a list identifying the specific witnesses that they intend to call in their cases-in-chief by 5:00 p.m. on October 18, 2006, in the order that they intend to call those witnesses at trial. Affinion shall identify any rebuttal witnesses that it intends to call at the close of Maritz's case. Each party shall identify which witness will be called live and which will be offered by deposition. Except for good cause shown, each party shall be bound by its designation of such witnesses.*

5. Affinion proposes that the following provision should be included in the Pretrial Order, and Maritz disagrees:

*With respect to those witnesses who will be called to testify by deposition, both parties shall designate the specific page and line designations of depositions that they actually intend to read during their cases-in-chief by October 11, 2006. No deposition testimony not previously designated pursuant to this Order may be added. Within 48 hours of receiving the specific deposition designations that a party actually intends to read during its case-in-chief, the other*

6

*party shall provide objections to any such designations and also provide any portions of the deposition that it believes should be read at the same time. The specific portions of the deposition shall be read in page order. With respect to the use of video depositions, each side shall prepare its video excerpts for play during its case-in-chief, which may be followed by either a presentation of counter video excerpts or a reading of counter deposition excerpts by the other party.*

6. Affinion proposes that the following provision should be included in the Pretrial Order, and Maritz disagrees:

*Each party shall provide the other party with notice at the beginning of each trial day of the witnesses that the party presenting its case expects to call during the next two trial days, with an update for the following days' witnesses to be given at the end of each trial day. Thereafter, each side shall update its expected witnesses at the beginning and end of each trial day.*

7. Maritz proposes that the following provision should be included in the Pretrial Order, and Affinion disagrees:

*Each side shall in good faith give the other side notice of the witness(es) the party intends to call, by no later than noon the previous day, to be updated at the beginning of the evening recess (if trial is held) the previous day.*

8. Subject to the notice requirements adopted by the Court, the listing of a witness on a party's pretrial witness list does not require that party to call that witness to testify, and does not necessarily mean that the listing party has the power to compel the live testimony of that witness.

9. The parties may offer at trial some or all of the deposition testimony set forth herein. A party's decision not to introduce any testimony appearing herein shall not be

commented on during trial.

10. Any deposition testimony not specifically identified on a party's deposition designation list still may be used at trial for the purpose of impeachment, if otherwise competent for such purposes.

## VIII. BRIEF STATEMENT OF INTENDED PROOFS

1. A brief statement of what Affinion intends to provide in support of its claims, in addition to the facts not in dispute, including the details of the damages claimed, or of other relief sought, is set forth in Exhibit 12.

2. A brief statement of what Maritz intends to prove in support of its defenses and counterclaims, in addition to the facts not in dispute, is set forth in Exhibit 13.

## IX. AMENDMENTS TO PLEADINGS

1. The amendments of the pleadings desired by Affinion, and Affinion's objections to the amendments of the pleadings desired by Maritz, is attached as Exhibit 14.

2. The amendments of the pleadings desired by Maritz, and Maritz's objections to the amendments of the pleadings desired by Affinion, is attached as Exhibit 15.

## X. CERTIFICATE OF ATTEMPTED RESOLUTION OF CONTROVERSY

The parties certify that they have discussed the resolution of this controversy by settlement and that no agreement has been reached.

## XI. MISCELLANEOUS ISSUES

1. By September 20, 2006, the parties shall serve and file any motions *in limine* and/or to strike, and any *Daubert* motions and opening briefs. By September 29, 2006, the parties will serve and file answering briefs. By October 6, 2006, the parties will serve and file reply briefs. Except as otherwise agreed to in this Paragraph, the requirements of Local Rules

7.1.1 – 7.1.5 shall apply.

2. A list of miscellaneous issues that Affinion wishes to address at the pre-trial conference is set forth in Exhibit 16.

3. A list of miscellaneous issues that Maritz wishes to address at the pre-trial conference is set forth in Exhibit 17.

4. Maritz proposes that the following provision be included in the Pretrial Order, and Affinion disagrees, unless the number of exhibits a party may add to the exhibit list without agreement of the opposing party or the Court is limited to 10 new exhibits (excluding documents newly produced by the opposing party):

*The parties may amend their exhibit list, witness list, and deposition designations without leave of the Court until October 2, 2006.  In the event a party does so it shall provide a redlined version of the revised document to identify the revisions.  To the extent possible, exhibit numbers for previously identified documents shall remain the same.  Thereafter, a party may not amend their exhibit list, witness list, or deposition designations without the other party's consent or leave of the Court.*

5. The parties request that the Court play the video entitled "An Introduction to the Patent System" to educate the jury on the basic tenets of patent law.  The parties request that the time taken to play the video not be deducted from either party's allotted time.

## XII. ORDER TO CONTROL COURSE OF ACTION

1. This Order shall control the subsequent course of this action, unless modified by the Court to prevent manifest injustice.  The parties reserve the right to supplement the pretrial order as discussed herein.

9

SO ORDERED.

Date:  September ____, 2006          _____
                                      Judge, United States District Court

**JOINTLY SUBMITTED BY:**

| MORRIS, NICHOLS, ARSHT & TUNNELL LLP | CONNOLLY BOVE LODGE & HUTZ LLP |
|---|---|
| */s/ Maryellen Noreika* | */s/ Patricia Smink Rogowski* |
| Jack B. Blumenfeld (#1014)<br>Maryellen Noreika (#3208)<br>1201 N. Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200 | Rudolf E. Hutz (#484)<br>Patricia Smink Rogowski (#2632)<br>The Nemours Building<br>1007 Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899<br>(302) 658-9141 |
| Attorneys for Plaintiff,<br>  Affinion Net Patents, Inc. | Attorneys for Defendant, Maritz, Inc. |
| OF COUNSEL: | OF COUNSEL: |
| Steven Lieberman<br>Sharon L. Davis<br>R. Elizabeth Brenner<br>ROTHWELL, FIGG, ERNST<br>  & MANBECK, P.C.<br>1425 K Street, N.W.<br>Suite 800<br>Washington, D.C. 20005<br>(202) 783-6040 | J. Bennett Clark<br>Jennifer E. Hoekel<br>Marc W. Vander Tuig<br>SENNIGER POWERS<br>One Metropolitan Square<br>16th Floor<br>St. Louis, MO 63102<br>(314) 231-5400 |

536585