IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

_____

|  |  |  |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____)

## <u>JOINT PROPOSED PRELIMINARY AND FINAL JURY INSTRUCTIONS</u>

Pursuant to D. Del. L.R. 51.1(a), Affinion Net Patents, Inc. submits the attached

Joint Proposed Preliminary and Final Jury Instructions, in triplicate.  The parties have reached

agreement with respect to all of the Proposed Preliminary Instructions, and with respect to the

following Proposed Final Instructions those instructions upon which the parties were able to

reach agreement:  1.1 to 1.9; 2.1; 3.1 to 3.5; 4.1 to 4.4; and 5.1 to 5.4.  These instructions are also

being submitted on disk in WordPerfect format.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*
_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
 Attorneys for Plaintiff
 Affinion Net Patents, Inc.

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040

September 11, 2006

## PRELIMINARY JURY INSTRUCTIONS

Members of the jury:

Now that you have been sworn, I have the following preliminary instructions for guidance on your role as jurors in this case. You will receive detailed instructions after all witnesses have testified.

### 1.1    The Parties

This case is an action for patent infringement arising under the patent laws of the United States. The parties are Affinion Net Patents Inc., the plaintiff, and Maritz Inc., defendant. Plaintiff may be called "Affinion" and defendant may be called "Maritz" by the lawyers and witnesses in the case.

Plaintiff is the current owner of United States Patent No. 6,009,412 which may be called the "patent-in-suit" or the "'412 patent" by the lawyers and witnesses in this case. The '412 patent was originally owned by a company called Netcentives, Inc. which then assigned it to Trilegiant Corporation. Trilegiant Corporation assigned its rights in the '412 patent to Trilegiant Loyalty Solutions, whose name changed to Affinion Loyalty Group, Inc. after this suit was filed. Affinity Loyalty Group then assigned the patents and its rights in this lawsuit to Affinion, a holding company related to Affinion Loyalty Group. Affinion contends that Maritz's VAULT and AwardHQ systems infringe the '412 patent. Affinion also alleges that Maritz has "falsely marked" advertising relating to its VAULT system as "patent pending." In this action, Maritz denies Affinion's infringement allegations. It also seeks a judgment from the Court that the '412 patent is invalid, not infringed, and unenforceable. Maritz also denies that it ever falsely marked advertising relating to its VAULT system.

**1.2**    **Patent System**

We will now watch a short video that provides some background information on United States patents, which will help you perform your duties in this case.

**1.3**    **Summary of the Issues to be Tried**

In this case, you must decide several issues according to the instructions that I shall give you at the end of the trial. Those instructions will repeat this summary and will provide more detail. In essence, you must decide the following issues:

Affinion filed this suit in this court seeking money damages from Maritz for allegedly infringing the '412 patent by using systems that plaintiff argues are covered by certain claims of the '412 patent. Affinion also alleges Maritz has falsely used the phrase "patent pending" in connection with its systems. Maritz denies that it has infringed these claims of the patent or unfairly competed, and argues that the claims are invalid and unenforceable because material information was suppressed from the Patent Examiner during prosecution of the '412 patent and its predecessor, the '870 patent.

Affinion contends that Maritz is infringing claims 10-17, 27-34, and 36 of the '412 patent. Your job will be to decide whether Maritz has infringed these claims and whether these claims are invalid or unenforceable. If you decide that the '412 patent is infringed by Maritz, and that it is valid and enforceable, you will then need to decide the amount of any money damages to be awarded to Affinion. You will also need to make a finding as to whether Maritz's infringement was willful. If you decide that any infringement was willful, that decision should not affect any damage award you give. I separately decide what effect, if any, your determination of willfulness has on the amount of damages that you might award plaintiff.

You also must decide if Maritz falsely marked advertising relating to its VAULT system as "patent pending," and if so, whether Maritz did so for the purpose of deceiving the public or with bad faith.

### 1.4    Duty of Jurors

It will be your duty to find what the facts are from the evidence as presented at the trial.  You, and you alone, are the judges of the facts.  You will have to apply those facts to the law as I will instruct you at the close of the evidence.  You must follow that law whether you agree with it or not.

You are the judges of the facts.  I will decide which rules of law apply to this case.

Nothing I say or do during the course of the trial is intended to indicate what your verdict should be.

### 1.5    Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, and documents and other things admitted into evidence.  In addition, the evidence may include certain facts as agreed to by the parties or as I instruct you.

Certain things are not evidence.

1.      Statements, arguments and questions by lawyers are not evidence.

2.      Objections to questions are not evidence.  Lawyers have an obligation to their clients to make an objection when they believe testimony or exhibits being offered into evidence are not admissible under the rules of evidence.  You should not be influenced by a lawyer's objection or by my ruling on the objection.  If I sustain or uphold the objection, and find the matter is not admissible, you should ignore the

question or documents. If I overrule an objection and allow the matter to be entered into evidence, you should treat the testimony or document like any evidence. If I instruct you during the trial that some item of evidence is admitted for a limited purpose, you must follow that instruction and consider that evidence for that limited purpose only. If this does occur during the trial, I will try to clarify this for you at the time.

3.      Anything you see or hear outside the Courtroom is not evidence and must be disregarded. You are to decide this case solely on the evidence presented here in the Courtroom. In judging the facts, it will be up to you to decide which witnesses to believe, which witnesses not to believe and how much of any witness's testimony to accept or reject.

**1.6**    **Burden of Proof**

This is a civil case. The plaintiff has the burden of proving infringement and damages by what is called a preponderance of the evidence. That means the plaintiff has to produce evidence which, when considered in light of all the facts, leads you to believe that what the plaintiff claims is more likely than not. To put it differently, if you were to put the plaintiff's and defendant's evidence on the opposite sides of a scale, and the evidence supporting the plaintiff's claims makes the scales tip somewhat on its side, then your verdict on infringement must be for the plaintiff. If plaintiff fails to meet this burden, your verdict on infringement must be for the defendant.

Plaintiff also alleges that Maritz willfully infringed the '412 patent. If plaintiff meets its burden on infringement, plaintiff then must prove by clear and convincing evidence that Maritz's infringement was willful. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is

highly probable.  Proof by clear and convincing evidence is thus a higher burden of proof

then proof by a preponderance of the evidence.

In this case, Maritz is urging that Affinion's patent is invalid.  A patent, however,

is presumed to be valid when it is issued by the Patent and Trademark Office.

Accordingly, Maritz has the burden of proving that the '412 patent is invalid by clear and

convincing evidence.  [Maritz also contends that Affinion's patent is unenforceable.

Maritz has the burden of proving that the '412 patent is unenforceable by clear and

convincing evidence.][1]

Those of you who are familiar with criminal cases will likely have heard the term

"proof beyond a reasonable doubt."  That burden does not apply to this case.  Clear and

convincing evidence is a lesser burden of proof than "beyond a reasonable doubt."  You

should therefore put the concept of "beyond a reasonable doubt" out of your mind in

considering whether either party has met their burden of proof in this case.

I will give you more detailed instructions on the law at the end of the case.

### 1.7    Conduct of the Jury

Now, a few words about conduct as jurors.

First, during the trial and until you have heard all the evidence and retired to the

jury room to deliberate, you are not to discuss the case with anyone, not even among

yourselves.  If anyone should try to talk to you about the case, bring it to my attention

promptly.  Once you have started deliberations at the end of trial do not talk to anyone

but a fellow juror or myself.

Second, do not read or listen to anything touching on this case that is not admitted

into evidence.  By that I mean, if there might be a newspaper article or radio or television

---

[1] It must be decided whether and to what extent equitable issues will be submitted to the jury.

report relating to this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case.

Finally, do not reach any conclusion as to the allegations of either party until all the evidence is in. Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. My courtroom deputy will arrange for pens, pencils and paper. If you do take notes, leave them in the jury room when you leave at night. And remember that they are for your own personal use – they are not to be given or read to anyone else.

### 1.8     Course of the Trial

The trial will now begin. First, each side may make an opening statement. An opening statement is neither evidence nor argument. It is an outline of what that party intends to prove, and is presented to help you follow the evidence as it is later offered.

After the opening statements, the plaintiff will present its witnesses, and the defendant may cross-examine them. Then the defendant will present its witnesses, and the plaintiff may cross-examine them.

After all the evidence is presented, the attorneys may make their closing arguments to summarize and interpret the evidence for you, and I will give you instructions on the law and describe for you the matters you must resolve.

You will then retire to the jury room to deliberate on your verdict.

At the end of this trial and before you begin your deliberations, I will read and give you a copy of written instructions on the law.

<u>Source</u>

Adapted from ABA 2005 Model Jury Instructions for Patent Litigation and 2004 Draft Uniform Jury Instructions For Patent Cases in the U.S. District for the District of Delaware (2004).

# TABLE OF CONTENTS

**Page**

1.    INTRODUCTION ........................................................................................ 1

    1.1    JUROR'S DUTIES ......................................................................... 2

    1.2    EVIDENCE DEFINED ................................................................... 3

    1.3    CONSIDERATION OF EVIDENCE ............................................. 4

    1.4    DIRECT AND CIRCUMSTANTIAL EVIDENCE ..................... 5

    1.5    CREDIBILITY OF WITNESSES ................................................. 6

    1.6    NUMBER OF WITNESSES ......................................................... 7

    1.7    EXPERT WITNESSES ................................................................. 8

    1.8    DEPOSITION TESTIMONY ....................................................... 9

    1.9    STIPULATED FACTS ................................................................ 10

2.    INFRINGEMENT ..................................................................................... 11

    2.1    OPEN ENDED OR "COMPRISING" CLAIMS ........................ 11

3.    VALIDITY DEFENSES ........................................................................... 12

    3.1    PRIOR ART – PRIOR KNOWLEDGE OR USE BY ANOTHER
           IN THE UNITED STATES .......................................................... 12

    3.2    PRIOR ART – PRIOR PRINTED PUBLICATION ................... 13

    3.3    PRIOR ART – PRIOR INVENTION ......................................... 14

    3.4    PRIOR ART – PRIOR PATENTS AND PATENT APPLICATIONS .... 16

    3.5    PRIOR ART – PRIOR PUBLIC USE OR KNOWLEDGE ..................... 17

4.    DAMAGES ............................................................................................... 19

    4.1    FACTORS FOR DETERMINING REASONABLE ROYALTY ........... 19

    4.2    INTEREST .................................................................................. 21

i

 4.3 CLOSING STATEMENT – DAMAGES.................................... 22

 4.4 CURATIVE INSTRUCTION..................................................... 23

5. DELIBERATION AND VERDICT ...................................................... 24

 5.1 INTRODUCTION .................................................................... 24

 5.2 UNANIMOUS VERDICT .......................................................... 25

 5.3 DUTY TO DELIBERATE ......................................................... 27

 5.4 COURT HAS NO OPINION...................................................... 28

1.      **<u>INTRODUCTION</u>**

Members of the jury, I will now instruct you about the law that you must follow in deciding this case.

I will start by reminding you about your duties as jurors and the instructions you heard at the beginning of the case.

I will then explain the positions of the parties and the law you will apply in this case.

Last, I will explain the rules that you must follow during your deliberations in the jury room and the possible verdicts that you may return.

Please listen very carefully to everything I say.

<u>Source</u>

Draft Uniform Jury Instructions for Patent Cases in the U.S. District Court for the District of Delaware (2004) (hereinafter "2004 Delaware Model Instructions").

**1.1    JURORS' DUTIES**

Remember your duties as jurors as I explained them to you at the beginning of the case.  You must decide what the facts are from the evidence that you saw and heard in court.  Nothing I have said or will say should influence your view of the facts in any way.  Do not guess or speculate, and do not be influenced in any way by any personal feeling of sympathy for, or prejudice against, either side in this case.  All parties are entitled to the same fair and impartial consideration.

You must also take the law that I give you and apply it to the facts.  You are bound by the oath you just took to follow my instructions, even if you personally disagree with them.  This includes the instructions that I gave you when we started and during trial.

All of my instructions are important, and you should consider them together as a whole.  I will not repeat my earlier instructions about evidence and how to weigh and consider it.  You have copies of these instructions, however, and you should refer to them as you feel necessary.

Perform these duties fairly.  Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Source

2004 Delaware Model Instructions

2

## 1.2    EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court.  Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence.  The lawyers' statements and arguments are not evidence.  Their questions and objections are not evidence.  My legal rules are not evidence.  Any of my comments or questions are not evidence.

During the trial I may have not let you hear the answers to some of the questions that the lawyers asked.  I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see.  And sometimes I may have ordered you to disregard things that you saw or heard, or I may have struck things from the record.  You must completely ignore all of these things.  Do not even think about them.  Do not speculate about what a witness might have said or what an exhibit might have shown.  These things are not in evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.


Source

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993).

**1.3     CONSIDERATION OF EVIDENCE**

You should use your common sense in weighing the evidence.  Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves.  If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Source

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993).

### 1.4     DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, is you believe it, directly proves a fact.  If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact.  If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence.  The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other.  You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.


Source

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993).

## 1.5     CREDIBILITY OF WITNESSES

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said [or did] something, [or failed to say or do something] that was different from the testimony he gave at the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth.  People may tend to forget some things or remember other things inaccurately.  If a witness has made a misstatement, you must consider whether it was simply an innocent lapse of memory or an intentional falsehood, and that may depend upon whether it concerns an import fact or unimportant detail.

<u>Source</u>

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993).

## 1.6    NUMBER OF WITNESSES

One more point about the witnesses.  Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified.  What is more important is how believable the witnesses were, and how much weight you think their testimony deserves.  Concentrate on that, not the numbers.

<u>Source</u>

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993).

### 1.7     EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field – he is called an expert witness – is permitted to state his opinion on those technical matters. You should also take into account the expert's actual experience in the field. Even though the person rendering the opinion may have been admitted as an expert, you may weigh his level of expertise in determining the reliability of his opinion. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

<u>Source</u>

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993); Jury instructions in <u>St. Clair Intellectual Prop. Consultants, Inc. v. Canon Inc.</u>, No. 03-241 (JJF).

**1.8     DEPOSITION TESTIMONY**

During the trial, certain testimony was presented to you by the reading of a deposition transcript or the playing of video tape excerpts from a deposition. This testimony is entitled to the same consideration you would give it had the witnesses personally appeared in court.

**1.9     STIPULATED FACTS**

Affinion and Maritz have stipulated – that is, they have agreed – that certain facts are as counsel have read into the record.  You should, therefore, treat those facts as having been proved.

**2.    INFRINGEMENT**

**2.1    OPEN ENDED OR "COMPRISING" CLAIMS**

The preamble to claim 10 uses the transitional phrase "A method for redeeming incentive awards in an on-line incentive program, said method comprising;...."

"Comprising" is interpreted the same as "including" or "containing."  In patent claims, comprising means that the claims are open-ended.  As such, the claim is not limited to only what is in the claim.  Based on this explanation, if you find that Maritz's product [method] includes all of the elements [steps] in any of Affinion's patent claims, the fact that it may also include any additional elements [steps] is irrelevant.

This definition also applies to claims ___ that are at issue in this matter, because those claims also use the term "comprising" at the beginning of the claim.


Source

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993); Draft Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (2003).

**3.      VALIDITY DEFENSES**

**3.1      PRIOR ART – PRIOR KNOWLEDGE OR USE BY ANOTHER IN THE UNITED STATES**

Knowledge or use in the United States of a patented invention can be prior art to the patent claims.  The knowledge or use will be prior art if it meets the following requirements:

First, the knowledge or use must be by someone other than the inventor.

Second, the knowledge or use must be before the inventor's date of invention.

Third, the knowledge or use must be in the United States.  Prior knowledge or use outside the United States cannot be relied upon to invalidate a patent claim.

Fourth, the knowledge or use must have been public.  Private or secret knowledge or use by someone other than the inventor is not prior art.

In this case, Maritz relies on _____ as a prior public knowledge or use before the date of invention of the '412 patent.


Source

ABA Model Jury Instructions, Section of Patent Litigation (2005)

### 3.2    PRIOR ART – PRIOR PRINTED PUBLICATION

Printed publications from anywhere in the world are prior art if the printed publications were published, either before the inventor made the claimed invention or more than one year before the application for the patent was filed.

A document is a printed publication if it was reasonably accessible to that portion of the public most likely to use it.  It is not necessary that the publication be available to every member of the public.  Thus, publications may include not only such things as books, periodicals or newspapers, but also publications that are not as widely available to the public, such as trade catalogues, journal articles or scholarly papers that are distributed or available to those skilled in the field of the invention.

The date that a printed publication becomes prior art is the date that is become available to the public.  Published patent applications are printed publications as of their publication dates.

If a printed publication was published more than one year before the application for the patent was filed, then that publication will be prior art, regardless of the date of invention for the patent claims.  The date of invention is irrelevant to this category of prior art.

In this case, Maritz relies on _____ as a prior art printed publication to the '412 patent claims.


Source

ABA Model Jury Instructions, Section of Patent Litigation (2005)

### 3.3    PRIOR ART – PRIOR INVENTION

An invention made by another person before the inventor on the patent made the invention is prior art to the patent claim, unless that other person abandoned, suppressed or concealed his or her invention.

As a general rule, the first person to reduce an invention to practice is said to be the first inventor. An invention is reduced to practice either when a patent application is filed or when the invention is made and shown to work for its intended purpose. Thus, if another person reduces an invention to practice before the inventor on the patent, then the reduction to practice by the other person will be prior art to the patent claims.

Let's consider an example. Mr. Smith has a patent on a table. He reduced the table to practice on April 1. Ms. Jones invents the same table. She built her table on March 1, one month before Mr. Smith reduced his table to practice. Ms. Jones' invention of the table is prior art to Mr. Smith's patent claims because Ms. Jones reduced her table to practice one month before Mr. Smith's reduction to practice.

There is, however, an important exception to this general rule. Someone who was first to conceive of an invention but reduced it to practice after someone else will be the first inventor if he or she was the first to conceive of the invention and he or she exercised "reasonable diligence" in reducing the invention to practice from a time beginning just before the other person's conception. Conception of an invention occurs when the inventor has formed the idea of how to make and use every aspect of the patented invention, and all that is required is that it be made without the need for any further inventive effort. Reasonable diligence means that the inventor worked continuously on reducing the invention to practice. Interruptions necessitated by the

14

everyday problems and obligations of the inventor or those working with him or her do not prevent a finding of diligence.

Let's change our example slightly. Mr. Smith conceived of his table on February 1 and reduced it to practice on April 1. Ms. Jones conceived of the table on January 1, one month before Mr. Smith's conception, and built it on May 1, one month after Mr. Smith's reduction to practice. If Ms. Jones was reasonably diligent in building the table from the time just before Mr. Smith's February 1 conception up to the time that she built the table on May 1, she is the first inventor of the table and her invention is prior art to Mr. Smith's patent claims.

The final requirement for a prior invention to be prior art is that the prior inventor did not abandon, suppress or conceal his or her invention. Generally, an invention was not abandoned, suppressed or concealed if the invention was made public, sold or offered for sale, or otherwise used for commercial purpose. The filing of a patent application that discloses the invention is evidence that the invention was not abandoned, suppressed or concealed.

In this case, Maritz contends that _____ was a prior invention to the '412 patent claims.


Source

ABA Model Jury Instructions, Section of Patent Litigation (2005)

### 3.4    PRIOR ART – PRIOR PATENTS AND PATENT APPLICATIONS

An issued patent may be prior art to a patent claim under a number of different circumstances. First, a patent issued anywhere in the world, like a printed publication, may be prior art to a patent claim if the patent issued either before the inventor made the claimed invention, or more than one year before the application for the patent was filed.

If a patent issued anywhere in the world more than one year before the application for the patent was filed, then that publication may be prior art, regardless of the date of invention of the claimed invention. The date of invention is irrelevant to this category of prior art.

A U.S. patent or published U.S. patent application may be prior art to a patent claim, even if the patent issued or the patent application was published after the date of invention of a claimed invention. This occurs when another person filed the patent application for the U.S. patent before the inventor made the claimed invention.

In this case, Maritz relies on _____ as a prior art [patent/patent application] to the '412 patent claims.


Source

ABA Model Jury Instructions, Section of Patent Litigation (2005)

16

### 3.5    PRIOR ART – PRIOR PUBLIC USE OR KNOWLEDGE

The prior public use of a claimed invention may be prior art to the patent claims under two different circumstances. The first is where the invention was publicly known or used by someone other than the inventor before the date of invention by the inventor on the patent. The second is where the inventor, the patent owner, or anyone else publicly used the invention more than one year before the application for the patent was filed.

In both circumstances, the public use must have been in the United States. Prior public use or knowledge of the claimed invention outside the United States is not prior art to a patent claim.

Use or knowledge by someone other than the inventor may be prior art if it was before the date of invention by the inventor on the patent, or more than one year before the filing of the application for the patent. In either case, a prior use by someone other than the inventor or the patent owner will be not prior art unless it was public. Private or secret knowledge or use by another is not prior art.

If the prior use was more than one year before the filing date of the application for the patent, then the date of invention for the patent claims is irrelevant. A public use more than one year before the patent application was filed will be prior art regardless of the date of invention.

In this case, Maritz relies on _____ as a prior public use or knowledge before the inventor's date of invention, and Maritz relies on _____ as a prior public use more than one year before the filing date of the application for the '412 patent.

<u>Source</u>

ABA Model Jury Instructions for Patent Litigation, § 9.3.5 (2005).

4.     **DAMAGES**

**4.1     FACTORS FOR DETERMINING REASONABLE ROYALTY**

In determining the amount of reasonable royalty, you may consider evidence on any of the following factors:

1.     the amount of, if any, royalties received by Affinion (or previous owners) for the licensing of others under the '412 patent;

2.     the rates paid by either party for the use of other patents comparable to the '412 patent;

3.     the nature and scope of the license, as exclusive or non-exclusive; or as restricted or nonrestricted in terms of territory or with respect to whom the manufactured product may be sold;

4.     Affinion's policy and marketing program to maintain its patent exclusivity by not licensing others to use the invention or by granting licenses under special conditions designed to preserve that exclusivity;

5.     the commercial relationship between the parties, for example, whether they are competitors in the same territory in the same line of business; or whether they are inventors or promoters;

6.     the effect of selling the accused system in promoting sales of other products of Maritz, the existing value of the invention to Affinion as a generator of sales of its nonpatented items, and the extent of such derivative or convoyed sales;

7.     the duration of the patents and the terms of the licenses;

8.     the established profitability of the systems related to the patent-in-suit, its commercial success, and its current popularity;

9.    the utility and advantages of Affinion's patented invention over the other modes or devices, if any, that had been used for working out similar results;

10.    the nature of the patented invention, the character of the commercial embodiment of it as owned and produced by Affinion, and the benefits to those who have used the invention;

11.    the extent to which Maritz has made use of the invention, and any evidence that shows the value of that use;

12.    the portion of the profit or of the selling price that may be customary in the particular business or in comparable businesses to allow for the use of the invention or analogous inventions;

13.    the portion of the realizable profit that should be credited to the invention as distinguished from nonpatented elements, business risks, or significant features or improvements added by Maritz;

14.    the opinion testimony of qualified experts; and

15.    any other economic factor that a normally prudent business person would, under similar circumstances, take into consideration in negotiating the hypothetical license.


Source

2004 Delaware Model Instructions.

**4.2     INTEREST**

None of the parties' calculations include interest.  Therefore, in arriving at your damages calculation, you should not consider interest in any way because it is the function of the Court to award or deny interest.

Source

2004 Delaware Model Instructions.

**4.3     CLOSING STATEMENT – DAMAGES**

In determining the issue of damages, the Court instructs you that the law does not permit an award of a greater sum than the monetary loss which the patent owner has suffered as a result of the alleged infringement.  If, under the Court's instructions, you find Affinion is entitled to damages, in fixing the amount of such damages you may not include and/or add to an otherwise just award any sum for purposes of punishing the defendant or to set an example.

Source

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993).

### 4.4    CURATIVE INSTRUCTION

The fact that I have instructed you regarding damages should not be construed as intimating any view of the Court as to which party is entitled to prevail in this case. Instructions regarding damages are given for your guidance in the event that the evidence leads you to find in favor of Affinion.

Source

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993).

5.      **DELIBERATION AND VERDICT**

5.1     **INTRODUCTION**

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you. Any questions or messages normally should be sent to me through your foreperson, who by custom of this Court is Juror No. 1.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 4-4, or 6-2, or whatever your vote happens to be. That should stay secret until you are finished.

Source

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993).

## 5.2     UNANIMOUS VERDICT

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, it is necessary that each juror agree to the verdict. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view towards reaching an agreement, if you can do so without violence to your individual judgment. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the purpose of returning a verdict. Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date and sign the form. You will then return to the courtroom and your foreperson will give your verdict.

It is proper to add the caution that nothing said in these instructions and nothing in the form of verdict is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is the sole and exclusive duty and responsibility of the jury.

<u>Source</u>

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993).

**5.3    DUTY TO DELIBERATE**

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that – your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself.

Source

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993).

## 5.4    COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier.  Nothing that I have said or done during this trial was meant to influence your decision in any way.  You must decide the case yourselves based on the evidence presented.

Source

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993).

<u>**CERTIFICATE OF SERVICE**</u>

I, Maryellen Noreika, hereby certify that on September 11, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 11, 2006 upon the following in the manner indicated:

<u>**BY HAND**</u>

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801

<u>**BY EMAIL**</u>

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO  63102


*/s/  Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com