IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-360-JJF |
| v. | ) ) ) | |
| MARITZ INC., | ) ) ) | |
| Defendant. | ) ) | |

**AFFINION'S PROPOSED SPECIAL VERDICT FORM**

Pursuant to D.Del. LR 51.1(c) plaintiff Affinion Net Patents, Inc. submits its proposed verdict sheet. Affinion has not included jury interrogatories on derivation and written description because Maritz has not properly pleaded those defenses. Affinion has also not included jury interrogatories on definiteness or Maritz's multiple equitable defenses, as those are not issues for the jury to decide. To the extent that the Court determines that the jury should render a verdict on any of these defenses, Affinion will submit a revised proposed verdict form.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

───────────────────────────────
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  Attorneys for Plaintiff
  Affinion Net Patents, Inc.

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

September 11, 2006
536611

**SECTION I: INFRINGEMENT**

**Question 1:** Has plaintiff proven by a preponderance of the evidence that the VAULT system literally infringes any of the following claims of the '412 Patent?

|  |  |  |  |  |
|---|---|---|---|---|
| Claim 10: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 11: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 12: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 13: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 14: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 15: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 16: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 17: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 27: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 28: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 29: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 30: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 31: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 32: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 33: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 34: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 36: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |

**Question 2:** Has plaintiff proven by a preponderance of the evidence that the VAULT system infringes any of the following claims of the '412 Patent under the doctrine of equivalents?[1]

| | | | | |
|---|---|---|---|---|
| Claim 10: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 11: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 12: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 13: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 14: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 15: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 16: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 17: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 27: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 28: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 29: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 30: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 31: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 32: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 33: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 34: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 36: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |

---

[1]   The Court has not yet construed the disputed claim terms. Depending on the construction of those terms, Affinion may decide not to assert infringement under the doctrine of equivalents for one or more of the asserted claims.

**Question 3:** Has plaintiff proven by a preponderance of the evidence that the AwardHQ system literally infringes any of the following claims of the '412 Patent?

|  |  |  |  |  |
|---|---|---|---|---|
| Claim 10: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 11: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 12: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 13: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 14: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 15: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 16: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 17: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 27: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 28: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 29: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 30: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 31: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 32: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 33: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 34: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |
| Claim 36: | Yes ___ (for Plaintiff) | No ___ (for Defendant) |

**Question 4:** Has plaintiff proven by a preponderance of the evidence that the AwardHQ system infringes any of the following claims of the '412 Patent under the doctrine of equivalents?[2]

| | | | | | |
|---|---|---|---|---|---|
| Claim 10: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 11: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 12: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 13: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 14: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 15: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 16: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 17: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 27: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 28: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 29: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 30: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 31: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 32: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 33: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 34: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |
| Claim 36: | Yes | ___ (for Plaintiff) | No | ___ (for Defendant) |

**Question 5:** If you answered yes to any of the questions above, has plaintiff proven by clear and convincing evidence that defendant's infringement was willful?

Yes    ___ (for Plaintiff)    No    ___ (for Defendant)

---

[2] The Court has not yet construed the disputed claim terms. Depending on the construction of those terms, Affinion may decide not to assert infringement under the doctrine of equivalents for one or more of the asserted claims.

4

**SECTION II. VALIDITY**

**Question 6:** Have Defendant proven by clear and convincing evidence that any of the following claims of the '412 Patent are invalid because they are anticipated?[3]

    Claim 10:    Yes  ___ (for Defendant)    No  ___ (for Plaintiff)

    Claim 27:    Yes  ___ (for Defendant)    No  ___ (for Plaintiff)

    Claim 36:    Yes  ___ (for Defendant)    No  ___ (for Plaintiff)

**Question 7:** If you answered yes for any claim in response to question 6, state which piece or pieces of prior art anticipate each claim?

_____

**Question 8:** Have Defendant proven by clear and convincing evidence that any of the following claims of the '412 Patent are invalid because they are obvious?

    Claim 10:    Yes  ___ (for Defendant)    No  ___ (for Plaintiff)

    Claim 11:    Yes  ___ (for Defendant    No  ___ (for Plaintiff)

    Claim 12:    Yes  ___ (for Defendant)    No  ___ (for Plaintiff)

    Claim 13:    Yes  ___ (for Defendant)    No  ___ (for Plaintiff)

    Claim 14:    Yes  ___ (for Defendant)    No  ___ (for Plaintiff)

    Claim 15:    Yes  ___ (for Defendant)    No  ___ (for Plaintiff)

    Claim 16:    Yes  ___ (for Defendant)    No  ___ (for Plaintiff)

    Claim 17:    Yes  ___ (for Defendant)    No  ___ (for Plaintiff)

    Claim 27:    Yes  ___ (for Defendant)    No  ___ (for Plaintiff)

    Claim 28:    Yes  ___ (for Defendant)    No  ___ (for Plaintiff)

---

[3]    Maritz has only asserted an anticipation defense for claims 10, 27 and 36. To the extent Maritz is permitted to assert an anticipation defense for additional claims, Affinion requests that those claims be added to the verdict form.

Claim 29:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 30:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 31:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 32:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 33:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 34:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 36:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

**Question 9:** If you answered yes for any claim in response to question 8, state which combinations of prior art render each claim obvious?

_____

**Question 10:** Have Defendant proven by clear and convincing evidence that any of the following claims of the '412 Patent are invalid because the correct inventors are not named on the patent?

Claim 10:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 11:   Yes ___ (for Defendant   No ___ (for Plaintiff)

Claim 12:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 13:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 14:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 15:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 16:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 17:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 27:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 28:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

Claim 29:   Yes ___ (for Defendant)   No ___ (for Plaintiff)

    Claim 30:    Yes   ___ (for Defendant)    No   ___ (for Plaintiff)

    Claim 31:    Yes   ___ (for Defendant)    No   ___ (for Plaintiff)

    Claim 32:    Yes   ___ (for Defendant)    No   ___ (for Plaintiff)

    Claim 33:    Yes   ___ (for Defendant)    No   ___ (for Plaintiff)

    Claim 34:    Yes   ___ (for Defendant)    No   ___ (for Plaintiff)

    Claim 36:    Yes   ___ (for Defendant)    No   ___ (for Plaintiff)

**SECTION III: FALSE MARKING/FALSE ADVERTISING**

**Question 11:** Has plaintiff proven by a preponderance of the evidence that defendant falsely marked its VAULT product as patent pending?

    Yes   ___ (for Plaintiff)    No   ___ (for Defendant)

**Question 12:** Has plaintiff proven by a preponderance of the evidence that defendant engaged in unfair competition by falsely marking its VAULT product as patent pending?

    Yes   ___ (for Plaintiff)    No   ___ (for Defendant)

**IF YOU FOUND THAT ANY CLAIM HAS BEEN INFRINGED AND IS NOT INVALID, OR IF YOU ANSWERED YES TO EITHER OF THE QUESTIONS IN SECTION III, GO TO SECTION IV: DAMAGES. OTHERWISE, SKIP TO THE FINAL INSTRUCTIONS ON THE LAST PAGE OF THIS VERDICT FORM.**

7

**SECTION IV:  DAMAGES**

**Question 13:**  State the amount of damages to which you find that plaintiff is entitled for infringement of the '412 Patent:

_____

**Question 14:**  State the amount of damages to which you find that plaintiff is entitled for False Marking/False Advertising:

_____

**WHEN THE JURY HAS REACHED A VERDICT, THE FOREPERSON SHOULD SIGN THIS VERDICT FORM AND SIGNAL THE U.S. MARSHAL THAT YOU HAVE REACHED A VERDICT.**

_____
Jury Foreperson

DATE:  _____

8

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 11, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 11, 2006 upon the following in the manner indicated:

### BY HAND

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE  19801

### BY EMAIL

> J. Bennett Clark
> Senniger Powers
> One Metropolitan Square
> St. Louis, MO  63102

> */s/ Maryellen Noreika*
> Maryellen Noreika (#3208)
> mnoreika@mnat.com