Westlaw.

Not Reported in F.Supp.2d
Page 1
Not Reported in F.Supp.2d, 2005 WL 914776 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
MCKESSON INFORMATION SOLUTIONS, LLC, Plaintiff,
v.
THE TRIZETTO GROUP, INC., Defendant.
No. Civ.04-1258-SLR.

April 20, 2005.

Thomas J. Allingham, II, Wilmington, DE, for Plaintiff.
Rodger Dallery Smith, II, Wilmington, DE, for Defendant.

MEMORANDUM ORDER

ROBINSON, J.

I. INTRODUCTION

*1 On September 13, 2004, plaintiff filed this action alleging infringement of its United States Patent No. 5,253,164 ("the '164 patent") by defendant. Defendant answered the complaint, denied' any infringement and asserted that the '164 patent was invalid and unenforceable. (D.I.10)

Pending before the court are plaintiff's motions to strike defendant's affirmative defenses, dismiss defendant's counterclaims or, in the alternative, for a more definitive statement of such defenses and counterclaims. (D.I.13) This court has jurisdiction over this suit pursuant to 28 U.S.C. § 1338.

II. BACKGROUND

Plaintiff is a Delaware limited liability corporation with its principal place of business in Alpharetta, Georgia. (D.I.10) Defendant is a Delaware corporation with its principal place of business in Newport Beach, California. (D.I.10) The parties create and distribute software for reviewing the accuracy of healthcare claims and/or charges. (Id. at ¶¶ 25-26)

III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 requires a party to set forth affirmative defenses in a responsive pleading with a "short and plain statement." Federal Rule of Civil Procedure 12(f), in turn, states:
Upon motion by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Motions to strike affirmative defenses, however, are disfavored. See Proctor & Gamble Co. v. Nabisco Brands, Inc., 697 F.Supp. 1360, 1362 (D.Del.1988). When ruling on such a motion, "the court must construe all facts in favor of the nonmoving party ... and deny the motion if the defense is sufficient under the law." Id. Furthermore, courts prefer not to grant a motion to strike "unless it appears to a certainty that ... [the movant] would succeed despite any state of the facts, which could be proved in support of the defense." Salcer v. Envicon Equities, Corp., 744 F.2d 935, 939 (2d Cir.1984).

IV. DISCUSSION [FN1]

FN1. Because plaintiff's motion to dismiss, or in the alternative for a more definite statement, depends solely on its motion to strike, the motion is dismissed without prejudice to renew.

Defendant's answer to the complaint asserts eight affirmative defenses and counter-claims for declaratory judgment of noninfringement, unenforceability and invalidity. (D.I.10) Plaintiff has moved to strike defendant's second, sixth and seventh affirmative defenses. (Id. at ¶¶ 11, 15, 16-18)

A. Second And Sixth Affirmative Defenses-Invalidity & Misuse

Defendant's second affirmative defense argues that the '164 patent is invalid "for failure to comply with one or more of the conditions for patentability set

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                             Page 2
Not Reported in F.Supp.2d, 2005 WL 914776 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

forth in Title 35 of the United States Code, including but not limited to 35 U.S.C. § § 102, 103 and 112." (*Id.* at ¶ 11) Plaintiff argues that this defense is too broad because it includes any and all of title 35, and it is repetitive of defendant's third, fourth and fifth affirmative defenses, which asserts specific violations of § § 102, 103 and 112. (*Id.*)

*2 Defendant's sixth affirmative defense asserts that "[t]he '164 patent is unenforceable because [plaintiff] comes into Court with unclean hands. Plaintiff has committed patent misuse by attempting to enforce a patent it should reasonably know is invalid and not infringed." (D.I. 10 at ¶ 15) Plaintiff asserts that this defense does not meet pleading requirements because it does not allege bad faith or anti-competitive effect.[FN2]

> FN2. The basic allegation of patent misuse is that the patentee has "extend[ed] the economic benefit beyond the scope of the patent grant." *C.R. Bard, Inc. v. M3 Sys., Inc.,* 157 F.3d 1340, 1372 (Fed.Cir.1998). Patent misuse "requires that the alleged infringer show that the patentee has impermissibly broadened the physical or temporal scope of the patent grant with anticompetitive effect." *Virginia Panel Corp. v. MAC Panel Co.,* 133 F.3d 860, 868-71 (Fed.Cir.1997). There is a two part test for patent misuse that requires the party alleging misuse to show a patentee's bad faith in alleging infringement and an anticompetitive effect or purpose behind the allegation. *See e.g., Glaverbell Societe Anonyme v. Northlake Mktg. & Supply, Inc.,* 45 F.3d 1550, 1558 (Fed.Cir.1995); *Advanced Cardiovascular Systems, Inc. v. Scimed Systems, Inc.,* C-96-0950, 1996 WL 467277 at *4 (N.D.Cal.1996).

In complex litigation, such as cases involving patent infringement, it is through the discovery process that the parties refine and focus their claims. At this stage in the litigation, the court declines to strike defendant's affirmative defenses until adequate discovery has been completed.

B. Seventh Affirmative Defense-Inequitable Conduct

Defendant's seventh affirmative defense states:
The patent-in-suit is invalid and unenforceable because it was obtained through the intentional failure of the inventors, and/or their agents, to disclose to the Patent Office, during prosecution of the patent-in-suit, information material to the patentability of the patent-in-suit, in violation of 37 C.F.R. § 1.56.
To the extent now known, and subject to further amplification as to the full extent of the withholding and misrepresentation of information, the inventors and/or their agents made a number of misrepresentations or omissions of material fact to the Patent Office, including but not limited to, false statements and omissions regarding prior art. In particular, and without limitation, the following intentional and material false statements or omissions were made by the inventors and/or their agents, including:
a) the failure by applicants to disclose to the Examiner one of the inventors' own material prior art publications, including "An Access-oriented Negotiated Fee Schedule-The Caterpillar Experience," ... and a presentation at the 107th Annual Meeting of The American Surgical Association ...;
b) the failure to disclose to the Examiner the fact that the claimed software to review claims was obvious and disclosed in commonly available books on expert systems as admitted by Marcia Radosevich, President of HPR, the assignee of the patent-in-suit, in a case study at the Harvard Business School in 1989;
c) the failure to disclose to the Patent Office that four programming and code review consultants participated in the development of the claimed software as described by Marcia Radosevich to the Harvard Business School; and
d) the failure to disclose to the Patent office that the invention was conceived by some individuals who were employed by Boston University's Health Policy Institute, and that the work was funded by the U.S. Government sponsored research.
The above false statements and omitted references and funding information would have been considered by a reasonable examiner to be material to a determination of allowability of the patent claims, and on information and belief, said statements and omissions were made with intent to deceive the Patent Office. Had the inventors and/or their agents made accurate representations to the Patent Office, the '164 patent would not have issued. Hence, the patent-in-suit is unenforceable for inequitable conduct.

*3 (D.I. 10 at ¶ ¶ 16-18)

Fraud is a clear exception to the otherwise broad notice-pleading standards under Fed.R.Civ.P. 9. A

Not Reported in F.Supp.2d                                                                                                              Page 3
Not Reported in F.Supp.2d, 2005 WL 914776 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

claim of patent unenforceability is premised upon inequitable conduct before the Patent & Trademark Office ("PTO"), which is a claim sounding in fraud. A plaintiff alleging unenforceability, therefore, must plead with particularity those facts which support the claim the patent holder acted fraudulently before the PTO. See e.g., *Ferguson Beauregard/Logic Controls v. Mega Sys., LLC*, 350 F.3d 1327, 1343-44 (Fed.Cir.2003).

This court has previously found that pleadings that "disclose the name of the relevant prior art and disclose the acts of the alleged fraud fulfill the requirements of Rule 9(b)." See, e.g., *EMC Corp. v. Storage Tech. Corp.*, 921 F.Supp. 1261, 1263 (D.Del.1996). In this case, defendant has satisfied the pleading requirements of Rule 9(b), as it states, with reasonable particularity, the prior art references and instances of fraud to which it is referring. Plaintiff is on notice of the misconduct alleged.

IV. CONCLUSION

Therefore, at Wilmington this 20th day of April, 2005;

IT IS ORDERED that:

1. Plaintiff's motion to strike certain of defendant's affirmative defenses (D.I.13) is denied without prejudice.

2. Plaintiff's motion to dismiss, or for a more definitive statement (D.I.13), is denied without prejudice.

D.Del.,2005.
McKesson Information Solutions, LLC v. Trizetto Group, Inc.
Not Reported in F.Supp.2d, 2005 WL 914776 (D.Del.)

Briefs and Other Related Documents (Back to top)

• 2006 WL 1435862 (Trial Motion, Memorandum and Affidavit) The Trizetto Group, Inc.'s Motion for Judgment of Noninfringement as A Matter of Law (Apr. 24, 2006) Original Image of this Document (PDF)
• 2006 WL 1435861 (Trial Motion, Memorandum and Affidavit) Mckesson's Memorandum in Support of its Motion for Reconsideration of the Court's April 13, 2006 Order Regarding the Deposition of Marcia J. Radosevich or, in the Alternative, to Strike Selected Portions of the Deposition Conducted by Trizetto (Apr. 17, 2006) Original Image of this Document (PDF)
• 2006 WL 1435860 (Trial Motion, Memorandum and Affidavit) Trizetto's Response to Mckesson's Motion for Partial Reconsideration or Partial Stay (D.I. 330) (Apr. 16, 2006) Original Image of this Document (PDF)
• 2006 WL 1435859 (Trial Motion, Memorandum and Affidavit) Mckesson's Response to Trizetto's Motions to Strike the Supplemental Reports of Mckesson Expert Witnesses Dr. Margaret Johnson and Dr. Mark Musen (Apr. 13, 2006) Original Image of this Document (PDF)
• 2006 WL 1388578 (Trial Motion, Memorandum and Affidavit) The Trizetto Group, Inc.'s Motion to Strike the Supplemental Expert Report of McKesson's Second Infringement Expert, Margaret L. Johnson, Ph.D. (Apr. 12, 2006) Original Image of this Document (PDF)
• 2006 WL 1435858 (Trial Motion, Memorandum and Affidavit) Mckesson's Memorandum in Response to Trizetto's Motion to Strike the Portion of Marcia J. Radosevich's April 10, 2006 Deposition Conducted by Mckesson, and for Sanctions (Apr. 12, 2006) Original Image of this Document (PDF)
• 2006 WL 1388577 (Trial Motion, Memorandum and Affidavit) Trizetto's Motion to Strike the Portion of Marcia J. Radosevich's April 10, 2006 Deposition Conducted by Mckesson, and for Sanctions (Apr. 11, 2006) Original Image of this Document (PDF)
• 2006 WL 1435857 (Trial Motion, Memorandum and Affidavit) The Trizetto Group, Inc.'s Motion to Strike the Supplemental Expert Report of Mark A. Musen (Apr. 4, 2006) Original Image of this Document (PDF)
• 2006 WL 809129 (Trial Motion, Memorandum and Affidavit) Mckesson's Response to Trizetto's Objections to Mckesson's Means-Plus-Function Claim Construction Chart (Feb. 28, 2006) Original Image of this Document (PDF)
• 2005 WL 3666827 (Trial Motion, Memorandum and Affidavit) The Trizetto Group, Inc.'s Motion to Enforce Complaince with the Court's September 20, 2005 Order Re: Claim Construction (Oct. 12, 2005) Original Image of this Document (PDF)
• 1:04cv01258 (Docket) (Sep. 13, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.