

**PATENT AND TRADEMARK OFFICE**
**U.S. DEPARTMENT OF COMMERCE**
**MANUAL OF PATENT EXAMINING PROCEDURE**
CHAPTER 2000 DUTY OF DISCLOSURE
Current through the Eighth Edition, Revision 4, October 2005

**2001.06**(c) Information From Related Litigation [R-2]

Where the subject matter for which a patent is being sought is or has been involved in litigation, the existence of such litigation and any other material information arising therefrom must be brought to the attention of the U.S. Patent and Trademark Office. Examples of such material information include evidence of possible prior public use or sales, questions of inventorship, prior art, allegations of "fraud," "inequitable conduct," and "violation of duty of disclosure." Another example of such material information is any assertion that is made during litigation which is contradictory to assertions made to the examiner. Environ Prods., Inc. v. Total Containment, Inc., 43 USPQ2d 1288, 1291 (E.D. Pa. 1997). Such information might arise during litigation in, for example, pleadings, admissions, discovery including interrogatories, depositions, and other documents and testimony.

Where a patent for which reissue is being sought is, or has been, involved in litigation which raised a question material to examination of the reissue application, such as the validity of the patent, or any allegation of "fraud," "inequitable conduct," or "violation of duty of disclosure," the existence of such litigation must be brought to the attention of the Office by the applicant at the time of, or shortly after, filing the application, either in the reissue oath or declaration, or in a separate paper, preferably accompanying the application, as filed. Litigation begun after filing of the reissue application should be promptly brought to the attention of the Office. The details and documents from the litigation, insofar as they are "material to patentability" of the reissue application as defined in 37 CFR 1.56, should accompany the application as filed, or be submitted as promptly thereafter as possible. See Critikon, Inc. v. Becton Dickinson Vascular Access, Inc., 120 F.3d 1253, 1258, 1259, 43 USPQ2d 1666, 1670-71 (Fed. Cir. 1997) (patent held unenforceable due to inequitable conduct based on patentee's failure to disclose a relevant reference and for failing to disclose ongoing litigation).

For example, the defenses raised against validity of the patent, or charges of "fraud" or "inequitable conduct" in the litigation, would normally be "material to the examination" of the reissue application. It would, in most situations, be appropriate to bring such defenses to the attention of the Office by filing in the reissue application a copy of the court papers raising such defenses. At a minimum, the applicant should call the attention of the Office to the litigation, the existence and the nature of any allegations relating to validity and/or "fraud," or "inequitable conduct" relating to the original patent, and the nature of litigation materials relating to these issues. Enough information should be

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

submitted to clearly inform the Office of the nature of these issues so that the Office can intelligently evaluate the need for asking for further materials in the litigation. See MPEP § 1442.04.

>If litigation papers of a live litigation relating to a pending reissue application are filed with the Office, the litigation papers along with the reissue application file should be forwarded to the Solicitor's Office for processing. If the litigation is not live, the litigation papers are processed by the Technology Center assigned the reissue application.<

MPEP § **2001.06**(c)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.