**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **AFFINION NET PATENTS, INC.,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **C.A. No. 04-360-JJF** |
| **MARITZ INC.,** | ) |
| **Defendant.** | ) |

**REPLY BRIEF IN SUPPORT OF MOTION OF PLAINTIFF AFFINION NET PATENTS, INC. TO STRIKE NEW AFFIRMATIVE DEFENSES, COUNTERCLAIM AND ALLEGATIONS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Plaintiff*
*Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, DC 20005
(202) 783-6040

Dated: September 15, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................... ii

ARGUMENT .................... 1

I. Maritz's New Allegations Are Not Relevant To Inequitable Conduct Or Unclean Hands And Are An Attempt To Circumvent The Court's Prior Rulings .................... 1

II. Maritz Should Not Be Permitted To Add New Affirmative Defenses, Counterclaims And Allegations On The Eve Of Trial .................... 3

III. Maritz's Argument In Support Of Its Allegations Made "Upon Information and Belief" Is Circular And Has Not Shown The Propriety Of These Allegations .................... 6

CONCLUSION .................... 10

# TABLE OF AUTHORITIES

**Cases** **Page**

Agere Corp. v. Proxim Inc., 190 F. Supp. 2d 726 (D. Del. 2002) ........ 9

Bourdeau Bros., Inc. v. ITC, 444 F.3d 1317 (Fed. Cir. 2006) ........ 4

E.I. DuPont de Nemours & Co. v. Millenium Chems., Inc., 1999 WL 615164 (D. Del. Aug. 2, 1999) ........ 5

Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269 (S.D.N.Y. 1999) ........ 3

Foman v. Davis, 371 U.S. 178 (1962) ........ 4

Gordon v. Impulse Mktg. Group, Inc., 2006 U.S. Dist. LEXIS 32005 (E.D. Wash. 2006) ........ 4

In re Certain Excimer Laser Sys. for Vision Correction Surgery, 2000 WL 126070 (Jan. 2000) ........ 2

Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc., 50 F.R.D. 415 (D. Del. 1970) ........ 5

Owens-Illinois, Inc. v. Lake Shore Land Co., Inc., 610 F.2d 1185 (3rd Cir. 1979) ........ 5

Prof'l Real Estate Inv. v. Columbia Pictures Indus., 508 U.S. 49 (1993) ........ 3

RGC Int'l Investors, LDC v. Greka Energy Corp., 2001 Del. Ch. LEXIS 30 (Del. Ch. Feb. 27, 2001) ........ 4

SSIH Equip. S.A. v. Int'l Trade Comm'n, 718 F.2d 365 (Fed. Cir. 1983) ........ 2

Telcordia Techs., Inc. v. Alcatel, Inc., No. 04-874, slip op. at 4 (D. Del. April 21, 2006) ........ 5

**Rules and Regulations**

Fed. R. Civ. P. 9(b) ........ 9

Fed. R. Civ. P. 15(a) .....3

37 C.F.R. § 1.102 .....7

37 CFR 1.111 .....8

Rule 708.02 of the Manual of Patent Examination Procedure ("MPEP") .....7, 8

## ARGUMENT

### I. Maritz's New Allegations Are Not Relevant To Inequitable Conduct Or Unclean Hands And Are An Improper Attempt To Circumvent The Court's Prior Rulings

Maritz's opposition brief speaks volumes about the approach that Maritz plans to take at trial. By repeatedly invoking colorful allegations such as the "web of deceit, concealment and commercial misbehavior," see D.I. 223 at 3,[1] Maritz seeks to divert attention from substantive issues and to prejudice the jury against Affinion and its counsel. Indeed, Maritz seeks to turn even the amendment of Affinion's complaint to drop certain infringement claims (an amendment for which Affinion sought and obtained the Court's approval) into some nefarious act that constitutes an "admission" of "manifest inequitable conduct" and an "acknowledgement" of "fraud." Id. at 8. Maritz should not be permitted to amend its allegations well after discovery has closed to inject numerous irrelevant issues into the trial of this matter.

Nearly all of the new allegations Maritz seeks to add on the eve of trial relate to events occurring after the issuance of U.S. Patent No. 6,009,412 ("the '412 patent"). These post-issuance events include: (1) the prosecution of the later-filed U.S. Patent No. 6,578,012 patent, which is no longer in suit; (2) the prosecution of later-filed applications from which no patents have issued; (3) claims based on the fact that allegations regarding prior art, unenforceability, inventorship, and ownership were made by the defendants in the Netcentives litigations involving the '870 and '412 patents—which litigations were brought after the issuance of the '412 patent, and (4) Trilegiant Corporation's purchase and licensing of the patents. See D.I. 196 at 9-29, ¶¶ 13-15, 25, 26, 33d, 42, 50-62, 64-73.

---

[1] Presumably in an effort to provide evidentiary support for these wide-ranging allegations, Maritz has identified 26 live witnesses it intends to call at trial, 1100 exhibits it intends to move into evidence, and approximately 2500 pages of deposition testimony it has designated.

As discussed in Affinion's opening brief, Maritz's aim appears to be to circumvent this Court's dismissal of Maritz's counterclaims that the U.S. Patent No. 5,774,870 and the '012 patent are invalid and unenforceable and this Court's ruling that Maritz will not be permitted to introduce at trial evidence that is not relevant to the validity or enforceability of the '412 patent. D.I. 173 at 5-6, 8. Recognizing that there is no legal support for using such post-issuance activities in support of its inequitable conduct claim, Maritz has backed away from arguing that these later events are relevant to its inequitable conduct claim. However, Maritz's inequitable conduct counterclaim expressly incorporates these allegations by reference. See D.I. 196 at 29 ¶ 74. Such allegations are improper and should be struck.

Maritz now argues that these same allegations regarding these events occurring after the '412 patent are instead relevant to its unclean hands and patent misuse claims. See D.I. 223 at 10-11. This position is legally incorrect. First, it is well-settled that conduct in the prosecution of a later-filed patent application cannot render an earlier patent unenforceable under an unclean hands theory. See SSIH Equip. S.A. v. ITC, 718 F.2d 365, 378-79 (Fed. Cir. 1983) ("[Defendant' relies solely on the supposition that all of the patents are so interrelated that [Plaintiff's] 'unclean hands' with respect to the later patents renders the [patent in suit] unenforceable. We reject this contention as a matter of law."); In re Certain Excimer Laser Sys. for Vision Correction Surgery, USITC Inv. No. 337-TA-419, 2000 WL 126070 (U.S.I.T.C. Jan. 2000) (patent not unenforceable due to inequitable conduct or unclean hands as a matter of law where the conduct complained of occurred after the patent issued and thus lacked the "immediate and necessary" relationship to the allegedly "infected" patent). Thus, these new allegations are, as a matter of law, irrelevant to Maritz's "unclean hands" affirmative defense and counterclaim.

Second, these new allegations cannot be used in support of Maritz's patent misuse counterclaim. Patent misuse requires a finding that the patentee's lawsuit was both objectively and subjectively baseless and that the patentee filed suit for the purpose of harming the competitor's business in unpatented goods or to otherwise extend the economic effect beyond the physical or temporal scope of the patent grant with anticompetitive effect. Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269, 273 (S.D.N.Y. 1999); Prof'l Real Estate Inv. v. Columbia Pictures Indus., 508 U.S. 49, 60-62 (1993) ("PRE"). Affinion's suit cannot be found to be objectively baseless based on the alleged nondisclosure of prior art that Maritz does not even argue is anticipatory art. Moreover, the fact that Affinion spent two million dollars to purchase the patents from Netcentives is inconsistent with a subjective belief that one of the patents is invalid or unenforceable. Indeed, Maritz also sought to purchase the '412 patent at auction. Moreover, nowhere in Maritz's 20 pages of allegations in support of its counterclaim for patent misuse is any assertion that Affinion brought this suit for an anticompetitive purpose. Maritz should not be permitted to add new allegations directed to a futile patent misuse counterclaim.

## II. Maritz Should Not Be Permitted To Add New Affirmative Defenses, Counterclaims And Allegations On The Eve Of Trial

Maritz has not proffered any justification for ignoring the August 30, 2005 deadline for amendment set forth in the Court's Rule 16(b) Scheduling Order, D.I. 2, or for failing to seek leave of Court or consent of Affinion before pleading new affirmative defenses, counterclaims, and allegations, as required by Rule 15(a) of the Federal Rules of Civil Procedure. Maritz does not deny that it could have pled its new affirmative defenses (laches, estoppel and patent misuse), its new counterclaim (unclean hands), and its new allegations at the commencement of litigation in June 2004 or sought leave to add them long before the close of

discovery in May 2006. See, D.I. 75. Maritz has not proffered any explanation for its delay and thus has not shown good cause for its amendment.

More significantly, Maritz does not deny that Affinion has not taken any discovery relating to Maritz's proposed laches and estoppel defenses and would be prejudiced should Maritz be permitted to assert them at this late date. Indeed, Maritz still has not explained the bases for its laches and estoppel defenses to the Court or Affinion and Affinion does not know on what facts Maritz intends to base these defenses. Maritz's suggestion that Affinion take a Rule 30(b)(6) deposition to discover the bases for these defenses—now, on the eve of trial—is unreasonable and unduly prejudicial to Affinion. Even if Affinion took such a deposition, it has been completely deprived of the opportunity to collect evidence and to depose relevant witnesses. The fact that Maritz has not shown good cause for its late filing indicates that bad faith and dilatory motives drive Maritz's amendment. Thus all of the Foman v. Davis factors[2] support striking the laches and estoppel defenses.

Although the unclean hands and patent misuse issues were previously raised, the amended pleadings on those issues are futile as a matter of law and, therefore, should not be permitted. Despite the fact that unclean hands was previously pled as an affirmative defense, Maritz should not be permitted to plead unclean hands as a counterclaim because it has only been recognized as an affirmative defense. See Bourdeau Bros., Inc. v. ITC, 444 F.3d 1317, 1327 (Fed. Cir. 2006); RGC Int'l Investors, LDC v. Greka Energy Corp., 2001 Del. Ch. LEXIS 30, at *21 (Del. Ch. Feb. 27, 2001); Gordon v. Impulse Mktg. Group, Inc., 2006 U.S. Dist. LEXIS 32005, at *16 (E.D. Wash. 2006). In addition, while further discovery is not precipitated by Maritz's new patent misuse affirmative defense, allowing Maritz to plead patent misuse as an

---

2 Foman v. Davis, 371 U.S. 178, 182 (1962) (amendment should be denied when there has been undue delay, bad faith, dilatory motive, undue prejudice, or futility).

affirmative defense would be futile in light of the fact that despite its 20 pages of allegations in support of its counterclaim for patent misuse it has not alleged a critical element of that defense—that Affinion brought suit for an anticompetitive purpose. See supra at 2-3.

Although Maritz asserts that its new affirmative defenses and counterclaims "respond to the new complaint," D.I. 223 at 4-5, that plainly is not true. The only new claims in Affinion's amended complaint were for false marking and false advertising. See D.I. 101. The new matters sought to be struck from Maritz's Answer to Amended Complaint have nothing to do with these claims. The only way in which Maritz's pleadings "respond" to Affinion's amended complaint is the extent to which Maritz is seeking to recast allegations about the prosecution of later-filed patents to evade the effect of this Court's dismissal of its counterclaims on the '012 patent.

Maritz incorrectly asserts that it is entitled to add these new affirmative defenses, counterclaims and allegations as a matter of right. D.I. 223 at 4. In neither of the cases on which Maritz relies, E.I. DuPont de Nemours & Co. v. Millenium Chems., Inc., 1999 WL 615164 (D. Del. Aug. 2, 1999), and Joseph Bancroft & Sons Co. v. M. Lowenstein & Sons, Inc., 50 F.R.D. 415 (D. Del. 1970), had a court-imposed deadline for amending pleadings passed, had discovery closed, or was trial imminent. In Owens-Illinois, Inc. v. Lake Shore Land Co., Inc., 610 F.2d 1185 (3rd Cir. 1979), the Third Circuit affirmed a district court's dismissal of counterclaims first raised on the eve of trial in response to an amended complaint and observed that Joseph Bancroft was not controlling precedent. Id. at 1188; see also Telcordia Techs., Inc. v. Alcatel, Inc., No. 04-874, slip op. at 4 (D. Del. April 21, 2006) (Exh. 1) (dismissing new counterclaim raised in response to an amended pleading that was filed after the Court's deadline for amendment).

Maritz also argues that its new allegations are not "new" because Affinion had knowledge of the facts underlying the new allegations. Maritz does not deny that these allegations are nowhere to be found in its earlier pleadings—it only argues that it is entitled to raise new allegations in its amended answer because Affinion and its counsel "are plainly aware of the underlying events. There is no surprise… rather there is acute awareness." Id. at 8-9.[3] Surprise and awareness of underlying events is not the legal standard, however, and Maritz has cited no law to support this argument.

Maritz also argues that certain of its new allegations concern facts that may be found in pleadings, other filings, depositions and exhibits from an earlier litigation involving the previous owner of the '412 patent, Netcentives Inc., that Affinion produced to Maritz "early in the instant litigation." Id. at 6. That Affinion produced documents from earlier litigations and those documents reveal allegations made by others simply does not transmogrify Maritz's new allegations into old allegations. Moreover that Maritz's allegations rely on documents produced early in this case only confirms that there is no excusable reason—and Maritz has offered none—why Maritz waited until now to make them.

## III. Maritz's Argument In Support Of Its Allegations Made "Upon Information and Belief" Is Circular And It Has Not Shown The Propriety Of These Allegations

Affinion asks that the Court to strike the numerous allegations that Maritz has made "upon information and belief" because they do not have any evidentiary support and

---

3 Maritz relies on the fact that certain issues were raised in earlier litigation but does not dispute that those allegations were not made in this case. See id. at 6 ("[T]he allegations surrounding the prosecution of the '870 patent were hotly contested in the Netcentives lawsuits. Documents were exchanged, depositions taken, and issues relating to inventorship, patent ownership, inequitable conduct and invalidity were very much at issue."); 7 ("…Trilegiant (and now ANP) have been all too aware of the serious allegations of nondisclosure and misstatements swirling around the Storey patents." "This activity was scrutinized in the earlier Netcentives litigation…."); 8 ("Many of the salient facts have thus been on the table for years….").

discovery has closed. See D.I. 196 at 20, ¶ 41a; 22, ¶¶ 45, 47-49; 25, ¶¶ 57-59; 26, ¶ 64; 27, ¶¶ 66, 67; 28, ¶ 69; 30, ¶ 79, 80. Maritz' responds that these allegations are proper because they "describe in detail the numerous acts and omissions constituting inequitable conduct, unclean hands, and patent misuse." See D.I. 223 at 12; see also id. at 13 ("Maritz has provided a highly-detailed set of facts that reasonably supports it defenses and counterclaims." "Maritz has sufficiently and clearly stated the grounds for its defenses in pages 9-29 of its counterclaim.") Maritz's argument is based on circular logic, for an allegation made upon "upon information and belief" cannot provide factual support for itself.

Just one example of the many allegations that Maritz has made "upon information and belief" without any evidentiary support is found on page 20, paragraph 41a of its Answer to Amended Complaint, D.I. 196, which states as follows:

> Netcentives' filing of the Petition to Make Special reflected its concern that adequate disclosure had not been made during prosecution of the by-then issued '870 patent, which (following the assignment from Mr. Storey) it had a hand in prosecuting. However, upon information and belief, it had recognized that the earlier non-disclosure could well be fatal to any subsequent patents claiming ultimate priority to the '870 patent application. The evidence suggests that Netcentives wished to rush the '412 patent through prosecution, making a superficial disclosure of the '444 (Look to Book) patent, while avoiding the more forthcoming disclosure it feared would torpedo the patent rights which it had purchased from Mr. Storey.

These allegations are simply baseless, for there are is no document or testimony showing facts from which one can infer that Netcentives believed a disclosure issue existed or that it had an ulterior motive for filing this Petition to Make Special.

The U.S. Patent and Trademark Office examines patent applications in the order they are filed unless the applicant files a "Petition to Make Special" to advance examination out of turn. This is provided for by 37 C.F.R. § 1.102 and § 708.02 of the Manual of Patent

Examination Procedure ("MPEP"). See Exhs. 2 and 3. One way to advance examination is set forth in subsection VIII of § 708.02 of the MPEP, which requires the applicant to make a pre-examination search, to submit a copy of the closest prior art references that are not already of record, and to provide a "detailed discussion of the references, which discussion points out, with the particularity required by 37 CFR 1.111 (b) and (c), how the claimed subject matter is patentable over the references." See Exh. 3. This is just one example of the many baseless allegations that Maritz has made without any evidentiary support.

In fact, one would not even know by Maritz's vitriolic allegations that the '444 patent, upon which Maritz bases its inventorship and ownership allegations, was submitted to the P.T.O. during the prosecution of the '412 patent and that the '412 patent issued over the '444 patent without fanfare. In fact, Maritz has not identified a single piece of material prior art that was known to the applicant and not submitted to the P.T.O. during the prosecution of the '412 patent. Thus not only is Maritz's inequitable conduct theory without basis, its unclean hands and misuse claims, which depends on the Court's finding that Affinion is knowingly asserting a patent that is invalid and unenforceable based on the '444 patent, is built on a house of cards.

Maritz complains that some of its allegations are made "upon information and belief" because the facts underlying these allegations are not available due to Affinion's alleged refusal to produce privileged documents and blocking witnesses from testifying as to the underlying facts. Affinion has produced all of the prosecution history documents that the Court ordered it to produce, see D.I. 204 at 12, 14, and not a single one of those documents support Maritz's assertions. Moreover, Maritz has not identified a single instance where Affinion improperly prevented a witness from testifying on a matter underlying an allegation that it made "upon information and belief." Nor has it moved to compel such testimony.

Lastly, Agere Corp. v. Proxim Inc., 190 F. Supp. 2d 726 (D. Del. 2002), does not support Maritz's argument that one may make allegations "upon information and belief" without basis after the close of discovery. The issue in Agere was whether the counterclaims for inequitable conduct were pled with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure, not whether allegations made "upon information and belief" lacked basis.[4]

[4] Contrary to Maritz's assertion, the fact that Affinion took four depositions after the May 12, 2006 scheduled discovery deadline is not relevant to Affinion's motion to strike. Those depositions were precipitated by Maritz's adding just two weeks earlier, on April 26, 2006, three new fact witnesses to its Rule 26(a)(1)(A) disclosures and a new expert witness under Rule 26(a)(2). The testimony of those witnesses related to infringement, not to any of the new matters raised in Maritz's Answer to Amended Complaint.

**CONCLUSION**

For the reasons set forth above and in Affinion's opening brief, the Court should strike the new matters set forth in Maritz's Answer to Amended Complaint.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200

*Attorneys for Plaintiff*
*Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, DC 20005
(202) 783-6040

Dated: September 15, 2006

**CERTIFICATE OF SERVICE**

I, Maryellen Noreika, hereby certify that on September 18, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 18, 2006 upon the following in the manner indicated:

**BY HAND**

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)
mnoreika@mnat.com