# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-360-JJF |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPENING BRIEF OF DEFENDANT MARITZ INC. IN
## SUPPORT OF ITS MOTION IN LIMINE RELATING TO PRE-SUIT DAMAGES

CONNOLLY BOVE LODGE
  & HUTZ LLP
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Date: September 20, 2006          *Attorneys for Maritz Inc.*

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

I.    NATURE AND STAGE OF THE PROCEEDINGS .......................................... 1

II.   SUMMARY OF ARGUMENT ............................................................................. 1

III.  BACKGROUND ................................................................................................... 2

IV.   ARGUMENT ......................................................................................................... 3

      A.   Maritz Incentives and Maritz Rewards. ..................................................... 3

      B.   Maritz Loyalty ........................................................................................... 5

V.    CONCLUSION ..................................................................................................... 6

TABLE OF AUTHORITIES

## Cases

*American Medical Systems, Inc. v. Medical Engineering Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993)........................................................................................... 4

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
  24 F.3d 178 (Fed. Cir. 1994)........................................................................................... 4

*Gart v. Logitech, Inc.*,
  254 F.3d 1334 (Fed .Cir.2001).......................................................................................... 4

## Statutes

35 U.S.C. § 287(a) ...................................................................................................... 3, 6

# I.

## NATURE AND STAGE OF THE PROCEEDINGS

On June 8, 2004, Trilegiant Loyalty Solutions, Inc. ("Trilegiant Loyalty") filed this action alleging infringement of U.S. Patents 5,774,870 ("the '870 Patent"), 6,009,412 ("the '412 Patent") and 6,578,012 ("the '012 Patent") (collectively "the Storey Patents") against Maritz Inc. ("Maritz"). D.I. 1. The '012 Patent is a continuation of the '412 Patent, which is a continuation of the '870 Patent. In its Complaint, Trilegiant Loyalty alleged that Maritz's "internet-based loyalty incentive programs" infringe each of the Storey Patents. *Id.*

Maritz answered the Complaint and asserted counterclaims requesting declarations of non-infringement, invalidity, and unenforceability of the Storey Patents. D.I. 8. On October 17, 2005, Trilegiant assigned the Storey Patents to plaintiff Affinion Net Patents, Inc. ("plaintiff"). D.I. 148. Currently, plaintiff seeks only to enforce the '412 Patent. D.I. 101.

Trial is set to begin on October 23, 2006.

# II.

## SUMMARY OF ARGUMENT

Maritz requests the Court to prohibit plaintiff from presenting evidence of damages prior to the date it proves actual notice to Maritz of (a) the '412 Patent and (b) Maritz's alleged infringement thereof. Specifically, plaintiff should be prevented from presenting any evidence of alleged pre-suit damages relating to Maritz Rewards' or Maritz Incentives' products or programs, including AwardHQ.com. Plaintiff should further be prevented from presenting any evidence of alleged damages prior to July 2002 relating to Maritz Loyalty or VAULT.

Having admitted that it did not mark products that it now alleges are patented, plaintiff bears the burden of demonstrating that it gave Maritz sufficient actual notice of its claim of

infringement in order to seek damages allegedly incurred prior to the filing of this suit. There is no evidence of actual notice of alleged infringement by the Maritz Incentives and Maritz Rewards programs prior to the date of filing this suit. As to Maritz Loyalty, plaintiff alleges that it gave actual notice to the then-President of Maritz Loyalty of its alleged infringement (Maritz will contest that Affinion can demonstrate effective notice). Plaintiff, therefore, should be prohibited from presenting any evidence of alleged damages related to Maritz Incentives or Maritz Rewards prior to the filing of suit on June 8, 2004, or evidence of alleged damages related to Maritz Loyalty prior to July 2002.

## III.

## BACKGROUND

On December 7, 2001, Trilegiant Corporation ("Trilegiant Corp.") acquired the Storey patents and certain licenses granted under the patents from Netcentives, Inc.

On January 28, 2004, Trilegiant Corp. assigned the patents to Trilegiant Loyalty. Trilegiant Loyalty filed this suit against Maritz Inc. on June 8, 2004. D.I. 1. On May 22, 2006, the Court ruled that Affinion Net Patents, Inc. should be substituted for Affinion Loyalty Group as plaintiff in this matter. D.I. 148.

Prior to this lawsuit, none of Trilegiant Corp., Trilegiant Loyalty, or any of their predecessors notified Maritz of any alleged infringement of the '412 Patent by Maritz Incentives or Maritz Rewards.

Prior to this lawsuit, none of Trilegiant Corp., Trilegiant Loyalty, or any of their predecessors notified Maritz in writing of any alleged infringement of the '412 Patent by Maritz Loyalty.

During their respective periods of patent ownership through mid-2004, neither Trilegiant Corporation nor Trilegiant Loyalty marked their websites with U.S. Patent No. 6,009,412. Prior to June 8, 2004, the Trilegiant Loyalty website described and promoted its allegedly patented product.

Further, a substantial number of Trilegiant Loyalty's clients did not mark their websites with U.S. Patent No. 6,009,412.

Maritz filed a motion for partial summary judgment seeking to deny Affinion Patents any damages prior to the date on which it proves actual notice to Maritz of the '412 Patent and of Maritz's alleged infringement of it. That motion is pending. D.I. 155.

## IV.

### ARGUMENT

#### A.   Maritz Incentives and Maritz Rewards.

Generally, a patentee "is entitled to damages from the time when it either began marking[1] its products in compliance with section 287(a)[2] or when it actually notified [the alleged infringer] of its infringement, whichever was earlier." *American Medical Systems, Inc. v. Medical*

---

[1]In its Motion for Partial Summary Judgment Regarding Presuit Damages, Maritz fully briefed the issue of patent marking and will not repeat those arguments in this brief. In its summary judgment opposition, Affinion never attempted to prove compliance with the marking statute, but instead argued that the marking requirement did not apply.

[2]Section 287(a) of Title 35 of the United States Code provides, in relevant part:
"[p]atentees and persons making or selling any patented article for or under them, may give notice to the public that the same is patented, either by fixing thereon the word 'patent' or the abbreviation 'pat.', together with the number of the patent, or when from the character of the article, this can not be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure to so mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for the infringement occurring after such notice."

3

*Engineering Corp.*, 6 F.3d 1523, 1537 (Fed. Cir. 1993)   "The requirement of actual notice is designed to assure that the accused infringer knew of the adverse patent and the alleged infringement during the period in which its liability accrues." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1345 (Fed. Cir. 2001) (citing *SRI Int'l, Inc. v. Advanced Tech. Labs., Inc.*, 127 F.3d 1462, 1470 (Fed. Cir. 1997)).

Notably, a patentee only satisfies the actual notice requirement when the patentee affirmatively communicates to the alleged infringer <u>a specific charge of infringement</u> by a <u>specific accused product or device</u>. *Gart*, 254 F.3d at 1345. *See also Amsted Indus. Inc.  v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994). It should be undisputed that neither plaintiff nor any of its predecessors ever gave actual notice to anyone at Maritz of plaintiff's allegations of infringement of the '412 patent due to activities of Maritz Incentives or Maritz Rewards before this suit was filed. In its Opposition to Maritz's Motion for Partial Summary Judgment, Affinion stated "[t]he evidence clearly states that on or about July 3, 2002, Trilegiant Corporation (the patent owner at that time) gave notice to Maritz that its Vault product infringed the '412 patent." Because plaintiff never put Maritz on pre-suit notice that it believed the Maritz Rewards or Maritz Incentives products or programs infringed the '412 patent, plaintiff is not entitled to seek any damages for these products or programs prior to commencement of litigation.

The Federal Circuit has limited a patentee's damages when its notice accused one product of infringement but failed to name another. In *Gart*, the Federal Circuit found that a letter alleging infringement of TRACKMAN VISTA products did not communicate a specific charge of infringement by the TRACKMAN MARBLE or TRACKMAN MOUSEMAN products. 254 F.3d at 1346-47. The patent holder's first letter did not generally accuse infringement by

4

defendant's mouse or trackball products but, instead, specifically named the TRACKMAN VISTA product.

A subsequent letter identifying the TRACKMAN MARBLE product was able to piggyback on the accusation of infringement in the first letter to satisfy the actual notice requirement for that product as well. However, the plaintiff never named the TRACKMAN MOUSEMAN products until the complaint was filed. The Federal Circuit held that plaintiff was only able to recover damages on the TRACKMAN MARBLE product after the date of the second letter. Further, damages on the TRACKMAN MOUSEMAN products, never the subject of a letter, were only available for the time period beginning when the complaint was served.

In this case, there is no evidence that plaintiff or its predecessor accused the activities of the Maritz Incentives and Rewards businesses of infringing the claims of the '412 patent until this suit was filed. Therefore, Affinion cannot seek pre-suit damages related to these businesses.

### B.    Maritz Loyalty

For purposes of this motion, the Court need not decide the date of actual notice to Maritz of the '412 patent and Maritz Loyalty's alleged infringement of it. Maritz asserts that actual notice was first given when this suit was filed. Affinion argues that it gave Maritz actual notice of Maritz's alleged infringement of the '412 patent **orally** in July of 2002.[3] This is a fact issue that can be decided at trial.

---

[3] It is undisputed that Affinion's predecessor did not give **written** notice to Maritz until the filing of this suit. Affinion argues, instead, that a telephone conversation satisfied the actual notice requirements. Affinion's evidence regarding the substance of the conversation is insufficient to prove that notice was sufficient to satisfy the requirements of section 287. *American Medical Systems, Inc. v. Medical Engineering Corporation,* 6 F.3d 1523, 1537 fn 18 (Fed. Cir. 1993).

However, because plaintiff cannot prove an actual notice date earlier than July 2002, and cannot meet its burden to demonstrate constructive notice, it should not be permitted to present evidence of any damages related to Maritz Loyalty for any time earlier than July 2002.

## V.

## <u>CONCLUSION</u>

Maritz requests the Court to grant its motion in limine preventing plaintiff from submitting any evidence of alleged damages prior to the filing of this suit related to Maritz Incentives and Maritz Rewards.  Further, Maritz requests that plaintiff be prevented from presenting any evidence of alleged damages related to Maritz Loyalty for any time period before July 2002.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: _____ /pc

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Maritz Inc.*

7

## CERTIFICATE OF SERVICE

I, hereby certify that on September 20, 2006, I electronically filed **OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS MOTION IN LIMINE RELATING TO PRE-SUIT DAMAGES** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on September 20, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

| **Via Hand Delivery** | **Via Federal Express** |
|---|---|
| Jack B. Blumenfeld | Steven Lieberman |
| Maryellen Noreika | Sharon L. Davis |
| Morris, Nichols, Arsht & Tunnell LLP | Rothwell, Figg, Ernst & Manbeck, P.C. |
| 1201 N. Market Street | 1425 K Street, N.W. |
| P.O. Box 1347 | Suite 800 |
| Wilmington, DE 19899-11347 | Washington, D.C. 20005 |

Paul E. Crawford (#493)

344560_26

8