IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF OF DEFENDANT MARITZ INC.
IN SUPPORT OF ITS MOTION *IN LIMINE* RELATING TO THE
DOCTRINE OF EQUIVALENTS AND JOINT INFRINGEMENT**

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Dated: September 20, 2006                    *Attorneys for Maritz Inc.*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | NATURE AND STAGE OF PROCEEDING | 1 |
| II. | SUMMARY OF ARGUMENT | 1 |
| III. | ARGUMENT | 1 |
| | A.  Introduction | 1 |
| | B.  Legal Standards Under Federal Rule of Civil Procedure 37(c)(1) and 26(e) | 2 |
| | C.  Affinion Should Not Be Permitted to Present Evidence or Arguments of Infringement Under the Doctrine of Equivalents or Joint Infringement | 2 |
| |     1.  Affinion Did Not Provide Information Relating to the Doctrine of Equivalents or Joint Infringement During Discovery | 3 |
| |     2.  Affinion Did Not Otherwise Make Known its Intentions to Rely on the Doctrine of Equivalents or Joint Infringement | 4 |
| | D.  Affinion's Failure to Disclose its Doctrine of Equivalents Theory of Infringement is Not Harmless | 5 |
| IV. | CONCLUSION | 7 |

# TABLE OF AUTHORITIES

**Cases**

*Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*,
    347 F. Supp. 2d 129, 130 (D. Del. 2004) .................................................................. 5

*Philips Electronics North America Corp. v. Contec Corp.*,
    2004 WL 769371, *1 (D. Del. 2004) .................................................................... 2, 6

**Rules**

Federal Rule of Civil Procedure 26 ................................................................................ 7

Federal Rule of Civil Procedure 26(a)(2)(B) ................................................................. 5

Federal Rule of Civil Procedure 26(e) ................................................................. ii, 2, 4

Federal Rule of Civil Procedure 37 ................................................................................ 2

Federal Rule of Civil Procedure 37(c)(1) ............................................................ ii, 1, 2, 4

### OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS MOTION *IN LIMINE* RELATING TO THE DOCTRINE OF EQUIVALENTS AND JOINT INFRINGEMENT

I. **NATURE AND STAGE OF PROCEEDING**

Trial in this matter is scheduled to begin on October 23, 2006. As set forth in Section XI.1 of the Joint Proposed Pre-Trial Order (D.I. 227), the parties have agreed that motions *in limine* and *Daubert* motions be filed by today, September 20, 2006.

II. **SUMMARY OF ARGUMENT**

Affinion has concealed its now-apparent intention to rely on a theory of infringement under the doctrine of equivalents or a theory of joint infringement throughout this case...until it recently filed its proposed jury instructions. Affinion did not set forth either of these theories in response to Maritz's discovery requests. Affinion's expert witnesses did not address these theories of infringement in their expert reports. Under Federal Rule of Civil Procedure 37(c)(1), Affinion should not be permitted to present argument or evidence relating to either the doctrine of equivalents or joint infringement. The Court should also not instruct the jury on either of these theories of infringement.

III. **ARGUMENT**

  A. **Introduction**

Trial in this matter is scheduled to begin on October 23, 2006. Despite having provided no information on the subjects, through discovery or otherwise, Affinion has improperly submitted jury instructions relating to joint infringement and infringement under the doctrine of equivalents. *See* D.I. 229, Proposed Instructions Nos. 2.6, 2.8. Affinion never disclosed that it intended to rely on either theory of infringement. Maritz had no opportunity during discovery to develop its defense to these theories of infringement. Maritz moves the Court to exclude any

1

argument or evidence relating to infringement under the doctrine of equivalents or joint infringement.

### B. Legal Standards Under Federal Rule of Civil Procedure 37(c)(1) and 26(e)

Federal Rule of Civil Procedure 26(e) provides that:

> A party who has ... responded to a request for discovery with a disclosure or response is under a duty to supplement or correct the disclosure or response to include information thereafter acquired ... in the following circumstances ... (2) a party is under a duty seasonably to amend a prior response to an interrogatory ... if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Rule 37(c)(1) provides that "[a] party that without substantial justification fails to disclose information required [under Rule 26] is not, unless such failure is harmless, permitted to use as evidence at trial ... information not so disclosed." This provision was added to the Rules to serve as an "automatic sanction" intended to provide "a strong inducement for disclosure of material that the disclosing party would expect to use as evidence." *Philips Electronics North America Corp. v. Contec Corp.*, 2004 WL 769371, *1 (D. Del. 2004), citing Advisory Committee Note to 1993 Amendments to Fed. R. Civ. P. 37 (attached as Ex. 4).

### C. Affinion Should Not Be Permitted to Present Evidence or Arguments of Infringement Under the Doctrine of Equivalents or Joint Infringement

Affinion has had numerous opportunities to provide information relating to the doctrine of equivalents or joint infringement. Affinion concealed these theories of infringement until it was forced to disclose them to the Court as part of its pretrial submissions on September 11, 2006, months after discovery closed.

2

### 1. Affinion Did Not Provide Information Relating to the Doctrine of Equivalents or Joint Infringement During Discovery

On April 15, 2005, Trilegiant Loyalty Solutions, Inc. ("Trilegiant")[1] served its Responses to Maritz Inc.'s First Interrogatories. Ex. 1. In response to Maritz's Interrogatory Nos. 1 and 2, which sought Trilegiant's basis for claiming that Maritz literally infringed the asserted patents or infringed under the doctrine of equivalents, Trilegiant stated that "Maritz's VAULT and other on-line incentive programs infringe at least claims ... 1, 10, 18, 27, 35, and 36 of U.S. Patent No. 6,009,412." *Id.* at 3-4. Trilegiant also stated that it would "supplement this response after it receives and analyzes the relevant information from Maritz regarding Maritz's VAULT and other on-line incentive programs." *Id.* at 4.

On July 18, 2005, Trilegiant served its Responses to Maritz's Second Interrogatories. Ex. 2. Maritz's Interrogatory No. 15 expressly requested that Trilegiant "[s]tate with particularity each claim of the Patents at Issue that [Trilegiant] assert[s] is infringed by Maritz under a doctrine of equivalents analysis, state the program that [Trilegiant] assert[s] is infringing, and for each such claim provide a full explanation of the function, way and result ..." *Id.* at 3. Trilegiant responded by stating that "[o]n information and belief, Maritz's VAULT and other on-line incentive programs infringe at least ... claims 1, 10, 18, 27, 35, and 36 of U.S. Patent No. 6,009,412 ... Trilegiant will supplement this response after it receives and analyzes relevant information from Maritz regarding Maritz's Vault and other on-line incentive programs." *Id.* at 4. Affinion's response was never supplemented.

On March 17, 2006, Affinion served its Supplemental Responses to Maritz Inc.'s First Set of Interrogatories. Ex. 3. Affinion's supplemental response to Maritz's Interrogatory No. 1 identified the claims of the '412 patent which are currently in dispute and stated that its "bases

---
[1] Trilegiant was the original plaintiff in this matter.

3

for infringement thereof are set forth in the expert reports of Randy Petersen and Robert Young, served March 10, 2006."[2] *Id.* at 3-4. Neither Mr. Petersen's nor Mr. Young's expert reports address the doctrine of equivalents or joint infringement. Affinion has not further supplemented its responses.

At no time has Affinion *ever* supplemented its responses to Maritz's Interrogatories to include the doctrine of equivalents or joint infringement. As such, Affinion has failed to comply with the obligations of Rule 26(e). Exclusion of any argument or evidence relating to joint infringement or infringement under the doctrine of equivalents is proper under Rule 37(c)(1).

### 2. Affinion Did Not Otherwise Make Known its Intentions to Rely on the Doctrine of Equivalents or Joint Infringement

As discussed above, Rule 26(e) allows parties to "otherwise" make information known to opposing parties. Affinion had numerous opportunities to make its infringement contentions known to Maritz but chose not to do so.

On May 25, 2006, Maritz filed its Motion for Summary Judgment of Non-Infringement. D.I. 160. In its Memorandum in Support of that Motion, Maritz identified elements of the asserted claims it did not perform. D.I. 161. In responding to Maritz's Motion, Affinion never raised the prospect of relying on a joint infringement or doctrine of equivalents theory. *See* D.I. 189.

Secondly, as discussed above, neither of Affinion's experts have proffered opinions on whether either of Maritz's Vault or AwardHQ systems infringe under the doctrine of equivalents. Additionally, neither expert opined on whether Maritz, along with some other unidentified party,

---

[2] Affinion supplemented its response to Interrogatory No. 2, stating that it was relying on the expert reports of Mr. Petersen and Mr. Young.

jointly infringed the '412 patent.[3] But Affinion has expressly stated that these same expert reports contain all of its infringement contentions. Affinion should not be able to assert previously undisclosed infringement theories on the eve of trial and after discovery has closed.

### D. Affinion's Failure to Disclose its Doctrine of Equivalents Theory of Infringement is Not Harmless

Because Affinion concealed its joint infringement and/or doctrine of equivalents allegations until after the close of discovery, Maritz has been unable to conduct discovery on these theories. Notably, neither of Maritz's experts had an opportunity to opine on these undisclosed theories of infringement.

Strict evidentiary requirements are necessary to prove infringement under the doctrine of equivalents, including "the need to prove equivalency on a limitation-by-limitation basis" and that equivalency must "be proven by particularized testimony and linking argument." *Honeywell Int'l Inc. v. Universal Avionics Sys. Corp.*, 347 F. Supp. 2d 129, 130 (D. Del. 2004). These requirements "assure that the fact-finder does not, under the guise of applying the doctrine of equivalents, erase a plethora of meaningful structural and functional limitations of the claim on which the public is entitled to rely in avoiding infringement." *Id.* Without knowing what claim element Affinion alleges is not literally present in Maritz's accused systems, or why Affinion believes that the element of the accused system is insubstantially different, Maritz did not have the opportunity to develop evidence and/or expert testimony relating to these issues. Further, there are several legal limitations on the doctrine of equivalents, which exist to prevent the doctrine from unduly expanding a patent's protection. Because Affinion continues to conceal the

---

[3] Because Affinion's experts did not opine on these topics in their expert reports, they cannot testify on them at trial. *See* Fed. R. Civ. P. 26(a)(2)(B)

5

precise details of its doctrine of equivalents argument,[4] Maritz cannot yet demonstrate how the application of these legal limitations provide further justification for precluding Affinion from relying on the doctrine of equivalents at trial.

Similarly, Affinion's eleventh hour joint infringement theory[5] requires particularized evidence. In addition to showing that multiple entities are collectively performing all the steps of a claimed method, a plaintiff must establish a sufficient relationship between the entities to justify liability.

Affinion has provided no details as to its joint infringement theory. Specifically, Affinion has not even identified the entity or entities whose activities, along with Maritz's, it alleges constitute joint infringement. Neither has Affinion identified the step or steps of the asserted method claims that Maritz is _not_ performing, but which the other entity or entities is allegedly performing. Due to Affinion's suppression of this theory Maritz did not have the opportunity to develop evidence in defense of Affinion's new allegations. And due to Affinion's continued suppression of the details of its joint infringement theory, Maritz remains unable to prepare a rebuttal case for trial on this issue.

Maritz faces the prospect of defending itself against claims that it was unaware of until just weeks before trial. The prejudice and harm to Maritz is clear, and Affinion should not be permitted to introduce this evidence at trial. *See Philips Electronics North America Corp. v. Contec Corp.*, 2004 WL 769371, *1 (D. Del. 2004) ("Since [defendant] has not shown that its

---

[4] Although Affinion revealed that it intends to pursue infringement under the doctrine of equivalents or joint infringement in its pretrial filings, it continues to veil the details of these theories. In Affinion's one-page Statement of What it Intends to Provide in Support of its Claims (D.I. 227, Ex. 12), Affinion provides no insight into the evidence it will present at trial in its case-in-chief. Indeed, Affinion's filing provides less insight into is case-in-chief than its complaint.

[5] The "joint infringement" theory Affinion relies on is an exception to the rule that an alleged infringer must perform every step of a method claim. The parties disagree as to whether this theory should apply to the method claims in the '412 patent and, if applicable, what is required to establish liability.

6

failure to properly and timely produce the evidence in question is harmless, the evidence will not be permitted at trial").

## IV. CONCLUSION

Affinion has failed to comply with its discovery obligations under Federal Rule of Civil Procedure 26. Maritz requests the Court to grant its motion *in limine* and prohibit Affinion from presenting evidence or argument during trial regarding the doctrine of equivalents or joint infringement.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: /s/ Patricia Rogowski JPC
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
Michael J. Hartley
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Maritz Inc.*

488983_1

## CERTIFICATE OF SERVICE

I, hereby certify that on September 20, 2006, I electronically filed **OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS MOTION IN LIMINE RELATING TO THE DOCTRINE OF EQUIVALENTS AND JOINT INFRINGEMENT** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on September 20, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Paul E. Crawford (#493)

8