# Exhibit 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

|  |  |
|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC. | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| MARITZ, INC., | ) ) ) |
| Defendant. | ) ) |

Civil Action No. 04-360-JJF

**TRILEGIANT LOYALTY SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO**
**MARITZ, INC.'S FIRST INTERROGATORIES**

Under Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Trilegiant Loyalty

Solutions, Inc. ("Trilegiant") submits the following objections and responses to Maritz, Inc.'s

("Maritz's") First Set of Interrogatories ("Interrogatories").

**GENERAL OBJECTIONS**

Unless otherwise stated, these general objections apply to each and every Interrogatory as

though fully set forth therein:

1.      Each of the following responses is made only for purposes of this action. Each

response is subject to all objections as to relevance, materiality, and admissibility, and to any and

all objections on any ground that would require exclusion of any response if it were introduced in

court. All objections and grounds are expressly reserved.

2.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions

and each individual Interrogatory set forth therein, to the extent that they seek the disclosure of

information covered by the attorney-client privilege, the attorney work-product doctrine and/or

any other applicable law, privilege, protection, immunity, or doctrine. Nothing herein is intended

as, or shall in any way be deemed to be, a waiver of any such law, privilege, protection, immunity or doctrine. To the extent that supplying the information requested would result in waiving any privilege or objection, Trilegiant objects to providing such information and will not do so. To the extent Trilegiant provides any information falling within the attorney-client privilege, the attorney work product doctrine, and/or any other privilege or protection inadvertently, Trilegiant does not waive the applicable privilege/objection.

3.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, and the Court's Rule 16 Scheduling Order.

4.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they call for the disclosure of information which relates to matters not raised by the pleadings, to the extent they are not material and necessary to the prosecution and defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

5.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they call for the disclosure of confidential, proprietary, or trade secret information of Trilegiant or third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this matter.

6.      Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they require Trilegiant to undertake an unduly burdensome and oppressive search for information.

2

7.   Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they purport to require Trilegiant to provide information that is publicly available or within Maritz's possession.

8.   Trilegiant asserts its General Objections with respect to each and every Interrogatory. Trilegiant reserves the right to supplement, amend, correct, or clarify its responses and objections to these interrogatories, and to assert general and specific objections arising from matters discovered during the course of the litigation.

## RESPONSES TO INDIVIDUAL INTERROGATORIES

### Interrogatory No. 1:

Provide a four column claim chart for the claims of the Patents at Issue which identifies, in the far left column each claim element, in the left middle column plaintiff's construction of the language of that element pursuant to *Markman v Westview Instruments, Inc.*, in the middle column whether and why each element as so construed literally covers or does not literally cover any programs, methods, or systems allegedly used by defendant that plaintiff asserts are covered by one or more of the claims of the Patents at Issue, or any aspect thereof, and identifying the program, method or system, and in the far right column, whether and why each element as so construed covers or does not cover the accused programs, methods, or systems or any aspect thereof under the doctrine of equivalents.

### Response to Interrogatory No. 1:

Trilegiant reasserts its general objections listed above. Further, Trilegiant objects to Interrogatory No. 1 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory on the basis that it is premature and to the extent it requires Trilegiant to disclose information in Maritz's, not Trilegiant's, possession, custody or control. Trilegiant has requested that Maritz produce the relevant information regarding Maritz's VAULT and other on-line incentive

3

programs.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. On information and belief, Maritz's VAULT and other on-line incentive programs infringe at least claims 1 and 29 of the U.S. Patent No. 5,774,870, claims 1, 10, 18, 27, 35, and 36 of U.S. Patent No. 6,009,412, and claim 1 of U.S. Patent No. 6,578,012. Trilegiant will supplement this response after it receives and analyzes the relevant information from Maritz regarding Maritz's VAULT and other on-line incentive programs.

### Interrogatory No. 2:

Describe in detail the factual basis and/or evidentiary support for plaintiff's contention that Maritz infringes one or more of the claims of the Patents at Issue, including the identification of each document that supports this contention, and the identification of each witness that has knowledge of any facts that support this contention.

### Response to Interrogatory No. 2:

Trilegiant objects to Interrogatory No. 2 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory on the basis that it is premature and to the extent that it requires Trilegiant to disclose information and witnesses in Maritz's, not in Trilegiant's, possession, custody or control. Trilegiant has requested that Maritz produced relevant information regarding Maritz's VAULT and other on-line incentive program. Trilegiant further objects to this interrogatory on the basis that it is duplicative of Interrogatory No. 1 and Trilegiant will not repeat herein its response to Interrogatory No. 1. Trilegiant will supplement this response after it receives and analyzes the relevant information from Maritz regarding Maritz's VAULT and other on-line

4

incentive programs.

**Interrogatory No. 3:**

Describe in detail the factual basis and/or evidentiary support for your contention that any infringement by Maritz of one or more of the claims of the Patents at Issue is willful, including the identification of each documents that supports your contention, and the identification of each witness that has knowledge of any facts that support your contention.

**Response to Interrogatory No. 3:**

Trilegiant reasserts its general objections listed above. Further, Trilegiant objects to Interrogatory No. 3 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant objects to this interrogatory on the basis that it is premature and to the extent that it requires Trilegiant to disclose information and witnesses in Maritz's, not in Trilegiant's, possession, custody or control. Trilegiant has requested that Maritz produce relevant information regarding Maritz's awareness and analysis of the patents in suit.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. Maritz has been aware of the patents in suit since at least June 2002. Despite that knowledge of the patents in suit and the fact that infringement is plain, Maritz has willfully continued its infringing conduct. Trilegiant will supplement this response after it receives and analyzes additional information from Maritz regarding Maritz's awareness and analysis of the patents in suit.

**Interrogatory No. 4:**

Identify each and every category of damages claimed by plaintiff on account of defendant's alleged infringement of the Patents at Issue, and provide a computation of each such

5

category. The computation should include the basis and extent of any claim for lost profits (including identification of the relevant programs, systems or methods and profit margins) and the basis and extent of any claim for a reasonable royalty (including identification of the relevant programs, systems or methods and royalty rate).

**Response to Interrogatory No. 4:**

Trilegiant reasserts its general objections listed above. Further, Trilegiant objects to

Interrogatory No. 4 to the extent it seeks the disclosure of information covered by the

attorney-client privilege, the attorney work-product doctrine and/or any other applicable law,

privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory on the

basis that it is premature and to the extent that it requires Trilegiant to disclose information in

Maritz's, not in Trilegiant's, possession, custody or control. Trilegiant has requested that Maritz

produce information relevant to Trilegiant's damages, including lost profits and reasonable

royalties. Trilegiant will supplement this response once it receives this information.

**Interrogatory No. 5:**

Identify all products made or programs, methods or systems practiced by a person or persons that compete with any products made or sold or any programs, methods, or systems offered by plaintiff that are encompassed by the scope of one or more of the claims of the Patents at Issue and, for each such competitive product or method, state whether plaintiff contends that the competitive product or program, method, or system infringes any claim of the Patents at Issue (or any other patent owned or controlled by plaintiff).

**Response to Interrogatory No. 5:**

Trilegiant objects to this interrogatory on the basis that it is vague and overbroad and

calls for the disclosure of information that relates to matters that are neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. Trilegiant further objects

to this interrogatory on the basis that it does not specify whose products are sought to be

identified and to the extent it seeks discovery as to patents other than the patents in suit.

6

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant

responds as follows. On information and belief, Maritz's VAULT and other on-line incentive

programs infringe the patents in suit.

**Interrogatory No. 6:**

Identify all products made or programs, methods or systems practiced or offered by
defendant that you contend infringe one or more of the claims of the Patents at Issue and for each
such product or program, method or system identify which claims are infringed and the person(s)
most knowledgeable about such infringement.

**Response to Interrogatory No. 6:**

Trilegiant objects to Interrogatory No. 6 to the extent it seeks the disclosure of

information covered by the attorney-client privilege, the attorney work-product doctrine and/or

any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects

to this interrogatory on the basis that it is premature and to the extent that it requires Trilegiant to

disclose information in Maritz's, not in Trilegiant's, possession, custody or control. Trilegiant

has requested that Maritz identify to Trilegiant all of its on-line incentive programs and to

produce information relevant to those products' infringement of the patents in suit.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant

responds as follows. On information and belief, Maritz's VAULT and other on-line incentive

programs infringe at least claims 1 and 29 of the U.S. Patent No. 5,774,870, claims 1, 10, 18, 27,

35, and 36 of U.S. Patent No. 6,009,412, and claim 1 of U.S. Patent No. 6,578,012. On

information and belief, persons most knowledgeable regarding Maritz's infringement are

employed by Maritz. Trilegiant will supplement this response after it receives and analyzes the

relevant information from Maritz regarding Maritz's VAULT and other on-line incentive

programs.

**Interrogatory No. 7:**

Identify all instances (with the exception of the present suit) in which plaintiff or Netcentives has stated or indicated to another person that such person is infringing or may infringe any claim of the Patents at Issue, and for each such instance, identify the person to whom such statement or indication was made, state when and how plaintiff advised that person of the alleged infringement, identify the allegedly infringing program, system or method, the documents and communications relating to the allegedly infringing acts and programs, systems or methods, and the person(s) most knowledgeable of each such statement or indication.

**Response to Interrogatory No. 7:**

Trilegiant objects to Interrogatory No. 7 to the extent it seeks the disclosure of

information covered by the attorney-client privilege, the attorney work-product doctrine and/or

any other applicable law, privilege, protection, immunity, or doctrine.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant

responds as follows. The burden of deriving or ascertaining the answer to this Interrogatory from

these documents therefore is substantially the same on Maritz as it is on Trilegiant. Accordingly,

pursuant to Fed. R. Civ. P. Rule 33(d), Trilegiant refers Maritz to documents that will be

produced to Maritz by Trilegiant. Trilegiant will supplement this response with Bates numbers

after the documents are produced.

**Interrogatory No. 8:**

State whether you have ever obtained any oral or written advice and/or opinion of counsel regarding the validity, infringement, or enforceability of the Patents at Issue and, if so, state the substance of any such advice and/or opinion; identify each person who requested such advice and/or opinion; identify each person who provided such advice and/or opinion; and identify each person who received such advice and/or opinion.

**Response to Interrogatory 8:**

Trilegiant objects to Interrogatory No. 8 on the basis that it seeks the disclosure of

8

information covered by the attorney-client privilege and the attorney work-product doctrine and
to the extent that it seeks the disclosure of information covered by any other applicable law,
privilege, protection, immunity, or doctrine.

**Interrogatory No. 9:**

State whether plaintiff has ever conducted or had conducted any prior art search or
investigation directed to the subject matter of the Patents at Issue, and state whether plaintiff has
been made aware by others of information asserted to relate to the patentability and/or validity of
any claims of the Patents at Issue. If the answers are anything other than unqualified negatives,
state when the search or investigation was conducted and when and how plaintiff was made
aware of information asserted to relate to the patentability and/or validity of any claim of the
Patents at Issue, identify each such piece of prior art and information, and identify the person(s)
most knowledgeable of each such search or investigation.

**Response to Interrogatory No. 9:**

Trilegiant objects to Interrogatory No. 9 on the basis that it seeks the disclosure of
information covered by the attorney-client privilege and the attorney work-product doctrine
and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further
objects to this interrogatory on the basis that it calls for the disclosure of information available to
Maritz from the U.S. Patent and Trademark Office's public records regarding the patents in suit.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant
responds as follows. Trilegiant will produce non-privileged documents to Maritz identifying
prior art searches and prior art. The burden of deriving or ascertaining the answer to this
Interrogatory from these documents therefore is substantially the same on Maritz as it is on
Trilegiant. Accordingly, pursuant to Fed. R. Civ. P. Rule 33(d), Trilegiant refers Maritz to
documents that will be produced to Maritz by Trilegiant. Trilegiant will supplement this
response with Bates numbers after the documents are produced.

9

**Interrogatory No. 10:**

For each claim of the Patents at Issue which plaintiff asserts is infringed by defendant, state when the alleged invention of each such claim was conceived, when the alleged invention of each such claim was first actually reduced to practice, describe the circumstances surrounding each such conception and first actual reduction to practice, and identify the person(s) most knowledgeable of each conception and actual reduction to practice.

**Response to Interrogatory No. 10:**

Without waiving any objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. On information and belief, the inventions disclosed and claimed in the patents in suit were conceived by Mr. Storey in approximately May 1995 and were not actually reduced to practice by him prior to the filing of U.S. Patent Application No. 572,017. With regard to the circumstances surrounding Mr. Storey's invention, the burden of deriving or ascertaining this information is substantially the same on Maritz as it is on Trilegiant and pursuant to Fed. R. Civ. P. Rule 33(d), Trilegiant refers Maritz to documents that will be produced to Maritz by Trilegiant. Trilegiant will supplement this response with Bates numbers after the documents are produced. Mr. Storey is the person most knowledgeable about his conception of his inventions and the circumstances surrounding his conception.

**Interrogatory No. 11:**

Identify all persons involved in, and identify the persons who are most knowledgeable of, the acquisition by or assignment to plaintiff of the Patents at Issue, and state in what capacity such persons were involved, and identify all documents relevant to or referring to such acquisition.

**Response to Interrogatory No. 11:**

Trilegiant objects to Interrogatory No. 11 to the extent it is overly broad, vague, and unduly burdensome, in seeking the identity of "all persons involved in … the acquisition by or

10

assignment to plaintiff of the Patents at Issue." Trilegiant further objects to this interrogatory to the extent that it requires Trilegiant to disclose information not in Trilegiant's, possession, custody or control.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. On information and belief, Rodney Gould and Scott Lazear are persons who were involved in and knowledgeable about the assignment of the patents in suit by Netcentives Inc. to Trilegiant.

**Interrogatory No. 12:**

Identify all persons involved in, and identify the persons who are most knowledgeable about any previous lawsuits between plaintiff and/or Netcentives and any third party alleged to infringe the Patents at Issue, and state in what capacity such persons were involved, and identify all documents relevant to or referring to such lawsuits.

**Response to Interrogatory No. 12:**

Trilegiant objects to Interrogatory No. 12 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory to the extent that it requires Trilegiant to disclose information not in Trilegiant's, possession, custody or control. Trilegiant further objects to this interrogatory to the extent it is overly broad, vague, and unduly burdensome, in seeking the identity of all persons involved in and most knowledgeable about previous lawsuits between Trilegiant and other third parties to this action, and all documents relevant to such lawsuits. Trilegiant further objects to this interrogatory on the basis that it calls for the disclosure of information that is not reasonably calculated to lead to the discovery of admissible evidence.

11

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. Trilegiant will produce non-privileged documents to Maritz identifying prior lawsuits involving the patents in suit. The burden of deriving or ascertaining the answer to this Interrogatory from these documents therefore is substantially the same on Maritz as it is on Trilegiant. Accordingly, pursuant to Fed. R. Civ. P. Rule 33(d), Trilegiant refers Maritz to documents that will be produced to Maritz by Trilegiant. Trilegiant will supplement this response with Bates numbers after the documents are produced.

### Interrogatory No. 13:

State whether plaintiff has obtained any statements or representations of any kind from any present or former employees of Maritz concerning any matters relevant to this lawsuit and, if so, please provide the entire substance of the statement, identify all persons having any knowledge of the statement, and identify all documents which refer or relate to the statement.

### Response to Interrogatory No. 13:

Trilegiant objects to Interrogatory No. 12 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory to the extent it is overly broad, vague with regard to the phrases "any statements or representations of any kind" and "any matters relevant to this suit."

### Interrogatory No. 14:

Identify all persons who participated or assisted in responding to these interrogatories.

### Response to Interrogatory No. 14:

Trilegiant objects to Interrogatory No. 14 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or

12

any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory to the extent it is overly broad, vague with regard to the phrases "participated or assisted."

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds that, in additional to litigation counsel, Scott Lazear and Todd Siegel, Esq. of Trilegiant assisted in responding to these interrogatories.

Date: April 15, 2005

_Sharon L. Davis_

Steven Lieberman
Sharon L. Davis
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
1425 K Street, NW
Washington, DC 20005
Telephone: (202) 783-6040

*Attorneys for Plaintiff*
*Trilegiant Loyalty Solutions, Inc.*

13

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **TRILEGIANT LOYALTY SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO MARITZ, INC.'S FIRST INTERROGATORIES**, was served on this 15th day of April, 2005, in the manner indicated, upon the following counsel of record:

**Via Facsimile and First Class Mail:**

J. Bennett Clark, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square; 16th Floor
St. Louis, MO 63102

Patricia Smink Rogowski, Esq.
Connolly Bove Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

*Counsel for Defendant Maritz Inc.*

_____
Matthew T. Felten

# Exhibit 2

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC. ))))))))))) | |
| Plaintiff, | |
| v. | Civil Action No. 04-360-JJF |
| MARITZ, INC., | |
| Defendant. | |

## TRILEGIANT LOYALTY SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO MARITZ, INC.'S SECOND INTERROGATORIES DIRECTED TO PLAINTIFF

Under Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Trilegiant Loyalty Solutions, Inc. ("Trilegiant") submits the following objections and responses to Maritz, Inc.'s ("Maritz's") Second Set of Interrogatories ("Interrogatories") To Plaintiff.

### GENERAL OBJECTIONS

Unless otherwise stated, these general objections apply to each and every Interrogatory as though fully set forth therein:

1.    Each of the following responses is made only for purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All objections and grounds are expressly reserved.

2.    Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they seek the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Nothing herein is intended

as, or shall in any way be deemed to be, a waiver of any such law, privilege, protection, immunity or doctrine. To the extent that supplying the information requested would result in waiving any privilege or objection, Trilegiant objects to providing such information and will not do so. To the extent Trilegiant provides any information falling within the attorney-client privilege, the attorney work product doctrine, and/or any other privilege or protection inadvertently, Trilegiant does not waive the applicable privilege/objection.

3.     Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, and the Court's Rule 16 Scheduling Order.

4.     Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they call for the disclosure of information which relates to matters not raised by the pleadings, to the extent they are not material and necessary to the prosecution and defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

5.     Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they call for the disclosure of confidential, proprietary, or trade secret information of Trilegiant or third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this matter.

6.     Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they require Trilegiant to undertake an unduly burdensome and oppressive search for information.

2

7.    Trilegiant objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they purport to require Trilegiant to provide information that is publicly available or within Maritz's possession.

8.    Trilegiant asserts its General Objections with respect to each and every Interrogatory. Trilegiant reserves the right to supplement, amend, correct, or clarify its responses and objections to these interrogatories, and to assert general and specific objections arising from matters discovered during the course of the litigation.

## RESPONSES TO INDIVIDUAL INTERROGATORIES

### Interrogatory No. 15:

State with particularity each claim of the Patents at Issue that you assert is infringed by Maritz under a doctrine of equivalents analysis, state the program that you assert is infringing, and for each such claim provide a full explanation of the function, way, and result and provide a hypothetical claim that allegedly avoids encompassing the prior art and that allegedly covers literally each accused program pursuant to the teachings of *Wilson Sporting Goods v. David Geoffrey & Assoc.*, 904 F.2d 677 (Fed. Cir. 1990).

### Response to Interrogatory No. 15:

Trilegiant reasserts its general objections listed above. Further, Trilegiant objects to Interrogatory No. 15 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects to this interrogatory on the basis that it is premature and to the extent it requires Trilegiant to disclose information in Maritz's, not Trilegiant's, possession, custody or control. Trilegiant has requested that Maritz produce the relevant information regarding Maritz's VAULT and other on-line incentive programs. Trilegiant further objects to this interrogatory on the basis that both a function-way-

result analysis and a *Wilson Sporting Goods* analysis are overly burdensome and not required by any Federal Rule of Civil Procedure, any Local Rule of the District of Delaware, or the Court's Rule 16 Scheduling Order.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. On information and belief, Maritz's VAULT and other on-line incentive programs infringe at least claims 1 and 29 of the U.S. Patent No. 5,774,870, claims 1, 10, 18, 27, 35, and 36 of U.S. Patent No. 6,009,412, and claim 1 of U.S. Patent No. 6,578,012. Trilegiant will supplement this response after it receives and analyzes the relevant information from Maritz regarding Maritz's VAULT and other on-line incentive programs.

**Interrogatory No. 16:**

Identify the principal persons involved in the filing and prosecution of the patents at issue, and for each person identify the patent application with which they were associated, the time periods each person was associated with each application, and the time period for which each person was employed or retained by Trilegiant and/or Netcentives.

**Response to Interrogatory No. 16:**

Trilegiant objects to Interrogatory No. 16 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant further objects on the basis that the term "principal persons" is vague.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. Trilegiant has produced to Maritz the prosecution histories for the patents in suit, and the burden of deriving or ascertaining the answer to this Interrogatory from these documents is substantially the same on Maritz as it is on Trilegiant. Accordingly, pursuant to

4

Fed. R. Civ. P. Rule 33(d), Trilegiant refers Maritz to prosecution history documents at Bates

Nos. TRL-MTZ 01903-02138 and TRL-MTZ 39460-40077.

**Interrogatory No. 17:**

Identify and describe all programs offered by Trilegiant or licensed by Trilegiant that Trilegiant believes are covered by the Patents at Issue, identify the claims that cover each of these programs, and the date on which such programs were first offered or operated.

**Response to Interrogatory No. 17:**

Trilegiant reasserts its general objections listed above. Further, Trilegiant objects to

Interrogatory No. 17 to the extent it seeks the disclosure of information covered by the

attorney-client privilege, the attorney work-product doctrine and/or any other applicable law,

privilege, protection, immunity, or doctrine. Trilegiant further objects on the grounds that

responding to the interrogatory as written is unduly burdensome.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant

responds as follows. Upon information and belief, Trilegiant's loyalty programs that use its

LOLA system are covered by one or more claims of the patents in suit. The LOLA system was

first operated in approximately 1998.

**Interrogatory No. 18:**

Identify all programs offered by Trilegiant or licensed by Trilegiant that Trilegiant believes are covered by the pending claims of Application 10/420,901, identify the claims that cover each of these programs, and the date on which such programs were first offered or operated.

**Response to Interrogatory No. 18:**

Trilegiant objects to this request on the ground that calls for information that does not

pertain to and is irrelevant to this action, and is not reasonably calculated to lead to the discovery

of admissible evidence. Trilegiant further objects to this request to the extent that it seeks the

disclosure of information covered by the attorney-client privilege, the attorney work-product

doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant

further objects on the ground that it is unduly burdensome to perform a claim analysis for a

patent application that has not been granted and is not at issue in this case.

### Interrogatory No. 19:

Identify all programs offered by Trilegiant or licensed by Trilegiant that Trilegiant
believes are covered by the pending claims of Application 10/143,866, identify the claims that
cover each of these programs, and the date on which such programs were first offered or
operated.

### Response to Interrogatory No. 19:

Trilegiant objects to this request on the ground that calls for information that does not

pertain to and is irrelevant to this action, and is not reasonably calculated to lead to the discovery

of admissible evidence. Trilegiant further objects to this request to the extent that it seeks the

disclosure of information covered by the attorney-client privilege, the attorney work-product

doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Trilegiant

further objects on the ground that it is unduly burdensome to perform a claim analysis for a

patent application that has not been granted, is not at issue in this case, and is unrelated to the

patents in suit.

### Interrogatory No. 20:

Define and describe any and all pre-filing investigation that Trilegiant undertook in
connection with filing this suit against Maritz.

### Response to Interrogatory No. 20:

Trilegiant objects to Interrogatory No. 20 on the ground that it calls for the disclosure of

6

information that relates to matters not raised by the pleadings, is not material and necessary to the prosecution and defense of this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Trilegiant objects to this request to the extent that it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine.

Without waiving those objections, all of which Trilegiant hereby reserves, Trilegiant responds as follows. Prior to filing suit Trilegiant conducted a reasonable and non-frivolous pre-filing investigation regarding Maritz's infringement of the patents in suit, the specifics of which are covered by the attorney work-product doctrine and the attorney-client privilege.

**Interrogatory No. 21:**

Identify and describe any and all remuneration paid by or received on behalf of Carlson Companies, Inc., or any of its divisions, related companies, affiliates or subsidiaries, in settlement of or otherwise to dismiss Netcentives, Inc., et al., v. Carlson Companies, Inc., et al., No. 00-2637-CAL (N.D.Cal.) Or 24Kcom LC, et al., v. Netcentives at al., 00-1808 RKK/SMM (D. Minn.).

**Response to Interrogatory No. 21:**

Trilegiant has produced the settlement agreement for the requested cases and the burden of deriving or ascertaining the answer to this Interrogatory from this document is substantially the same on Maritz as it is on Trilegiant. Accordingly, pursuant to Fed. R. Civ. P. Rule 33(d), Trilegiant refers Maritz to Bates Nos. TRL-MTZ 14585-14601, TRL-MTZ 14725-14758, and TRL-MTZ 42974-43014.

7

Date: July 18, 2005

*Sharon L. Davis*

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST &
MANBECK, P.C.
1425 K Street, NW, Suite 800
Washington, DC 20005
Telephone: (202) 783-6040

*Attorneys for Plaintiff*
*Trilegiant Loyalty Solutions, Inc.*

8

L:\2829\2829-179.lit\Discovery\Reponses\TLS's Response to Maritz's 2nd Set of Interrogatories.wpd

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **TRILEGIANT LOYALTY SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO MARITZ, INC.'S SECOND INTERROGATORIES DIRECTED TO PLAINTIFF**, was served on this 18th day of July, 2005, in the matter indicated, upon the following counsel of record:

**Via Facsimile and First Class Mail:**

J. Bennett Clark, Esq.
Jennifer E. Hoekel, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square; 16th Floor
St. Louis, MO 63102

Patricia Smink Rogowski, Esq.
Connolly Bove Lodge & Hutz
The Nemours Building
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899

Matthew T. Felten

# Exhibit 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION LOYALTY GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 04-360-JJF |
| v. ) | |
| ) | |
| ) | |
| MARITZ, INC., ) | |
| Defendant. ) | |

## AFFINION LOYALTY GROUP, INC.'S SUPPLEMENTAL RESPONSES
## TO MARITZ, INC.'S FIRST SET OF INTERROGATORIES

Under Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Affinion Loyalty Group,

Inc. ("Affinion") submits the following supplemental responses to Maritz, Inc.'s ("Maritz's")

First Set of Interrogatories ("Interrogatories").

## GENERAL OBJECTIONS

Unless otherwise stated, these general objections apply to each and every Interrogatory as

though fully set forth therein:

1.     Each of the following responses is made only for purposes of this action.  Each

response is subject to all objections as to relevance, materiality, and admissibility, and to any and

all objections on any ground that would require exclusion of any response if it were introduced in

court.  All objections and grounds are expressly reserved.

2.     Affinion objects to the Interrogatories, including the Definitions and Instructions

and each individual Interrogatory set forth therein, to the extent that they seek the disclosure of

information covered by the attorney-client privilege, the attorney work-product doctrine and/or

any other applicable law, privilege, protection, immunity, or doctrine.  Nothing herein is

intended as, or shall in any way be deemed to be, a waiver of any such law, privilege, protection, immunity or doctrine. To the extent that supplying the information requested would result in waiving any privilege or objection, Affinion objects to providing such information and will not do so. To the extent Affinion provides any information falling within the attorney-client privilege, the attorney work product doctrine, and/or any other privilege or protection inadvertently, Affinion does not waive the applicable privilege/objection.

     3.     Affinion objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they purport to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the District of Delaware, and the Court's Rule 16 Scheduling Order.

     4.     Affinion objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they call for the disclosure of information which relates to matters not raised by the pleadings, to the extent they are not material and necessary to the prosecution and defense of this action, and to the extent they are not reasonably calculated to lead to the discovery of admissible evidence.

     5.     Affinion objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they call for the disclosure of confidential, proprietary, or trade secret information of Affinion or third parties that are not wholly and entirely protected from disclosure by the Protective Order entered in this matter.

     6.     Affinion objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they require Affinion to undertake an unduly burdensome and oppressive search for information.

7.      Affinion objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they purport to require Affinion to provide information that is publicly available or within Maritz's possession.

8.      Affinion asserts its General Objections with respect to each and every Interrogatory.  Affinion reserves the right to supplement, amend, correct, or clarify its responses and objections to these interrogatories, and to assert general and specific objections arising from matters discovered during the course of the litigation.

## SUPPLEMENTAL RESPONSES TO
## CERTAIN INDIVIDUAL INTERROGATORIES

### Interrogatory No. 1:

Provide a four column claim chart for the claims of the Patents at Issue which identifies, in the far left column each claim element, in the left middle column plaintiff's construction of the language of that element pursuant to *Markman v. Westview Instruments, Inc.*, in the middle column whether and why each element as so construed literally covers or does not literally cover any programs, methods, or systems allegedly used by defendant that plaintiff asserts are covered by one or more of the claims of the Patents at Issue, or any aspect thereof, and identifying the program, method or system, and in the far right column, whether and why each element as so construed covers or does not cover the accused programs, methods, or systems or any aspect thereof under the doctrine of equivalents.

### Response to Interrogatory No. 1:

Affinion reasserts its general objections listed above.  Further, Affinion objects to Interrogatory No. 1 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine.  Affinion further objects to this interrogatory on the basis that

it is premature and to the extent it requires Affinion to disclose information in Maritz's, not Affinion's, possession, custody or control.

Without waiving those objections, all of which Affinion hereby reserves, Affinion responds as follows: Maritz's use of its VAULT system and AwardHQ website infringes claims 10, 11, 12, 13, 14, 15, 16, 17 (VAULT only), 27, 28, 29, 30, 31, 32, 33, 34 (VAULT only) and 36 of U.S. Patent No. 6,009,412. Affinion further states that its construction of those patent claims and the bases for infringement thereof are set forth in the expert reports of Randy Petersen and Robert Young, served March 10, 2006. To the extent the exchange of expert reports reveals the need for additional claim construction or other supplementation of those reports, any such additional opinions from Mr. Petersen or Mr. Young are incorporated herein.

**Interrogatory No. 2:**

Describe in detail the factual basis and/or evidentiary support for plaintiff's contention that Maritz infringes one or more of the claims of the Patents at Issue, including the identification of each document that supports this contention, and the identification of each witness that has knowledge of any facts that support this contention.

**Response to Interrogatory No. 2:**

Affinion objects to Interrogatory No. 2 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Affinion further objects to this interrogatory on the basis that it is premature and to the extent that it requires Affinion to disclose information and witnesses in Maritz's, not in Affinion's, possession, custody or control. Affinion further objects to this interrogatory on the basis that it is duplicative of Interrogatory No. 1 and Affinion will not repeat herein its response to Interrogatory No. 1. Without waiving

client privilege, the attorney work-product doctrine and/or any other applicable law, privilege,

protection, immunity, or doctrine. Affinion further objects to this interrogatory on the basis that

it is premature and to the extent that it requires Affinion to disclose information in Maritz's, not

in Affinion's, possession, custody or control. Without waiving those objections, all of which

Affinion reserves, Affinion states that its damages position is set forth in the expert report of

Dr. Marion Stewart served March 10, 2006. To the extent Dr. Stewart provides additional or

updated opinions, those opinions are incorporated herein by reference.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
James W. Parrett, Jr. (#4292)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
*Attorneys for Plaintiff*
*Affinion Loyalty Group, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST
   & MANBECK, P.C.
1425 K Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040

March 17, 2006
512010

those objections, all of which Affinion hereby reserves, Affinion responds as follows: Affinion states that the factual bases for its contentions of infringement are set forth in the expert reports of Randy Petersen and Robert Young served on March 10, 2006 and the documents and witnesses cited therein. *See also* Deposition Transcripts of Tom Bushold and Janet Lister. To the extent that Mr. Petersen or Mr. Young provide additional bases in response to Maritz's expert reports, those additional bases are incorporated herein.

**Interrogatory No. 3:**

Describe in detail the factual basis and/or evidentiary support for your contention that any infringement by Maritz of one or more of the claims of the Patents at Issue is willful, including the identification of each documents that supports your contention, and the identification of each witness that has knowledge of any facts that support your contention.

**Response to Interrogatory No. 3:**

Affinion reasserts its general objections listed above. Further, Affinion objects to Interrogatory No. 3 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Affinion objects to this interrogatory on the basis that it is premature and to the extent that it requires Affinion to disclose information and witnesses in Maritz's, not in Affinion's, possession, custody or control. Affinion has requested that Maritz produce relevant information regarding Maritz's awareness and analysis of the patents-in-suit, some of which has not been produced and is the subject of pending discovery motions.

Without waiving those objections, all of which Affinion hereby reserves, Affinion responds as follows: Maritz has been aware of the '412 patent since days after its issuance. Despite that knowledge of the patent and the fact that infringement is plain, Maritz has willfully

continued its infringing conduct from that time until now. Maritz did not obtain any formal opinion of counsel for over 18 months relating to the '412 patent, despite the fact that it knew it was possibly infringing at least some claims of that patent and never obtained any opinion of counsel suggesting that the '412 patent was invalid or unenforceable. When it did obtain an opinion of counsel, it was based on a blatant misstatement of the prosecution history, particularly with respect to the redemption-based claims and was otherwise not reasonable for Maritz to rely upon. Nonetheless, Maritz has continued its infringement of the '412 patent. The documents supporting Affinion's contentions include the Exhibits used at the depositions of Steve Gallant, James Barta, Frank Agovino, Mark Shipley, Steve Sigman, John McArthur, John Risberg, Tom Bushold, and Carol Wofsey and the documents cited in the expert reports of Randy Petersen and Robert Young. Witnesses with knowledge of facts supporting Affinion's contentions include Steve Gallant, James Barta, Frank Agovino, Mark Shipley, John Risberg, Carol Wofsey, Tom Bushold and John McArthur.

**Interrogatory No. 4:**

Identify each and every category of damages claimed by plaintiff on account of defendant's alleged infringement of the Patents at Issue, and provide a computation of each such category. The computation should include the basis and extent of any claim for lost profits (including identification of the relevant programs, systems or methods and profit margins) and the basis and extent of any claim for a reasonable royalty (including identification of the relevant programs, systems or methods and royalty rate).

**Response to Interrogatory No. 4:**

Affinion reasserts its general objections listed above. Further, Affinion objects to Interrogatory No. 4 to the extent it seeks the disclosure of information covered by the attorney-

## CERTIFICATE OF SERVICE

I hereby certify that on March 17, 2006, I caused copies of the foregoing to be

served upon the following in the manner indicated:

### BY HAND

Patricia Smink Rogowski
CONNOLLY, BOVE, LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

J. Bennett Clark
SENNIGER, POWERS, LEAVITT & ROEDEL
One Metropolitan Square
St. Louis, MO 63102

James W. Parrett, Jr. (#4292)

512010

# Exhibit 4

Westlaw.

Not Reported in F.Supp.2d                                                                                            Page 1
Not Reported in F.Supp.2d, 2004 WL 769371 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
PHILIPS ELECTRONICS NORTH AMERICA
CORPORATION and U.S. Philips Corporation,
Plaintiffs,
v.
CONTEC CORPORATION, Compo Micro Tech,
Inc., Seoby Electronics Co., Ltd., Remote Solution
Co., Ltd., F/K/A Hango Electronics Co., Ltd., Hango
Remote Solution, Inc., Defendants.
No. Civ.A. 02-123-KAJ.

April 5, 2004.

Richard L. Horwitz, Potter Anderson & Corroon,
LLP, Wilmington, DE, for Plaintiffs.
Patricia Smink Rogowski, Connolly, Bove, Lodge &
Hutz, Jack B. Blumenfeld, Morris, Nichols, Arsht &
Tunnell, Kathleen Jennings-Hostetter, Oberly &
Jennings, Andre G. Bouchard, Bouchard, Margules &
Friedlander, David L. Finger, David L. Finger, Esq.,
Wilmington, DE, for Defendants.

*MEMORANDUM ORDER*
JORDAN, J.
*1 On March 29, 2004, I held a pretrial conference
with the parties in anticipation of the trial in this
matter scheduled to commence on April 12, 2004. At
that time, I was able to address several of the motions
in limine filed with the pretrial order.[FN1] Following
are my rulings on the remaining motions in limine.[FN2]

    FN1. I granted Philips' motion to exclude
    from the jury evidence relevant solely to
    CMT's equitable defenses (Transcript at 29);
    I granted Philips' motion to exclude opinion
    of counsel letters that were prepared for a
    company that is no longer a party to this
    litigation and which were never seen by any
    CMT employee (Transcript at 48); and I
    granted CMT's motion to exclude the
    testimony of Philips' proposed legal expert
    (Transcript at 56-57).

    FN2. In light of the rulings contained herein
    and decisions issued on the parties'
    dispositive motions, the parties should

confer and contact the court for a
teleconference to further discuss the trial in
this case.

Philips' motion to exclude from the jury evidence of
proceedings in foreign patent offices (*see* Pretrial
Order, Docket Item ["D.I."] 361, at 56) is hereby
GRANTED, although it is perhaps better viewed
simply as moot. CMT has effectively conceded that
the contested evidence is relevant solely to its
equitable defenses. (*See id.* at 58.) I have already
ruled that I will hear evidence on those defenses
separately from the evidence presented to the jury.
Accordingly, the relief that Philips seeks is
unnecessary. It should be plain to the parties that
evidence regarding proceedings in foreign patent
offices is to be presented solely before me, in
connection with the parties' positions on CMT's
inequitable conduct defense.

Philips' motion to exclude untimely produced
evidence (*id.* at 61) is hereby GRANTED. Following
the September 2003 discovery cutoff in this case, a
cutoff that was twice extended, CMT came forward
with additional documents which it has failed to
persuade me could not have been produced during
the extended discovery period. For example, during
the deposition of its president or chairman, a Mr.
Park, CMT disclosed the existence of relevant
information in Mr. Park's appointment books but
refused to schedule a continuation of the deposition
to permit Philips to question Mr. Park following the
production of that information. Remarkably, CMT
asserts that it should be able to rely on those
documents now because Philips didn't seek to compel
the extension of the deposition before. That approach,
of course, would put the onus for late production on
the wronged party and ignores the import of Federal
Rule of Civil Procedure 37(c)(1), which provides that
"[a] party that without justification fails to disclose
information required [by the rules of discovery] is
not, unless such failure is harmless, permitted to use
as evidence at trial ... information not so disclosed."

That provision was added to the Rules to serve as an
"automatic sanction" intended to provide "a strong
inducement for disclosure of material that the
disclosing party would expect to use as evidence[.]"
Advisory Committee Note to 1993 Amendments to
Fed.R.Civ.P. 37. CMT's suggestion that it is
permitted to supplement its discovery responses up to

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                            Page 2
Not Reported in F.Supp.2d, 2004 WL 769371 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

the day of trial (*see* D.I. 373 at 3) does not address the pertinent point: is there any reasonable excuse for its delay in bringing forward the material it wants to rely upon now? I have not heard it, if there is. What I have heard is the claim that delivering documents after the close of discovery, including the close of expert discovery, should be permitted because "CMT has consistently made its best efforts to comply with its discovery obligations." (*Id.* at 4.) That assertion, of course, is hotly contested by Philips, which claims it has faced repeated difficulty in obtaining CMT's compliance with the rules of discovery. Regardless of who is right on that score, however, an "A" for effort does not excuse CMT's failure to abide by its disclosure obligations. "In every trial there comes a time when discovery must be closed for issues to be resolved through summary judgment and/or trial." *Stambler v. RSA Sec., Inc.,* 21 F.R.D. 470, 472 (D.Del.2003). Since CMT has not shown that its failure to properly and timely produce the evidence in question is harmless, the evidence will not be permitted at trial.

**\*2** CMT's motion to exclude evidence regarding the doctrine of equivalents (D.I. 361 at 64) is mooted by my summary judgment ruling in CMT's favor on the '562 patent.

CMT seeks the exclusion of four proposed witnesses for Philips: Messrs. Bovial, Parham, Ingersoll, and Orlando. (*Id.* at 71.) Its motion is DENIED in part and GRANTED in part, with leave for Philips to provide further evidence from the discovery record to support its contention that information regarding Mr. Parham was adequately disclosed. CMT's contention is that, although the identity of these individuals may have surfaced in pretrial discovery, CMT has been unfairly surprised to find them listed as witnesses. As to Messrs. Ingersoll and Orlando, that contention simply does not bear serious scrutiny. CMT itself identified those two gentlemen as having knowledge related to CMT's laches and estoppel defenses. (D.I. 381 at 2.) Philips has argued, without a direct rebuttal from CMT, that the testimony of these men is only relevant because CMT wants to introduce testimony of what they allegedly communicated to CMT's Mr. Park. (Tr. at 36.) It is untenable for CMT to argue that it is surprised to learn that the very individuals it has identified as disclosing relevant information to Mr. Park may have something relevant to say about what they told Mr. Park. CMT's motion to exclude Messrs. Ingersoll and Orlando as witnesses is therefore DENIED.

As to Messrs. Bovial and Parham, however, CMT"s

protestations are more credible, it appears that CMT did ask interrogatories that should have elicited their names and that Philips did not identify them in response to those interrogatories. The interrogatories require the identification of individuals with knowledge of facts supporting Philips' contention that the Philips' patents in suit are valid and that CMT has infringed them. Philips does not argue, apparently because it cannot, that it ever supplemented its interrogatory responses by naming Messrs. Bovial and Parham. Philips contends that it could not have read the interrogatories as requiring it to identify those men. On that score it is mistaken. While broadly worded, the interrogatories in question do require the identification of individuals with knowledge of the facts underlying Philips' validity and infringement assertions. (*See* D.I. 381 at Ex. A, Interrogatories No. 2 and No. 3.)

What Philips does say, however, at least as to Mr. Bovial, is persuasive. Philips asserts that CMT learned long ago that Mr. Bovial had relevant knowledge, that he was discussed at length in several depositions, a claim that CMT does not deny, and that certain deponents gave very specific testimony about the central role that Mr. Bovial, a former Philips employee, played in providing information given by a current Philips employee at a 30(b)(6) deposition. (D.I. 361 at 76.) Accordingly, CMT was fairly on notice of Mr. Bovial's identity and the type and importance of the information he possesses. CMT's motion to exclude Mr. Bovial as a witness is therefore DENIED.

**\*3** Philips has not made a similar case with respect to Mr. Parham. Other than its flat assertion that Mr. Parham's name has come up, Philips has given no indication that Mr. Parham was someone that CMT could have and should have focused on in the course of discovery. CMT's motion to exclude his testimony is therefore GRANTED; however, given the potential impact of excluding a witness at this late date, I will provide one final opportunity for Philips to disclose exactly what it proposes to have Mr. Parham testify to and the evidence in the discovery record that should have put CMT on notice that he was a candidate to provide such testimony at trial. Philips submission in this regard should be delivered to the Court and served on opposing counsel no later than the close of business on Tuesday, April 6, 2004. Any response that CMT may wish to make should be delivered by the close of business on Thursday, April 8, 2004.

D.Del.,2004.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                        Page 3
Not Reported in F.Supp.2d, 2004 WL 769371 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Philips Electronics North America Corp. v. Contec
Corp.
Not Reported in F.Supp.2d, 2004 WL 769371
(D.Del.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 2385623 (Trial Motion, Memorandum
and Affidavit) Reply Brief in Support of the Joint
Motion for Summary Judgment of Defendants
Remote Solution Co, Ltd. and Hango Remote
Solution, Inc. (Jul. 29, 2005) Original Image of this
Document (PDF)
• 2005 WL 2385622 (Trial Motion, Memorandum
and Affidavit) Answering Brief of Defendants
Remote Solution Co, Ltd. and Hango Remote
Solution, Inc. in Opposition to Plaintiffs' Motion for
Summary Judgment (Jul. 20, 2005) Original Image of
this Document (PDF)
• 1:02cv00123 (Docket) (Feb. 12, 2002)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.