IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF OF DEFENDANT MARITZ INC.
IN SUPPORT OF ITS MOTION *IN LIMINE* RELATING TO
<u>THE PRESUMPTION OF VALIDITY</u>**

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Dated: September 20, 2006        *Attorneys for Maritz Inc.*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

I. NATURE AND STAGE OF PROCEEDING ...................................................... 1

II. SUMMARY OF ARGUMENT ............................................................................ 1

III. ARGUMENT ........................................................................................................ 1

IV. CONCLUSION ..................................................................................................... 2

# TABLE OF AUTHORITIES

**Cases**

*Avia Group Int'l, Inc. v. L.A. Gear Cal.*,
   853 F.2d 1557 (Fed. Cir. 1988) ................................................................................. 1

*United States v. Scop,*
   846 F.2d 135 (2d Cir.1988) .................................................................................... 1, 2

**Statutes**

35 U.S.C. § 282 ............................................................................................................... 1

**OPENING BRIEF OF DEFENDANT MARITZ INC.
IN SUPPORT OF ITS MOTION *IN LIMINE* RELATING TO
THE PRESUMPTION OF VALIDITY**

I.  **NATURE AND STAGE OF PROCEEDING**

Trial in this matter is scheduled to begin on October 23, 2006. As set forth in Section XI.1 of the Joint Proposed Pre-Trial Order (D.I. 227), the parties have agreed that motions *in limine* and *Daubert* motions be filed by today, September 20, 2006.

II.  **SUMMARY OF ARGUMENT**

The presumption of validity is a legal, not factual, presumption. Instructing the jury on the law is the province of the court, not the parties to this proceeding. Accordingly, the parties have submitted jury instructions that will inform the jury that a patent is presumed valid and that invalidity must be proven by clear and convincing evidence. Affinion should not be permitted to present evidence or argument effectively instructing the jury on the presumption of validity. Thus Affinion should not be permitted to comment or refer to the presumption of validity.

III.  **ARGUMENT**

Pursuant to 35 U.S.C. § 282, a patent is presumed valid. The presumption of validity "is one of law, not fact, and does not constitute 'evidence' to be weighed against a challenger's evidence." *Avia Group Int'l, Inc. v. L.A. Gear Cal.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988). Instead, the presumption of validity is a procedural device that assigns the burden of going forward as well as the burden of proof of facts on the party challenging the validity of the patent. *Id.* Instructing the jury as to the applicable law is the distinct and exclusive province of the court. *See, e.g. United States v. Scop,* 846 F.2d 135, 139 (2d Cir.1988) ("[T]estimony that is designed to instruct the jury on the applicable law is not admissible because, by purporting to do what lies with the exclusive province of the court, it cannot be helpful to the jury").

1

In this case, the parties have submitted jury instructions relating to the presumption of validity and the evidentiary burdens of establishing invalidity. *See* D.I. 229 (Joint Proposed Preliminary and Final Jury Instructions) at No. 1.6. Because it is within the exclusive province of the Court to instruct the jury, Affinion should not be permitted to present evidence or arguments commenting on or related to the presumption of validity. *See Scop*, 846 F.2d at 139.

## IV.  CONCLUSION

Because instructing the jury on the law is within the exclusive province of the Court, Maritz's motion *in limine* relating to the presumption of validity should be granted.

Respectfully submitted,
CONNOLLY BOVE LODGE & HUTZ LLP

By: /s/ Patricia Rogowski
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
Michael J. Hartley
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Maritz Inc.*

## CERTIFICATE OF SERVICE

I, hereby certify that on September 20, 2006, I electronically filed **OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS MOTION IN LIMINE RELATING TO THE PRESUMPTION OF VALIDITY** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on September 20, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Paul E. Crawford (#493)