IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS
MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF ROBERT YOUNG
RELATING TO THE INCENTIVE INDUSTRY AND INCENTIVE PRIOR ART**

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Dated: September 20, 2006          *Attorneys for Maritz Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................................ii

I. NATURE AND STAGE OF PROCEEDING ........................................................... 1

II. SUMMARY OF ARGUMENT ................................................................................. 1

III. ARGUMENT............................................................................................................. 1

    A. Introduction................................................................................................... 1

    B. Legal Standard Under Federal Rules of Evidence 104(a) and 702..................... 2

    C. Mr. Young Is Not Qualified to Testify With Respect to Matters Unique to the Incentive Industry. ....................................................................................................... 2

    D. Conclusion ................................................................................................... 4

# TABLE OF AUTHORITIES

## Cases

*Gumbs v. Int'l Harvester, Inc.*,
 718 F.2d 88 (3d Cir.1983) ............................................................................................. 4

*Pell v. E.I. DuPont De Nemours & Co., Inc.*,
 231 F.R.D. 186 (D.Del. 2005) ....................................................................................... 4

*Surace v. Caterpillar, Inc.*,
 111 F.3d 1039 (Fed. Cir. 1997) ..................................................................................... 4

## Rules

Federal Rule of Evidence 104(a) ........................................................................................ 4

Federal Rule of Evidence 702 ............................................................................................ 4

**OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS
MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF ROBERT YOUNG
RELATING TO THE INCENTIVE INDUSTRY AND INCENTIVE PRIOR ART**

I.   **NATURE AND STAGE OF PROCEEDING**

Trial in this matter is scheduled to begin on October 23, 2006. As set forth in Section XI.1 of the Joint Proposed Pre-Trial Order (D.I. 227), the parties have agreed that motions *in limine* and *Daubert* motions be filed by today, September 20, 2006.

II.   **SUMMARY OF ARGUMENT**

Robert Young, one of plaintiff's experts, has been designated by plaintiff to testify with respect to numerous topics on which he is not qualified as an expert. Specifically, Mr. Young has admitted in deposition that he is not an expert in the incentive industry and would have to defer to such an expert's knowledge in matters relating to the incentive industry. In light of these admissions, Mr. Young should not be permitted to testify on topics related to the incentive industry, including but not limited to what the prior art would teach one of ordinary skill, whether one of ordinary skill in the art would be motivated to combine incentive industry art, whether a piece of incentive industry art would have been material to the patentability of the '412 patent or its parent application, and inventorship of the '412 patent.

III.   **ARGUMENT**

A.   **Introduction**

Affinion intends to offer the opinion testimony of Mr. Robert Young relating to, among other things: the '412 patent and any alleged indicia of non-obviousness; the prior art to the '412 patent and the disclosures thereof; the alleged differences between the prior art and the invention claimed in the asserted claims of the '412 patent; and the alleged lack of materiality of U.S. Patent No. 5,483,444 to the patentability of the '870 patent. *See* Ex. 8 to Pre-trial Order (D.I.

227) at 3. To the extent any of Mr. Young's intended testimony relates to the incentive industry, to the knowledge of one of ordinary skill in the incentive industry, or to what the prior art would teach one of ordinary skill in the incentive industry, it should not be allowed. Mr. Young is not qualified to present such expert testimony and/or opinions.

### B.  Legal Standard Under Federal Rules of Evidence 104(a) and 702.

A court has broad discretion to admit or exclude evidence under the Federal Rules of Evidence. *Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 97 (3d Cir. 1983). Federal Rule of Evidence 104(a) provides in pertinent part:

> Preliminary questions concerning the qualification of a person to be a witness . . . shall be determined by the court, subject to the provisions of subdivision (b) [relating to relevancy conditioned on fact] . . .

Federal Rule of Evidence 702 permits opinion testimony as to scientific, technical or specialized knowledge by "a witness qualified as an expert by knowledge, skill, experience, training or education...." "The first requirement under Rule 702 is that the witness 'proffered to testify to specialized knowledge must be an expert.'" *Surace v. Caterpillar, Inc.*, 111 F.3d 1039, 1055 (Fed. Cir. 1997) (internal citations omitted). Thus, expert testimony can only be received from "someone who has specialized knowledge or training sufficient to qualify him to opine on an issue within his field of expertise, and *the expert's opinion must be confined to that field.*" *Pell v. E.I. DuPont De Nemours & Co., Inc.*, 231 F.R.D. 186, 192 (D. Del. 2005) (emphasis added).

### C.  Mr. Young Is Not Qualified to Testify With Respect to Matters Related to the Incentive Industry.

Mr. Young has been identified by plaintiff as an expert in the computer services industry. Ex. 8 to Pre-Trial Order. During deposition, Mr. Young admitted that he has no professional experience in the incentive industry:

2

> Q. Okay. And have you been doing forensics pretty much solely since 1996?
>
> A. Yes.
>
> Q. <u>Since that time have you had any experience with incentive programs</u>?
>
> A. <u>As a user, yes.</u>
>
> Q. Can you just kind of give me a brief summary of what you've done or how you have used an incentive system or program?
>
> A. Part of my job involves a lot of travel so I'm a member of a number of mileage programs for airlines.
>
> Q. Okay. Anything else, any kind of credit card-based programs or anything like that?
>
> A. My credit card ties in with my mileage program. I have a points-based program on a bicycling retailer, like Performance Bicycle Company, I think, has switched to a points-based program just within the last year. I'm trying to think of some of the other ones. But I think the bank that I have my accounts with has some sort of points-based program, but none of them have any significance to me that I have paid any attention. AT&T used to have rebates and various other incentives, <u>but that's about all I can think of</u>.

Young Depo., Ex. 1, at 12:7-13:9 (emphasis added). In fact, when pressed on what the disclosure of the Look to Book program would teach one of ordinary skill in the art, Mr. Young expressly stated that he "would have to defer to an incentive expert on that" and that he could not answer such questions. *Id.* at 86:2-87:8. Yet, according to plaintiff, Mr. Young should be permitted to opine on whether these same Look to Book program materials were material to the patentability of the '870 patent. *See* Ex. 8 to Pre-Trial Order (D.I. 227) at 3. Additionally, Mr. Young affirmatively stated in footnote 1 of his "Validity Analysis Report" that he had "not been asked to give any opinion regarding inventorship of the '870 or '412 patents."

Given his admissions at deposition that he has only casual user experience in the incentive industry and would have to defer to someone skilled in the incentive industry, the Court should exclude Mr. Young from testifying before the jury about matters relating to the incentive industry, including but not limited to what the prior art would teach one of ordinary

3

skill, whether one of ordinary skill in the art would be motivated to combine incentive industry art, whether a piece of incentive industry art would have been material to the patentability of the '412 patent or its parent application, or inventorship of the '412 patent.

### D.     Conclusion

Because Mr. Young has admitted he is not qualified to opine on matters relating to the incentive industry, defendant's motion should be granted.

> Respectfully submitted,
>
> CONNOLLY BOVE LODGE & HUTZ LLP
>
> By: *[signature: Patricia Rogowski]*
> Rudolf E. Hutz (#484)
> Patricia Smink Rogowski (#2632)
> The Nemours Building
> 1007 N. Orange Street
> P.O. Box 2207
> Wilmington, DE 19899
> (302) 658-9141
>
> J. Bennett Clark
> David W. Harlan
> Jennifer E. Hoekel
> Marc W. Vander Tuig
> Michael J. Hartley
> SENNIGER POWERS
> One Metropolitan Square, 16th Floor
> St. Louis, MO 63102
> (314) 231-5400
>
> *Attorneys for Maritz Inc.*

## CERTIFICATE OF SERVICE

I, hereby certify that on September 20, 2006, I electronically filed **OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY OF ROBERT YOUNG RELATING TO THE INCENTIVE INDUSTRY AND INCENTIVE PRIOR ART** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

    I hereby further certify that on September 20, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

_____
Paul E. Crawford (#493)