IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS MOTION IN LIMINE RELATING TO AFFINION'S WILLFULNESS CASE-IN-CHIEF**

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Maritz Inc.*

Dated: September 20, 2006

## TABLE OF CONTENTS

I. NATURE AND STAGE OF PROCEEDING ................................................................. 1

II. SUMMARY OF ARGUMENT ..................................................................................... 1

III. FACTS ........................................................................................................................... 2

IV. ARGUMENT .................................................................................................................. 2

    A. Introduction ......................................................................................................... 2

    B. *Knorr-Bremse* prohibits Affinion's planned trial strategy .................................. 4

V. CONCLUSION .............................................................................................................. 6

## TABLE OF AUTHORITIES

**Cases**

*Johns Hopkins Univ. v. Cellpro, Inc.*,
   152 F.3d 1342 (Fed. Cir. 1998) ................................................................................. 5

*Knorr-Bremse Systeme Fuer Nutzfahrzeuge Gmbh v. Dana Corp.*,
   383 F.3d 1337 (Fed. Cir. 2004) ........................................................................ passim

**OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS MOTION IN LIMINE RELATING TO AFFINION'S WILLFULNESS CASE-IN-CHIEF**

**I.    NATURE AND STAGE OF PROCEEDING**

Trial in this matter is scheduled to begin on October 23, 2006. As set forth in Section XI.1 of the Joint Proposed Pre-Trial Order (D.I. 227), the parties have agreed that motions *in limine* and *Daubert* motions be filed by today, September 20, 2006.

**II.   SUMMARY OF ARGUMENT**

Affinion's pre-trial filings reveal that it plans to support its allegation of willful infringement by presenting evidence and argument that Maritz did not obtain an opinion of counsel with regard to validity or enforceability of the '412 patent or Maritz's AwardHQ website and/or that Maritz invoked the attorney client privilege with respect to invalidity or enforceability. The Federal Circuit's decision in *Knorr-Bremse* expressly prohibits drawing adverse inferences based on either (1) declining to divulge privileged attorney client communications or (2) not obtaining an opinion of counsel. The *Knorr-Bremse* court also clarified that there is no duty to obtain an opinion of counsel that addresses all issues of infringement and validity.

Maritz requests the Court to preclude Affinion from presenting evidence or arguments suggesting that Maritz did not obtain a separate opinion of counsel addressing the invalidity or enforceability of the '412 patent or that Maritz refused to divulge privileged communications relating to the invalidity or enforceability of the '412 patent. Maritz also requests the Court to preclude Affinion from seeking to draw an adverse inference or suggesting the existence of any adverse evidentiary presumption with respect to the nature of an opinion of counsel on invalidity/enforceability or AwardHQ.

1

III.   **FACTS**

Affinion alleges that Maritz's use of its VAULT and AwardHQ systems constitutes willful infringement of the '412 patent. At all times Maritz acted with due regard for the patent rights of others, including with regard to the '412 patent. Once Maritz learned of the '412 patent, it took steps to consult its outside patent counsel as to the scope of the '412 patent. Maritz's outside patent counsel advised Maritz that its technology was distinct from the claims of the '412 patent. Maritz also knew that its programs were materially different than those of Netcentives, which were touted as patented. Maritz formed a good-faith belief that it was not infringing the '412 patent and reasonably relied on counsel's advice and its own knowledge in continuing operation of its VAULT and AwardHQ systems.

The formal opinion letters from Maritz's outside counsel set forth a number of exemplary implementations of VAULT programs and explained why the characteristics of these programs did not infringe any claims of the '412 patent. Because the characteristics of Maritz's AwardHQ system were even further distinct from the claims of the '412 patent, Maritz reasonably believed that its AwardHQ system was non-infringing based on its outside counsel's analysis.

IV.   **ARGUMENT**

   A.   **Introduction**

In its pre-trial filings, Affinion designated deposition excerpts and exhibits, which reveal that Affinion intends suggest at trial that Maritz did not obtain an opinion of counsel regarding the validity or enforceability of the '412 patent or an opinion of counsel regarding Maritz's AwardHQ system. For example, Affinion designated the following testimony from Maritz's opining counsel, Frank Agovino:

> Q. I take it then you don't recall ever providing a formal written opinion to Maritz with respect to the validity or enforceability of the three patents at issue in this litigation?
>
> A. My recollection is that I did not provide a written opinion with regard to validity or enforceability of the patents involved in this litigation.
>
> Q. And that you weren't asked to provide such an opinion?
>
> A. That's correct. I was not asked by Maritz to provide such an opinion.

D.I. 227, Ex. 10 (designating the deposition of Frank Agovino at 31:15-25).

Affinion's designations also include questioning as to whether or not Maritz received an opinion of counsel for its AwardHQ system. For example, Affinion's deposition designations include the following excerpt from Maritz's in-house counsel Steve Gallant's deposition:

> Q. Finally, you were asked some questions about awards -- Award HQ. Do you remember that?
>
> A. I do.
>
> Q. Did you feel a need to obtain an opinion of counsel with respect to Award HQ in light of the other opinions that were obtained?
>
> A. I did not.
>
> Q. And why is that?
>
> A. My base understanding of the claims of the Netcentives' patents included things that were simply not a part of what award -- Awards HQ did. In other words, there was no product catalog, there was no awarding of points realtime or otherwise.

D.I. 227, Ex. 10 (designating the deposition of Steve Gallant at 112:18-113:6). A significant portion of Affinion's deposition designations contained testimony that only addressed these issues, including testimony from Frank Agovino, James Barta, Steve Gallant, John McArthur, John Risberg, Mark Shipley, and Carol Wofsey.

Affinion also designated a number of exhibits, which only relate to Maritz's claim of privilege relating to communications with its counsel concerning the invalidity of the '412 patent. For example, Affinion included the following documents on its list of exhibits it intends to use at trial:

| 314 | Maritz's 2nd Revised Privilege log | |
|---|---|---|
| 315 | Maritz's Response to Plaintiff's First Motion to Compel Production of Documents | 3/7/2006 |
| 316 | Maritz's Supplemental Response to Plaintiff's First Motion to Compel Production of Documents | 4/6/2006 |
| 317 | Letter from Rudolph Hutz to Elizabeth Brenner | 8/15/2006 |

These documents relate to Maritz's position that it has waived its attorney client privilege only with respect to the subject matter of the opinion of counsel on which it relies—non-infringement.

Affinion's proposed willfulness trial strategy violates controlling precedent and will only serve to confuse the jury. The Court should not permit Affinion to do so.

**B.     *Knorr-Bremse* prohibits Affinion's planned trial strategy**

Sitting *en banc* in *Knorr-Bremse Systeme Fuer Nutzfahrzeuge Gmbh v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004), the Federal Circuit expressly overruled its past precedent in two main respects. First, it held that "no adverse inference shall arise from invocation of the attorney-client and/or work product privilege." *Id.* at 1344. Second, it held that "the failure to obtain an exculpatory opinion of counsel shall no longer provide an adverse inference or evidentiary presumption that such an opinion would have been unfavorable." *Id.* at 1346.

The first holding was based on the court's finding that inappropriate burdens were being placed on the attorney-client relationship between accused patent infringers and their counsel. *Id.* at 1343. The second holding was based on the court's determination that the "conceptual underpinnings" behind the duty of due care had been unjustifiably distorted by cases which imposed too high of a burden on opinions of counsel. *Id.* at 1345. The court expressly noted one

such case, "wherein the court held that to avoid liability for willful infringement in that case, an exculpatory opinion of counsel must fully address all potential infringement and validity issues." *Id.* (citing *Johns Hopkins Univ. v. Cellpro, Inc.*, 152 F.3d 1342, 1364 (Fed. Cir. 1998)).

Here, Affinion should not be permitted to proceed with its apparent trial strategy of arguing that Maritz did not obtain formal written opinions of counsel relating to invalidity, unenforceability, or AwardHQ or that Maritz has invoked the attorney-client privilege with respect to the issue of validity/enforceability.

Whether Maritz obtained an opinion of counsel regarding invalidity or unenforceability is irrelevant to the willfulness determination. Maritz is not relying on an opinion of counsel relating to the invalidity of the '412 patent to demonstrate that it exercised due care. And *Knorr-Bremse* expressly overruled prior precedent that may have been interpreted as imposing a legal duty on accused infringers to obtain an opinion of counsel, much less an opinion that "fully address[es] all potential infringement and validity issues." *Id.* at 1345-46. Maritz believes it can readily satisfy its duty of due care based on its reliance on non-infringement opinions and its own analysis. Therefore, Affinion's planned strategy is a plain attempt to obfuscate the actual willfulness inquiry and inappropriately influence the jury's invalidity determination.

As a separate matter, the Court should enforce the *Knorr-Bremse* prohibition and preclude Affinion from seeking to draw an adverse inference or suggesting the existence of any adverse evidentiary presumption based on the above-referenced arguments.

Finally, Affinion should also be prohibited from seeking to draw an adverse inference or suggesting the existence of any adverse evidentiary presumption with respect to AwardHQ, for the reasons stated.

V.    CONCLUSION

The Federal Circuit in *Knorr-Bremse* expressly prohibited drawing adverse inferences from not obtaining an opinion of counsel or for refusing to divulge attorney client communications. The *Knorr-Bremse* court further noted that the duty of due care does not require that an opinion "fully address all potential infringement and validity issues." Maritz requests the Court to preclude Affinion from (1) presenting evidence or argument that Maritz did not obtain an opinion of counsel regarding invalidity or unenforceability of the '412 patent, (2) presenting evidence or argument that Maritz refused to divulge attorney client communications relating to invalidity or unenforceability of the '412 patent, and/or (3) seeking to draw an adverse inference or suggesting the existence of any adverse evidentiary presumption with respect to the nature of an opinion of counsel addressing invalidity, unenforceability or AwardHQ.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: /s/ Patricia Smink Rogowski
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
Michael J. Hartley
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Maritz Inc.*

## CERTIFICATE OF SERVICE

I, hereby certify that on September 20, 2006, I electronically filed **OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS MOTION IN LIMINE RELATING TO AFFINION'S WILLFULNESS CASE-IN-CHIEF** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on September 20, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Paul E. Crawford (#493)