IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-360-JJF |
| v. | ) ) ) | |
| MARITZ INC., | ) ) | |
| Defendant. | ) ) | |

**AFFINION'S MOTION *IN LIMINE* NUMBER 4: TO REQUIRE MARITZ
TO LIMIT ITS WITNESS LIST TO WITNESSES IT MAY CALL AT TRIAL**

In the pretrial order, Maritz has listed 26 witnesses that it may call either live or by deposition at trial, and 16 additional witnesses it may call by deposition. The witnesses listed include seven lawyers, multiple third parties who were not deposed in this action and several witnesses never previously disclosed in discovery as persons Maritz would rely on to support its claims or defenses. Maritz has also designated deposition testimony from 25 witnesses, totaling more than 2500 pages, and has listed more than 1400 trial exhibits.[1]

This case involves a single patent generally relating to the operation of incentive programs through Internet webpages. Trial in this matter should last less than two weeks, and Maritz cannot reasonably expect to call 42 witnesses at trial (or to use 1400 exhibits). Affinion has asked Maritz to provide a list of the witnesses it actually intends to call. (Exh. 1). Maritz, however, has refused, contending that its status as defendant makes any narrowing impossible and stating that it does not intend to "formulate, let alone finalize, its witness list until during or after the time plaintiff presents its case." (Exh. 2).

---

[1] There are additional issues regarding the admissibility of some of the designated deposition transcripts from other litigations at trial, but those issues will be addressed in a separate motion *in limine*.

Affinion should not be forced to spend its pretrial preparation getting ready to cross examine 26 witnesses (most of whom will never testify) or counter-designating thousands of pages of deposition designations (most of which will not be used). Thus, Affinion requests that Maritz be required to narrow its witness list and deposition designations to include only that evidence that Maritz may actually use at trial. Affinion also requests that Maritz be precluded from calling at trial witnesses who were not properly identified during discovery.

## ARGUMENT

**I.   MARITZ SHOULD BE REQUIRED TO LIMIT ITS WITNESS AND EXHIBIT LISTS AND ITS DEPOSITION DESIGNATIONS TO INCLUDE ONLY WITNESSES, DOCUMENTS AND TESTIMONY MARITZ WILL ACTUALLY USE AT TRIAL.**

The issues in this case and the time available to try them will be limited. Maritz has no need to call 42 trial witnesses, and it will not have time to do so. Nevertheless, Maritz has disclosed 42 witnesses in the pretrial order. Maritz's excuse for failing to limit its pretrial disclosures to any reasonable extent is only that as the defendant it cannot do so until the end of plaintiff's case. That argument, however, is unavailing.

Indeed, in virtually every case, the defendant may not know precisely what witnesses or evidence it will use to defend itself until plaintiff has put on its case. Yet that does not relieve a defendant from identifying with reasonable particularity the witnesses and documents on which it will rely. Here, Maritz has made no effort to narrow its list to witnesses on whom it will actually rely. Indeed, Maritz has listed seven attorneys, even though Maritz cannot actually plan to call each of those individuals.

Moreover, Maritz is not simply responding to Affinion's claims. Maritz bears the burden of proof on each of the invalidity and unenforceability issues it is asserting. Maritz

2

should know in advance what witnesses and documents it will rely on to support those issues, yet Maritz has refused to disclose that information to Affinion.

### II. MARITZ SHOULD BE PRECLUDED FROM CALLING WITNESSES AT TRIAL THAT WERE NOT PROPERLY DISCLOSED.

Preclusion of evidence and testimony is a sanction used against parties who have failed to comply with their discovery obligations.[2] Under the Federal Rules, a party is required to disclose potential witnesses without awaiting formal discovery requests. *See* Fed. R. Civ. P. 26(a)(1)(A) and 26(e).[3] Witnesses or information that are not disclosed can be excluded at trial. In fact, Rule 37(c) provides an "automatic sanction" if a party does not disclose information required by Rule 26(a) or 26(e)(1), "[so that a party] . . . shall not, unless such failure is harmless, be permitted to use as evidence at trial . . . any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1); *see also* Advisory Committee Notes to 1993 Amendments, Fed. R. Civ. P. 37, Subdivision (c) (Rule 37(c)(1) provides a "self-executing sanction for failure to make a disclosure required by Rule 26(a).").

If a party or party's attorney fails to obey a scheduling order, a court may impose sanctions, including precluding a witness from testifying at trial. *See* Fed. R. Civ .P. 16(f);

---

[2] *See Matsushita Elec. Indus. Co. v. Cinram Int'l, Inc.*, 299 F. Supp. 2d 348, 366 (D. Del. 2004) (precluding defendant from relying on non-infringement argument not disclosed in response to a contention interrogatory); *Georgia Pacific Corp. v. United States Gypsum Co.*, 1996 U.S. Dist. LEXIS 22616, at *34-35 (D. Del. Dec. 27, 1996) (precluding alleged infringer from relying on prior art not timely disclosed).

[3] Fed. R. Civ. P. 26(a)(1)(A): ". . . [A] party must, without awaiting discovery requests, provide to other parties the name . . . of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(e): "A party who has made a disclosure under subdivision (a) or responded to a request for discovery with a disclosure or response is under a duty to supplement . . . . if the party learns that in some material respect the information disclosed is incomplete or incorrect . . . ."

*AstraZeneca AB v. Mutual Pharm. Co.*, 278 F. Supp. 2d 491, 504, 508 (E.D. Pa. 2003) (preclusion can result if a party violates a scheduling order, even in the absence of bad faith). This Court addressed a similar issue in *Stambler v. RSA Sec., Inc.*, 212 F.R.D. 470, 471-72 (D. Del. 2003), where three witnesses were precluded from testifying as a result of their late disclosure. The Court noted that "allowing these witnesses to testify will disrupt the orderly and efficient resolution of this case." *Id*. at 472. In precluding the undisclosed witnesses from testifying, the Court held that:

> [R]e-opening the fact record through depositions at this late stage would impede the court's ability to manage its own docket. First the fact record would be re-opened, and then the summary judgment briefs would need to be supplemented to account for the revised record. This is impractical (not to mention disorderly and inefficient) at this late stage. In every trial there comes a time when discovery must be closed for the issues to be resolved through summary judgment and/or trial. In the case at bar, that time has long since passed.

*Id.*

The Scheduling Order in this case, as amended, required the parties to exchange their initial disclosures by March 4, 2005 and to identify fact witnesses by August 5, 2005. The parties also identified witnesses in their initial disclosures and in responses and supplemental responses to interrogatories. Three of the individuals included on Maritz' live witness list – Steve Maritz, Robert Evans and Daniel Henke – were not identified in any of Maritz's discovery responses as individuals with knowledge of facts supporting Maritz' claims or defenses in this action. In addition, four of the witnesses whose testimony from prior litigation Maritz seeks to use at trial (Mr. Malark, Mr. Gandrud, Mr. Gray and Mr. Fleisler) were not identified as potential witnesses by Maritz in any of its discovery responses or Rule 26 disclosures.

Of the witnesses Maritz failed to identify, two are Maritz employees, and one is counsel to Maritz at the same firm representing Maritz in this litigation. Needless to say, Maritz

should have been aware of, and identified them, before the close of fact discovery. Its failure to do so is inexcusable. *See* Advisory Committee Notes to 1993 Amendments, Fed. R. Civ. P. 37, Subdivision (c) ("Paragraph (1) prevents a party from using as evidence any witness . . . that, without substantial justification, has not been disclosed."); *see also U.S. v. Taylor*, 166 F.R.D. 356, 362 (M.D.N.C. 1996) (half-hearted investigation during discovery and fuller investigation before trial is tantamount to "sandbagging" an opponent).

If Maritz is permitted to call witnesses at trial whom it failed to disclose during discovery and in accordance with the Court's Scheduling Order, Affinion will be substantially prejudiced. *See Stambler,* 212 F.R.D. at 471-72 (plaintiff in patent case will "clearly be prejudiced" if witnesses disclosed after close of fact discovery are permitted to testify); *see also Trilogy Comm., Inc. v. Times Fiber*, 109 F.3d 739, 744 (Fed. Cir. 1997) (noting that when scheduling orders are violated "an opposing party is often prejudiced by the ensuing delay and resultant expense").

Trial is set to begin on October 23, 2006. Affinion complied with its obligations to identify trial witnesses under the Scheduling Order. Affinion also diligently pursued discovery, including propounding interrogatories asking Maritz to identify all witnesses with knowledge of facts supporting its claims or defenses in this action. Maritz' unexplained failure to identify properly its trial witnesses is an attempt to gain a tactical advantage at trial, and should not be countenanced by the Court. *See* Fed. R. Civ. P. 37(c)(1).[4]

---

[4]  Fed. R. Civ. P. 37(c)(1): "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial . . . ."

5

## **CONCLUSION**

For all the foregoing reasons, Maritz should be required to narrow its witness list and deposition designations to include only that evidence that Maritz may actually use at trial. Additionally, Maritz should be precluded from calling at trial – Steve Maritz, Robert Evans, Daniel Henke, Greg Malark, David Gandrud, Gerald Gray and Marvin Fleisler– witnesses who were not properly identified during discovery.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/  Maryellen Noreika (#3208)*
_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  Attorneys for Plaintiff
  Affinion Net Patents, Inc.

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040

September 20, 2006

## **RULE 7.1.1 CERTIFICATE**

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant and that we have not been able to reach agreement.

>/s/ *Maryellen Noreika*
>Maryellen Noreika (#3208)

## CERTIFICATE OF SERVICE

I, Maryellen Norieka, hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 20, 2006 upon the following in the manner indicated:

### BY HAND

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801

### BY FEDERAL EXPRESS

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO  63102


*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com