# EXHIBIT 1

Case 1:04-cv-00360-JJF   Document 254-2   Filed 09/20/2006   Page 1 of 4

### Noreika, Maryellen

**Subject:** FW: witness list

-----Original Message-----
**From:** Sharon Davis
**Sent:** Sunday, September 03, 2006 9:38 PM
**To:** J. Bennett Clark
**Subject:** witness list

September 3, 2006

**BY E-MAIL**

J. Bennett Clark, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square 16th Floor
St. Louis, MO 63102

      Re: Affinion Loyalty Group, Inc. v. Maritz, Inc.
      Our Reference: 2829-179

Dear Ben:

 Affinion has two issues with Maritz's Witness List that I hope we can resolve before the exchange of objections on Tuesday.

 First, Maritz's list identifies *26* witnesses, including *7* lawyers, that are to be called live at trial, if available. It is our understanding that Judge Farnan expects that the witness lists in the Pretrial Order reflect a realistic view of which witnesses are likely to be called at trial. I note that for several of these witnesses Maritz has also provided deposition designations, which certainly suggests that Maritz does not intend to call those witnesses live. Please let me know immediately if Maritz will be revising its witness list before the pretrial conference to identify the specific witnesses it actually intends to call live at trial.

 Second, Maritz's witness list includes several witnesses who were not identified as potential witnesses in Maritz's discovery disclosures and were not deposed in this case. Please let me know immediately if Maritz will agree to remove such non-disclosed witnesses from its witness list.

Very truly yours,

Sharon L. Davis

SLD:mec

9/20/2006

# EXHIBIT 2

## Noreika, Maryellen

**From:** Sharon Davis [sdavis@rothwellfigg.com]
**Sent:** Tuesday, September 05, 2006 11:57 AM
**To:** 2829-179
**Cc:** Maryellen Noreika
**Subject:** FW:


-----Original Message-----
**From:** J. Bennett Clark [mailto:BClark@senniger.com]
**Sent:** Tuesday, September 05, 2006 11:52 AM
**To:** Sharon Davis
**Cc:** Patricia S. Rogowski
**Subject:**

Sharon,

In response to your September 3 e-mail on witnesses, we make the following observations.

First, as experienced trial counsel, you know that a defendant does not formulate, let alone finalize, its witness list until during or after the time plaintiff presents its case. The witnesses a defendant may call, and the documents it may use, are largely a function of the points raised, witnesses adduced, and exhibits introduced in the plaintiff's case. Therefore, to the extent your e-mail or, for that matter, your draft pre-trial order envision a commitment in advance of trial as to the specific identity of witnesses Maritz will use at trial, that is not a realistic expectation.

Second, the foregoing is exacerbated here, since Trilegiant and now Affinion have steadfastly done their best to conceal what plaintiff's own proofs might be, including most recently the decision not to prepare a meaningful statement of proofs paper. As a separate matter, several motions are pending before the Court that will impact the trial presentation.

Third, in some instances witnesses are not subject to our control, and/or we may or may not be able to secure their attendance at trial. Hence the deposition designations.

Fourth, I believe the only witnesses on our list who were not identified on our Rule 26(a)(1) disclosures or deposed by your side are Steve Maritz and Bob Evans. Plaintiff is and has been aware of their identity and involvement in events, as evidenced by deposition testimony adduced and exhibits used, and simply chose not to depose them. Plaintiff also initially opposed a greater number of allowable depositions in this case; nonetheless, we have to date let you exceed the allowable number in the spirit of cooperation, which has not been reciprocated. Plaintiff made its choices on depositions, and cannot now seriously contend that persons it chose not to depose were not "identified."

If you have any additional basis for your demands, you are certainly welcome to share them with us. In view of the foregoing, however, we find your request to be without basis. BC

**Confidentiality Notice:** This e-mail contains information intended only for the use of the individual or entity named above. If the reader of this e-mail is not the intended recipient or the employee or agent responsible for delivering it to the intended recipient, any dissemination, publication or copying of this e-mail is strictly