IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>MARITZ, INC.<br><br>Defendant. | C.A. No. 04-360-JJF |

**PLAINTIFF'S MOTION *IN LIMINE* NUMBER 6:**
**TO LIMIT TESTIMONY OF DR. KELLER**

Affinion hereby moves this Court to preclude Maritz's computer expert Dr. Arthur Keller from testifying to matters involving incentives, frequency and award redemption programs. In April 2006, Maritz provided Affinion with three sets (opening, supplemental and rebuttal) of expert reports: one from its "incentives" expert Bruce Bolger; one from its damages expert Gregory Bell; and one from its computer expert Arthur Keller. However, following the June 28, 2006 deposition of Mr. Bolger (during which he made important admissions helpful to Affinion's case), Maritz suddenly transmogrified Dr. Keller into an "expert" on incentives, frequency and award redemption programs as well. See D.I. 227, Exh. 9 (Maritz's Witness List) at 6 (attached as Exh. 1). However, as demonstrated below, Dr. Keller lacks the qualifications to testify in these areas. Accordingly, he should be precluded from testifying under Fed. R. Evid. 702. Furthermore, Affinion will suffer prejudice if Dr. Keller is allowed to testify in these areas because his expert report indicated that he would testify soley about a different area.

1. Dr. Keller Has Admitted That He Has No Experience In The Incentives Field And He Is Not Qualified To Testify To Matters In The Incentives Field

Dr. Keller has no experience in the incentives programs field. Dr. Keller repeatedly admitted as such in his deposition.

> Q. You said you had some experience with respect to incentives programs. Tell me about that.
>
> A. I have – I do not at this point recall any specific experience with respect to incentive programs. . . .
>
> Q. Have you ever designed an incentive program?
>
> A. I do not believe I've ever specifically designed an incentive program. . . .
>
> Q. Have you ever implemented an incentive program?
>
> A. I have never – I do not believe I've ever implemented a program that was specifically an incentive program.

See Exh. 2 (Keller Deposition) at 18-21. The incentives programs field encompasses the frequency and award redemption fields. See id. at 16-17. Dr. Keller's field of expertise therefore does not extend to incentives, frequency or award redemption programs and his testimony should be confined to the areas identified in his expert report - computer systems, database systems and electronic commerce. See Exh. 3 (Keller Expert Report) at 1-3; Exh. 4 (Keller Expert Rebuttal Report) at 1. It will not serve the trier of fact if Dr. Keller is allowed to testify outside his area of expertise.

Fed. R. Evid. 702 provides that if "specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if" the testimony is reliable and is relevant for the purposes of the case. Fed. R. Evid. 702; Daubert v. Merrell Dow Pharms, Inc., 509 U.S.

579, 589-90 (1993); Calhoun v. Yamaha Motor Corp., U.S.A., 350 F.3d 316, 321 (3d Cir. 2003). Before an expert may offer an opinion on a matter pursuant to Rule 702, the expert must first be qualified by virtue of specialized expertise. In re Paoli R.R. Yard PCB Litig., 35 F.3d 717, 741 (3d Cir. 1994). "Expert testimony can only be received from someone who has specialized knowledge or training sufficient to qualify him to opine on an issue within his field of expertise, and that expert's opinion must be confined to that field." Advanced Med. Optics, Inc. v. Alcon Inc., 2005 U.S. Dist. LEXIS 5803, *3 (D. Del. 2005); Calhoun, 350 F.3d at 322 ("An expert may be generally qualified but may lack qualifications to testify outside his area of expertise."). Courts have regularly excluded testimony falling outside a particular expert's area of expertise. See, e.g., Proctor & Gamble Co. v. Teva Pharms., Inc., 2006 U.S. Dist. LEXIS 54300, *2 (D. Del. 2006); Callaway Golf Co. v. Dunlop Slazenger Group Am. Inc., 2003 U.S. Dist. LEXIS 25625 (D. Del. 2003); Eaton Corp. v. Rockwell Intntl. Corp., 2001 U.S. Dist. LEXIS 17054, *62-63 (D. Del. 2001).

Dr. Keller's expertise admittedly does not extend to the art of incentives programs, which includes frequency and award redemption programs. He lacks the experience and education necessary to support expert testimony and will, therefore, not assist the trier of fact. Accordingly, the scope of Dr. Keller's testimony should be confined to the fields of computer systems, database systems and electronic commerce. See Exh 3 at 1-3; Exh 4 at 1.

Dr. Keller should be precluded from testifying regarding incentives, frequency or award redemption matters for the additional reason that his expert reports contain no reference to any purported expertise in or intention to testify concerning incentives,

frequency or award redemption matters. In March and April of 2006 the parties exchanged expert reports. Dr. Keller stated in his report that his expertise was in the fields of computer systems, database systems and electronic commerce. See Exh. 3 at 1-3; Exh. 4 at 1. Nowhere in Dr. Keller's reports does he indicate that he possesses expertise or education in the incentives, frequency or award redemption fields. Exhs. 3 & 4. Indeed, Dr. Keller indicated that he would not be testifying to matters in the incentive field, but that Mr. Bolger would be "opining on the level of ordinary skill in the incentive field." See Exh. 4 at 1. On July 7, 2006, Dr. Keller was deposed and questioned about his reports and the scope of his expertise. Dr. Keller initially asserted that he is an expert in the "larger" promotions, incentives and loyalty field. See Exh. 2 at 16-17. But when pressed about his experience in the incentives field, Dr. Keller admitted that he has no experience in the incentives field. See id. at 18-21. Now, contrary to Dr. Keller's expert reports and deposition admissions, Maritz has stated in its pretrial documents that Dr. Keller "has extensive experience in the field of promotions, incentives, and loyalty programs." See D.I. 227, Exh. 9 at 6 (attached as Exh. 1).

In Advanced Medical, the district court refused to allow the defendant's expert to testify to matters involving patent infringement that were not disclosed in his report. Advanced Medical, 2005 U.S. Dist. LEXIS at *14-15. The district court based its decision on Rule 26(a)(2)(B), which states in pertinent part "the [expert] report shall contain a complete statement of all opinions to be expressed . . .." Id.; Advanced Medical, 2005 U.S. Dist. LEXIS at *14-15. The district court ordered that the expert testimony be curtailed because the witness did not disclose an opinion on patent infringement in his expert report and it was apparent that the proponent lacked the intent

to have the expert testify to infringement until that late stage in the case. Id. The situation here is very similar to the situation in Advanced Medical. Up until now, Maritz and Dr. Keller had disclosed only that Mr. Bolger would testify to matters involving the incentives field and that Dr. Keller would testify to matters involving computer systems, database systems and electronic commerce. See Exh. 3 at 1-3; Exh. 4 at 1. Federal Rules of Civil Procedure 26(a)(2)(B) requires that "the [expert] report shall contain a complete statement of . . . the qualifications of the witness. . .." Id. Allowing Dr. Keller to expand his area of expertise outside of the scope identified in the expert report at this late stage would prejudice Affinion since Affinion was not able properly to prepare to depose Dr. Keller on this topic and would run afoul of the Federal Rules of Civil Procedure.

## CONCLUSION

Affinion requests that Dr. Keller be precluded from offering an opinion on incentives, frequency marketing and award redemption programs. Dr. Keller lacks the qualifications to opine in these fields and such testimony will not assist the trier of fact. Furthermore, Affinion will suffer prejudice if Dr. Keller is permitted to offer testimony that extends beyond his expertise and the indications made in his expert reports. Accordingly, Dr. Keller should not be permitted to testify as an expert about incentives, frequency marketing and award redemption programs.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Plaintiff, Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

September 20, 2006

**RULE 7.1.1 CERTIFICATE**

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant and that we have not been able to reach agreement.

/s/ *Maryellen Noreika*
Maryellen Noreika (#3208)

**CERTIFICATE OF SERVICE**

I, Maryellen Noreika, hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 20, 2006 upon the following in the manner indicated:

**BY HAND**

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com