IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-360-JJF |
| | ) | |
| MARITZ INC., | ) | **PUBLIC REDACTED VERSION** |
| | ) | |
| Defendant. | ) | |

## OPENING BRIEF OF DEFENDANT MARITZ INC. IN SUPPORT OF ITS MOTION IN LIMINE RELATING TO LOST PROFITS DAMAGES

CONNOLLY, BOVE, LODGE & HUTZ LLP
Patricia Smink Rogowski
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899-2207
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Date: September 22, 2006         *Attorneys for Maritz Inc.*

TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

I. INRODUCTION ........................................................................................................ 1

II. SUMMARY OF ARGUMENT .................................................................................. 1

III. BACKGROUND ....................................................................................................... 2

IV. ARGUMENT ............................................................................................................. 3

V. CONCLUSION .......................................................................................................... 4

TABLE OF AUTHORITIES

**Cases**

*Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152 (6th Cir. 1978) .......................... 8

*Poly-America, L.P. v. GSE Lining Technology, Inc.*, 383 F.3d 1303 (Fed. Cir. 2004) ................. 8

*Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538 (Fed. Cir. 1995) ................................................. 8

## I. INTRODUCTION

Maritz moves to limit evidence of plaintiff's alleged lost profits damages. Maritz has previously made this issue the subject of a motion for partial summary judgment. That motion is fully briefed and ripe for decision. *See* D. I. 154.

## II. SUMMARY OF ARGUMENT

Plaintiff Affinion Patents is claiming damages for lost profits for the period 2000 to the present based on sales that it claims it or one of its predecessors in title to the patent would have made but for Maritz's alleged infringing sales. But neither plaintiff nor its predecessor in title Trilegiant Corporation, a previous owner of the patents, could have lost sales, because they do not sell products that embody the patented invention or compete with the allegedly infringing products.

Prior to December 7, 2001, Netcentives, Inc., a non-party, owned the '870 and the '412 patents as well as the application that issued as the '012 patent.

**REDACTED**

Affinion Patents is the current owner of the patents, and Affinion Loyalty is its affiliate and non-exclusive licensee.

To recover lost profits damages, Affinion Patents must establish that, but for the infringing sales, it (or its predecessors in title) would have made some portion or all of the infringing sales. Unless Affinion Patents can prove that it either sells a product that embodies the invention of the patent or sells a product that competes with the allegedly infringing product,

1

as a matter of law, it cannot prove lost sales resulting from the alleged infringement. Here, Affinion Patents cannot claim lost profits damages for the period **REDACTED** **REDACTED** because neither it nor Trilegiant Corporation engaged in eligible product sales.[1]

The Court is requested to enter an order limiting plaintiff's evidence for lost profits damages by excluding the period before January 28, 2004 and the period after October 17, 2005.

### III. BACKGROUND

On December 7, 2001, Trilegiant Corporation acquired the patents-in-suit from Netcentives, Inc. **REDACTED**

Trilegiant Corporation assigned the patents and any related causes of action to

**REDACTED**

Affinion Patents "was formed . . . for the sole purpose of holding the patents . . . ." *See* Memorandum Opinion, p. 7, D. I. 148.

Marion Stewart, plaintiff's damages expert, has submitted a report that concludes that plaintiff suffered lost profits damages in the period 2000-2005.

**REDACTED**

Expert Report of Marion B. Stewart, p. 27.[2]

**REDACTED**

---

[1] Affinion Patents' immediate assignor, Maritz expects to prove at trial that Affinion Loyalty would not have had additional sales but for the alleged infringement.

[2] A copy of this report is available should the Court wish to review it.

2

IV. ARGUMENT

UNDER *PANDUIT, RITE-HITE* AND *POLY-AMERICA*, AFFINION PATENTS CANNOT ESTABLISH LOST PROFITS DAMAGES FOR THE PERIODS BEFORE JANUARY 28, 2004 AND AFTER OCTOBER 17, 2005.

"Whether lost profits are legally compensable in a particular situation is a question of law . . . ." *Poly-America, L.P. v. GSE Lining Technology, Inc.*, 383 F.3d 1303, 1311 (Fed. Cir. 2004) citing *Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1544 (Fed. Cir. 1995)(en banc). To recover lost profits damages, the patentee must ordinarily be selling the patented device. *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978). Alternatively, the patent owner may recover lost profits damages if it sells a product that competes directly with the infringing product and it lost sales as a direct result of the infringement. *Rite-Hite-Corp.*, 56 F.3d at 1548.

A patent holding company or a patent owner that has not lost direct sales as a result of the infringement may not recover the lost profits of an affiliate, a parent or a subsidiary corporation. *See Poly-America, L.P.*, 383 F.3d at 1311 ("While we do not speculate concerning the benefits that the two companies reap from dividing their operations and separating the owner of the patent from the seller of the patented product, Poly-America and Poly-Flex may not enjoy the advantages of their separate corporate structure and, at the same time, avoid the consequential limitations of that structure-in this case, the inability of the patent holder to claim the lost profits of its non-exclusive licensee.")

Affinion Patents became the assignee of the patents-in-suit and this cause of action REDACTED As a patent holding company, it has no claim for lost profits for the period after that date. Its remedy, if it establishes infringement, is a reasonable royalty.

3

Trilegiant Corporation,

**REDACTED**

Hence it could not have lost any sales (or lost any profits) as a result of the alleged infringement. Accordingly, for the period of its ownership, its only claim, if infringement is proven, would be for a reasonable royalty. It assigned **REDACTED**

### V. CONCLUSION

As a patent holding company, Affinion Patents has only a claim for a reasonable royalty since it acquired the patents on **REDACTED** Through a series of assignments, did not lose sales as a result of the alleged infringement. Thus, Affinion Patents, **REDACTED** has only a claim for reasonable royalty

Accordingly, Maritz requests that the Court grant its motion limiting the evidence for alleged lost profits damages.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: /s/ Patricia S. Rogowski
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

*Attorneys for Maritz Inc.*

## CERTIFICATE OF SERVICE

      I, hereby certify that on September 22, 2006, I electronically filed **REDACTED Opening Brief of Defendant Maritz Inc. in Support of its Motion in Limine Relating to Lost Profits Damages** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

      I hereby further certify that on September 22, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

_Patricia S. Rogowski_
Patricia S. Rogowski (#2632)

6