IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC.<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MARITZ, INC.<br><br>　　　　　Defendant. | C.A. No. 04-360-JJF<br><br>**REDACTED PUBLIC VERSION** |

**PLAINTIFF'S MOTION *IN LIMINE* NUMBER 1: TO PRECLUDE
MARITZ FROM PRESENTING EVIDENCE AND ELICITING TESTIMONY
AT TRIAL RELATING TO IRRELEVANT MATTERS OCCURRING
AFTER THE ISSUANCE OF THE PATENT IN SUIT**

Affinion Net Patents, Inc. ("Affinion") moves *in limine* to preclude Maritz Inc. ("Maritz") from presenting evidence and eliciting testimony at trial regarding certain matters occurring after the issuance of the patent in suit, U.S. Patent No. 6,009,412 ("the '412 patent") that Maritz alleges constitute evidence of inequitable conduct, unclean hands, and patent misuse. The grounds for this motion are as follows.

Affinion does not believe inequitable conduct, unclean hands, or patent misuse should be tried to the jury. If they were, however, certain later-occurring matters are not relevant as a matter of law. If permitted at trial, they would serve only to divert attention from substantive issues and to prejudice the jury against Affinion. Affinion therefore asks that evidence regarding these later-occurring matters be ruled inadmissible in advance of trial.

These later-occurring matters, described in Maritz's Answer to Amended Complaint, With Affirmative Defenses and Counterclaim, D.I. 196, and its "Brief

Statement of What Maritz Intends to Prove At Trial," D.I. 228 Exh. 13, are as follows:

1. the prosecution of the later-filed U.S. Patent No. 6,578,012 patent ("the '012 patent"), which is no longer in suit;

2. the prosecution of even later-filed applications (which were either abandoned or are still pending); and

3. pleadings and allegations made in the Netcentives litigation (after the issuance of the '412 patent) regarding prior art, unenforceability, inventorship, and ownership of U.S. Patent No. 5,774,870 ("the '870 patent) and the '412 patent.

See D.I. 196 at 9, 14, 15, 17, 21-29 ¶¶ 13-15, 25, 26, 33d, 42, 43, 50-62, 64-73 (attached as Exh. 1); D.I. 228 Exh. 13 at 1-2, 26-29 (attached as Exh. 2).

First, the prosecution of the later-filed '012 patent has no relevance to the enforceability of the earlier-issued '412 patent under an inequitable conduct, unclean hands, or patent misuse theory. Maritz's allegations are an improper attempt to circumvent this Court's dismissal of Maritz's counterclaims that the '012 patent is invalid and unenforceable[1] and this Court's ruling that Maritz will not be permitted to introduce at trial evidence that is not relevant to the validity or enforceability of the '412 patent.[2]

---

[1] On June 8, 2006, the Court ruled: "In sum, the Court will grant the Motion of Plaintiff Affinion Loyalty Group, Inc. For Leave to Amend Its Complaint and to Dismiss Defendant's Counterclaims Relating to the '870 and '012 Patents." D.I. 173 at 8.

[2] "Maritz will not be permitted to make full proofs on the subject of inequitable conduct related to the '870 and '012 patents. Maritz contends that Affinion Patents is dismissing claims regarding the '870 and '012 patents to avoid charges of inequitable conduct and invalidity in relation to those patents and an overall claim of inequitable conduct in relation to all the patents-in-suit. To the extent that it is actually relevant to inequitable conduct regarding the '412 patent, evidence of inequitable conduct will be admissible. ... Maritz cannot maintain a declaratory judgment action solely to prove inequitable conduct in relation to the '870 and '012 patent[s]...." D.I. 173 at 5-6.

2

As discussed in earlier pleadings,[3] the Federal Circuit and other courts have soundly rejected as a matter of law the proposition that conduct in the prosecution of a later-filed patent application can render an earlier patent unenforceable under either an inequitable conduct or an unclean hands theory. See SSIH Equip. S.A. v. Int'l Trade Comm'n, 718 F.2d 365, 378-79 (Fed. Cir. 1983) (rejecting theory that patents can be so interrelated that plaintiff's unclean hands with respect to later-filed patents can render an earlier patent unenforceable); Pharmacia Corp. v. Par Pharm., Inc., 417 F.3d 1369, 1374 (Fed. Cir. 2005) (inequitable conduct in a later-prosecuted patent cannot render unenforceable an earlier issued patent); see also In re Certain Excimer Laser Sys. for Vision Correction Surgery, USITC Inv. No. 337-TA-419, 2000 WL 126070 (Jan. 2000) (patent not unenforceable due to inequitable conduct or unclean hands as a matter of law where the conduct complained of occurred after the patent issued); Ristvedt-Johnson, Inc. v. Brandt, Inc., 805 F. Supp. 549, 556 (N.D. Ill. 1992) (same). Introduction of these irrelevant matters would only confuse the jury and prejudice Affinion.

The prosecution of the later-filed U.S. Patent No. 6,578,012 patent also has no relevance to the enforceability of the '412 patent under a patent misuse theory. Patent misuse requires a finding that the patentee's lawsuit was both objectively and subjectively baseless and that the patentee filed suit for the purpose of harming the competitor's business in unpatented goods or to extend the economic effect beyond the

---

[3] See D.I. 124 (Affinion's Reply Brief In Support Of Its Motion For Leave To Amend Its Complaint And To Dismiss Defendant's Counterclaims Relating To The '870 And '012 Patents) at 8-9; D.I. 213 (Motion Of Plaintiff Affinion Net Patents, Inc. To Strike New Affirmative Defenses, Counterclaim and Allegations) at 5-6; and D.I. 237 (Reply Brief In Support Of Motion Of Plaintiff Affinion Net Patents, Inc. To Strike New Affirmative Defenses, Counterclaim And Allegations) at 2-3.

3

physical or temporal scope of the patent grant with anticompetitive effect. Prof'l Real Estate Inv. v. Columbia Pictures Indus., 508 U.S. 49, 60-62 (1993); Estee Lauder, Inc. v. Fragrance Counter, Inc., 189 F.R.D. 269, 273 (S.D.N.Y. 1999). The prosecution of the '012 patent is not relevant to proving that the '412 patent is objectively invalid or unenforceable, that Affinion subjectively believed the '412 patent to be invalid or unenforceable, or that Affinion has brought suit for an anticompetitive purpose. Evidence on these prosecution matters would confuse the jury and be highly prejudicial to Affinion.

Second, the prosecution of later-filed applications (which were either abandoned or are still pending) also is not relevant to inequitable conduct, unclean hands or patent misuse, for the same reasons that the prosecution of the '012 patent is not relevant.

Third, pleadings and allegations regarding prior art, unenforceability, inventorship, and ownership of the '412 patent made by Carlson, Inc. and other defendants in the Netcentives litigations—pleadings filed and allegations made after the issuance of the '412 patent—plainly are not relevant to inequitable conduct or unclean hands since by definition they occurred after the patent issued. These allegations also are not relevant to patent misuse—while they may be evidence of others' states of mind regarding the '412 patent, they are not relevant to Affinion's state of mind in bringing this suit. Affinion's awareness of these unproven allegations simply is not evidence that it had either an objective or a subjective belief that the '412 patent is invalid or unenforceable. If that were the case, every defendant would become its own prosecutor. Moreover, as discussed in Affinion's second motion *in limine* relating to the standing/ownership defense made by Maritz, when the Netcentives-Carlson lawsuit

4

settled, Carlson and Radisson <u>admitted</u> that the '412 patent was properly owned by Netcentives and that inventorship was correct.[4]

## CONCLUSION

For the foregoing reasons, Affinion asks that evidence regarding (1) the prosecution of the '012 patent, (2) the prosecution of later-filed patent applications, and (3) pleadings and allegations from the Netcentives litigations be ruled inadmissible in advance of trial and that Maritz be ordered to refrain from referring to them and eliciting testimony about them at trial.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
   *Attorneys for Plaintiff, Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

September 27, 2006

---

[4] See Motion *In Limine* Number 2: (A) To Preclude Maritz From Arguing At Trial That Affinion Is Not The Owner Of The Patent In Suit; And (B) To Strike Maritz's Affirmative Defense Of Lack Of Standing To Assert Patent Infringement (filed contemporaneously with this motion).

## RULE 7.1.1 CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant and that we have not been able to reach agreement.

/s/ *Maryellen Noreika*
Maryellen Noreika (#3208)

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

    Patricia Smink Rogowski
    Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 20, 2006 upon the following in the manner indicated:

### BY HAND

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

/s/ Maryellen Noreika
Maryellen Noreika (#3208)
mnoreika@mnat.com

**CERTIFICATE OF SERVICE**

I, Maryellen Noreika, hereby certify that on September 27, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Patricia Smink Rogowski
>Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 27, 2006 upon the following in the manner indicated:

>**BY HAND**
>
>Patricia Smink Rogowski
>Connolly, Bove, Lodge & Hutz LLP
>The Nemours Building
>1007 N. Orange Street
>Wilmington, DE  19801
>
>**BY FEDERAL EXPRESS**
>
>J. Bennett Clark
>Senniger Powers
>One Metropolitan Square
>St. Louis, MO  63102

>*/s/ Maryellen Noreika*
>Maryellen Noreika (#3208)
>mnoreika@mnat.com