IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AFFINION NET PATENTS, INC.

Plaintiff,

v.

MARITZ, INC.

Defendant.

C.A. No. 04-360-JJF

**REDACTED PUBLIC VERSION**

**PLAINTIFF'S MOTION *IN LIMINE* NUMBER 2: (A) TO PRECLUDE MARITZ FROM ARGUING AT TRIAL THAT AFFINION IS NOT THE OWNER OF THE PATENT IN SUIT; AND (B) TO STRIKE MARITZ'S AFFIRMATIVE DEFENSE OF LACK OF STANDING TO ASSERT PATENT INFRINGEMENT**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Plaintiff Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Original Filed: September 20, 2006
Redacted Public Version Filed: September 27, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AFFINION NET PATENTS, INC.

Plaintiff,

v.

MARITZ, INC.

Defendant.

C.A. No. 04-360-JJF

**REDACTED PUBLIC VERSION**

**PLAINTIFF'S MOTION *IN LIMINE* NUMBER 2: (A) TO PRECLUDE MARITZ FROM ARGUING AT TRIAL THAT AFFINION IS NOT THE OWNER OF THE PATENT IN SUIT; AND (B) TO STRIKE MARITZ'S AFFIRMATIVE DEFENSE OF LACK OF STANDING TO ASSERT PATENT INFRINGEMENT**

Plaintiff Affinion Net Patents, Inc. ("Affinion") hereby moves to preclude defendant Maritz, Inc. ("Maritz") from asserting at trial, or offering any evidence, that Affinion does not own the patent in suit, U.S. Patent No. 6,009, 412 ("the '412 patent"). The grounds for this motions are as follows.

One of the affirmative defenses asserted by Maritz, which was first raised after the close of discovery on July 14, 2006, in Maritz's Answer To Amended Complaint, With Affirmative Defenses And Counterclaim, is that Affinion "lacks standing to assert patent infringement." D.I. 196 at 7 ¶ M.

There is no dispute that Affinion is the current assignee of the '412 patent. Maritz earlier averred in its Memorandum In Support of Its Motion To Dismiss For Lack of Jurisdiction (D.I. 80), and in its Brief In Support of Motion For Partial Summary Judgment Limiting Claims For Lost Profits Damages (D.I. 154), that Affinion is the current assignee and owner of the '412 patent. See D.I. 80 at 1; D.I. 154 at 2, 3, 5

(relevant pages of which are attached as Exh. 1). In fact, Maritz has asserted that Affinion's ownership of the '412 patent is an "undisputed fact." See D.I. 154 Exh. A ¶ 4 (attached at Exh. 2). Maritz thus does not dispute that Affinion possesses legal title to the '412 patent and is the "patentee." 35 U.S.C. § 100(d) ("The word 'patentee' includes not only the patentee to whom the patent was issued but also the successors in title to the patent."); Arachnid, Inc. v. Merit Indus., Inc., 939 F.3d 1574, 1578-79 (Fed. Cir. 1991) ("legal title holder" is synonymous with "patentee"). As the undisputed patentee Affinion does have standing and is the proper plaintiff in this infringement suit. 35 U.S.C. § 281 ("A patentee shall have remedy by civil action for infringement of his patent."); Arachnid, 939 F.3d at 1579 (legal title holder has standing to sue for infringement); Dorr-Oliver, Inc. v. U.S., 432 F.2d 447, 451 (Ct. Cl. 1970) (same); N. V. Montan Export-Metaal Handel-Maatschappij v. U.S., 102 F. Supp. 1016, 1017 (Ct. Cl. 1952) (same).

Maritz's standing theory is apparently that Radisson Hotels Corporation, a subsidiary of Carlson Inc, should be considered the equitable owner of the '412 patent. Maritz states that it intends to prove this at trial, see D.I. 228 Exh. 13 ("Brief Statement of What Maritz Intends to Prove At Trial")[1] (Exh. 3) and made these allegations in its

1 See D.I. 228 Exh. 13 at 28:

**REDACTED**

(cont'd)

Answer to Amended Complaint, see D.I. 196 at 9-26 ¶¶ 13, 26, 37(b), 44, 46, 52, 53, 55, 61, 64 (Exh. 4).

However, Maritz does not have standing to assert that Radisson is the proper owner of the '412 patent. It is well settled that in a patent suit between private parties, the equitable rights of a third party to the patent in suit cannot be raised as a defense against the legal titleholder of the patent. FilmTec Corp. v. Hydranautics, 982 F.2d 1546, 1550 (Fed. Cir. 1992); Dorr-Oliver, 432 F.2d at 451; Mercantile Nat'l Bank v. Howmet Corp., 524 F.2d 1031, 1034 (7th Cir. 1975); Havel v. Cyclops Corp., No. 81-2284, 1983 U.S. Dist. LEXIS 13350, at *4 (W.D. Pa. Sept. 28, 1983) (granting plaintiff's motion *in limine* to preclude evidence concerning equitable interests of third party in the patent in suit). Maritz thus has no standing to raise this defense.

---

(cont'd)

**REDACTED**

REDACTED

2 Maritz tried to purchase the '412 patent at that auction but lost the bid. See Exh. 6.

**CONCLUSION**

For the foregoing reasons, Affinion respectfully requests that Maritz's affirmative defense that Affinion lacks standing to assert patent infringement be stricken and that Maritz be precluded from raising issues of ownership of the '412 patent at trial.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Plaintiff, Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

September 27, 2006

**RULE 7.1.1 CERTIFICATE**

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant and that we have not been able to reach agreement.

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)

**CERTIFICATE OF SERVICE**

I, Maryellen Noreika, hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 20, 2006 upon the following in the manner indicated:

**BY HAND**

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com

**CERTIFICATE OF SERVICE**

I, Maryellen Noreika, hereby certify that on September 27, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 27, 2006 upon the following in the manner indicated:

**BY HAND**

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com