IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

_____
                                        )
AFFINION NET PATENTS, INC.              )
                                        )
                    Plaintiff,          )
                                        )        C.A. No. 04-360-JJF
            v.                          )
                                        )
MARITZ, INC.                            )
                                        )        **REDACTED PUBLIC VERSION**
                    Defendant.          )
_____)


**PLAINTIFF'S MOTION *IN LIMINE* NUMBER 3:  TO PRECLUDE MARITZ
INTRODUCING AT TRIAL INVALIDITY THEORIES AND PRIOR
ART NOT DISCLOSED IN ITS EXPERTS' REPORTS ON VALIDITY**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
  *Attorneys for Plaintiff Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040

Original Filed:  September 20, 2006
Redacted Public Version Filed:  September 27, 2006

N THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AFFINION NET PATENTS, INC. )
 )
 )
    Plaintiff, )
 )   C.A. No. 04-360-JJF
  v. )
 )
MARITZ, INC. )
 )   **REDACTED PUBLIC VERSION**
    Defendant. )
 )

**PLAINTIFF'S MOTION *IN LIMINE* NUMBER 3:  TO PRECLUDE MARITZ
INTRODUCING AT TRIAL INVALIDITY THEORIES AND PRIOR
ART NOT DISCLOSED IN ITS EXPERTS' REPORTS ON VALIDITY**

   Plaintiff Affinion Net Patents, Inc. ("Affinion") moves *in limine* to preclude

defendant Maritz, Inc. ("Maritz") from raising at trial invalidity defenses and prior art not

described in its interrogatory answers or expert reports on validity.  The grounds for this

motion are as follows.

   In response to Affinion's interrogatories regarding Maritz's invalidity contentions

and the prior art upon which Maritz intends to rely at trial, Maritz first refused to answer

(on privilege and work product grounds) and then, during expert discovery, supplemented

its interrogatory responses to incorporate by reference the arguments and art in the expert

reports of Bruce Bolger and Arthur Keller.  In its pretrial disclosures, Maritz has now

attempted to add new invalidity contentions (and new prior art) that go beyond those set

forth in these reports.  Maritz should not be permitted to raise at trial invalidity defenses

and prior art references not set forth in its expert reports, including the new defenses and

prior art set forth below.  Because these matters were not set forth in Maritz's expert

reports or otherwise disclosed before the close of discovery, Affinion's experts did not have an opportunity to respond to them.

## I.    **Maritz's Invalidity Disclosures**

On March 9, 2005, Affinion propounded an interrogatory (No. 10) that asked Maritz to:

> [e]xplain in detail the factual basis for your contention that the '870, '412 or '012 patents are invalid, including identifying with particularity each event or disclosure in a reference or publication forming in whole or part the basis for such contention, each person with knowledge of each such event or reference, and all documents relating thereto.

Exh. 1 at 7. On April 12, 2005, Maritz responded that this interrogatory called for privileged information and was premature. See Exh. 2 at 8-9. Maritz maintained this position for more than a year. See Exh. 3 (Maritz's August 5, 2005 Supplemental Responses) at 8-9; Exh. 4 (Maritz's October 14, 2005 2nd Supplemental Responses) at 8-9.

On March 9, 2005, in Interrogatory No. 11, Affinion also asked Maritz to "[i]dentify each piece of prior art to the '870, '412 or '012 patents of which you are aware or on which you may rely to support your assertion that the '870, '412 or '012 patents are invalid." Exh. 1 at 7. Maritz again responded that the interrogatory called for privileged information, was premature, and that it would "produce such prior art in accordance with Fed. R. Civ. P. 33(d) and/or 35 U.S.C. § 282." Exh. 2 at 9. Maritz never updated this response. See Exh. 3 at 9; Exh. 4 at 9; Exh. 5 (Maritz's April 25, 2006 3rd Supplemental Response).

On March 10, 2006 and April 10, 2006, Maritz served its expert reports on validity. Exhs. 6-9. On April 25, 2006, two weeks before the May 12, 2006 close of

discovery, <u>see</u> D.I. 75, Maritz supplemented its response to Affinion's Interrogatory No. 10 as follows:

> <u>the bases for invalidity are set forth in the expert reports of Bruce Bolger and Dr. Arthur Keller, dated March 10, 2006 and April 10, 2006. Maritz incorporates herein all expert reports or testimony, including any additional or supplemental expert reports, addressing</u> the claim construction and/or <u>invalidity</u> of the claims of the '870, '412, and '012 patents.

Exh. 5 at 4-5 (emphasis added).

## II.    <u>Maritz's New Invalidity Defenses</u>

Maritz's pretrial disclosures reveal that Maritz seeks to raise at trial a number of invalidity defenses and prior art references that were not disclosed in its expert reports on validity.

**REDACTED**

---

'. See Exh. 14 at 184-85; Exh. 15 at 186-87.

Accordingly, Maritz should be precluded from offering at trial expert testimony about

this program or otherwise arguing this undisclosed invalidity theory.

Second,

## REDACTED

See D.I.

226 (Maritz's Proposed Jury Instructions) at 16 (attached as Exh. 16).

## REDACTED

Third,

No. 5,774,870." See D.I. 227 Exh. 5 (Maritz's Statement Of The Contested Issues Of

Law) at ¶ 23 (attached as Exh. 17); see also D.I. 226 (Maritz's Proposed Jury

Instructions) at n.6

## REDACTED

(attached as Exh. 17).

Moreover, this position is directly contrary to previous statements by Maritz that

## REDACTED

D.I. 158 (Opening Brief Of Defendant Maritz Inc. In Support Of Its Motion For Partial Summary Judgment of Invalidity of the '412 Patent Under 35 U.S.C. § 102(e) And (g)) at 1 (attached as Exh. 18).  In fact, Maritz has asserted that it is an "undisputed fact" that See id. at Exh. A ¶ 5.

## REDACTED

Fourth,

See D.I. 226 (Maritz's Proposed Jury Instructions) at 23 (attached as Exh. 16); see also D.I. 227 Exh. 5 (Maritz's Statement Of The Contested Issues Of Law) at ¶¶ 43-46 (attached as Exh. 17);

## REDACTED

Fifth,

5

**REDACTED**

<u>Sixth</u>,

<u>See</u> Exh. D.I. 228 Exh. 13

(Brief Statement of What Maritz Intends To Prove At Trial) at 19 (attached as Exh. 10).

<u>See</u> D.I. 196 at 15 ¶ 30, 18 ¶ 37 (attached as

Exh. 20).

**REDACTED**

---

[2]     <u>See</u> D.I. 228 Exh. 13 (Brief Statement of What Maritz Intends To Prove At Trial) at 24-25 (attached as Exh. 10); D.I. 61 (Maritz's September 15, 2005, Amended Answer And Counterclaim) at ¶¶ 41, 59, 61 (attached as Exh. 19).

[3]     **REDACTED**

[4]     <u>See</u> D.I. 228 Exh. 13 (Brief Statement of What Maritz Intends To Prove At Trial) at 27-29 (attached as Exh. 10); D.I. 196 (Maritz's July 14, 2006, Answer to Amended Complaint, With Affirmative Defenses and Counterclaim) at 23-25, 29-30 ¶¶ 54-59, 74-81 (attached as Exh. 20).

## CONCLUSION

For the foregoing reasons, Maritz Inc should be precluded from raising at trial the abovementioned invalidity defenses and prior art, which are not set forth in Maritz's interrogatory answers or expert reports on validity.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
*Attorneys for Plaintiff, Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040

September 27, 2006

## RULE 7.1.1 CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant and that we have not been able to reach agreement.

*/s/  Maryellen Noreika*
Maryellen Noreika (#3208)

8

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 20, 2006 upon the following in the manner indicated:

### BY HAND

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE 19801

### BY FEDERAL EXPRESS

> J. Bennett Clark
> Senniger Powers
> One Metropolitan Square
> St. Louis, MO 63102

> /s/ Maryellen Noreika
> Maryellen Noreika (#3208)
> mnoreika@mnat.com

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 27, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 27, 2006 upon the following in the manner indicated:

### BY HAND

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com