# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

|  |  |
|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>MARITZ, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 04-360-JJF

## PLAINTIFF TRILEGIANT LOYALTY SOLUTIONS, INC.'S
### FIRST SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff Trilegiant Loyalty Solutions, Inc ("Trilegiant") hereby requests that defendant Maritz Inc., within thirty (30) days from the date of service hereof, serve upon the undersigned counsel for Trilegiant answers, under oath, to each of the interrogatories set forth below. These interrogatories should be answered in accordance with the Instructions and Definitions set forth below.

### INSTRUCTIONS

1.   The term "identify" when used herein shall include:

A.   When referring to a natural person, his or her full name, present or last known home and business addresses, and his or her business affiliation during the period to which the interrogatory response refers and at present (or last known), including the position last held by that individual;

programs identified in response to Interrogatory No. 2). For each element that you contend is the basis for your non-infringement position, explain in detail your construction of that element as used in the claims and a detailed explanation of why they are not met.

**INTERROGATORY NO. 10:**

Explain in detail the factual basis for your contention that the '870, '412 or '012 patents are invalid, including, identifying with particularity each event or disclosure in a reference or publication forming in whole or part the basis for such contention, each person with knowledge of each such event or reference, and all documents relating thereto.

**INTERROGATORY NO. 11:**

Identify each piece of prior art to the '870, '412 or '012 patents of which you are aware or on which you may rely to support your assertion that the '870, '412 or '012 patents are invalid.

**INTERROGATORY NO. 12:**

On a year-by-year basis, state how much revenue has been received and how much profit has been earned by Maritz for each on-line incentive program Maritz has designed, developed, implemented or operated.

**INTERROGATORY NO. 13:**

Explain in detail what services constitute the "full spectrum of awards and fulfillment services" offered by Maritz Rewards (as described on www.maritzrewards.com).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **PLAINTIFF TRILEGIANT**

**LOYALTY SOLUTIONS, INC.'S FIRST SET OF INTERROGATORIES**, was served on this 10th

day of March, 2005, in the manner indicated, upon the following counsel of record:

**Via Federal Express Overnight Courier:**

J. Bennett Clark, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square; 16th Floor
St. Louis, MO 63102

_____
Matthew T. Felten

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-360-JJF |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MARITZ'S RESPONSES
TO PLAINTIFF TRILEGIANT LOYALTY SOLUTIONS, INC.'S
FIRST SET OF INTERROGATORIES**

Defendant Maritz Inc. ("Maritz") hereby responds to Plaintiff Trilegiant Loyalty

Solutions, Inc.'s ("Trilegiant") First Set of Interrogatories ("Interrogatories") as follows:

**General Objections**

1.    Maritz objects to the extent the Interrogatories seek documents or information

protected by the attorney-client privilege and/or the work product doctrine.

2.    Maritz objects to the Interrogatories to the extent they seek information

concerning trade secrets or confidential research, development or commercial business

information.  Maritz will, however, provide appropriate information under the terms of an agreed

upon Protective Order or pursuant to Local Rule 26.2.

3.    Maritz objects to the Interrogatories to the extent they seek to impose obligations

beyond those provided in the Federal Rules of Civil Procedure or local rules.

1

**RESPONSE:**

Maritz objects to this Interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege or the work product doctrine and to the extent that it purports to prematurely call for a legal conclusion as to claim interpretation. Maritz objects that this Interrogatory seeks information which is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Trilegiant's definition of "on-line incentive program" is over-inclusive and vague and insofar as it seeks information on the WARP program. Maritz further objects to this Interrogatory on the grounds that it is premature in that Trilegiant has not yet provided any discovery concerning what Maritz programs Trilegiant alleges infringe the claims of the '870, '412, and '012 patents nor which claims of those patents Trilegiant alleges are infringed. Maritz will supplement this response as additional information is learned.

**INTERROGATORY NO. 10:**

Explain in detail the factual basis for your contention that the '870, '412 or '012 patents are invalid, including, identifying with particularity each event or disclosure in a reference or publication forming in whole or part the basis for such contention, each person with knowledge of each such event or reference, and all documents relating thereto.

**RESPONSE:**

Maritz objects to this Interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege or the work product doctrine and to the extent that it purports to prematurely call for a legal conclusion as to claim interpretation. Maritz further

8

objects to this Interrogatory on the grounds that it is premature in that Trilegiant has not yet

provided any discovery concerning what Maritz programs Trilegiant alleges infringe the claims

of the '870, '412, and '012 patents nor which claims of those patents Trilegiant alleges are

infringed, information likely to have bearing on the scope of invalidating prior art. Subject to

and without waiver of its objections, Maritz will produce prior art in accordance with Fed. R.

Civ. P. 33(d) and/or 35 U.S.C. § 282.

## INTERROGATORY NO. 11:

Identify each piece of prior art to the '870, '412 or '012 patents of which you are aware or

on which you may rely to support your assertion that the '870, '412 or '012 patents are invalid.

## RESPONSE:

Maritz objects to this Interrogatory to the extent that it seeks documents or information

protected by the attorney-client privilege or the work product doctrine and to the extent that it

purports to prematurely call for a legal conclusion as to claim interpretation. Subject to and

without waiver of its objections, Maritz will produce such prior art in accordance with Fed. R.

Civ. P. 33(d) and/or 35 U.S.C. § 282.

## INTERROGATORY NO. 12:

On a year-by-year basis, state how much revenue has been received and how much profit

has been earned by Maritz for each on-line incentive program Maritz has designed, developed,

implemented or operated.

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2005, the foregoing was served via facsimile and first class mail, postage prepaid, upon the following:

Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

Steven Lieberman, Esq.
Sharon L. Davis, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Attorneys for Plaintiff

14

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRILEGIANT LOYALTY<br>SOLUTIONS, INC., | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-360-JJF |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

---

**MARITZ'S SUPPLEMENTAL RESPONSES**
**TO PLAINTIFF TRILEGIANT LOYALTY SOLUTIONS, INC.'S**
**FIRST SET OF INTERROGATORIES**

Defendant Maritz Inc. ("Maritz") hereby responds to Plaintiff Trilegiant Loyalty

Solutions, Inc.'s ("Trilegiant") First Set of Interrogatories ("Interrogatories") as follows: [1]

**General Objections**

1.      Maritz objects to the extent the Interrogatories seek documents or information

protected by the attorney-client privilege and/or the work product doctrine.

2.      Maritz objects to the Interrogatories to the extent they seek information

concerning trade secrets or confidential research, development or commercial business

information.  Maritz will, however, provide appropriate information under the terms of an agreed

upon Protective Order or pursuant to Local Rule 26.2.

3.      Maritz objects to the Interrogatories to the extent they seek to impose obligations

beyond those provided in the Federal Rules of Civil Procedure or local rules.

---

[1] Supplemental responses are in **bold**.

1

**RESPONSE:**

Maritz objects to this Interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege or the work product doctrine and to the extent that it purports to prematurely call for a legal conclusion as to claim interpretation. Maritz objects that this Interrogatory seeks information which is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Trilegiant's definition of "on-line incentive program" is over-inclusive and vague and insofar as it seeks information on the WARP program. Maritz further objects to this Interrogatory on the grounds that it is premature in that Trilegiant has not yet provided any discovery concerning what Maritz programs Trilegiant alleges infringe the claims of the '870, '412, and '012 patents nor which claims of those patents Trilegiant alleges are infringed. Maritz will supplement this response as additional information is learned.

**INTERROGATORY NO. 10:**

Explain in detail the factual basis for your contention that the '870, '412 or '012 patents are invalid, including, identifying with particularity each event or disclosure in a reference or publication forming in whole or part the basis for such contention, each person with knowledge of each such event or reference, and all documents relating thereto.

**RESPONSE:**

Maritz objects to this Interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege or the work product doctrine and to the extent that it purports to prematurely call for a legal conclusion as to claim interpretation. Maritz further objects to this Interrogatory on the grounds that it is premature in that Trilegiant has not yet

8

provided any discovery concerning what Maritz programs Trilegiant alleges infringe the claims of the '870, '412, and '012 patents nor which claims of those patents Trilegiant alleges are infringed, information likely to have bearing on the scope of invalidating prior art. Subject to and without waiver of its objections, Maritz will produce prior art in accordance with Fed. R. Civ. P. 33(d) and/or 35 U.S.C. § 282.

**INTERROGATORY NO. 11:**

Identify each piece of prior art to the '870, '412 or '012 patents of which you are aware or on which you may rely to support your assertion that the '870, '412 or '012 patents are invalid.

**RESPONSE:**

Maritz objects to this Interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege or the work product doctrine and to the extent that it purports to prematurely call for a legal conclusion as to claim interpretation. Subject to and without waiver of its objections, Maritz will produce such prior art in accordance with Fed. R. Civ. P. 33(d) and/or 35 U.S.C. § 282.

**INTERROGATORY NO. 12:**

On a year-by-year basis, state how much revenue has been received and how much profit has been earned by Maritz for each on-line incentive program Maritz has designed, developed, implemented or operated.

**RESPONSE:**

9

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2005, the foregoing was served via facsimile and first class mail, postage prepaid, upon the following:

Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

Steven Lieberman, Esq.
Sharon L. Davis, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Attorneys for Plaintiff

*Marc Vanden Heuy*

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRILEGIANT LOYALTY            )
SOLUTIONS, INC.,              )
                             )
                Plaintiff,    )
        v.                    )          Civil Action No. 04-360-JJF
                             )
MARITZ INC.,                  )
                             )
                Defendant.    )

---

**MARITZ'S SECOND SUPPLEMENTAL RESPONSES
TO PLAINTIFF TRILEGIANT LOYALTY SOLUTIONS, INC.'S
FIRST SET OF INTERROGATORIES**

Defendant Maritz Inc. ("Maritz") hereby supplements its response to Plaintiff Trilegiant

Loyalty Solutions, Inc.'s ("Trilegiant") First Set of Interrogatories ("Interrogatories") as

follows:[1]

## General Objections

1.      Maritz objects to the extent the Interrogatories seek documents or information

protected by the attorney-client privilege and/or the work product doctrine.

2.      Maritz objects to the Interrogatories to the extent they seek information

concerning trade secrets or confidential research, development or commercial business

information. Maritz will, however, provide appropriate information under the terms of an agreed

upon Protective Order or pursuant to Local Rule 26.2.

3.      Maritz objects to the Interrogatories to the extent they seek to impose obligations

beyond those provided in the Federal Rules of Civil Procedure or local rules.

---

[1] Supplemental responses are in **bold**.

programs identified in response to Interrogatory No. 2). For each element that you contend is the basis for your non-infringement position, explain in detail your construction of that element as used in the claims and a detailed explanation of why they are not met.

**RESPONSE:**

Maritz objects to this Interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege or the work product doctrine and to the extent that it purports to prematurely call for a legal conclusion as to claim interpretation. Maritz objects that this Interrogatory seeks information which is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Trilegiant's definition of "on-line incentive program" is over-inclusive and vague and insofar as it seeks information on the WARP program. Maritz further objects to this Interrogatory on the grounds that it is premature in that Trilegiant has not yet provided any discovery concerning what Maritz programs Trilegiant alleges infringe the claims of the '870, '412, and '012 patents nor which claims of those patents Trilegiant alleges are infringed. Maritz will supplement this response as additional information is learned.

**INTERROGATORY NO. 10:**

Explain in detail the factual basis for your contention that the '870, '412 or '012 patents are invalid, including, identifying with particularity each event or disclosure in a reference or publication forming in whole or part the basis for such contention, each person with knowledge of each such event or reference, and all documents relating thereto.

**RESPONSE:**

Maritz objects to this Interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege or the work product doctrine and to the extent that it

8

purports to prematurely call for a legal conclusion as to claim interpretation. Maritz further

objects to this Interrogatory on the grounds that it is premature in that Trilegiant has not yet

provided any discovery concerning what Maritz programs Trilegiant alleges infringe the claims

of the '870, '412, and '012 patents nor which claims of those patents Trilegiant alleges are

infringed, information likely to have bearing on the scope of invalidating prior art. Subject to

and without waiver of its objections, Maritz will produce prior art in accordance with Fed. R.

Civ. P. 33(d) and/or 35 U.S.C. § 282.

INTERROGATORY NO. 11:

      Identify each piece of prior art to the '870, '412 or '012 patents of which you are aware

or on which you may rely to support your assertion that the '870, '412 or '012 patents are

invalid.

RESPONSE:

      Maritz objects to this Interrogatory to the extent that it seeks documents or information

protected by the attorney-client privilege or the work product doctrine and to the extent that it

purports to prematurely call for a legal conclusion as to claim interpretation. Subject to and

without waiver of its objections, Maritz will produce such prior art in accordance with Fed. R.

Civ. P. 33(d) and/or 35 U.S.C. § 282.

INTERROGATORY NO. 12:

      On a year-by-year basis, state how much revenue has been received and how much profit

has been earned by Maritz for each on-line incentive program Maritz has designed, developed,

implemented or operated.

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2005, the foregoing was served via facsimile and first class mail, postage prepaid, upon the following:

Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

Steven Lieberman, Esq.
Sharon L. Davis, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Attorneys for Plaintiff

13

# EXHIBIT 5

APR-25-2006 TUE 04:12 PM SENNIGER POWERS          FAX NO. 3142314342          P. 02

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRILEGIANT LOYALTY          )
SOLUTIONS, INC.,            )
                            )
              Plaintiff,    )
                            )
       v.                   )        Civil Action No. 04-360-JJF
                            )
MARITZ INC.,                )
                            )
              Defendant.    )
                            )

## MARITZ'S THIRD SUPPLEMENTAL RESPONSES
## TO PLAINTIFF AFFINION LOYALTY GROUP, INC.'S
## FIRST SET OF INTERROGATORIES

Defendant Maritz Inc. ("Maritz") hereby supplements its response to Plaintiff Affinion

Loyalty Group, Inc.'s ("Affinion") First Set of Interrogatories ("Interrogatories") as follows:

### General Objections

1.     Maritz objects to the extent the Interrogatories seek documents or information

protected by the attorney-client privilege and/or the work product doctrine.

2.     Maritz objects to the Interrogatories to the extent they seek information

concerning trade secrets or confidential research, development or commercial business

information of Maritz or third parties that are not wholly and entirely protected from disclosure

by the Protective Order entered in this matter.

3.     Maritz objects to the Interrogatories to the extent they seek to impose obligations

beyond those provided in the Federal Rules of Civil Procedure or local rules.

4.     To the extent a response is provided by reference to documents being produced,

Maritz incorporates by reference herein its objections to Affinion's First Request for Production

of Documents.

'012 patent become at issue, Maritz reserves the right to supplement this response to include

those additional claims. Maritz further reserves the right to alter or supplement this response

based on the further discovery and/or the Court's claim construction.

**INTERROGATORY NO. 10:**

Explain in detail the factual basis for your contention that the '870, '412 or '012 patents

are invalid, including, identifying with particularity each event or disclosure in a reference or

publication forming in whole or part the basis for such contention, each person with knowledge

of each such event or reference, and all documents relating thereto.

**RESPONSE:**

Maritz objects to this Interrogatory to the extent that it seeks documents or information

protected by the attorney-client privilege or the work product doctrine and to the extent that it

purports to prematurely call for a legal conclusion as to claim interpretation. Subject to and

without waiver of its objections, Maritz has and will produce prior art in accordance with Fed. R.

Civ. P. 33(d) and/or 35 U.S.C. § 282.

Subject to and without waiving its objections, Maritz further responds as follows: Claims

1 and 29 of U.S. Patent No. 5,774,870; claims 1, 10, 11, 12, 13, 14, 15, 16, 17, 18, 27, 28, 29, 30,

31, 32, 33, 34, 35, and 36 of U.S. Patent No. 6,009,412; and claim 1 of U.S. Patent No.

6,578,012 are invalid as anticipated and/or obvious under 35 U.S.C. § 102 and 103, and/or for

failing to satisfy 35 U.S.C. § 112. Maritz further states that its construction of claim language

within these patent claims and the bases for invalidity are set forth in the expert reports of Bruce

Bolger and Dr. Arthur Keller, dated March 10, 2006 and April 10, 2006.

Maritz incorporates herein all expert reports or testimony, including any additional or

supplemental expert reports, addressing the claim construction and/or invalidity of the claims of

4

the '870, '412, and '012 patents. In the event additional claims of the '870, '412, or '012 patent
become at issue, Maritz reserves the right to supplement this response to include those additional
claims. Maritz further reserves the right to alter or supplement this response based on the further
discovery and/or the Court's claim construction.

### INTERROGATORY NO. 16:

If Maritz contends that any claim or claim term of the '870, '412 and/or '012 patent
requires claim construction, describe your construction of each claim or claim term and the bases
for such construction, and identify the support for your construction of the claims and claim
terms, including an identification of all portions of the specifications and/or prosecution histories
and any extrinsic evidence relied upon by you to support the construction.

### RESPONSE:

Maritz objects to this Interrogatory to the extent that it seeks documents or information
protected by the attorney-client privilege or the work product doctrine and to the extent that it
purports to prematurely call for a legal conclusion as to claim interpretation. Without waiving its
objections, Maritz states that the following claim terms require construction: Claims 1 and 29 of
U.S. Patent No. 5,774,870; claims 1, 10, 11, 12, 13, 14, 15, 16, 17, 18, 27, 28, 29, 30, 31, 32, 33,
34, 35, and 36 of U.S. Patent No. 6,009,412; and claim 1 of U.S. Patent No. 6,578,012. Maritz
further states that construction of claim language within these patent claims was set forth in the
expert reports of Bruce Bolger and Dr. Arthur Keller, dated March 10, 2006, April 10, 2006 and
April 25, 2006.

Maritz incorporates herein all expert reports or testimony, including any additional or
supplemental expert reports. Maritz further incorporates herein all claim construction positions
to be set forth by Maritz during the *Markman* briefing and hearing including its briefs and

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2006, the foregoing was served via facsimile and first class mail, postage prepaid, upon the following:

Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

Steven Lieberman, Esq.
Sharon L. Davis, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Attorneys for Plaintiff

*Marc Vander Tuig*

7

# EXHIBIT 6

**REDACTED**

# EXHIBIT 7

**SENNIGER POWERS**

| | | | |
|---|---|---|---|
| ATTORNEYS AT LAW | PATENTS TRADEMARKS | LITIGATION COPYRIGHTS | TECHNOLOGY ANTITRUST |

ONE METROPOLITAN SQUARE
16TH FLOOR
SAINT LOUIS, MISSOURI 63102

314-231-5400 V
314-231-4342 F

SENNIGER.COM

April 17, 2006

<u>Via Federal Express</u>

Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, D.C. 20005

Re:     Affinion Loyalty Solutions, Inc. v. Maritz Inc.
        Our File MRZ 9325

Dear Ms. Davis:

Enclosed are two CDs containing the documents bates numbered BV000001 through BV022650, which were produced by BroadVision pursuant to subpoena.

Please do not hesitate to contact me should you have any questions.

Sincerely,

Kathleen Abbiss
Paralegal

/ka
Enclosures

# EXHIBIT 8

**REDACTED**

# EXHIBIT 9

REDACTED

# EXHIBIT 10

**REDACTED**

# EXHIBIT 11

### REDACTED

# EXHIBIT 12

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AFFINION NET PATENTS, INC.,        )
                                   )
            Plaintiff,             )
                                   )    Civil Action No. 04-360-JJF
MARITZ INC.,                       )
                                   )
            Defendant.             )

## MARITZ'S PROPOSED JURY INSTRUCTIONS

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
Michael J. Hartley
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Dated:  September 11, 2006          Attorneys for Maritz Inc.

PROPOSED JURY INSTRUCTION NO. _____
4.2  Written Description

A patent must contain a written description of the subject matter claimed in the patent. In order to satisfy the written description requirement, the specification of the '412 patent must describe the invention sufficiently to convey to a person of skill in the art that Thomas Storey had possession of the claimed invention at the time of the application; in other words, that Thomas Storey invented what is claimed. A broad claim is invalid when the specification clearly indicates that the invention is of a much narrower scope.

Maritz contends that claims 10-17, 27-34, and 36 of the '412 patent are invalid for lack of an adequate written description of the claimed invention. If you find that Maritz has proved by clear and convincing evidence that the '412 patent does not contain a written description of the invention covered by any of these claims, then you must find any such claim to be invalid.

Authority: ABA Model Jury Instructions for Patent Litigation, § 9 (2005) (modified); *LizardTech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005).

16

PROPOSED JURY INSTRUCTION NO. ____
4.4  The Prior Art

Under the patent laws, a person is entitled to a patent only if the invention claimed in the patent is new and unobvious in light of what came before. That which came before is referred to as the "prior art."

Maritz is relying on various items of prior art. Maritz and Affinion agree that the following items are prior art, and there is no dispute that these items came before the invention claimed in the '412 patent:

[List uncontested prior art][6]

Maritz is also relying on items that Affinion does not agree are prior art. Maritz must prove by clear and convincing evidence that these items are prior art. In order to do so, Maritz must prove that the items fall within one or more of the different categories of prior art recognized by the patent laws. These categories include:

First, anything that was publicly known or used in the United States by someone other than the inventor before the inventor made the invention.

Second, anything that was in public use or on sale in the United States more than one year before the application for the patent was filed.

Third, anything that was patented or described in a printed publication anywhere in the world before the inventor made the invention, or more than one year before the application for the patent was filed.

---

[6] The parties will insert the specific prior art references prior to the jury instruction conference. The precise references cannot be identified until the Court issues its *Markman* ruling, which impacts whether or not the '412 patent is entitled to a filing date of December 14, 1995 or June 25, 1998. The *Markman* ruling also impacts the references upon which Maritz will rely in its validity case. The prior art references that may be included in the final instructions read to the jury will be chosen from the references included in the expert reports of Bruce Bolger and Arthur Keller, the references produced to Affinion in discovery, and/or the references in Maritz's § 282 notice.

PROPOSED JURY INSTRUCTION NO. _____
4.6 Derivation

The patent laws require that the inventor on a patent be the true inventor of the invention covered by the patent claims. An inventor on a patent is not the true inventor if he "derived" the invention from someone else. An invention is said to be "derived" from another person if that other person conceived of the patented invention and communicated that conception to the inventor named on the patent. Conception of an invention occurs when the inventor has formed the idea of how to make and use every aspect of the patented invention, and all that is required is that it be made, without the need for further inventive effort. Derivation may be of the invention itself or of an obvious variation of the invention.

If an inventor derived the patented invention from someone else, then the patent claims covering the invention are invalid.

In this case, Maritz contends that claims 10-17, 27-34, and 36 of the '412 patent are invalid because Thomas Storey derived the invention of those claims from his ex-colleagues at Radisson. If you find that Maritz has proved by clear and convincing evidence that the inventor on the '412 patent derived the invention covered by claims 10-17, 27-34, and 36, then you must find that the claims are invalid.

Authority: ABA Model Jury Instructions for Patent Litigation, § 9.4 (2005)

23

# EXHIBIT 13

**EXHIBIT 5**

**MARITZ'S STATEMENT OF THE CONTESTED ISSUES OF LAW**

A.     **Maritz Did Not Infringe the '412 Patent**

1.     An issue that remains to be litigated is whether Maritz literally infringed certain claims of the '412 patent - independent claim 10, 27 and 36 and dependent claims 11-17 and 28-34 (collectively, "the asserted claims").

2.     An infringement analysis entails two steps. First, the meaning and scope of the asserted patent claims is determined.[1] *Aquatex Industries, Inc. v. Techniche Solutions*, 419 F.3d 1374, 1380 (Fed. Cir. 2005). Second, the properly construed claims are compared to the accused product or process. *Id.*

1.     Maritz Did Not Literally Infringe the '412 Patent

3.     Literal infringement can only be found if "every limitation recited in the claim appears in the accused device, i.e., when 'the properly construed claim reads on the accused device exactly.'" *DeMarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1331 (Fed. Cir. 2001).

4.     A method or process consists of one or more operative steps, and, accordingly, "[i]t is well established that a patent for a method or process is not infringed unless all steps or stages of the claimed process are utilized." *NTP, Inc. v. Research In Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005).

5.     A dependent claim is properly interpreted to include every limitation of the claim on which it depends. 35 U.S.C. §112 ¶ 4. Thus, it is axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have first been found to be infringed. *Finnigan Corp. v. International Trade Com'n*, 180 F.3d 1354, 1364 (Fed. Cir. 1999).

---

[1] Maritz set forth the legal issues and citations to the controlling law relating to claim construction in its *Markman* submissions. (D.I. 138, 151, 218). Issues of law reflected in Maritz's proposed jury instructions and the instructions jointly submitted by the parties are incorporated here by reference.

22.    It is well settled that a prior art reference may anticipate when the claim limitations not expressly found in that reference are nonetheless inherent in it. *Id.* "Under the principles of inherency, if the prior art necessarily functions in accordance with, or includes, the claimed limitations, it anticipates." *Id.*

23.    An issue that remains to be litigated is whether the asserted claims of the '412 patent are entitled to the filing date of its parent, U.S. Patent No. 5,774,870. Claims in a patent application are entitled to the filing date of a previously filed application only if the earlier application sufficiently disclosed the subject matter of the later filed claims in the manner provided by the first paragraph of 35 U.S.C. § 112. 35 U.S.C. § 120.

24.    Under the first paragraph of 35 U.S.C. § 112, a patent's specification must describe the invention sufficiently to convey to a person of skill in the art that the patentee had possession of the claimed invention at the time of the application, i.e., that the patentee invented what is claimed. *LizardTech, Inc. v. Earth Resource Mapping, Inc.*, 424 F.3d 1336, 1345 (Fed. Cir. 2005).

25.    To prove a date of invention that antedates a piece of prior art, Affinion must come forward with evidence that the named inventor, Thomas Storey, invented the subject matter of his patent before the date of the prior art reference. *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576 (Fed. Cir. 1996). Such evidence may consist of either a prior reduction to practice or an earlier conception and due diligence until the invention is reduced to practice. *Id.* at 1577. Because the '412 patent was not reduced to practice before the December 15, 1995 filing date of the '870 patent, Affinion must present evidence of earlier conception and due diligence until the effective filing date of the '412 patent.

6

39.   Inventors may apply for a patent jointly even though (1) they did not physically work together or at the same time; (2) each did not make the same type or amount of contribution, or (3) each did not make a contribution to the subject matter of every claim of the patent. 35 U.S.C. § 116.

40.   While this section does not set an "explicit lower limit on the quantum or quality of invention contribution required," each joint inventor must contribute to the conception of the invention in a way that is not insignificant in quality when measured against the dimension of the full invention. *Eli Lily & Co.*, 376 F.3d at 1359, *BJ Services Co.* 338 F.3d at 1373; *Caterpillar Inc. v. Sturman Industries, Inc.*, 387 F.3d 1358, 1377 (Fed. Cir. 2004). Conception occurs "when one of ordinary skill in the art could construct [the invention] without unduly extensive research or experimentation." *Sewall v. Walters*, 21 F.3d 411, 415 (Fed. Cir. 1994).

41.   All that is required to be a joint inventor is that a person: (1) contribute in some significant manner to the conception or reduction to practice of the invention; (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention; and (3) do more than merely explain to the real inventors well-known concepts and/or the current state of the art. *Pannu*, 155 F.3d at 1351.

42.   A co-inventor need not make a contribution to every claim of the patent; a contribution to one claim is enough. *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998). Thus, "the critical question for joint conception is who conceived, as that term is used in the patent law, the subject matter of the claims at issue." *Id.*

5.     The '412 Patent is Invalid Because It Was Derived From the Work of Others

11

43.    Information derived by an inventor from another is prior art to claims encompassing that information, even though, unlike most other § 102 prior art categories, the derived information may never have been publicly available. *OddzOn Prods., Inc. v. Just Toys, Inc.*, 122 F.3d 1396, 1401-02 (Fed. Cir. 1997).

44.    "[S]ubject matter derived from another not only is itself unpatentable to the party who derived it under section 102(f), but, when combined with other prior art, may make a resulting obvious invention unpatentable to that party under a combination of sections 102(f) and 103." *Id.* at 1403-04.

6.    Claims 12, 13, 29 and 30 are Indefinite

45.    A determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of the claims. *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347 (Fed. Cir. 2005). A claim is indefinite if it is not amenable to construction. *Id.* A claim is considered indefinite if it does not reasonably apprise those skilled in the art of its scope. *Amgen, Inc. v. Chugai Pharm. Co.*, 927 F.2d 1200, 1217 (Fed. Cir. 1991).

C.    **The '412 Patent is Unenforceable Due to the Inequitable Conduct that Occurred during the Prosecution of the Patent Application and Related Patent Applications**

46.    As provided by 37 C.F.R. §1.56(a), "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability as defined in this section." This standard applies not only to the inventor, but also the prosecuting attorney or agent, and anyone else associated with the inventor or the assignee who is substantively involved in the preparation or prosecution of the

12

# EXHIBIT 14

## REDACTED

# EXHIBIT 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 04-360-JJF |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

## AMENDED ANSWER AND COUNTERCLAIM

Defendant Maritz Inc. ("Maritz"), for its Amended Answer and Counterclaim, states as follows:

1.    Maritz is without information or belief as to the truth of the allegations of Paragraph 1, and therefore denies them.

2.    Maritz admits that it is a Missouri corporation with offices at 1375 North Highway Drive, Fenton, Missouri. Maritz admits that part of its business includes loyalty incentive programs, some of which have internet-related aspects. Maritz denies the remaining allegations of Paragraph 2.

3.    Maritz admits the allegations of Paragraph 3.

4.    Maritz denies the allegations of Paragraph 4.

5.    Maritz denies the allegations of Paragraph 5.

6.    Maritz admits that plaintiff has brought this action alleging infringement of United States Patent Nos. 5,774,870 ("'870 patent"), 6,009,412 ("'412 patent"), and 6,578,012 ("'012 patent") and that copies of these patents are attached to the Complaint

"ADDemup" program to practice, the "ADDemup" program was intended to be a commercial embodiment of the '870 patent.

40.    Mr. Storey retained Joseph Bach as patent counsel to assist in preparing and filing the Storey Application.

41.    Prior to the drafting of the Storey Application, Mr. Storey conducted a prior art search. Among the prior art reviewed by Mr. Storey was United States Patent No. 4,750,119 ("the Cohen patent"), entitled PURCHASING SYSTEM WITH REBATE FEATURE. The Cohen patent was filed on October 19, 1986 and issued on June 7, 1988.

42.    The Cohen patent discloses, *inter alia*, "a computer program, utilized in combination with a purchasing or transactional system, which allows subscriber-purchasers to buy goods and services and obtain future guaranteed rebates based upon the cost of that purchase."

43.    The Storey Application was filed on December 14, 1995.

44.    Pursuant to 35 U.S.C. § 1.56, "[e]ach individual associated with the filing and prosecution of a patent application has a duty of candor and good faith in dealing with the Office, which includes a duty to disclose to the Office all information known to that individual to be material to patentability."

45.    Neither Mr. Storey nor Mr. Bach disclosed the Cohen patent to the PTO at any time during the prosecution of the '870 patent. Despite knowledge of the Cohen patent at the time of filing the original application, the Cohen patent was first disclosed during the prosecution of the '012 patent.

46.    As to the '444 patent, Mr. Storey testified that he informed Mr. Bach that he was listed as an inventor on the '444 patent and that he had a confidentiality

11

54.    On or about October 26, 1998, Netcentives, through its patent attorneys, filed a Petition to Make Special the continuation application citing, *inter alia*, the '444 patent.

55.    In its Petition to Make Special, Netcentives and its attorneys failed to disclose that Mr. Storey was a named inventor of the '444 Patent. Further, Netcentives characterized the '444 Patent as "not disclos[ing] or suggest[ing] an on-line incentive system that offers products for sale on an Internet web page."

56.    The '412 patent issued on December 21, 1999.

57.    On June 21, 2000, Radisson filed United States Application No. 09/598,586 ("the '586 application"). The '586 application is a continuation of the '444 patent and Mr. Storey is listed as a co-inventor. The '586 application claims priority to the specification of the '444 patent.

58.    Contrary to Netcentives' characterization of the '444 patent in its Petition to Make Special, the '586 application claims a "computerized on-line incentive system for awarding points to a user conducting an on-line purchase."

59.    The '444 patent, the published 95/12175 PCT application, the Radisson "Look to Book" publications, and the Cohen patent were material to the patentability of the '870 patent.

60.    On information and belief, Mr. Storey's, Netcentives', and/or their patent attorneys' failure to disclose the '444 patent, the published 95/12175 PCT application, the Radisson "Look to Book" publications, and the Cohen patent during the prosecution of the '870 patent was the result of an intent to deceive the PTO.

13

61.    The published 95/12175 PCT application, Radisson's "Look to Book" publications, and the Cohen patent were material to the patentability of the '412 patent.

62.    On information and belief, Mr. Storey's, Netcentives', and/or their patent attorneys' failure to disclose the published 95/12175 PCT application, the Radisson "Look to Book" publications, and the Cohen patent during the prosecution of the '412 patent was the result of an intent to deceive the PTO.

63.    On information and belief, Mr. Storey, Netcentives, and/or their patent attorneys intentionally failed to name and disclose other Radisson employees as inventors on the '870 and '412 patents.

64.    On information and belief, Mr. Storey's, Netcentives', and/or their patent attorneys' failure to name and disclose all of the inventors of the '870 and '412 patents was the result of an intent to deceive the PTO.

65.    The '870 and '412 patents are unenforceable as a result of the inequitable conduct committed by Mr. Storey, Netcentives, and/or their patent attorneys.

### FIFTH CLAIM

#### Declaratory Relief for Unenforceability
#### of the '012 patent

66.    Maritz incorporates Paragraphs 1 though 5 and 21 through 65 of this Counterclaim as if fully set forth.

67.    On or about November 11, 1999, Netcentives filed the application which later issued as the '012 patent. The '012 patent is a continuation of the '870 and '412 patents and claims priority to the Storey Application.

14

# EXHIBIT 16

**REDACTED**