IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

———————————————————————
                                                    )
AFFINION NET PATENTS, INC.                          )
                                                    )
                        Plaintiff,                  )
                                                    )        C.A. No. 04-360-JJF
            v.                                      )
                                                    )
MARITZ, INC.                                        )
                                                    )        **REDACTED PUBLIC VERSION**
                        Defendant.                  )
———————————————————————)

**AFFINION'S MOTION *IN LIMINE*  NUMBER 5: TO EXCLUDE
DEPOSITION TESTIMONY FROM PRIOR LITIGATION**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
 *Attorneys for Plaintiff Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040

Original Filed:  September 20, 2006
Redacted Public Version Filed:  September 27, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| AFFINION NET PATENTS, INC.,<br><br>             Plaintiff,<br><br>      v.<br><br>MARITZ, INC.,<br><br>             Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

C.A. No. 04-360-JJF

**REDACTED PUBLIC VERSION**

### AFFINION'S MOTION *IN LIMINE* NUMBER 5: TO EXCLUDE DEPOSITION TESTIMONY FROM PRIOR LITIGATION

Plaintiff Affinion Net Patents, Inc. ("Affinion") hereby moves to preclude Defendant Maritz Inc. ("Maritz") from offering at trial deposition testimony taken in another civil litigation to which Affinion was not a party. The grounds for this motion are as follows.

Maritz identifies in its pretrial submissions deposition testimony of six persons (Greg Malark, David Gandrud, Gerald Gray, Marvin Fleisler, Phillip Albert and Scott Heintzman) taken in 2001 during litigation between Netcentives, Inc., the prior owner of the patent-in-suit, U.S. Patent No. 6,009,412 ("the '412 patent"), and Carlson Companies, Inc. (the "Netcentives litigation"). Maritz never identified any of these witnesses as either persons with relevant knowledge or potential witnesses on which it would rely, in either its Rule 26 disclosures, interrogatory responses or elsewhere.[1] That failure to disclose those witnesses, as well as other witnesses, is the subject of Affinion's *Motion in Limine* Number 4.

Admissibility of prior testimony taken in other litigations is governed by Federal Rule of Evidence 804(b)(1). Such testimony is admissible only if Maritz can prove that the witnesses are

---

[1] Scott Heintzman and Phillip Albert were the subject of subpoenas in this case but Maritz chose not to take their depositions.

unavailable and that a "predecessor in interest" to Affinion "had an opportunity and similar motive to develop the testimony by direct, cross or redirect examination." See Fed. R. Evid. 804(b)(1); Lloyd v. American Export Lines, Inc., 580 F.2d 1179, 1184-85 (3d Cir. 1978). The testimony of these witnesses cannot meet this standard and, therefore, is inadmissible hearsay.

First, Maritz cannot establish that Netcentives had a similar motive to develop the testimony of Messrs. Malark, Albert, Fleisler and Gray as does Affinion because these persons were associated or affiliated with Netcentives and Netcentives likely would have intended to bring them to trial rather than to present their testimony by deposition. Indeed, these persons were deposed by counsel for Carlson (Netcentives' adversary in the prior litigation), not Netcentives.

## REDACTED

Not surprisingly, Netcentives did not adduce significant testimony from those witnesses at their depositions – it would have had no practical motive to question its own witnesses critically before trial since it would likely have called them live at trial. Therefore, Netcentives did not have the same or similar motive to develop testimony from those witnesses as Affinion. For that reason alone, the testimony of the witnesses who were affiliated with Netcentives should not be admitted against Affinion. See Hill v. Equitable Bank, N.A., 115 F.R.D. 184, 186-87 (D. Del. 1987) (rejecting admission of deposition testimony from other action because "different defendants often

2

have different goals in deposing a witness" and offering party had not demonstrated that attorneys in the related case "would cross-examine in like manner").

Second, even as to Mr. Heintzman and Mr. Gandrud, who were deposed by Netcentives and associated with Carlson at the time of their depositions, Netcentives did not have the same or similar incentive to examine those witnesses as Affinion.

**REDACTED**

. In fairness, Affinion should not be burdened with the inadequate examination conducted by Netcentives on this issue. See In the Matter of Paducah Towing Co., Inc., 692 F.2d 412, 418 (6th Cir.

1982)("fairness requires that a party . . . should not be burdened by an inadequate examination by a predecessor").

Third, the equities weigh heavily against admitting the deposition testimony here. Maritz had every opportunity to take the depositions of these witnesses in this litigation – and  began the deposition process for two of these witnesses -- but then chose not to do so.  Maritz subpoenaed both Mr. Heintzman and Mr. Albert for deposition in this case and began the scheduling process for them.  See Exh. 7.     Maritz then, without explanation, dropped its efforts to schedule those depositions. The "purpose and intent of Rule 804(b) is to balance the risk of denying the factfinder important relevant evidence and the risk of introducing testimony not subject to cross-examination on the witness stand:  'The rule expresses preferences:  testimony given on the stand in person is preferred over hearsay, and hearsay, if of the specified quality is preferred over complete loss of the evidence of the declarant'."  See Lloyd, 580 F.2d at 1185, quoting Notes of the Advisory Committee on Rules of Evidence.  Rule 804 is not meant to allow Maritz to avoid the risks inherent in having Affinion cross-examine witnesses by simply deciding to rely on a prior transcript.  Indeed, Maritz seems to have intentionally tried to make Affinion believe that it would not be using this testimony at trial by (1) failing to disclose the witnesses during discovery and (2) not having any of its experts review or rely on that testimony.   Under these circumstances, Maritz should not be permitted to shield the testimony of these witnesses from cross-examination by Affinion by not deposing them in this case, and relying on prior deposition testimony where the focus of the deposition was not the same.

## CONCLUSION

For the foregoing reasons, Maritz should be precluded from presenting testimony

at trial from the depositions of Mr. Malark, Mr. Albert, Mr. Gandrud, Mr. Fleisler, Mr.

Heintzman and Mr. Gray.[2]

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
    *Attorneys for Plaintiff, Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

September 27, 2006

---

[2]    Maritz has also included on its Exhibit List (but not in its deposition designations)
deposition transcripts taken in yet another litigation (Radisson v. Westin) not
involving Affinion. Affinion will object to the admissibility of such transcripts
and, should Maritz attempt to use that testimony for any purpose at trial, it would
be inadmissible hearsay for the same reasons set forth herein.

5

## RULE 7.1.1 CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant and that we have not been able to reach agreement.

/s/ Maryellen Noreika
Maryellen Noreika (#3208)

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 20, 2006 upon the following in the manner indicated:

### BY HAND

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

/s/ Maryellen Noreika
Maryellen Noreika (#3208)
mnoreika@mnat.com

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 27, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 27, 2006 upon the following in the manner indicated:

**BY HAND**

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801

**BY FEDERAL EXPRESS**

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO  63102

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com