# EXHIBIT 1

REDACTED

# EXHIBIT 2

REDACTED

# EXHIBIT 3

REDACTED

# EXHIBIT 4

REDACTED

# EXHIBIT 5

REDACTED

# EXHIBIT 6

REDACTED

# EXHIBIT 7

APR. 5. 2006  4:31PM                                                                 NO. 0901   P. 4

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | California |

Affinion Loyalty Group, Inc.,
                    Plaintiff                    **SUBPOENA IN A CIVIL CASE**
            V.
Maritz, Inc.
                    Defendant                    Case Number:[1]   04-360-JJF
                                                 District of Delaware

TO: Philip Albert, Esq.
    Townsend and Townsend and Crew
    379 Lytton Avenue
    Palo Alto, California 94301-1431

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

**x** YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Courtyard Marriott, 4320 El Camino Real, Los Altos CA 94022 | 4/21/06 at 9:00 a.m. |

**x** YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Senniger Powers, One Metropolitan Square, #1600, St. Louis, MO 63102 | 4/19/06 at 9:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| J. Bennett Clark, SENNIGER POWERS, One Metropolitan Square, 16th Floor, St. Louis, MO 63102, Attorney for Plaintiffs | 4/4/06 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER | |
| J. Bennett Clark, SENNIGER POWERS, One Metropolitan Square, 16th Floor, St. Louis, MO 63102    Phone: (314) 231-5400 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                    SIGNATURE OF SERVER

                                                 One Metropolitan Square, Suite 1600
                                                 ADDRESS OF SERVER

                                                 Saint Louis, MO 63102

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

EXHIBIT A

DEFINITIONS AND INSTRUCTIONS

The following definitions are applicable to terms used in this Request:

A. "The '870 patent" shall mean U.S. Patent No. 5,774,870 entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program."

B. "The '412 patent" shall mean U.S. Patent No. 6,009,412 entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program."

C. "The '012 patent" shall mean U.S. Patent No. 6,578,012 entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program."

D. "Trilegiant" or "plaintiff" means Trilegiant Loyalty Solutions, Inc. and any predecessor, successor, division, parent, subsidiary, related company or affiliate of Trilegiant Loyalty Solutions, Inc., and all present or former officers, directors, agents, representatives, employees, and attorneys acting on behalf of Trilegiant Loyalty Solutions, Inc.

E. The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents, or attorneys acting on the person's behalf.

F. The term "document" has the meaning prescribed in Rule 34, Fed. R. Civ. P., and includes the original and every non-identical copy or reproduction in the possession, custody, or control of plaintiff or known to plaintiff even though not actually in the possession of plaintiff. The term "document" includes computer files stored in electronic form, including without limitation e-mail, as well as other data compilations.

G. The term "thing" has the meaning prescribed in Rule 34, Fed. R. Civ. P., and includes every kind of physical specimen or tangible item, other than a document (including models

and prototypes) in the possession, custody, or control of plaintiff or known to plaintiff even though not actually in the possession of plaintiff.

H.  "Maritz" or "defendant" means Maritz Inc., any predecessor, successor, division, parent, subsidiary, related company or affiliate of Maritz Inc. and all present or former officers, directors, agents, representatives, employees, and attorneys acting on behalf of Maritz Inc.

I.  The terms "and" and "or" shall be construed conjunctively and disjunctively so as to have the broadest possible meaning.

J.  Where appropriate, the singular form of a word shall be interpreted in the plural, and vice versa, to have the broadest possible meaning.

K.  "Patents at Issue" shall mean the '870, '412 and '012 patents.

Pursuant to Rules 45 and 34 of the Federal Rules of Civil Procedure, you are requested to produce at or before the deposition all documents and things, including electronic communications and records, that constitute, evidence, or relate to the following:

## PRODUCTION REQUESTS

1. Prosecution of the applications leading to the '870, '412 and/or '012 patents.

2. Assignment of the Patents at Issue to Netcentives, Trilegiant and Trilegiant Corporation.

3. All correspondence with Mr. William Storey, Netcentives and/or Trilegiant regarding the prosecution of the applications leading to the Patents at Issue.

4. All drafts of any correspondence with the U.S. Patent and Trademark office concerning the applications leading to the '870, '412 and/or '012 patents.

5. Any charges of infringement or litigation made and concerning the '870, '412 and/or '012 patents.

6. All minutes or notes of any meetings with Thomas Storey, Netcentives, Trilegiant and/or counsel for any of the foregoing, concerning one or more of the Patents at Issue and/or patent applications related thereto.

7. Any prior art, prior uses, or anything else under 35 U.S.C. '102, '103, or '112 which may affect the validity of one or more of the Patents at Issue in any way.

8. Any prior art searches conducted concerning the subject matter of or related to, the Patents at Issue.

9. Any licensing agreements concerning the Patents at Issue.

10. Any negotiations concerning the licensing of the Patents at Issue.

11. Any litigation involving the Patents at Issue, including but not limited to litigation involving Mypoints.com.

APR. 4. 2006 2:16PM                                          NO. 0875   P. 5

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| | DISTRICT OF | MINNESOTA |
|---|---|---|

| AFFINION LOYALTY GROUP, INC<br>V.<br>MARITZ INC. | SUBPOENA IN A CIVIL CASE |
|---|---|
| | Case Number:¹ 04-360-JJF<br>District of Delaware |

TO: Scott B. Heintzeman
4610 Polaris Lane N
Minneapolis, MN 55446-2149

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Dorsey & Whitney LLP, 50 South Sixth Street, Ste. 1500, Minneapolis, MN 55402 | April 19, 2006, 9:00 AM |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A hereto.

| PLACE | DATE AND TIME |
|---|---|
| Senniger Powers, One Metropolitan Square, 16th Floor, St. Louis, MO 63102. | April 12, 2006, 5:00 PM |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature]   Attorney for Defendant Maritz Inc. | March 27, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Michael J. Hartley, Senniger Powers, One Metropolitan Square, 16th Floor, St. Louis, MO 63102; (314.231.5400)

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

APR. 4. 2006 2:17PM                                      NO. 0875   P. 6

*If action is pending in district other than district of issuance, state district under case number.
AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____     _____
                  DATE                       SIGNATURE OF SERVER

                                       _____
                                            ADDRESS OF SERVER

## EXHIBIT A

Pursuant to Rules 45 and 34 of the Federal Rules of Civil Procedure, you are requested to produce at or before the deposition all documents and things, including electronic communications and records, that constitute, evidence, or relate to the following:

### DEFINITIONS AND INSTRUCTIONS

The following definitions are applicable to terms used in this Request:

A. "The '870 patent" shall mean U.S. Patent No. 5,774,870 entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program."

B. "The '412 patent" shall mean U.S. Patent No. 6,009,412 entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program."

C. "The '012 patent" shall mean U.S. Patent No. 6,578,012 entitled "Fully Integrated, On-Line Interactive Frequency and Award Redemption Program."

D. The term "person" refers to natural persons, organizations, firms, corporations, and other legal entities, and the acts "of" a person are defined to include the acts of directors, officers, owners, members, employees, agents, or attorneys acting on the person's behalf.

E. The term "document" has the meaning prescribed in Rule 34, Fed. R. Civ. P., and includes the original and every non-identical copy or reproduction in the possession, custody, or control of plaintiff or known to plaintiff even though not actually in the possession of plaintiff. The term "document" includes computer files stored in electronic form, including without limitation e-mail, as well as other data compilations.

F. The term "thing" has the meaning prescribed in Rule 34, Fed. R. Civ. P., and includes every kind of physical specimen or tangible item, other than a document (including models and prototypes) in the possession, custody, or control of plaintiff or known to plaintiff even though not actually in the possession of plaintiff.

  G. The terms "and" and "or" shall be construed conjunctively and disjunctively so as to have the broadest possible meaning.

  H. Where appropriate, the singular form of a word shall be interpreted in the plural, and vice versa, to have the broadest possible meaning.

  I. "Patents at Issue" shall mean the '870, '412 and '012 patents.

  J. The "'444 Patent" shall mean U.S. Patent No. 5,483,444, issued to Heintzeman, *et al*.

## PRODUCTION REQUESTS

1. Any documents in existence in or prior to December, 1995, related to the "Look to Book" Program, the predecessor TA Frequency Program and/or the subject matter of the '444 patent.

2. Any documents related to the inventorship and/or ownership of the "Look to Book" Program, the predecessor TA Frequency Program and/or the subject matter of the '444 patent, including but not limited to any disputes which arose with respect to such inventorship and/or ownership.

3. Any documents related to conception and/or reduction to practice of the "Look to Book" Program, the predecessor TA Frequency Program and/or the subject matter of the '444 patent.

4. Any documents related to the functionality of the "Look to Book" Program, the predecessor TA Frequency Program and/or the subject matter of the '444 patent at various times, including but not limited to operation on-line and/or over the Internet.