


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARITZ, INC. )<br>)<br>Defendant. )<br>_____) | C.A. No. 04-360-JJF<br><br>**REDACTED PUBLIC VERSION** |

**PLAINTIFF'S MOTION *IN LIMINE* NUMBER 7: TO PREVENT
JEFF ALTEMUELLER (MARITZ'S EMPLOYEE-EXPERT)
FROM TESTIFYING ABOUT HIS VIEW OF CLAIM CONSTRUCTION**

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP
          Jack B. Blumenfeld (#1014)
          Maryellen Noreika (#3208)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE 19899
          (302) 658-9200
           *Attorneys for Plaintiff Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Original Filed: September 20, 2006
Redacted Public Version Filed: September 27, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 04-360-JJF |
| ) | |
| MARITZ INC. ) | |
| ) | **REDACTED PUBLIC VERSION** |
| Defendant. ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NUMBER 7: TO PREVENT
JEFF ALTEMUELLER (MARITZ'S EMPLOYEE-EXPERT)
FROM TESTIFYING ABOUT HIS VIEW OF CLAIM CONSTRUCTION**

Defendant Maritz, Inc. ("Maritz") has identified one of its employees, Jeff Altemueller, to offer expert testimony on infringement. Affinion hereby moves this Court to preclude Mr. Altemueller from providing testimony that: (1) limits the scope of the claims as properly construed by the Court in its Markman decision; or (2) compares Maritz's accused products to the specification of the '412 patent rather than the claim language.

1.   Mr. Altemueller's Non-Infringement Opinion

# REDACTED

" See D.I. 140 (Opening Brief of Affinion Loyalty Group, Inc. Concerning Claim Construction) at 5 (attached as Exh. 1). Mr. Altemueller is apparently being proffered to opine at trial that Maritz's programs do not infringe under that construction. However, the basis for Mr. Altemueller's testimony is his

improper attempts to construe the term "program webpage" in Affinion's proposed construction.

**REDACTED**

<u>See</u> Exh. 2 (Altemueller Deposition) at 35-36. Following is Mr. Altemueller's statement regarding his opinion that Maritz's product does not infringe the '412 patent.

A.

Q.

A.     **REDACTED**

Q.

A.

<u>Id.</u>

The proposed opinion is legally flawed and unreliable for each of two independent reasons.

2

2.  <u>Testimony Limiting Claims After Markman Hearing is Impermissible</u>

Claim construction is a matter of law, to be decided by the trial judge, not a jury. <u>Markman v. Westview Instruments</u>, 52 F.3d 967, 988-99 (Fed. Cir. 1995) (en banc), <u>aff'd</u>, 517 U.S. 370 (1996). Claim construction has been briefed in this case, and the parties are currently awaiting a claim construction ruling from the Court. Whatever the Court's ruling, parties are precluded from providing testimony at trial that would limit the scope of the claims properly construed by the Court.

In <u>Moba v. Diamond Automation, Inc.</u>, 2000 U.S. Dist. LEXIS 15483 (E.D. Pa. 2000), the claim at issue was a method for processing eggs. In its <u>Markman</u> ruling, the district court held that the claim required a series of "guiding steps." <u>Id.</u> at *28. At trial, the accused infringer presented evidence that the claim required these "guiding steps" to be performed sequentially, and expert testimony was presented that the accused steps were performed simultaneously on a continuous conveyor belt. After the jury returned a verdict of noninfringement, the patentee renewed its motion for judgment as a matter of law, arguing that "the evidence [of noninfringement] was based on a construction of the 'guiding steps' limitation which had already been rejected by the Court." <u>Id.</u> at *29. The district court denied the motion, holding that its <u>Markman</u> rulings did not consider whether the claims required the "guiding steps" to be performed sequentially and did not specifically reject such a construction. <u>Id.</u> The district court held: "[The accused infringer's] position was not, therefore, based on an erroneous application of the Court's construction of the 'guiding steps' limitation." <u>Id.</u> at *30-31.

3

On appeal, the Federal Circuit reversed, holding that evidence that the accused device did not perform the "guiding steps" sequentially was insufficient to support a verdict of noninfringement.

> In its denial, the district court acknowledged that its interpretation of guiding steps left undetermined whether the claim requires sequential performance of the steps. Then the trial court reasoned that the jury reasonably could have determined from the testimony presented that sequential performance is a necessary characteristic of the "guiding steps." The district court's instructions to the jury did not require sequential performance. *In essence, the district court allowed the jury to add an additional limitation to the district court's construction* of "guiding steps." In this, the district court erred.

Moba v. Diamond Automation, Inc., 325 F.3d 1306, 1313-14 (Fed. Cir. 2003) (emphasis added.)

In line with Moba, this Court has adopted the general proposition that "it is impermissible for a party in an action for infringement to attempt to avoid liability by arguing the existence of additional claim limitations beyond those construed by the Court." Stambler v. RSA Security, Inc., 2003 U.S. Dist. LEXIS 20998, *19 (D. Del. 2003) (citing Texas Instruments Inc. v. U.S. I.T.C., 988 F.2d 1165, 1171 (Fed. Cir. 1993)). Expert testimony based on such arguments should therefore be excluded as improper and unreliable under Fed. R. Evid. 702 and Daubert v. Merrell Dow Pharms, Inc., 509 U.S. 579 (1993). Accordingly, Mr. Altemueller should not be permitted to provide his opinion on the meaning of the claim language at trial beyond the limitations as construed by the Court.

### 3. Proper Infringement Analysis Compares Accused Products to Claims – Not to the Specification

The language of the claims in the specification of a patent is the measure of the exclusive rights conferred by that patent. Thus, an infringement analysis involves two steps. "First the Court determines the scope and meaning of the patent claims asserted . . . and then the properly construed claims are compared to the allegedly infringing device . . .." Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1454 (Fed. Cir. 1998) (en banc). Infringement is not "determined by comparing an accused product . . . with a preferred embodiment described in the specification . . . but with the properly and previously construed claims in suit." SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107, 1121 (Fed. Cir. 1985) (en banc). Mr. Altemueller should not be permitted to provide non-infringement opinion testimony that the Maritz products do not infringe the patents in suit by comparing the accused method with the '412 patent specification. Such testimony would be improper and unreliable as a matter of law.

## CONCLUSION

Any non-infringement testimony that (1) limits the scope of the claims as properly construed by the Court in its Markman decision, or (2) compares the accused product against the specification instead of the claims is improper and unreliable as a matter of law. Accordingly, Affinion requests that Mr. Altemueller be precluded from offering such testimony at trial.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Maryellen Noreika (#3208)
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Plaintiff, Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

September 27, 2006

## RULE 7.1.1 CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant and that we have not been able to reach agreement.

/s/ *Maryellen Noreika*
Maryellen Noreika (#3208)

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Patricia Smink Rogowski
>Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 20, 2006 upon the following in the manner indicated:

### BY HAND

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

/s/ Maryellen Noreika
Maryellen Noreika (#3208)
mnoreika@mnat.com

**CERTIFICATE OF SERVICE**

I, Maryellen Noreika, hereby certify that on September 27, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Patricia Smink Rogowski
>Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 27, 2006 upon the following in the manner indicated:

**BY HAND**

>Patricia Smink Rogowski
>Connolly, Bove, Lodge & Hutz LLP
>The Nemours Building
>1007 N. Orange Street
>Wilmington, DE 19801

**BY FEDERAL EXPRESS**

>J. Bennett Clark
>Senniger Powers
>One Metropolitan Square
>St. Louis, MO 63102

>/s/ Maryellen Noreika
>Maryellen Noreika (#3208)
>mnoreika@mnat.com