IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC. | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-360-JJF |
| v. | ) ) | |
| MARITZ, INC. | ) ) | |
| | ) | **REDACTED PUBLIC VERSION** |
| Defendant. | ) ) | |

**AFFINION'S MOTION *IN LIMINE* NUMBER 8: TO PRECLUDE MARITZ FROM USING INVENTOR TESTIMONY TO EXPAND THE DISCLOSURE OF THE ALLEGED PRIOR ART '887 PATENT**

                                           MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                                           Jack B. Blumenfeld (#1014)
                                           Maryellen Noreika (#3208)
                                           1201 N. Market Street
                                           P.O. Box 1347
                                           Wilmington, DE  19899
                                           (302) 658-9200
                                             *Attorneys for Plaintiff Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040

Original Filed:  September 20, 2006
Redacted Public Version Filed:  September 27, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARITZ, INC., )<br>)<br>Defendant. )<br>) | C.A. No. 04-360-JJF<br><br>**REDACTED PUBLIC VERSION** |

**AFFINION'S MOTION *IN LIMINE* NUMBER 8: TO PRECLUDE MARITZ FROM USING INVENTOR TESTIMONY TO EXPAND THE DISCLOSURE OF THE ALLEGED PRIOR ART '887 PATENT**

Plaintiff Affinion Net Patents, Inc. ("Affinion") hereby moves to preclude defendant Maritz, Inc. ("Maritz") from offering at trial deposition testimony from witnesses associated with Broadvision, Inc., the assignee of U.S. Patent No. 5,710,887 ("the '887 patent"), in an effort to use that testimony to expand the scope of the disclosure of the '887 patent.

The '887 patent is central to Maritz's invalidity case, **REDACTED**

See, e.g., D.I. 228 (Brief Statement of what Maritz Intends to Prove at Trial) at 9 (attached as Exh. 1) **REDACTED**. In an effort to fill these gaps in the alleged prior art '887 patent, Maritz seeks to introduce at trial testimony from Mr. Chih-Cheng Hsu, an inventor on the '887 patent, and Darlene Mann, one of his Broadvision colleagues, **REDACTED**

**REDACTED**  See, e.g., Exh. 2 (Hsu Dep. at 34-35, 39). Maritz's strategy with respect to this testimony is revealed by its statement of what it intends to prove at trial: Maritz conflates what is disclosed in the sketchy disclosure of the '887 patent with **REDACTED**

See D.I. 228, Exh. 1 at 9.

It is improper for a party to use an inventor's testimony in an effort to expand the scope or fill the gaps in a prior art reference. See Scripps Clinic & Res. Found. v. Genentech, Inc., 927 F.2d 1565, 1576-77 (Fed. Cir. 1991) (extrinsic evidence cannot be used to fill gaps in a reference); IMX, Inc. v. Lending Tree, LLC, 2006 U.S. Dist. LEXIS 551, at *9-10 (D. Del. Jan. 10, 2006) (same). The disclosure of the '887 patent cannot be expanded through extrinsic evidence to include everything the inventor was thinking or contemplating at the time.

Recognizing this fatal flaw in its strategy, Maritz has attempted at the last moment to retool its argument to assert that this Broadvision testimony is actually evidence of a prior invention under § 102(g). As addressed in Affinion's Motion *in Limine* Number 3, Maritz's experts did not even review the Broadvision materials or the Hsu or Mann depositions and do not put forward any prior invention theory in their expert reports. Therefore, Maritz's experts cannot offer testimony on this theory. Maritz's prior invention theory was also never disclosed in interrogatory responses concerning Maritz's invalidity contentions and was first raised after the close of discovery. See Affinion's Motion *in Limine* Number 3. The proposed testimony should therefore also be barred for this independently sufficient reason.

2

Moreover, to qualify as prior invention under § 102(g), the inventor must have conceived the invention prior to the invention of the '412 patent and reduced it to practice prior to the invention date of the '412 patent or diligently thereafter. See Dow Chem. Co. v. Astro-Valcour, Inc., 267 F.3d 1334, 1339 (Fed. Cir. 2001). Maritz bears the burden of proving the existence of the prior invention by clear and convincing evidence. Id. The problem with Maritz's argument is that there is no evidence that any points-based incentive program was ever actually reduced to practice by Broadvision, much less that there was diligent reduction to practice. See Exh. 2 at 101-02, 136, 166-67

; Exh. 3 at 95-96

## REDACTED

See Exh. 3 at 97-98; Exh. 2 at 134-36.

Maritz apparently contends that it can rely on the filing of the application that led to the issuance of the '887 patent as a constructive reduction to practice of the invention under § 102(g). See D.I. 158 at 7, 18. As addressed in Affinion's Statement of Disputed Facts In Response to Maritz's Motion for Partial Summary Judgment of Invalidity of the '412 Patent Under 35 U.S.C. §§ 102(e) and (g), D.I. 181, that is incorrect as a matter of law. See Sun Studs, Inc. v. ATA Equipment Leasing, Inc., 872 F.2d 978, 983 (Fed. Cir. 1989) (effective date of patent reference is date of filing, not earlier conception date). However, even if, in theory one could rely on constructive reduction to practice to support a prior invention under § 102(g), certainly that reduction to practice cannot be used to bring in those elements of the alleged prior invention that were not described or reduced to practice in the patent application. Here, the elements that are not disclosed in

3

the '887 patent specification cannot be said to be constructively reduced to practice by that specification.

If Maritz's novel theory were correct, the testimony of inventors could routinely be used to expand the scope of disclosures by discussing the conception of elements not disclosed in a patent application and then using the patent application as the alleged reduction to practice of the inventor's thoughts. Such an approach would be contrary to the well-established principles concerning the effective dates of references. See Loral Fairchild Corp. v. Matsushita Elec Indus. Corp., 266 F.3d 1358 (Fed. Cir. 2000) (Newman, J., concurring) (rejecting argument that effective date of reference should be based on conception and reduction to practice because "much mischief can flow if we open this door whereby a publication is effective as a reference as of the date the authors did the underlying work").

Permitting Maritz to put on evidence relating to this fatally flawed prior invention theory would be prejudicial to Affinion because it would potentially confuse the jury as to the actual disclosure of the '887 patent. Having heard the testimony from the inventor as to his contemplations (as now remembered in response to leading questions from Maritz's counsel) of his invention, the jury would be unable to disregard that testimony when evaluating what the '887 patent discloses to the person of ordinary skill in the art. This potential prejudice warrants precluding Maritz from presenting this evidence to the jury.

## CONCLUSION

For the foregoing reasons, Maritz should be precluded from presenting the testimony of Mr. Hsu and Ms. Mann at trial.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
  *Attorneys for Plaintiff, Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

September 27, 2006

5

## RULE 7.1.1 CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant and that we have not been able to reach agreement.

/s/ *Maryellen Noreika*
Maryellen Noreika (#3208)

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 20, 2006 upon the following in the manner indicated:

### BY HAND

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

### BY FEDERAL EXPRESS

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

/s/ *Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 27, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 27, 2006 upon the following in the manner indicated:

### BY HAND

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE 19801

### BY FEDERAL EXPRESS

> J. Bennett Clark
> Senniger Powers
> One Metropolitan Square
> St. Louis, MO 63102

> /s/ Maryellen Noreika
> Maryellen Noreika (#3208)
> mnoreika@mnat.com