IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

AFFINION NET PATENTS, INC.,

Plaintiff,

v.

MARITZ, INC.

Defendant.

C.A. No. 04-360-JJF

**REDACTED PUBLIC VERSION**

**PLAINTIFF'S MOTION *IN LIMINE* NUMBER 9:**
**TO EXCLUDE TESTIMONY ON CERTAIN PREJUDICIAL MATTERS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Plaintiff Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Original Filed: September 20, 2006
Redacted Public Version Filed: September 27, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AFFINION NET PATENTS, INC.,

Plaintiff,

v.

MARITZ INC.

Defendant.

C.A. No. 04-360-JJF

**REDACTED PUBLIC VERSION**

**PLAINTIFF'S MOTION *IN LIMINE* NUMBER 9:**
**TO EXCLUDE TESTIMONY ON CERTAIN PREJUDICIAL MATTERS**

Affinion hereby moves this Court to preclude Maritz from referring to several matters that Maritz has alluded to in its pretrial papers. As discussed below, none of these matters is relevant to the issues to be tried to the jury, and all are highly prejudicial.

First, Affinion requests that Maritz be precluded from referring to any financial or accounting problems or scandals associated with Cendant or Trilegiant. Second, Affinion requests that Maritz be precluded from referring to Affinion's decision to drop the '870 and '012 patents from this case. Third, Affinion requests that Maritz be precluded from suggesting that filing a Petition to Make Special filed during prosecution is evidence of inappropriate behavior. Further, Affinion requests that Maritz be precluded from referencing Affinion's or Netcentives' assertions of privilege as evidence of inappropriate behavior. These requests will be addressed seriatim.

1. Financial Difficulties of Cendant (Affinion Former Parent) or Trilegiant

Affinion moves this Court to preclude Maritz from referring to any financial or accounting troubles Cendant or Trilegiant may have experienced. When addressing commercial success in its Statement of Proofs, **REDACTED**

See D.I. 227, Exh. 13 (Brief Statement of What Maritz Intends To Prove At Trial) at 18 (attached as Exh. 1).

**REDACTED**

See Exh. 2 (McArthur Deposition) at 61. Such references do not have anything to do with any of the issues to be tried to the jury in this case and are therefore wholly irrelevant under Fed. R. Evid. 401.

2. Affinion's Decision to Drop Patents From the Case

Affinion moves to preclude Maritz from referring to Affinion's decision to drop the '870 and '012 patents from the case. Maritz asserted in its Statement of Proofs that Affinion's decision to drop the patents from this case works as an effective admission of fraud:

**REDACTED**

See D.I. 227, Exh. 13 at 27 (attached as Exh. 1) (emphasis added). This assertion is improper and should not be presented to the jury. As articulated in Affinion's Reply Brief in Support of its Motion for Leave to Amend, dropping the claims of infringement of the '870 and '012 patents streamlines an otherwise more complex patent case and is a perfectly appropriate procedure – as this Court found in its Order of June 8, 2006. See D.I. 173 (Memorandum Opinion and Order Granting Plaintiff's Motion for Leave to Amend Complaint and Dismiss Defendant's Counterclaims Relating to the '870 and '012 Patents); D.I. 124 (Reply Brief in Support of Motion of Plaintiff Affinion Loyalty Group, Inc. for Leave to Amend its Complaint and to Dismiss Defendant's Counterclaims

Relating to the '870 and '012 Patents) at 1 (attached as Exh. 3). Maritz apparently seeks to argue to the jury (or the Court) that Affinion's decision to focus the issues by amending its pleadings is evidence of fraud. Such assertions are inflammatory and prejudicial, and the prejudice substantially outweighs the non-existent probative value. Presently, such an argument would also violate public policy by creating an enormous disincentive to any patentee-plaintiff dropping claims prior to trial. Accordingly, such references should be deemed inadmissible under Fed. R. Evid. 403.

3. Petition to Make Special

Affinion moves to preclude Maritz from suggesting that filing a Petition to Make Special with the United States Patent and Trademark Office ("PTO") is somehow inappropriate behavior. Maritz indicated in its Statement of Proofs that it intends to make such an argument.

**REDACTED**

See D.I. 227 Exh. 13 at 25 (attached as Exh. 1) (emphasis added).

Maritz should not be allowed to misinform the jury as to the significance of Netcentives' decision to file a Petition to Make Special. There is nothing "highly unusual" about filing a Petition to Make Special. Indeed, it is prescribed by law that patent applicants are entitled to have their applications examined in an expedited manner before the PTO. See 37 C.F.R. § 1.102; § 708.02 of the Manual of Patent Examination

Procedure ("MPEP") (attached as Exh. 4). Furthermore, the PTO has recently announced changes to the rules for petitions to make special to further encourage expedited review of applications. See Exh. 5. Any assertion by Maritz that filing a Petition to Make Special implies improper conduct would be inflammatory and inappropriate.

Maritz has also indicated that it intends to argue that

**REDACTED**

See D.I. 196 (Maritz's Answer to First Amended Complaint, With Affirmative Defenses and Counterclaims) at 20, ¶ 41a (attached as Exh. 6). Maritz should not be permitted to argue that employing the normal prosecuting approach of filing a Petition to Make Special is somehow evidence of inappropriate behavior. Accordingly, it would be improper for Maritz to make such arguments to the jury. If made in the jury's presence, the prejudicial effect of such an argument will substantially outweigh its probative value. Accordingly, such testimony or argument should be excluded under Fed. R. Evid 403.

4. Netcentives' Assertions of Privilege

Affinion moves to preclude Maritz from referring to Affinion's assertions of attorney-client privilege as probative of any substantive issue in this case. In its pretrial documents,

**REDACTED**

**REDACTED**

See D.I. 227, Exh. 13 at 27, n.10 (attached as Exh. 1). Maritz should not be permitted to use invocation of the attorney-client privilege in this regard.

The invocation of the attorney-client privilege cannot give rise to adverse inferences and is therefore not probative of misconduct. See Knorr-Bremse Sys. v. Dana Corp., 383 F.3d 1337, 1345 ("courts have declined to impose adverse inferences on invocation of the attorney-client privilege . . . [w]e now hold that this rule applies to the same extent in patent cases as in other areas of law."); Software AG v. Bea Sys., Inc., 2005 U.S. Dist. LEXIS 6021, *5-7 (Dist. Del. 2005); Daiichi Pharm. Co. v. Apotex, 2005 U.S. Dist. LEXIS 26177, *8 (Dist. N.J. 2005) ("A negative inference should not be drawn from the proper invocation of the attorney-client privilege." (quoting Chmil v. Rulisa Operating Co., 20 F.3d 115, 120 (4th Cir. 1994)). Affinion has produced all of the prosecution history documents that the Court ordered it to produce. See D.I. 204. Not a single one of those documents support Maritz's assertions.

**REDACTED**

See D.I. 223 (Maritz's Answering Brief on Affinion Net Patent, Inc.'s Motion to Strike New Affirmative Defenses, Counterclaims and Allegations) at 3 (attached as Exh. 7). This time it is using attorney-client privilege as a basis for this assertion. Such assertions are unfounded and Maritz should be precluded from referencing Affinion's invocation of the attorney-client privilege in this regard.

**CONCLUSION**

For the reasons set forth above, Affinion hereby moves the court to preclude Maritz from referring to (1) any financial or accounting troubles associated with Cendant or Trilegiant; (2) Affinion's decision to drop the '870 and '012 patents from this case; (3) filing a Petition to Make Special as evidence of inappropriate behavior; and (4) Affinion's or Netcentives' assertions of privilege as evidence of inappropriate behavior.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika (#3208)*
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Plaintiff, Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

September 27, 2006

**RULE 7.1.1 CERTIFICATE**

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant and that we have not been able to reach agreement.

/s/ *Maryellen Noreika*
Maryellen Noreika (#3208)

**CERTIFICATE OF SERVICE**

I, Maryellen Noreika, hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 20, 2006 upon the following in the manner indicated:

**BY HAND**

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com