# EXHIBIT 1

REDACTED

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| AFFINION LOYALTY GROUP, INC., | ) | |
|---|---|---|
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| v. | ) | |
| MARITZ INC., | ) | |
| Defendant. | ) | |

# EXPERT REPORT OF ARTHUR M. KELLER, PH.D.



after earning is not required, this claim element is disclosed by the '444 Patent and "Look to Book" system.

> implementing an Internet webpage accessible, via a computer system, to at least one user of said on-line incentive program for on-line interactive communications between said user and said Internet webpage

Travel agents enrolled in the "Look to Book" program were provided with paper and electronic versions of a catalog containing awards the travel agents could receive by redeeming their earned points. CC 004568–4583, TRL-MTZ 44088–93. The electronic award catalog contained award descriptions and point values required for redemption. TRL-MTZ 44088–93. Although the interface between the reservation system and the travel agent was a networked computer reservation system rather than an Internet webpage, it is my opinion that one of ordinary skill in the art would have known how to provide the claimed Internet webpage and would have been motivated to do so.

> offering, on said Internet webpage, at least one redeemable award available to said user for exchange of said award points

The electronic award catalog contained award descriptions and point values required for redemption. TRL-MTZ 44088–93. It is my opinion that one of ordinary skill in the art would have known how to display the claimed redeemable award on the claimed Internet webpage and would have been motivated to do so.

> permitting said user to initiate a process to receive said at least one redeemable award for exchange of said award points issued to said user through said on-line incentive program

The '444 Patent classifies credits as pending credits and redeemable credits. Since the "Look to Book" system was for a travel reservation system, it would have been obvious to one of ordinary skill in the art to use the system itself to arrange for travel that was awarded through the system, such as the free hotel night. TRL-MTZ 44090.

GoldMail participants were provided with an incentive, such as award credits, for every advertisement they read. One way participants could redeem these credits was through "[a]n online catalog of Maritz merchandise...for immediate orders." MAR 113140.

<u>permitting said user to initiate a process to receive said at least one redeemable award for exchange of said award points issued to said user though said online incentive program</u>

GoldMail participants could order awards through the online catalog of Maritz merchandise. MAR 113140.

Thus, the GoldMail system offered awards online for the exchange of award credits and permitted the user to initiate a process for exchanging those points through an online catalog. In my opinion, Maritz developed the idea of online redemption before the application leading to the '412 Patent was filed.

### 7.7. Claim 11 of '412 Patent

Claim 11 of the '412 Patent states:

11. The method as set forth in claim 10, wherein the step of permitting said user to initiate a process to receive a redeemable award comprises the steps of:
accessing an account of said user;
redeeming a particular award for said user based on said points issued to said user if said user has earned sufficient points to qualify for said particular award; and
subtracting said points from said account of said user.

The '887 Patent discloses the additional elements of Claim 11. The '887 Patent includes a "customer information database [that] stores information relating to the customer." '887 Abstract, among others. The customer may redeem frequent buyer points to obtain reduced price or free items. '887 Patent 27:60–28:17. It would have been obvious to one of ordinary skill in the art that sufficient points must be required and that the points are subtracted from the account.

# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION LOYALTY GROUP, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) ) |
| MARITZ INC., | ) ) ) |
| Defendant. | ) ) |

SUPPLEMENTAL EXPERT REPORT OF BRUCE BOLGER

I have been asked to supplement my initial report to address claims 10-17, 27-34, and 36 of U.S. Patent No. 6,009,412. It is my understanding that plaintiff now only asserts these claims, although there has been briefing on the subject and the claims at issue are not finalized. Therefore, I incorporate the contents of my initial report, including my background and qualifications. The materials I reviewed in conducting my analysis are set forth in Appendix 1.

A. **Claim 10 is Invalid in Light of the Prior Art**

Claim 10 provides: A method for redeeming incentive awards in an on-line incentive program, said method comprising the steps of:

> implementing an on-line incentive program that issues award points to users, wherein said award points are redeemable by said user for an award;
>
> implementing an Internet webpage accessible, via a computer system, to at least one user of said on-line incentive program for on-line interactive communications between said user and said Internet webpage;
>
> offering, on said Internet webpage, at least one redeemable award available to said user for exchange of said award points, and

1

Goldmail participants were provided with an incentive, such as award credits, for every advertisement they read. One method by which Goldmail participants were able to redeem their points was through "[a]n online catalog of Maritz merchandise ... for immediate orders." MAR 113140. Thus, the Goldmail system offered awards online for the exchange of award credits and permitted the user to initiate a process for exchanging those points through an online catalog. These documents show that Maritz developed the idea of online redemption before the application leading to the '412 patent was filed.

### 3. Claim 10 Would Have Been Obvious to One of Ordinary Skill in the Art.

Even if Claim 10 was not anticipated by the '887 patent, it would have been obvious to one of ordinary skill in the art at the time of the effective filing date of the '412 patent.

#### a. The "Look to Book" Program and the '887 Patent

As discussed above and in my initial report, U.S. Patent No. 5,483,444 and 5,710,887 disclose frequency programs that award points to a user's account that may be redeemed for awards. Though redemption did not occur online, the '444 patent utilized an online catalog that users could view. TRL-MTZ 44088-93. The '887 patent did offer customers the ability to "redeem points at various levels to obtain actual price discounts" in subsequent Internet shopping sessions, though not through a separate online awards catalog. Col. 27, lines 60 – 67.

As discussed in my initial report, one of ordinary skill in the art would have been motivated to combine the teachings of these two references. One of ordinary skill in the art, using these teachings, would have found the subject matter of Claim 10 obvious.

7

# EXHIBIT 4

REDACTED

# EXHIBIT 5

REDACTED

# EXHIBIT 6

REDACTED

# EXHIBIT 7

REDACTED