IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No. 04-360-JJF |
| v. ) | |
| ) | |
| MARITZ, INC. ) | |
| ) | **REDACTED PUBLIC VERSION** |
| Defendant. ) | |

**PLAINTIFF'S MOTION *IN LIMINE* NUMBER 11:  TO EXCLUDE
STATEMENT MADE BY THE CANADIAN PATENT OFFICE**

                MORRIS, NICHOLS, ARSHT & TUNNELL LLP
                Jack B. Blumenfeld (#1014)
                Maryellen Noreika (#3208)
                1201 N. Market Street
                P.O. Box 1347
                Wilmington, DE  19899
                (302) 658-9200
                  *Attorneys for Plaintiff Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C.  20005
(202) 783-6040

Original Filed:  September 20, 2006
Redacted Public Version Filed:  September 27, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC.<br><br>              Plaintiff,<br><br>v.<br><br>MARITZ, INC.<br><br>              Defendant. | C.A. No. 04-360-JJF<br><br>**REDACTED PUBLIC VERSION** |

**PLAINTIFF'S MOTION *IN LIMINE* NUMBER 11: TO EXCLUDE
STATEMENT MADE BY THE CANADIAN PATENT OFFICE**

Affinion hereby moves this Court to preclude Maritz from introducing a statement made by the Canadian Patent Office in connection with an application related to the '412 patent. Affinion's motion should be granted for three independent reasons. First, as a matter of law the statement is irrelevant and does not bear on the validity of the '412 patent. Second, even if the statement has some relevance, the probative value of the statement is substantially outweighed by the dangers of unfair prejudice. Third, the statement is hearsay, and does not fall within any of the exceptions to the rule against hearsay.

1.    The CPO Statement

Maritz apparently intends to seek to introduce into evidence the following statement made by the Canadian Patent Office ("CPO") in support of its invalidity arguments:

### REDACTED

REDACTED

See D.I. 227, Exh. 13 (Brief Statement of What Maritz Intends To Prove At Trial) at 14 (attached as Exh. 1); Exh. 2 (Bolger Expert Report) at 7-8. The CPO statement was made in connection with Canadian patent application number 2,240,424 which shares a common parent with the '412 patent. The statement refers to a set of claims <u>that are different from the claims at issue in this case</u>. See Exhs. 3A & 3B (Canadian Patent Office Action and claims).

    2.    <u>The Statement Is Irrelevant</u>

It is well established that the activities of foreign patent offices are not relevant to the determination of obviousness or validity of U.S. patents. <u>In re Terrance Dale Nylen</u>, 97 Fed. Appx. 293, 294 (Fed. Cir. 2004) (unpublished) ("the issuance of [a Canadian] patent . . . is not relevant to the determination of obviousness"); <u>Medtronic, Inc. v. Daig Corp.</u>, 789 F.2d 903, 907-08 (Fed. Cir. 1986) (rejecting party's argument that a U.S. "court adopt the conclusion of a German tribunal holding the . . . German counterpart patent obvious. . . . The patent laws of the United States are the laws governing a determination of obviousness/nonobviousness of a United States patent in a federal court."); <u>Timely Prod. Corp. v. Aaron</u>, 523 F.2d 288, 295-96 (2d Cir. 1975) (affirming that the issuance of foreign patents is not relevant to obviousness because "the standards of patentability vary widely from country to country . . .."); <u>Allen v. Howmedica Leibinger, Inc.</u>, 197 F. Supp. 2d 101, 110 (D. Del. 2002) ("The Federal Circuit . . . has specifically rejected as 'specious' the argument that a United States court should adopt the conclusion of a foreign tribunal."); <u>Revlon, Inc. v. Carson Prod. Co.</u>, 602 F. Supp.

2

1071, 1080-81 (S.D.N.Y. 1985), rev'd on other grounds, 803 F.2d 676 (Fed. Cir. 1986) (holding that "since there is no international standardized inquiry into patentability, and . . . the issuance of a United States Patent carries with it a presumption of validity under 35 U.S.C. § 282[, a U.S. patent] cannot be destroyed by determinations made by foreign patent offices. . . . [Accordingly] we are compelled to find exhibit 215, which deals with reactions by the Canadian patent office, inadmissible."). Accordingly, the statement made by the CPO during prosecution of a Canadian patent application is not relevant to validity, or any other issue in this case. The statement should therefore be excluded from evidence under Fed. R. Evid. 401.

3.  The Statement Would Be Prejudicial

Even if the statement had some relevance -- which it does not -- the statement's probative value is substantially outweighed by the dangers of unfair prejudice. Fed. R. Evid. 403. Although the statement is irrelevant because it was made in connection with a Canadian application addressing completely different claims under foreign standards of patentability, a jury may well accord it significant weight. The jury would have no way of knowing that U.S. law and Canadian law are different and may not appreciate the significance of the differences in claims. Particularly given the generally high regard most U.S. residents have for Canada, a jury may well accord significant weight to a statement of a Canadian government entity.

4.  The Statement Is Hearsay

The CPO statement is hearsay. It is an out of court statement being offered to prove the truth of the matter set forth therein. Fed. R. Evid. 801. See D.I. 227, Exh. 13 at 14 (attached as Exh. 1). The statement does not fall within any of the exceptions to the

3

hearsay rule. Specifically, the statement does not fall within the public records exception of Fed R. Evid. 803(8), which applies to

> records, reports, statements or data compilations . . . setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which there was a duty to report . . . , or (C) in civil actions or proceedings . . . factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicate lack of trustworthiness.

Id. The statement does not fall within Rule 803(8)(A) because it does not "set forth" the "activities" of the CPO. Id. Rather, the statement provides an opinion on the state-of-the-art in connection with certain patent claims not at issue in this case. See Smith v. Isuzu Motors, Ltd., 137 F.3d 859, 862 (5th Cir. 1998) (affirming district court holding that memorandum prepared by NHTSA that provided opinions on a petition before the NHTSA "did not 'set forth' the 'activities of the agency' within the meaning of Rule 803(8)(A)"). Nor does the statement fall within Rule 803(8)(B). The statement provides a subjective opinion as to the state-of-the-art, not factual observations from officials with firsthand knowledge as required by Rule 803(B). See Wetherill v. Univ. of Chicago, 518 F. Supp 1387, 1389-90 (N.D. Ill. 1981) ("Rule 803(8)(B) permits the introduction of a public record only if it is made from matters within the personal knowledge of . . . a public official . . . ."); Brown v. ASD Computing Ctr., 519 F. Supp 1096, 1103 n.2 (S.D. Ohio 1981), aff'd, 709 F.2d 1499 (6th Cir. 1983) (reviewing legislative history of Fed. R. Evid. 803(8)(B) and determining that "the amendment was offered to narrow and restrict Rule 803(8)(B), and to prevent the admission of random observations made by a government employee in the course of his duty."). Finally, it does not fall under Rule 803(8)(C). The statement is not a "factual finding" resulting from an "investigation" as required by Rule 803(C). Instead, the statement is an opinion on the state-of-the-art. The

statement was made in connection with the prosecution of a foreign patent application -- which is a far cry from an "investigation." See <u>Ariza v. The City of New York</u>, 139 F.3d 132, 134 (2d Cir. 1998) (holding that report containing opinions did not "contain factual findings based on a factual investigation" and therefore did not fall under Fed. R. Evid. 803(8)(C)).

## CONCLUSION

For the foregoing reasons, the CPO statement should not be admitted into evidence.

        MORRIS, NICHOLS, ARSHT & TUNNELL LLP

        */s/ Maryellen Noreika (#3208)*
        Jack B. Blumenfeld (#1014)
        Maryellen Noreika (#3208)
        1201 N. Market Street
        P.O. Box 1347
        Wilmington, DE 19899
        (302) 658-9200
        *Attorneys for Plaintiff, Affinion Net Patents, Inc.*

Of Counsel:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

September 27, 2006

## RULE 7.1.1 CERTIFICATE

I hereby certify that the subject of the foregoing motion has been discussed with counsel for the defendant and that we have not been able to reach agreement.

/s/ *Maryellen Noreika*
Maryellen Noreika (#3208)

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 20, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 20, 2006 upon the following in the manner indicated:

**BY HAND**

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

/s/ Maryellen Noreika
Maryellen Noreika (#3208)
mnoreika@mnat.com

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 27, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 27, 2006 upon the following in the manner indicated:

### BY HAND

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz LLP
> The Nemours Building
> 1007 N. Orange Street
> Wilmington, DE 19801

### BY FEDERAL EXPRESS

> J. Bennett Clark
> Senniger Powers
> One Metropolitan Square
> St. Louis, MO 63102

> /s/ Maryellen Noreika
> Maryellen Noreika (#3208)
> mnoreika@mnat.com