IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION *IN LIMINE* NUMBER 7: TO PREVENT JEFF ALTEMUELLER FROM TESTIFYING ABOUT HIS VIEW OF CLAIM CONSTRUCTION**

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Dated: September 29, 2006          Attorneys for Maritz Inc.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

I.   NATURE AND STAGE OF PROCEEDING .................................................................. 1

II.  ARGUMENT ..................................................................................................................... 1

III. CONCLUSION .................................................................................................................. 4

# TABLE OF AUTHORITIES

## Cases

*Moba, B.V. v. Diamond Automation Inc.,*
    325 F.3d 1306 (Fed. Cir. 2003) ................................................................................ 4

## Rules

Federal Rule of Evidence 702 ......................................................................................... 4

**ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION *IN LIMINE* NUMBER 7: TO PREVENT JEFF ALTEMUELLER FROM TESTIFYING ABOUT HIS VIEW OF CLAIM CONSTRUCTION**

## I.   NATURE AND STAGE OF PROCEEDING

Trial in this matter is scheduled to begin on October 23, 2006. The parties filed motions *in limine* on September 20, 2006. As set forth in Section XI.1 of the Joint Proposed Pre-Trial Order (D.I. 227), the parties have agreed that answering briefs for motions *in limine* be filed by today, September 29, 2006.

## II.   ARGUMENT

The scope of Affinion's motion is limited. The bulk of Mr. Altemueller's expert opinion on non-infringement is not challenged by Affinion. As Mr. Altemueller described at length in his deposition, he applied the parties' various proposed claim constructions and offered his opinion as to whether Maritz's VAULT or AwardHQ systems infringe the asserted claims. Affinion's motion focuses only on Mr. Altemueller's application of Affinion's proposed construction of "on-line incentive program." Namely, Affinion seeks to limit Mr. Altemueller's testimony on this topic in two respects. First, it seeks to keep Mr. Altemueller from "provid[ing] his opinion on the meaning of the claim language at trial beyond the limitations as construed by the Court." D.I. 257 at 4. Second, it seeks to preclude Mr. Altemueller from testifying "that the Maritz products do not infringe the patent in suit by comparing the accused method with the '412 patent specification." *Id.* at 5.

At trial, Mr. Altemueller—whose expert qualifications are unchallenged by Affinion—will provide his opinion as to why Maritz's accused systems do not infringe the asserted claims of the '412 patent under the Court's claim construction. The impetus for Affinion's present motion is Mr. Altemueller's deposition testimony. During his deposition, Mr. Altemueller

1

anticipated how the Court would interpret the "program homepage" or "program webpage" limitation that Affinion relied so heavily on during its *Markman* briefing.

Affinion's proposed claim construction of "on-line incentive program" is "a program that uses the award of points that are redeemable for awards to incentivize certain behaviors *and which operates a program webpage which permits users to interact with the incentive program on-line.*" *See* D.I. 257 at 4 (emphasis added). If the Court adopts this claim construction as proposed, without further clarification for the jury, the jury will have to determine whether or not Maritz's accused systems satisfy the "program homepage" limitation Affinion incorporated into its definition. Mr. Altemueller, reading the '412 patent from the perspective of one skilled in the art, correctly deduced that the only "program homepage" described in the specification differs significantly from Maritz's system. For example, the '412 patent portrays the decision steps as sequential. '412 patent at 7:31-39, Fig. 3. The specification also describes the program homepage as having navigational links to "PRODUCT Ai HOMEPAGE," "BROWSING OPTION," "ABOUT AWARD PROGRAM," "MEMBERSHIP APPLICATION," "FREQUENCY DATABASE," and "AWARD CATALOG HOMEPAGE." These features are not all available on the webpages associated with either of Maritz's accused systems as noted by Mr. Altemueller. Ex. 1 at 252:21-255:18 and 308:11-309:24.

The ambiguity in Affinion's definition of "on-line incentive program" is intentional. The "implementing an on-line incentive program…" step required by the asserted claims is troublesome for Affinion's infringement case. Knowing that it could not write this step out of the claims entirely in its proposed definition, Affinion had to concoct a definition that effectively removed the unwanted step from the method, but that still facially appeared plausible. As discussed in Maritz's *Markman* briefing, the end result of Affinion's *Markman* strategy is an

2

unnatural reading of "on-line incentive program," including the odd grammatical result that the adjective "on-line" modifies some—but not all—of its object, "incentive program." As a result of this search for an innocuous claim construction, Affinion incorporated the "program homepage" limitation at issue.

If the "program homepage" present in Affinion's claim construction has none of the context of the specification that Mr. Altemueller has noted, then it is entirely superfluous in light of the second step of the asserted claims. Maritz discussed this at length in its *Markman* briefing. D.I. 151 at 15-20. By keeping its definition of "on-line incentive program" ambiguous during the *Markman* process, Affinion attempted to conceal the plain violation of controlling claim construction principles, which results from its proposed claim construction. Maritz also flagged the uncertainties caused by Affinion's proposed definition in its Markman briefing. *Id.* at 17 ("It is unclear from Affinion's definition what additional limitations, if any, are required by a "program homepage").

Mr. Altemueller's testimony regarding "program homepage" in applying Affinion's proposed definition of "on-line incentive program" is premised on the notion the Court would not adopt a definition of "on-line incentive program" that would ascribe no meaningful limitation to an entire step of the claimed method. Mr. Altemueller's testimony, therefore, does not attempt to limit the scope of the claims, as Affinion alleges. Rather, Mr. Altemueller's testimony applies his own understanding of the ambiguous "program homepage" phrase purposefully incorporated into Affinion's proposed claim construction. As such, Mr. Altemueller's testimony neither

3

further limits the scope of the claim after *Markman* nor does it compare the '412 patent's specification rather than its claims to Maritz's accused systems.[1]

Affinion's cases provide no support for its argument. In *Moba, B.V. v. Diamond Automation Inc.*, 325 F.3d 1306 (Fed. Cir. 2003), the Federal Circuit reversed a district court's decision to submit a claim construction issue to the jury. *Id.* at 1313-14. The *Moba* court's reversal was a straightforward application of *Markman*—claim construction is a question of law for the Court to decide, and should not be submitted to the jury to decide. *Id.* Neither case cited by Affinion mentions Fed. R. Evid. 702, much less supports Affinion's *Daubert* argument at page 4 of its motion. Here Maritz is not asking to have the jury decide a claim construction issue. Mr. Altemueller will apply the Court's claim construction, including the Court's resolution of any ambiguities that may be present in the proposed constructions that were submitted to the Court.

### III.   CONCLUSION

For the forgoing reasons, Maritz requests the Court to deny Affinion's motion.

---

[1] Should the Court agree with Affinion's proposed construction of "on-line incentive program" and further explain that the ambiguous term "program webpage" in its claim construction need not possess any of the characteristics described in the specification, then Mr. Altemueller would not testify contrary to this Court's claim construction.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: /s/ Patricia S. Rogowski
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
Michael J. Hartley
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Maritz Inc.

## CERTIFICATE OF SERVICE

I, hereby certify that on September 29, 2006, I electronically filed **ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION *IN LIMINE* NUMBER 7: TO PREVENT JEFF ALTEMUELLER FROM TESTIFYING ABOUT HIS VIEW OF CLAIM CONSTRUCTION** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on September 29, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

| **Via Hand Delivery** | **Via Federal Express** |
|---|---|
| Jack B. Blumenfeld | Steven Lieberman |
| Maryellen Noreika | Sharon L. Davis |
| Morris, Nichols, Arsht & Tunnell LLP | Rothwell, Figg, Ernst & Manbeck, P.C. |
| 1201 N. Market Street | 1425 K Street, N.W. |
| P.O. Box 1347 | Suite 800 |
| Wilmington, DE 19899-11347 | Washington, D.C. 20005 |

*/s/ Patricia Smink Rogowski*
Patricia Smink Rogowski (#2632)

6