## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION IN LIMINE NUMBER 2

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Dated: September 29, 2006                Attorneys for Maritz Inc.

## I.    NATURE AND STAGE OF PROCEEDING

Trial in this matter is scheduled to begin on October 23, 2006.  The parties filed motions *in limine* on September 20, 2006.  As set forth in Section XI.1 of the Joint Proposed Pre-Trial Order (D.I. 227), the parties have agreed that answering briefs for motions *in limine* be filed by today, September 29, 2006.

## II.    ARGUMENT

Affinion's motion should be denied as moot.  Affinion is correct that there is no dispute that it is the assignee of the '412 patent.  The question of ownership of the patent is essentially an equitable one that the court can take up separately from the jury.  Maritz does not anticipate needing to address at trial the standing of Affinion to bring this patent case.  Therefore, there is no need for the court to determine, at this stage, whether Maritz is entitled to put on evidence that Radisson is the proper owner of the '412 patent.

It is worthy to note that Affinion does not, by its Motion *in Limine* No. 4, move to exclude the evidence supporting Maritz's statements.  The statements in Maritz's Brief Statement of What Maritz Intends to Prove at Trial (D.I. 228 Exh. 13) cited by Affinion were made in support of Maritz's equitable defenses of inequitable conduct, unclean hands, and misuse.  While there is no dispute regarding the assignment of the '412 patent, Affinion can not argue that the evidence supporting Maritz's equitable defenses should be excluded.

III.    **CONCLUSION**

Maritz requests the court deny Affinion's motion as moot.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: *Patricia S Rogowski*

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
Michael J. Hartley
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Maritz Inc.

## CERTIFICATE OF SERVICE

I, hereby certify that on September 29, 2006, I electronically filed **ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION IN LIMINE NUMBER 2** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on September 29, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Patricia Smink Rogowski (#2632)