IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO
<u>AFFINION'S MOTION *IN LIMINE* NUMBER 4</u>**

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Dated: September 29, 2006              Attorneys for Maritz Inc.

**TABLE OF CONTENTS**

I. NATURE AND STAGE OF PROCEEDING ................................................................... 1

II. SUMMARY OF ARGUMENT ........................................................................................ 1

III. ARGUMENT .................................................................................................................... 1

    A. Maritz Should Not Be Required to Narrow Its Witness List,
       Deposition Designations, or Exhibit List ................................................................ 2

    B. Each Witness Affinion Seeks to Exclude Was Identified During Discovery ............... 3

       1. Daniel Henke Was Specifically Identified in Maritz's Rule 26 Disclosures .......... 3

       2. Affinion Was Aware That Maritz Would Be Relying on the Prior
          Depositions of Mr. Gandrud, Mr. Malark, Mr. Fleisler, and Mr. Gray. ................. 3

          a. Mr. Gandrud and Mr. Malark Are Present or Former Employees of Radisson,
             Which Were Identified in Maritz's Rule 26 Disclosures ............................... 4

          b. Affinion Knew Maritz Would Be Relying on the Testimony of Mr. Fleisler
             and Mr. Gray as They Were Involved In the Prosecution of the Patent in Suit 5

       3. Affinion Was Made Aware of the Other Remaining Witnesses
          Allegedly Not Disclosed by Maritz During Depositions ........................................ 6

IV. CONCLUSION ................................................................................................................ 8

## TABLE OF AUTHORITIES

*Cases*

*Coleman v. Keebler Co.*, 997 F.Supp. 1102 (N.D. Ind. 1998) .................................................. 6

*Weiland v. Linear Construction, Ltd.*, 2002 WL 31307622 (N.D. Ill. 2002) ....................... 4, 5

*Statutes*

Fed. R. Civ. P. 26(e) ................................................................................................... 3, 4, 6

## ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION IN LIMINE NUMBER 4

### I. NATURE AND STAGE OF PROCEEDING

Trial in this matter is scheduled to begin on October 23, 2006. The parties filed motions *in limine* on September 20, 2006. As set forth in Section XI.1 of the Joint Proposed Pre-Trial Order (D.I. 227), the parties have agreed that answering briefs for motions *in limine* be filed by today, September 29, 2006.

### II. SUMMARY OF ARGUMENT

Given that Affinion has chosen to make superficial pre-trial disclosures, raise new infringement theories on the eve of trial, and that the parties have not yet received rulings on *Markman* or summary judgment, Maritz should not be required to narrow its witness list, deposition designations, or exhibit lists. Each witness and exhibit is potentially relevant in support of Maritz's claims of non-infringement, invalidity, inequitable conduct, and other defenses depending on the Court's rulings.

Each witness identified by Maritz as a witness to possibly testify at trial has also been made known to Affinion during discovery. Contrary to Affinion's claims of ignorance, each witness about which it claims surprise was either disclosed in Maritz's Rule 26 disclosures or identified in depositions. Affinion's motion to exclude seven of those witnesses should be denied.

### III. ARGUMENT

Having refused to make a meaningful disclosure of its intended proofs as required by local rules, and having raised new defenses and infringement theories in its Pre-Trial Order submissions, Affinion now feigns surprise that Maritz has identified 26 live witnesses and 16

1

witnesses that may be presented via deposition testimony. After engaging in this hide-the-ball strategy, Affinion now asserts that Maritz has attempted to "sandbag" it by withholding witness names until the eve of trial. Affinion's arguments, however, ignore the requirements of Rule 26 and the facts of the case. The witnesses Affinion seeks to exclude from trial were either identified by Maritz in its Rule 26 disclosures or were otherwise made known to Affinion. Affinion's claim that it is surprised by the identification of these witnesses is meritless.

### A. Maritz Should Not Be Required to Narrow Its Witness List, Deposition Designations, or Exhibit List.

As Affinion recognizes in its Memorandum in Support of Motion *In Limine* No. 4 ("Pl. Br."), "in virtually every case, the defendant may not know precisely what witnesses or evidence it will use to defend itself until plaintiff has put on its case." Pl. Br. at 2. This is especially true in this case, where Affinion alleges dozens of often-distinct programs offered by Maritz infringe the '412 patent and raised new theories of infringement in its pre-trial submissions that were never disclosed during discovery.[1] Affinion has also refused to provide a good faith statement of intended proofs as required by the local rules. Instead, Affinion essentially stated that it would attempt to prove the elements of each count of its complaint. *See* D.I. 227 Ex. 12., attached hereto as Ex. 1. Affinion, despite a request from counsel for Maritz, has refused to supplement its statement of intended proofs, leaving Maritz with little indication as to what evidence Affinion will actually present at trial. *See* Ex. 2, Ex. 3.

The evidence that Maritz will present at trial will also be directly affected by the Court's *Markman*, summary judgment, and other motion *in limine* rulings that have not yet issued. Given the uncertainty still present in this case, and Affinion's refusal to provide a meaningful

---

[1] These new infringement theories are addressed in Maritz's Motion *in Limine* Relating To The Doctrine Of Equivalents And Joint Infringement (D.I. 241).

statement of intended proofs, it would be prejudicial to require Maritz to further narrow its witness list, deposition designations, or exhibit list. Affinion's request that Maritz be required to narrow its witness list, deposition designations, and exhibit list should be denied.

### B. Each Witness Affinion Seeks to Exclude Was Identified During Discovery.

#### 1. Daniel Henke Was Specifically Identified in Maritz's Rule 26 Disclosures.

Contrary to Affinion's assertions, Daniel Henke was identified as a potential witness by Maritz in its Rule 26 disclosures. Specifically, Mr. Henke was identified in Maritz's August 5, 2005, Supplemental Rule 26(a) disclosure as someone "likely to have discoverable information concerning Maritz's operations and past Maritz incentive and loyalty programs." Ex. 4 at 5.

#### 2. Affinion Was Aware That Maritz Would Be Relying on the Prior Depositions of Mr. Gandrud, Mr. Malark, Mr. Fleisler, and Mr. Gray.

The duty to supplement imposed by Federal Rule of Civil Procedure 26(e) does not require an application of form over substance. Instead, Rule 26(e) imposes only a limited obligation to supplement disclosures and discovery responses, as follows:

> A party ... is under a duty to supplement or correct the disclosure or response to include information thereafter acquired in the following circumstances:
>
> (1) A party is under a duty to supplement **at appropriate intervals** its disclosures ... if the party learns that in some material respect the information disclosed is incomplete or incorrect **and the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing** ...
>
> (2) A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not **otherwise been made known to the other parties during the discovery process or in writing.**

Fed. R. Civ. P. 26(e) (emphasis added). The emphasized language unambiguously states that supplementation is not necessary if the subject information has been made known to the other party during discovery or in writing.

3

> a.  **Mr. Gandrud and Mr. Malark Are Present or Former Employees of Radisson, Which Were Identified in Maritz's Rule 26 Disclosures.**

The depositions of Mr. Malark and Mr. Gandrud that Affinion is attempting to bar from trial were produced by Affinion. Any claim that it was unaware of these depositions is frivolous. Maritz also identified as potential witnesses in its August 5, 2005 Rule 26 disclosures "[p]resent or former employees or representatives of Radisson Hotels International, Inc., or its parent company, Carlson Companies, Inc." as persons who "may have knowledge related to defendants' allegation that the '870, '412, and '012 patents are invalid." Ex. 4 at 6-7. Such a disclosure is sufficient to comply with Rule 26 and does not need to be supplemented. *See Weiland v. Linear Construction, Ltd.*, 2002 WL 31307622, *3 (N.D. Ill. 2002) (finding party had no duty to supplement disclosure with specific names where it identified "a representative" of accounting firm).

In addition to the disclosures in Maritz's Rule 26 disclosures, Affinion has also been aware, since at least as early as September 1, 2005, of Maritz's counterclaim alleging that the '412 patent was unenforceable due to the inequitable conduct of not disclosing other Radisson employees as co-inventors of the '870 and '412 patents. D.I. 61 at 8-14. Further, one of Maritz's experts, Bruce Bolger, expressed in his March 2006 written opinion that the '870 patent was invalid for failing to name the other inventors of U.S. Patent No. 5,483,444 ("the '444 patent") as co-inventors. Ex. 5 (Bolger Report) at 16. As Affinion is aware, Mr. Malark and Mr. Gandrud are "present or former employees of Radisson Hotels International" and are named as inventors, along with Mr. Storey, on the '444 patent.

Any claim by Affinion that it would be prejudiced if this testimony is used at trial is equally baseless. This deposition testimony cannot be changed -- Mr. Malark and Mr. Gandrud

4

will not be offering live testimony -- and Affinion is able to counter-designate the deposition per the Pre-Trial Order.[2]

        **b.    Affinion Knew Maritz Would Be Relying on the Testimony of Mr. Fleisler and Mr. Gray as They Were Involved In the Prosecution of the Patent in Suit.**

As Affinion is acutely aware, Marvin Fleisler and Gerald Gray were involved in the prosecution of the '412 patent. As discussed above, Affinion has also been aware of Maritz's inequitable conduct defense since at least as early as August 2005. That Affinion now claims to be surprised by Maritz's reliance on the deposition testimony of two of the attorneys who prosecuted the '412 patents is meritless.

Mr. Fleisler is an attorney at the firm Fleisler, Dubb, Meyer & Lovejoy, and Mr. Gray is an attorney at Townsend and Townsend and Crew. Maritz identified "[r]epresentatives from Fleisler, Dubb, Meyer & Lovejoy LLP" and "[r]epresentatives from Townsend and Townsend and Crew LLP" as individuals "likely to have discoverable information with respect to the subject matter disclosed" in the '412 patent "and the prosecution of such patent applications" in its August 2005 Rule 26 disclosures." Ex. 4 at 7. This disclosure was sufficient with respect to Mr. Fleisler and Mr. Gray and Maritz was not required to supplement it. *See Weiland*, 2002 WL 31307622 at *3.

Allowing Maritz to use these depositions at trial will not prejudice Affinion. The depositions of Mr. Fleisler and Mr. Gray were produced during discovery *by Affinion*, and in light of its awareness of Maritz's fraud allegations, it can not now claim to be surprised that Maritz will rely on them at trial. As is true of the depositions of Mr. Malark and Mr. Gandrud, Mr. Fleisler's and Mr. Gray's testimony cannot be changed, Affinion has long known of the

---

[2] The admissibility of these depositions, among others, is demonstrated in Maritz's Answering Brief in Opposition to Plaintiff's Motion *in Limine* No. 5.

5

testimony, and Affinion is free to counter-designate these depositions. There is no prejudice to Affinion, and its request to exclude this prior sworn testimony should be denied.

>   3.  Affinion Was Made Aware of the Other Remaining Witnesses Allegedly Not Disclosed by Maritz During Depositions.

Robert Evans and Steve Maritz were central figures in questioning formulated by Affinion during the depositions of numerous witnesses in this case. Even the incidental discovery of information (and Affinion's questioning concerning Messrs. Maritz and Evans was far from incidental) otherwise subject to supplementation, particularly during a deposition, satisfies the Rule 26(e) duty as sufficiently as a writing:

> The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some material respect incomplete or incorrect. There is, however, *no obligation* to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, *as when a witness not previously disclosed in identified during the taking of a deposition* ...

Advisory Committee Note to 1993 Amendments of Fed. R. Civ. P. 26(e)(1). *See also Coleman v. Keebler Co.*, 997 F.Supp. 1102, 1107 (N.D. Ind. 1998) ("Therefore, when the Plaintiff brought the identities of [the challenged witnesses] to Keebler's attention during Gate's deposition, she effectively satisfied her Rule26(e)(1) duty to supplement ..."). Each of the witnesses complained of by Affinion was "disclosed" during the discovery process (indeed by Affinion's own questioning), and specifically during several depositions, and Maritz was not obligated to supplement its Rule 26 disclosures to include those names.

It is beyond dispute that Affinion "otherwise" knew of Robert Evans' identity and involvement in this matter since at least as early as November 5, 2005 when counsel for plaintiff deposed Steven Sigman, an employee of Maritz. During that deposition, counsel for plaintiff marked and questioned on a letter sent by Mr. Evans to Trilegiant Corporation's ("Trilegiant")

6

president, Marti Beller, as Plaintiff's Exhibit 9 (attached as Ex. 6). Ex. 7. (Sigman Depo.) at 111:13-112-7. That letter responded to Trilegiant's false statements to customers that Maritz was infringing the patents Trilegiant purchased from Netcentives.[3]

Affinion's affirmative decision not to depose Mr. Evans, after it was clearly aware of his involvement in the discussions between Maritz and Trilegiant, does not now provide Affinion with a means to bar him from testifying at trial. Affinion's request to exclude Mr. Evans should be denied.

Affinion also lacks any basis to claim surprise as to Steve Maritz's potential testimony at trial. During its depositions of numerous Maritz employees and representatives,[4] Affinion asked repeated questions about Mr. Maritz's role in the company and his involvement in relation to the facts of this case, using as exhibits documents bearing his name which were previously produced to it by Maritz in this case. During those depositions, Affinion developed that, among other things, Mr. Maritz was the President and CEO of Maritz, was involved in discussions with Netcentives regarding the Netcentives patents, and was also involved in the decision to submit a bid to purchase the Netcentives patents during its bankruptcy proceedings.[5] Despite all of this knowledge, Affinion chose not to depose Mr. Maritz. Affinion's request to exclude Mr. Maritz should be denied.

---

[3] Mr. Evans' role was also discussed during the depositions of Steve Gallant (119:22-126:5, 130:13-22; Pl. Exs. 82, 192, 193, 194) and Marti Beller (Pl. Ex. 9; Def. Ex. 287). Numerous exhibits were also introduced during these depositions bearing Mr. Evans' name. Due to the volume of such material, it is not being attached to this response.

[4] Mr. Maritz's role was discussed during the depositions of Mr. McArthur (8:1-12; 13:5-13; 18:7-23; 33:6-11; 68:24-70:8; 70:9-72:3; 72:13-24), Ms. Miller (33:6-34:15; 43:5-44:7; 47:9-24; 64:12-20; 96:7-20; 112:16-113:19; 134:1-139:15; 143:5-11), Mr. Risberg (6:20-22; 20:5-21:14; 28:15-32:25; 61:21-63:20), Mr. Gallant (21:5-8; 25:5-26:13; 44:2-45:3; 78:5-9), Mr. Agovino (121:10-122:22; 211:1-13; 212:24-213:4; 224:5-225:17), and Mr. Shipley (28:6-25; 30:2-10; 105:21-106:19; 111:17-20). Numerous exhibits were also introduced during these depositions bearing Mr. Maritz's name. Again, due to the volume, these depositions and exhibits are not attached.

[5] In fact, according to Affinion's Pre-Trial Order designations, Affinion intends to present much of this same testimony at trial. Affinion should not be permitted to introduce deposition testimony relating to Mr. Maritz's activities while at the same time excluding him from testifying at trial.

## IV. CONCLUSION

Given the uncertainty of Affinion's infringement allegations, the issues potentially relevant at trial, and Affinion's refusal to provide a meaningful statement of intended proofs, Maritz should not be forced to further limit its witness list, deposition designations, or exhibit list. Further, Affinion's request to exclude seven of Maritz's witnesses ignores the requirements of Rule 26 and facts of this case. Affinion has been well aware of the witnesses with respect to whom it feigns surprise. Affinion's Motion *in Limine* No. 4 should be denied.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: *Patricia S Rogowski*
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
Michael J. Hartley
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Maritz Inc.

## CERTIFICATE OF SERVICE

I, hereby certify that on **September 29, 2006**, I electronically filed **ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION *IN LIMINE* NUMBER 4** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on September 29, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Patricia Smink Rogowski (#2632)

9