# Exhibit 1

**EXHIBIT 12**
**TO JOINT PRETRIAL ORDER**

**A BRIEF STATEMENT OF WHAT AFFINION INTENDS TO PROVIDE IN SUPPORT
OF ITS CLAIMS, IN ADDITION TO THE FACTS NOT IN DISPUTE, INCLUDING
THE DETAILS OF THE DAMAGES CLAIMED, AND OF OTHER RELIEF SOUGHT**

Affinion intends to provide in support of its claims, in addition to the facts not in dispute,

including the details of the damages claimed, and other relief sought, as follows:

Affinion intends to prove that Maritz infringes the '412 patent by implementing incentive

programs using the VAULT system that perform all disputed limitations of claims 10-17, 27-34,

and 36 of the '412 patent, literally or under the doctrine of equivalents, and that Maritz infringes

the '412 patent by implementing incentive programs using the Award HQ system that perform

all disputed limitations of claims 10-16, 27-33, and 36 of the '412 patent, literally or under the

doctrine of equivalents.

Affinion intends to prove the amount of actual damages to it has suffered from Maritz's

infringement of the '412 patent, including lost profits damages and reasonable royalties in the

amounts set forth in the expert reports of Dr. Marion Stewart as updated with more recent

financial data from Maritz, entitlement to enhanced damages and attorneys fees under 35 U.SC.

§§ 284 and 285 based on Maritz's willful infringement and other factors entitling Affinion to

enhanced damages, and entitlement to prejudgment interest under § 284.

Affinion intends to prove entitlement to a permanent injunction prohibiting Maritz from

infringement of the '412 patent.

Affinion intends to prove that Maritz has violated the false marking statute, 35 U.S.C.

§ 292, and made false and misleading statements regarding its products in violation of 15 U.S.C.

§ 1125(a).

**Exhibit 1**

# Exhibit 2

**SENNIGER POWERS**

| ATTORNEYS AT LAW | PATENTS TRADEMARKS | LITIGATION COPYRIGHTS | TECHNOLOGY ANTITRUST | ONE METROPOLITAN SQUARE 16TH FLOOR SAINT LOUIS, MISSOURI 63102 |
|---|---|---|---|---|

314-231-5400 V
314-231-4342 F

J. BENNETT CLARK
BCLARK@SENNIGER.COM

SENNIGER.COM

August 31, 2006

_**Via E-Mail and U.S. Mail**_
Sharon Davis, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K. Street, N.W., Suite 800
Washington, D.C. 20005

Re:    _Affinion Loyalty Group v. Maritz_

Dear Sharon:

Affinion's Statement of What it Intends to Provide in Support of its Claims (Exhibit 12 to Joint Pretrial Order) as received yesterday does not comport with local rule or practice. While some supplementation is to be expected in advance of our September 8 conference call, we are entitled to more sufficient initial notice of Affinion's positions in order to complete the pretrial compliance process and prepare for trial.

Please advise whether you intend to expand that document ... in our view the expansion needs to be substantial ... and, if so, when. Failure to do so would seem to threaten the cooperative approach the parties are seeking to take and potentially cause us to seek to limit Affinion's trial presentation of undisclosed matters.

We would appreciate an immediate response, since as you know this impacts current pretrial efforts, such as jury instructions, deposition designation, and exhibit designation.

Very truly yours,

J. Bennett Clark

JBC/mjm

# Exhibit 2

# Exhibit 3

 ROTHWELL, FIGG, ERNST & MANBECK, P.C.

1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Telephone 202-783-6040
Facsimile 202-783-6031
www.rfem.com

| | |
|---|---|
| O. Franklin Rothwell | Anne M. Sterba |
| E. Anthony Figg | Lisa N. Phillips |
| Barbara G. Ernst | Leigh Z. Callander |
| Harry F. Manbeck, Jr. | C. Nichole Gifford |
| George R. Repper | Patrick T. Skacel |
| Steven Lieberman | Monica C. Kitts |
| Joseph A. Hynds | Brian A. Tollefson |
| Elizabeth A. Leff | Joo Mee Kim |
| Richard Wydeven | Steven M. Giovannetti |
| Martin M. Zoltick | Hyunkweon Ryu |
| Minaksi Bhatt | R. Elizabeth Brenner |
| Sharon L. Davis | Adam M. Treiber |
| Robert B. Murray | Daniel L. Shores |
| Carla C. Calcagno | Joseph E. Green |
| Jeffrey L. Ihnen | John A. Evans, Ph.D. |
| Glenn E. Karta | |
| Martha Cassidy, Ph.D. | |
| Brian S. Rosenbloom | Of Counsel |
| Jason M. Shapiro* | John A. McCahill |
| | Barbara Webb Walker, Ph.D. |

*Not Admitted in D.C.

September 1, 2006

**BY E-MAIL AND FIRST CLASS MAIL**

J. Bennett Clark, Esq.
Senniger, Powers, Leavitt & Roedel
One Metropolitan Square
16th Floor
St. Louis, MO 63102

> Re:    Affinion Loyalty Group, Inc. v. Maritz, Inc.
> Our Reference: 2829-179

Dear Ben:

I write in response to your letter of yesterday concerning Affinion's statement of what it intends to prove at trial in support of its claims.

After receiving your letter, I consulted with my Delaware co-counsel about this issue and reviewed several such statements from Pretrial Orders that have been entered in prior cases before the Court. This review indicates that our draft is fully consistent with local rules and practice, both in terms of length and level of detail. Therefore, I cannot agree with your view that extensive supplementation is necessary. If you have some additional authority or basis for believe that the statement must be supplemented, I will be happy to review it.

With respect to your concern as to Maritz's understanding of Affinion's positions, such information is contained in numerous other documents, including Affinion's expert reports, pleadings, and other sections of the draft pretrial order. Therefore, Maritz has all the information it needs about Affinion's contentions to complete its pretrial submissions.

Very truly yours,

*Sharon L. Davis*

Sharon L. Davis

SLD:djc
1349937_1

**Exhibit 3**

# Exhibit 4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

TRILEGIANT LOYALTY   )
SOLUTIONS, INC.,     )
           )
    Plaintiff,   )
           )  Civil Action No. 04-360-JJF
   v.      )
           )
MARITZ INC.,      )
           )
    Defendant.   )

## DEFENDANT'S SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES

In accordance with Rule 26(a)(1) of the Federal Rules of Civil Procedure, defendant Maritz Inc. supplements its initial Rule 26(a)(1) disclosures by providing the following information to plaintiff:[1]

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Maritz makes the following initial disclosure based on information reasonably available to it at this time. Continuing investigation and discovery may alter these disclosures. Maritz reserves the right to supplement this initial disclosure to the extent that pertinent information is developed through further investigation.

By making these disclosures, Maritz does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Nor does Maritz waive its right to object to production of any document or tangible thing disclosed on the basis of any privilege, the work product doctrine, relevancy, undue burden, or any other valid objection. Rather, Maritz's disclosures represent a good faith effort to identify

---

[1] The supplemental disclosures contained herein are in **bold**.

**Exhibit 4**

information it reasonably believes is discoverable and which may be used to support its

claims or defenses (unless solely for impeachment) as required by Rule 26(a)(1).

Finally, Maritz's disclosures are made without waiving, in any way: (1) the right

to object on the grounds of competency, privilege, relevancy and materiality, hearsay, or

any other proper ground, to the use of any such information, for any purpose, in whole or

in part, in any subsequent proceeding in this action or any other action; and (2) the right

to object on any and all grounds, at any time, to any other discovery request or

proceeding involving or relating to the subject matter of these disclosures.

**(A) The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;**

Response:

The following persons are likely to have discoverable information which

defendant may use to support its claims and defenses:

- Thomas R. Bushold, Division Vice-President, Loyalty Technology, Maritz

  Loyalty Marketing, 1400 South Highway Drive, Fenton, MO 63099. Mr. Bushold

  should be contacted through counsel for defendant. Mr. Bushold is likely to have

  discoverable information concerning development and operation of the VAULT

  program.

- Mark Shipley, former President, Maritz Loyalty Marketing, Mr. Shipley currently

  resides at 842 Dogwood Meadows, Ellisville, MO 63021. Mr. Shipley should be

  contacted through counsel for defendant. Mr. Shipley is likely to have

2

discoverable information concerning development and operation of the VAULT
program.

- Jeff Altemueller, Executive Director, Client Systems, Maritz Loyalty Marketing,
  1400 South Highway Drive, Fenton, MO 63099. Mr. Altemueller should be
  contacted through counsel for defendant. Mr. Altemueller is likely to have
  discoverable information concerning development and operation of the VAULT
  program.

- William Hippert, Operations Manager II, Maritz Loyalty Marketing, Client
  Operations, 1400 South Highway Drive, Fenton, MO 63099. Mr. Hippert should
  be contacted through counsel for defendant. Mr. Hippert is likely to have
  discoverable information concerning operation of the VAULT program and
  previous Maritz loyalty programs.

- Steve Sigman, Division Vice-President, Sales, Maritz Loyalty Marketing, 1400
  South Highway Drive, Fenton, MO 63099. Mr. Sigman should be contacted
  through counsel for defendant. Mr. Sigman is likely to have discoverable
  information concerning operation of the VAULT program.

- **Travis Carpenter, IT Director, Maritz Loyalty Marketing, 1400 South
  Highway Drive, Fenton, MO 63099. Mr. Carpenter should be contacted
  through counsel for defendant. Mr. Carpenter is likely to have discoverable
  information concerning operation of the VAULT program.**

- **Janet Lister, Lead Analyst IT, Maritz Rewards, 1400 South Highway Drive,
  Fenton, MO 63099. Ms. Lister should be contacted through counsel for**

3

defendant. Ms. Lister is likely to have discoverable information concerning the development and operation of the AwardHQ website.

- Ron Steinkamp, Division VP, Director Rewards Systems, Maritz Rewards, 1400 South Highway Drive, Fenton, MO 63099. Mr. Steinkamp should be contacted through counsel for defendant. Mr. Steinkamp is likely to have discoverable information concerning Maritz Reward's operations.

- Mike Donnelly, President, Maritz Rewards, 1400 South Highway Drive, Fenton, MO 63099. Mr. Donnelly should be contacted through counsel for defendant. Mr. Donnelly is likely to have discoverable information concerning development and operation of the AwardHQ website.

- Jill Eichwald, Vice President of Rewards, Maritz Rewards, 1400 South Highway Drive, Fenton, MO 63099. Ms. Eichwald should be contacted through counsel for defendant. Ms. Eichwald is likely to have discoverable information concerning development and operation of the AwardHQ website.

- Suzanne Foeldi, AwardHQ Manager, Maritz Rewards, 1400 South Highway Drive, Fenton, MO 63099. Ms. Foeldi should be contacted through counsel for defendant. Ms. Foeldi is likely to have discoverable information concerning development and operation of the AwardHQ website.

- Fran Schuster, VP Client Services, Maritz Incentives, 1400 South Highway Drive, Fenton, MO 63099. Ms. Schuster should be contacted through counsel for defendant. Ms. Schuster is likely to have discoverable information concerning the development and operation of Maritz Incentives' programs.

4

- **Mark Barbee, VP Client Services, Maritz Incentives, 1400 South Highway Drive, Fenton, MO 63099. Mr. Barbee should be contacted through counsel for defendant. Mr. Barbee is likely to have discoverable information concerning the development and operation of Maritz Incentives' programs.**

- **Dan Henke, Corporate VP, Business Unit Information Officer, 1400 South Highway Drive, Fenton, MO 63099. Mr. Henke should be contacted through counsel for defendant. Mr. Henke is likely to have discoverable information concerning Maritz's operations and past Maritz incentive and loyalty programs.**

These persons may have knowledge relating to the prosecution history of U.S. Patent Nos. 5,774,870; 6,009,412; and 6,578,012; the meaning and scope of the claims of these patents; **and/or the unenforceability of the '870, '412, and the '012 patents** (the location of these persons is currently unknown to defendant's counsel):

- Thomas W. Storey. Mr. Storey is the named inventor on the '870, '412, and '012 patents. Mr. Storey is likely to have discoverable information with respect to subject matter disclosed in the '870, '412, and '012 patents.

- Joseph Bach. Mr. Bach was involved in the prosecution of the patent application which issued as '870 patent. Mr. Bach is likely to have discoverable information with respect to subject matter disclosed in the '870 patent and the prosecution of such patent application.

- Representatives from Townsend and Townsend and Crew LLP. Such representatives are likely to have discoverable information with respect to subject

5

matter disclosed in the '412 and '012 patents and the prosecution of such patent applications.

- Representatives from Fleisler, Dubb, Meyer & Lovejoy LLP. Such representatives are likely to have discoverable information with respect to subject matter disclosed in the '870 and '412 patents and the prosecution of such patent applications.

- Representatives from Rothwell, Figg, Ernst & Manbeck PC. Such representatives are likely to have discoverable information with respect to subject matter disclosed in the '012 patent and the prosecution of such patent application.

- Former employees or agents of Netcentives, Inc. Such persons are likely to have discoverable information with respect to the enforcement of at least the '870 and '412 patents.

- Employees or representatives of plaintiff.

These persons may have knowledge related to defendants' allegation that the '870, '412, and '012 patents are invalid:

- Representatives from the e-commerce software industry

- Representatives from companies previously sued by Netcentives or Trilegiant for allegedly infringing the patents-in-suit, including, **but not limited to,** Orbitz.com; Greenpoints.com; Carlson Companies Inc.; Carlson Marketing Group; Beenz.com, Inc.; Passpoints, Inc.; Stario, Inc.; Webmiles.com Corp.; Telamerica Media Inc.; Massmedium.com, Inc.; Smart Net Corp.; Freeride.com; 24K.com LC; Gold Points Corp.; GoldPoints.com; Radisson Hotel Corp.; Radisson Hotels International, Inc.; Pointsurf.com; and Sperry and Hutchinson Co.

6

- **Present or former employees or representatives of Radisson Hotels International, Inc., or its parent company, Carlson Companies, Inc.**

- **Some or all of the Maritz employees listed above.**

**(B) A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment;**

Response:

Defendant may use the following documents (which are in the possession of or accessible to plaintiff's counsel) to support it claims and defenses:

- U.S. Patent No. 5,774,870

- U.S. Patent No. 6,009,412

- U.S. Patent No. 6,578,012

- prosecution histories for the '870, '412, and '012 patents

- the prior art referenced in the prosecution histories of the '870, '412, and '012 patents

Additionally, the following documents may be relevant to defendant's claims and defenses and are in the custody of defendant or defendant's counsel:

- additional prior art not cited in the prosecution of the '870, '412, or '012 patents

- documents relating to the operation of defendant's VAULT program

- documents relating to the development of defendant's VAULT program

- **documents relating to the development and operation of defendant's AwardHQ website**

- **documents relating to the development and operation of Maritz Incentives' programs**

7

(C) A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered;

Response:

Except for requesting reimbursement for cost of suit, attorney fees, and such other relief the court may deem just, defendant has not claimed any damages against the plaintiff in this action. Computation of these damages will not be possible until this action is resolved, therefore no initial disclosure is required under Rule 26(a)(1)(C).

(D) For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment

Response:

Defendant is aware of no such agreements.

Respectfully submitted,

*Marc Vander Tuig*

J. Bennett Clark
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ
LLP
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2005, the foregoing was served via facsimile and first-class mail, postage prepaid, upon the following:

Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 2005

Attorneys for Plaintiff

*Marc Vander Tuig*

9