IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO
AFFINION'S MOTION IN LIMINE NUMBER 11: TO EXCLUDE STATEMENT
<u>MADE BY THE CANADIAN PATENT OFFICE</u>**

                                                                                               Rudolf E. Hutz (#484)
                                                                                               Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Dated: September 29, 2006                Attorneys for Maritz Inc.

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................... ii

I.    NATURE AND STAGE OF PROCEEDING ............................................................... 1

II.   SUMMARY OF ARGUMENT ...................................................................................... 1

III.  FACTS ............................................................................................................................. 1

IV.   ARGUMENT ................................................................................................................... 2

    A.   The Statement by the CPO is admissible and relevant to the determination of validity of the '412 Patent ................................................................................ 2

    B.   Any possibility of unfair prejudice is outweighed by the evidence's relevance to the invalidity analysis ..................................................................... 4

    C.   The statement is a public record resulting from a regularly conducted investigation of patentability of the pending Canadian patent application ......... 4

V.    CONCLUSION ............................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Howmedica Leibinger, Inc.,*
  197 F. Supp. 2d 101 (D. Del. 2002) ............................................................................... 3

*Dollar v. Long Mfg.,*
  561 F.2d 613 (5th Cir. 1977) ......................................................................................... 5

*Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.,*
  2006 WL 1330003 (N.D. Cal. May 15, 2006) ............................................................... 6

*Hay & Forage Indus. v. New Holland North America, Inc.,*
  25 F.Supp.2d 1170 (D. Kan. 1998) ............................................................................... 6

*In re Terrance Dale Nylen,*
  97 Fed. Appx. 293 (Fed. Cir. 2004) .............................................................................. 3

*Medichem, S.A. v. Rolabo, S.L.,*
  437 F.3d 1157 (Fed. Cir. 2006) ..................................................................................... 2

*Medtronic, Inc. v. Daig Corp.,*
  789 F.2d 903 (Fed. Cir. 1986) ....................................................................................... 3

*Melridge, Inc. v. Heublein,*
  125 B.R. 825 (D. Or. 1991) ........................................................................................... 6

*Pfizer Inc. v. Ranbaxy Labs. Ltd.,*
  2005 WL 3525681 (D. Del. Dec. 22, 2005) .................................................................. 4

*Revlon, Inc. v. Carson Products Co.,*
  602 F. Supp. 1071 (S.D.N.Y. 1985) .............................................................................. 4

*Standard Havens Products, Inc. v. Gencor Indus., Inc.,*
  953 F.2d 1360 (Fed. Cir. 1991) ..................................................................................... 6

*Stratoflex, Inc. v. Aeroquip Corp.,*
  713 F.2d 1530 (Fed. Cir. 1983) ..................................................................................... 3

*Timely Prod. Corp. v. Aaron,*
  523 F.2d 288 (2d. Cir. 1975) ......................................................................................... 3

*U.S. v. Grady,*
  544 F.2d 598 (2nd Cir. 1976) ........................................................................................ 6

*Warner-Jenkinson Co. v. Allied Chemical Corp.*,
   477 F. Supp. 371 (S.D.N.Y. 1979) .................................................................................. 4

**Statutes**

35 U.S.C. § 103(a) ............................................................................................................ 3

**Rules**

Federal Rule of Evidence § 401 ........................................................................................ 2

Federal Rule of Evidence § 403 ........................................................................................ 5

Federal Rule of Evidence § 803(8) ............................................................................ 1, 5, 6

**ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION IN LIMINE NUMBER 11: TO EXCLUDE STATEMENT MADE BY THE CANADIAN PATENT OFFICE**

## I. NATURE AND STAGE OF PROCEEDING

Trial in this matter is scheduled to begin on October 23, 2006. The parties filed motions *in limine* on September 20, 2006. As set forth in Section XI.1 of the Joint Proposed Pre-Trial Order (D.I. 227), the parties have agreed that answering briefs for motions *in limine* be filed by today, September 29, 2006.

## II. SUMMARY OF ARGUMENT

Maritz requests the Court to deny Affinion's motion to exclude the statement of the Canadian Patent Office ("CPO"). The statement is relevant to the determination of validity of U.S. Patent No. 6,009,412 ("the '412 patent") because it describes the state of the prior art in the field of the '412 patent and the understanding of the art by one of ordinary skill in the art. The statement will not be prejudicial, as the jury will be instructed in detail concerning United States patent law. Finally, the statement is not hearsay because it is a public record and, as such, is admissible under Federal Rule of Evidence § 803(8).

## III. FACTS

Canadian Patent Application No. 2,240,424 ("the '424 application") and the '412 patent are related and claim priority to the filing date of the '870 patent. Ex. 1. The '424 application (as filed) and the '412 patent have identical specifications and substantially similar claims.[1] *Id.* On April 10, 2003, the Canadian Patent Office ("CPO") rejected the claims of the '424 application. In doing so, the CPO characterized the state of the prior art as follows:

---

[1] Affinion misrepresents that the '424 application has "*completely* different claims" from the '412 patent. D.I. 261 at 3. The claims from this PCT application generally correspond to the '412 patent's parent, the '870 patent. And the U.S. examiner rejected the claims of the '412 patent *for not being patentably distinct from the '870 patent's claims*. Ex. 4.

1

> There is nothing new about points based incentive programs in themselves...Nor is there anything new about assembling networks of computers so as to quickly and efficiently communicate data between them...This leaves as the discovery at the heart of this application the realization that by harnessing the abilities of the Internet, certain efficiencies can be gained in the administration of a points incentive program .... The incentive award plan itself has not changed, (and, even if it had, those details would be left to the professional skill of the marketing people designing it,) it is now simply specifying the use of online communications instead of telephones and mail, web pages instead of paper catalogues, databases instead of paper records, and the use of software to automate a known incentive plan management method.

Ex. 2 at 3.

## IV. ARGUMENT

### A. The Statement by the CPO is admissible and relevant to the determination of validity of the '412 Patent

The scope of Affinion's motion is limited. Affinion seeks to exclude one paragraph from the office action of the CPO. In the statement at issue, the CPO simply describes the state of the prior art surrounding the '424 application. Ex. 2 at 3 (comparing the subject matter of the application to the "common art"). This statement is directly relevant to validity of the '412 patent. Evidence is relevant if has any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence. Fed. R. Evid. § 401. In deciding validity of a claimed invention, the state of the art must be established. *Medichem, S.A. v. Rolabo, S.L.*, 437 F.3d 1157, 1164 (Fed. Cir. 2006) ("The ultimate determination of whether an invention would have been obvious under 35 U.S.C. § 103(a) is a legal conclusion based on the factual Graham findings, e.g., '(1) the scope and content of the prior art; (2) the level of ordinary skill in the prior art; and (3) the differences between the claimed invention and the prior art.'"). *All* pieces of evidence must be weighed and

2

considered when a court makes an obviousness determination. *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1539 (Fed. Cir. 1983).

Affinion asserts that it is "well established that the activities of foreign patent offices are not relevant to the determination of obviousness or validity of U.S. patents." D.I. 261 at 2. This is not correct. The cases cited by Affinion address whether the ultimate determination of unpatentability (or, conversely, patentability) by a foreign patent office is relevant. *In re Terrance Dale Nylen*, 97 Fed. Appx. 293, 294 (Fed. Cir. 2004) (unpublished) ("the *issuance* of [a Canadian] patent . . . is not relevant to the determination of obviousness") (emphasis added); *Medtronic, Inc. v. Daig Corp.*, 789 F.2d 903, 907-08 (Fed. Cir. 1986) (refusing to adopt the *"conclusion"* of a German tribunal holding the patent obvious) (emphasis added); *Timely Prod. Corp. v. Aaron*, 523 F.2d 288, 295-96 (2d. Cir. 1975) (holding as inadmissible proof of the *"issuance"* of corresponding foreign patents); *Allen v. Howmedica Leibinger, Inc.*, 197 F. Supp. 2d 101, 110 (D. Del. 2002) ("The Federal Circuit . . . has specifically rejected as 'specious' the argument that a United States court should adopt the *conclusion* of a foreign tribunal.") (emphasis added); *Revlon, Inc. v. Carson Products Co.*, 602 F. Supp. 1071, 1080-81 (S.D.N.Y. 1985), ("[A U.S. patent] cannot be destroyed by *determinations* made by foreign patent offices") (emphasis added).

There is no basis for finding that a statement relating to the state of the art is irrelevant. *Pfizer Inc. v. Ranbaxy Labs. Ltd.*, 2005 WL 3525681, *3 (D. Del. Dec. 22, 2005) ("The Federal Circuit does not endorse the *per se* exclusion of evidence related to foreign patent prosecutions") (attached as exhibit 3). To the contrary, such statements may be relevant to the determination of validity of the patent and should not be excluded. *See Warner-Jenkinson Co. v. Allied Chemical Corp.*, 477 F. Supp. 371, 386-87 (S.D.N.Y. 1979) (accepting as relevant the opinions of the

3

German and Dutch patent offices of novelty of the patent in dispute); *Pfizer Inc.*, 2005 WL 3525681 at *3 (denying motion to exclude non-final decision of the Austrian Patent Office because "this Court has also recognized the 'limited relevance' of proceedings adjudicating patent rights in foreign jurisdictions"). Because the statement by the CPO as to the state of the prior art is relevant to the ultimate determination of validity, it should not be excluded from evidence.

### B.  Any possibility of unfair prejudice is outweighed by the evidence's relevance to the invalidity analysis

The jury in this case will be given detailed instructions regarding the standards for validity of patents under United States law. Through the instruction process, the Court will prevent any risk of juror confusion resulting from differences between Canadian and U.S. patentability standards. Affinion's *only* possible basis for Affinion's claim of *unfair*[2] prejudice—potential juror confusion—is therefore preventable. Evidence can only to be excluded when its probative value is *substantially* outweighed by the danger of unfair prejudice. Fed. R. Evid. § 403. The succinct description of the state of the prior art given by the Canadian patent examiner sheds considerable light on the validity determination. Because any potential risk of unfair prejudice is at most slight, and is substantially outweighed by the relevance of the CPO's statement, it should not be excluded from trial.

### C.  The statement is a public record resulting from a regularly conducted investigation of patentability of the pending Canadian patent application

The contested statement is a finding by the CPO as to the state of the prior art resulting from the examiner's investigation and, as such, is a public record. The public record exception of Fed. R. Evid. § 803(8) applies to records of public offices or agencies setting forth (A) the

---

[2] Affinion cannot justify excluding this evidence under Fed. R. Evid. 403 simply because it is adverse to its interests. *See Dollar v. Long Mfg.*, 561 F.2d 613, 618 (5th Cir. 1977) ("Virtually all evidence is prejudicial or it isn't material. The prejudice must be 'unfair.'").

4

activities of the office or agency, (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report or (C) factual findings resulting from an investigation made pursuant to authority granted by law. Public records are excluded from the hearsay rule in civil cases, unless the sources of information or other circumstances indicate lack of trustworthiness. Fed. R. Evid. § 803(8).

The documentary record created by the U.S. Patent and Trademark Office in the course of examining a patent application are subject to the public records exception. *Standard Havens Products, Inc. v. Gencor Indus., Inc.*, 953 F.2d 1360, 1372 (Fed. Cir. 1991) (affirming the admission of a Certificate of Correction issued by the PTO into evidence); *Fresenius Medical Care Holdings, Inc. v. Baxter Int'l, Inc.*, 2006 WL 1330003, *2-3, (N.D. Cal. May 15, 2006) (denying motion to strike various PTO documents including an Office Action as hearsay); *Hay & Forage Indus. v. New Holland North America, Inc.*, 25 F. Supp. 2d 1170, 1175 n.2, (D. Kan. 1998)("[E]ven if the patents were hearsay, they would be subject to the public records exception to the hearsay rule"). The exception extends to statements made by foreign agencies such as the CPO. *U.S. v. Grady*, 544 F.2d 598, 604 (2nd Cir. 1976) (holding Irish police reports admissible as a public record under Fed. R. Evid. § 803(8)); *Melridge, Inc. v. Heublein*, 125 B.R. 825, 829 (D. Or. 1991) ("The fact that the documents are foreign and not domestic does not affect their admissibility under [Fed. R. Evid. § 803(8)(c)]"). The CPO is a public agency and an official statement made in an Office Action concerning the state of the art is a record setting forth (A) the activity of the agency in investigating the prior art, (B) the state-of-the-art which the Office has a duty to report in determining patentability and (C) the agency's finding resulting from its authorized investigation of the state of the prior art. Accordingly, the statement falls within the

ambit of the public records exception to hearsay and should not be excluded from evidence on hearsay grounds.

## V. CONCLUSION

For the reasons set forth above, the statement by the CPO concerning the state-of-the-art should be admitted into evidence.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ LLP

By: *Patricia A Rogowski*
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 N. Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
Michael J. Hartley
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Maritz Inc.

## CERTIFICATE OF SERVICE

I, hereby certify that on **September 29, 2006**, I electronically filed **ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION IN LIMINE NUMBER 11: TO EXCLUDE STATEMENT MADE BY THE CANADIAN PATENT OFFICE** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on September 29, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

*/s/ Patricia Smink Rogowski*
Patricia Smink Rogowski (#2632)