IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO
AFFINION'S MOTION IN LIMINE NUMBER 5**

        Rudolf E. Hutz (#484)
        Patricia Smink Rogowski (#2632)
        CONNOLLY BOVE LODGE & HUTZ LLP
        The Nemours Building
        1007 Orange Street
        P.O. Box 2207
        Wilmington, DE 19899
        (302) 658-9141

        J. Bennett Clark
        David W. Harlan
        Jennifer E. Hoekel
        Marc W. Vander Tuig
        SENNIGER POWERS
        One Metropolitan Square, 16th Floor
        St. Louis, MO 63102
        (314) 231-5400

Dated: September 29, 2006        Attorneys for Maritz Inc.

# **TABLE OF CONTENTS**

I. NATURE AND STAGE OF PROCEEDING ..................................................................1

II. SUMMARY OF ARGUMENT .........................................................................................1

III. FACTS .................................................................................................................................1

IV. ARGUMENT .......................................................................................................................2

    A.    Netcentives Is A Predecessor In Interest of Affinion. ...............................................3

        1. Netcentives' and Affinion's Motives are Identical ................................................3

        2. Netcentives had the Opportunity to Examine the Witnesses ................................5

    B.    The Testimony Is Reliable .........................................................................................6

IV. CONCLUSION ...................................................................................................................7

# TABLE OF AUTHORITIES

*Cases*

*Battle ex. rel. Battle v. Memorial Hosp. at Gulfport*,
    228 F.3d 544 (5th Cir. 2000) ..........................................................................................4, 6

*Construction Tech., Inc. v. Cybermation, Inc.*,
    1996 WL 376601 (S.D.N.Y. 1996) .........................................................................................5

*DeLuryea v. Winthrop Labs.*, 697 F.2d 222 (D. Ark. 1983) ...............................................................6

*J.P. Stevens & Co. v. Lex Tex Ltd.*, 747 F.2d 1553 (Fed. Cir. 1984) ...............................................6

*Kirk v. Raymark Industries, Inc.*, 61 F.3d 147 (3d Cir. 1995) ...........................................................2

*Lloyd v. American Export Liens, Inc.*, 580 F.2d 1179 (3d Cir. 1978) .............................................4

*Mitsui & Co. Inc. v. Hudson Tank Terminals*, 1985 WL 1668 (S.D.N.Y. 1985) ............................6

*Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*,
    71 F.3d 119 (4th Cir. 1995) .....................................................................................................7

*Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487 (D. Del. 2005) .............................3, 4

*Statutes*

Federal Rule of Evidence 804(b)(1) ...............................................................................................3, 9

Federal Rule of Evidence 807 .........................................................................................................3, 9

35 U.S.C. § 102(b) ..............................................................................................................................5

# ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION IN LIMINE NUMBER 5

## I. NATURE AND STAGE OF PROCEEDING

Trial in this matter is scheduled to begin on October 23, 2006. The parties filed motions *in limine* on September 20, 2006. As set forth in Section XI.1 of the Joint Proposed Pre-Trial Order (D.I. 227), the parties have agreed that answering briefs for motions *in limine* be filed by today, September 29, 2006.

## II. SUMMARY OF ARGUMENT

The six challenged depositions are from previous litigation involving Netcentives, the previous owner of the asserted patent, and are admissible under Fed. R. Evid. 804(b)(1) and 807. The witnesses are unavailable, and Affinion's motives to cross-examine the witnesses are identical to those of Netcentives when the depositions were taken. Further, Netcentives had an opportunity, and did, examine the witnesses. Affinion's argument that it would have conducted the examinations differently does not affect the reliability or admissibility of the prior testimony. Because the testimony was taken during a deposition, under oath, and counsel for Netcentives had the opportunity to test the accuracy of the statements, it is reliable and therefore admissible.

## III. FACTS

Maritz has designated portions of six depositions taken during the *Netcentives v. Carlson* litigation ("Carlson litigation") that it may wish to use during trial.

The assignee of U.S. Patent No. 6,009,412 ("'412 patent") at the time of issue was Netcentives, Inc. D.I. 101, Ex. 1 at ¶10. In December 2001, Netcentives, Inc. assigned its rights under the '412 patent to Trilegiant Corporation. *Id.* at ¶11. In January 2004, Trilegiant Corporation assigned its rights under the '412 patent to Trilegiant Loyalty

1

Solutions, Inc. *Id.* at ¶12. Trilegiant Loyalty Solutions, Inc. later assigned its rights under the '412 patent to Affinion Net Patents, Inc. *Id.* at ¶13. Trilegiant Loyalty later changed its name to Affinion Loyalty Group, Inc. and is a licensee of the '412 patent.

## IV.   ARGUMENT

The six witnesses listed in plaintiff's Motion *In Limine* No. 5 are unavailable and their deposition testimony has all the characteristics of reliability. Federal Rule of Evidence 804(b)(1) lays out the requirements of admissibility for former testimony:

> *Former testimony.* Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

"In order for former testimony to be admissible as an exception to the hearsay rule: (1) the declarant must be unavailable; (2) testimony must be taken at a hearing, deposition, or civil action or proceeding; and (3) the party against whom the testimony is now offered must have had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147, 164 (3d Cir. 1995). The six witnesses challenged by Affinion are unavailable because they are outside the subpoena power of this Court.[1] The challenged testimony is trustworthy as it was taken during a deposition, under oath, and counsel for Netcentives had the opportunity to test the accuracy of the statements. *Tracinda*, 362 F. Supp. 2d at

---

[1] A witness satisfies the unavailability requirement if he or she is outside the subpoena power of the Court. *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 503 (D. Del. 2005). Under present knowledge Mr. Marlark is a resident of Arizona; Mr. Gandrud and Mr. Heintzeman are residents of Minnesota; Mr. Albert and Mr. Fleisler are residents of California; and Mr. Gray is a resident of Virginia. Thus, each of these witnesses resides more than 100 miles from Wilmington, Delaware, and is beyond the subpoena power of this Court.

2

503. The only debatable issue is whether Netcentives is a predecessor in interest to Affinion.

### A. Netcentives Is A Predecessor In Interest of Affinion.

The Third Circuit has held that the "predecessor in interest" factor should be interpreted generously. *Lloyd v. American Export Lines, Inc.*, 580 F.2d 1179, 1187 (3d Cir. 1978) ("If it appears that in the former suit a party having a like motive to cross examine about the same matters as the present party would have, was accorded an adequate opportunity for such examination, the testimony may be received against the present party").

In the present matter, Netcentives is a predecessor of Affinion in the chain of ownership of the '412 patent. Ex. 1 at ¶¶10-15. Affinion touts this fact as the reason it is able to sue for infringement that occurred before Affinion's ownership of the patent. Ex. 1 at ¶¶11-13 ("including the right to recover damages for past infringement"). Affinion now asserts that it has different interest in protecting against the same invalidity contentions raised during the Carlson litigation. Motion *In Limine* No. 5 at 2. However, Netcentives had an identical motive to, and did in fact, cross examine the witnesses proffered by Maritz.

#### 1. Netcentives' and Affinion's Motives are Identical.

The party against whom the testimony was admitted against need only have had a similar motive, not an identical motive, to the party in the second proceeding. *See Battle ex rel. Battle v. Memorial Hosp. at Gulfport*, 228 F.3d 544, 552-53 (5th Cir. 2000). "Because similar motive does not mean identical motive, the similar-motive inquiry is inherently a factual inquiry, depending in part on the similarity of the underlying issues

3

and on the context of the questioning." *Id.* (holding that even though parties had differing theories to avoid liability they had the same motivation in questioning the witness).

Here, Netcentives' and Affinion's motives are not just similar; they are *identical*. The inventorship, validity, and enforceability of the '412 patent was in dispute during the Carlson litigation[2] as it is in the present litigation, and these topics were the subject of lengthy examination in the subject depositions. As owner of the '412 patent, Netcentives had a strong motive to defend the integrity of the '412 patent, and aggressively attempted to do so.

In the present case, Maritz asserts that the '412 patent is invalid for failing to name the proper inventors and unenforceable due to withholding of the correct inventorship (and relevant closely related prior art) from the U.S. Patent and Trademark Office. Affinion is now motivated to uphold the validity and enforceability of the '412 patent, motives identical to those of Netcentives. Affinion has aggressively defended the '412 patent in this case from attacks against its validity or enforceability. *See, e.g., Construction Tech., Inc. v. Cybermation, Inc.*, 1996 WL 376601, *2 (S.D.N.Y. 1996) (holding that a party in previous litigation had a similar interest where it had "every incentive to develop all the facts showing that [the patentee's] invention was on sale more than one year before the patent application" and was thus invalid under 102(b)).

Affinion's argument that its motive is different because the Carlson litigation was focused on different claims is misplaced. Claims 10 and 36 of the '412 patent were asserted in the Carlson litigation as well as the current litigation. *See* Ex. 2. Further, the fact that some additional claims are asserted does not affect the motive of the parties

---

[2] *See* Ex. 1.

4

because fraud and unenforceability are not limited to the asserted claims. *J.P. Stevens & Co. v. Lex Tex Ltd.*, 747 F.2d 1553, 1561 (Fed. Cir.1984)(holding if one claim of a patent is found unenforceable on grounds of inequitable conduct, the entire patent is unenforceable).

### 2. Netcentives had the Opportunity to Examine the Witnesses.

"Opportunity and motivation to cross-examine are the important factors, not the actual extent of cross-examination." *DeLuryea v. Winthrop Labs.*, 697 F.2d 222, 227 (D. Ark. 1983)(admitting testimony even though counsel asked only one question during cross-examination). The availability of past cross-examination opportunities is one factor to consider, but is not conclusive because an "examiner will virtually always be able to suggest lines of questioning that were not pursued at the prior proceeding." *Battle*, 228 F.3d at 553 (rejecting argument that previous party "did not aggressively test [witness's] answers with cross-examination type questions" and admitting testimony because the two parties had similar motives). Therefore, failure to pursue a particular line of questioning is not a basis for exclusion of testimony. *See Mitsui & Co. Inc. v. Hudson Tank Terminals*, 1985 WL 1668, *8 (S.D.N.Y. 1985) (holding party's failure to pursue line of questioning to minimize potential damages, payable by indemnification clause, did not support exclusion of the testimony).

Mr. Heintzman and Mr. Gandrud were actually deposed by counsel for Netcentives. Netcentives had a strong motive to fully develop the testimony of Mr. Heintzman and Mr. Gandrud because they were beyond the subpoena power of the court in the Carlson litigation and were associated with Carlson during the depositions. Netcentives extensively questioned Mr. Heintzman about the Look to Book program.

5

Affinion's argument that this testimony was "equivocal" does not address whether it is trustworthy and therefore admissible.

Counsel for Netcentives attended each of the challenged depositions and were given the opportunity to examine each witness. With the exception of Mr. Gray, Netcentives did just that.[3] Affinion's conclusory argument that it would have asked different questions, without showing how Netcentives' and Affinion's motives were different, does not support excluding the testimony.

### B. The Testimony Is Reliable.

Under Fed. R. Evid. 807, hearsay may be admitted if it has circumstantial guarantees of trustworthiness. In the context of previous testimony, some courts have required the adverse party to show why previous testimony is unreliable. *See, e.g., Supermarket of Marlinton, Inc. v. Meadow Gold Dairies*, Inc., 71 F.3d 119, 127 (4th Cir. 1995) (to suppress the testimony "the party against whom [it] is offered must point up distinctions in her case not evident in the earlier litigation that would preclude similar motives of witness examination"); *Battle*, 228 F.3d at 553 (court held the testimony admissible after the adverse party failed to "suggest a single question or line of questioning that would have added reliability to the deposition").

Here, the prior testimony proffered by Maritz has all the indicia of trustworthiness; it was taken during a deposition, under oath, and attorneys for both parties were present. Affinion was aware of these witnesses and their depositions

---

[3] It would have been a waste of time and resources to depose Mr. Gray because he testified he was unfamiliar with or had no recollection of the Netcentives' patents. Where a witness has no recollection or involvement in a controversy, it is unnecessary to provide a party with an adequate opportunity to cross-examine the witness as required under Rule 804(b)(1). *McSharry v. Unumprovident Corp.*, 2002 WL 32080544, *2-3 (E.D. Tenn. 2002) (allowing a consolidated deposition where the doctor had no involvement in decisions to deny some plaintiffs' insurance benefits). It is unnecessary and a waste of time to require a witness to testify multiple times regarding the same subject matter.

6

because the depositions in question were produced by Affinion during discovery. Affinion has not show why the testimony is unreliable or what questions it would have asked to add reliability to the testimony. Therefore, the testimony is also admissible under Fed. R. Evid. 807, because the testimony has equivalent circumstantial guarantees of trustworthiness as other hearsay exceptions.

## V.  CONCLUSION

Netcentives is a predecessor in interest to Affinion. Netcentives and Affinion had identical motives to uphold the validity and enforceability of the '412 patent; to try to show infringement of that patent; and Netcentives had the opportunity to, and did, examine the witnesses during the Carlson litigation. The testimony has the guarantees of trustworthiness and is admissible under Fed. R. Evid. 804(b)(1) and 807. Plaintiff's motion *in limine* should be denied.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ

By: *Patricia S Rogowski*
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
Michael J. Hartley
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Maritz Inc.

8

## CERTIFICATE OF SERVICE

I, hereby certify that on **September 29, 2006**, I electronically filed **ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION IN LIMINE NUMBER 5** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on September 29, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

| **Via Hand Delivery** | **Via Federal Express** |
|---|---|
| Jack B. Blumenfeld | Steven Lieberman |
| Maryellen Noreika | Sharon L. Davis |
| Morris, Nichols, Arsht & Tunnell LLP | Rothwell, Figg, Ernst & Manbeck, P.C. |
| 1201 N. Market Street | 1425 K Street, N.W. |
| P.O. Box 1347 | Suite 800 |
| Wilmington, DE 19899-11347 | Washington, D.C. 20005 |

_/s/ Patricia Smink Rogowski_
Patricia Smink Rogowski (#2632)

9