# Exhibit 1

Case 1:04-cv-00360-JJF   Document 281-2   Filed 09/29/2006   Page 1 of 9

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

**RECEIVED**

24k.com LC, a Florida Limited Liability Company;
Radisson Hotels International, Inc., a Delaware
Corporation; Radisson Hotel Corporation, a
New Jersey Corporation; Gold Points Corporation,
a New Jersey Corporation; Gold Points.com
Corporation, a New Jersey Corporation;
Carlson Hospitality Group, Inc., a Minnesota Corporation;
Carlson Marketing Group, Inc., a New Jersey Corporation;

Court File No. JUL 2 8 2000

CLERK, U.S. DIST. COURT
MINNEAPOLIS, MN

Plaintiffs,

vs.

Netcentives Inc., a Delaware
Corporation; Thomas W. Storey;

Defendants.

COMPLAINT FOR
BREACH OF FIDUCIARY DUTY;
BREACH OF CONTRACT;
DECLARATORY JUDGMENT OF
INVALIDITY, NON-INFRINGEMENT,
UNENFORCEABILITY, AND
CORRECTION OF INVENTORSHIP
OF UNITED STATES PATENT
NOS. 5,774,870 AND 6,009,412;
AND DEMAND FOR JURY TRIAL

Plaintiffs for their Complaint against Defendants allege and state as follows:

## INTRODUCTION

This is an action for breach of fiduciary duty, breach of contract, and declaratory judgment, together with such further relief based thereon as may be necessary or proper pursuant in part to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, 2202. The basis for declaratory judgment jurisdiction is that an actual controversy between plaintiffs and defendants has arisen as a result of Defendant Netcentives Inc.'s threats to plaintiffs of litigation over claims

2253762.1

DEFENDANT'S
EXHIBIT
1385

TRL-MTZ 05541

EX. 1385-0001

of infringement of United States Patent Nos. 5,774,870 ("'870 Patent") and 6,009,412 ("'412 Patent"). These patents are attached as Exhibit A and B respectively.

## PARTIES AND JURISDICTION

1. Plaintiff 24k.com LC is a Florida Limited Liability Company with its principal place of business at 701 Carlson Parkway, Minneapolis, Minnesota 55459.

2. Plaintiff Radisson Hotels International, Inc. is a Delaware Corporation with its principal place of business at 701 Carlson Parkway, Minneapolis, Minnesota 55459.

3. Plaintiff Radisson Hotel Corporation is a New Jersey Corporation with its principal place of business at 701 Carlson Parkway, Minneapolis, Minnesota 55459.

4. Plaintiff Gold Points Corporation is New Jersey Corporation with its principal place of business at 701 Carlson Parkway, Minneapolis, Minnesota 55459.

5. Plaintiff Gold Points.com Corporation is New Jersey Corporation with its principal place of business at 701 Carlson Parkway, Minneapolis, Minnesota 55459.

6. Plaintiff Carlson Hospitality Group, Inc. is a Minnesota Corporation with its principal place of business at 701 Carlson Parkway, Minneapolis, Minnesota 55459.

7. Plaintiff Carlson Marketing Group, Inc. is a New Jersey Corporation with its principal place of business at 701 Carlson Parkway, Minneapolis, Minnesota 55459.

8. Each of the plaintiffs' business activities may include aspects of on-line incentive and marketing programs. All of the plaintiffs are related companies.

9. Defendant Netcentives Inc. is a Delaware corporation with its principal place of business located at 690 Fifth Street, San Francisco, California 94107, USA. Netcentives Inc. is the assignee of the '870 and '412 patents.

10. Upon information and belief, Defendant Thomas W. Storey is a resident of Michigan residing at 13280 White Ash Road, Alpena, MI 49707. Defendant Storey is the sole

named inventor on the '870 and '412 patents and a former employee of Radisson Hotels International, Inc. and Radisson Hotels Corporation. ("Radisson")

11. This Court has jurisdiction over this Complaint and over this action pursuant to 28 U.S.C. § 1331, in that this action involves questions of federal law, and 28 U.S.C. § 1338(a), in that this action involves claims for a declaratory judgment of patent invalidity, unenforceability, and non-infringement all under Title 35 of the United States Code. Further, this Court has jurisdiction over this action under the Court's supplemental jurisdiction as defined in 28 U.S.C. § 1367, and the doctrines of pendent and ancillary jurisdiction in that the claims derive from a common nucleus of operative fact.

12. Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c) in that defendants are subject to personal jurisdiction in this district.

13. This Court has personal jurisdiction over Defendant Netcentives, Inc. based upon its sufficient contacts with Minnesota. Those contacts include, but are not limited to, its communications directed to plaintiffs in this district, accusing plaintiffs of infringing the '870 and '412 patents through various activities within this district. Defendant Netcentives Inc. purposely entered this district to attempt to negotiate a license with plaintiffs for the '870 and '412 patents. Defendant Netcentives Inc. communicated threats of litigation directed to plaintiffs within this district. Further, Defendant Netcentives Inc. advertises and solicits business of persons in this district.

14. This Court has personal jurisdiction over Defendant Thomas W. Storey based upon his sufficient contacts with Minnesota. Defendant Storey was a corporate officer for and entered into the employment of Plaintiffs Radisson in this district. The basis of this action arises out of Defendant Storey's breach of his fiduciary duty to Radisson.

TRL-MTZ 05543

EX. 1385-0003

15. Defendant Netcentives Inc. has explicitly threatened plaintiffs with litigation regarding the infringement of the '870 and '412 patents, thus creating a reasonable apprehension on the part of plaintiffs that they will face an infringement suit. Defendant Netcentives Inc. has accused plaintiffs that their present activities in Minnesota of concerning online rewards programs infringe the '870 and '412 patent claims. Accordingly, subject matter jurisdiction, personal jurisdiction and venue are proper within this district.

## FACTUAL BACKGROUND

16. While Defendant Storey was an officer with Radisson, he, along with other employees of Radisson, conceived of the subject matter of at least one of the claims in each of the '870 and '412 patents.

17. As a corporate officer of Radisson, Defendant Storey had a fiduciary duty to assign any patents he conceived of while acting as an officer of Radisson.

18. Also, under Defendant Storey's employment obligations with Radisson, Defendant Storey was aware that any new ideas and inventions made by an employee while in the employ of Radisson were property of it.

19. Accordingly, the patents resulting from conceptions made by Defendant Storey while an officer of Radisson are property of it.

20. In not assigning the '870 and '412 patents over to Radisson, Defendant Storey has breached his fiduciary duty to Radisson.

21. In not assigning the '870 and '412 patents over to Radisson, Defendant Storey has breached his employment obligations to Radisson.

22. In prosecuting the '870 and '412 patents in the United States Patent and Trademark Office, Defendant Storey and/or Defendant Netcentives Inc. failed to disclose that

TRL-MTZ 05544

EX. 1385-0004

other inventors assisted in the conception of the patented methods, at least in part, of at least one of the claims in each of the '870 and '412 patents.

## COUNT I
### DEFENDANT STOREY'S BREACH OF FIDUCIARY DUTY

23. Plaintiffs reassert the allegations contained in Paragraphs 1-22 and incorporates them by reference as though fully set forth herein.

24. This count is for a breach of fiduciary duty of loyalty, good faith, and fair dealing.

25. Upon information and belief, Defendant Storey breached his fiduciary duty of loyalty, good faith, and fair dealing when he did not make an assignment of the '870 and '412 patents to Radisson.

## COUNT II
### DEFENDANT STOREY'S BREACH OF CONTRACT

26. Plaintiffs reassert the allegations contained in Paragraphs 1-22 and incorporates them by reference as though fully set forth herein.

27. This count is for breach of contract.

28. Upon information and belief, Defendant Storey breached his employment obligations when he did not make an assignment of the '870 and '412 patents to Radisson.

## COUNT III
### DECLARATION OF PATENT INVALIDITY

29. Plaintiffs reassert the allegations contained in Paragraphs 1-22 and incorporates them by reference as though fully set forth herein.

30. This count is for a declaration that the '870 and '412 patents are invalid.

31. Upon information and belief, the '870 and '412 patents are invalid for failing to satisfy the conditions for patentability set forth in 35 U.S.C. §§ 101, et seq. including specifically, and without limitation §§ 101, 102, 103, 112 and/or 116.

TRL-MTZ 05545

EX. 1385-0005

## COUNT IV
## DECLARATION OF PATENT NONINFRINGEMENT

32. Plaintiffs reassert the allegations contained in Paragraphs 1-22 and incorporates them by reference as though fully set forth herein.

33. This count is for a declaration that plaintiffs do not infringe the '870 and '412 patents.

34. Upon information and belief, plaintiffs do not make, use, sell, or offer to sell, and have not made, used, sold or offered to sell in the United States any products or methods which infringe any valid and enforceable claims of the '870 and '412 patents either directly, indirectly, contributorily or otherwise, and has not induced any others to infringe said patents.

## COUNT V
## DECLARATION OF PATENT UNENFORCEABILITY

35. Plaintiffs reassert the allegations contained in Paragraphs 1-22 and incorporates them by reference as though fully set forth herein.

36. This count is for a declaration that the '870 and '412 patents are unenforceable against plaintiffs.

37. Upon information and belief, the '870 and '412 patents are unenforceable due to estoppel and inequitable conduct.

38. Upon information and belief, the '870 and '412 patents are unenforceable against plaintiffs because the inventor of the patent, Defendant Storey, had a duty to assign the invention claimed in the patents to at least one of the plaintiffs. Thus, one or more of the plaintiffs are joint owners of the '870 and '412 patents with the rights set forth in 35 U.S.C. § 262.

39. Upon information and belief, the '870 and '412 patents are unenforceable against the plaintiffs because one or more of them have shop rights under the patents.

TRL-MTZ 05546

EX. 1385-0006

## COUNT VI
## PRIOR USER RIGHTS

40.  Plaintiffs reassert the allegations contained in Paragraphs 1-22 and incorporates them by reference as though fully set forth herein.

41.  This count is for a declaration that the plaintiffs have prior user rights.

42.  If there is a finding that one or more of the plaintiffs were or are engaged in activities covered by a valid and enforceable claim contained in either the '870 and/or the '412 patent, then one or more of plaintiffs were engaged in such activities at a point in time that give them protection under the provisions of 35 U.S.C. § 273.

## COUNT VII
## JUDICIAL CORRECTION OF INVENTORSHIP

43.  Plaintiffs reassert the allegations contained in Paragraphs 1-22 and incorporates them by reference as though fully set forth herein.

44.  This count is for a judicial correction of inventorship of the '870 and '412 patents pursuant to 35 U.S.C. § 256.

45.  Upon information and belief, at least one other person should be added to the '870 and '412 patents as a joint inventor.

46.  This is an exceptional case within the meaning of 35 U.S.C. § 285 for which plaintiffs are entitled and thus request that they be allowed to recover their fees and costs based, among other things, upon Defendant Netcentives Inc.'s failure to investigate reasonably the factual and/or legal basis for allegations of infringement and damages asserted by it against Carlson and by Defendant Storey's failure to admit to the United States Patent and Trademark Office that others had conceived of at least one of the claims in each of the '870 and '412 patents.

TRL-MTZ 05547

EX. 1385-0007

WHEREFORE, plaintiffs pray for judgment as follows:

i. Declaring plaintiffs to be owners of the '870 and '412 patents when and if corrected to be valid;

ii. In the alternative, declaring the '870 and '412 patents invalid and unenforceable against plaintiffs;

iii. In the alternative, declaring the '870 and '412 patents not infringed by plaintiffs;

iv. Damages in an amount to be determined at trial;

v. Adjudging this case exceptional and awarding plaintiffs theirs costs and attorneys fees incurred in this action; and

vi. For such other and further relief as the court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs demand a trial by jury of all issues so triable.

Dated: July 27, 2000

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.

By _____
Ronald J. Schutz (#130847)
Nicholas G. Leonard (#295450)

2800 LaSalle Plaza
800 LaSalle Avenue
Minneapolis, Minnesota 55402-2015
(612) 349-8500

ATTORNEYS FOR PLAINTIFFS

TRL-MTZ 05548

2253762.1

8

EX. 1385-0008