IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC., </br></br> Plaintiff, </br></br> v. </br></br> MARITZ, INC. </br></br> Defendant. | ) </br> ) </br> ) </br> ) C.A. No. 04-360 (JJF) </br> ) </br> ) </br> ) </br> ) </br> ) |

**OPPOSITION OF AFFINION NET PATENTS, INC. TO DEFENDANT'S
MOTION *IN LIMINE* RELATING TO PRESUIT DAMAGES**

Defendant Maritz, Inc. ("Maritz") has moved *in limine* to preclude Plaintiff Affinion Net Patents, Inc. ("Affinion") from presenting at trial evidence regarding damages for infringement of the patent in suit, U.S. Patent No. 6,009,412 ("the '412 patent"): (a) by Maritz's Vault-based program occurring prior to actual notice in July 2002; and (b) by its AwardsHQ-based program occurring prior to the filing of this suit. *See* D.I. 239, 240. Affinion opposes this motion for the following reasons.

First, Affinion should be permitted to make full proofs on damages for infringement prior to filing suit and prior to providing actual notice of infringement, for both the accused Vault-based programs as well as the accused AwardsHQ-based programs, because actual notice is irrelevant to Affinion's damages recovery. Maritz's motion *in limine* improperly assumes that actual notice was required based on the improper assumption that the owners and licensees of the '412 patent had a duty to mark their websites under 35 U.S.C. § 287(a). As discussed extensively in the Opposition of Affinion Net Patents, Inc. To Defendant's Motion For Partial Summary Judgment Regarding Presuit Damages, D.I. 182, the owners and licensees of

the '412 patent were not obligated to mark their websites under § 287(a) because they did not sell or distribute products covered by the '412 patent.[1]  Accordingly, Affinion is entitled to recover damages for infringement before actual notice was provided.

<u>Second</u>, even if this Court were to find a marking obligation under § 287(a), Affinion should still be permitted to prove damages from July 2002 forward for the accused Vault-based programs because the undisputed evidence shows that Affinion gave Maritz actual notice of infringement of the '412 patent in July 2002, at least for Maritz's Vault-based programs.  This also was discussed extensively in the Opposition of Affinion Net Patents, Inc. To Defendant's Motion For Partial Summary Judgment Regarding Presuit Damages, D.I. 182 (and is herein incorporated by reference).  Maritz also concedes that Affinion can properly present evidence of damages relating to Vault (Maritz Loyalty) system from July 2002 to the present.  D.I. 240 at 5-6.

Maritz now argues that under *American Medical Systems, Inc. v. Medical Eng'g Corp.*, 6 F.3d 1532 (Fed. Cir. 1993), Affinion's actual notice was insufficient because it was not in writing.  D.I. 240 at n.3.  That is incorrect.  Section 287 does not specify that the notice have been in writing.  Moreover, whether or not actual notice may be provided orally was not even at issue in *American Medical Systems*.  All that *American Medical Systems* held with regard to actual notice was that it must come "from the patentee, not the infringer."  *See id.* at n.18.

---

[1] In the Reply Brief In Support Of Defendant Maritz Inc.'s Motion For Partial Summary Judgment Regarding Pre-Suit Damages, D.I. 192, Maritz stated that "ALG admits that it sells systems it contends are covered by the claims of the patent.  Furthermore, it is undisputed that these systems operate through the ALG website using ALG software, again purportedly covered by the '412 patent." *Id.* at 3.  Those are incorrect statements, as Affinion does not sell or distribute software and its website is purely promotional and does not permit access to its computer systems.  *See* D.I. 182 at Exh. F at ¶¶ 5-8.

2

Third, even if this Court were to find a marking obligation under § 287(a), Affinion should still be permitted to prove damages from July 2002 forward for the accused AwardsHQ-based programs because a genuine issue of fact exists regarding whether or not Affinion also gave Maritz actual notice of infringement of the '412 patent with regard to Martiz's AwardsHQ-based programs. *See Maxwell v. J. Baker, Inc.*, 86 F.3d 1098, 1111-12 (Fed. Cir. 1996) (compliance with the marking statute is a question of fact). Maritz incorrectly argues that under *Gart v. Logitech, Inc.*, 254 F.3d 1334 (Fed. Cir. 2001), actual notice as to one accused product does not provide actual notice regarding another accused product. *See* D.I. 240 at 4-5. In fact, the Federal Circuit found in *Gart* that a letter providing actual notice of infringement as to one accused product—"Trackman Marble"—did constitute actual notice as to other accused products—"Trackman Marble +" and "Trackman Marble FX"—that were not mentioned in the letter. *Id.* at 1347.

Affinion is entitled to seek to prove at trial that Vault and AwardsHQ are so similar that, for all intents and purposes, actual notice with regard to Vault also constitutes actual notice with regard to AwardsHQ. This is a question for the jury. *See Eastman Kodak Co. v. Agfa-Gevaert N.V.*, No. 02-6564T, 2006 U.S. Dist. LEXIS 46674, at *8 (S.D.N.Y. July 11, 2006) ("The question whether the differences between Cronex 10T and Cronex 10TL sufficiently distinguish the products from one another for purposes of notice is a question of fact that must be resolved by the trier of fact upon proof at trial."); *Tenneco Auto. Operating Co. v. Visteon Corp.*, 375 F. Supp. 2d 360, 365 (D. Del. 2005) (genuine issue of material fact existed whether letter alleging that one product infringed constituted actual notice for other products not mentioned); *L'Oreal S.A. v. Revlon Consumer Prods. Corp.*, No. 98-424, slip op. at 4-5 (D. Del. Feb. 24, 2000) (whether specific notice of one product constitutes sufficient notice of infringement by

3

further unidentified products is a question of fact for the jury) (Attached as Exh. 1); *Accuscan, Inc. v. Xerox Corp.*, No. 96-2579, 1998 U.S. Dist. LEXIS 14242 at *31 (S.D.N.Y. Sept. 10, 1998) (same).

## CONCLUSION

For the foregoing reasons and the reasons set forth in the Opposition of Affinion Net Patents, Inc. To Defendant's Motion For Partial Summary Judgment Regarding Presuit Damages, D.I. 182, Maritz's Motion *In Limine* Relating to Presuit Damages should be denied.

            MORRIS, NICHOLS, ARSHT & TUNNELL LLP

            */s/ Maryellen Noreika*
            _____
            Jack B. Blumenfeld (#1014)
            Maryellen Noreika (#3208)
            1201 N. Market Street
            P.O. Box 1347
            Wilmington, DE  19899-1347
            (302) 658-9200
             *Attorneys for Plaintiff*
             *Affinion Net Patents, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, DC  20005
(202) 783-6040

September 29, 2006

## **CERTIFICATE OF SERVICE**

I, Maryellen Noreika, hereby certify that on September 29, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 29, 2006 upon the following in the manner indicated:

### **BY HAND**

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801

### **BY FEDERAL EXPRESS**

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO  63102


*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com