# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| L'OREAL S.A. and COSMAIR, INC., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) | Civil Action No. 98-424-SLR |
| ) | |
| REVLON CONSUMER PRODUCTS CORP.; CHARLES REVSON, INC.; ALMAY, INC., ) ) ) ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 24th day of February, 2000, having reviewed defendants' motion for partial summary judgment relating to damages and the papers submitted in connection therewith;

IT IS ORDERED that said motion (D.I. 281) is denied, for the reasons that follow:

1. The entry of a summary judgment is only appropriate where "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure 56(c).

2. Upon proof of infringement, a patent owner is entitled to recover "damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made of the invention by the infringer." 35 U.S.C. § 284. The phrase "damages adequate to compensate" has been

interpreted to mean "full compensation for 'any damages' [the patent owner] suffered as a result of the infringement." <u>General Motors Corp. v. Devex Corp.</u>, 461 U.S. 648, 654-55 (1983). "Full compensation," in turn, has been held to include any foreseeable lost profits the patent owner can prove. <u>Rite-Hite Corp. v. Kelley Co.</u>, 56 F.3d 1538, 1545-47 (Fed. Cir. 1995) (en banc).

3. **Lost profits.** To recover lost profits, the patent owner must establish that "but for" the infringement, he would have made additional profits. <u>See</u> <u>Grain Processing Corp. v. American Maize-Products Co.</u>, 185 F.3d 1341, 1349 (Fed. Cir. 1999).

> When basing the alleged lost profits on lost sales, the patent owner has an initial burden to show a reasonable probability that he would have made the asserted sales "but for" the infringement. Once the patent owner establishes a reasonable probability of "but for" causation, "the burden then shifts to the accused infringer to show that [the patent owner's 'but for' causation claim] is unreasonable for some or all of the lost sales."

<u>Id.</u> (internal citations omitted).

4. According to the Federal Circuit, the "but for" inquiry requires the patentee to hypothetically reconstruct the market as it would have developed absent the infringing product in order to determine what he would have made in sales/profits. As further explained by that Court,

> [r]econstructing the market . . . requires the patentee to project economic results that did not occur. To prevent the hypothetical from lapsing into pure speculation, this court requires sound economic proof of the nature of the market and likely outcomes

2

>with infringement factored out of the economic picture. Within this framework, trial courts, with this court's approval, consistently permit patentees to present market reconstruction theories showing all of the ways in which they would have been better off in the "but for world," and accordingly to recover lost profits in a wide variety of forms.

Id. at 1350 (internal citations omitted). Among the "forms" approved by the Federal Circuit is that of awarding lost profits in proportion to a patentee's market share of the relevant market including acceptable noninfringing substitutes. See State Indus., Inc. v. Mor-Flo Indus., Inc., 883 F.2d 1573 (Fed. Cir. 1989).

5. Defendants argue in their moving papers that plaintiffs are not entitled to recover lost profits based on a proper reconstruction of the market "but for" infringement. According to defendants, in the "but for world," plaintiffs would have made no additional sales for which they could recover lost profits because: a) defendants would not have abandoned the market but would have sold noninfringing alternatives; and b) there is no demand for the patented feature.

6. There is no dispute that there were noninfringing alternatives available on the market at the time of the alleged infringement. (See, e.g., D.I. 282 at 7) Nevertheless, based on the analysis in State Indus. as specifically approved in Grain Processing, the court concludes that plaintiffs are entitled to present their evidence as to damages to the jury. The parties' respective hypothetical reconstructions of the market are replete

3

with disputed issues of fact[1] (both real and imaginary), making these matters unsuited for disposition by summary judgment.

7. Defendants further argue that, even if lost profits were recoverable, plaintiff L'Oreal is not entitled to recover plaintiff Cosmair's lost profits. Given the court's ruling that Cosmair is a proper party plaintiff, this argument lacks merit. Therefore, L'Oreal will be entitled to recover those profits demonstrated to be lost by Cosmair after its September 22, 1994 acquisition by L'Oreal. Although not necessary to the above holding, the court notes in this regard that its decision in <u>Ajinomoto Co. v. Archer-Daniels-Midland Co.</u>, C.A. No. 95-218-SLR, 1996 WL 621835 (D. Del. Oct. 21, 1996), is clearly distinguishable on its facts.

8. **Actual notice and pre-suit damages.** Defendants contend that plaintiffs' pre-suit damages claim is barred with respect to all products except "Revlon Lengthwise" mascara because L'Oreal's January 3, 1994 notice of infringement only identified this one product. (D.I. 282, Ex. G)

9. A patentee who fails to mark patented articles with the patent number may recover damages only from the time "the infringer was notified of the infringement." 35 U.S.C. § 287(a). Plaintiffs admit that Cosmair sold products covered by the '622 patent without marking them with the patent number.

10. The Federal Circuit has held that "the actual

---

[1]Including whether there is a demand for the patented feature.

4

notice requirement of § 287(a) is satisfied when the recipient is informed of the identity of the patent **and the activity that is believed to be an infringement**, accompanied by a proposal to abate the infringement, whether by license or otherwise." SRI Intern. v. Advanced Tech. Labs., Inc., 127 F.3d 1462, 1470 (Fed. Cir. 1997) (emphasis added). The Federal Circuit has not addressed the question before the court, that is, whether specific notice of one or more infringing products constitutes sufficient notice of infringement by further unidentified products. The court is persuaded, however, by the reasoning in Accusan, Inc. v. Xerox Corp., 96 Civ. 2579, 1998 U.S.Dist. LEXIS 14242 (S.D.N.Y. Sept. 10, 1998), which characterizes the notice issue as one of fact to be decided by the jury (i.e., whether the unidentified products were sufficiently similar to the ones specifically identified as to constitute adequate notice). See also Maxwell v. J. Baker, Inc., 86 F.3d 1098, 1111 (Fed. Cir. 1996) ("Compliance with section 287(a) is a question of fact . . . .").

11. As a final matter, plaintiffs do not oppose the use of a December 1992 hypothetical negotiation date. (D.I. 296 at 39)

                                                          /s/ *[signature]*
                                          United States District Judge