IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 04-360 (JJF) |
| MARITZ, INC. | ) |
| Defendant. | ) |

**OPPOSITION OF PLAINTIFF AFFINION NET PATENTS, INC. TO DEFENDANT'S MOTION *IN LIMINE* RELATING TO AFFINION'S WILLFULNESS CASE-IN-CHIEF**

Defendant Maritz, Inc. ("Maritz") seeks to preclude Affinion from presenting evidence or argument to the jury suggesting that Maritz did not obtain a separate opinion of counsel addressing the invalidity or enforceability of the patent in suit, U.S. Patent No. 6,009,412 ("the '412 patent"). *See* D.I. 250. Affinion opposes this motion for the following reasons.

Maritz would, of course, like to shield from the jury the fact that Maritz did not obtain complete opinions of counsel for the '412 patent. But Maritz is not entitled to prevent the fact-finder from considering this fact when deciding Maritz's willfulness.

Here, Maritz obtained an opinion of counsel with respect to infringement of the '412 patent, but did not obtain opinions relating to invalidity or enforceability of the '412 patent. Maritz argues that Affinion should be precluded from "presenting evidence or arguments suggesting that Maritz did not obtain a separate opinion of counsel addressing the invalidity or enforceability of the '412 patent," and that "[w]hether Maritz obtained an opinion of counsel regarding invalidity or unenforceability is irrelevant to the willfulness determination." D.I. 250 at 1, 5.

Maritz is incorrect as a matter of law that its failure to obtain an opinion of counsel regarding invalidity or unenforceability is irrelevant to willfulness. Whether the infringer investigated the scope of the patent and formed a good-faith belief that the patent was either invalid or infringed has long been a factor in the "totality of the circumstances" that the jury may consider in evaluating willful infringement. *Read Corp. v. Portec, Inc.*, 970 F.2d 816, 827 (Fed. Cir. 1992); *Avia Group, Int'l, Inc. v. L.A. Gear Cal. Inc.*, 853 F.2d 1557, 1566 (Fed. Cir. 1988)(defendant's failure to obtain advice of counsel "is one factor supporting a finding of willfulness.")

Contrary to Maritz's brief, *Knorr-Bremse v. Dana Corp.*, 383 F.3d 1337 (Fed. Cir. 2004), did not change this rule of law. *Knorr-Bremse* did not hold that the failure to obtain an opinion of counsel cannot be considered by the jury. To the contrary — the court stated that whether or not the jury should be told that counsel was not consulted "was not raised by this case," *id.* at 1346-47, and that "there continues to be 'an affirmative duty of due care to avoid infringement of the known patent rights of others,'" but that "the failure to obtain an exculpatory opinion of counsel shall no longer provide an <u>adverse inference</u> or <u>evidentiary presumption</u> that such an opinion would have been <u>unfavorable</u>," *id.* at 1345-46.

In *IMX, Inc. v. LendingTree, LLC*, No. 03-1067-SLR, 2006 U.S. Dist. LEXIS 551 (D. Del. Jan. 6, 2006), the defendant obtained an opinion of counsel for invalidity but not infringement. The defendant argued, as Maritz does here, that *Knorr-Bremse* stands for the proposition that the trier of fact may not consider the absence of a non-infringement opinion when considering willfulness. This Court rejected at argument, holding that the "totality of the circumstances" test was not changed by *Knorr-Bremse* and that the absence of an opinion of counsel <u>is</u> a factor to be considered when applying the test.

> As a result of the holding in *Knorr-Bremse*, however, an adjustment is made to the factors used in the evaluation of the totality of the circumstances.... The fact that no opinion of counsel on the issue of infringement was acquired by defendant may be considered by the trier of fact in its willful infringement analysis....

*LendingTree*, 2006 U.S. Dist. LEXIS 284 at *4-5. *LendingTree* quite clearly stands for the proposition that the absence of an opinion of counsel is one of the factors to be considered by the trier of fact when deciding willfulness. This allows the fact-finder to obtain a full view of the circumstances and make an informed decision. Maritz's arguments are contrary to the holding in *Lendingtree* and its motion should be denied.

      Maritz attempts to characterize Affinion's proffering such evidence as "inappropriate" and made to confuse the jury, saying that "Affinion's planned strategy is a plain attempt to obfuscate the actual willfulness inquiry and inappropriately influence the jury's invalidity determination." D.I. 250 at 5. This is yet another unsubstantiated allegation. According to the law, Affinion is entitled to present evidence and argument that Maritz failed to obtain an opinion of counsel addressing invalidity and unenforceability of the '412 patent. Maritz's would not be allowed to shield this from the jury.

## CONCLUSION

Maritz's Motion *In Limine* Relating To Affinion's Willfulness Case-In-Chief should be denied.

          MORRIS, NICHOLS, ARSHT & TUNNELL LLP

          */s/ Maryellen Noreika*
          _____
          Jack B. Blumenfeld (#1014)
          Maryellen Noreika (#3208)
          1201 N. Market Street
          P.O. Box 1347
          Wilmington, DE  19899-1347
          (302) 658-9200
            *Attorneys for Plaintiff*
            *Affinion Net Patents, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, DC  20005
(202) 783-6040

September 29, 2006

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on September 29, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

> Patricia Smink Rogowski
> Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 29, 2006 upon the following in the manner indicated:

### BY HAND

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE  19801

### BY FEDERAL EXPRESS

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO  63102

*/s/ Maryellen Noreika*
Maryellen Noreika (#3208)
mnoreika@mnat.com