IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

AFFINION NET PATENTS, INC.,

Plaintiff,

v.

MARITZ, INC.

Defendant.

C.A. No. 04-360 (JJF)

**OPPOSITION OF PLAINTIFF AFFINION NET PATENTS, INC. TO DEFENDANT'S MOTION *IN LIMINE* RELATING TO THE PRESUMPTION OF VALIDITY**

Defendant Maritz, Inc. ("Maritz") seeks to preclude Affinion from presenting evidence or arguments referring to or commenting on the presumption of validity. *See* D.I. 246. Affinion opposes this motion for the following reasons.

Maritz seeks to improperly restrict Affinion's ability to present its validity case to the jury. Contrary to Maritz's brief, Affinion does not intend to argue that the presumption of validity constitutes *evidence* of validity. *Avia Group Int'l, Inc. v. L.A. Gear Cal.*, 853, F.2d 1557 (Fed. Cir. 1988), is inapposite for this reason.

Affinion is entitled, however, to tell the jury that a patent is presumed valid under the patent laws, for that is the law.[1] *See Donnelly Corp. v. Gentex Corp.*, 918 F. Supp. 1126 (W.D. Mich. 1996) (denying defendant's motion *in limine* seeking to preclude patentee from referencing the presumption of validity); *Senmed, Inc. v. Richard-Allen Medical Indust., Inc.*, No. K84-444 CA, 1988 U.S. Dist. LEXIS 17861, *27-28 (W.D. Mich. Sept. 13, 1988) (finding it appropriate for counsel to argue weight of evidence in its closing arguments based on a proper

1 "A patent shall be presumed valid." 35 U.S.C. § 282 (2000).

instruction for presumption of validity). Maritz fails to cite a single case in which counsel was precluded from referring to the presumption of validity at trial.

Contrary to Maritz's argument, *U.S. v. Scop*, 846 F.2d 135 (2nd Cir. 1988) does not preclude Affinion from referring to the presumption of validity at trial.[2] In *Scop*, the court precluded an expert witness from providing legal conclusions regarding a criminal statute to the jury because the court found the expert's opinions were prejudicial and "calculated" to instruct the jury on the applicable law. *See id.* at 140. As discussed above, Affinion does not intend to offer witness testimony calculated to instruct the jury on law of validity.

**CONCLUSION**

For the foregoing reasons, Maritz's Motion *In Limine* Relating To The Presumption Of Validity should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*
Jack B. Blumenfeld (#1014)
Maryellen Noreika ((#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Plaintiff*
*Affinion Net Patents, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W., Suite 800
Washington, DC 20005
(202) 783-6040

September 29, 2006

[2] The parenthetical quotation provided after Scop in Maritz's motion does not appear anywhere in the Scop opinion.

**CERTIFICATE OF SERVICE**

I, Maryellen Noreika, hereby certify that on September 29, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on September 29, 2006 upon the following in the manner indicated:

**BY HAND**

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
mnoreika@mnat.com