IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO
AFFINION'S MOTION *IN LIMINE* NUMBER 3: TO PRECLUDE MARITZ
INTRODUCING AT TRIAL INVALIDITY THEORIES AND PRIOR ART NOT
DISCLOSED IN ITS EXPERTS' REPORTS ON VALIDITY**

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Dated: September 29, 2006

Attorneys for Maritz Inc.

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................................... iii

I. NATURE AND STAGE OF PROCEEDING ............................................................ 1

II. SUMMARY OF ARGUMENT ................................................................................. 1

III. FACTS ....................................................................................................................... 1

IV. ARGUMENT ............................................................................................................. 3

    A. Maritz fully complied with its discovery obligations ................................... 3

    B. Affinion has provided an insufficient basis for excluding the highly relevant Broadvision evidence ..................................................................... 3

        1. Invalidity of the asserted claims based on the prior art Broadvision system is not a "new invalidity defense" ................................. 4

        2. The Broadvision evidence needs no expert testimony ............................ 5

    C. Maritz's invalidity defense under 35 U.S.C. § 112 is not new ..................... 6

    D. Maritz's invalidity defense under 35 U.S.C. § 102(f) is not new ................ 9

    E. Maritz's experts need not opine on the materiality of the Cohen reference or the fourteen other references listed in Affinion's motion ...................... 10

V. CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**

*Eaton Corp. v. Rockwell Int'l. Corp.*,
   323 F.3d 1332 (Fed. Cir. 2003) .......................................................................... 10

*Pannu v. Iolab Corp.*,
   155 F.3d 1344 (Fed. Cir. 1998) ............................................................................ 9

*PIN/NIP, Inc. v. Platte Chemical Co*,
   304 F.3d 1235 (Fed. Cir. 2002) ............................................................................ 7

*Searfoss v. Pioneer Consol. Corp*,
   374 F.3d 1142 (Fed. Cir. 2004) ............................................................................ 8

*SmithKline Beecham Corp., v. Apotex Corp.*,
   403 F.3d 1331 (Fed. Cir. 2005) ............................................................................ 4

**Statutes**

35 U.S.C. § 102 ................................................................................. 1, 9, 10, 11

35 U.S.C. § 103 ............................................................................................ 1, 2, 4

35 U.S.C. § 112 ...................................................................................... 1, 3, 6, 7, 8

35 U.S.C. § 120 .............................................................................................. 7, 9

**Rules**

Federal Rule of Civil Procedure 26(e) ................................................................ 3

Federal Rule of Civil Procedure 33(d) ................................................................ 2

**ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION *IN LIMINE* NUMBER 3: TO PRECLUDE MARITZ INTRODUCING AT TRIAL INVALIDITY THEORIES AND PRIOR ART NOT DISCLOSED IN ITS EXPERTS' REPORTS ON VALIDITY**

**I.   NATURE AND STAGE OF PROCEEDING**

Trial in this matter is scheduled to begin on October 23, 2006. The parties filed motions *in limine* on September 20, 2006. As set forth in Section XI.1 of the Joint Proposed Pre-Trial Order (D.I. 227), the parties have agreed that answering briefs for motions *in limine* be filed by today, September 29, 2006.

**II.   SUMMARY OF ARGUMENT**

Maritz fully complied with its discovery obligations. Affinion's feigned surprise and inability to articulate the prejudice it alleges with specificity is telling. Affinion's form-over-substance arguments are made in an effort to protect its asserted patent claims against the invalidity ramifications of the claim construction it seeks. Affinion was given ample notice of Maritz's invalidity contentions and any delay was caused by factors outside of Maritz's control and has not prejudiced Affinion. The Court should deny Affinion's motion and instead subject Affinion's asserted claims to full scrutiny under 35 U.S.C. §§ 102, 103, and 112.

**III.   FACTS**

On June 8, 2004, Trilegiant Loyalty Solutions, Inc. ("Trilegiant") filed its complaint alleging infringement of the '870, '412, and '012 patents. D.I. 1. On July 12, 2004, Maritz answered Trilegiant's complaint and filed a counterclaim asserting that the claims of the asserted patent were invalid under 35 U.S.C. §§ 102, 103 and 112. D.I. 8.

1

In March of 2005, plaintiff filed its first set of interrogatories, in which it requested Maritz to "explain in detail the factual basis for your contention that the '870, '412, or '012 patents are invalid..." Maritz responded that the request was premature because, among other things, plaintiff had not yet identified which claims it asserted were at issue in this lawsuit and the claim construction process had not yet been completed. Maritz further responded that it would produce documents in accordance with Federal Rule of Civil Procedure 33(d). Ex. 1.

On April 15, 2005, Trilegiant identified the claims it was asserting against Maritz: claims 1 and 29 of the '870 patent; claims 1, 10, 18, 27, 35, and 36 of the '412 patent; and claim 1 of the '012 patent. Ex. 2. Plaintiff maintained this position until March 17, 2006, when it dropped its allegations of infringement with respect to claims 1 and 29 of the '870 patent, claims 1, 18, and 35 of the '412 patent, and claim 1 of the '012 patent and added infringement allegations as to claims 11, 12, 13, 14, 15, 16, 28, 29, 30, 31, 32, 33, and 34 of the '412 patent. Ex. 3. In response to Affinion's amended contentions, Maritz endeavored to file supplemental expert reports on the invalidity of the newly asserted claims, which were filed on April 10, 2006. Much of the work of Maritz's expert's initial reports on the invalidity of the asserted claims was rendered moot by Affinion's change of position. After Maritz filed its expert reports, it supplemented its interrogatory responses to incorporate these reports, just as Affinion did.

Through additional fact discovery taken after the expert report deadlines, Maritz uncovered additional evidence that demonstrates the invalidity of the asserted claims. Specifically, Maritz subpoenaed Broadvision Inc. Broadvision produced 22,650 pages of documents relating to its prior art e-commerce system. Maritz also took the depositions

2

of two former employees of Broadvision Inc., who were involved with the development and commercialization of this e-commerce system in 1994 and 1995. There is no need for Maritz's experts to address this invalidating evidence because, due to the nature of the documents and the deposition testimony, it speaks for itself. Notably, *Affinion was privy to Maritz's discovery of this Broadvision evidence at all times and participated in the Broadvision depositions*.

### IV.  ARGUMENT

#### A.  Maritz fully complied with its discovery obligations.

Federal Rule of Civil Procedure 26(e) requires a party to supplement a prior response to an interrogatory "if the party learns that the response is in some material respect incomplete or incorrect *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*." Fed. R. Civ. P. 26(e) (emphasis added). Maritz fully complied with its obligation to supplement under this rule.

Affinion (and Trilegiant before it) kept veiled the claims to be asserted against Maritz at trial from June 8, 2004 until March 17, 2006. Maritz, on the other hand, disclosed from the outset in its answer and counterclaim that it believed the claims of the patents-in-suit were invalid for failing to comply with 35 U.S.C. §§ 102, 103, and 112, and timely produced prior art and related evidence that underlay its invalidity assertions as it was uncovered during discovery.

#### B.  Affinion has provided an insufficient basis for excluding the highly relevant Broadvision evidence.

Affinion broadly requests the Court to preclude Maritz from "offering at trial expert testimony about this program *or otherwise arguing this undisclosed invalidity*

3

*theory.*" D.I. 253 at 4 (emphasis added). Affinion's argument is frivolous. Maritz expended substantial effort and resources to investigate Broadvision's early e-commerce system, subpoena the relevant information, and travel to California to take the depositions of the persons knowledgeable about Broadvision's prior art system. Affinion participated in that discovery. Affinion was aware of this discovery at all times and cannot identify any prejudice that it would suffer should this evidence be presented to the jury.

### 1. Invalidity of the asserted claims based on the prior art Broadvision system is not a "new invalidity defense."

In an attempt to keep highly relevant invalidity information from getting to the jury, Affinion feigns surprise that Maritz is asserting that the extensive Broadvision evidence invalidates the asserted claims of the '412 patent. Over a year before Thomas Storey filed his first patent application, Broadvision Corporation employees had conceived of and were developing an e-commerce system that included a frequent buyer points program having the characteristics of the asserted claims of the '412 patent.[1] In 1994-1995, the Broadvision employees developed this system and began to commercialize it. Broadvision filed for a patent on this system on August 29, 1995. This patent application was issued by the Patent Office as U.S. Patent No. 5,710,887 ("the '887 patent" or "the Chelliah patent").

The Chelliah patent *was never considered by the patent office during the prosecution of the patent applications that led to the '870, '412, or '012 patents.*[2] In

---

[1] Evidence describing the Broadvision system and a comparison of this system to the asserted claims of the '412 patent was previously submitted to the Court in connection with Maritz's summary judgment briefing (D.I. 158) and will not be resubmitted here.

[2] The Chelliah patent was affirmatively suppressed by Trilegiant during prosecution of the '012 patent and the subsequent continuation application. *See* Maritz's Amended Answer and Counterclaim, D.I. 61 at ¶¶81-114.

4

this litigation, Maritz disclosed the '887 patent as an invalidating prior art reference during discovery. Maritz later discovered that Broadvision had produced documents relating to the development of the prior art e-commerce system described in the '887 patent during previous patent litigation and Maritz subpoenaed these documents. On April 17, 2006, Maritz provided Affinion copies of the 22,650 pages of documents produced by Broadvision relating to its prior art system. Ex. 4. Under the subpoena, Maritz also took the deposition of two Broadvision employees, Chih-Cheng Hsu and Darlene Mann, who were intimately involved with the development and commercialization of the incentive subsystem of Broadvision's e-commerce system on May 12, 2006. Counsel for Affinion attended both depositions and cross-examined the witnesses regarding the prior art system.

In addition, Maritz filed a motion for summary judgment of invalidity based on both the '887 patent and (separately) on the Broadvision evidence at issue here. In its motion, Maritz demonstrated how the Broadvision system that was being developed in 1994 and 1995 anticipated one or more asserted claims of the '412 patent. *See* D.I. 158.

Affinion has been aware of the Broadvision system since before this suit was filed in 2004. Affinion was aware of the Broadvision evidence as it was developed throughout discovery. That Affinion has identified no prejudice in its motion is telling—the Broadvision system is not a "new invalidity defense."

### 2. The Broadvision evidence needs no expert testimony.

Affinion's only basis for its motion is that Maritz's expert reports did not address the Broadvision evidence separately from the '887 patent. On this basis alone, Affinion asks the Court to deny the jury the benefit of the Broadvision evidence altogether.

5

Affinion cites no authority that supports its unique argument that admissibility of evidence depends on the presence or absence of expert testimony. However, it is well established that "there is a significant public policy in removing invalid patents from the public arena." *SmithKline Beecham Corp., v. Apotex Corp.*, 403 F.3d 1331, 1354 (Fed. Cir. 2005). The Court should not permit Affinion's unsupported assertion that prior art must be disclosed in expert reports from keeping this relevant prior art from the jury.

Maritz's validity expert reports were served in March and April 2006. The Broadvision evidence was not uncovered until after the deadline for Maritz's expert reports on invalidity had passed. So Maritz's experts were not able to review this evidence as part of their analysis leading up to their expert reports. But Maritz's experts did extensively address Broadvision's system when they demonstrated how U.S. Patent No. 5,710,887—Broadvision's patent on its e-commerce system—anticipated and/or rendered obvious the asserted claims of the '412 patent.

Affinion's experts attempt to salvage the validity of the asserted claims by narrowly reading the disclosure of the '887 patent. The Broadvision evidence paints a dramatically less limited picture of Broadvision's system than Affinion's experts do. The documentary and deposition evidence of Broadvision's system speaks for itself, without the need for additional expert testimony. Affinion has provided no authority for its suggestion to the contrary.

    **C.**    **Maritz's invalidity defense under 35 U.S.C. § 112 is not new.**

Maritz pled invalidity under 35 U.S.C. § 112 in its original answer and counterclaim. The first paragraph of section 112 has two separate requirements, the enablement requirement and the written description requirement. Both are dependent on

6

the scope of the claims. For example, the written description requirement is the "unremarkable proposition that a broad claim is invalid when the entirety of the specification clearly indicates that the invention is of a much narrower scope." *PIN/NIP, Inc. v. Platte Chemical Co.* 304 F.3d 1235, 1248 (Fed. Cir. 2002)

In this case, Maritz asserts that if the Court construes the claims as broadly as Affinion seeks the claims would be broader than the written description and, therefore, invalid under § 112 for failing to meet the written description requirement.

Relatedly, under 35 U.S.C. § 120, a continuation patent application, such as the application that led to the asserted '412 patent, is only entitled to a constructive reduction to practice date of its parent application if the written description of the parent application satisfies the dual requirements of the first paragraph of 35 U.S.C. § 112. In the event the Court construes the asserted claims as broadly as Affinion has requested, the asserted claims would not be entitled to the December 14, 1995 filing date of its parent application.

Both of these arguments hinge on the Court's claim construction. Contrary to Affinion's assertions, Maritz has never admitted that if the asserted claims are construed as broadly as Affinion requests, they are entitled to the December 14, 1995 filing date of its parent application. The "undisputed fact" Affinion cites in support of its admission argument was filed by Maritz in conjunction with its motion for summary judgment of invalidity. D.I. 158. To prove entitlement to summary judgment, the burden was on Maritz to demonstrate entitlement to summary judgment even if the facts are construed in the light most favorable to Affinion. *See Searfoss v. Pioneer Consol. Corp.* 374 F.3d 1142, 1148 (Fed. Cir. 2004).

7

Maritz's motion for summary judgment addressed the invalidity of the asserted claims in light of the '887 patent or the Broadvision evidence, discussed above. All of the invalidating references discussed in Maritz's summary judgment motion had an effective filing date earlier than the December 14, 1995 filing date of '412 patent's parent application. Thus, for purposes of Maritz's summary judgment motion, there was no factual dispute as to whether or not the '887 patent or Broadvision evidence was prior to the earliest effect date of the asserted claims. And the effective date of the asserted claims was therefore not in dispute. Affinion asserts that this statement is a substantive admission. When properly viewed in the context in which the statement was made, however, it is apparent that Maritz has not waived an argument under § 112 or § 120 in the event the claims are construed overly broad.

Maritz's written description invalidity defense is only applicable if Affinion's proposed construction is adopted. The grounds for this defense were therefore not apparent until Affinion revealed its claim construction—which purported to expand the scope of the asserted claims far beyond the scope of the invention described in the '412 patent's specification. Affinion did not reveal its over-broad claim construction until March 10, 2006, when it served its expert reports on infringement—the same day Maritz's expert reports on invalidity were due. Affinion has not identified any prejudice that justifies excluding Maritz's invalidity defense under 35 U.S.C. § 112. Affinion has been on notice of this defense since Maritz filed its first answer and counterclaim on July 12, 2004. *See* D.I. 8.

### D.     Maritz's invalidity defense under 35 U.S.C. § 102(f) is not new.

Maritz has consistently maintained that the '412 patent claims are invalid under 35 U.S.C. § 102(f), which provides: "A person shall be entitled to a patent unless...(f) he did not himself invent the subject matter sought to be patented." Section 102(f) encompasses invalidity for non-joinder or misjoinder of co-inventors. *See Pannu v. Iolab Corp.* 155 F.3d 1344, 1348 (Fed. Cir. 1998). It also provides the statutory basis for invalidity due to derivation. *See Eaton Corp. v. Rockwell Int'l. Corp.* 323 F.3d 1332, 1344 (Fed. Cir. 2003).

In its expert reports and elsewhere, Maritz has explained that the business idea claimed in the '412 patent was conceived in whole or in part by persons other than Thomas Storey—the sole inventor named on the '412 patent. Namely, at best (from Mr. Storey's perspective) he and his colleagues at Radisson developed this idea in conjunction with Radisson's earlier "Look to Book" program—Radisson's "first on-line interactive frequency program for travel agents." The difference between derivation and non-joinder here turns on whether Thomas Storey even partially contributed to the conception of the scope of the invention set forth by the asserted claims. If he contributed to the conception of the claimed invention with unnamed co-inventors, then the claims are invalid under § 102(f) for incorrect inventorship due to non-joinder of his co-inventor(s) at Radisson. If one of his Radisson colleagues conceived of the claimed invention without Mr. Storey's contribution, then the claims are invalid under § 102(f) due to derivation.

Affinion and its predecessors were aware of the underlying facts supporting Maritz's § 102(f) defense years before Maritz was even sued. This factual record

supports an invalidity finding by the jury under either § 102(f) theory. Full discovery of the facts underlying Maritz's invalidity defense under § 102(f) has been taken. Affinion can identify no prejudice to it should Maritz be permitted to submit the question of derivation to the jury.[3]

### E. Maritz's experts need not opine on the materiality of the Cohen reference or the fourteen other references listed in Affinion's motion

Affinion's only requested relief is that Maritz's experts be precluded from offering opinions on the materiality of the identified references. Affinion is not requesting that Maritz be precluded from presenting its inequitable conduct defense with regard to these references. Affinion has been aware of these allegations since no later than September 15, 2005, when Maritz filed its Amended Answer and Counterclaim. D.I. 61. The fact finder can sufficiently make its materiality determination based on the reference itself or other evidence of record. Expert testimony is unnecessary.

## V. CONCLUSION

Affinion's motion broadly seeks to prevent Maritz from presenting some of the invalidity defenses in Maritz's answer and counterclaim. To support this request, Affinion alleges that Maritz recently sprung "new invalidity contentions (and new prior art)" on Affinion in its pretrial disclosures. D.I. 253 at 1. Affinion identified no "new

---

[3] Similarly, Affinion argues that the jury should not hear arguments that Thomas Storey's wife, Jacqueline Miller, is a possible co-inventor of the subject matter of the '412 patent. Affinion has indicated that it will argue at trial that the date of invention for the asserted claims is prior to the earliest possible filing date of the '412 patent. None of the evidence supports this assertion. The scant evidence that Affinion will muster in this attempt was largely authored by Jacqueline Miller. Thomas Storey referred in writing to the project from which he and his wife attempted—and ultimately failed—to develop and commercialize the idea as *Jacqueline Miller's project*. Should Affinion try to rely on the work of Jacqueline Miller to show an earlier date of invention, the jury should also be permitted to decide whether it was her, rather than Mr. Storey, who conceived of the subject matter at issue. These facts were largely developed in prior litigation and well known to Affinion before this suit was even filed.

prior art" that Maritz did not disclose during discovery. And, as discussed above, all of Maritz's invalidity contentions have been part of this case as originally pled and developed through discovery. Affinion can identify no prejudice to it if this evidence is presented at trial. Maritz should be permitted to argue and submit full proofs of its invalidity defenses and counterclaims at trial.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ

By: /s/ Patricia S. Rogowski
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
Michael J. Hartley
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Attorneys for Maritz Inc.

## CERTIFICATE OF SERVICE

I, hereby certify that on **September 29, 2006**, I electronically filed **ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION *IN LIMINE* NUMBER 3: " TO PRECLUDE MARITZ INTRODUCING AT TRIAL INVALIDITY THEORIES AND PRIOR ART NOT DISCLOSED IN ITS EXPERTS' REPORTS ON VALIDITY "** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on September 29, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

**Via Hand Delivery**
Jack B. Blumenfeld
Maryellen Noreika
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

**Via Federal Express**
Steven Lieberman
Sharon L. Davis
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

/s/ Patricia Smink Rogowski
Patricia Smink Rogowski (#2632)