# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TRILEGIANT LOYALTY SOLUTIONS, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 04-360-JJF |
| v. | ) ) | |
| MARITZ INC., | ) ) | |
| Defendant. | ) ) | |

### MARITZ'S RESPONSES
### TO PLAINTIFF TRILEGIANT LOYALTY SOLUTIONS, INC.'S
### FIRST SET OF INTERROGATORIES

Defendant Maritz Inc. ("Maritz") hereby responds to Plaintiff Trilegiant Loyalty Solutions, Inc.'s ("Trilegiant") First Set of Interrogatories ("Interrogatories") as follows:

### General Objections

1. Maritz objects to the extent the Interrogatories seek documents or information protected by the attorney-client privilege and/or the work product doctrine.

2. Maritz objects to the Interrogatories to the extent they seek information concerning trade secrets or confidential research, development or commercial business information. Maritz will, however, provide appropriate information under the terms of an agreed upon Protective Order or pursuant to Local Rule 26.2.

3. Maritz objects to the Interrogatories to the extent they seek to impose obligations beyond those provided in the Federal Rules of Civil Procedure or local rules.

1

4. To the extent a response is provided by reference to documents being produced, Maritz incorporates by reference herein its objections to Trilegiant's First Request for Production of Documents.

5. Consistent with Fed. R. Civ. P. 33(d), Maritz objects to providing responses to Interrogatories where the information can be derived from documents which are being produced for inspection in response to related document requests propounded by Trilegiant.

6. Maritz reserves the right to supplement these responses during the course of discovery as additional information is ascertained.

7. Maritz objects to the definition of "Maritz" as overbroad. Maritz Inc. will respond to these Interrogatories on behalf of itself and its Maritz Loyalty Marketing business unit. Responding on behalf of other Maritz entities is unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence.

8. Maritz objects to responding to these Interrogatories insofar as they seek information about "WARP" or "Web Award Redemption Program." This program was offered for a limited time by Maritz U.K. and only to customers outside of the United States. As such, the WARP program is irrelevant to the current lawsuit alleging infringement of U.S. patents.

9. Maritz objects to Trilegiant's definition of "on-line incentive program." This definition is vague and results in Interrogatories that are unduly burdensome and that seek information that is irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence.

**RESPONSE:**

Maritz objects to this Interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege or the work product doctrine and to the extent that it purports to prematurely call for a legal conclusion as to claim interpretation. Maritz objects that this Interrogatory seeks information which is irrelevant and not likely to lead to the discovery of admissible evidence insofar as Trilegiant's definition of "on-line incentive program" is over-inclusive and vague and insofar as it seeks information on the WARP program. Maritz further objects to this Interrogatory on the grounds that it is premature in that Trilegiant has not yet provided any discovery concerning what Maritz programs Trilegiant alleges infringe the claims of the '870, '412, and '012 patents nor which claims of those patents Trilegiant alleges are infringed. Maritz will supplement this response as additional information is learned.

**INTERROGATORY NO. 10:**

Explain in detail the factual basis for your contention that the '870, '412 or '012 patents are invalid, including, identifying with particularity each event or disclosure in a reference or publication forming in whole or part the basis for such contention, each person with knowledge of each such event or reference, and all documents relating thereto.

**RESPONSE:**

Maritz objects to this Interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege or the work product doctrine and to the extent that it purports to prematurely call for a legal conclusion as to claim interpretation. Maritz further

8

objects to this Interrogatory on the grounds that it is premature in that Trilegiant has not yet provided any discovery concerning what Maritz programs Trilegiant alleges infringe the claims of the '870, '412, and '012 patents nor which claims of those patents Trilegiant alleges are infringed, information likely to have bearing on the scope of invalidating prior art. Subject to and without waiver of its objections, Maritz will produce prior art in accordance with Fed. R. Civ. P. 33(d) and/or 35 U.S.C. § 282.

### INTERROGATORY NO. 11:

Identify each piece of prior art to the '870, '412 or '012 patents of which you are aware or on which you may rely to support your assertion that the '870, '412 or '012 patents are invalid.

### RESPONSE:

Maritz objects to this Interrogatory to the extent that it seeks documents or information protected by the attorney-client privilege or the work product doctrine and to the extent that it purports to prematurely call for a legal conclusion as to claim interpretation. Subject to and without waiver of its objections, Maritz will produce such prior art in accordance with Fed. R. Civ. P. 33(d) and/or 35 U.S.C. § 282.

### INTERROGATORY NO. 12:

On a year-by-year basis, state how much revenue has been received and how much profit has been earned by Maritz for each on-line incentive program Maritz has designed, developed, implemented or operated.

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 12, 2005, the foregoing was served via facsimile and first class mail, postage prepaid, upon the following:

Jack B. Blumenfeld, Esq.
Morris, Nichols, Arsht & Tunnell
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-11347

Steven Lieberman, Esq.
Sharon L. Davis, Esq.
Rothwell, Figg, Ernst & Manbeck, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005

Attorneys for Plaintiff

14