IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 04-360-JJF |
| | ) | |
| v. | ) | |
| | ) | |
| MARITZ INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO
AFFINION'S MOTION *IN LIMINE* NUMBER 6:
TO LIMIT TESTIMONY OF DR. KELLER**

Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400

Dated: September 29, 2006          Attorneys for Maritz Inc.

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. iii

I. NATURE AND STAGE OF PROCEEDING ..................................................... 1

II. SUMMARY OF ARGUMENT ............................................................................ 1

III. FACTS .................................................................................................................. 1

IV. ARGUMENT ........................................................................................................ 3

    A. Dr. Keller is qualified under F.R.E. 702 to testify about all issues set forth in his expert report ............................................................................ 3

    B. Dr. Keller's expert reports complied with the notice provisions of Rule 26(a)(2) ........................................................................................................... 4

V. CONCLUSION ..................................................................................................... 6

# TABLE OF AUTHORITIES

**Cases**

*Advanced Med. Optics, Inc. v. Alcon Inc.*, 2005 WL 782809 (D. Del. 2005) ................. 5, 6

**Statutes**

35 U.S.C. § 102 ............................................................................................................... 1

35 U.S.C. § 103 ............................................................................................................... 1

35 U.S.C. § 112 ............................................................................................................... 1

**Rules**

Federal Rule of Civil Procedure 26 ............................................................................. 5, 6

Federal Rule of Civil Procedure 26(a)(2) ............................................................. ii, 1, 4, 6

Federal Rule of Evidence 702 ............................................................................. ii, 1, 3, 6

# ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION *IN LIMINE* NUMBER 6: TO LIMIT TESTIMONY OF DR. KELLER

## I. NATURE AND STAGE OF PROCEEDING

Trial in this matter is scheduled to begin on October 23, 2006. The parties filed motions *in limine* on September 20, 2006. As set forth in Section XI.1 of the Joint Proposed Pre-Trial Order (D.I. 227), the parties have agreed that answering briefs for motions *in limine* be filed by today, September 29, 2006.

## II. SUMMARY OF ARGUMENT

Maritz's expert, Dr. Keller, is an expert in the field of electronic commerce. Dr. Keller has been extensively involved with electronic commerce in both the commercial and academic settings. His expertise in the field of electronic commerce extends to the areas of consumer promotion and loyalty programs in the electronic commerce setting. This expertise satisfies even Affinion's definition of the level of ordinary skill in the art. Dr. Keller therefore easily satisfies the requirements of F.R.E. 702. Affinion's alternative argument that Maritz failed to satisfy Rule 26(a)(2) lacks merit. Dr. Keller should be permitted to provide expert testimony on the topics addressed in his report and during his deposition, including his opinion that the asserted claims are invalid and not infringed by Maritz's accused systems.

## III. FACTS

Dr. Keller has been retained by Maritz to testify on issues relating to the asserted claims of the '412 patent. Specifically, Dr. Keller will explain to the jury how, in his expert opinion, the asserted claims of the '412 patent are not infringed by Maritz and are invalid under 35 U.S.C. §§ 102, 103, and 112. Dr. Keller's opinions were set forth in

detail his expert reports. Ex. 1; Ex. 2. In his report, Dr. Keller provided an extensive list of his relevant education and experience, including his experience in the field of electronic commerce and consumer loyalty and promotions in this area. Ex. 1 at 1-2 and attached Curriculum Vitae. During his deposition, Dr. Keller explained his experience in these areas. Ex. 3 at 16:12-23:19; 135:20-137:20.

Dr. Keller holds a PhD in Computer Science from Stanford University. Ex. 1 at 1. He has been involved both academically and commercially in the electronic commerce field for over 12 years. *Id.* He has extensive teaching experience at the University level, including courses on Internet commerce for business, electronic commerce on the Internet, Internet security, Internet payment, and database management. At Stanford, Dr. Keller was involved with research projects involving electronic commerce, including CommerceNet on electronic catalog integration, for which he was project manager. *Id.* at 2. Dr. Keller has also been extensively involved in a number of consultancies relating to electronic commerce.

Dr. Keller's electronic commerce experience includes work in the area of loyalty and promotional programs. From 1998 to 2003, Dr. Keller served as Chief Technical Advisor, Board Member, and co-founder of Target Mining Corp., which was previously buyermail.com and ccRewards.com. Ex. 1 at page 1 of Curriculum Vitae; Ex. 3 at 135:20-137:15. ccRewards.com was a promotions company that, among other things, provided coupons to consumers based on on-line purchases which the consumer could use to obtain discounts or free products. Ex. 3 at 137:1-10.

During his five years at ccRewards.com, Dr. Keller helped develop an e-commerce system that included a consumer promotion aspect, specifically the

2

distribution of digital coupons to on-line consumers. He was named a co-inventor on a patent application related to this technology. Ex. 3 at 22:14-23:7; Ex. 4. Notably, Dr. Keller's patent application was assigned the identical U.S. Classification Number as the '412 patent. *Id*. This classification number, 705/14, is used for patent applications relating to "distribution or redemption of coupon, or incentive or promotion program" in an automated electrical business practice. Ex. 5 (USPTO Class Schedule for Class 705).

## IV. ARGUMENT

### A. Dr. Keller is qualified under F.R.E. 702 to testify about all issues set forth in his expert report.

Dr. Keller is uniquely qualified as an expert in both e-commerce systems and consumer loyalty or promotional programs in e-commerce systems. Dr. Keller's experience as Chief Technical Advisor to ccRewards.com from 1998 to 2003 provides him with specialized, technical knowledge that will assist the jury in understanding issues in this case relating to the '412 patent. Dr. Keller's experience with ccRewards.com alone qualifies him under Affinion's definition of the level of skill in the art, as set forth in its proposed jury instructions:

> Affinion contends that the art to which the patent pertains is computer-based loyalty/incentive programs and that the level of ordinary skill in the art of loyalty/incentive programs is about four years experience working with or in the loyalty industry, which may be gained either through work in-house in the companies offering loyalty programs, or at outside vendors who design or operate such programs, or through consulting on loyalty program issues for corporations. Affinion also contends that the level of ordinary skill in the art of computer-based programs in 1985 [sic] is a person with a Computer Science degree or equivalent in work experience.

D.I. 230 at 29.

3

Indeed, Dr. Keller's work at ccRewards.com resulted in a patent application on a computer based e-commerce loyalty and promotion program. Ex. 3 at 22:14-23:7; Ex. 4. As discussed above, <u>this patent application falls in the exact same United States Patent Classification Number as the '412 patent</u>. Ex. 4; Ex. 5. As an inventor in the field of electronic commerce consumer loyalty and promotional applications, Dr. Keller's qualifications cannot seriously be challenged.

Affinion's only attempt to challenge Dr. Keller's qualifications falls apart upon examination. Affinion alleges that Dr. Keller admitted in deposition that he was not qualified. This is untrue. At deposition, Dr. Keller distinguished between "incentive programs" and consumer loyalty programs or promotional programs, like those addressed in the '412 patent. *See* Ex. 3 at 16:12-23:7. Dr. Keller testified that he had experience designing and implementing consumer loyalty and promotion programs from his time at ccRewards.com. *Id.* at 20:6-21; 21:11-23:7; 135:20-137:15.

**B.   Dr. Keller's expert reports complied with the notice provisions of Rule 26(a)(2)**

Given Dr. Keller's clear qualifications to address the infringement and invalidity of the '412 patent, Affinion attempts a second argument to justify its motion to exclude Dr. Keller's testimony. Affinion argues that Maritz did not adequately disclose Dr. Keller's *qualifications* under Fed. R. Civ. P. 26(a)(2). Affinion argues that it was prejudiced because it did not know of Dr. Keller's qualifications, therefore, the Court should preclude Dr. Keller from testifying.

Dr. Keller submitted expert reports in this case that set forth his opinions to be expressed and the basis and reasons for these opinions. Dr. Keller's report also set forth his qualifications in both a brief narrative form and in his CV, which was attached to his

4

expert report. Ex. 1. During Dr. Keller's deposition, he expounded on his opinions and qualifications. Maritz more than satisfied the disclosure requirements in Fed. R. Civ. P. 26(a)(2).

Affinion represents to the Court that "Dr. Keller indicated that he would not be testifying to matters in the incentive field." D.I. 256 at 4. Affinion's only support for this inaccurate statement is a sentence in Dr. Keller's report that Mr. Bolger (rather than he) addressed the requisite <u>education</u> and <u>experience</u> that defined the hypothetical person of ordinary skill in the art. *Id.* This has no bearing on Dr. Keller's qualifications or whether Dr. Keller ever indicated that the scope of his testimony would be limited. In fact, Dr. Keller satisfies the level of one of ordinary skill set forth in Mr. Bolger's report. Ex. 3 at 135:20-137:15.

Contrary to Affinion's assertion, Dr. Keller never indicated that there were certain topics about which he would <u>not</u> be testifying. Instead, in his report Dr. Keller clearly described the areas that he would be testifying about, including his expert opinions that the asserted claims of the '412 patent are not infringed by Maritz's accused systems and that the asserted claims are invalid. Dr. Keller also listed his education and experience that qualifies him to testify as an expert on these topics.

In support of its Rule 26 argument, Affinion insists that *Advanced Med. Optics, Inc. v. Alcon Inc.*, 2005 WL 782809 (D. Del. 2005) is "very similar" to this case and mandates exclusion of Dr. Keller's testimony. D.I. 256 at 5. In *Advanced Medical*, the court precluded an expert witness from testifying on the topic of infringement—a topic that was not addressed in the expert's report. *Advanced Medical*, 2005 WL 782809 at *5 (attached as Ex. 6). Unlike the expert report in *Advanced Medical*, Dr. Keller's did

5

include the topics he plans to testify about at trial. Here, Affinion's only complaint is that Affinion (and its attorneys preparing for Dr. Keller's deposition) did not appreciate the full extent of Dr. Keller's qualifications underlying the expert opinions contained in his reports. *Advanced Medical* and/or Rule 26 provide no support for Affinion's position.

## V. CONCLUSION

Dr. Keller's education and experience qualify him as an expert under F.R.E. 702. Dr. Keller's opinions were fully disclosed as required by Fed. R. Civ. P. 26(a)(2). Dr. Keller listed his education and experience that qualified him as an expert to render these opinions. At core, Affinion's only complaint is that it did not initially recognize the extent of Dr. Keller's experience in computer-based loyalty programs until Dr. Keller's deposition. This provides no justification for precluding Dr. Keller from testifying at trial. Maritz requests that the Court deny Affinion's motion.

Respectfully submitted,

CONNOLLY BOVE LODGE & HUTZ

By: /s/ Patricia A. Rogowski
Rudolf E. Hutz (#484)
Patricia Smink Rogowski (#2632)
The Nemours Building
1007 Orange Street
P.O. Box 2207
Wilmington, DE 19899
(302) 658-9141

J. Bennett Clark
David W. Harlan
Jennifer E. Hoekel
Marc W. Vander Tuig
Michael J. Hartley
SENNIGER POWERS
One Metropolitan Square, 16th Floor
St. Louis, MO 63102
(314) 231-5400
Attorneys for Maritz Inc.

6

## CERTIFICATE OF SERVICE

I, hereby certify that on **September 29, 2006**, I electronically filed **ANSWERING BRIEF OF DEFENDANT MARITZ INC. IN OPPOSITION TO AFFINION'S MOTION *IN LIMINE* NUMBER 6: "TO LIMIT TESTIMONY OF DR. KELLER"** with the Court Clerk using CM/ECF which will send notification of such filing(s) to Jack B. Blumenfeld and Maryellen Noreika.

I hereby further certify that on September 29, 2006, I have also served this document on the attorneys of record at the following addresses as indicated:

| **Via Hand Delivery** | **Via Federal Express** |
| --- | --- |
| Jack B. Blumenfeld | Steven Lieberman |
| Maryellen Noreika | Sharon L. Davis |
| Morris, Nichols, Arsht & Tunnell LLP | Rothwell, Figg, Ernst & Manbeck, P.C. |
| 1201 N. Market Street | 1425 K Street, N.W. |
| P.O. Box 1347 | Suite 800 |
| Wilmington, DE 19899-11347 | Washington, D.C. 20005 |

Patricia Smink Rogowski (#2632)