IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AFFINION NET PATENTS, INC., Plaintiff, v. MARITZ, INC. Defendant. | ) | C.A. No. 04-360 (JJF) **REDACTED VERSION** |

**OPPOSITION OF PLAINTIFF AFFINION NET PATENTS, INC. TO MARITZ'S MOTION *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY OF ROBERT YOUNG RELATING TO THE INCENTIVE INDUSTRY AND INCENTIVE PRIOR ART**

Defendant Maritz, Inc. ("Maritz") has moved *in limine* to exclude the expert testimony of Robert Young relating to "the incentive industry and incentive prior art."[1] *See* D.I. 247. Affinion opposes this motion for the following reasons.

First, Maritz incorrectly assumes that Mr. Young will be offered to testify outside his area of expertise.

REDACTED

Affinion and Maritz each intend to offer at trial testimony by experts in incentives industry and in computers addressing the validity of the '412 patent. Randy Petersen is

[1] Maritz does not dispute that Mr. Young is an expert in the computer industry and qualified to evaluate and opine on infringement of the '412 patent by Maritz's VAULT and Awards HQ systems. *See* Exh. 1.

Affinion's incentives industry expert and Robert Young is its computer expert. Arthur Keller is Maritz's computer expert and Bruce Bolger is its incentives industry expert.

Dr. Keller, Maritz's computer industry expert, also has opined on the validity of the '412 patent in light of the prior art, and on the materiality of certain prior art references. *See* Exh. 3 at 6-30. Having proffered testimony of an expert in the same field as Mr. Young, on the very same topics as Mr. Young, Maritz cannot now complain that Mr. Young's testimony is improper.

Maritz does not dispute that Mr. Young is an expert in the computer industry, and does not identify any opinion that Mr. Young has given in his expert report or his deposition that falls outside his area of expertise.

REDACTED

Second, Maritz's motion incorrectly assumes that the prior art in this case pertains only to the incentives industry but has not identified any prior art that would fall in that category. Indeed, the prior art references upon which Maritz bases its invalidity contentions fall within the computer field at least as much as, if not more than, in the incentives industry field.

REDACTED

Similarly, U.S. Patent No. 5,483,444, and the Look to Book program, which is the commercial embodiment of that patent, also involve both the fields of incentive programs and computer programs. REDACTED

---

2 Maritz's incentives industry expert, Mr. Bolger, similarly testified that he is relying on Maritz's computer expert, Dr. Keller, to address the computer aspects of the '412 patent. Exh. 2 at 3; Exh. 4 at 28-29.

REDACTED

Thus, contrary to Maritz's contention that Mr. Young could not answer questions on incentives, Mr. Young deferred to an incentives expert only on this very narrow question. Because the prior art at issue pertains to the computer industry as much as if not more than to the incentives industry, there is no reason why Mr. Young should not be permitted to opine on anticipation, obviousness, and materiality to one of ordinary skill in the of computer industry.

**CONCLUSION**

Maritz's Motion *In Limine* To Exclude Expert Testimony Of Robert Young Relating To The Incentive Industry and Incentive Prior Art should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
*Attorneys for Plaintiff*
*Affinion Net Patents, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 783-6040

Original Filing Date: September 29, 2006

Redacted Filing Date: October 18, 2006

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on October 18, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on October 18, 2006 upon the following in the manner indicated:

**BY HAND**

Patricia Smink Rogowski
Connolly, Bove, Lodge & Hutz LLP
The Nemours Building
1007 N. Orange Street
Wilmington, DE 19801

**BY FEDERAL EXPRESS**

J. Bennett Clark
Senniger Powers
One Metropolitan Square
St. Louis, MO 63102

*/s/ Maryellen Noreika*

Maryellen Noreika (#3208)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Wilmington, DE 19801
(302) 658-9200
mnoreika@mnat.com