IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> MARITZ, INC. <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )   C.A. No. 04-360 (JJF) <br><br> **REDACTED VERSION** |

**OPPOSITION OF AFFINION NET PATENTS, INC. TO
DEFENDANT'S MOTION *IN LIMINE* RELATING TO THE
DOCTRINE OF EQUIVALENTS AND JOINT INFRINGEMENT**

Defendant Maritz, Inc. ("Maritz") has moved *in limine* to preclude Plaintiff Affinion Net Patents, Inc. ("Affinion") from presenting evidence at trial regarding the doctrine of equivalents and joint infringement. *See* D.I. 242. Affinion opposes this motion for the following reasons.

A. **Doctrine of Equivalents**

Affinion agrees that a party should not be permitted to raise at trial claims and defenses not earlier disclosed in accordance with the Federal Rules of Civil Procedure. Indeed, that is the precise argument made by Affinion in its Motion In Limine Number 3: To Preclude Maritz From Introducing At Trial Invalidity Theories And Prior Art Not Disclosed In Its Experts' Reports On Validity, D.I. 253.

As stated in the footnote to Affinion's Proposed Jury Instruction No. 2.8, whether instruction on the doctrine of equivalents is necessary depends on the Court's claim construction. *See* Exh. 1. Affinion submitted to the Court a proposed jury instruction on the doctrine of equivalents to be used only if the Court construes a disputed term in a way that was not proposed

by either party. If the Court adopts Affinion's proposed claim construction of the limitation "online incentive program," an instruction on the doctrine of equivalents will not necessary. Nor will it be necessary to have an instruction on the doctrine of equivalents if the Court adopts Maritz's proposed construction of this term. An instruction on the doctrine of equivalents may be necessary, however, if the Court were to construe the term "online incentive program" in a way that was not proposed by either party: for example, to require a narrow definition of immediacy, as proposed by Maritz, but not product purchase, as proposed by Affinion. In that case, Affinion would want to argue that a minimal delay in transmitting information does not provide a defense to infringement. Affinion would be substantially prejudiced were it unable to present evidence of infringement under the doctrine of equivalents in such a circumstance and this constitutes "substantial justification" for permitting Affinion to do so under Rule 37(c)(1) of the Federal Rules of Civil Procedure.

### B.    "Joint Infringement"

Maritz's argument that Affinion should be precluded from presenting argument or evidence relating to "joint infringement" is misplaced because joint infringement is not a separate theory of infringement. Affinion's "theory" of infringement is that Maritz directly infringes the '412 patent under 35 U.S.C. § 271(a). Affinion's proposed jury instruction is merely a statement of the law of patent infringement, which Maritz cannot deny the jury any more than it can deny the jury an instruction regarding the "all elements rule."

Indeed, Affinion has proposed the same jury instruction that was approved by the Federal Circuit in *On Demand Mach. Corp. v. Ingram Indus., Inc.*, 442 F.3d 1331 (Fed. Cir. 2006). *See* Exh. 1. In *On Demand*, the Federal Circuit said that it was a correct statement of the law that it is not necessary for the acts that constitute infringement to be performed by one

person or entity, that when infringement results from the participation and combined action of more than one person or entity, they are all joint infringers and jointly liable for patent infringement, and that infringement of a patented process or method cannot be avoided by having another perform one step of the process or method. *See id.* at 1344-45.

Maritz complains that it has "had no opportunity during discovery to develop its defense to" joint infringement, D.I. 242 at 1, and that "neither of Maritz's expert had an opportunity to opine on" joint infringement, *id.* at 5. That plainly is not so, as it is <u>Maritz</u>, not Affinion, that raised the defense that requires a jury instruction on joint infringement.

## REDACTED

Maritz cannot advance an infringement defense and then deny Affinion an opportunity to respond to that defense and deny the jury a proper instruction on that defense.

Maritz complains that Affinion never raised "joint infringement" in an interrogatory response or in an expert report. As set forth above, Maritz is directly infringing the '412 patent under § 271(a) and that is squarely disclosed—as are the accused programs and activities. *See* Exh. 4 (Affinion Loyalty Group, Inc.'s Supplemental Responses to Maritz, Inc.'s First Set Of Interrogatories) at Response to Interrogatory No. 1 ("Maritz's use of its VAULT system and AwardHQ website infringe claims 10, 11, 12, 13, 14, 15, 16, 17 (VAULT only), 27, 28, 29, 30, 31, 32, 33, 34 (VAULT only) and 36 of U.S. Patent No. 6,009,412.").

Maritz first raised its "joint infringement" argument <u>after</u> Affinion's experts submitted their expert reports, and there was no need for Affinion's experts to update their reports to address this defense because Maritz's clients' actions are relevant to infringement as a matter of law.

REDACTED

In addition, all of the relevant factors militate against exclusion. <u>First</u>, Maritz in fact is not prejudiced because it is the party that raised the defense that necessitated the joint infringement instruction. It is Affinion, not Maritz, that would be prejudiced should the jury not be instructed on joint infringement and Affinion not be permitted to respond to this defense. <u>Second</u>, Maritz is the party that has access to the information regarding who (between it and its clients) did what. <u>Third</u>, allowing evidence on joint infringement will not disrupt trial because Maritz intends to argue these noninfringement bases in any case. <u>Fourth</u>, there has been no bad faith on Affinion's part.

## CONCLUSION

Maritz's Motion *In Limine* Relating To The Doctrine Of Equivalents and Joint Infringement should be denied.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Maryellen Noreika*

_____
Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
  *Attorneys for Plaintiff*
  *Affinion Net Patents, Inc.*

OF COUNSEL:

Steven Lieberman
Sharon L. Davis
R. Elizabeth Brenner
ROTHWELL, FIGG, ERNST & MANBECK, P.C.
1425 K Street, N.W.
Suite 800
Washington, DC  20005
(202) 783-6040

Original Filing Date:  September 29, 2006

Redacted Filing Date:  October 18, 2006

## CERTIFICATE OF SERVICE

I, Maryellen Noreika, hereby certify that on October 18, 2006, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing(s) to the following:

>Patricia Smink Rogowski
>Connolly, Bove, Lodge & Hutz

I also certify that copies were caused to be served on October 18, 2006 upon the following in the manner indicated:

### BY HAND

>Patricia Smink Rogowski
>Connolly, Bove, Lodge & Hutz LLP
>The Nemours Building
>1007 N. Orange Street
>Wilmington, DE  19801

### BY FEDERAL EXPRESS

>J. Bennett Clark
>Senniger Powers
>One Metropolitan Square
>St. Louis, MO  63102

>/s/ Maryellen Noreika
>Maryellen Noreika (#3208)
>mnoreika@mnat.com