# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AFFINION NET PATENTS, INC., Plaintiff, v. MARITZ INC., Defendant. | C.A. No. 04-360-JJF |

**AFFINION'S PROPOSED JURY INSTRUCTIONS**

Pursuant to D.Del. LR 51.1(a) plaintiff Affinion Net Patents, Inc. submits the following jury instructions as to which the parties have not been able to reach agreement. These instructions are also being submitted on disk in WordPerfect format.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Maryellen Noreika*

Jack B. Blumenfeld (#1014)
Maryellen Noreika (#3208)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
Attorneys for Plaintiff
Affinion Net Patents, Inc.

## 2.6 JOINT INFRINGEMENT

It is not necessary for the acts that constitute infringement to be performed by one person or entity. When infringement results from the participation and combined action(s) of more than one person or entity, they are all joint infringers and jointly liable for patent infringement. Infringement of a patented process or method canot be avoided by having another perform one step of the process or method. Where the infringement is the result of the participation and combined action(s) of one or more persons or entities, they are joint infringers and are jointly liable for the infringement.

Source

On Demand Machine Corp. v. Ingram Indus., Inc., 442 F.3d 1331, 1344-45 (Fed. Cir. 2006)

## 2.8 DOCTRINE OF EQUIVALENTS[1]

If you do not find literal infringement you may consider infringement under the "doctrine of equivalents." I have referred to the "doctrine of equivalents" before. Now it is time to explain this term. You may find that defendant's method infringes claim ___, even if not all of the method steps of the claim are present in defendant's method. You may find infringement in such circumstances if the method steps of defendant's method are equivalent to that claimed in at least one of plaintiff's patent claims. This is called the doctrine of equivalents

Application of the doctrine of equivalents is the exception, however, not the rule. Patent claims must be clear enough so that the public has fair notice of what was patented. Notice permits other parties to avoid actions which infringe the patent and to design around the patent. On the other hand, the patent owner should not be deprived of the benefits of his patent by competitors who appropriate the essence of an invention while barely avoiding the literal language of the patent claims.

The test to determine equivalence under the doctrine of equivalents is whether defendant's method and component steps perform substantially the same function in substantially the same way to produce substantially the same result compared to plaintiff's claimed method and component steps.

It is not a requirement under the doctrine of equivalents that those of ordinary skill in the art knew of the equivalent when the patent application was filed or when the patent issued. The question of whether defendant's method and its component steps are

[1] Whether instructions on the doctrine of equivalents is necessary depends on the Court's claim construction ruling.

equivalent to that defined in plaintiff's claims is to be determined as of the time of the alleged infringement.

Source

Uniform Jury Instructions for Patent Cases in The United States District Court for the District of Delaware (1993).

# EXHIBIT 2

REDACTED

# EXHIBIT 3

REDACTED

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| AFFINION LOYALTY GROUP, INC. Plaintiff, | ) | |
| v. | ) | Civil Action No. 04-360-JJF |
| MARITZ, INC., Defendant. | ) | |

**AFFINION LOYALTY GROUP, INC.'S SUPPLEMENTAL RESPONSES TO MARITZ, INC.'S FIRST SET OF INTERROGATORIES**

Under Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Affinion Loyalty Group, Inc. ("Affinion") submits the following supplemental responses to Maritz, Inc.'s ("Maritz's") First Set of Interrogatories ("Interrogatories").

**GENERAL OBJECTIONS**

Unless otherwise stated, these general objections apply to each and every Interrogatory as though fully set forth therein:

1. Each of the following responses is made only for purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All objections and grounds are expressly reserved.

2. Affinion objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they seek the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Nothing herein is intended

7. Affinion objects to the Interrogatories, including the Definitions and Instructions and each individual Interrogatory set forth therein, to the extent that they purport to require Affinion to provide information that is publicly available or within Maritz's possession.

8. Affinion asserts its General Objections with respect to each and every Interrogatory. Affinion reserves the right to supplement, amend, correct, or clarify its responses and objections to these interrogatories, and to assert general and specific objections arising from matters discovered during the course of the litigation.

**SUPPLEMENTAL RESPONSES TO CERTAIN INDIVIDUAL INTERROGATORIES**

**Interrogatory No. 1:**

Provide a four column claim chart for the claims of the Patents at Issue which identifies, in the far left column each claim element, in the left middle column plaintiff's construction of the language of that element pursuant to *Markman v. Westview Instruments, Inc.*, in the middle column whether and why each element as so construed literally covers or does not literally cover any programs, methods, or systems allegedly used by defendant that plaintiff asserts are covered by one or more of the claims of the Patents at Issue, or any aspect thereof, and identifying the program, method or system, and in the far right column, whether and why each element as so construed covers or does not cover the accused programs, methods, or systems or any aspect thereof under the doctrine of equivalents.

**Response to Interrogatory No. 1:**

Affinion reasserts its general objections listed above. Further, Affinion objects to Interrogatory No. 1 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Affinion further objects to this interrogatory on the basis that it is premature and to the extent it requires Affinion to disclose information in Maritz's, not Affinion's, possession, custody or control.

Without waiving those objections, all of which Affinion hereby reserves, Affinion

responds as follows: Maritz's use of its VAULT system and AwardHQ website infringe claims 10, 11, 12, 13, 14, 15, 16, 17 (VAULT only), 27, 28, 29, 30, 31, 32, 33, 34 (VAULT only) and 36 of U.S. Patent No. 6,009,412. Affinion further states that its construction of those patent claims and the bases for infringement thereof are set forth in the expert reports of Randy Petersen and Robert Young, served March 10, 2006. To the extent the exchange of expert report reveals the need for additional claim construction or other supplementation of those reports, any such additional opinions from Mr. Petersen or Mr. Young are incorporated herein.

**Interrogatory No. 2:**

Describe in detail the factual basis and/or evidentiary support for plaintiff's contention that Maritz infringes one or more of the claims of the Patents at Issue, including the identification of each document that supports this contention, and the identification of each witness that has knowledge of any facts that support this contention.

**Response to Interrogatory No. 2:**

Affinion objects to Interrogatory No. 2 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Affinion further objects to this interrogatory on the basis that it is premature and to the extent that it requires Affinion to disclose information and witnesses in Maritz's, not in Affinion's, possession, custody or control.

Affinion further objects to this interrogatory on the basis that it is duplicative of Interrogatory No. 1 and Affinion will not repeat herein its response to Interrogatory No. 1. Without waiving those objections, all of which Affinion hereby reserves, Affinion responds as follows: Affinion states that the factual bases for its contentions of infringement are set forth in the expert reports of Randy Petersen and Robert Young served on March 10, 2006 and

documents and witnesses cited therein. See also Deposition Transcripts of Tom Bushold and Janet Lister. To the extent that Mr. Petersen or Mr. Young provides additional bases in response to Maritz's expert reports, those additional bases are incorporated herein.

**Interrogatory No. 3:**

Describe in detail the factual basis and/or evidentiary support for your contention that any infringement by Maritz of one or more of the claims of the Patents at Issue is willful, including the identification of each documents that supports your contention, and the identification of each witness that has knowledge of any facts that support your contention.

**Response to Interrogatory No. 3:**

Affinion reasserts its general objections listed above. Further, Affinion objects to Interrogatory No. 3 to the extent it seeks the disclosure of information covered by the attorney-client privilege, the attorney work-product doctrine and/or any other applicable law, privilege, protection, immunity, or doctrine. Affinion objects to this interrogatory on the basis that it is premature and to the extent that it requires Affinion to disclose information and witnesses in Maritz's, not in Affinion's, possession, custody or control. Affinion has requested that Maritz produce relevant information regarding Maritz's awareness and analysis of the patents-in-suit, some of which has not been produced and is the subject of pending discovery motions.

Without waiving those objections, all of which Affinion hereby reserves, Affinion responds as follows: Maritz has been aware of the '412 patent since days after its issuance. Despite that knowledge of the patent and the fact that infringement is plain, Maritz has willfully continued its infringing conduct from that time until now. Maritz did not obtain any formal opinion of counsel for over 18 months relating to the '412 patent, despite the fact that it knew it